UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANLEY BOIM, Individually and as
Administrator of the Estate of David Boim,
deceased; and JOYCE BOIM,

       Plaintiffs,

v.

AMERICAN MUSLIMS FOR PALESTINE;
AMERICANS FOR JUSTICE IN PALESTINE
EDUCATIONAL FOUNDATION; RAFEEQ
JABER; ABDELBASSET HAMAYEL; AND
OSAMA ABU IRSHAID,

       Defendants.

Civil No. 17-cv-03591

**Hon. Sharon Johnson Coleman**

Hon. Sidney I. Schenkier

## PLAINTIFFS' MOTION FOR REASSIGNMENT PURSUANT TO LOCAL RULE 40.4

Pursuant to Local Rule 40.4, plaintiffs Stanley Boim, individually and as administrator of the Estate of David Boim, deceased, and Joyce Boim ("Plaintiffs") move for the reassignment of the post-judgment enforcement proceedings recently initiated in the matter captioned *Stanley Boim, et al. v. Quranic Literacy Institute, Holy Land Foundation for Relief and Development, et al.*, No. 00-cv-2905 (the "Enforcement Action") pending before Magistrate Judge Cole to the calendar of Judge Coleman as related to the matter captioned *Stanley Boim, et al. v. American Muslims for Palestine, et al.*, No. 17-cv-03591 (the "Declaratory Action"). In support of this Motion, Plaintiffs state as follows:

1. In December 2004, this Court entered a judgment (as amended, the "*Boim* Judgment") in favor of Plaintiffs in the Enforcement Action, holding a number of individuals and entities (the "*Boim* Defendants") jointly and severally liable under the federal Anti-Terrorism Act ("ATA") for $156,000,000. Unfortunately, Plaintiffs have had little success over the past

decade collecting more than a small percentage of the *Boim* Judgment from the original *Boim* Defendants.

2.      It is now clear that several of the *Boim* Defendants have alter egos and/or successors that continue to operate under different names and that several of the original principals of the *Boim* Defendants continue on as leaders of these new entities.  Plaintiffs contend that these entities and principals are jointly and severally liable for the unpaid portions of the *Boim* Judgment under alter ego and successor theories.

3.      Plaintiffs have therefore filed the Declaratory Action, which is now pending on the calendar of Judge Coleman, seeking a declaration that the three individuals and two entities named as defendants in the Declaratory Action are, in fact, alter egos and/or successors of certain of the original *Boim* Defendants and are jointly and severally liable for the *Boim* Judgment.

4.      In conjunction with the Declaratory Action, Plaintiffs have initiated post-judgment proceedings in the Enforcement Action for the purpose of enforcing their $156,000,000 *Boim* Judgment against the alter egos and successors of the original *Boim* Defendants.  The Enforcement Action is currently assigned to Magistrate Judge Cole's calendar because the original *Boim* action had been assigned to Magistrate Judge Keys by consent of the parties.  No District Court Judge has been assigned to the Enforcement Action.  The original District Court Judge on the Enforcement Action, Judge Lindberg, is no longer on the Court.

5.      These two sets of proceedings were necessarily filed as separate actions.  But they are intended to work in tandem:  They seek the same ultimate relief; are based on the same transactions and occurrences; rely on the same facts and evidence; and implicate the same issues. The two cases are indisputably "related" for purposes of Local Rule 40.4, and should proceed before one judge.  Under Local Rule 40.4(c), where one related case is assigned to a magistrate

judge on consent, a motion to transfer should be filed before the *district judge* having the lowest-numbered of the related cases. Accordingly, Plaintiffs are filing this motion in the above-captioned case, to be heard by Judge Coleman. Pursuant to Local Rule 40.4, Plaintiffs request that this Court enter an order finding that the Declaratory and Enforcement Actions are related cases that should be re-assigned to the same calendar and transmit that order to the Court's Executive Committee with a request for reassignment of the Enforcement Action to the calendar of Judge Coleman.

## BACKGROUND

6.     In 1996, Stanley and Joyce Boim's son David was murdered by two agents of the international terrorist organization Hamas. The Boims initiated what is now the Enforcement Action (Case No. 00-cv-2905) four years later, in 2000, under the civil remedies provision of the ATA, 18 U.S.C. § 2333. The *Boim* Defendants were individuals and organizations in the United States who provided material support to Hamas in violation of 18 U.S.C. § 2339A. In 2004, this Court entered the *Boim* Judgment in the amount of $156,000,000 against certain of the *Boim* Defendants. The *Boim* Judgment was amended twice in February 2005, and the Seventh Circuit Court of Appeals affirmed it in all respects material to this action in 2008. *Boim v. Holy Land Found. for Relief and Dev.,* 549 F.3d 685 (7th Cir. 2008).

7.     In 2005, following entry of the *Boim* Judgment, the Boims began seeking to collect from the original *Boim* Defendants. However, they had little success in recovering more than a small fraction of the $156 million *Boim* Judgment. Two of the principal *Boim* Defendants claimed to be out of business with few assets as a result of the burden of the *Boim* Judgment and associated legal fees. Another had ceased operations, its leaders ultimately convicted of

3

violating the ATA, and its assets seized by the United States.  Consequently, to date, nearly the entire $156 million amount of the *Boim* Judgment (plus post-judgment interest) remains unpaid.

8.      Although the original *Boim* Defendants appeared to have ceased operations, the reality is that some of these *Boim* Defendants remain in business today in this District through their alter egos and/or successors, American Muslims for Palestine ("AMP") and Americans for Justice in Palestine Educational Foundation ("AJP").  AMP and AJP were established by former leaders of certain *Boim* Defendants—including defendants Rafeeq Jaber, Abdelbasset Hamayel and Osama Abu Irshaid (together, the "Individual Defendants")—in order to continue the same enterprise and agenda, while avoiding the burden of the *Boim* Judgment and the ignominy of having been found liable for aiding and abetting the murder of an American teenager.  AMP and AJP continue to be run by these former leaders, including the Individual Defendants; they are headquartered in the same neighborhood; they continue the same enterprise, mission, and activities; and they appear to have received assets and funds from their alter egos and/or predecessors.

9.      In order to enforce the *Boim* Judgment against these alter egos and/or successors, Plaintiffs seek to invoke three procedural mechanisms, each of which is recognized by case law as a means to collect unpaid judgments against alter egos and successors:

(a)     Enforcement Proceedings.  Plaintiffs have re-initiated enforcement proceedings within the Enforcement Action by serving citations to discover assets pursuant to 735 ILCS 5/2-1402(a) and Ill. S. Ct. R. 277(b) on AMP, AJP, and the Individual Defendants.  State law procedures may be used in this Court under Fed. R. Civ. P. 69, and Seventh Circuit case law suggests that a section 1402 enforcement proceeding may be an appropriate mechanism, at least in some circumstances, to enforce a judgment against an alter ego.  *See, e.g., Brandon v. Anesthesia & Pain Mgmt. Associates, Ltd.*, 419 F.3d 594, 597 (7th Cir. 2005) (plaintiff in

4

supplementary proceeding was "entitled to pierce the corporate veil and levy on the owners' personal assets to the full extent of his judgment; in the jargon of corporate law, the corporation was not a separate entity from its owners but merely their 'alter ego'"). Copies of each of the Citations to Discover Assets being served in the Enforcement Action are attached hereto as Exhibit A.[1]

(b)   Rule 25(c) Motion for Joinder. Plaintiffs also filed a Motion for Joinder of Non-Parties Pursuant to Federal Rule of Civil Procedure 25(c) in the Enforcement Action. Rule 25(c) proceedings may be used in post-judgment proceedings to assert alter-ego or successor liability against a non-party to a judgment and, ultimately, to enforce the judgment against the non-party if alter ego or successor status is established. *See, e.g., Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 23 (7th Cir. 1977); *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 43 (1st Cir. 2016). Copies of Plaintiffs' Motion and accompanying memorandum are attached hereto as Exhibit C.

(c)   Separate Declaratory Action. Plaintiffs are concurrently filing the separate Declaratory Action under a new caption, seeking (among other things) a declaration that AMP, AJP, and the Individual Defendants are successors and/or alter egos of certain of the *Boim* Defendants and are therefore liable for the *Boim* Judgment. Because of potential limitations in the scope of litigation permitted in a post-judgment enforcement proceeding, Plaintiffs have brought the Declaratory Action to ensure that the full range of discovery, litigation procedures, and relief available under the law is accessible in seeking to enforce the *Boim* Judgment here.[2]

---

[1] Because the *Boim* Judgment against two key *Boim* Defendants, Islamic Association for Palestine and American Muslim Society, is more than seven years old, Plaintiffs have also filed a Petition to Revive Judgments with respect to those two entities, a copy of which (with its notice) is attached as Exhibit B. The *Boim* Judgment with respect to a third key *Boim* Defendant, Holy Land Foundation for Relief and Development, was entered in 2012 and remains current without revival.

[2] Courts within the Seventh Circuit have endorsed parallel declaratory judgment actions to address potential procedural limitations in enforcement actions. *See, e.g., Fish v. Hennessy*, No. 12 C 1856, 2013 WL 5770512, at *2 (N.D. Ill. Oct. 24, 2013) (discussing *Brandon*) ("As noted above, Brandon filed a second supplementary action to pierce the corporate veil—separate from his citations against APM and the three physician shareholders to enforce the judgment. Brandon's separate action did exactly what

5

10.     These three procedural mechanisms are intended to work together to accomplish the same results, i.e. (i) the judicial determination that AMP, AJP, and the Individual Defendants are alter egos of the *Boim* Defendants and are therefore liable, jointly and severally, for the unpaid amount of the *Boim* Judgment; and (ii) enforcement of the *Boim* Judgment against AMP, AJP, and the Individual Defendants.  Each mechanism will focus on the same transactions and occurrences, the same core set of facts, and the same evidence.  There is nearly a complete overlap between the facts and evidence pertinent to each procedural mechanism.

11.     Nonetheless, as a procedural matter, it was necessary to bring the Declaratory Action in the first instance as a separate, freestanding law suit under a new caption and case number.  The Declaratory Action was assigned to Judge Coleman under this Court's assignment procedures, while Magistrate Judge Cole was assigned to replace Magistrate Judge Keys on the Enforcement Action.  As a matter of judicial efficiency and to avoid inconsistent results, the Enforcement Action should be transferred to Judge Coleman.

## ARGUMENT

12.     Local Rule 40.4 provides for reassignment where (a) two cases are "related" and (b) four specified criteria are met.  N.D. Ill. R. 40.4(a)-(b).  Here, the Declaratory Action and Enforcement Actions readily meet the definition of "related" cases for purposes of Local Rule 40.4(a) and satisfy each of the Local Rule 40.4(b) reassignment criteria.  In cases such as this, where one of the actions is pending before a magistrate judge on consent, Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be "filed with the district judge having the lowest-numbered case"—here, Judge Coleman.  To ensure efficient judicial

---

*Pyshos* and *Lange* suggested that judgment creditors do when seeking to pierce the corporate veil—file a separate action, providing St. Clair and the three shareholders with notice of an intent to pierce the corporate veil to secure payment of APM's judgment." (citations omitted)).

6

management of these matters, and avoid the potential for inconsistent results, Plaintiffs

respectfully request that this Court find that the cases are related and submit the finding to the

Executive Committee with a request that the Enforcement Action be transferred to the calendar

of Judge Coleman.

**I. The Matters Are "Related" for Purposes of Local Rule 40.4(a).**

13.     Local Rule 40.4(a) provides that two or more civil cases may be related if at least

one of four conditions is met:  (1) the cases involve the same property; (2) the cases involve

some of the same issues of fact or law; (3) the cases grow out of the same transaction or

occurrence; or (4) in class action suits, on or more of the classes involved in the cases is or are

the same.  N.D. Ill. R. 40.4(a).  Here, the Enforcement Action and Declaratory Action easily

meet three of these four conditions, and the fourth is not applicable, while only meeting one is

sufficient.

14.     As an initial matter, the Enforcement and Declaratory Actions involve more than

just "some of the same issues of fact or law"; there is nearly complete overlap.  At this stage,

Plaintiffs are seeking to adjudicate the same issues in both proceedings, i.e. whether AMP, AJP,

and the Individual Defendants are alter egos and/or successors of one or more *Boim* Defendants

and are therefore liable for the *Boim* Judgment.  Although it was necessary to bring the

Declaratory Action initially under a separate caption, the issues of fact and law it implicates are

nearly identical to the issues of fact and law implicated by the Enforcement Action.

15.     Likewise, the two actions grow out of the same transactions or occurrences in that

they both address the conduct, activities, and circumstances that support Plaintiffs' alter ego and

successor allegations.  Plaintiffs expect that the events, facts, witnesses, and evidence supporting

their claims for relief in both the Enforcement Action and the Declaratory Action will overlap

almost completely.

16.     It is important to note that the Enforcement Action is no longer an action seeking to prove the original *Boim* Defendants' liability under the ATA for providing material support for a terrorist organization.  Plaintiffs already tried and won that case (and the associated *en banc* appeal) and now have a non-appealable final judgment against the *Boim* Defendants.  There is nothing further to be done in terms of proving the original *Boim* Defendants' ATA violations and liability.  The only issue *now* is whether AMP, AJP, and the Individual Defendants are liable as alter egos or successors for the *Boim* Judgment.  That is, for practical purposes, the same issue raised in the new Declaratory Action.

17.     Finally, the Enforcement Action and Declaratory Action involve the same property.  In both cases, Plaintiffs contend that AMP's, AJP's, and the Individual Defendants' assets may be used to pay the unpaid portion of the *Boim* Judgment.  Both actions effectively seek the same ultimate relief—access to the assets and property of the *Boim* Defendants' alter egos and/or successors to pay the *Boim* Judgment.

18.     In short, the Enforcement and Declaratory Actions are different procedural approaches—all authorized by applicable rules and case law—to achieving the same basic objective.  They are unquestionably "related" cases.

## II.     All Conditions for Reassignment Are Met Pursuant to Local Rule 40.4(b).

19.     Local Rule 40.4(b) provides that a "related" case may be reassigned to an earlier-numbered case if the following criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.  N.D. Ill. R. 40.4(b). Each of these criteria applies here.

20.    <u>First</u>, both the Enforcement Action and the Declaratory Action are pending in the Northern District of Illinois.

21.    <u>Second</u>, because the facts, issues, witnesses, and evidence involved in the two matters overlap almost entirely, handling of the matters by the same judge will result in a substantial saving of judicial time and effort.  Only one judge, instead of two, will be required to manage discovery, decide legal issues, hear the evidence, and rule on nearly identical issues. Much of the discovery, motion practice, and trial practice in the two cases likely can be consolidated.  Perhaps more importantly, putting these matters before a single judge for management (and potential consolidation) will eliminate possible inconsistent decisions and rulings.

22.    <u>Third</u>, neither matter has progressed to a point where transferring the Enforcement Action as related would delay the proceedings in the Declaratory Action.  As noted above, the underlying action to find civil liability under the ATA is complete and final judgment was entered.  The Enforcement Action is *now* a post-judgment enforcement proceeding intended to determine the liability of alter egos and/or successors for the *Boim* Judgment.  This phase of the Enforcement Action and the Declaratory Action were initiated on the exact same day, May 12, 2017, and are thus at the same very early stage of their progression.

23.    <u>Fourth</u>, the Matters are susceptible of disposition in a single proceeding.  They involve adjudication of nearly identical issues based on nearly identical facts, and the ultimate relief sought in both actions is substantially the same.  The actions can and should be litigated and tried together.

**III.    The Court Should Issue an Order Finding that the Enforcement Action Should Be Transferred to Judge Coleman's Calendar and Forward the Order to the Executive Committee with a Request for Reassignment.**

24.    Ordinarily, a motion to transfer is filed in the lowest-numbered case of the claimed related set, and noticed before the judge assigned to that case. N.D. Ill. L.R. 40.4(c). However, where one of the cases is before a magistrate judge, the motion is filed in the lowest-numbered case *on the calendar of a district court judge*:

> Where one or more of the cases claimed to be related is assigned to a magistrate judge on consent and one or more of the remaining cases is assigned to a district judge, the motion shall be filed with the district judge having the lowest-numbered case.

*Id*. 40.4(c).  Plaintiffs have filed this motion with Judge Coleman, who has the lowest-numbered case to which a district court judge is assigned.

25.    Plaintiffs interpret Local Rule 40.4 to provide for the transfer of related cases pending before magistrate judges by consent to the lowest-numbered case *pending before a district court judge*.  Here, this would mean that the Enforcement Action—which is assigned only to a magistrate judge—would be reassigned to Judge Coleman because the Declaratory Action is the lowest-numbered case to which a district judge is assigned.  This interpretation stands to reason both because Local Rule 40.4 expressly requires the motion for reassignment to be filed with Judge Coleman and because transferring the Declaratory Action to Magistrate Judge Cole's calendar would create potential jurisdictional issues, as the defendants in the Declaratory Action would likely contend they never consented to having a magistrate judge hear the cases.[3]

---

[3] Plaintiffs allege that these entities and individuals are alter egos and/or successors of the original *Boim* Defendants and may therefore be bound by the original *Boim* Defendants' consents.  However, the alter ego and/or successor status of these new entities and individuals is a core the issue before the Court in both the Declaratory and the Enforcement Actions.  Plaintiffs expect that the new defendants would object to having a magistrate judge hear and enter judgment in the cases without new consents.

26.     Local Rule 40.4(d) provides that the judge to whom a motion to transfer is presented (Judge Coleman) may consult with the judge assigned to the other case (Magistrate Judge Cole).  The judge receiving the motion is directed to enter an order finding whether or not the cases are related and, if so, whether the other case should be transferred.  If the case should be transferred, the Court is to transmit a copy of its finding to the Executive Committee requesting that the case be reassigned.  N.D. Ill. R. 40.4(d).

27.     As discussed above, the circumstances here warrant a finding both that the Enforcement and Declaratory Actions are "related" and that the Enforcement Action should be transferred.  Plaintiffs respectfully request that the Court issue an order reflecting such a finding and submit a request to the Executive Committee that the Enforcement Action be reassigned to Judge Coleman.

28.     Plaintiffs are mindful that Local Rule 40.4(c) states that motions to transfer "should not generally be filed under after the answer or motions in lieu of answers have been filed in each of the proceedings."  However, the particular circumstances here warranted filing this motion early in the case for two reasons.  First, the Enforcement Action is a post-judgment proceeding in which neither answers nor motions in lieu of answers are likely to be filed at all. This motion therefore cannot be filed after answers in that proceeding.  Second, Plaintiffs have served citations to discover assets in the Enforcement Action that seek document production and sworn testimony in the Enforcement Action in late-June 2017—potentially before answers or responsive pleadings are filed in the Declaratory Action.  Because Plaintiffs have initiated proceedings in the Enforcement Action that may impact the Declaratory Action, the Court may determine it appropriate to begin managing these cases together as soon as possible.

29.     It is up to the Court in its discretion to determine how and when it is appropriate to resolve this motion.  However, because of the heavily overlapping nature of these cases, and the potential case management challenges posed by the cases, Plaintiffs believe it important to apprise the Court at the outset that proceedings in the Enforcement Action have been initiated and that the Enforcement and Declaratory Actions address nearly the same issues and ought to be managed, litigated, and decided together.

**WHEREFORE**, Plaintiffs respectfully request that this Court (i) grant this Motion; (ii) enter an order finding that the Enforcement and Declaratory Actions are related for purposes of Local Rule 40.4(a) and that the Enforcement Action should be reassigned to Judge Coleman; (iii) transmit the order to the Executive Committee and request reassignment; and (iv) grant such other and further relief as may be just and appropriate.


Dated: May 26, 2017                         Respectfully Submitted,


                                            */s/ Stephen J. Landes*
                                            Stephen J. Landes
                                            Daniel I. Schlessinger
                                            W. Allen Woolley
                                            Michael B. Kind
                                            Joshua Fliegel
                                            LOCKE LORD LLP
                                            111 South Wacker Drive
                                            Chicago, IL 60606
                                            (312) 201-2772

                                            *Attorneys for Stanley Boim, Individually and as the*
                                            *Administrator of the Estate of David Boim,*
                                            *Deceased, and Joyce Boim*

<u>Of Counsel</u>
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

13

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 26, 2017 he caused the foregoing

PLAINTIFFS' MOTION FOR REASSIGNMENT PURSUANT TO LOCAL RULE 40.4 to be

served upon (i) American Muslims for Palestine ("AMP"); (ii) Americans for Justice in Palestine

Educational Foundation ("AJP"); (iii) Rafeeq Jaber; (iv) Abdelbasset Hamayel; and (v) Osama

Abu Irshaid, by U.S. Mail, postage pre-paid, to the following persons at the following addresses:

| | |
|---|---|
| AMP | Abdelbasset Hamayel<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
| AJP | Abdelbasset Hamayel<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>Americans for Justice in Palestine Educational Foundation<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
| Rafeeq Jaber | Jaber Financial Services<br>10661 S Roberts Rd, Ste 200<br>Palos Hills, IL 60465-1988<br><br>9748 Meade Ave<br>Oak Lawn, IL 60453 |
| Abdelbasset Hamayel | 9400 S. Oketo Ave.<br>Bridgeview, IL 60455<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |

AM 66099820.9

| Osama Abu Irshaid | 8145 Ridge Creek Way<br>Springfield, VA  22153<br><br>American Muslims for Palestine, DC Office<br>6404 Seven Corners Place<br>Suite 7<br>Falls Church, VA  22044 |
|---|---|

*/s/ Joshua Fliegel*