# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



**FILED**

STANLEY BOIM, Individually and as
Administrator of the Estate of David Boim,
deceased; and JOYCE BOIM,

       Plaintiffs,

v.

QURANIC LITERACY INSTITUTE, HOLY
LAND FOUNDATION FOR RELIEF AND
DEVELOPMENT, ISLAMIC ASSOCIATION
FOR PALESTINE, AMERICAN MUSLIM
SOCIETY, AMERICAN MIDDLE EASTERN
LEAGUE FOR PALESTINE, UNITED
ASSOCIATION FOR STUDIES AND
RESEARCH, MOHAMMED ABDUL HAMID
KHALIL SALAH, MOUSA MOHAMMED ABU
MARZOOK, AMJAD HINAWI, and THE
ESTATE OF KHALIL TAWFIQ AL-SHARIF,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MAY 1 2 2017

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

Civil No. 00-cv-2905

## NOTICE OF THIRD-PARTY CITATION TO DISCOVER ASSETS TO
## RAFEEQ JABER

**To:**

       **RAFEEQ JABER**

       Jaber Financial Services
       10661 S Roberts Rd, Ste 200
       Palos Hills, IL 60465-1988

       9748 Meade Ave
       Oak Lawn, IL 60453

**Name of Case:**

       Stanley Boim, et al. v. Quranic Literacy
       Institute, et al.

**Judgment Debtors:**

       Quranic Literacy Institute ("QLI"), Holy
       Land Foundation for Relief and
       Development ("HLF"), Islamic Association
       for Palestine ("IAP"), American Muslim

|  | Society ("AMS"), Amjad Hinawi ("Hinawi"), American Middle Eastern League for Palestine ("AMELP"), and the United Association for Studies and Research ("UASR") |
|---|---|
| **Judgment Creditor:** | Stanley Boim, individually and as administrator of the estate of David Boim, deceased, and Joyce Boim |
| **Names and address of Attorney for Judgment Creditor:** | Stephen J. Landes<br>Daniel I. Schlessinger<br>W. Allen Woolley<br>Michael B. Kind<br>Joshua Fliegel<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>(312) 201-2772 |
| **Amount of Judgment:** | $156,000,000.00 plus post-judgment interest |
| **Return Date and Time (Examination):** | June 27, 2017 at 9:00 a.m. |
| **Location (Examination):** | 219 South Dearborn Street<br>Courtroom _____<br>Chicago, IL 60604 |
| **Return Date and Time (Documents):** | June 20, 2017 at 9:00 a.m. |
| **Location (Documents):** | LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606 |

**NOTICE: The court has issued the attached Citation against the person named above. The citation directs that person to appear at the address listed above to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.**

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.  THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR THAT MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; social security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 15 percent of gross weekly wages or (b) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 25 percent of disposable earnings for a week or (b) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, Chicago, Illinois 60604. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor regarding the time and location of the hearing. This notice may be sent by regular first-class mail.

Dated: May 12, 2017

Respectfully Submitted,

*/s/ Stephen J. Landes*
Stephen J. Landes
Daniel I. Schlessinger
W. Allen Woolley
Michael B. Kind
Joshua Fliegel
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 201-2772

*Attorneys for Stanley Boim, Individually and
as the Administrator of the Estate of David
Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



**FILED**

MAY **1 2** 2017

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

| | | |
|---|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| QURANIC LITERACY INSTITUTE, HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, ISLAMIC ASSOCIATION FOR PALESTINE, AMERICAN MUSLIM SOCIETY, AMERICAN MIDDLE EASTERN LEAGUE FOR PALESTINE, UNITED ASSOCIATION FOR STUDIES AND RESEARCH, MOHAMMED ABDUL HAMID KHALIL SALAH, MOUSA MOHAMMED ABU MARZOOK, AMJAD HINAWI, and THE ESTATE OF KHALIL TAWFIQ AL-SHARIF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 00-cv-2905 |
| Defendants. | ) | |

**NOTICE OF THIRD-PARTY CITATION TO DISCOVER ASSETS TO**
**AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION**

**To:**                        **Americans for Justice in Palestine**
                                  **Educational Foundation**

                                  Abdelbasset Hamayel
                                  Books and Record Keeper for AJP
                                  10101 S Roberts Rd
                                  Palos Hills, IL 60465

                                  Americans for Justice in Palestine
                                  Educational Foundation
                                  10063 S. 76th Ave
                                  Bridgeview, IL 60455

**Name of Case:**                  Stanley Boim, et al. v. Quranic Literary
                                  Institute, et al.

| | |
|---|---|
| **Judgment Debtors:** | Quranic Literacy Institute ("QLI"), Holy Land Foundation for Relief and Development ("HLF"), Islamic Association for Palestine ("IAP"), American Muslim Society ("AMS"), Amjad Hinawi ("Hinawi"), American Middle Eastern League for Palestine ("AMELP"), and the United Association for Studies and Research ("UASR") |
| **Judgment Creditor:** | Stanley Boim, individually and as administrator of the estate of David Boim, deceased, and Joyce Boim |
| **Names and address of Attorney for Judgment Creditor:** | Stephen J. Landes<br>Daniel I. Schlessinger<br>W. Allen Woolley<br>Michael B. Kind<br>Joshua Fliegel<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>(312) 201-2772 |
| **Amount of Judgment:** | $156,000,000.00 plus post-judgment interest |
| **Return Date and Time (Examination):** | June 27, 2017 at 9:00 a.m. |
| **Location (Examination):** | 219 South Dearborn Street<br>Courtroom _____<br>Chicago, IL 60604 |
| **Return Date and Time (Documents):** | June 20, 2017 at 9:00 a.m. |
| **Location (Documents):** | LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606 |

**NOTICE: The court has issued the attached Citation against the person named above. The citation directs that person to appear at the address listed above to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after**

the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.  THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR THAT MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; social security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 15 percent of gross weekly wages or (b) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 25 percent of disposable earnings for a week or (b) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, Chicago, Illinois 60604. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor regarding the time and location of the hearing.  This notice may be sent by regular first-class mail.

3

Dated: May 12, 2017                    Respectfully Submitted,


                                       /s/ Stephen J. Landes
                                       Stephen J. Landes
                                       Daniel I. Schlessinger
                                       W. Allen Woolley
                                       Michael B. Kind
                                       Joshua Fliegel
                                       LOCKE LORD LLP
                                       111 South Wacker Drive
                                       Chicago, IL 60606
                                       (312) 201-2772

                                       *Attorneys for Stanley Boim, Individually and
                                       as the Administrator of the Estate of David
                                       Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

15

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

MAY 1 2 2017

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| QURANIC LITERACY INSTITUTE, HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, ISLAMIC ASSOCIATION FOR PALESTINE, AMERICAN MUSLIM SOCIETY, AMERICAN MIDDLE EASTERN LEAGUE FOR PALESTINE, UNITED ASSOCIATION FOR STUDIES AND RESEARCH, MOHAMMED ABDUL HAMID KHALIL SALAH, MOUSA MOHAMMED ABU MARZOOK, AMJAD HINAWI, and THE ESTATE OF KHALIL TAWFIQ AL-SHARIF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Civil No. 00-cv-2905

## NOTICE OF THIRD-PARTY CITATION TO DISCOVER ASSETS TO OSAMA ABU IRSHAID

| | |
|---|---|
| **To:** | **OSAMA ABU IRSHAID**<br><br>8145 Ridge Creek Way<br>Springfield, VA 22153<br><br>American Muslims for Palestine, DC Office<br>6404 Seven Corners Place<br>Suite 7<br>Falls Church, VA 22044 |
| **Name of Case:** | Stanley Boim, et al. v. Quranic Literacy Institute, et al. |
| **Judgment Debtors:** | Quranic Literacy Institute ("QLI"), Holy Land Foundation for Relief and Development ("HLF"), Islamic Association |

AM 66298961.1

for Palestine ("IAP"), American Muslim
Society ("AMS"), Amjad Hinawi
("Hinawi"), American Middle Eastern
League for Palestine ("AMELP"), and the
United Association for Studies and
Research ("UASR")

**Judgment Creditor:**      Stanley Boim, individually and as
administrator of the estate of David Boim,
deceased, and Joyce Boim

**Names and address of Attorney for**      Stephen J. Landes
**Judgment Creditor:**      Daniel I. Schlessinger
W. Allen Woolley
Michael B. Kind
Joshua Fliegel
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 201-2772

**Amount of Judgment:**      $156,000,000.00 plus post-judgment
interest

**Return Date and Time (Examination):**      June 27, 2017 at 9:00 a.m.

**Location (Examination):**      219 South Dearborn Street
Courtroom _____
Chicago, IL 60604

**Return Date and Time (Documents):**      June 20, 2017 at 9:00 a.m.

**Location (Documents):**      LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606

**NOTICE: The court has issued the attached Citation against the person named
above. The citation directs that person to appear at the address listed above to be
examined for the purpose of allowing the judgment creditor to discover income and
assets belonging to the judgment debtor or in which the judgment debtor has an
interest. The citation was issued on the basis of a judgment against the judgment
debtor in favor of the judgment creditor in the amount stated above. On or after
the date stated above, the court may compel the application of any discovered
income or assets toward payment on the judgment.**

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.  THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR THAT MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; social security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 15 percent of gross weekly wages or (b) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 25 percent of disposable earnings for a week or (b) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, Chicago, Illinois 60604. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor regarding the time and location of the hearing.  This notice may be sent by regular first-class mail.

Dated: May 12, 2017                    Respectfully Submitted,

                                       */s/ Stephen J. Landes*_____
                                       Stephen J. Landes
                                       Daniel I. Schlessinger
                                       W. Allen Woolley
                                       Michael B. Kind
                                       Joshua Fliegel
                                       LOCKE LORD LLP
                                       111 South Wacker Drive
                                       Chicago, IL 60606
                                       (312) 201-2772

                                       *Attorneys for Stanley Boim, Individually and
                                       as the Administrator of the Estate of David
                                       Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

15

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**FILED**

MAY 1 2 2017

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

STANLEY BOIM, Individually and as )
Administrator of the Estate of David Boim, )
deceased; and JOYCE BOIM, )
                                     )
        Plaintiffs, )
                                      )
v. )
                                      )
QURANIC LITERACY INSTITUTE, HOLY )    Civil No. 00-cv-2905
LAND FOUNDATION FOR RELIEF AND )
DEVELOPMENT, ISLAMIC ASSOCIATION )
FOR PALESTINE, AMERICAN MUSLIM )
SOCIETY, AMERICAN MIDDLE EASTERN )
LEAGUE FOR PALESTINE, UNITED )
ASSOCIATION FOR STUDIES AND )
RESEARCH, MOHAMMED ABDUL HAMID )
KHALIL SALAH, MOUSA MOHAMMED ABU )
MARZOOK, AMJAD HINAWI, and THE )
ESTATE OF KHALIL TAWFIQ AL-SHARIF, )
                                      )
        Defendants.

## NOTICE OF THIRD-PARTY CITATION TO DISCOVER ASSETS TO
## ABDELBASSET HAMAYEL

**To:**                             **ABDELBASSET HAMAYEL**

                                            9400 S. Oketo Ave.
                                            Bridgeview, IL 60455

                                            American Muslims for Palestine
                                            10063 S. 76th Ave
                                            Bridgeview, IL 60455

**Name of Case:**                     Stanley Boim, et al. v. Quranic Literacy
                                            Institute, et al.

**Judgment Debtors:**               Quranic Literacy Institute ("QLI"), Holy
                                            Land Foundation for Relief and
                                            Development ("HLF"), Islamic Association
                                            for Palestine ("IAP"), American Muslim

Society ("AMS"), Amjad Hinawi ("Hinawi"), American Middle Eastern League for Palestine ("AMELP"), and the United Association for Studies and Research ("UASR")

**Judgment Creditor:** Stanley Boim, individually and as administrator of the estate of David Boim, deceased, and Joyce Boim

**Names and address of Attorney for Judgment Creditor:** Stephen J. Landes
Daniel I. Schlessinger
W. Allen Woolley
Michael B. Kind
Joshua Fliegel
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 201-2772

**Amount of Judgment:** $156,000,000.00 plus post-judgment interest

**Return Date and Time (Examination):** June 27, 2017 at 9:00 a.m.

**Location (Examination):** 219 South Dearborn Street
Courtroom _____
Chicago, IL 60604

**Return Date and Time (Documents):** June 20, 2017 at 9:00 a.m.

**Location (Documents):** LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606

**NOTICE: The court has issued the attached Citation against the person named above. The citation directs that person to appear at the address listed above to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.**

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. **THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR THAT MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:**

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; social security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 15 percent of gross weekly wages or (b) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 25 percent of disposable earnings for a week or (b) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.** The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, Chicago, Illinois 60604. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor regarding the time and location of the hearing. This notice may be sent by regular first-class mail.

Dated: May 12, 2017                    Respectfully Submitted,

                                       */s/ Stephen J. Landes*_____
                                       Stephen J. Landes
                                       Daniel I. Schlessinger
                                       W. Allen Woolley
                                       Michael B. Kind
                                       Joshua Fliegel
                                       LOCKE LORD LLP
                                       111 South Wacker Drive
                                       Chicago, IL 60606
                                       (312) 201-2772

                                       *Attorneys for Stanley Boim, Individually and*
                                       *as the Administrator of the Estate of David*
                                       *Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

MAY **1 2** 2017

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**



STANLEY BOIM, Individually and as )
Administrator of the Estate of David Boim, )
deceased; and JOYCE BOIM, )
                                     )

     Plaintiffs, )
                                         )

v. )
                                         )     Civil No. 00-cv-2905

QURANIC LITERACY INSTITUTE, HOLY )
LAND FOUNDATION FOR RELIEF AND )
DEVELOPMENT, ISLAMIC ASSOCIATION )
FOR PALESTINE, AMERICAN MUSLIM )
SOCIETY, AMERICAN MIDDLE EASTERN )
LEAGUE FOR PALESTINE, UNITED )
ASSOCIATION FOR STUDIES AND )
RESEARCH, MOHAMMED ABDUL HAMID )
KHALIL SALAH, MOUSA MOHAMMED ABU )
MARZOOK, AMJAD HINAWI, and THE )
ESTATE OF KHALIL TAWFIQ AL-SHARIF, )
                                         )

     Defendants.

## NOTICE OF THIRD-PARTY CITATION TO DISCOVER ASSETS TO AMERICAN MUSLIMS FOR PALESTINE

**To:**                                **American Muslims for Palestine**

                                Abdelbasset Hamayel
                                Registered Agent for AMP
                                10101 S Roberts Rd
                                Palos Hills, IL 60465

                                American Muslims for Palestine
                                10063 S. 76th Ave
                                Bridgeview, IL 60455

**Name of Case:**                   Stanley Boim, et al. v. Quranic Literacy
                                Institute, et al.

| | |
|---|---|
| **Judgment Debtors:** | Quranic Literacy Institute ("QLI"), Holy Land Foundation for Relief and Development ("HLF"), Islamic Association for Palestine ("IAP"), American Muslim Society ("AMS"), Amjad Hinawi ("Hinawi"), American Middle Eastern League for Palestine ("AMELP"), and the United Association for Studies and Research ("UASR") |
| **Judgment Creditor:** | Stanley Boim, individually and as administrator of the estate of David Boim, deceased, and Joyce Boim |
| **Names and address of Attorney for Judgment Creditor:** | Stephen J. Landes<br>Daniel I. Schlessinger<br>W. Allen Woolley<br>Michael B. Kind<br>Joshua Fliegel<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>(312) 201-2772 |
| **Amount of Judgment:** | $156,000,000.00 plus post-judgment interest |
| **Return Date and Time (Examination):** | June 27, 2017 at 9:00 a.m. |
| **Location (Examination):** | 219 South Dearborn Street<br>Courtroom _____<br>Chicago, IL 60604 |
| **Return Date and Time (Documents):** | June 20, 2017 at 9:00 a.m. |
| **Location (Documents):** | LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606 |

**NOTICE:  The court has issued the attached Citation against the person named above.  The citation directs that person to appear at the address listed above to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.  The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.  On or after**

the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR THAT MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; social security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 15 percent of gross weekly wages or (b) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 25 percent of disposable earnings for a week or (b) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, Chicago, Illinois 60604. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor regarding the time and location of the hearing. This notice may be sent by regular first-class mail.

Dated: May 12, 2017

Respectfully Submitted,

*/s/ Stephen J. Landes*
Stephen J. Landes
Daniel I. Schlessinger
W. Allen Woolley
Michael B. Kind
Joshua Fliegel
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 201-2772

*Attorneys for Stanley Boim, Individually and
as the Administrator of the Estate of David
Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| QURANIC LITERACY INSTITUTE, HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, ISLAMIC ASSOCIATION FOR PALESTINE, AMERICAN MUSLIM SOCIETY, AMERICAN MIDDLE EASTERN LEAGUE FOR PALESTINE, UNITED ASSOCIATION FOR STUDIES AND RESEARCH, MOHAMMED ABDUL HAMID KHALIL SALAH, MOUSA MOHAMMED ABU MARZOOK, AMJAD HINAWI, and THE ESTATE OF KHALIL TAWFIQ AL-SHARIF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 00-cv-2905 |
| Defendants. | ) | |

## PETITION TO REVIVE JUDGMENTS

Pursuant to Federal Rule of Civil Procedure 69(a) and 735 ILCS 5/2-1602, plaintiffs Stanley Boim, individually and as administrator of the estate of David Boim, deceased, and Joyce Boim (together, "Plaintiffs"), hereby request that the Court enter an order reviving the judgment entered by this Court in December 2004 against defendants Islamic Association for Palestine ("IAP") and American Muslim Society ("AMS"). IAP and AMS are referred to herein as the "Respondents." A proposed order is attached hereto as <u>Exhibit A</u> and is being lodged with the Court. In support of this Petition, Plaintiffs state as follows:

1. Plaintiffs filed this action under Section 2333 of the Anti-Terrorist Act ("ATA") after their son, David, was murdered by two agents of the international terrorist organization, Hamas. In 2004, following a jury trial, this Court entered judgment in the amount of $156

million in favor of the plaintiffs against certain individuals and organizations (the "*Boim*
Defendants*") who provided material support to Hamas. The Boim Defendants include IAP and
AMS.

2.     When time came to pay the judgment, IAP and AMS—two of the principal Boim
Defendants—claimed to be out of business with few assets. A third had its assets seized by the
government after it, together with its leaders, was convicted of terrorist activities. As a result
Plaintiffs have recovered only a small percentage of the total amount awarded to them.

3.     It is now clear that several of the *Boim* Defendants, including IAP and AMS, have
alter egos and/or successors that continue to operate under different names: American Muslims
for Palestine ("AMP") and Americans for Justice in Palestine Educational Foundation ("AJP").
In addition, three of IAP and AMS's former principals—Rafeeq Jaber, Abdelbasset Hamayel,
and Osama Abu Irshaid (the "Principals")—are now leaders of AMP and AJP and are alter egos
of certain *Boim* Defendants. Plaintiffs contend that AMP, AJP and the Principals are jointly and
severally liable for the unpaid portions of the $156 million judgment under alter ego and
successor theories. Plaintiffs are therefore initiating proceedings to enforce their judgment
against AMP, AJP and the Principals.

4.     Following a jury verdict returned in favor of Plaintiffs, this Court initially entered
judgment on December 8, 2004 against defendants Quranic Literacy Institute ("QLI"), Holy
Land Foundation for Relief and Development ("HLF"), IAP, AMS, and Mohammed Abdul
Hamid Khalil Salah ("Salah") in the amount of $156,000,000 plus reasonable attorneys' fees and
costs of the action. (Dkt. No. 668, the "Initial Judgment".) On February 18, 2005, this Court
amended the Initial Judgment also to enter judgment against Amjad Hinawi ("Hinawi") and to
state explicitly that he and all of these parties named in the Initial Judgment were jointly and

severally liable for the entire damages award. (Dkt. No. 690, the "Amended Final Judgment".) On February 25, 2005, the Court amended the Amended Final Judgment to reflect that final judgment was also entered against American Middle Eastern League for Palestine ("AMELP") and the United Association for Studies and Research ("UASR"). (Dkt. No. 692, the "Second Amendment".) The Initial Judgment, Amended Final Judgment, and Second Amendment are attached hereto as Exhibits B, C, and D, respectively, and are referred to collectively herein as the "Judgment."

5. Defendants HLF, Salah, QLI, IAP, and AMS appealed the Judgment. (Dkt. Nos. 703, 705, 707, 709.) On December 3, 2008, the United States Court of Appeals for the Seventh Circuit affirmed the Judgment except with respect to (1) Salah, as to whom the Judgment was reversed to enter judgment in his favor; (2) HLF, as to which the Judgment was reversed and the case remanded; and (3) the award of attorney's fees, which was subject to adjustment following further proceedings. (Dkt. No. 833; No. 834 at 39.)

6. On August 31, 2012, this Court entered summary judgment against HLF on the remanded portion of the case. (Dkt. No. 885.) The Court entered a Final Judgment Order against HLF on October 12, 2012, in the amount of $156,000,000. (Dkt. No. 889, the "HLF Judgment".) The HLF Judgment remains current and operative. Because it is less than seven years old, Plaintiffs do not seek to revive it at this time. In addition, Plaintiffs do not seek to revive the Judgment against defendants other than AMS, IAP and HLF at this time. They reserve the right to do so in the future in the event circumstances warrant.

7. Under Federal Rule of Civil Procedure 69, federal courts aid in the execution and enforcement of money judgments according to "the procedure of the state where the court is located." Fed. R. Civ. P 69(a)(1). Illinois permits execution until 20 years after a judgment's

entry, but if the judgment is older than seven years it must be "revived" to ensure its continuing

validity in the eyes of the rendering court. *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 678 (7th

Cir. 2003) (citing 735 ILCS 5/2-1602, 5/12-108, 5/13-218). The Judgment was entered on

December 8, 2004, and was amended on February 18 and February 25, 2005. This petition seeks

to revive the Judgment after the seventh year after its entry and within 20 years after its entry.

The Judgment may therefore properly be revived under applicable Illinois law.

8.      The Illinois Code of Civil Procedure sets forth the procedure for revival of a

judgment in this Court. *Suraleb, Inc. v. Prod. Ass'n "Minsk Tractor Works," Republic of*

*Belarus*, No. 06 C 3469, 2014 WL 238300, at *1 (Jan. 21, 2014) (applying procedure prescribed

by 735 ILCS 5/2-1602). Section 1602(a) of the Illinois Code of Civil Procedure provides that:

> A judgment may be revived by filing a petition to revive the
> judgment in the seventh year after its entry, or in the seventh year
> after its last revival, or in the twentieth year after its entry, or at
> any other time within 20 years after its entry if the judgment
> becomes dormant and by serving the petition and entering a court
> order for revival as provided in the following subsections.

735 ILCS 5/2-1602(a). The petition to revive the judgment is to be filed in the original case in

which the judgment was entered and "shall include a statement as to the original date and amount

of the judgment, court costs expended, accrued interest, and credits to the judgment, if any." 735

ILCS 5/2-1602(b). A statement setting forth the information required by section 1602(b) is

attached as Exhibit E.

9.      Illinois courts recognize only two defenses to a motion to revive a judgment: (1)

the original judgment did not exist; or (2) the original judgment was satisfied or discharged.

*Dep't of Pub. Aid ex rel. McGinnis v. McGinnis*, 268 Ill. App. 3d 123, 130 (4th Dist. 1994);

*Suraleb*, 2014 WL 238300, at *2. It is readily apparent from the Court's docket that neither of

these potential defenses is available here. The Judgment is clearly evidenced on the Court's

4

docket. It was never vacated and was affirmed by the Seventh Circuit with respect to the Respondents. No satisfaction or discharge appears on the docket, and the Judgment has never been satisfied or discharged. As discussed below and in the statement attached as <u>Exhibit E</u>, a small percentage of the Judgment was collected from certain of the Respondents. The revival statute specifically contemplates, however, that there may be credits against a revived judgment and specifies that they be "reflected by the plaintiff in supplemental proceedings or execution." 735 ILCS 5/2-1602(d). Collection of a small percentage of the amount due on the Judgment does not impact Plaintiffs' ability to revive it.

10. Where, as here, there is no defense to revival, the "entry of a reviving order should be a clerical task; all it entails is assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Elecs.*, 321 F.3d at 680 (district court was required to revive and reenter prior judgment plus post-judgment interest).

11. Section 1602(c) requires notice of this petition in accordance with Illinois Supreme Court Rule 106, which in turn requires the notice by the methods prescribed in Illinois Supreme Court Rule 105. Rule 105(b) permits notice by any one of three methods: (1) by any method provided by law for service of summons, either within or without this State, (2) by certified or registered mail, or (3) by publication. Ill. S. Ct. R. 105(b); *McGinnis*, 268 Ill. App. 3d at 129; *see also People v. Saterfield*, 2015 IL App (1st) 132355, ¶ 15, *appeal denied,* No. 119523, 2017 WL 598936 (Ill. Jan. 25, 2017).

12. Respondents AMS and IAP are defunct not-for-profit organizations that ceased to exist years ago. However, these entities effectively continue to exist and operate through their alter egos and successors, AMP and AJP. The Boims seek to effect service pursuant to Supreme Court Rule 106 by: (i) placing this petition and an accompanying notice with a process server to

be served upon the current registered agents of AMP and AJP, the Principals, and the last known registered agents of AMS and IAP; (ii) serving the petition and accompanying notice by registered mail, return receipt requested, upon the current registered agents of AMP and AJP, the Principals, and the most recent registered agents of AMS and IAP; (iii) serving the petition and accompanying notice via the Court's ECF system; and (iv) publishing notice of the petition in the *Chicago Daily Law Bulletin*.  The Boims are concurrently filing an *ex parte* motion requesting that the Court approve Plaintiffs' proposed form and manner of service.

13.     The proposed order attached as Exhibit A complies with section 1602(d) as it is "for the original amount of the judgment," i.e. $156,000,000.  735 ILCS 5/2-1602(d).  Section 1602(d) provides that any "[c]redits to the judgment shall be reflected by the plaintiff in supplemental proceedings or execution." *Id*.  Thus the payments made by certain defendants to date—which cover only a relatively small percentage of the total amount of the Judgment—should be addressed in the course of this enforcement proceeding rather than in the revival phase, which this Court has held "would be a waste of time and merely postpone the inevitable [revival]" as "the amount of the credits does not matter for ruling on the motion to revive so long as the judgment has not been satisfied" (which it has not).  *Suraleb*, 2014 WL 238300, at *3.

**WHEREFORE**, the Boims respectfully request that this Court enter an order, in substantially the form attached hereto as Exhibit A, to revive the Judgment in favor of the Boims and against Respondents Islamic Association for Palestine and American Muslim Society in the amount of $156,000,000 plus post-judgment interest, and grant such other and further relief as may be just and fitting under the circumstances.

Dated: May 12, 2017        Respectfully submitted,


     /s/  Stephen J. Landes
                         Stephen J. Landes
Daniel I. Schlessinger
W. Allen Woolley
Michael B. Kind
Joshua Fliegel
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL  60606
(312) 443-0700

*Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

<u>Of Counsel</u>
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>     Plaintiffs,<br><br>v.<br><br>QURANIC LITERACY INSTITUTE, HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, ISLAMIC ASSOCIATION FOR PALESTINE, AMERICAN MUSLIM SOCIETY, AMERICAN MIDDLE EASTERN LEAGUE FOR PALESTINE, UNITED ASSOCIATION FOR STUDIES AND RESEARCH, MOHAMMED ABDUL HAMID KHALIL SALAH, MOUSA MOHAMMED ABU MARZOOK, AMJAD HINAWI, and THE ESTATE OF KHALIL TAWFIQ AL-SHARIF,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. 00-cv-2905<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>NOTICE OF PETITION TO REVIVE JUDGMENTS</u>

**TO**:    Islamic Association for Palestine ("IAP")
         American Muslim Society ("AMS")
         Alter Egos and Successors of IAP and AMS:
- American Muslims for Palestine ("AMP")
- Americans for Justice in Palestine Educational Foundation ("AJP")
- Rafeeq Jaber
- Abdelbasset Hamayel
- Osama Abu Irshaid

     **PLEASE TAKE NOTICE**:  The attached Petition to Revive Judgments seeking new or additional relief against you has been filed.  A judgment by default may be taken against you for the new or additional relief unless you file an answer or otherwise file an appearance in the office of the clerk of the court within 30 days after service, receipt by certified or registered mail, or the first publication of the notice, as the case may be, exclusive of the day of service, receipt or first publication.

Dated: May 12, 2017                          Respectfully submitted,


                                             /s/  Stephen J. Landes
                                             Stephen J. Landes
                                             Daniel I. Schlessinger
                                             W. Allen Woolley
                                             Michael B. Kind
                                             Joshua Fliegel
                                             LOCKE LORD LLP
                                             111 South Wacker Drive
                                             Chicago, IL  60606
                                             (312) 443-0700

                                             *Attorneys for Stanley Boim, Individually and as the
                                             Administrator of the Estate of David Boim,
                                             Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 12, 2017 he caused the foregoing Notice of Petition to Revive Judgments (with its attached Petition to Revive Judgments) to be served upon (i) Islamic Association for Palestine ("IAP"); (ii) American Muslim Society ("AMS"); and (iii) the following alter egos and successors of IAP and AMS: (a) American Muslims for Palestine ("AMP"), (b) Americans for Justice in Palestine Educational Foundation ("AJP"), (c) Rafeeq Jaber, (d) Abdelbasset Hamayel, and (e) Osama Abu Irshaid, by (1) registered U.S. Mail, return receipt requested, and (2) placing with a process server for hand delivery, to the following persons at the following addresses:

| AMS | Rafeeq Jaber<br>Last Known Registered Agent for AMS<br>Jaber Financial Services<br>10661 S Roberts Rd, Ste 200<br>Palos Hills, IL 60465-1988<br><br>Rafeeq Jaber<br>9748 Meade Ave<br>Oak Lawn, IL 60453 |
|---|---|
| IAP | Mohammed Lafi<br>Last Known Registered Agent for IAP<br>401 S. Sherman #219<br>Richardson, TX 75081 |
| AMP | Abdelbasset Hamayel<br>Registered Agent for AMP<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |

| AJP | Abdelbasset Hamayel<br>Books and Record Keeper for AJP<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>Americans for Justice in Palestine Educational Foundation<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
|---|---|
| Rafeeq Jaber | Jaber Financial Services<br>10661 S Roberts Rd, Ste 200<br>Palos Hills,  IL  60465-1988<br><br>9748 Meade Ave<br>Oak Lawn, IL 60453 |
| Abdelbasset Hamayel | 9400 S. Oketo Ave.<br>Bridgeview, IL 60455<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
| Osama Abu Irshaid | 8145 Ridge Creek Way<br>Springfield, VA  22153<br><br>American Muslims for Palestine, DC Office<br>6404 Seven Corners Place<br>Suite 7<br>Falls Church, VA  22044 |

_____/s/ Joshua Fliegel_____

2

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased, and JOYCE BOIM, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil No. 00-cv-2905 |
| | ) |
| QURANIC LITERACY INSTITUTE, HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, ISLAMIC ASSOCIATION FOR PALESTINE, AMERICAN MUSLIM SOCIETY, AMERICAN MIDDLE EASTERN LEAGUE FOR PALESTINE, UNITED ASSOCIATION FOR STUDIES AND RESEARCH, MOHAMMED ABDUL HAMID KHALIL SALAH, MOUSA MOHAMMED ABU MARZOOK, AMJAD HINAWI, and THE ESTATE OF KHALIL TAWFIQ AL-SHARIF, | ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |

## MOTION FOR JOINDER OF NON-PARTIES
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(C)

Pursuant to Federal Rule of Civil Procedure 25(c), plaintiffs Stanley Boim, individually and as Administrator of the Estate of David Boim, deceased, and Joyce Boim request that the court commence proceedings to effectuate the joinder of non-parties American Muslims for Palestine ("AMP"), The Americans for Justice in Palestine Educational Foundation ("AJP"), Rafeeq Jaber, Abdelbasset Hamayel, and Osama Abu Irshaid (Jaber, Hamayel and Irshaid, together, the "Individual Defendants"), as judgment debtors in this action because these entities and persons are alter-egos and successors of one or more of the defendants in this action against which this court entered judgments. Plaintiffs further request that the Court permit discovery in

connection with these proceedings, set a hearing to determine whether AMP, AJP and the Individual Defendants are liable as alter-egos and/or successors (or permit submission of evidence through an appropriate motion), and, upon completion of appropriate discovery and the hearing, order that the judgments entered in this action are jointly and severally enforceable against AMP, AJP and the Individual Defendants. In support of this motion, plaintiffs submit and incorporate the accompanying memorandum.

WHEREFORE, for the reasons set forth in the accompanying memorandum, plaintiffs Stanley and Joyce Boim respectfully request that the Court grant this motion and (i) permit appropriate discovery in connection with these Rule 25(c) proceedings; (ii) set a hearing to determine following appropriate discovery whether AMP, AJP and the Individual Defendants are liable as alter-egos and/or successors of one or more of the liable defendants in this action (or permit submission of evidence through an appropriate motion in the event that there are no material disputed issues of fact); (iii) join AMP, AJP and the Individual Defendants as judgment debtors if the Court determines that they are alter–egos and/or successors; (iv) order that the judgments in this action are jointly and severally enforceable against AMP, AJP and the Individual Defendants; and (v) grant such further relief as the Court deems just and appropriate.

2

Dated: May 12, 2017                Respectfully submitted,

                                /s/ Stephen J. Landes
                                Stephen J. Landes
                                Daniel I. Schlessinger
                                W. Allen Woolley
                                Michael B. Kind
                                Joshua Fliegel
                                LOCKE LORD LLP
                                111 South Wacker Drive
                                Chicago, IL  60606
                                (312) 443-0700

                                *Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin
Alyza D. Lewin
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000

3

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 12, 2017 he caused the foregoing

MOTION FOR JOINDER OF NON-PARTIES PURSUANT TO FEDERAL RULE OF CIVIL

PROCEDURE 25(C) to be served upon (i) Islamic Association for Palestine ("IAP"); (ii)

American Muslim Society ("AMS"); (iii) American Muslims for Palestine ("AMP"); (iv)

Americans for Justice in Palestine Educational Foundation ("AJP"); (v) Rafeeq Jaber; (vi)

Abdelbasset Hamayel; and (vii) Osama Abu Irshaid, by (1) electronically filing with the Clerk of

the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by

e-mail notification upon counsel for all parties of record and (2) U.S. Mail, postage pre-paid, to

the following persons at the following addresses:

| AMS | Rafeeq Jaber<br>Last Known Registered Agent for AMS<br>Jaber Financial Services<br>10661 S Roberts Rd, Ste 200<br>Palos Hills,  IL  60465-1988<br><br>Rafeeq Jaber<br>9748 Meade Ave<br>Oak Lawn, IL 60453 |
|---|---|
| IAP | Mohammed Lafi<br>Last Known Registered Agent for IAP<br>401 S. Sherman #219<br>Richardson, TX 75081 |
| AMP | Abdelbasset Hamayel<br>Registered Agent for AMP<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |

66279706v.1

| AJP | Abdelbasset Hamayel<br>Books and Record Keeper for AJP<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>Americans for Justice in Palestine Educational Foundation<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
| --- | --- |
| Rafeeq Jaber | Jaber Financial Services<br>10661 S Roberts Rd, Ste 200<br>Palos Hills, IL 60465-1988<br><br>9748 Meade Ave<br>Oak Lawn, IL 60453 |
| Abdelbasset Hamayel | 9400 S. Oketo Ave.<br>Bridgeview, IL 60455<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
| Osama Abu Irshaid | 8145 Ridge Creek Way<br>Springfield, VA 22153<br><br>American Muslims for Palestine, DC Office<br>6404 Seven Corners Place<br>Suite 7<br>Falls Church, VA 22044 |

_/s/ Joshua Fliegel_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased, and JOYCE BOIM, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 00-cv-2905 |
| QURANIC LITERACY INSTITUTE, HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, ISLAMIC ASSOCIATION FOR PALESTINE, AMERICAN MUSLIM SOCIETY, AMERICAN MIDDLE EASTERN LEAGUE FOR PALESTINE, UNITED ASSOCIATION FOR STUDIES AND RESEARCH, MOHAMMED ABDUL HAMID KHALIL SALAH, MOUSA MOHAMMED ABU MARZOOK, AMJAD HINAWI, and THE ESTATE OF KHALIL TAWFIQ AL-SHARIF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR JOINDER OF NON-PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(c)

It is well established that Federal Rule of Civil Procedure 25(c) may be used in a supplementary, post-judgment proceedings to assert alter-ego or successor liability against a non-party to a judgment and, ultimately, to enforce the judgment against the non-party if alter ego or successor status is established. *See, e.g., Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 23 (7th Cir. 1977); *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 43 (1st Cir. 2016). A proceeding to effectuate a Rule 25(c) joinder or substitution is initiated by filing a motion to join or substitute and providing notice of hearing to the parties. Fed. R. Civ. P. 25(a)(3)(c). This motion seeks to initiate such a proceeding and ultimately to enforce the unpaid portion of the

judgment entered in the above-captioned matter against two entities and three individuals who are alter egos and successors of the judgment debtors.

These are not ordinary judgment debtors, and this is not an ordinary commercial case. The defendants in this action were held liable in this Court under the civil remedies provisions of the Anti-Terrorist Act ("ATA"), 18 U.S.C. §2333, for providing material support to a foreign terrorist group that murdered David Boim, an American teenager. As discussed below—and as will be demonstrated at the hearing on this motion—the judgment debtors here and their individual leaders have deliberately created and hidden behind new legal entities, to obscure their identity and avoid paying the judgment—thereby nullifying the critical purposes of the ATA.

The plaintiffs, Stanley and Joyce Boim, originally filed the above-captioned action (the "*Boim* Action") under Section 2333 of the ATA after their son, David, was murdered by two agents of the international terrorist organization, Hamas. In 2004, this Court entered judgment (the "*Boim* Judgment") in the amount of $156 million in favor of the plaintiffs against certain individuals and organizations (the "*Boim* Defendants") who provided material support to Hamas. However, when time came to pay the *Boim* Judgment, two of the principal *Boim* Defendants claimed to be out of business with few assets. A third had its assets seized by the government after it, together with its leaders, was convicted of terrorist activities. As a result the Boims have recovered only a small percentage of the total amount of the *Boim* Judgment.

Seemingly, the *Boim* Action brought an end to the defendant organizations. But that was not the case. Prominent *Boim* Defendants are in business today through their successors and alter egos: American Muslims for Palestine ("AMP") and The Americans for Justice in Palestine Educational Foundation ("AJP"). AMP and AJP were established by former leaders of several *Boim* Defendant entities—including Rafeeq Jaber, Abdelbasset Hamayel and Osama Abu

Irshaid (together, the "Individual Defendants")—to continue the same enterprise, while avoiding the burden and stigma of the *Boim* Judgment. AMP and AJP continue to be run today by former leaders of the *Boim* Defendant entities; they are headquartered in the same neighborhood; they continue the same enterprise, mission and activities; and they appear to have received assets and funds from those entities. The Individual Defendants exercised control of the *Boim* entities in 1998, and they continue to act as leaders of AMP and AJP today. As alter egos and successors of *Boim* Defendants, AMP, AJP and the Individual Defendants are liable for the unpaid portion of the *Boim* Judgment.

Plaintiffs have initiated this supplementary enforcement proceeding in the *Boim* Action pursuant to 735 ILCS 5/2-1402 (applicable here under Fed. R. Civ. P. 69(a)) by serving citations to discover assets to AMP, AJP and the Individual Defendants. Pursuant to Rule 25(a)(3)(c), this motion seeks to commence Rule 25(c) proceedings to effectuate the joinder of AMP, AJP and the three Individual Defendants because they are alter egos and/or successors of the *Boim* Defendants. Plaintiffs request that the Court: (i) permit appropriate discovery in connection with these Rule 25(c) proceedings; (ii) set a hearing to determine following appropriate discovery whether AMP, AJP and the Individual Defendants are liable as alter-egos and/or successors of one or more of the *Boim* Defendants (or permit submission of evidence through an appropriate motion in the event that there are no material disputed issues of fact); (iii) join AMP, AJP and the Individual Defendants as judgment debtors if the Court determines that they are alter–egos and/or successors; and (iv) order that the *Boim* Judgment is jointly and severally enforceable against AMP, AJP and the Individual Defendants.

## BACKGROUND

### The Initial *Boim* Action and *Boim* Defendants

In 1996, Stanley and Joyce Boim's seventeen-year old son David was murdered by a

Hamas gunman while standing with classmates on their way to Jerusalem to attend a review class for their matriculation exams. The Boims filed suit in 2000 in this Court under the civil remedies provision of the ATA. The *Boim* Defendants were individuals and organizations in the United States who provided material support to Hamas in violation of 18 U.S.C. § 2339A, including, *inter alia*, the Holy Land Foundation for Relief and Development ("HLF"), the American Muslim Society ("AMS"), AMS's alter egos operating under the name Islamic Association for Palestine ("IAP"), and the United Association for Studies and Research ("UASR"). On November 10, 2004, this Court entered summary judgment in favor of the Boims, *Boim v. Quranic Literacy Institute*, 340 F. Supp. 2d 885 (N.D. Ill. 2004), and on December 8, 2004, the jury awarded damages of $52 million, which were trebled to $156 million pursuant to the ATA.

In both the trial and appellate courts, IAP, AMS and HLF claimed to be charitable and educational institutions promoting the welfare of Palestinians and educating the American public. The Court of Appeals for the Seventh Circuit, sitting *en banc*, rejected that assertion in a landmark ruling governing civil liability under the ATA, holding that a defendant who provides material support to a terrorist organization such as Hamas—even to its social or charitable wing—with knowledge that the organization engages in terrorism is, as a matter of law, a cause of the organization's terrorist activity. *Boim v. Holy Land Found.*, 549 F.3d 685, 698-99 (7th Cir. 2008) (*en banc*).

Final judgements were ultimately entered against, *inter alia*, *Boim* Defendants HLF, IAP, AMP and UASR. But as noted above, IAP and AMS claimed to be defunct and without funds; HLF and its principals were convicted and their funds seized. As a result, the Boims have only collected a small percentage of their $156 million judgment

4

**AMP and AJP Are Established as Alter Egos and/or Successors
to Continue the Business of the *Boim* Defendants**

At the hearing on this motion, plaintiffs will establish that AMP and AJP are alter egos and successors of the *Boim* Defendants. AMP was established in Palos Hills, Illinois in 2005—shortly after the *Boim* Judgment—by activists involved in IAP and a successor entity to HLF, KindHearts. During an investigation of KindHearts, individuals affiliated with KindHearts and IAP opened the national office for AMP in 2008 in Palos Hills, just down the street from the former offices of AMS and IAP. These purportedly new entities were created by, among others, the Individual Defendants—who had previously managed and controlled AMS and IAP. In 2009, AMP leaders established AJP as a tax-exempt organization run by former leaders of IAP, which acts as the financial supporter of AMP and receives donations on its behalf.

The current management and donors of AMP and AJP are substantially the same as the management and donors of their predecessors, HLF, IAP and AMS. For example, the Mosque Foundation in Bridgeview, Illinois—the charitable arm of the Bridgeview Mosque—is a significant supporter and funder of AMP and AJP just as it was for the *Boim* Defendants. The Mosque Foundation has a history of donating and directing money to terrorist organizations including Hamas and al-Qaeda. The Mosque Foundation's leader, Sheikh Jamal Said, regularly spoke at IAP events and has been a frequent speaker at AMP conferences and fundraisers. Leaders of AMP and AJP hold prominent positions in the Mosque Foundation and its affiliates.

Numerous other individuals who played important leadership roles in *Boim* Defendant entities have gone on to play key roles in AMP and AJP. The Individual Defendants were especially prominent, both in the predecessor *Boim* Defendant entities, and in AMP and AJP:

- Rafeeq Jaber, former president of AMS, IAP (Chicago), and IAP National, was an

5

organizer of AJP and prepares its tax forms. He is President of the Board of Directors of the Bridgeview Mosque. His business, Jaber Financial Services, is an AMP donor, and he signed a petition in 2015 as an AMP representative.

- Abdelbasset Hamayel is identified by AMP as its Executive Director. He is AJP's registered agent and head of the Mosque Foundation Community Center. Hamayel was the Director and Secretary General of IAP and the former Wisconsin and Illinois representative for KindHearts.

- Osama Abu Irshaid is an AMP board member and National Political Coordinator. Irshaid was the editor of IAP's newspaper, *Al-Zaytounah*, operating from Washington, D.C. According to Jaber, Irshaid was "from IAP National which is … Chicago [and] in charge of everything from A to Z in the paper, what comes on the paper and what goes into the paper." Irshaid's salary was paid by AMS. Irshaid has published a similar newspaper, *Al-Meezan,* from Virginia. Among the regular features in *Al-Meezan* is an advertisement for a blog written from prison by Shukri abu Baker, the former President of HLF.

AMS could not and did not operate independently from Jaber, Hamayel and Irshaid. The Individual Defendants were the heart of AMS and they directed and controlled AMS. AMS was created and operated to carry out their agenda in accordance with their directives.

AMP and AJP have continued the *Boim* Defendants' activities and purposes. For example, IAP held major annual conferences featuring prominent speakers identified with Hamas, including leaders and fighters from Gaza and the West Bank. After AMS and IAP purportedly went out of business, beginning in 2006, the IAP Annual Conference became the AMP Annual Conference. The target audience, content, management, speakers, and message,

have remained the same. Speakers have included Rafeeq Jaber, Kifah Mustapha, Abdelbaset Hamayel, and Osama Abu Irshaid, each of which had been featured at prior IAP events.

In short, IAP, AMS and HLF were replaced by AMP and AJP to permit the same ongoing enterprise to continue free and clear of the burden of the *Boim* Judgment and the stigma of liability for aiding and abetting the murder of an American teenager. AMP's establishment in 2005 coincided almost exactly with the *Boim* Judgment. AMP and AJP *are* IAP, AMS and HLF but just by different names, and the Individual Defendants are alter egos of IAP, AMS and HLF—which they controlled in 1998 and whose mission and purpose they have continued through AMP and AJP. AMP, AJP and the Individual Defendants are therefore liable for the *Boim* Judgment.

### Plaintiffs' Enforcement Proceeding and Declaratory Judgment Action

Plaintiffs are initiating supplementary enforcement proceedings in this action by serving citations to discover assets pursuant to 735 ILCS 5/2-1402(a) and Ill. S. Ct. R. 277(b) on AMP, AJP and the Individual Defendants. Plaintiffs are bringing this motion within those enforcement proceedings. As judgment creditors, plaintiffs may "obtain discovery from any person— including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of [Illinois]." Fed. R. Civ. P. 69(b).

Plaintiffs are concurrently filing in this Court a separate declaratory judgment action (the "Declaratory Action") under a new caption, seeking (among other things) a declaration that AMP, AJP and the Individual Defendants are successors and/or alter egos of the *Boim* Defendants and are therefore liable for the *Boim* Judgment. A copy of Plaintiffs' Complaint for Declaratory and Monetary Judgment, and Preliminary and Permanent Injunctive Relief is attached hereto as <u>Exhibit A</u>. Because the Declaratory Action is related to the above-captioned action, Plaintiffs are concurrently moving under LR 40.4(c) to reassign the Declaratory Action so

that the actions can be managed and resolved in a single proceeding.[1]

## ARGUMENT

I.  **Plaintiffs Will Demonstrate that AMP, AJP and the Individual Defendants Are Alter Egos and/or Successors of Certain of the *Boim* Defendants.**

Plaintiffs will demonstrate at the hearing on this motion (or in appropriate briefs if material issues of fact are not disputed) that AMP, AJP and the Individual Defendants are liable for the unpaid portion of the *Boim* Judgment as alter egos and/or successors of one or more of the *Boim* Defendants who are judgment debtors in this matter. Both the alter ego and the successor liability doctrines are applicable in the international terrorism and not-for-profit contexts and provide bases for joinder of AMP, AJP and the Individual Defendants here.

Federal courts have broadly applied the alter ego doctrine to individuals and organizations that engage in or support terrorism. Recognizing that terrorist organizations differ from owned, for-profit entities, these courts have eschewed typical "factors" applied to alter ego and veil piercing claims in the for-profit context in favor of an analysis focused on the "the broader equitable principle" recognized in *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 629-630 (1983) ("*BPECE*"), under which "the doctrine of corporate entity, recognized generally and for most purposes, will not be regarded when to do so would work fraud or injustice" or when it is "interposed to defeat legislative policies." *Id*. This analysis looks at *dominion and control*—often in the framework of agency law—and whether an entity's independence is in form only. *Id*. at 629.

For example, in its appeal of its criminal conviction, *Boim* Defendant HLF claimed that it was error to have been represented at trial by the same counsel as its president, Shukri Abu

---

[1] The judges originally assigned to this case, District Court Judge George W. Lindberg and Magistrate Judge Arlander Keys, are no longer on the bench.

Baker. The Fifth Circuit sent the question back to the trial court for an evidentiary hearing, and the trial court concluded there was no space between Holy Land and its principals:

> The evidence clearly established that HLF could not and did not operate independently from Baker, Elashi and El-Mezain. Baker, Elashi and El-Mezain were the heart of HLF and they directed and controlled HLF throughout its lifetime. HLF was created and operated to carry out their agenda in accordance with their directives. Any independence was in form only. In such a situation the court may disregard the legal fiction of the corporate entity. The law recognizes there is no practical distinction between the acts of the individuals and the acts of the corporation in cases like this. Courts may also disregard the corporate existence when the corporate entity is used as a 'cloak for fraud or illegality or to work an injustice.'

*United States v. Holy Land Foundation*, No. 3:04-CR-0240-P, Dkt # 1447, page 15 (N.D. Tex. May 24, 2010) (attached as Exhibit B).

Courts have employed the same approach in civil damages cases. In *In re 650 Fifth Ave. & Related Props.*, 881 F. Supp. 2d 533, 548-552 (S.D.N.Y. 2012), the victims of a terrorist bombing of Marine Corps barracks in Beirut sought to enforce money judgments through a turn-over order against a New York property owned by entities alleged to be alter egos of the Iranian government. In examining the claim under the Foreign Sovereign Immunities Act, the court held that the entities were alter egos of Iran. Rather than looking to state law, *650 Fifth Avenue* relied on *BPECE* and examined *control* and whether the entities were in effect "agents" of the Iranian government. After finding that the defendant foundation's charitable giving was driven by Iran, the management of the building was overseen by Iran, and seized documents showed that the defendants could not act without authorization from Tehran, the court found that the defendants were "at least agents" and therefore alter egos.

Similarly, in In *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414 (E.D.N.Y. 2013), the court examined whether certain charities were alter egos of Hamas for purposes of the

plaintiffs' §2333(a) claims. The court adopted the "alias" standard set forth by the current Chief Justice of the United States Roberts in *Nat'l Council of Resistance of Iran v. Dep't of State*, 373 F.3d 152, 157–58 (D.C. Cir. 2004), that when "one entity so dominates and controls another that they must be considered principal and agent, it is appropriate, under AEDPA, to look past their separate and juridical identities and to treat them as aliases." *Strauss*, 925 F. Supp. 2d at 435. The court considered traditional veil-piercing factors—i.e. "whether the organizations share leadership, whether they commingle finances, publications, offices, etc., and whether one operates as a division of the other"—but ultimately rejected defendant's assertion that the plaintiffs must also satisfy these factors, holding "[w]hile these factors may be similar to the factors [used in this case], the court questions whether legitimate corporations are sufficiently analogous to terrorist groups such that every corporate veil piercing factor applies here." *Id.* at 435 n.14. Courts in numerous other cases have adopted the same approach. *See, e.g., Nat'l Council of Resistance of Iran*, 373 F.3d at 157–58; *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 432 (E.D.N.Y. 2009); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 555 (E.D.N.Y. 2012); *Linde v. Arab Bank, PLC*, 97 F. Supp. 3d 287, 334 (E.D.N.Y. 2015).[2]

Federal courts have also extended the dominion-and-control concept to hold that *non-contemporaneous* entities are alter egos when they are managed or controlled by the same people and are in reality one enterprise. For instance, in *Sanchez v. Global Parking Management, Inc.*, No. 14–cv–04611, 2015 WL 4429024, at *1 (N.D. Ill. July 20, 2015), this Court held that common management between two seemingly separate successive companies was "relevant to

---

[2] Illinois state courts have similarly treated alter ego and "veil piercing" as equitable doctrines that can appropriately be extended to the not-for-profit context, even where the traditional for-profit factors do not fit. *See, e.g., Macaluso v. Jenkins*, 95 Ill. App. 3d 461, 465 (2d Dist. 1981) (organization's "status as a not for profit corporation in and of itself should not bar a court from applying the equitable remedy of piercing the corporate veil"); *see also Fontana v. TLD Builders, Inc.*, 362 Ill. App. 3d 491, 501 (2d Dist. 2005); *Buckley v. Abuzir*, 2014 IL App (1st) 130469, ¶ 31.

determine whether two seemingly independent businesses are really one enterprise" for purposes of alter ego liability for Fair Labor Standards Act violations. *Id*. at *3. Likewise, courts have commonly found alter ego liability in the ERISA context for successive employers where there is "substantially identical management" and identical "business purpose." *See, e.g., Laborers' Pension Fund v. Green Demolition Contractors, Inc.*, 2016 WL 74682, at *2 (N.D. Ill. Jan. 7, 2016) (quoting *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427, 433 (7th Cir. 1998)).

Likewise, courts have readily extended the "successor" liability paradigm to not-for-profit entities, even where they do not fit the standards usually applied in the for-profit, corporate context. *See, e.g., Chao v. Int'l Bhd. of Indus. Workers Health & Welfare Fund*, 97 F. Supp. 3d 268, 274 (E.D.N.Y. 2015) ("The Court notes that the standard governing successor liability in the corporate context, although not a perfect fit, is more appropriate for determining successor liability between two non-profit employee benefit trusts"); *Hankinson v. King*, 117 F. Supp. 3d 1068, 1074 (D. Minn. 2015) (courts have gone so far as to either (i) reinterpret the 'continuity of shareholders' requirement as a 'continuity of ownership' requirement because non-profits have no shareholders, or (ii) simply ignore this prong as inapplicable or irrelevant when considering this exception for non-profits); *Ring v. The Elizabeth Foundation for the Arts*, Index No. 113849/2011, 2014 WL 5908429, at *5 (N.Y. Sup. Nov. 12, 2014) ("court recognized that, because both entities were not-for-profits, they had no owners or shareholders. Therefore, it looked to other indicia of control instead of considering ownership, per se").

Thus, there is ample authority for extending alter ego and successor liability to the terrorism and not-for-profit context, even where traditional factors might not otherwise apply. As outlined above, Plaintiffs will demonstrate that the Individual Defendants exercised dominion

11

and control over one or more of the *Boim* Defendant entities and have continued to carry on the same enterprise in the wake of efforts to enforce the *Boim* Judgment.  Likewise, Plaintiffs will show that AMP and AJP are simply reincarnations of *Boim* Defendants, created at the time of the *Boim* Judgment to continue the *Boim* Defendants' work without the burden of paying the *Boim* Judgment and to portray a new public face.  This proof will be sufficient to demonstrate that AMP, AJP and the Individual Defendants are (1) alter egos and successors of *Boim* Defendants IAP, AMS and HLF, and (2) the same entity or person as these *Boim* Defendants and are liable to Plaintiffs under 18 U.S.C. § 2333(a) for the unpaid portion of the *Boim* Judgement.

## II.     Rule 25(c) Is a Proper Procedural Mechanism to Join Alter Egos and Successors in a Supplementary Enforcement Proceeding.

Rule of Civil Procedure 25(c) permits substitution or joinder of a transferee where "an interest" has been transferred:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

Fed. R. Civ. P. 25(c).  A proceeding to effectuate a Rule 25(c) joinder or substitution is initiated, as Plaintiffs have done here, by filing a motion to substitute and providing notice of hearing to parties as provided in Rule 5 and nonparties as provided in Rule 4.  Fed. R. Civ. P. 25(a)(3)(c).

Rule 25(c) may be used as a basis to assert alter ego and successor claims against non-parties in post-judgment supplementary enforcement proceedings.  *See, e.g., Panther Pumps*, 566 F.2d at 23-24 (motion to add successor in interest as party in post-judgment contempt proceeding); *Chicago Dist. Council*, 1997 WL 12794, at *1 (Rule 25(c) used to assert ERISA successor liability claim); *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 43 (1st Cir. 2016) (courts have "sanctioned the use of Rule 25(c) to join parties as alter egos and hold them liable for the full judgment").  In the leading Seventh Circuit case, *Panther Pumps*, the court held that the

12

"charge" in a motion to substitute is that the party to be substituted "is the successor in interest of the judgment debtor and, therefore, liable on the judgment." *Panther Pumps*, 566 F.2d at 24. The court evaluated the Rule 25(c) motion based on the standards for successor liability, finding that the successor in that case was a "mere continuation" of the judgment debtor and that the transfer was a "fraudulent effort to escape liability." *Id.* at 25-26; *see also Chicago Dist. Council of Carpenters Pension Fund v. Artistry Woodworking, Inc.*, No. 92 C 2069, 1997 WL 12794, at *1 (N.D. Ill. Jan. 10, 1997) (motion to substitute granted and judgment entered against successor based on meeting ERISA test for successor liability); *Select Creations, Inc. v. Paliafito Am., Inc.*, 852 F. Supp. 740 (E.D. Wisc. 1994) (Rule 25(c) motion based on transfer of toy business to successor, which was set up to avoid liability; alter ego of successor also substituted).

Rule 25(c) proceedings are not limited to recovery of transferred assets. In *Rodriguez-Miranda v. Benin*, 829 F.3d 29 (1st Cir. 2016), the First Circuit recently addressed the question of whether the scope of imposed liability based on a Rule 25(c) substitution would be limited to the amount of the transferred assets—i.e. "reaching the 'interest only'"—or whether the successor/alter ego would be liable for the whole judgment. 829 F.3d at 42. After noting that the courts in *Panther Pumps*, *Minnesota Min. & Mfg. Co.* and *Explosives Corp. of Am. v. Garlam Enters Corp.*, 817 F.2d 894 (1st Cir. 1987), all permitted liability for the full amount of the judgment, the First Circuit held that the district court properly joined two parties as successors in interest and alter egos and made them liable for the whole judgment:

> [W]hen we have never expressly limited Rule 25(c) joinder to the amount of the transferred assets, and other circuits, especially on such similar facts, have sanctioned the use of Rule 25(c) to join parties as alter egos and hold them liable for the full judgment, "any error cannot be plain or obvious."

*Id.* at 43. Under the First Circuit's reasoning—based on cases in this Circuit and elsewhere— this Rule 25(c) motion is a proper basis to impose liability for the entire unpaid amount of the

13

*Boim* Judgment on the *Boim* Defendants' successors and alter egos.

### III. Following Discovery and an Appropriate Hearing, the Court Should Enforce the Unsatisfied Portion of the *Boim* Judgment against AMP, AJP and the Individual Defendants.

Following appropriate discovery and a hearing (or briefing if there are no disputed issues of material fact) during which Plaintiffs will demonstrate that AMP, AJP and the Individual Defendants are alter egos and/or successors of one or more *Boim* Defendants, Plaintiffs request that this Court join AMP, AJP and the Individual Defendants as judgment debtors and enforce the *Boim* Judgment against them, jointly and severally. This relief is both permitted under Rule 25(c) and equitable under the circumstances.

Indeed, there is a strong public interest in preventing organizations that have provided financial support to terrorist groups from escaping liability by merely dissolving legal entities and replacing them with new legal entities. As explained above, the Anti-Terrorism Act provides a comprehensive scheme of criminal and civil liability aimed at eradicating support for international terrorism, including material support provisions described by the Supreme Court as a "preventive measure—it criminalizes not terrorist attacks themselves, but aid that makes the attacks more likely to occur." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 35 (2010). Noting that terrorism is *sui generis*, Judge Posner, on behalf of the *en banc* panel in the appeal of the *Boim* Action, fashioned a remedy against even small donors to known terrorist organizations in order to sustain the underlying purpose of the ATA. *See Boim v. Holy Land Foundation*, 549 F.3d 685, 698 (7th Cir. 2004) (*en banc*).

Allowing AMP, AJP, Jaber, Hamayel and Irshaid to escape liability based on the fiction of their separate legal existence would enable the *Boim* Defendants to shield and transfer their assets and continue with their same enterprise and mission—despite having been held to be material supporters of international terrorism. The effective enforcement mechanisms of the

14

ATA will be thwarted if "fronts" for people and enterprises who support terrorism can avoid liability merely by morphing into new entities not subject to prior ATA judgments. Moreover, the injustice to the victims in this case, and to other victims of international terrorism financed by the *Boim* Defendants' support, demands that the *Boim* Defendants and Individual Defendants not be allowed to escape liability simply by creating two new legal entities that are in every way identical except for name, and shifting their ongoing mission, operations, activities and assets to those purported new entities.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion and (i) permit appropriate discovery in connection with these Rule 25(c) proceedings; (ii) set a hearing to determine following appropriate discovery whether AMP, AJP and the Individual Defendants are liable as alter-egos and/or successors of one or more of the *Boim* Defendants (or permit submission of evidence through an appropriate motion in the event that there are no material disputed issues of fact); (iii) join AMP, AJP and the Individual Defendants as judgment debtors if the Court determines that they are alter–egos and/or successors; (iv) order that the *Boim* Judgment is jointly and severally enforceable against AMP, AJP and the Individual Defendants; and (v) grant such further relief as the Court deems just and appropriate.

Dated: May 12, 2017                    Respectfully submitted,


                                        /s/ Stephen J. Landes
                                       Stephen J. Landes
                                       Daniel I. Schlessinger
                                       W. Allen Woolley
                                       Michael B. Kind
                                       Joshua Fliegel
                                       LOCKE LORD LLP
                                       111 South Wacker Drive
                                       Chicago, IL 60606
                                       (312) 443-0700

                                       *Attorneys for Stanley Boim, Individually and as the
                                       Administrator of the Estate of David Boim,
                                       Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac* application being filed)
Alyza D. Lewin (*pro hac* application being filed)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 12, 2017 he caused the foregoing

MEMORANDUM IN SUPPORT OF MOTION FOR JOINDER OF NON-PARTIES

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25 (c) to be served upon (i)

Islamic Association for Palestine ("IAP"); (ii) American Muslim Society ("AMS"); (iii)

American Muslims for Palestine ("AMP"); (iv) Americans for Justice in Palestine Educational

Foundation ("AJP"); (v) Rafeeq Jaber; (vi) Abdelbasset Hamayel; and (vii) Osama Abu Irshaid,

by  (1) electronically filing with the Clerk of the Court for the Northern District of Illinois using

the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of

record and (2) U.S. Mail, postage pre-paid, to the following persons at the following addresses:

| AMS | Rafeeq Jaber<br>Last Known Registered Agent for AMS<br>Jaber Financial Services<br>10661 S Roberts Rd, Ste 200<br>Palos Hills,  IL  60465-1988<br><br>Rafeeq Jaber<br>9748 Meade Ave<br>Oak Lawn, IL 60453 |
|---|---|
| IAP | Mohammed Lafi<br>Last Known Registered Agent for IAP<br>401 S. Sherman #219<br>Richardson, TX 75081 |
| AMP | Abdelbasset Hamayel<br>Registered Agent for AMP<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |

66238937v.6

| AJP | Abdelbasset Hamayel<br>Books and Record Keeper for AJP<br>10101 S Roberts Rd<br>Palos Hills, IL 60465<br><br>Americans for Justice in Palestine Educational<br>Foundation<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
|---|---|
| Rafeeq Jaber | Jaber Financial Services<br>10661 S Roberts Rd, Ste 200<br>Palos Hills,  IL  60465-1988<br><br>9748 Meade Ave<br>Oak Lawn, IL 60453 |
| Abdelbasset Hamayel | 9400 S. Oketo Ave.<br>Bridgeview, IL 60455<br><br>American Muslims for Palestine<br>10063 S. 76th Ave<br>Bridgeview, IL 60455 |
| Osama Abu Irshaid | 8145 Ridge Creek Way<br>Springfield, VA  22153<br><br>American Muslims for Palestine, DC Office<br>6404 Seven Corners Place<br>Suite 7<br>Falls Church, VA  22044 |

   /s/ Joshua Fliegel