### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABU IRSHAID,<br><br>      Defendants. | Civil No. 17-cv-03591<br><br>**Hon. Sharon Johnson Coleman**<br><br>Hon. Sidney I. Schenkier |

### PLAINTIFFS' MOTION FOR RECONSIDERATION

Pursuant to Federal Rules of Civil Procedure 54(b) and/or 59(e), plaintiffs Stanley Boim, individually and as administrator of the Estate of David Boim, deceased, and Joyce Boim respectfully move for reconsideration of the Court's August 18, 2017, Memorandum Opinion and Order ("Op," Dkt. 41) dismissing plaintiffs' initial complaint in the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of this Motion, plaintiffs state as follows:

### Introduction

1.    Plaintiffs filed their initial complaint in this action in May 2017 asking the Court to declare that defendants are alter egos and successors of the judgment debtors in the original "*Boim* Action" (No. 00-cv-2905) and are therefore liable for the unpaid portion of the "*Boim* Judgment" entered in the *Boim* Action. Defendants moved to dismiss the complaint under Rule 12(b)(1) (Dkt. 31), asserting that this Court lacks subject-matter jurisdiction to hear plaintiffs'

claims. The Rule 12(b)(1) motion was *not* brought as a motion to dismiss under Rule 12(b)(6), nor as a motion for summary judgment under Rule 56. After acknowledging that this is a "close" case on the allegations stated in the complaint, the Court dismissed the complaint without prejudice based on the Court's assessment of the *merits* of the alter ego and successor claims. The Court suggested that the plaintiffs might, with additional allegations in a new complaint, meet the Court's standards for alter ego liability.

2.      Plaintiffs respectfully submit that dismissal of the complaint on jurisdictional grounds was an error of law warranting reconsideration and denial of defendants' Rule 12(b)(1) motion. In reaching its ruling, the Court correctly held that, unlike veil-piercing claims, alter ego allegations may provide an independent basis for subject-matter jurisdiction. (Op. 6.) However, defendants also argued that there is no jurisdiction because plaintiffs' alter ego and successor claims fail on the *merits*. The Court held that "[o]n these facts…plaintiffs fail to demonstrate the requisite level of unity of interest and control" to support their alter ego claims. (Op. 10.) This was not a proper basis to dismiss a complaint as jurisdictionally deficient under *Rule 12(b)(1)*. Courts should not dismiss for lack of subject matter jurisdiction based on the merits of the ultimate issue in the case except in rare cases where the alleged federal claim is "brought solely to fabricate federal jurisdiction" or is "wholly insubstantial and frivolous." Dismissal under Rule 12(b)(1) was not appropriate in a "close" case such as this. If defendants wanted to attack the sufficiency of the merits of plaintiffs' allegations, they should have brought their motion under Rule 12(b)(6), not Rule 12(b)(1), and it should have been subject to Rule 12(b)(6) standards.

3.      In addition, defendants submitted declarations and hearsay documents beyond the allegations of the complaint. This too was improper. If defendants wanted the Court to decide the merits of plaintiffs' ultimate claims based on evidence, they needed to move for summary

2

judgment.  This would have afforded plaintiffs the protections of Rule 56 and LR 56.1, including

a fair opportunity to take discovery and to present their case at trial if there are disputed issues of

fact.  Here, plaintiffs never had the opportunity to cross-examine defendants' affiants, and were

required to "demonstrate the requisite level of unity of interest and control" rather than merely

showing the existence of disputed facts.  For these reasons, as set forth below, plaintiffs request

that the Court reconsider its August 18, 2017 ruling and deny defendants' motion to dismiss.

### Standard for Reconsideration

4.      Reconsideration is proper if the movant "points to evidence in the record that

clearly establishes a manifest error of law or fact."  *In re Prince*, 85 F.3d 314, 324 (7th Cir.

1996).  A "manifest error" has occurred when "the [c]ourt has patently misunderstood a party, or

has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has

made an error not of reasoning but of apprehension."  *Bank of Waunakee v. Rochester Cheese

Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).  Rule 59(e) provides that a district court reviews

its entered judgment to determine whether "there exists a manifest error of law or fact so as to

enable the court to correct its own errors and thus avoid unnecessary appellate procedures."

*Divane v. Krull Elec. Co., Inc.,* 194 F.3d 845, 847 (7th Cir. 1999) (citing *Moro v. Shell Oil Co.*,

91 F.3d 872, 876 (7th Cir. 1996)); *see also Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir.

2008).

### Argument

**I.      The Court Erred in Determining It Lacked Jurisdiction Based on Its Assessment of
the Merits of the Ultimate Issues Raised by the Allegations of the Complaint.**

5.      The Court began its analysis by examining whether plaintiffs pleaded the type of

claim that gave rise to federal subject matter jurisdiction.  The Court correctly recognized that

the Seventh Circuit in *Central States* and *Elite Erectors* "limit[ed] the reach of *Peacock*." (Op.

5.) Alter ego claims (unlike the veil-piercing claims in *Peacock*) are "direct" claims under a federal statute—in this case, the Anti-Terrorism Act ("ATA"). Alter ego allegations therefore provide an independent basis for subject-matter jurisdiction. (Op. 6.) This conclusion was sufficient to establish this Court's subject-matter jurisdiction and required denial of defendants' Rule 12(b)(1) motion.

6.     Plaintiffs submit that the Court erred by proceeding to the next stage of the litigation—consideration of the merits—in the context of the Rule 12(b)(1) motion. In doing so, the Court treated the jurisdictional analysis as contingent upon the substantive merits of plaintiffs' alter ego allegations. (*See* Op. 6 ("Thus, this Court must consider whether plaintiffs here have adequately alleged for jurisdictional purposes the present defendants are the alter-ego of AMS, IAP, and the Holy Land Foundation"); Op. 8 ("Thus, the Court will consider whether the allegations support an alter-ego theory").) Although it recognized that the complaint's allegations made this a "close" case, the Court found that "[o]n these facts…plaintiffs fail to demonstrate the requisite level of unity of interest and control" to support their alter ego claims. (Op. 8, 10).

7.      This appraisal of the sufficiency of the *merits* of plaintiffs' allegations did not warrant the conclusion that the Court lacked subject matter jurisdiction. It is well-established that dismissal under Rule 12(b)(1) is not proper "[i]f the issue of jurisdiction is intertwined with the merits of the case." *Mungiovi v. Chicago Housing Authority*, 901 F. Supp. 261, 263-264 (N.D. Ill. 1995) (citing *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 279–80 (7th Cir. 1986); *Health Cost Controls v. Skinne*r, 44 F.3d 535, 537 (7th Cir. 1995)). Rule 12(b)(1) dismissal is permissible only if the court "has no authority or competence to hear and decide the case."

8.      Sufficiency of the allegations of a complaint should be assessed under Rule

12(b)(6), not Rule 12(b)(1).  "Rule 12(b)(6) motions speak to the sufficiency of the claim," and

will only be granted if "the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."  *Mungiovi*, 901 F. Supp. at 263.  It "is well settled that the failure to state a

proper cause of action calls for a judgment on the merits and not a dismissal for want of

jurisdiction."  *Bell v. Hood*, 327 U.S. 678, 682 (1946).  As the Seventh Circuit stated in *Elite

Erectors*:

> Even if the Funds' complaint was subject to dismissal under Fed.
> R. Civ. P. 12(b)(6), that shortcoming would not have affected the
> district court's subject-matter jurisdiction. …there is a gulf
> between 'deficient' and 'too feeble to invoke federal jurisdiction.'

212 F.3d at 1038.  (*See also* Plaintiffs' Response to Motion to Dismiss (Dkt. 37) at 8-10.)

9.      The District Court in *Morrow Bros., Ltd. v. Baha Beach Co., Inc.,* 1994 WL

494701, at *3 (N.D. Ill., September 6, 1994) (quoting *Thornhill Publishing Co. v. General Tel.

Corp.*, 594 F.2d 730, 733–35 (9th Cir. 1979)), articulated the procedural rule that should have

been applied in this case:

> [W]here the jurisdictional issue and substantive issues are so
> intertwined that the question of jurisdiction is dependent on the
> resolution of factual issues going to the merits, the jurisdictional
> determination should await a determination of the relevant facts on
> either a motion going to the merits or at trial.

*See also Crawford v. United States,*, 796 F.2d 924, 928–29 (7th Cir. 1986)).

10.     If defendants wanted to attack the sufficiency of plaintiffs' claims on the merits,

they needed to file a Rule 12(b)(6) motion and afford plaintiffs the protections of that rule.  *See

Mungiovi*, 901 F. Supp. at 264 ("While defendants' arguments with regard to the pendant state

claims are clearly jurisdictional, their attack on Mungiovi's federal claim goes to its merits.

Thus, we will analyze plaintiff's complaint under Rule 12(b)(6) and provide him with the

5

accompanying protections"); *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1031 (7th Cir. 1992) ("the preferable practice is to assume that jurisdiction exists and proceed to determine the merits of the claim pursuant to subdivision (b)(6) or Rule 56") (quoting 2A James W. Moore, *Moore's Federal Practice* ¶ 12.07[2.–1], at 12–60 (2d ed. 1994)).

11.    An exception to this rule applies in rare situations "where the alleged federal claim is immaterial and brought solely to fabricate federal jurisdiction," or is "wholly insubstantial and frivolous" so that dismissal on jurisdictional grounds would be permissible. *See Mungiovi*, 901 F. Supp. at 263 (quoting *Bell v. Hood,* 327 U.S. at 682-683). The Court acknowledged, however, that this is a "close" case, not one where the claimed basis for federal jurisdiction is insubstantial, frivolous or fabricated.

## II.    The Court Should Not Have Considered Defendants' Evidence on the Ultimate Issues in the Case without Discovery and Summary Judgment Safeguards.

12.    The Court considered and relied on three affidavits of individuals the plaintiffs had no opportunity to cross-examine, and on two hearsay documents that were introduced without foundation. (*See, e.g.*, Op. 9 ("According to affidavits submitted by defendants, Hamayel was not involved in the creation of AMP or AJP"); *id.* ("[plaintiffs' allegation] is contradicted by Hamayel's averment that he was never employed by AMS" (citing Dkt. 31-1, Ex. A, Hamayel Decl. ¶ 6).) These documents were presented for the first time by defendants in their Motion to Dismiss and were never subjected to cross-examination or other discovery.

13.    This evidence could not have been considered under Rule 12(b)(6), which permits a court to look only to "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citations

omitted). By considering defendants' new evidence, the Court denied plaintiffs the procedural safeguards ordinarily applicable when evaluating the sufficiency of pleadings.

14. If defendants sought to have the Court decide the ultimate issues in this case based on *evidence*, they should have brought their motion as a motion for summary judgment. This would have given plaintiffs the opportunity to take discovery and would have required compliance with the summary judgment procedures set forth in Rule 56 and LR 56.1. *See McMath*, 976 F.2d at 1031; *Herzog v. St. Peter Lutheran Church*, 884 F. Supp. 2d 668, 671 (N.D. Ill. 2012). Plaintiffs' end-run around Rule 56 effectively placed the burden on plaintiffs to "demonstrate the requisite level of unity of interest and control" (Op. 10) at this early stage of the law suit. All that is required to defeat a motion for summary judgment is the existence of disputed issues of material fact.

15. If questions of fact are pertinent to true jurisdictional issues, courts commonly permit jurisdictional discovery before deciding those issues. *See, e.g., Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue"); *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000) ("it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists"). Defendants in this case improperly challenged the merits of the ultimate issues in the case in the guise of a jurisdictional motion, and the Court weighed the merits of the case based, in part, on three skeletal affidavits that were never subject to cross examination and on two hearsay documents. Plaintiffs at the very least should have had the opportunity to conduct sufficient discovery to challenge those affidavits and documents if the Court was going to rely on them in contravention of the allegations in the complaint.

16.     This case is far more than an "effort to find a collectible defendant and (preventing) … a pyrrhic (victory)…." (Op. 10.)  The well-pleaded facts of the complaint allege that these defendants continue the "same enterprise and agenda" of *Boim* Defendants Holy Land Foundation and American Muslim Society, to avoid the "the burden of the *Boim* Judgment and ignominy of having been found liable for aiding and abetting the murder of an American teenager." (Compl. ¶ 2 (Dkt. 1).)  These defendants are attempting to deprive the Anti-Terrorism Act of meaningful consequences.  The Court's willingness—in the absence of any discovery—to credit the individual defendants' claim that they are "involved with *new* organizations seeking to further the mission of educating people about Palestine" and that the organizational defendants have the purpose to "support humanitarian interests" was unwarranted at this stage of the litigation.  These individual defendants were the leaders of the "American Muslim Society, which *did* know (that) in giving money to the [Holy Land] Foundation (it) was deliberately funneling money to Hamas." *Boim v. Holy Land Foundation*, 549 F.3d 685, 701 (7th Cir. 2008) (*en banc*).  Plaintiffs are entitled to a fair opportunity to prove that nothing has changed other than the name on the door.

## Conclusion

For the foregoing reasons, plaintiffs request that the Court reconsider its August 18, 2017, Memorandum Opinion and Order, deny defendants' Motion to Dismiss, and grant such other and further relief as the Court deems just and appropriate.

Dated: September 15, 2017                    Respectfully Submitted,


                                             */s/ Stephen J. Landes*
                                             Stephen J. Landes
                                             W. Allen Woolley
                                             Michael B. Kind
                                             Joshua Fliegel
                                             LOCKE LORD LLP
                                             111 South Wacker Drive
                                             Chicago, IL 60606
                                             (312) 201-2772

                                             *Attorneys for Stanley Boim, Individually and
                                             as the Administrator of the Estate of David
                                             Boim, Deceased, and Joyce Boim*

<u>Of Counsel</u>
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

Daniel I. Schlessinger
JASZCZUK P.C.
311 South Wacker Drive
Suite 1775
Chicago, Illinois 60606
(312) 442-0509

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 15, 2017 he caused the foregoing PLAINTIFFS' MOTION FOR RECONSIDERATION  to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of record.

*/s/ Joshua Fliegel*