```
 1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3
    STANLEY BOIM, individually and as   ) No. 17 C 3591
 4  Administrator of the Estate of      )
    David Boim, deceased; and Joyce Boim,)
 5                                      )
                  Plaintiffs,           )
 6                                      )
              v.                        )
 7                                      )
    AMERICAN MUSLIMS FOR PALESTINE;     ) June 6, 2017
 8  AMERICANS FOR JUSTICE IN PALESTINE  ) Chicago, Illinois
    EDUCATIONAL FOUNDATION; RAFEEQ JABER;) 8:50 a.m.
 9  ABDELBASSET HAMAYEL; AND OSAMA ABU  )
    IRSHAID,                            )
10                                      )
                  Defendants.           ) Motion
11
             TRANSCRIPT OF PROCEEDINGS
12      BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

13  APPEARANCES:

14  For the Plaintiffs:         LOCKE LORD LLP
                                111 South Wacker Drive
15                              Suite 4400
                                Chicago, Illinois  60606
16                              BY:  MR. WILLIAM ALLEN WOOLLEY
                                     MR. STEPHEN J. LANDES
17

18  For the Defendants:         CONSTITUTIONAL LAW CENTER FOR MUSLIMS
                                IN AMERICA
19                              833 - E Arapaho Road
                                Richardsoon, Texas  75081
20                              BY:  MR. CHARLES D. SWIFT

21
    Also Present:               MR. JOHN BEAL
22

23          TRACEY DANA McCULLOUGH, CSR, RPR
                  Official Court Reporter
24            219 South Dearborn Street
                      Room 1426
25            Chicago, Illinois  60604
                  (312) 435-5570
```

```
 1          THE CLERK:  17 C 3591, Boim versus American Muslims
 2   for Palestine.
 3          MR. WOOLLEY:  Good morning, Your Honor.  Allen
 4   Woolley and Stephen Landes here on behalf of the plaintiffs.
 5          THE COURT:  All right.  Plaintiffs this side.  All
 6   right.
 7          MR. SWIFT:  Good morning, Your Honor.  Charles Swift
 8   on behalf of all defendants.
 9          THE COURT:  All right.  Thank you.  Counsel.
10          MR. BEAL:  Good morning, Your Honor.
11          THE COURT:  Yes.
12          MR. BEAL:  John Beal.  I actually have represented an
13   entity called the Quranic Literacy Institute, which is the
14   named plaintiff in the larger case.  And I tried the case and
15   got a $156 million judgment against my client.
16          THE COURT:  So you want to keep an eye on it?
17          MR. BEAL:  So I'm monitoring the case then.
18          THE COURT:  Have a seat.  There's no need for you to
19   announce, but thank you for being here.  I haven't seen you in
20   a while.
21          All right.  So --
22          MR. WOOLLEY:  Your Honor, we --
23          THE COURT:  -- Counsel.
24          MR. WOOLLEY:  Yes.  Your Honor, we're here on the
25   plaintiffs' motion for reassignment of a related case that's
```

1   pending currently before Judge Cole.
2           THE COURT:  Cole.
3           MR. WOOLLEY:  And --
4           THE COURT:  Now, don't get confused.  Coleman and
5   Cole.
6           MR. WOOLLEY:  Your Honor, we, we filed this motion
7   hoping that the, the Court and all parties would be in favor of
8   the motion.  It seemed to us that it's clear that these matters
9   are very related, if not nearly identical.  We think they
10  should be managed together.  We think that the procedural rule
11  dictates that the case pending before Magistrate Judge Cole be
12  moved to this Court's docket because this is the case with the
13  lowest number that has a District Court assigned to it.  The
14  other case has no District Court assigned to it.
15          THE COURT:  Well, the other case was consented,
16  though, wasn't it?
17          MR. WOOLLEY:  At the time of the original 2000 case
18  when it went to trial, all the defendants had been -- had
19  consented to a magistrate judge.
20          THE COURT:  Judge Keys, who's retired.
21          MR. WOOLLEY:  Judge Keys, who retired.  And that's
22  why the Executive Committee has reassigned Judge Cole --
23          THE COURT:  Right.
24          MR. WOOLLEY:  -- to handle that case.  We think
25  there's an issue with that going forward because now we're

1 trying to enforce judgments against alter egos and successors
2 who we believe are probably subject to those same consents, but
3 we suspect that they will take a different position going
4 forward. So our concern here, Your Honor -- and we're, we're
5 happy to brief this motion that's up before Your Honor.
6     THE COURT: Oh, you don't call it -- you don't call
7 it briefed?
8     MR. WOOLLEY: Well, we think, we think --
9     THE COURT: There has been a full motion with a lot
10 of information as well as a response that's already been filed.
11     MR. WOOLLEY: Well, we're happy to file a reply if
12 it -- if it's appropriate.
13     THE COURT: The only thing I'd like to just hear your
14 arguments at this point.
15     MR. WOOLLEY: Absolutely, Your Honor. This, this is
16 a related matter. These cases arise from a 2000 case filed by
17 the Boims against individuals and entities who were providing
18 material support for Hamas at the time that their son was
19 murdered by Hamas terrorists in 1996. The case went to trial.
20 In 2004 a judgment was entered for $156 million. The case went
21 forward through a successful appeal, and the Seventh Circuit
22 issued an en banc opinion affirming that judgment.
23     We moved forward. We attempted to collect and had
24 very limited success. And as a result, only a very small
25 fraction of that judgment was ever collected. We were told at

1  the time that the entities that we were trying to collect from
2  had gone out of business.  They weren't operating.  They
3  weren't being funded.  There was no further way to pay the
4  judgments.  We have recent -- more recently learned that, in
5  fact, they are still operating down the street with the same
6  management.  They're doing the same kinds of conferences.
7  They're operating under the same mission.  They have the same
8  donors.
9          And we believe we can prove a case that these are the
10 successors or alter egos of the original defendants who were
11 held liable in Boim.  And so that's why we're here.  We have
12 brought these, these matters under three different procedural
13 mechanisms, all of which have case law support within the
14 Seventh Circuit.  Two of those procedural mechanisms are things
15 that we could file in the original action as part of an
16 enforcement case.  We're seeking to move forward in the case
17 that's before Judge Cole with a state court enforcement
18 proceeding and with a Federal Rule 25(c) motion for joinder of
19 parties.  Both of which have been recognized as ways to proceed
20 in an enforcement action against alter egos and successors.
21         We have also brought the declaratory judgment action
22 before Your Honor.  We couldn't file --
23         THE COURT:  So, so if anybody knows whether or not
24 this is a related case or would assume or make the argument is
25 because you made it related by hitting every possible avenue,

1    is that correct?
2             MR. WOOLLEY:  That's correct, Your Honor.  We were
3    trying to take advantage of the options available to us because
4    we do anticipate some procedural challenges and want to have a
5    belt and suspenders approach here.  Unfort --
6             THE COURT:  I'm sure.
7             MR. WOOLLEY:  Yes.  Unfortunately that's meant being
8    in two courtrooms at once.  We think that these should not be
9    in two courtrooms at once.  They are seeking effectively the
10   same remedies.  They're exactly the same evidence.  They're the
11   same legal issues.  They're the same -- it's going to be the
12   same discovery, the same set of operative facts.  So if ever
13   there were related cases, these are related cases.  So that's,
14   that's why we're here, Your Honor.
15            We were before Judge Cole last month.  Judge Cole was
16   very concerned about the potential for inconsistent judgments
17   and waste of judicial resources.  We -- and we went out and
18   filed our motion for reassignment shortly after being in front
19   of Judge Cole.  We are also concerned, Your Honor, that because
20   these new entities and people that are the targets of this
21   enforcement effort have not consented to a magistrate judge,
22   that we currently have the -- the 2000 enforcement action
23   pending before Magistrate Judge Cole, and that's an active
24   case.  An enforcement action is, is initiated by serving
25   citations or -- and under, under Illinois law.  Those have been

1  served on four out of five of the defendants.  It is
2  proceeding.  There are return dates on those citations of
3  June 20th for documents and June 27th for testimony.
4              Certainly we're willing to work and be cooperative
5  with the other side in scheduling, but we have an issue with a
6  case that's sitting in front of Magistrate Judge Cole where,
7  where some parties may claim that he is not able to adjudicate
8  whatever issues arise as a result of those citations and our
9  Rule 25 (c) motion.  So we're concerned about that case being
10 in front of Judge Cole for much longer.  And that's why we --
11 we've brought this motion for reassignment now.
12             THE COURT:  All right.  Counsel, what I'm going to do
13 is let you reply, and I want to hear some argument from the
14 defense.
15             MR. WOOLLEY:  Certainly.
16             THE COURT:  All right.  Thank you.  Counsel, if you
17 wish, you can stand either on the podium or you can do it at
18 this one too.  Either one.  Whatever is comfortable.  Yes, give
19 him some room.  All right.  Proceed, Mr. Swift.
20             MR. SWIFT:  Your Honor, we oppose the reassignment at
21 this time because it's our position that this Court lacks
22 subject matter jurisdiction over any of the claims.  And,
23 therefore --
24             THE COURT:  So when you say you oppose it, you'd be
25 having a motion to dismiss, is that correct?

1  MR. SWIFT:  Yes, a motion to dismiss.  And we think
2 that that should be first decided before any reassignment would
3 go forward.
4  THE COURT:  When did you intend to file that?
5  MR. SWIFT:  It will be filed on --
6  THE COURT:  Since you got your response done so
7 quickly.
8  MR. SWIFT:  Yes.  It will be filed on Monday.
9  THE COURT:  All right.  Go ahead.
10  MR. SWIFT:  And so our position on it is that it
11 would make no sense to reassign or to create a belt and
12 suspenders where I can move an original judgment to a new Court
13 on claims that don't actually exist.  And it's our position
14 until this Court determines that it has jurisdiction over the
15 claims brought by the defendants -- or excuse me, the
16 plaintiffs in this case, that it should hold in abeyance any
17 transfer motion.
18  We set forth just a brief part of our motion to
19 dismiss in this to show that we have a very strong good faith
20 basis.  This one principally applies to the named defendants in
21 this court case, which we think are going to be a pretty easy
22 question for this Court.  But we set it out at this point on
23 the part.  So in an effort to reconsolidate, the plaintiffs
24 don't get to take it to a Court that doesn't have any
25 jurisdiction to begin with on, on separate claims and then try

1 to consolidate them. And we think that this the Court should
2 first before agreeing to consolidated matters determine whether
3 it has its own subject matter jurisdiction for the claims
4 currently before it.
5     THE COURT: So would you do this: Since I have you
6 here --
7     MR. SWIFT: Yes.
8     THE COURT: -- we have a fully -- and as far as this
9 Court is concerned, I don't need a reply brief -- a fully
10 briefed motion on this. Actually for judicial expediency,
11 let's go ahead and hear what you argue in response if it was --
12 let's say there was no motion to dismiss about the motion for
13 relatedness.
14     MR. SWIFT: Well, we also hold that they're separate
15 claims. They're completely different claims. What they want
16 to belt and suspender into this Court is a separate state court
17 claim that can only originate from the original jurisdiction of
18 the court case. There is no way for this Court to hear a
19 separate claim under Chicago -- under Illinois law that was a
20 part of the original claim. These are independent defendants.
21 None of them, although all of -- none of them -- the named
22 defendants were all in existence at the time in this present
23 suit but were not named in the earlier suit in any manner,
24 et cetera.
25     And we hold that 15 -- some 8 years after the final

1  judgment, 15 years after the assessment of it, that you can't
2  do that by moving it across.  And so our first position is that
3  even if you were to determine that you had subject matter
4  jurisdiction over some of the claims or all of the claims for
5  that matter, you still -- it would not be a related matter on
6  the state court case that would permit it to be moved over to
7  create a claim of action which can only originate in the
8  original Court.  The --
9              THE COURT:  And so you're saying we don't -- the
10 Court doesn't even need to consider the claims of the plaintiff
11 that relatedness is obvious because they're the alter egos or
12 they think they can prove that this is the same -- these the
13 same parties and that --
14             MR. SWIFT:  Well, their alter ego claims are before
15 Your Honor on the part of this.  The question is their state
16 revival judgment claim, which is a separate claim that they
17 brought in the state -- in the original Court.  Our position is
18 that that can't move over to this Court.
19             THE COURT:  And they're saying --
20             MR. SWIFT:  If anything, you would consolidate going
21 the other way.  And then they would have to deal with the
22 problem that they didn't name any of these defendants at any
23 time or join them in the consent before a magistrate judge.
24 But their failures in the past don't create for them an
25 advantage at this point in the process to allow them to do

1  this. So our position is that this Court does not have
2  jurisdiction and can't create jurisdiction by transferring the
3  state law case.
4      This Court can hear the two things before it, our
5  parties before even deciding the first -- that first question,
6  though, Your Honor, are the -- whether you could hear it if you
7  had subject matter jurisdiction. We think you first decide
8  whether you have subject matter jurisdiction over any claims or
9  defendants in this case and then decide what, if any, can be
10 consolidated because our position is -- and, you know, I think
11 the Supreme Court -- what Justice Thomas said was illustrative
12 on this, on what constitutes the same facts.
13     In the case that was before the Court in that one the
14 defendant was a board member of the corporation. The defendant
15 was alleged to have conspired with the corporation to move
16 funds out of the part -- and that the Court -- of the earlier
17 ERISA action. What did Judge Thom -- Justice Thomas did not
18 find those facts persuasive as the same at all. He said those
19 are different facts. This plaintiff didn't -- it couldn't have
20 existed at this time. And, therefore, what we would say to you
21 is that under your own rules these are different facts because
22 what we're trying to decide is not liability. Liability is not
23 at issue under the underlying claim.
24     What's at claim are distinct claims. Are you a
25 successor corporation or not? Yes or no. Are you an alter ego

1  of any of the original defendants?  Yes or no.  Do any of
2  those -- do the defend -- do the plaintiffs' motions state
3  sufficient grounds to make either of those claims, and would
4  the Court have jurisdiction over those claims if they could
5  make them?  Those are the questions before it.
6      There are no questions in the Boim case.  None of
7  those are to the Boim case.  And so we would say that also
8  under the Court's own rules you wouldn't be shifting this case
9  back to the original court.  And so our position sets out on
10 each of those matters.
11     THE COURT:  And you do have -- I believe you are
12 motioned up on the 13th?
13     MR. SWIFT:  Yes.
14     THE COURT:  For your motion to dismiss.
15     MR. SWIFT:  Yes.  We -- in an effort to move this
16 along.  It's in the interest of all parties to move these first
17 procedural parts on it.  We picked the -- one defendant has not
18 been served.  We'll accept service on his behalf for this --
19     THE COURT:  Okay.
20     MR. SWIFT:  -- instant action and, you know, move
21 forward from that.  Not use the last date, but we'll be
22 prepared.  We were preparing after we got this case, and we
23 feel that we'll be able to brief the, the motion in full on
24 the -- on the 12 (b) 6.
25     THE COURT:  Okay.

1         MR. SWIFT:  Motion to dismiss by that point.  And
2    then that sets out an orderly way for the Court to go through
3    the logic on these things.  But as we said in our brief, I
4    think right now we've got the cart squarely in front of the
5    horse.
6         THE COURT:  All right.  Thank you very much, Mr.
7    Swift.  Reply.  Briefly.
8         MR. WOOLLEY:  Thank you, Your Honor.  I think, I
9    think that Mr. Swift has a fundamental misconception of what
10   the 2000 action is about.  The petition for revival of judgment
11   that Mr. Swift referred to is simply a, a precursor to reviving
12   some judgments that are not currently effective but can as an
13   administrative matter be made currently effective because
14   Illinois law requires revival of judgment after seven years.
15        We do have a currently active judgment that all of
16   this can be based on.  But as an administrative matter, two of
17   the judgments that we're going to be working off of do need to
18   be revived.  That is not what the 2000 case is about.  The 2000
19   case is -- has been fully decided and a judgment has been
20   entered.  We are now at the enforcement stage.  What we are
21   seeking to do in the 2000 case that's pending before Magistrate
22   Judge Cole is enforce the $156 million judgment against two
23   entities and three individuals who are the exact same two
24   entities and three individuals that we are seeking the
25   declaratory judgment against here.

1        We are seeking to enforce it based on theories of
2   successor liability and alter ego liability.  Exactly the same
3   legal theories that we are seeking to get enforcement under the
4   declaratory judgment action here.  We are seeking to use two
5   different procedural mechanisms.  One is a state court -- or a
6   state law enforcement proceeding, which Courts have held can be
7   used to enforce a judgment against alter egos and successors.
8   We are also seeking to use a Rule 25 (c) motion for joinder of
9   parties, which Courts have held can be used for enforcement
10  against successors and alter egos.
11       Then finally we've come here with a declaratory
12  judgment motion.  So we've used a belts and suspenders
13  approach.  But all three of these procedures are seeking the
14  same remedy, i.e., a finding of alter ego and successor
15  liability and enforcement of these, of these judgments.
16       THE COURT:  All right.  Well, what the Court wants to
17  know from you now is considering counsel is -- and it's no
18  surprise that he would be saying that, that his clients are
19  going to be moving to dismiss saying this Court doesn't have
20  any jurisdiction.  What is your position on this Court putting
21  your motion in abeyance and going ahead and quickly ruling on
22  the motion to dismiss.  Because again, why would this Court go
23  through the trouble of deciding a motion for relatedness,
24  bringing another case in if this Court would eventually find
25  that there is no jurisdiction for the case that was here first?

1  Then I'd be bringing in a case that I wouldn't need to bring in
2  to me.
3            MR. WOOLLEY:  Yes.  As an initial matter, we disagree
4  completely about the jurisdictional issue.  We think the
5  Seventh Circuit has made very clear that alter ego cases do
6  have jurisdiction.
7            THE COURT:  And the Court's not saying how it would
8  rule.  The Court's just saying, do I need to make a decision
9  first?  And I think the answer is pretty clear.  If I don't
10 have juris -- if there's jurisdictional question, that has to
11 be resolved first.
12           MR. WOOLLEY:  Let me, let me address that, Your
13 Honor.  What we are asking -- we have, we have no issue with
14 them filing a motion to dismiss on the jurisdictional issue.
15 That's something we expect, and that's something they can do if
16 they need to do it.  This is simply a motion that seeks, one, a
17 finding of relatedness with respect to a 2000 case that no one
18 disputes jurisdiction over and a recommendation with respect to
19 whether that case ought to be moved before Your Honor on --
20           THE COURT:  That 2000 case?
21           MR. WOOLLEY:  The 2000 case.
22           THE COURT:  As a practical matter, if you know
23 anything about federal court, federal judges don't want to move
24 a case that's almost 20 years old onto their calendar if they
25 don't have to.

1          MR. WOOLLEY:  And we've wrestled with, with the
2   procedural mechanism, but we looked at 40. -- Rule 44.4
3   carefully.  It says you move it to the case with the lowest
4   number that has a District Court assigned to it, and that is
5   here, Your Honor.
6          THE COURT:  And I understand, and I would be happy to
7   take it as long as I make a finding and it's clear that I have
8   the jurisdiction to do so.  So I'm going to enter and continue
9   my decision or take it under advisement.  But I will set a very
10  abbreviated briefing schedule so that I can take care of it.  I
11  will let counsel know that in less than two weeks I'll be gone
12  for 10 days.  And so a decision -- we'd set the briefing
13  schedule in there, and I could get -- try to have something to
14  you by mid July.  Okay.  So that will be what I'd be working
15  toward.
16         So you said, Counsel, your motion to dismiss for lack
17  of jurisdiction is going to be ready when?
18         MR. SWIFT:  I believe we have a consolidated motion
19  for answer date, which would also be the date for any rule
20  relevant --
21         THE COURT:  And what date is that?
22         MR. SWIFT:  In lieu of an answer.  And that date is
23  June 12th.
24         THE COURT:  All right.  June 12th.
25         MR. WOOLLEY:  Your Honor, if I could.  I am like Your

```
 1   Honor going away for 10 days starting tomorrow.
 2               THE COURT:  Okay.
 3               MR. WOOLLEY:  And I'm, I'm -- I'm an integral part of
 4   the team that's going to be preparing the response.
 5               THE COURT:  Okay.
 6               MR. WOOLLEY:  So I'll be back the 20th.  I think we
 7   need two weeks after that to prepare a meaningful response on
 8   this important issue.
 9               THE COURT:  I have no problem with that, Counsel.
10   And again, that puts us from -- so you're asking for what, four
11   weeks?
12               MR. WOOLLEY:  That would be good, Your Honor, yes.
13               THE COURT:  All right.  28 days after June 12th.
14   There's no need to come in for the motion next week.  All
15   right.
16               MR. SWIFT:  Thank you, Your Honor.
17               THE CLERK:  July 11th.
18               THE COURT:  And then how long for your reply?
19               MR. SWIFT:  Can I have two weeks after that?
20               THE COURT:  Sure.  14 days after that, Mrs. Hunt.
21               THE CLERK:  July 25th.
22               THE COURT:  All right.  I don't think I'll need any
23   further argument.  If I do, I'll let you know.  Do we have this
24   set on a status at all, Mrs. Hunt?
25               MR. LANDES:  There's a status for the middle of July
```

1   I think.
2           THE COURT: All right. And what about with Judge
3   Cole? Right now he's not doing anything until I --
4           MR. WOOLLEY: I think Judge Cole --
5           MR. LANDES: He's waiting to hear from Your Honor.
6           THE COURT: He's waiting, waiting for me. All right.
7   No problem. So -- and then we'll get that out. Let's keep it
8   on the schedule. Gentlemen, how is your August looking?
9   Anybody taking any long vacations or anything? August.
10          MR. WOOLLEY: I'm doing all my vacation at once.
11          THE COURT: All right.
12          MR. SWIFT: In August I'm out until the 4th of
13  August, but after that I am free until the 28th.
14          THE COURT: All right. Well, that sounds good. Then
15  we'll go for the -- let's do a status that second -- the end of
16  the second week. I know I'm on trial. The second week of
17  August.
18          THE CLERK: August 11th at 9:00 o'clock.
19          THE COURT: All right. Anything else from the
20  plaintiff or the defendant?
21          MR. WOOLLEY: No thank you, Your Honor.
22          THE COURT: Thank you all for your presentations. I
23  appreciate it.
24          MR. SWIFT: Thank you, Your Honor.
25

```
 1                        CERTIFICATE

 2         I HEREBY CERTIFY that the foregoing is a true,

 3   correct and complete transcript of the proceedings had at the

 4   hearing of the aforementioned cause on the day and date hereof.

 5

 6   /s/TRACEY D. McCULLOUGH                    June 14, 2017

 7   Official Court Reporter                    Date
     United States District Court
 8   Northern District of Illinois
     Eastern Division
 9
```