UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, et al., <br><br> Plaintiffs <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE, et al, <br><br> Defendants. | CASE NO. 1:17-CV-03591 <br><br> Honorable Sharon Johnson Coleman |

**RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation ("AJP"), Rafeeq Jaber ("Jaber"), Abdelbaset Hamayel ("Hamayel"), and Osama Abuirshaid ("Abuirshaid") ("current Defendants") file this Response to Plaintiffs' Motion for Reconsideration, as set forth below.

### I.     Summary of the Relevant Issues

This Court previously ruled that it lacks subject matter jurisdiction over the claims alleged in Plaintiffs' Complaint. Plaintiffs now request this Court reconsider that ruling and reinstate their claims against all defendants pursuant to Fed. Rule Civ. P. 59(e). (Motion for Reconsideration, Dckt. 43.) Plaintiffs acknowledge that Fed. R. Civ. P. 59(e) requires a showing of newly discovered evidence or manifest error of law or fact. Plaintiffs' assertions that reconsideration is appropriate due to this Court's evaluation of facts related to jurisdiction, and the Court's consideration, as part of that evaluation, of facts presented to the Court which are beyond the pleadings, fail to meet the burden required for reconsideration. Therefore, their Motion for Reconsideration fails as a matter of law.

## II. Authorities

### A. Standard for a Motion for Reconsideration

To prevail on a motion for reconsideration under Rule 59(e), the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601 (7th Cir. 2000); *Divane v. Krull Elec. Co.*, Inc., 194 F.3d 845, 848 (7th Cir.1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is not created simply by the disappointment of the losing party. Instead, it requires a showing of the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997). Motions to reconsider sounding under Rule 59(e) should only be granted in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) ("[T]he motion to reconsider should be equally rare.")). A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A Rule 59(e) motion for reconsideration is not an appropriate vehicle for regurgitating arguments which the district court previously rejected. That is all Plaintiffs attempt to do here; their Motion is therefore inappropriate and should be denied.

### B. Plaintiffs' Motion Provides No Basis For Reconsideration Under the Federal Rules.

In their Motion for Reconsideration, Plaintiffs rely on two grounds: (1) this Court improperly evaluated the merits of Plaintiffs' claims, and (2) this Court improperly considered facts provided by Defendants when it assessed jurisdiction. (Dckt. 43 at 3, 6.) Neither meets the requirements of the standard set forth in Rule 59(e). Instead, Plaintiffs recycle the arguments this Court has already rejected, which cannot form the basis for granting reconsideration.

1.      <u>Plaintiffs Improperly Rehash Their Previously Rejected Arguments.</u>

Plaintiffs presented all the arguments contained in their Motion for Reconsideration, both legal and factual, to this Court in their Response to Defendants' Motion to Dismiss.[1] Plaintiffs do not argue any actual "manifest error;" their arguments are instead "more fundamentally an attempt to reargue its rejected legal theory ... This [Plaintiff] cannot do. Again we emphasize, apart from manifest errors of law, reconsideration is not for rehashing previously rejected arguments." *Caisse*, 90 F.3d at 1270. Plaintiffs admit that they are doing precisely this, by citing to a span of three pages from their Response to the Motion to Dismiss, as support for their Motion for Reconsideration. (Dckt. 43 at 5, citing to Dckt. 37 at 8-10.)

Plaintiffs next point to and rely on this Court's observation that this case is a "close one." (Dckt. 43 at 6; Dckt. 41 at 8.) Defendants do not happen believe the facts relevant to this case or

---

[1] *Compare* Plaintiffs' Motion for Reconsideration (Dckt. 43) at 3 (stating "Defendants deliberately chose to file a Rule 12(b)(1) motion to challenge *jurisdiction*, not a Rule 12(b)(6) motion or motion for summary judgment challenging the viability of Plaintiffs' claims. They cannot attack jurisdiction by arguing (without complying with the procedural requirements of Rules 12(b)(6) and 56) that they should win the ultimate issue on the merits") with Plaintiffs' Response to the Motion Dismiss (Dckt. 37) at 2 ("if defendants wanted to attack the sufficiency of the merits of plaintiffs' allegations, they should have brought their motion under Rule 12(b)(6), not Rule 12(b)(1), and it should have been subject to Rule 12(b)(6) standards") and Docket 37 at 5  (stating "sufficiency of the allegations of a complaint should be assessed under Rule 12(b)(6), not Rule 12(b)(1)" and "if defendants wanted to attack the sufficiency of plaintiffs' claims on the merits, they needed to file a Rule 12(b)(6) motion and afford plaintiffs the protections of that rule"); *compare also* Docket 43 at 6 ("this evidence could not have been considered under Rule 12(b)(6), which permits a court to look only to 'the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'") with Docket 37 at 8 ("if this were a Rule 12(b)(6) motion, Defendants would be required to limit their arguments to 'the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'"); *compare also* Docket 43 at 7 ("if defendants sought to have the Court decide the ultimate issues in this case based on *evidence*, they should have brought their motion as a motion for summary judgment. This would have given plaintiffs the opportunity to take discovery and would have required compliance with the summary judgment procedures set forth in Rule 56 and LR 56.1)" with Docket 37 at 9 ("nor do they comply with the evidentiary and procedural rules for presenting evidence in support of summary judgment, including the separate statement of facts required under the local rules and the 'reasonable opportunity' to provide pertinent materials under Fed. R. Civ. P. 12(d), which includes being allowed to conduct meaningful discovery").

the Motion to Dismiss, as set forth in this Court's Memorandum Order, are in fact close; nonetheless, a Motion for Reconsideration is not the vehicle by which to challenge even a close call. "Close cases can be disputed on appeal." *Caisse*, 90 F.3d at 1270 (rejecting plaintiff's reassertion in a motion for reconsideration of arguments already examined by the district court).

Furthermore, this Court already considered these arguments the first time Plaintiffs made them, in their Response to the Motion to Dismiss.[2] Plaintiffs in essence ask this Court to reconsider its own use of its discretion, which Plaintiffs recognize this Court has the right to exercise. (Dckt. 43 at 7-8.) This is not an appropriate request for a motion for reconsideration. "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind. It's as if the movant, when he appealed, had filed two copies of his appeal brief, and when his appeal was rejected asked us to read the second copy." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004).

   2. <u>This Court Properly Considered the Facts as Necessary to Evaluate Jurisdiction</u>

Plaintiffs hope to distract this Court from their legal requirement to plead facts which form the basis of subject matter jurisdiction. This duty to plead goes beyond simply stating a cause of action without pleading the required supporting facts that would demonstrate jurisdiction. Plaintiffs sufficiently list their claims, but do not plead facts which demonstrate the basis for subject matter jurisdiction: while the terms "alter ego" and "successor" appear in Plaintiffs' Complaint 32 and 25 times respectively (Dckt. 1, *passim*), this Court correctly noted that the Complaint on its face does not provide sufficient facts supporting subject matter jurisdiction. This, again, is wholly distinct from a situation where a court decides whether a plaintiff would be able to prove any factual allegations as to the merits of the claims; they must

---

[2] *See* fn. 1, *supra*.

first plead these factual allegations. Plaintiffs here fail to do so: in the Complaint, their Response to the Motion to Dismiss, and in the Motion for Reconsideration.

In attempting to show that this Court applied an inappropriate analysis which is more applicable to a 12(b)(6) or Rule 56 motion, Plaintiffs rely on portions of this Court's Memorandum Order which actually demonstrate that this Court did exactly the degree of evaluation required of it by this Circuit. This Court noted that it "must consider whether plaintiffs here have adequately alleged *for jurisdictional purposes* the present defendants are the alter-ego of AMS, IAP and the Holy Land Foundation." (Dckt. 43 at 4, quoting Dckt. 41 at 6) (emphasis added.) Furthermore, the Court observed that it "will consider **whether the allegations support an alter-ego theory**." (Dckt. 43 at 4, quoting Dckt. 41 at 8) (emphasis added.) The Court only considered whether the allegations were sufficient; nowhere did this Court find that Plaintiffs could not demonstrate any evidence supporting facts which they did allege. The Court instead held that Plaintiffs did not allege the facts which would show jurisdiction. To illustrate this deficiency, the Court compared the facts pled here to the facts pled in *Trustees of Sheet Metal Workers Local No. 1 Welfare Trust v. Pekin Climate Control, Ltd.*, 669 F.Supp.2d 924 (C.D. Ill. 2009). This Court properly found that "[t]he situation here is not like in *Pekin Climate Control*," in which the Plaintiff alleged complete commonality in control and ownership between the relevant entities, as well as a fraudulent transfer of assets. (Dckt. 41 at 10.) Plaintiffs' argument might have validity if they had alleged any fraudulent transfers, which could show the unlawful motive and intent which are "critical to the alter-ego analysis,"[3] and if the Court had chosen not to believe the facts alleged by Plaintiffs. Instead, Plaintiffs specifically stated in their Response to the Motion to Dismiss that "Plaintiffs have not asserted a fraudulent transfer theory" (Dckt. 37 at 12). This Court made no improper determinations to the

---

[3] Dckt. 41 at 6.

weight of the allegations or any evidence, and instead merely considered whether Plaintiffs met their burden on demonstrating jurisdiction. As noted by this Circuit, subject matter jurisdiction exists for the claims asserted by Plaintiffs in this matter only if the current Defendants played such a "direct" part in the initial bad acts in 1996 which led to liability, that they were the "true" liable defendants all along. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 85 F.3d 1282, 1284 (7th Cir. 1996). Determining whether such allegations exist is both appropriate and required for a motion under 12(b)(1), and does not improperly go to the merits of the case. In its consideration of the Motion to Dismiss, this Court was required to examine, and did examine, whether Plaintiffs asserted facts which, taken as true, would be sufficient to establish the requisite control and fraudulent transfer of assets which would form an appropriate basis of subject matter jurisdiction over these Defendants. (Dckt. 41 at 10.) This Court rightly determined that Plaintiffs failed to do so. When given the chance to inform the Court of all facts favoring their jurisdictional argument, Plaintiffs alleged no more than weak links such as "AMP's offices are down the street from the former offices of AMS and IAP." (Dckt. 41 at 8.) This is a far cry from their conclusory statement at the end of Plaintiffs' Motion for Reconsideration that "nothing has changed other than the name on the door." (Dckt. 43 at 8.) Had Plaintiffs actually alleged facts supporting such a bold assertion, the result may well have been different here. However, they did not.[4]

    3.    <u>This Court Properly Considered All Facts Relevant to Subject Matter Jurisdiction</u>.

"The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Evers v. Astrue,* 536 F.3d 651, 656–57 (7th Cir. 2008);

---

[4] This Court has already provided Plaintiffs a remedy, should they discover new facts or evidence further articulating that proper jurisdiction does exist: Plaintiffs have been given leave to amend their Complaint. (Dckt. 41 at 11.) Therefore, should Plaintiffs have any additional facts to plead, they may do so by way of amendment.

*Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Plaintiffs nonetheless claim that this Court was wrong to consider the facts provided to it, because Plaintiffs could not cross-examine Defendants on these facts. (Dckt. 43 at 6-8.) However, Plaintiffs did not, and still do not, refute the factual statements which were made, based on the personal knowledge of the three individual Defendants as Declarants. (Dckt. 37 at 12; Dckt. 43 at 7-8.) Plaintiffs have had over a decade to develop the facts supporting their Complaint, and as repeatedly recognized in this matter, Plaintiffs have already deposed Defendant Jaber twice. As noted by another court in this Circuit, factual background such as this does not weigh in favor of reconsideration:

> A "manifest error in law" means more than a quibble over the proper application or interpretation of legal authority; it requires no less than a wholesale disregard, misapplication, or failure to recognize controlling precedent. And, to convince the court to reconsider a prior decision, the movant must adequately allege exactly this sort of failure. Having once thoroughly analyzed this problem, and lacking a compelling presentation by the Government indicative of a "manifest error in law," the costs of revisiting this matter in terms of time and resources required greatly outweigh the little benefit, discounted by the low probability of an incorrect earlier decision, possibly gained by a *de novo* analysis.

*In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind.1994).

Plaintiffs have presented no new facts, previously discoverable or not, and no arguments not already considered by this Court, to support their argument favoring subject matter jurisdiction. Plaintiffs further fail to demonstrate manifest error by this Court, and instead simply express their displeasure with this Court's earlier ruling. Therefore, Plaintiffs' Motion for Reconsideration does not fall within the parameters allowed by the Federal Rules of Civil Procedure, and fails as a matter of law.

## IV. Conclusion

Plaintiffs' regurgitation of already rejected arguments fails to create subject matter jurisdiction where it doesn't exist. The facts required for an appropriate jurisdictional showing simply do not exist here. Plaintiffs point to no new evidence (and do not even attempt to argue that any exists), and cannot show manifest error of law or fact as required to warrant reconsideration. Defendants therefore respectfully request this Court deny Plaintiffs' Motion for Reconsideration.

Dated this 3rd day of October, 2017.

*/s/ Christina Jump*
Chares D. Swift
Texas Bar No. 24091964
Christina A. Jump
Texas Bar No. 00795828
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
*Pro Hac Attorney for Defendants*

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On October 3, 2017, I electronically filed the forgoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

.

*/s/ Christina Jump*
Christina A. Jump
