UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABU IRSHAID,<br><br>    Defendants. | Civil No. 17-cv-03591<br><br>**Hon. Sharon Johnson Coleman**<br><br>Hon. Sidney I. Schenkier |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

We moved for reconsideration of the Court's ruling because it is well-established that a court may not dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) if the jurisdictional issues are intertwined with the merits of the ultimate issues in the case. Defendants effectively concede this black-letter rule of law. They contend, however, that the Court's ruling "does not improperly go to the merits." But the Court's August 18 ruling *did* plainly rule on the merits of our claims, even though the only issue the Court should have considered was whether it had jurisdiction. Only if an alleged federal claim is "immaterial and brought solely to fabricate federal jurisdiction," or is "wholly insubstantial and frivolous," may a court dismiss a complaint under Rule 12(b)(1) because its factual allegations are deficient. Here, the Court found our case to be a "close one." Consequently, this case does not fall within the exception, and a decision on the ***merits*** of the allegations of our complaint could only be

properly undertaken in the context of a Rule 12(b)(6) motion or a motion for summary judgment under Rule 56.

It was also not appropriate to consider defendants' testimony and other outside evidence to determine the ultimate issues in the case at the Rule 12(b)(1) stage. Evaluation of evidence outside the pleadings should be undertaken only in the context of summary judgment or trial. While the *Evers* line of cases permits consideration of outside evidence in evaluating genuine jurisdictional issues (such as amount in controversy or citizenship), consideration of outside evidence is *not* appropriate where, as here, "the facts required to establish jurisdiction are coextensive with those necessary to prevail on the merits." Even in true jurisdiction cases, courts frequently permit jurisdictional discovery. Here, plaintiffs should have been allowed discovery and the protections of the summary judgment mechanism before having to respond to declarations of witnesses that were never subject to cross examination.

In short, defendants' motion was an improper attack on the merits disguised as a jurisdiction motion. Under clear and well-established legal principles, it was not appropriate to rule on the merits of our claims in the context of such a motion. Although we made these same arguments in our initial response to defendants' motion to dismiss, by its very nature a motion to reconsider repeats arguments that a Court has, with "manifest error," ignored, overlooked, or decided erroneously. Indeed, defendants would likely say we waived any argument that we did *not* raise previously. This motion does *exactly* what motions for reconsideration are supposed to do: It presents additional authority, clarifies our arguments, and gives this Court an opportunity to re-evaluate its ruling. The Court should grant this motion and vacate its prior dismissal of our complaint.

AM 67346097.7

**ARGUMENT**

**I.     Defendants Effectively Concede that Dismissal under Rule 12(b)(1) for Lack of Jurisdiction Cannot Be Based on the Merits of a Case.**

Strikingly absent from defendants' response brief is *any* precedent or rule of law that refutes the central premise of our motion to reconsider—*i.e.* that it is improper to decide a Rule 12(b)(1) jurisdiction motion based on the *merits* of a plaintiff's claims. We noted in our initial response to the Rule 12(b)(1) motion (Dkt. 37 at 8-10), and demonstrated with additional authority in our motion to reconsider (¶¶ 7-10), that dismissal under Rule 12(b)(1) is not appropriate "[i]f the issue of jurisdiction is intertwined with the merits of the case." *Mungiovi v. Chicago Housing Authority*, 901 F. Supp. 261, 263-264 (N.D. Ill. 1995). It "is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also, e.g., Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) (insufficiency of complaint under Fed. R. Civ. P. 12(b)(6) would not affect subject-matter jurisdiction; "there is a gulf between 'deficient' and 'too feeble to invoke federal jurisdiction'").

The Court correctly recognized that alter ego allegations can legally provide an independent basis for subject-matter jurisdiction. (Mem. Op. at 5-6.) This determination should have concluded the jurisdictional analysis and permitted the Court to take jurisdiction. However, defendants' motion to dismiss improperly requested that the Court take the additional step of evaluating—in the guise of a purported jurisdictional pleading requirement—the merits of our successor and alter ego claims. Defendants' arguments and evidence improperly short-circuited the safeguards and standards of Rule 12(b)(6) and the summary judgment procedures. *See, e.g., McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1031 (7th Cir. 1992) ("the preferable practice is to assume that jurisdiction exists and proceed to determine the merits of the claim pursuant to

3

subdivision (b)(6) or Rule 56"); *Morrow Bros., Ltd. v. Baha Beach Co., Inc.,* 1994 WL 494701, at *3 (N.D. Ill., September 6, 1994) (where jurisdictional and substantive issues "are so intertwined" that jurisdiction depends on factual issues going to the merits, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial").

**II.     The Court's August 18 Ruling Was a Decision on the Merits, Not a Jurisdictional Determination.**

Defendants assert that the Court's ruling was merely an assessment of the jurisdictional sufficiency of plaintiffs' allegations, which "does not ***improperly go to the merits*** of the case." (Opp. at 5-6 (emphasis added).) But the Court's opinion *does* explicitly address and decide the merits of plaintiffs' alter ego and successor claims. The Court held that "plaintiffs fail to demonstrate the requisite level of unity of interest and control" required for alter ego liability under a "disguised continuance" theory, and concluded that we failed to allege facts supporting a successor liability theory. (Mem. Op. at 8, 10.) These are the two ultimate issues in the case. Unlike questions such as amount in controversy or citizenship, these are not merely threshold jurisdictional issues.

Defendants cite no court ruling that has ever imposed a separate pleading requirement "for jurisdictional purposes" or assessed the sufficiency of a complaint's factual allegations and dismissed on jurisdictional grounds after deciding "whether a plaintiff would be able to prove any factual allegations as to the merits of the claims." (Opp. at 4-5.) A district court may not weigh the sufficiency of a plaintiff's allegations and dismiss a claim for lack of jurisdiction because the plaintiff's factual allegations are inadequate to prove that the plaintiff can prevail. The only exception to this rule is the rare situation "where the alleged federal claim is immaterial and brought solely to fabricate federal jurisdiction," or is "wholly insubstantial and frivolous" so

4

that dismissal on jurisdictional grounds would be permissible. *See Mungiovi*, 901 F. Supp. at 263 (quoting *Bell v. Hood,* 327 U.S. at 682-683); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy'"); *Elite Erectors*, 212 F.3d at 1038 (pleading standard for jurisdiction is less demanding than for Rule 12(b)(6)). The Court's finding that "[t]he case here is a close one" (Mem. Op. at 8) precludes dismissal under this narrow exception.

Defendants suggest we failed to plead facts they claim are *jurisdictionally* indispensable elements of our claims—for instance, the "requisite control and fraudulent transfer of assets which would form an appropriate basis for subject matter jurisdiction." (Opp. at 6.) But these issues go directly to the merits, and defendants cite no cases supporting such a separate "jurisdictional" pleading standard. Moreover, the Court's August 18 ruling went beyond merely identifying purported pleading deficiencies. The Court reviewed our complaint as a whole, considered affidavits and documents offered by defendants (Mem. Op. at 9), compared our factual allegations with allegations made in other cases (*id*. at 6-8), and ultimately granted defendants' motion because the Court determined that we had not "demonstrated" sufficient unity of interest and control:

> On these facts, this Court finds that plaintiffs ***fail to demonstrate*** the requisite level of unity of interest and control such that AMP and AJP are 'disguised continuances' of the judgment debtors and that the organizations and individual defendants can be held directly liable for the actions of the judgment debtors.

(*Id*. at 10 (emphasis added).) This approach effectively placed the burden on us to "demonstrate" the merits of our claims at the Rule 12(b)(1) stage and set a higher bar than would be needed to defeat a Rule 12(b)(6) motion. Under Rule 12(b)(6) standards, the Court would be

5

required to make all inferences in our favor and would not be free to weigh the allegations and consider outside evidence as it did here.

None of the jurisdiction cases the parties cited requires a plaintiff to "demonstrate" the sufficiency of allegations or respond to outside evidence on the merits at the Rule 12(b)(1) stage. For instance, *Trustees of Sheet Metal Workers Local No. 1 Welfare Trust v. Pekin Climate Control, Ltd.*, 669 F. Supp. 2d 924 (C.D. Ill. 2009), held that dismissal for lack of subject matter jurisdiction is *only* appropriate in extreme cases and that the pleading standard for jurisdiction is less demanding than Rule 12(b)(6). *See id*. at 929 (citing *Steel Co.*, 523 U.S. at 89 (dismissal for subject matter jurisdiction is proper only when claim is so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy) and *Elite Erectors*, 212 F.3d at 1038 (pleading standard less demanding than Rule 12(b)(6)). Moreover, contrary to what defendants suggest, the *Pekin* court did not hold that pleading a "fraudulent transfer" of assets is a jurisdictional prerequisite—or even a requirement for stating an alter ego claim. It was merely one of a number of factors the *Pekin* court considered in reviewing allegations that the new defendant was a "disguised continuance" of the judgment debtor. *Id*. at 929.

Likewise, *Central States, Southeast and Southwest Areas Pension Fund v. Central Transp., Inc.*, 85 F.3d 1282 (7th Cir. 1996), does not authorize weighing the sufficiency of allegations to determine whether jurisdiction exists. *Central Transport* was not decided on a Rule 12(b)(1) motion. It was an appeal from a judgment following a bench trial. Circuit Judge Bauer began his analysis by considering subject-matter jurisdiction in light of the then recently-decided *Peacock* case. The subject-matter jurisdiction analysis looked only at the fact that the plaintiff pleaded alter ego liability based on "common control" (as opposed to veil-piercing),

6

without assessing the sufficiency or merits of the alter ego claim. Because "common control" claims are not precluded by *Peacock*, the court found jurisdiction. *Id*. at 1287. Only in the second part of the opinion—*after* determining that jurisdiction existed—did the court turn to the merits of the district court's ruling following the bench trial. It was at this juncture, not when an initial jurisdictional issue was being considered, that the court held that the plaintiff had failed to make a sufficient showing of unlawful motive or intent. *Id*. at 1288. *Central Transport* teaches that a court should first determine jurisdiction and only thereafter evaluate the merits. It does not authorize a district court to assess a complaint's substantive allegations and weigh the parties' evidence at the Rule 12(b)(1) stage.

### III. The Court's Ruling Improperly Considered Declarations and External Evidence Without Permitting Discovery

The Court's August 18 ruling explicitly credited testimony submitted by the individual defendants through short declarations. Some of this testimony purportedly "contradicted" plaintiffs' allegations regarding the timing and scope of defendants' roles with the judgment debtors. (Mem. Op. at 9-10.)

(1) The Court credited Jaber's affidavit testimony regarding the 2012 move of his company to office space in the same building (but not the same offices) as the AMS and IAP offices.

(2) The Court credited Hamayel's affidavit testimony that he merely worked as an "office administrator" starting in 1997 and was not involved in creating AMP or AJP.

(3) The Court credited Hamayel's affidavit testimony that he is now serving in an "unpaid" position and was "never employed by AMS."

(4) The Court credited Abuirshaid's affidavit testimony (a) that he did not immigrate to the United States until September 1996, (b) that he became an outreach coordinator

7

for AMS in 2000, (c) that he became a member of IAP in 2002, and (d) that he began working with AMP in 2010.

(5) The Court accepted the defendants' factual contention that "a transfer of assets appears factually impossible because the judgment debtors were defunct or had their assets seized by the government."

None of this testimony or evidence was ever subject to cross-examination or discovery. Both of the referenced Jaber depositions took place in 2003, long before the 2012 office move discussed in Jaber's declaration and cited by the Court. We have never deposed Hamayel or Abuirshaid, and our discovery in the 2000 lawsuit did not address the alter-ego and successor allegations in our current lawsuit. Our prior discovery was not a substitute for discovery in the current case, including cross-examination concerning the defendants' 2017 declarations.[1]

Defendants suggest it was appropriate to consider outside evidence under *Evers v. Astrue*, 536 F.3d 651, 656-657 (7th Cir. 2008). (Opp. at 6-7.) But *Evers* does not authorize a district court to bypass summary judgment safeguards and dismiss a case based (even in part) on one side's declarations. The *Evers* rule is qualified when, as is true in this case, "the facts required to establish jurisdiction are coextensive with those necessary to prevail on the merits." *Villasenor v. Ind. Wire & Cable*, 929 F. Supp. 310, 312, n.3 (N.D. Ill. 1996); *Lockhart v. United States*, 961 F. Supp. 1260, 1264, n.3 (N.D. Ind. 1997). Even when the issues are genuinely jurisdictional (e.g. amount in controversy or diversity of citizenship), courts routinely authorize jurisdictional

---

[1] Nor is it true that we do not "refute the factual statements" made in the affidavits. For example, contrary to Hamayel's testimony that he did not work for IAP until late-1997, we provided testimony from Kifah Mustapha that Hamayel was the master of ceremonies at IAP events starting in 1996. (Dkt. 37 at 14.) We also demonstrated that, when confronted with documentary proof of his early and extensive involvement with IAP during his second deposition, Jaber completely changed his story. (*Id.* at 13-14.) Even this limited evidence illustrates the importance of cross-examination and rigorous summary judgment procedures. We believe that, when tested, the stories defendants presented to the Court will not hold up.

8

discovery. (*See* Mot. ¶ 15 (citing cases).) Since the Court was evaluating the merits of the ultimate issue in the case, permitting cross-examination, discovery and summary judgment safeguards was particularly critical. The Court should not have considered defendants' three skeletal declarations and two hearsay documents without affording discovery by plaintiffs' counsel.

**IV.     Reconsideration is the Correct Remedy.**

Lacking legal support for their position, defendants resort to arguing that we "fail to meet the burden required for reconsideration"—ostensibly because we are seeking to "rehash" arguments we already made. (Opp. at 1.) But our request for reconsideration is procedurally proper and consistent with the law. Reconsideration is appropriate if a district court's initial decision rests on a "manifest error of law or fact," and permits a court to correct its own errors and "avoid unnecessary appellate procedures." (*See* Mot. ¶ 4 (citing cases).) The "manifest error" standard does not preclude a movant from re-arguing a prior position or providing additional authority and clarification to support that position. *See, e.g., United States v. Hallmark Const. Co.*, 14 F. Supp. 2d 1065, 1067-68 (N.D. Ill. 1998) ("[Plaintiff's] reiteration and clarification of its prior argument does not constitute a new legal theory"); *Hagenbuch v. Sonrai Sys.*, 130 F. Supp. 3d 1213, 1216 (N.D. Ill. 2015) ("Hagenbuch's motion is procedurally proper insofar as it clarifies his argument regarding the interaction between § 120 and the MPEP's definition of 'continuation.' The Court rejects Sonrai's argument that Hagenbuch's motion improperly rehashes old arguments"). Indeed, if a movant raised new arguments not previously presented, the opposing party would surely contend that such arguments have been waived. *See, e.g., Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (motion for reconsideration should not "serve as the occasion to tender new legal theories for the first time").

9

Our Motion for Reconsideration does exactly what such a motion should do: It identifies a manifest error of law and provides the Court with further authority and clarification so that the Court may reconsider its decision without requiring an appeal. The legal authorities we have presented make unequivocally clear that consideration of the *merits* of a complaint is not permitted when a defendant moves under Rule 12(b)(1), except when the allegations are "wholly insubstantial and frivolous" and are made "solely to fabricate federal jurisdiction." This Court's finding that this is a "close case" made dismissal under Rule 12(b)(1) demonstrably improper.

## CONCLUSION

For the foregoing reasons, plaintiffs request that the Court reconsider its Order and deny defendants' 12(b)(1) Motion to Dismiss, and grant such other and further relief as the Court deems just and appropriate.

Dated: October 18, 2017               Respectfully Submitted,

 

*/s/ Stephen J. Landes*
Stephen J. Landes
W. Allen Woolley
Michael B. Kind
Joshua Fliegel
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 201-2772

*Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

<u>Of Counsel</u>
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW
4th Floor
Washington, DC 20006
(202) 828-1000

Daniel I. Schlessinger
JASZCZUK P.C.
311 South Wacker Drive
Suite 1775
Chicago, Illinois 60606
(312) 442-0509

11

AM 67346097.7

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 18, 2017 he caused the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of record.

                                                                                                                                        */s/ Joshua Fliegel*