IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABUIRSHAID, <br><br> Defendants. | Civil No. 17-cv-03591 <br><br> **Hon. Sharon Johnson Coleman** <br><br> Hon. Sidney I. Schenkier |

**PLAINTIFFS' MOTION TO COMPEL COMPLETE RESPONSES TO THEIR FIRST SETS OF JURISDICTION DOCUMENT REQUESTS AND INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 37(a)(3) and (a)(5), Plaintiffs move to compel Defendants to conduct a proper document search and provide complete responses to Plaintiffs' (i) Jurisdiction Document Requests ("Document Requests"); (ii) Jurisdiction Interrogatories to Defendants American Muslims for Palestine ("AMP") and Americans for Justice in Palestine Educational Foundation ("AJP") ("Entity Interrogatories"); and (iii) Plaintiffs' Jurisdiction Interrogatories to Defendants Rafeeq Jaber; Abdelbasset Hamayel and Osama Abuirshaid ("Individual Interrogatories"). In support of this motion, Plaintiffs state as follows:

1. Two weeks after this Court's January 4, 2018 order authorizing jurisdiction discovery (Dkt 50), Plaintiffs served their document requests and interrogatories targeting the alter ego issues alleged in Plaintiffs' Complaint and discussed in the Court's August 18, 2017 opinion (Dkt 41).

2. Defendants responded on March 5. Since then, Plaintiffs and Defendants have engaged in two telephonic discovery conferences and have exchanged numerous letters and e-mails

in an effort to resolve their discovery disputes. As a result of these efforts, Defendants have provided several supplements to their interrogatory response and document productions, most recently on May 7, 2018.

3. Nevertheless, as discussed in the Memorandum submitted in support of this motion, substantial deficiencies remain in Defendants' document production and interrogatory responses.[1] For the reasons set forth in the accompanying Memorandum, Plaintiffs hereby request that the Court overrule Defendants' remaining objections; order Defendants to conduct a complete search for documents, e-mails and information in the possession, custody or control of Defendants (and their officers, directors and personnel); and compel proper and complete responses to Plaintiffs' discovery requests. Plaintiffs further request that the Court compel Defendants to produce responsive e-mails in native format or in a usable electronic format (that permits sorting and searching), along with metadata and any attachments.

4. **LR 37.2 Certification**: Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37.2, Plaintiffs' counsel certify that they have in good faith conferred with Defendants' counsel in an effort to obtain compliance with Defendants' discovery obligations without court action. Counsel's efforts included telephone conferences (i) on April 6, 2018 at approximately 2:00 p.m. and (ii) on April 20, 2018, at approximately 1:30 p.m., as well as numerous substantive letters and e-mails described and attached to the accompanying Memorandum. Counsel for Plaintiffs (led by Allen Woolley) and for Defendants (led by Christina Jump) participated in the calls.

THEREFORE, For the reasons set forth herein and in the accompanying Memorandum, Plaintiffs request that the Court (i) grant this motion to compel; (ii) order Defendants to conduct a proper and complete document collection and produce documents responsive to Plaintiffs'

---

[1] Plaintiffs' accompanying memorandum attempts to present the most significant deficiencies but is not comprehensive. Plaintiffs do not waive their right to seek further orders compelling compliance with their discovery requests if appropriate.

Document Requests; (iii) order Defendants to produce responsive e-mails in native format or a usable electronic format with metadata and any attachments; (iv) order Defendants AMP and AJP to serve a sworn supplemental response to Plaintiffs' Entity Interrogatories providing proper and complete answers to those interrogatories; (iv) order Defendants Rafeeq Jaber; Abdelbasset Hamayel and Osama Abuirshaid to serve a sworn supplemental response to Plaintiffs' Individual Interrogatories providing proper and complete answers to those interrogatories; (v) award Plaintiffs their reasonable attorneys' fees and costs for preparing and prosecuting this motion; and (vi) grant such further relief as the Court deems just and appropriate.

Dated: May 14, 2018

Respectfully submitted,

   /s/ *W. Allen Woolley*
Stephen J. Landes
W. Allen Woolley
Michael B. Kind
Joshua Fliegel
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 201-2772
*Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

<u>Of Counsel</u>
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000

Daniel I. Schlessinger
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois 60606
(312) 442-0509

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on May 14, 2018 he caused the foregoing PLAINTIFFS' MOTION TO COMPEL COMPLETE RESPONSES TO THEIR FIRST SETS OF JURISDICTION DOCUMENT REQUESTS AND INTERROGATORIES to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of record.

                                                                     /s/ W. Allen Woolley