# APPENDIX A
## Plaintiffs' Discovery Requests and Defendants' Amended Responses Grouped by Category

A. **Creation of AMP, Structure and Hierarchy of the Entity Defendants, and the Identities and Roles of Directors, Officers, Employees, Chapters (DR3-5, EI3-5)**

|  | **Discovery Request** | **Amended Response** |
|---|---|---|
| DR3 | All documents relating to any "voluntary organization," unincorporated organization, or other precursor organization that pre-existed the formation of either Entity Defendant. Include in your response any documents relating to AMP's contention that it was founded in 2005 as a "strictly volunteer" organization. | Response: Objection. Defendants object to this Request as to the term "precursor organizations" and further as to overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. This Request is also vague to the extent this Request seeks documents related to "any "voluntary organization," unincorporated organization, or other precursor organization that pre-existed the formation of either Entity Defendant" as stated above, and Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows: There were no "precursor organizations" of AMP or AJP. As stated in the Declaration of Munjed Ahmed, previously produced, and supported by the documents referenced therein, AMP was originally contemplated in late 2005 and formed in 2006. No action occurred prior to its formation. Furthermore, as AMP's website only briefly listed an erroneous year for the creation of AMP (as 2005 instead of 2006) and AJP (as 2008 instead of 2009) and this error was corrected at least by January 2017, well before the filing of Plaintiffs' Complaint in this matter, Defendants object to Plaintiffs' known mischaracterization of these facts. |
| DR4 | All documents relating to the decision(s) to create or form any Entity Defendant or precursor organization. | Response: Objection. Defendants object to this Request as to the term "precursor organizations" and further as to overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. This Request is also vague to the extent this Request seeks documents related to "any "voluntary organization," unincorporated organization, or other precursor organization that pre-existed the formation of either Entity Defendant" as stated above, and Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows: There were no "precursor organizations" of AMP or AJP. As stated in the Declaration of Munjed Ahmed, previously produced, and supported by the documents referenced therein, AMP was originally contemplated in late 2005 and formed in 2006. No action occurred prior to its formation. Furthermore, as AMP's website only briefly listed an erroneous year for the creation of AMP (as 2005 instead of 2006) and AJP (as 2008 instead of 2009) and this error was corrected at least by January 2017, well before the filing of Plaintiffs' Complaint in this matter, Defendants object to Plaintiffs' known mischaracterization of these facts. |
| DR5 | All documents relating to the hierarchy and structure of either Entity Defendant. Include in your response organization charts, reporting structures, lists of officers, directors and employees, and documents relating to the relationship of the Entity Defendant to chapters, regional officers and affiliates. | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows: <br><br>To the extent these documents were retained in the normal course of business and are in the possession of Defendants, please see documents produced in response to this Request (documents 0000001 – 0000002; 0000005 – 0000068; 002573 – 002590; and 004135 -- 004409). Defendants further refer Plaintiffs to the full archive of the relevant Twitter and Facebook accounts, as well as relevant historic website pages produced in this matter, and publicly available documents. |

| | | | |
|---|---|---|---|
| EI3 | | For each year from Respondent's inception forward, identify: all members of Respondent's board of directors or other governing body; Respondent's officers and other employees; and all chapters, offices, locations, affiliates, regional operations and divisions of Respondent that exist or have existed at any time. | Response: Objection. Defendants object to this Request as vague as to "Respondent", overly broad, not reasonably limited in time and scope, and therefore not reasonably calculated to lead to the discovery of admissible evidence, as well as exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Defendants respond as follows:<br>See documents produced with the responses to Plaintiffs' requests for production (0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581; 004135 -- 004409) as well as full archives of relevant Twitter and Facebook accounts and relevant historic website pages, produced herein. Defendants will supplement if additional information or documents are discovered.<br>Per the produced by-laws and other referenced documents produced, the Officers and Board members of AJP at inception were:<br>• Hatem Al-Bazien, President<br>• Munjed Ahmed, Treasurer and Vice President<br>• Sandy Stephan, Secretary<br>• Board members:<br>   o Hatem Al-Bazian<br>   o Munjed Ahmed<br>   o Hussein Khatib<br>   o Osama Abuirshaid<br>   o Salah Sarsour<br>   o Shakeel Syed<br>AMP has not had employees historically.  The below are past and present employees of AJP:<br>• [*List of past and present employees omitted*.  *See* Resp. to EI3 (Ex. 17)]<br><br>In addition, AMP's 2009 filings with the Secretary of State list its officers as the following:<br>• Hatem Al-Bazian<br>• Awad Hamdan<br>• Dean Salem<br>Furthermore, AMP's 2013 filings list the following positions at that time:<br>• Hatem Al-Bazian as CEO and Chief Financial Officer<br>• Munjed Ahmed as Secretary In addition, as noted in the produced documents, AMP officially became a d/b/a of AJP in late 2016/early 2017, and had been functioning as such for several years prior.<br>Please also refer to the relevant historic website pages produced in this matter (004135 – 004409), reflecting the Board for each noted year written exactly as follows:<br><br>[*Lists of 2009 through 2018 "National Board Members" omitted*.  *See* Resp. to EI3 (Ex. 17)] |
| EI4 | | Describe the structure and hierarchy of Respondent, including the leadership and reporting structure, and the responsibilities of each officer, manager and employee.  If the structure or hierarchy has changed over time since Respondent's inception, describe and provide the dates and nature of the | Response: Objection. Defendants object to this Request as vague as to "Respondent." Subject to this objection, Defendants respond as follows:<br><br>As noted in the document production, AJP was incorporated on November 16, 2009. AMP was incorporated on August 2, 2006 in California. AMP and AJP are small non-profit entities, which do not have the detailed organizational structure as some larger entities might. To the extent documents have been retained in the normal course of business, please see documents produced in response to Plaintiffs' requests for production (0000001 – 0000002; 0000005 – 0000068; 002573 – 002590; 004135 -¬004409), which set forth the answers to this Interrogatory and describe in detail the hierarchy and processes within AJP. AMP does not have direct employees, and currently operates and is registered as a |

| | | |
|---|---|---|
| | changes. | d/b/a of AJP. Specific supporting documents regarding this are referenced in this answer, above. In addition, please see Declaration of Munjed Ahmad, previously provided, and documents referenced therein, as well as Response to Interrogatory No. 3, above. |
| EI5 | Describe the creation and formation of Respondent. In your description, identify the date and place of Respondent's incorporation; any voluntary or unincorporated organizations that pre-existed the formation of Respondent; all persons involved in the incorporation or creation of Respondent and any precursor organization; and all documents related to the formation of Respondent and any precursor organization. | Response: Objection. Defendants object to this Request as vague as to "Respondent." Defendants further object to the term "precursor organization." Subject to this objection, Defendants respond as follows:<br><br>As noted in the document production, AJP was incorporated on November 16, 2009. AMP was incorporated on August 2, 2006 in California. AMP and AJP are small non-profit entities, which do not have the detailed organizational structure or records as some larger entities might. Information from formation, including emails, were not retained in the normal course of business prior to the start of this litigation. Since then, there have been no emails addressing the start of organizations other than privileged communications with counsel related to this litigation. For responsive information and to the extent documents have been retained in the normal course of business, please see documents produced in response to Plaintiffs' requests for production (0000001 – 0000002; 0000005 – 0000068; 002573 – 002590), which set forth the answers to this Interrogatory. Furthermore, there are no "precursor entities" to AJP or AMP. In addition, please see Declaration of Munjed Ahmad, previously provided, and documents referenced therein, as well as Response to Interrogatory No. 3, above. Furthermore, there are additional documents, bates labeled 002594 – 002660 and 004410 – 004422, which will be produced upon execution of an agreed Confidentiality Order. |

B.   **Conferences, Events, Speakers, Publications, and Distributed Material (DR13-15, DR24, DR26, EI11, II8)**

| | **Discovery Request** | **Amended Response** |
|---|---|---|
| DR13 | All publications, blogs, web page content, social media posts, communications with potential donors or sponsors, fundraising documents, advertisements, newsletters, conference materials, children's publications, re-prints, translations, or other documents written, prepared, published, promulgated, posted, linked to, or distributed by or at the direction of either Entity Defendant (or any representative). | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to their General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "[a]ll publications, blogs, web page content, social media posts, communications with potential donors or sponsors, fundraising documents, advertisements, newsletters, conference materials, children's publications, re-prints, translations, or other documents written, prepared, published, promulgated, posted, linked to, or distributed by or at the direction of either Entity Defendant (or any representative)" of the same.<br><br>Please see documents produced in response to this Request (documents 000069-000276; 000457-002558; 002661-004134; and 004135-004409, as well as zip files provided separately) Please also see full Twitter and Facebook archives produced in this matter, for the lives of those accounts, as well as relevant historic website pages, produced. |
| DR14 | All recordings, video recordings, transcripts, notes or other documents recording or reflecting the content of any meeting, speech, conference, presentation, fundraiser or event that either Entity Defendant (or any representative) sponsored, hosted, | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "[a]ll recordings, video recordings, transcripts, notes or other documents recording or reflecting the content of any meeting, speech, conference, presentation, fundraiser or event that either Entity Defendant (or any representative) sponsored, hosted, delivered or supported" of the same. To the extent available within Defendant AMP and AJP's social media accounts, please see archives of the relevant Twitter and Facebook |

| | | |
|---|---|---|
| | delivered or supported. | accounts, produced in full, as well as relevant historic website pages at 002661 – 004134; and 004135 – 004409, as well as zip files provided separately. |
| DR15 | All communications with, and documents relating to payments to or from, any speakers, sponsors, partners, and attendees of conferences, meetings, fundraisers or other events conducted, sponsored or promoted by either Entity Defendant. | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. <br><br> Defendants further object to the extent this Request seeks documents related to "[a]ll communications with, and documents relating to payments to or from, any speakers, sponsors, partners, and attendees of conferences, meetings, fundraisers or other events conducted, sponsored or promoted by" the same. To the extent any such information was provided via social media by AMP and/or AJP, please see previously produced social media documents, as well as the full archives of the relevant Twitter and Facebook accounts produced in this matter, and relevant historic website pages also produced (002661 – 004134; and 004135 – 004409, as well as zip files provided separately). Social media accounts are also public and therefore equally available to Plaintiffs in this matter. |
| DR24 | All documents relating to annual conferences held by IAP (or any affiliate) or either Entity Defendant, including without limitation documents relating to speakers, agendas, publicity, participants, sponsors, organizations with booths, partners, attendees, the cessation of IAP conferences, and the commencement of AMP conferences. | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to their General Objections regarding the same, and further object as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Individual Defendants respond as follows: <br><br> As to conferences held by IAP or the cessation of IAP conferences, no related documents are in the possession of any Defendants. As to AMP conferences, please see content contained within full archives of the relevant Twitter and Facebook accounts, produced herein, and the relevant historic website pages produced in this matter (bates labeled 002661 – 004409 and separately produced zip files). |
| DR26 | All documents relating to any representative of Respondent appearing as a speaker, presenter or panelist at any fundraiser, meeting, conference or event sponsored by persons or entities other than Respondent. | Response: Objection. Defendants object to this Request as vague as to "Respondent", overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. <br><br> Subject to the foregoing objections, Defendants respond as follows: <br><br> To the extent relevant, please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter (bates labeled 002661 – 004409 and separately produced zip files). |
| EI11 | Identify all speakers, presenters and moderators who have appeared at any conference, meeting or other event conducted or sponsored by Respondent. | Response: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objection, Defendants respond as follows: <br><br> Please see social media documents produced, which reference upcoming events. These social media documents, to the extent they have been retained in the normal course of business and since the inception of this lawsuit, have been previously produced and are largely publically available on the internet as well. Please note this Response also incorporates the Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as the full archives of the relevant Twitter and Facebook accounts and relevant historic website pages produced in this matter. |

| | | |
|---|---|---|
| II8 | For defendant Osama Abu Irshaid only, with respect to your attendance and participation at any Conference for Palestinians Abroad ("PalesAbroad"), including the PalesAbroad event in Istanbul in February 2017, and the PalesAbroad event in Amman, Jordan, identify: the person(s) or organization(s) who invited you to attend or participate; the person(s) or organization(s) who paid for the trip (or any portion thereof); and any speech or remarks you gave during the trip. | Response: Objection. Individual Defendants object to this Interrogatory as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery. |

C. **Donors, Sponsors, Fundraising, and Disposition of Funds (DR16, DR17, DR21, DR22, DR25, EI9, EI10)**

| | **Discovery Request** | **Amended Response** |
|---|---|---|
| DR16 | All document relating to fundraising activities conducted, sponsored, promoted, advertised, authorized or participated in by either Entity Defendant, including fundraising for the benefit of other organizations. | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further object as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "fundraising activities conducted, sponsored, promoted, advertised, authorized or participated in by" the same. To the extent available through Defendant AMP and AJP's social media accounts, see archives of relevant Twitter and Facebook accounts, produced in full, as well as relevant historic website pages produced in this matter (002661 – 004134; and 004135 – 004409, as well as zip files provided separately). |
| DR17 | All documents relating to income generated by either Entity Defendant other than through the fundraising activities referenced in the preceding request. | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections regarding the same, and further object as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "income generated by either Entity Defendant other than through the fundraising activities". <br><br> Subject to the foregoing objections, Individual Defendants respond as follows: <br><br> None in the possession of the Individual Defendants. The Individual Defendants further refer Plaintiffs to publicly available documents. As to AJP and AMP, funds come from donations as well as grants, which are all from domestic (American) sources. Please see Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as the entire history of relevant website pages, produced in this matter (002661 – 004134; and 004135 – 004409, as well as zip files provided separately). <br><br> As to the identities of specific donors, Defendants object that this Request seeks information which invades the privacy |

| | | |
|---|---|---|
| | | rights of those not a party to this lawsuit, and seeks information which is confidential and proprietary in nature. |
| DR21 | All documents relating to the use, recipient(s) and disposition of funds raised by either Entity Defendant (or any affiliate), including funds raised on behalf of other organizations. Include in your response any transfer of funds (directly or indirectly) to any person, organization or entity outside of the United States, including entities, organizations or authorities in Gaza or the West Bank. | Response: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions, and further as to overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "relating to the use, recipient(s) and disposition of funds raised by either Entity Defendant (or any affiliate), including funds raised on behalf of other organizations" and "any transfer of funds (directly or indirectly) to any person, organization or entity outside of the United States, including entities, organizations or authorities in Gaza or the West Bank". Defendants further object to this Request as invading the privacy rights of those not a party to this lawsuit, as well as seeking information which is confidential and proprietary.<br><br>Subject to the foregoing objection, Defendants point Plaintiffs to the statement contained both in the Declaration of Munjed Ahmad, previously produced in this matter, as well as all relevant historic website pages, produced in this matter, stating that "AMP and AJP are strictly American organizations, funded by voluntary donations made entirely within the United States." |
| DR22 | All documents relating to any transfers of funds between AJP and AMP. | Response: Objection. Defendants object to this Request as overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery. |
| DR25 | All documents relating to the event in Detroit, Michigan in 2015 sponsored by AMP (and/or affiliates), which raised approximately $200,000 for charitable purposes in Gaza. (See https://www.eremnews.com/news/arab-world/249203) | Response: Objection. Defendants object to this Request as to the characterization of "and/or affiliates" and "sponsored by AMP", and further object to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited in time and scope, and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Defendants respond as follows: None in the possession of the Individual Defendants. On behalf of AMP, AMP served in an educational role in the referenced event. Donations were collected for United Muslim Relief, a charitable organization which is, to the best of the knowledge of Defendants, in good legal standing. Defendants object to any translation of the article cited above into English which may erroneously imply otherwise. Furthermore, no Defendant drafted the referenced article, and the Defendants therefore do not vouch for its accuracy. As to any relevant posting regarding the referenced event, please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter (bates labeled 002661 – 004409 and separately produced zip files). |
| EI9 | Identify all persons, entities or organizations to which Respondent has provided funding for or support for fundraising (including without limitation by direct funding, promotion at conferences and events, booths at conferences, advertisements, website links or solicitations). | Response: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Furthermore, this Interrogatory seeks to invade the privacy rights of individuals not a party to this lawsuit, and seeks information which is confidential and proprietary as to the operating of AMP and AJP. Subject to and without waiving the foregoing, Defendants respond as follows:<br><br>Defendants provide an educational role and raise awareness about Palestine, as stated in AMP and AJP's respective mission statements and as reflected in the documents produced in response to Plaintiffs' requests for production (documents 000008 – 000030; 000034; 000065; and 002573 – 002579), as well as in the Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as the full archives of the relevant Twitter and Facebook accounts and relevant historic website pages produced in this matter. Funds are raised and dispersed |

| | | |
|---|---|---|
| | | domestically, and cover expenses of AJP and AMP operations as well as the educational efforts of AJP and AMP. |
| EI10 | Identify all donors, sponsors or funders of Respondent (including any chapter, regional office or affiliate of Respondent). For each, indicate the amount and date(s) of the funding and whether, to Respondent's knowledge, the donor, sponsor or funder ever provided funds to any Boim Defendant. | Response: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. <br><br> Furthermore, this Interrogatory invades the privacy rights of individuals who are not parties to this litigation, and seeks information which is proprietary and confidential as to AJP and AMP. In addition, AJP and AMP do not have access to records of the original Boim judgment debtors and do not know who those donors were. As indicated in previous responses, AJP and AMP did not assume, share or benefit from any contracts of any judgment defendants from the Boim action filed in 2000, and all donations made through AJP are done voluntarily by donors. |

D. **Relationships, Communications, Support, Affiliation, Shared Leadership or Personnel, and Transfer of Funds with "Network Entities" and "Network Persons" (DR20, EI8, II6, II7)**

| | **Discovery Request** | **Amended Response** |
|---|---|---|
| DR20 | All documents relating to relationships, dealings, contracts, communications, sponsorship, support, affiliation, sharing of leadership or personnel, or transfers of funds (directly or through intermediate organizations) between Respondent and any Network Entity or Network Person. | Response: Objection. Defendants object to this Request as to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, refer to Defendants' General Objections on the same, and will not accept or respond as to the term and definition given. Further, Defendants object to this Request as vague in that it does not reasonably define "Respondent", as well as being overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery, to the extent this Request seeks documents related to "[a]ll documents relating to relationships, dealings, contracts, communications, sponsorship, support, affiliation, sharing of leadership or personnel, or transfers of funds (directly or through intermediate organizations)" of the same. <br><br> Subject to the foregoing objection, Defendants respond as follows: <br><br> As shown in the Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as the relevant archived pages of the website of AMP (relevant historic pages produced at 004135 – 004409), AMP and AJP are strictly American organizations, funded by voluntary donations made entirely within the United States. |
| EI8 | Identify all relationships, affiliations, sharing of leadership or personnel, contracts, dealings, communications, sponsorship, support, or transfers of funds (directly or through intermediate organizations) between Respondent and any Network Entity or Network Person. | Response: Objection. Defendants object to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, as set forth in Defendants' General Objections and referenced herein, and will not accept or respond as to the term and definition given. Further, Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. As such, Defendants cannot provide a meaningful response to this Interrogatory, other than to refer back to Defendants' Response to Interrogatory No. 7, above, and state further that neither AMP nor AJP have at any time shared or assumed any contracts with or received any transfer of funds from any judgment defendant from the original Boim action filed in 2000. |
| II6 | To the extent not covered in your | Response: Objection. Individual Defendants object to this Interrogatory as to the characterization of "Network Entity" |

|  | declaration supporting defendants' motion to dismiss, identify and describe any relationship, employment, volunteer role, officer or director position, affiliation, communication, speaking engagement, or other dealings you had with any Network Entity at any time. Include in your description the dates during which you held any position, your title, your responsibilities, the person(s) to whom you reported, any compensation you received and the person or entity who paid the compensation. | and "Network Person" in Plaintiffs' definitions, refer to Defendants' General Objections regarding the same, and will not accept or respond as to the term and definition given. Further, Individual Defendants object to this Interrogatory as vague in that it is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Individual Defendants respond as follows:<br><br>All relevant employment and volunteer history with AJP, AMP, and any 2000 Boim defendant is set forth in the Declarations of Individual Defendants previously provided in this matter. As to any responsive, non-objectionable supporting documentation produced in this matter, please see documents 0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581 and 004135 – 004409, which have already been produced in response to Plaintiffs' requests for production. Please also see Declaration of Munjed Ahmad, previously produced in this matter, and documents referenced therein, as well as the supplemental production in this matter of relevant Twitter and Facebook full archives, and relevant historic website data produced in this matter (which have at no time been in the custody and control of any Individual Defendant). |
| --- | --- | --- |
| II7 | Identify all relationships, dealings and communications between Respondent and any Network Entity or Network Person. | Response: Objection. Individual Defendants object to this Interrogatory as to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions and will not accept or respond as to the term and definition given. Further, Individual Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of this Court's order for this discovery. As such, Individual Defendants are not able to provide a response to this Interrogatory. Nonetheless, as to any relevant positions the Individual Defendants have or had with AJP and AMP, as well as any 2000 Boim judgment defendants, please see previously provided Declarations of the Individual Defendants, as well as relevant incorporation documents as to AJP and AMP produced previously in this matter. Please also see Declaration of Munjed Ahmad and full historic archives of the relevant Twitter and Facebook pages, as well as relevant historic pages from the relevant website (which have at no time been in the custody and control of any Individual Defendant). |

E.   *Al-Meezan* and its Relationship to AMP/AJP (DR 23)

|  | **Discovery Request** | **Amended Response** |
| --- | --- | --- |
| DR23 | Copies in your possession, custody, and control of Al-Zaytounah and Al-Meezan and all documents relating to the creation and promulgation of these publications, including the decision to cease publishing Al-Zaytounah and the decision to begin publishing Al-Meezan. | Response: Objection. Defendants object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. |

**F.     The Individual Defendants' Background, Employment History, and Online Content (DR30, DR31, DR33, DR34, II4)**

| | **Discovery Request** | **Amended Response** |
|---|---|---|
| DR30 | For the Individual Defendants, all documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position you held with any Boim Defendant (or affiliate, chapter or regional office) at any time. | Response: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Defendants further object to this Request as vague in that it does not reasonably define "affiliate, chapter or regional office" as it is used here, and invades the privacy rights of the Individual Defendants as to "all documents."<br><br>Subject to the foregoing objections, Individual Defendants respond as follows: None in the possession of Individual Defendants; see Declarations of Individual Defendants provided previously in this matter for relevant factual summaries, as well as the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession. Please also see all previously produced articles of incorporation, by-laws, mission statements and related documents relating to AMP and AJP, which have already been provided in this matter, as well as the Declaration of Munjed Ahmad, and please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter at bates labels 002661 – 004409 and separately produced zip files (which have at no time been in the custody and control of the Individual Defendants). |
| DR31 | For the Individual Defendants, all documents reflecting any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position you held or hold with AMP, AJP, the Mosque Foundation (or Bridgeview Mosque), KindHearts, or any affiliate, chapter, division or regional office of AMP or AJP.  Include in your response documents relating to any compensation you received and any work you performed. | Response: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery, particularly as to the reference to entities not currently a party to this lawsuit and not parties to the original 2000 Boim lawsuit. Individual Defendants further object to the extent this Request implies without factual basis any connection or affiliation between AMP and/or AJP, and the listed other entities, for the same reasons as referenced in Defendants' General Objections to the terms "Network Entity" and "Network Person" which are incorporated herein. Defendants further object to the extent this Request invades the privacy rights of the Individual Defendants.<br><br>Subject to the foregoing objections, Individual Defendants respond as follows: None in the possession of Individual Defendants; see Declarations of Individual Defendants provided previously in this matter for relevant factual summaries, as well as the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession. As to AMP and AJP, please see previously provided documents identifying officers, board members and employees, as well as mission statements and descriptions of job functions for AMP and AJP, as well as the Declaration of Munjed Ahmad, previously provided, and documents referenced therein; please also see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter at bates labels 002661 – 004409 and separately produced zip files (which have at no time been in the custody and control of the Individual Defendants). |
| DR33 | For the Individual Defendants, documents relating to any travel to the Middle East during which you attended or participated in any meeting, conference or event or met with any representative of any Islamic or Palestinian organization or entity. | Response: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. |
| DR34 | For Defendant Abuirshaid, all documents relating to your attendance | Response: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's |

|  | | |
|---|---|---|
|  | at any Conference for Palestinians Abroad ("PalesAbroad"), including the PalesAbroad event in Istanbul in February 2017, and a PalesAbroad event in Amman, Jordan. Include in your response any transcript, nots [sic] or other document reflecting any remarks or speech you gave. | order for this jurisdictional discovery. Further, this Request is an unreasonable invasion of the privacy rights of Defendant Abuirshaid. |
| II4 | Identify any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of Respondent at any time that has contained content relating to any Boim Defendant or any Entity Defendant. For each, identify any associated domain name, username, or URL. | Response: Objection. Individual Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent" or "Entity Defendant", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of this Court's order for this discovery. Individual Defendants further object to this Interrogatory to the extent it seeks any private social media accounts of the Individual Defendants, as an invasion of their privacy rights, and which are further not reasonably calculated to lead to the discovery of admissible evidence regarding the limited jurisdictional scope of the discovery authorized by this Court or any legitimate jurisdictional issue. Subject to the foregoing objections, please see documents 0000069 – 0000276 and documents 000457-002558 which have been produced in response to Plaintiffs' Requests for Production, and which contain the readily available social media documents related to AMP and/or AJP. The domains ampalestine.org, ampalestine.com and ampalestine.net have been registered to AMP. AMP has a Twitter page (https://twitter.com/ampalestine or @AMPalestine), a Facebook page (https://www.facebook.com/ampalestine), and a YouTube channel (located at https://www.youtube.com/channel/UCBnEIF7dfTEflZ7rmHWkfcA). Defendants note that the AMP website was hacked on at least one occasion in or around March 2014. Defendants lastly note that these website and social media accounts are publicly available and may be easily accessed by Plaintiffs. Nonetheless, please also note the full archives of the relevant Twitter and Facebook accounts, as well as relevant historic website pages produced in this matter in response to Plaintiffs' Requests for Production of Documents in this matter and bates labeled 002661 – 004409 as well as separately produced zip files (which have at no time been in the possession of the Individual Defendants). |

68608156v.1