# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | Civil No. 17-cv-03591 |
| Plaintiffs, | |
| v. | Hon. Sharon Johnson Coleman |
| AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID, | Hon. Sidney I. Schenkier |
| Defendants. | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' JURISDICTION DOCUMENTS REQUEST

Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation ("AJP"), Rafeeq Jaber ("Jaber"), Abdelbaset Hamayel ("Hamayel"), and Osama Abuirshaid ("Abuirshaid") ("current Defendants") file these Objections and Responses to Plaintiffs' Jurisdiction Documents Request, as set forth below.

## GENERAL OBJECTIONS

Defendants assert the following General Objections and qualifications to Plaintiffs' Jurisdiction Document Requests, each of which are hereby incorporated into the responses to each individual request below. A specific response may repeat a general objection for emphasis or some other reason, but the failure to include general objections in any specific response does not waive any general objections to that request.

1.      Defendants object to the Requests (including the "Instructions" and "Definitions") to the extent that they impose obligations on Defendants beyond those required by the Federal

Rules of Civil Procedure.

2.      Defendants object to the Requests, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," in that they purport to impose requirements or discovery obligations greater than or different from those under the applicable Rules and Orders of this Court, which only permitted discovery limited in scope to assess subject matter jurisdiction and subject matter jurisdiction alone.

3.      Defendants object to the Requests, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," to the extent that, as written, Plaintiffs seek information that invades the privacy of individuals and/or entities who are not parties to this lawsuit or the "*Boim* Action."  Defendants further object to Plaintiffs' use of "Network Entity" and "Network Person" throughout these Requests as implying relationships and/or organizational overlap which does not exist between the Defendants in this matter and any other entity listed in Plaintiffs' creation entitled "Network Entity" and "Network Person," and which do not pertain to the instant matter or any jurisdictional issue in this matter.  Furthermore, majority of the entities listed in Plaintiffs' definition of "Network Entity" (including "American Middle East League for Palestine; Anera; Baitulmaal, Inc.; Benevolence International Foundation; Global Relief Foundation; Helping Hands for Relief and Development; Hamas; ICNA Relief; IHH Humanitarian Relief Foundation; Islamic Relief Foundation; Interpal; KindHearts; Life for Relief and Development; Middle East Financial Services; The Mosque Foundation (or Bridgeview Mosque); Muslim American Society; the Muslim Brotherhood; Palestinian Children's Relief Fund; any branch of the Palestine Committee; Union of Good; United Muslim Relief; Unlimited Friends Association for Social Development; Viva Palestina; Zakat Foundation of America" and "any charitable,

humanitarian, political or educational organization in Gaza or the West Bank; and any branch of the acting governmental authorities in Gaza or the West Bank") are not defendants in this matter and were not judgment defendants in the original Boim action filed in 2000. The same is true of those identified in Plaintiffs' definition of "Network Person" (including "Khaled Abughazaleh; Omar Ahmad; Nihad Awad; Shukri Abu Baker; Muhammad Alkik; Hatem Bazian; Khalil Demir (also known Halil Demir); Sana'a Abed Daoud; Salah Daoud; Ghassan Elashi; George Galloway; Sheikh Mohammad Al Hanooti; Oussama Jamal; Sheikh Bassam Jarrar; Ayman Jarwan; Hussein al-Khatib; Khalil al-Khaya; Mousa Abu Marzook; Mohammad El-Mezain; Kifah Mustapha; Sufian Nabhan; Ashraf Nubani; Magdi Odeh; Yusuf Qaradawi; Mohamed Qatanani; Nabil Sadoun; Sheikh Jamal Said, Ra' ed Sal ah; Sabri Samirah; Salah Sarsour; Yousef Shahin; Khaled Smaili" and "any representative or affiliate of a Network Entity"). Therefore, Defendants object that Plaintiffs wrongfully attempt to "brand[] any organization and its members that support humanitarian interests for the people of Palestine as having an unlawful motive" and therefore as somehow being indebted to Plaintiffs and under the control of the Defendants in this matter. *See* Doc. 41, Memorandum Opinion and Order granting Motion to Dismiss, at 10.

4. Defendants object to the Requests, as well as the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "Respondent" or "affiliate," to the extent that that they are vague, ambiguous, and overly broad, as used throughout these Requests not intelligible in the context of the applicable Request.

5. Defendants object to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the require proportionality analysis.

6.      Defendants object to the Requests to the extent they seek documents or electronically stored information that are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

7.      Defendants object to the Requests to the extent that they seek documents or electronically stored information that are not reasonably available to Defendants, that are obtainable from some other source that is more convenient, less burdensome, or less expensive, or equally available to Plaintiffs in this matter, and/or that are already in Plaintiffs' possession, custody, or control.

8.      Defendants object to the Requests to the extent that they seek to require Defendants to obtain information from third parties.

9.      It should not be inferred from the form or substance of any objection or response that documents or electronically stored information responsive to any particular Request exist.

10.     Defendants do not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendants' Objections and Responses are conditioned specifically on the understanding that the provision of documents or electronically stored information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent disclosure shall not constitute – and is in no way intended as – a waiver of any privilege or any other ground for objecting to such discovery with respect to such document, electronically stored information, the subject matter thereof, or the information contained therein. Any inadvertent disclosure by Defendants shall not constitute a waiver of the Defendants' right to object to the use of any such document, electronically stored information, the information contained therein, or any information derived therefrom, during any other proceeding.

## OBJECTIONS AND RESPONSES

1. All documents you or any defendant may rely upon, present, or seek to introduce as evidence in connection with any motion or hearing to determine or challenge the existence of the Court's subject matter jurisdiction in this case.

   ***Response***: <u>Objection</u>. This Request for Production is overly broad in that it seeks to require the Individual Defendants to provide an entire defense in response to one Request, and as such constitutes an improper fishing expedition. Furthermore, this Request seeks information which is covered by the attorney client and work product privileges to the extent it seeks information on which "defendant may rely" as stated above, and further exceeds the scope of this Court's order for this discovery. Subject to these objections, Individual Defendants respond as follows:

   See prior filings and attachments, as well as documents produced in response to Plaintiffs' jurisdictional discovery.

2. All certificates of incorporation or other formation documents, registrations, revocations, by-laws, qualifications to operate in any state, or other documents filed with the secretary of state of any state by or on behalf of either Entity Defendant or any chapter, regional office or affiliate.

   ***Response***: <u>Objection</u>. Individual Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions, and further as to overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "any chapter, regional office or affiliate" of the same. Subject to the foregoing objections, Individual Defendants respond as follows:

Please see documents produced in response to this Request. The Defendants further refer Plaintiffs to publicly available documents.

3. All documents relating to any "voluntary organization," unincorporated organization, or other precursor organization that pre-existed the formation of either Entity Defendant. Include in your response any documents relating to AMP's contention that it was founded in 2005 as a "strictly volunteer" organization.

> ***Response****:* Objection. Defendants object to this Request as to the term "precursor organizations" and further as to overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. This Request is also vague to the extent this Request seeks documents related to "any "voluntary organization," unincorporated organization, or other precursor organization that pre-existed the formation of either Entity Defendant" as stated above, and Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows:
>
> There were no "precursor organizations" of AMP or AJP.

4. All documents relating to the decision(s) to create or form any Entity Defendant or precursor organization.

> ***Response****:* Objection. Defendants object to this Request as to the terms "precursor organizations" and "Entity Defendant", and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and as exceeding the scope of this Court's order for this discovery. Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows:

There were no "precursor organizations" of AMP or AJP. As to any documents relating to the decision to form AJP and/or AMP, please see documents produced with these Responses.

5. All documents relating to the hierarchy and structure of either Entity Defendant. Include in your response organization charts, reporting structures, list of officers, directors and employees, and documents relating to the relationship of the Entity Defendant to chapters, regional officers and affiliates.

*__Response__*: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows:

To the extent these documents are in the possession of Defendants, please see documents produced in response to this Request. Defendants further refer Plaintiffs to publicly available documents.

6. All documents reflecting or relating to the meetings, decisions and actions of either Entity Defendant's board of directors (or governing body), including without limitation meeting minutes, resolutions, consents, election or appointment of officers and directors, and actions taken without meetings.

*__Response__*: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and Defendants refer to their General Objections to these terms. Furthermore, Defendants object as this Request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence, is not reasonably

limited in time or scope, and is not within the scope of this Court's order relating to

jurisdictional discovery. And, this Request seeks information which is proprietary and

confidential as to AJP and AMP. Subject to the foregoing objections, Defendants respond as

follows:

Defendants refer Plaintiffs to publicly available documents for responsive, non-objectionable

materials, many of which are provided with these Responses. Defendants further respond

that AMP and AJP, as small non-profit organizations, do not maintain records or structural

hierarchies which some larger organizations might. To the extent any written materials exist

and are in the possession of AMP and/or AJP, which exceed the scope of this limited

jurisdictional discovery, Defendants will provide those to the Court for *in camera* review in

accordance with the Court's preferences.


7. All documents constituting or relating to either Entity Defendant's filings with the Internal

   Revenue Service or other taxing authority, including without limitation the Entity

   Defendant's filings of Form 990 and any tax returns.

   ***Response****:* Objection. Defendants object to this Request as to the characterization of

   "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections.

   Furthermore, Defendants object as this Request seeks information which is not

   reasonably calculated to lead to the discovery of admissible evidence or within the scope

   of this Court's order relating to jurisdictional discovery. And, this Request seeks

   information which is proprietary and confidential as to the organizational defendants.

   Subject to the foregoing objections, Defendants respond as follows:

   To the extent these documents are in the possession of Defendants, please see documents

   produced in response to this Request.

8. All documents in Respondent's possession, custody or control relating to the *Boim* Judgment, enforcement efforts in connection with the *Boim* Judgment, or any actual or potential criminal investigation or prosecution of any *Boim* Defendant.

    **Response**: None, other than the transcripts of the depositions of Rafeeq Jaber, which are already in the possession of Plaintiffs.

9. All documents relating to the cessation of the operations, wind-up, or dissolution of any *Boim* Defendant or affiliate, including documents relating to the decision to stop operating.

    **Response**: None.

10. All documents relating to any Assets that at one time were owned or possessed by any *Boim* Defendant and that, at any time, were received (directly or indirectly) or came to be possessed or owned by Respondent.

    **Response**: None.

11. All documents relating to the mission, objectives, purposes, and goals of either Entity Defendant.

    **Response**: Objection. Individual Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections as to this term. Furthermore, Defendants object as this Request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence or within the scope of this Court's order relating to jurisdictional discovery. And, this Request seeks information which is

proprietary and confidential as to the organizational defendants. Subject to the foregoing
objections, Defendants respond as follows:

As to any documents in the possession of Defendants, please see documents produced in
response to this Request.

12. All documents relating to any statement, endorsement or position by either Entity Defendant
(or any representative), or espoused in any conference, meeting, event, social media post,
website, blog, advertisement, solicitation, publication, fundraiser, chat session or
communication sponsored, placed, posted or promulgated by an Entity Defendant (or its
representatives), regarding Hamas, the Palestinian Authority, perpetrators of terror attacks
(and their families) in Israel, the use of suicide bombings, rocket attacks or other violence to
achieve political objectives, or the legitimacy of the state of Israel.

**Response**: Objection. Defendants object to this Request as to the characterization of
"Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections
regarding the same, and further object as overly broad and not reasonably calculated to
lead to the discovery of admissible evidence and exceeding the scope of this Court's
order for this discovery, to the extent this Request seeks documents related to "any
statement, endorsement or position by either Entity Defendant (or any representative), or
espoused in any conference, meeting, event, social media post, website, blog,
advertisement, solicitation, publication, fundraiser, chat session or communication
sponsored, placed, posted or promulgated by an Entity Defendant (or its representatives)"
of the same. Subject to the foregoing objections, Defendants respond as follows:

To the extent any responsive documents are in the possession of Defendants, please see attached documents produced with these Responses, including the mission statement which addresses education and peace efforts both domestically and internationally.

13. All publications, blogs, web page content, social media posts, communications with potential donors or sponsors, fundraising documents, advertisements, newsletters, conference materials, children's publications, re-prints, translations, or other documents written, prepared, published, promulgated, posted, linked to, or distributed by or at the direction of either Entity Defendant (or any representative).

**Response**: <u>Objection</u>. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to their General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "[a]ll publications, blogs, web page content, social media posts, communications with potential donors or sponsors, fundraising documents, advertisements, newsletters, conference materials, children's publications, re-prints, translations, or other documents written, prepared, published, promulgated, posted, linked to, or distributed by or at the direction of either Entity Defendant (or any representative)" of the same. Subject to the foregoing objections, Defendants respond as follows:

None in the possession of Defendants.

14. All recordings, video recordings, transcripts, notes or other documents recording or reflecting the content of any meeting, speech, conference, presentation, fundraiser or event that either Entity Defendant (or any representative) sponsored, hosted, delivered or supported.

> **Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "[a]ll recordings, video recordings, transcripts, notes or other documents recording or reflecting the content of any meeting, speech, conference, presentation, fundraiser or event that either Entity Defendant (or any representative) sponsored, hosted, delivered or supported" of the same.

15. All communications with, and documents relating to payments to or from, any speakers, sponsors, partners, and attendees of conferences, meetings, fundraisers or other events conducted, sponsored or promoted by either Entity Defendant.

> **Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Defendants further object to the extent this Request seeks documents related to "[a]ll communications with, and documents relating to payments to or from, any speakers, sponsors, partners, and attendees of conferences, meetings, fundraisers or other events conducted, sponsored or promoted by" the same.

16. All document relating to fundraising activities conducted, sponsored, promoted, advertised, authorized or participated in by either Entity Defendant, including fundraising for the benefit of other organizations.

> **Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further object as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "fundraising activities conducted, sponsored, promoted, advertised, authorized or participated in by" the same.

17. All documents relating to income generated by either Entity Defendant other than through the fundraising activities referenced in the preceding request.

> **Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections regarding the same, and further object as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "income generated by either Entity Defendant other than through the fundraising activities". Subject to the foregoing objections, Individual Defendants respond as follows: None in the possession of the Individual Defendants. The Individual Defendants further refer Plaintiffs to publicly available documents. As to AJP and AMP, funds come from donations as well as grants, which are all from domestic (American) sources. As to the identities of specific donors, Defendants object that this Request seeks information which

invades the privacy rights of those not a party to this lawsuit, and seeks information which is confidential and proprietary in nature.

18. All documents relating to any legal defense or campaign or effort to obtain pardons, amnesty or release from imprisonment of any officer, director or representative of HLF or any affiliate (including the so-called "HLF-5"). Include in your response documents relating to any direct or indirect support for such campaigns or efforts (e.g. through solicitations, speaking opportunities, publications or advertisements).

> **Response**: Objection. Defendants object to this Request as overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Subject to the foregoing objections, Defendants respond as follows:
>
> None in the possession of Defendants. To the extent responsive, see the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession.

19. Documents relating to the registration and maintenance of any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of Respondent.

> **Response**: Objection. Defendants object to this Request as vague as to "Respondent", as well as being overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Defendants further object to this Request as seeking information which is confidential and proprietary.

20. All documents relating to relationships, dealings, contracts, communications, sponsorship, support, affiliation, sharing of leadership or personnel, or transfers of funds (directly or through intermediate organizations) between Respondent and any Network Entity or Network Person.

> **Response**: Objection. Defendants object to this Request as to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, refer to Defendants' General Objections on the same, and will not accept or respond as to the term and definition given. Further, Defendants object to this Request as vague in that it does not reasonably define "Respondent", as well as being overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery, to the extent this Request seeks documents related to "[a]ll documents relating to relationships, dealings, contracts, communications, sponsorship, support, affiliation, sharing of leadership or personnel, or transfers of funds (directly or through intermediate organizations)" of the same.

21. All documents relating to the use, recipient(s) and disposition of funds raised by either Entity Defendant (or any affiliate), including funds raised on behalf of other organizations. Include in your response any transfer of funds (directly or indirectly) to any person, organization or entity outside of the United States, including entities, organizations or authorities in Gaza or the West Bank.

> **Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions, and further as to overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the

discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "relating to the use, recipient(s) and disposition of funds raised by either Entity Defendant (or any affiliate), including funds raised on behalf of other organizations" and "any transfer of funds (directly or indirectly) to any person, organization or entity outside of the United States, including entities, organizations or authorities in Gaza or the West Bank". Defendants further object to this Request as invading the privacy rights of those not a party to this lawsuit, as well as seeking information which is confidential and proprietary.

22. All documents relating to any transfers of funds between AJP and AMP.

   **Response**: Objection. Defendants object to this Request as overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery.

23. Copies in your possession, custody, and control of *Al-Zaytounah* and *Al-Meezan* and all documents relating to the creation and promulgation of these publications, including the decision to cease publishing *Al-Zaytounah* and the decision to begin publishing *Al-Meezan*.

   **Response**: Objection. Defendants object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery.

24. All documents relating to annual conferences held by IAP (or any affiliate) or either Entity Defendant, including without limitation documents relating to speakers, agendas, publicity,

participants, sponsors, organizations with booths, partners, attendees, the cessation of IAP

conferences, and the commencement of AMP conferences.

> **Response**: <u>Objection</u>. Defendants object to this Request as to the characterization of
>
> "Entity Defendant" in Plaintiffs' definitions and refer to their General Objections
>
> regarding the same, and further object as overly broad, not reasonably limited in time and
>
> scope, not reasonably calculated to lead to the discovery of admissible evidence and
>
> exceeding the scope of this Court's order for this discovery. Subject to the foregoing
>
> objections, Individual Defendants respond as follows:
>
> As to conferences held by IAP or the cessation of IAP conferences, no documents are in the
>
> possession of any Defendants.

25. All documents relating to the event in Detroit, Michigan in 2015 sponsored by AMP (and/or

     affiliates), which raised approximately $200,000 for charitable purposes in Gaza. (*See*

     https://www.eremnews.com/news/arab-world/249203)

> **Response**: <u>Objection</u>. Defendants object to this Request as to the characterization of
>
> "and/or affiliates" and "sponsored by AMP", and further object to this Request as overly
>
> broad and not reasonably calculated to lead to the discovery of admissible evidence, not
>
> reasonably limited in time and scope, and exceeding the scope of this Court's order for
>
> this discovery. Subject to the foregoing objections, Defendants respond as follows:
>
> None in the possession of the Individual Defendants. On behalf of AMP, AMP served in
>
> an educational role in the referenced event. Donations were collected for United Muslim
>
> Relief, a charitable organization which is, to the best knowledge of Defendants, in good
>
> legal standing. Defendants object to any translation of the article into English which may

erroneously imply otherwise. Furthermore, no Defendant drafted the referenced article and the Defendants therefore do not vouch for its accuracy.

26. All documents relating to any representative of Respondent appearing as a speaker, presenter or panelist at any fundraiser, meeting, conference or event sponsored by persons or entities other than Respondent.

> **Response**: Objection. Defendants object to this Request as vague as to "Respondent", overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery.

27. All documents that Respondent obtained directly or indirectly from any *Boim* Defendant. This request includes any copies of paper documents, electronic transmissions or electronically stored information now in Respondent's possession, custody or control that were at any time in the possession, custody or control of a *Boim* Defendant.

> **Response**: Objection. Defendants object to this Request as vague as to "Respondent" and "directly or indirectly", as well as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Defendants respond as follows:
> None.

28. All documents relating to the preventing or avoiding liability for the *Boim* Judgment or civil or criminal liability under the federal Anti-Terrorism Act of any other anti-terrorism statute.

**Response**: None exist.

29. For defendants Abdelbasset Hamayel and Osama Abuirshaid, documents related to your move to the United States and any travel to the United States prior to December 31, 1996.

    **Response**: Objection. Individual Defendants Hamayel and Abuirshaid object to this Request as overly broad, not reasonably limited in time and scope, an invasion of personal privacy as written, and not reasonably calculated to lead to the discovery of admissible evidence, as well as exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Individual Defendants Hamayel and Abuirshaid respond as follows:

    None retained; see Declarations of Individual Defendants Hamayel and Abuirshaid, provided previously in this matter, for relevant factual summaries.

30. For the Individual Defendants, all documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position you held with any *Boim* Defendant (or affiliate, chapter or regional office) at any time.

    **Response**: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Defendants further object to this Request as vague in that it does not reasonably define "affiliate, chapter or regional office" as it is used here, and invades the privacy rights of the Individual Defendants as to "all documents." Subject to the foregoing objections, Individual Defendants respond as follows:

None in the possession of Individual Defendants; see Declarations of Individual Defendants provided previously in this matter for relevant factual summaries, as well as the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession.

31. For the Individual Defendants, all documents reflecting any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position you held or hold with AMP, AJP, the Mosque foundation (or Bridgeview Mosque), KindHearts, or any affiliate, chapter, division or regional office of AMP or AJP. Include in your response documents relating to any compensation you received and any work you performed.

**Response**: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery, particularly as to the reference to entities not currently a party to this lawsuit and not parties to the original 2000 *Boim* lawsuit. Individual Defendants further object to the extent this Request implies without factual basis any connection or affiliation between AMP and/or AJP, and the listed other entities, for the same reasons as referenced in Defendants' General Objections to the terms "Network Entity" and "Network Person" which are incorporated herein. Defendants further object to the extent this Request invades the privacy rights of the Individual Defendants. Subject to the foregoing objections, Individual Defendants respond as follows:

None in the possession of Individual Defendants; see Declarations of Individual Defendants provided previously in this matter for relevant factual summaries, as well as the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession.

32. For the Individual Defendants, all documents supporting or relating to any assertion set forth in your declaration filed on or about June 12, 2017 in support of defendants' motion to dismiss this matter.

> **Response**: To the extent any such documents are in the possession of Individual Defendants and do not unreasonably invade the privacy rights of the Individual Defendants, please see documents produced with these Responses. Please also see transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession. Further, Defendant Jaber responds that he has maintained his personal business, Jaber Financial Services, which operated at 8150 W. 111th Street, Palos Hills, IL, from approximately 2003 through 2011. As of approximately January 2012, Jaber Financial Services has operated and been located at 10661 S. Roberts Road, Suite 200, Palos Hills, IL. There was no overlap between the operation of Jaber Financial Services at its current address, and the cessation of AMS many years beforehand, at a different suite number in the same office building. Furthermore, Jaber Financial Services did not receive any assets or inventory, or assume any contracts from any *Boim* 2000 judgment defendant, and neither did any of the Defendants in this matter.

33. For the Individual Defendants, documents relating to any travel to the Middle East during which you attended or participated in any meeting, conference or event or met with any representative of any Islamic or Palestinian organization or entity.

> **Response**: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery.

34. For Defendant Abuirshaid, all documents relating to your attendance at any Conference for Palestinians Abroad ("PalesAbroad"), including the PalesAbroad event in Istanbul in February 2017, and a PalesAbroad event in Amman, Jordan. Include in your response any transcript, nots [sic] or other document reflecting any remarks or speech you gave.

**Response**: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Further, this Request is an unreasonable invasion of the privacy rights of Defendant Abuirshaid.

35. All documents identified, referred to or relied upon in preparing your responses to plaintiff's jurisdiction interrogatories.

**Response**: For any documents not protected by attorney-client and work product privileges, please see previous Objections and Responses in this document, as well as Defendants' Objections and Responses to Plaintiffs' Interrogatories; please also see documents produced with these Responses for all non-objectionable relevant materials in the possession of Defendants.

Dated this 5th day of March, 2018.

/s/ *Christina Jump*

Chares D. Swift
Texas Bar No. 24091964
Christina A. Jump
Texas Bar No. 00795828
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
*Pro Hac Attorney for Defendants*

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On March 5, 2018, I sent a copy of these Objections and Responses to all attorneys of record via email.

/s/ *Christina Jump*

Christina A. Jump

# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | Civil No. 17-cv-03591 |
| Plaintiffs, | |
| v. | Hon. Sharon Johnson Coleman |
| AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID, | Hon. Sidney I. Schenkier |
| Defendants. | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' JURISDICTION INTERROGATORIES TO DEFENDANTS AMERICAN MUSLIMS FOR PALESTINE AND AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION

Defendants American Muslims for Palestine ("AMP") and Americans for Justice in Palestine Educational Foundation ("AJP") file these Objections and Responses to Plaintiffs' Jurisdiction Interrogatories, as set forth below.

## GENERAL OBJECTIONS

Defendants assert the following General Objections and qualifications to Plaintiffs' Jurisdiction Interrogatories, each of which are hereby incorporated into the responses to each individual interrogatory below. A specific response may repeat a general objection for emphasis or some other reason, but the failure to include general objections in any specific response does not waive any general objections to that request.

1.  Defendants object to the Interrogatories (including the "Instructions" and "Definitions") to the extent that they impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure.

2.  Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," in that they purport to impose requirements or discovery obligations greater than or different from those under the applicable Rules and Orders of this Court, which only permitted discovery limited in scope to assess subject matter jurisdiction and subject matter jurisdiction alone.

3.  Defendants object to the Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," to the extent that, as written, Plaintiffs seek information that invades the privacy of individuals and/or entities who are not parties to this lawsuit or the original "*Boim* Action." Defendants further object to Plaintiffs' use of "Network Entity" and "Network Person" throughout these Interrogatories as implying relationships and/or organizational overlap which does not exist between the Defendants in this matter and any other entity listed in Plaintiffs' creation entitled "Network Entity" and "Network Person," and which do not pertain to the instant matter or any jurisdictional issue in this matter. Furthermore, majority of the entities listed in Plaintiffs' definition of "Network Entity" (including "American Middle East League for Palestine; Anera; Baitulmaal, Inc.; Benevolence International Foundation; Global Relief Foundation; Helping Hands for Relief and Development; Hamas; ICNA Relief; IHH Humanitarian Relief Foundation; Islamic Relief Foundation; Interpal; KindHearts; Life for Relief and Development; Middle East Financial Services; The Mosque Foundation (or Bridgeview Mosque); Muslim American Society; the Muslim Brotherhood;

Palestinian Children's Relief Fund; any branch of the Palestine Committee; Union of Good; United Muslim Relief; Unlimited Friends Association for Social Development; Viva Palestina; Zakat Foundation of America" and "any charitable, humanitarian, political or educational organization in Gaza or the West Bank; and any branch of the acting governmental authorities in Gaza or the West Bank") are not defendants in this matter and were not judgment defendants in the original Boim action filed in 2000.  The same is true of those identified in Plaintiffs' definition of "Network Person" (including "Khaled Abughazaleh; Omar Ahmad; Nihad Awad; Shukri Abu Baker; Muhammad Alkik; Hatem Bazian; Khalil Demir (also known Halil Demir); Sana'a Abed Daoud; Salah Daoud; Ghassan Elashi; George Galloway; Sheikh Mohammad Al Hanooti; Oussama Jamal; Sheikh Bassam Jarrar; Ayman Jarwan; Hussein al-Khatib; Khalil al-Khaya; Mousa Abu Marzook; Mohammad El-Mezain; Kifah Mustapha; Sufian Nabhan; Ashraf Nubani; Magdi Odeh; Yusuf Qaradawi; Mohamed Qatanani; Nabil Sadoun; Sheikh Jamal Said, Ra' ed Sal ah; Sabri Samirah; Salah Sarsour; Yousef Shahin; Khaled Smaili" and "any representative or affiliate of a Network Entity").  Therefore, Defendants object that Plaintiffs wrongfully attempt to "brand[] any organization and its members that support humanitarian interests for the people of Palestine as having an unlawful motive" and therefore as somehow being indebted to Plaintiffs and under the control of the Defendants in this matter.  *See* Doc. 41, Memorandum Opinion and Order granting Motion to Dismiss, at 10.

4. Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "Respondent" or "affiliate," to the extent that that they are vague, ambiguous, and overly broad, as used throughout these Requests not intelligible in the context of the applicable Request.

5. Defendants object to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the require proportionality analysis.

6. Defendants object to these Interrogatories to the extent they seek documents or electronically stored information that are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

7. Defendants object to these Interrogatories to the extent that they seek to require Defendants to obtain information from third parties.

8. It should not be inferred from the form or substance of any objection or response that documents or electronically stored information responsive to any particular Interrogatory exist.

9. Defendants do not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendants' Objections and Responses are conditioned specifically on the understanding that the provision of documents or electronically stored information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent disclosure shall not constitute – and is in no way intended as – a waiver of any privilege or any other ground for objecting to such discovery with respect to such document, electronically stored information, the subject matter thereof, or the information contained therein. Any inadvertent disclosure by Defendants shall not constitute a waiver of the Defendants' right to object to the use of any such document, electronically stored information, the information contained therein, or any information derived therefrom, during any other proceeding.

## SPECIFIC RESPONSES AND OBJECTIONS

1.  Identify all persons who have knowledge of the issues and factual assertions raised in

    defendants' motion to dismiss for alleged lack of subject matter jurisdiction [Dkt 31]

    filed in this case.

    **Response**: See individuals identified in previous court filings, declarations provided with

    the same and documents produced with these discovery Responses. See also this Court's

    Order finding no subject matter jurisdiction.


2.  Identify all persons who may provide testimony or declarations in connection with any

    motion or hearing to determine or challenge the existence of the Court's subject matter

    jurisdiction in this case. For each, identify the person's anticipated testimony and all facts

    or information pertinent to the Court's subject matter jurisdiction upon which the person

    would be competent to testify.

    **Response**: Objection. This Interrogatory is overly broad in that it seeks to require the

    Defendants to provide an entire defense in response to one Interrogatory, and as such

    constitutes an improper fishing expedition. Furthermore, this Interrogatory seeks

    information which is covered by the attorney client and work product privileges to the

    extent it seeks designation of all persons "who may provide testimony or declarations" as

    stated above, and further exceeds the scope of this Court's order for this discovery.

    Subject to these objections, Defendants respond as follows:

    See prior filings and attachments, as well as documents produced in response to Plaintiffs'

    jurisdictional discovery. The Individual Defendants, reachable through designated counsel, have

    already provided Declarations in this matter, and Defendants refer Plaintiffs to those Declarations

which have already been filed and produced in this matter. Defendants do not foresee a need for further briefing or Declarations on the issue.

3. For each year from Respondent's inception forward, identify: all members of Respondent's board of directors or other governing body; Respondent's officers and other employees; and all chapters, offices, locations, affiliates, regional operations and divisions of Respondent that exist or have existed at any time.

**Response**: Objection. Defendants object to this Request as vague as to "Respondent", overly broad, not reasonably limited in time and scope, and therefore not reasonably calculated to lead to the discovery of admissible evidence, as well as exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Defendants respond as follows:

See documents produced with the responses to these Requests. Defendants will supplement if additional information or documents are discovered. The below are past and present employees of AJP:

- Awad Odeh
- Julia Salameh
- Amira Daoud
- Kristin Szremski
- Taher Herzallah (current employee)
- Arwa Abdallah
- Karima Al-Helow
- Mohammad Suleiman
- Izabela Banka
- Rami Blebel
- Kareem El-Hosseiny (current employee)
- Diana Galbraith
- Iyas Abuhasna
- Rima Najjar
- Alaa Abubaker
- Rammie Ashkar
- Leena Kaheil (current contractor)
- Mariam Aldisi (current employee)

4. Describe the structure and hierarchy of Respondent, including the leadership and reporting structure, and the responsibilities of each officer, manager and employee. If the structure or hierarchy has changed over time since Respondent's inception, describe and provide the dates and nature of the changes.

   **Response**: Objection. Defendants object to this Request as vague as to "Respondent." Subject to this objection, Defendants respond as follows:

   AMP and AJP are small non-profit entities, which do not have the detailed organizational structure as some larger entities might. To the extent documents have been retained in the normal course of business, please see documents produced in conjunction with these Responses, which set forth the answers to this Interrogatory.

5. Describe the creation and formation of Respondent. In your description, identify the date and place of Respondent's incorporation; any voluntary or unincorporated organizations that pre-existed the formation of Respondent; all persons involved in the incorporation or creation of Respondent and any precursor organization; and all documents related to the formation of Respondent and any precursor organization.

   **Response**: Objection. Defendants object to this Request as vague as to "Respondent." Defendants further object to the term "precursor organization."  Subject to this objection, Defendants respond as follows:

   AMP and AJP are small non-profit entities, which do not have the detailed organizational structure as some larger entities might. For responsive information and to the extent documents have been retained in the normal course of business, please see documents produced in conjunction with these Responses.  Furthermore, there are no "precursor entities" to AJP or AMP.

6. List all physical addresses (with office suite numbers) where Respondent has at any time maintained offices or conducted operations, including locations used by any chapter, regional office, division, affiliate organization or representative of Respondent.

**Response**: Objection. Defendants object to this Request as vague as to "Respondent." Defendants further object to the terms "chapter, regional office, division, affiliate organization or representative of Respondent." Subject to these objections, Defendants respond as follows:

> AJP c/o
> Hatem Al-Bazian
> 2801 Telegraph Ave
> Berkeley, CA 94705
>
> AMP-Chicago
> 6424 West Belmont Ave
> Chicago, IL 60634
>
> AMP/AJP
> 10101 S. Roberts Rd.
> Palos Hills, IL 60465
>
> AMP/AJP
> 10063 S. 76th Ave.
> Bridgeview, IL 60455
>
> AMP-DC Office
> 717 D. St NW
> Washington, D.C. 200024
> AJP/AMP
> 6404 Seven Corners Place St. N
> Falls Church, VA 22044
>
> AMP-NJ office
> 9028 Palisade Plaza
> North Bergen, NJ 07047

7. Identify all Assets that were at any time owned or possessed by any *Boim* Defendant and were later received (directly or indirectly) or came to be possessed or owned by Respondent.

   **Response**: Objection. Defendants object to this Request as vague as to "Respondent." Subject to the foregoing objections, Defendants respond as follows:

   None.

8. Identify all relationships, affiliations, sharing of leadership or personnel, contracts, dealings, communications, sponsorship, support, or transfers of funds (directly or through intermediate organizations) between Respondent and any Network Entity or Network Person.

   **Response**: Objection. Defendants object to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, as set forth in Defendants' General Objections and referenced herein, and will not accept or respond as to the term and definition given. Further, Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. As such, Defendants cannot provide a meaningful response to this Interrogatory, other than to refer back to Defendants' Response to Interrogatory No. 7, above, and state further that neither AMP nor AJP have at any time shared any contracts or received any transfer of funds from any judgment debtor from the original *Boim* action filed in 2000.

9. Identify all persons, entities or organizations to which Respondent has provided funding for or support for fundraising (including without limitation by direct funding, promotion at conferences and events, booths at conferences, advertisements, website links or solicitations).

   **Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Furthermore, this Interrogatory seeks to invade the privacy rights of individuals not a party to this lawsuit, and seeks information which is confidential and proprietary as to the operating of AMP and AJP. Subject to and without waiving the foregoing, Defendants respond as follows: Defendants provide an educational role and raise awareness about Palestine, as stated in AMP and AJP's respective mission statements and as reflected in the documents produced with Defendants' Objections and Responses to Requests for Production.

10. Identify all donors, sponsors or funders of Respondent (including any chapter, regional office or affiliate of Respondent). For each, indicate the amount and date(s) of the funding and whether, to Respondent's knowledge, the donor, sponsor or funder ever provided funds to any *Boim* Defendant.

    **Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Furthermore, this Interrogatory invades the privacy rights of individuals who are not parties to this

litigation, and seeks information which is proprietary and confidential as to AJP and AMP. In addition, AJP and AMP do not have access to records of the original *Boim* judgment debtors.

11. Identify all speakers, presenters and moderators who have appeared at any conference, meeting or other event conducted or sponsored by Respondent.

**Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery.

12. Identify any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of Respondent at any time. For each, identify all persons who administer, manage, edit, supervise, or provide content; identify any associated domain name, username, or URL; and identify all persons who have authority to post, delete, alert or supplement the content.

**Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Furthermore, Defendants object to the extent this Interrogatory seeks information which is confidential and proprietary in nature, and may invade the privacy rights of individuals not a party to this lawsuit. Subject to the foregoing objections, Defendants respond as follows:

The domains ampalestine.org, ampalestine.com and ampalestine.net have been registered to AMP.

Dated this 5th day of March, 2018.

*/s/ Christina Jump*
Chares D. Swift
Texas Bar No. 24091964
Christina A. Jump
Texas Bar No. 00795828
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
*Pro Hac Attorney for Defendants*

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On March 5, 2018, I served these Objections and Responses on all attorneys of record via email.

.

*/s/ Christina Jump*
Christina A. Jump

## VERIFICATION

I declare under penalty of perjury under the laws of the State of Illinois that I am authorized to sign on behalf of the Defendant in this matter, American Muslims for Palestine, Inc., that I have read the foregoing Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

03/20/18
DATE

Name: _Munjed Ahmad_
For American Muslims for Palestine, Inc.

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of Illinois that I am authorized to sign on behalf of the Defendant in this matter, AJP Educational Foundation, Inc., that I have read the foregoing Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

03/02/18
DATE

Name: Munjed Ahmad
For AJP Educational Foundation, Inc.

# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | Civil No. 17-cv-03591 |
| Plaintiffs, | |
| v. | Hon. Sharon Johnson Coleman |
| AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID, | Hon. Sidney I. Schenkier |
| Defendants. | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' JURISDICTION INTERROGATORIES TO DEEFNDANTS RAFEEQ JABER, ABDELBASSET HAMAYEL AND OSAMA ABUIRSHAID

Defendants Rafeeq Jaber ("Jaber"), Abdelbaset Hamayel ("Hamayel"), and Osama Abuirshaid ("Abuirshaid") ("Individual Defendants") file these Objections and Responses to Plaintiffs' Jurisdiction Interrogatories, as set forth below.

### GENERAL OBJECTIONS

Defendants assert the following General Objections and qualifications to Plaintiffs' Jurisdiction Interrogatories, each of which are hereby incorporated into the responses to each individual interrogatory below. A specific response may repeat a general objection for emphasis or some other reason, but the failure to include general objections in any specific response does not waive any general objections to that request.

1.  Defendants object to the Interrogatories (including the "Instructions" and "Definitions") to the extent that they impose obligations on Defendants beyond those required by the Federal

Rules of Civil Procedure.

2.      Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," in that they purport to impose requirements or discovery obligations greater than or different from those under the applicable Rules and Orders of this Court, which only permitted discovery limited in scope to assess subject matter jurisdiction and subject matter jurisdiction alone.

3.      Defendants object to the Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," to the extent that, as written, Plaintiffs seek information that invades the privacy of individuals and/or entities who are not parties to this lawsuit or the original "*Boim* Action." Defendants further object to Plaintiffs' use of "Network Entity" and "Network Person" throughout these Interrogatories as implying relationships and/or organizational overlap which does not exist between the Defendants in this matter and any other entity listed in Plaintiffs' creation entitled "Network Entity" and "Network Person," and which do not pertain to the instant matter or any jurisdictional issue in this matter. Furthermore, majority of the entities listed in Plaintiffs' definition of "Network Entity" (including "American Middle East League for Palestine; Anera; Baitulmaal, Inc.; Benevolence International Foundation; Global Relief Foundation; Helping Hands for Relief and Development; Hamas; ICNA Relief; IHH Humanitarian Relief Foundation; Islamic Relief Foundation; Interpal; KindHearts; Life for Relief and Development; Middle East Financial Services; The Mosque Foundation (or Bridgeview Mosque); Muslim American Society; the Muslim Brotherhood; Palestinian Children's Relief Fund; any branch of the Palestine Committee; Union of Good; United Muslim Relief; Unlimited Friends Association for Social Development; Viva Palestina; Zakat Foundation

of America" and "any charitable, humanitarian, political or educational organization in Gaza or the West Bank; and any branch of the acting governmental authorities in Gaza or the West Bank") are not defendants in this matter and were not judgment defendants in the original Boim action filed in 2000. The same is true of those identified in Plaintiffs' definition of "Network Person" (including "Khaled Abughazaleh; Omar Ahmad; Nihad Awad; Shukri Abu Baker; Muhammad Alkik; Hatem Bazian; Khalil Demir (also known Halil Demir); Sana'a Abed Daoud; Salah Daoud; Ghassan Elashi; George Galloway; Sheikh Mohammad Al Hanooti; Oussama Jamal; Sheikh Bassam Jarrar; Ayman Jarwan; Hussein al-Khatib; Khalil al-Khaya; Mousa Abu Marzook; Mohammad El-Mezain; Kifah Mustapha; Sufian Nabhan; AshrafNubani; Magdi Odeh; Yusuf Qaradawi; Mohamed Qatanani; Nabil Sadoun; Sheikh Jamal Said; Ra' ed Sal ah; Sabri Samirah; Salah Sarsour; Yousef Shahin; Khaled Smaili" and "any representative or affiliate of a Network Entity"). Therefore, Defendants object that Plaintiffs wrongfully attempt to "brand[] any organization and its members that support humanitarian interests for the people of Palestine as having an unlawful motive" and therefore as somehow being indebted to Plaintiffs and under the control of the Defendants in this matter. *See* Doc. 41, Memorandum Opinion and Order granting Motion to Dismiss, at 10.

4.      Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "Respondent" or "affiliate," to the extent that that they are vague, ambiguous, and overly broad, as used throughout these Requests not intelligible in the context of the applicable Request.

5.      Defendants object to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the require proportionality analysis.

6. Defendants object to these Interrogatories to the extent they seek documents or electronically stored information that are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

7. Defendants object to these Interrogatories to the extent that they seek to require Defendants to obtain information from third parties.

8. It should not be inferred from the form or substance of any objection or response that documents or electronically stored information responsive to any particular Interrogatory exist.

9. Defendants do not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendants' Objections and Responses are conditioned specifically on the understanding that the provision of documents or electronically stored information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent disclosure shall not constitute – and is in no way intended as – a waiver of any privilege or any other ground for objecting to such discovery with respect to such document, electronically stored information, the subject matter thereof, or the information contained therein. Any inadvertent disclosure by Defendants shall not constitute a waiver of the Defendants' right to object to the use of any such document, electronically stored information, the information contained therein, or any information derived therefrom, during any other proceeding.

## SPECIFIC RESPONSES AND OBJECTIONS

1. Identify all persons who have knowledge of the issues and factual assertions raised in defendants' motion to dismiss for alleged lack of subject matter jurisdiction [Dkt 31] filed in this case.

   **Response**: See individuals identified in Defendants' previous court filings, as well as the declarations provided by Individual Defendants with the same, and documents produced

with these discovery Responses.  See also this Court's Order finding no subject matter jurisdiction.

2.  Identify all persons who may provide testimony or declarations in connection with any motion or hearing to determine or challenge the existence of the Court's subject matter jurisdiction in this case. For each, identify the person's anticipated testimony and all facts or information pertinent to the Court's subject matter jurisdiction upon which the person would be competent to testify.

    **Response**:  Objection.  This Interrogatory is overly broad in that it seeks to require the Individual Defendants to provide an entire defense in response to one Interrogatory, and as such constitutes an improper fishing expedition.  Furthermore, this Interrogatory seeks information which is covered by the attorney client and work product privileges to the extent it seeks designation of all persons "who may provide testimony or declarations" as stated above, and further exceeds the scope of this Court's order for this discovery.  Subject to these objections, Individual Defendants respond as follows:

    As Plaintiffs know, Declarations by each Individual Defendant have been provided in this matter to the Court and to Plaintiffs with the previous filings.  Individual Defendants do not foresee a need for further briefing or Declarations on the issue.

3.  Identify all Assets that were at any time owned or possessed by any *Boim* Defendant and were later received (directly or indirectly) or came to be possessed or owned by Respondent.

**Response**: <u>Objection</u>. Individual Defendants object to this Request as vague as to "Respondent." Subject to the foregoing objections, Individual Defendants respond as follows:

None. Regarding Defendant Jaber, please see transcripts of depositions of Rafeeq Jaber, already in Plaintiffs' possession.

4. Identify any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of Respondent at any time that has contained content relating to any *Boim* Defendant or any Entity Defendant. For each, identify any associated domain name, username, or URL.

   **Response**: <u>Objection</u>. Individual Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent" or "Entity Defendant", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Individual Defendants further object to this Interrogatory to the extent it seeks any private social media accounts of the Individual Defendants as an invasion of their privacy rights, and which are further not reasonably calculated to lead to the discovery of admissible evidence regarding the limited jurisdictional scope of the discovery authorized by this Court.

5. To the extent not covered in your declaration supporting defendants' motion to dismiss, state the date and place of your birth, list all places (cities and countries) in which you have resided at any time, state when you first moved to the United States, and provide dates of all of your travel to the United States prior to December 31, 1996.

**Response**: Objection.  Individual Defendants object to this Interrogatory as overly broad, not reasonably limited in time and scope, an invasion of personal privacy as written, and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this limited discovery.  Subject to the foregoing objections, Individual Defendants respond as follows:

For responsive relevant information, see Declarations of Individual Defendants provided previously in this matter for relevant factual summaries, as well as transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession.

6. To the extent not covered in your declaration supporting defendants' motion to dismiss, identify and describe any relationship, employment, volunteer role, officer or director position, affiliation, communication, speaking engagement, or other dealings you had with any Network Entity at any time. Include in your description the dates during which you held any position, your title, your responsibilities, the person(s) to whom you reported, any compensation you received and the person or entity who paid the compensation.

**Response**: Objection.  Individual Defendants object to this Interrogatory as to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, refer to Defendants' General Objections regarding the same, and will not accept or respond as to the term and definition given.  Further, Individual Defendants object to this Interrogatory as vague in that it is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery.  Subject to the foregoing objections, Individual Defendants respond as follows:

All relevant employment and volunteer history with AJP, AMP, and any 2000 *Boim*

defendant is set forth in the Declarations of Individual Defendants previously provided in

this matter.  As to any responsive, non-objectionable supporting documentation within

the custody and control of Individual Defendants, please see documents produced with

these discovery Responses.


7.  Identify all relationships, dealings and communications between Respondent and any

Network Entity or Network Person.

**Response**: Objection.  Individual Defendants object to this Interrogatory as to the

characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions and

will not accept or respond as to the term and definition given.  Further, Individual

Defendants object to this Interrogatory as vague in that it does not reasonably define

"Respondent", is overly broad, not reasonably limited in time and scope, not reasonably

calculated to lead to the discovery of admissible evidence, and exceeds the scope of this

Court's order for this discovery.  As such, Individual Defendants are not able to provide a

response to this Interrogatory.


8.  For defendant Osama Abu Irshaid [sic] only, with respect to your attendance and

participation at any Conference for Palestinians Abroad ("PalesAbroad"), including the

PalesAbroad event in Istanbul in February 2017, and the PalesAbroad event in Amman,

Jordan, identify: the person(s) or organization(s) who invited you to attend or participate;

the person(s) or organization(s) who paid for the trip (or any portion thereof); and any

speech or remarks you gave during the trip.

**Response**: Objection. Individual Defendants object to this Interrogatory as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery.

Dated this 5th day of March, 2018.

/s/ *Christina Jump*
Chares D. Swift
Texas Bar No. 24091964
Christina A. Jump
Texas Bar No. 00795828
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
*Pro Hac Attorney for Defendants*

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On March 5, 2018, I electronically provided a copy of these Objections and Responses to all attorneys of record via email.

/s/ *Christina Jump*
Christina A. Jump

## VERIFICATION

I declare under penalty of perjury under the laws of the State of Illinois that I am a Defendant in this matter, Osama Abuirshaid, that I have read the foregoing Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

3/2/18
DATE

Osama Abuirshaid

## VERIFICATION

I declare under penalty of perjury under the laws of the State of Illinois that I am a Defendant in this matter, Abdelbaset Hamayel, that I have read the foregoing Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

3.2.18
DATE

Abdelbaset Hamayel

## VERIFICATION

I declare under penalty of perjury under the laws of the State of Illinois that I am a Defendant in this matter, Rafeeq Jaber, that I have read the foregoing Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

2-1-18
DATE

Rafeeq Jaber