# EXHIBIT 14

**Woolley, Allen**

| | |
|---|---|
| **From:** | Christina Jump <cjump@clcma.org> |
| **Sent:** | Wednesday, April 18, 2018 12:32 PM |
| **To:** | Woolley, Allen; Landes, Stephen |
| **Cc:** | Charles Swift; Leila Mustafa |
| **Subject:** | FW: BOIM Production |
| **Attachments:** | Defendants' Production CONFID 002594 - 002660 - Redacted.pdf; Defendants' Production CONFID 004410 - 004468.pdf |

Gentlemen:

In light of your agreement yesterday via email that any documents labeled with the proper marking will be considered confidential pursuant to the Confidentiality Order to be submitted to the Court in this matter in the near future, please see the attached documents appropriately labeled.

These include documents 002594 – 002660, which are referenced in the Declaration of Munjed Ahmad, already provided, as well as documents 004410-004468. These include meeting minutes, which have been further redacted to remove any information protected by the attorney-client privilege as to legal advice rendered to the organization and discussed in the minutes, as well as employee confidential information relating to performance and medical issues. This later range also includes the documents recently received from the former employee, Kristin Szremski (who is identified in previously produced documents as Media Chair for AMP), as referenced yesterday. These items were located from her search of her personal accounts and devices; please note we have redacted out any non-AMP email addresses as well. Also, should we receive any further information in this regard, we will supplement accordingly.

Finally, we are continuing our efforts regarding getting a full archive (or as close as possible) available of the website, and will forward that once we are able to do so as well.

Thank you. As requested in my email of last night, please also advise as to whether you wish to proceed with a call at 4:00 pm today, or prefer one of the other times offered for later this week (Thursday at 10am or 2pm, as well as some availability Friday as well).

*Christina A. Jump*

Civil Litigation Department Head
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
(972) 914-2507 (main)
(972) 914-2508 (direct)

**From:** Christina Jump
**Sent:** Tuesday, April 17, 2018 8:24 PM
**To:** 'Woolley, Allen' <Allen.Woolley@lockelord.com>
**Cc:** Landes, Stephen <Stephen.Landes@lockelord.com>; Charles Swift <cswift@clcma.org>; Leila Mustafa <lmustafa@clcma.org>
**Subject:** RE: Defendants' Amended Discovery Responses

1

# EXHIBIT 15

## Woolley, Allen

| | |
|---|---|
| **From:** | Christina Jump <cjump@clcma.org> |
| **Sent:** | Tuesday, May 01, 2018 4:53 PM |
| **To:** | Woolley, Allen; Landes, Stephen |
| **Cc:** | Charles Swift; Leila Mustafa |
| **Subject:** | Discovery summary and excerpted pages re AMP conferences and chapters |
| **Attachments:** | 2006 First Convention Title without speakers.pdf; 2007 Conference 2nd Annual.pdf; 2010 Conference 3rd Annual.pdf; 2011 Convention Program.pdf; 2011 Speakers.pdf; 2007 Conference speakers.pdf; 2012 Speakers Conference.pdf; 2012 Program with Speakers.pdf; 2013 Speaker list.pdf; 2014 Conference with speakers.pdf; 2015 Conference from website.pdf; 2015 Speakers list.pdf; 2016 Conference from website.pdf; 2016 Speakers Bios.pdf; program_2017.pdf |

Counsel:

Please see below the list of the ten (10) annual AMP conferences which have occurred to date, along with the dates and titles of each. For each, I also attach the best available documentation regarding the events and speakers for each year. We will produce these attached excerpted pages with bates labels shortly, but in the interim I wanted to make this information readily available to you. Please note, this all comes from the website archives, previously produced with isolated pages attached here, and Facebook, Twitter and YouTube posts as well (also previously identified and produced with full archives as available), from which these pages have been excerpted and summarized below for convenience. Nonetheless, they are derived from the sources already produced.

1. 2006 (Nov. 23-25): Palestine: A Just Cause (First National Convention)
2. 2007 (Nov. 22-25): Second Annual National Convention (60th Anniversary of the Nakba)

(2008: none)
(2009: none)

3. 2010 (Nov. 26-28): Palestine: The Gate to Global Peace (3rd Annual)
4. 2011 (Nov. 24-26): A New Era of Activism (4th Annual)
5. 2012 (Nov. 22-25): A Movement United (5th Annual)
6. 2013 (Nov. 28-30): A Blessed Land A Noble Cause (6th Annual)
7. 2014 (Nov. 27-29): Gaza Teaches Life! (7th Annual)
8. 2015 (Nov. 26-28): Reclaiming Our Narrative (8th Annual)
9. 2016 (Nov. 24-26): Paving the Way Toward Justice (9th Annual)
10. 2017 (Nov. 23-25): 100 Years Since Balfour: The Movement Continues (10th Annual Conference)

As to the chapters for AMP, please note, as indicated in the previously produced documents, the individual chapters do not have authority to make statements on behalf of AMP/AJP, and those representatives are not necessarily (though may by coincidence be) AMP board members (also referred to in our prior correspondence as "national board members"). In other words, as stated in the earlier produced documents, all key decisions and messaging happens at the national level.

There were some early "chapters" listed which are now defunct, so to speak (these are not separately incorporated, as I have previously informed you).  Nonetheless, please see the below list, which is compiled from the data and documents already produced, listing the current and past "chapters" (which are really more appropriately and as a practical matter referenced as local means of contact).

Also, I have noted where, as also reflected on the previously produced documents and data, the local chapters have physical offices; please be advised this is only true for Chicago (headquarters), Washington D.C. (lobbying offices), and New Jersey locations.  All other "chapters" exist only in the virtual world, though they do assist with finding local venues at which to hold informational seminars and the like (as referenced in the Twitter, Facebook and website archives already produced).  Where appropriate, the "chapter" Facebook locations are also noted.


1. <u>California</u>:

a. <u>AMP-Bay Area</u>: started (at least via Facebook) February 14, 2011; <u>bayarea@ampalestine.org</u>; reachable through @ampalestinebayarea (facebook.com/ampalestinebayarea); no physical office
b. <u>AMP-SoCal</u>: started February 14, 2011; <u>socal@ampalestine.org</u>; facebook.com/American-muslims-for-palestine-amp-southern-california-188927824470865/?ref=br_rs; also no physical office

2. <u>Illinois (Chicago)</u>: <u>chicago@ampalestine.org</u>; facebook.com/ampalestinechicago; no physical location other than headquarters (10063 S. 76th Ave., Bridgeview IL, 60455 (708) 598-4267)
3. <u>Michigan (Detroit)</u>: facebook.com/americanmuslimsforpalestinedetroit; <u>detroit@ampalestine.org</u>; no physical office
4. <u>Minnesota (Minneapolis)</u>: @ampminnesota; (facebook.com/ampminnesota); <u>mn@ampalestine.org</u>; no physical office
5. <u>Missouri</u>: <u>missouri@ampalestine.org</u>; facebook.com/ampofmo; no physical office
6. <u>New Jersey</u>: <u>ampnj@ampalestine.org</u>; @ampnjchapter (facebook.com/ampnjchapter); 9020-28 Palisade Plaza, North Bergen, New Jersey 07047
7. <u>New York</u>: started October 1, 2010; <u>ny@ampalestine.org</u>; @ampny; <u>ny@ampalestine.org</u>; no physical office
8. <u>Washington, D.C.</u>: 6404 Seven Corners Pl., Falls Church, VA  220044; (703) 534-3032 (lobbying office, not just a chapter)
9. <u>Wisconsin (Milwaukee)</u>: <u>milwaukee@ampalestine.org</u>; no physical office


Also, the 2009 archived page of the AMP website lists these chapters and phone numbers, many if not all of which are no longer functioning numbers but are excerpted here for historic purposes (there were no addresses for any of the listings below):

**Berkeley, CA**
(510) 914.6722
**Champaign, IL**
(630) 217.2778
**Chicago, IL**
(773) 951.2020
**Dearborn, MI**
(313) 999.4420
**Kansas City, MO**
(816) 517.9349
**Milwaukee, WI**
(414) 559.7680
**Minneapolis, MN**
(612) 554.2460
**Pasaic County, NJ**
(973) 996.5341

2

**Sacramento Valley, CA**
**Syracuse, NY**

*Christina A. Jump*

Civil Litigation Department Head
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX  75081
(972) 914-2507 (main)
(972) 914-2508 (direct)

# EXHIBIT 16

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | Civil No. 17-cv-03591 |
| Plaintiffs, | |
| v. | Hon. Sharon Johnson Coleman |
| AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID, | Hon. Sidney I. Schenkier |
| Defendants. | |

## DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' JURISDICTION DOCUMENTS REQUEST

Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation ("AJP"), Rafeeq Jaber ("Jaber"), Abdelbaset Hamayel ("Hamayel"), and Osama Abuirshaid ("Abuirshaid") ("current Defendants") file these Amended Objections and Responses to Plaintiffs' Jurisdiction Documents Request, as set forth below.

### GENERAL OBJECTIONS

Defendants assert the following General Objections and qualifications to Plaintiffs' Jurisdiction Document Requests, each of which are hereby incorporated into the responses to each individual request below. A specific response may repeat a general objection for emphasis or some other reason, but the failure to include general objections in any specific response does not waive any general objections to that request.

1.      Defendants object to the Requests (including the "Instructions" and "Definitions") to the extent that they impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure.

2.      Defendants object to the Requests, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," in that they purport to impose requirements or discovery obligations greater than or different from those under the applicable Rules and Orders of this Court, which only permitted discovery limited in scope to assess subject matter jurisdiction and subject matter jurisdiction alone.

3.      Defendants object to the Requests, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," to the extent that, as written, Plaintiffs seek information that invades the privacy of individuals and/or entities who are not parties to this lawsuit or the "*Boim* Action." Defendants further object to Plaintiffs' use of "Network Entity" and "Network Person" throughout these Requests as implying relationships and/or organizational overlap which does not exist between the Defendants in this matter and any other entity listed in Plaintiffs' creation entitled "Network Entity" and "Network Person," and which do not pertain to the instant matter or any jurisdictional issue in this matter. Furthermore, majority of the entities listed in Plaintiffs' definition of "Network Entity" (including "American Middle East League for Palestine; Anera; Baitulmaal, Inc.; Benevolence International Foundation; Global Relief Foundation; Helping Hands for Relief and Development; Hamas; ICNA Relief; IHH Humanitarian Relief Foundation; Islamic Relief Foundation; Interpal; KindHearts; Life for Relief and Development; Middle East Financial Services; The Mosque Foundation (or

Bridgeview Mosque); Muslim American Society; the Muslim Brotherhood; Palestinian

Children's Relief Fund; any branch of the Palestine Committee; Union of Good; United

Muslim Relief; Unlimited Friends Association for Social Development; Viva Palestina; Zakat

Foundation of America" and "any charitable, humanitarian, political or educational

organization in Gaza or the West Bank; and any branch of the acting governmental

authorities in Gaza or the West Bank") are not defendants in this matter and were not

judgment defendants in the original Boim action filed in 2000. The same is true of those

identified in Plaintiffs' definition of "Network Person" (including "Khaled Abughazaleh;

Omar Ahmad; Nihad Awad; Shukri Abu Baker; Muhammad Alkik; Hatem Bazian; Khalil

Demir (also known Halil Demir); Sana'a Abed Daoud; Salah Daoud; Ghassan Elashi; George

Galloway; Sheikh Mohammad Al Hanooti; Oussama Jamal; Sheikh Bassam Jarrar; Ayman

Jarwan; Hussein al-Khatib; Khalil al-Khaya; Mousa Abu Marzook; Mohammad El-Mezain;

Kifah Mustapha; Sufian Nabhan; Ashraf Nubani; Magdi Odeh; Yusuf Qaradawi; Mohamed

Qatanani; Nabil Sadoun; Sheikh Jamal Said; Ra' ed Sal ah; Sabri Samirah; Salah Sarsour;

Yousef Shahin; Khaled Smaili" and "any representative or affiliate of a Network Entity").

Therefore, Defendants object that Plaintiffs wrongfully attempt to "brand[] any organization

and its members that support humanitarian interests for the people of Palestine as having an

unlawful motive" and therefore as somehow being indebted to Plaintiffs and under the

control of the Defendants in this matter. *See* Doc. 41, Memorandum Opinion and Order

granting Motion to Dismiss, at 10.

4.      Defendants object to the Requests, as well as the "Instructions" and "Definitions,"

including but not limited to usages applicable to the terms "Respondent" or "affiliate," to the

extent that that they are vague, ambiguous, and overly broad, as used throughout these

Requests not intelligible in the context of the applicable Request.

5.      Defendants object to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the require proportionality analysis.

6.      Defendants object to the Requests to the extent they seek documents or electronically stored information that are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

7.      Defendants object to the Requests to the extent that they seek documents or electronically stored information that are not reasonably available to Defendants, that are obtainable from some other source that is more convenient, less burdensome, or less expensive, or equally available to Plaintiffs in this matter, and/or that are already in Plaintiffs' possession, custody, or control.

8.      Defendants object to the Requests to the extent that they seek to require Defendants to obtain information from third parties.

9.      It should not be inferred from the form or substance of any objection or response that documents or electronically stored information responsive to any particular Request exist.

10.     Defendants do not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendants' Objections and Responses are conditioned specifically on the understanding that the provision of documents or electronically stored information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent

disclosure shall not constitute – and is in no way intended as – a waiver of any privilege or any other ground for objecting to such discovery with respect to such document, electronically stored information, the subject matter thereof, or the information contained therein. Any inadvertent disclosure by Defendants shall not constitute a waiver of the Defendants' right to object to the use of any such document, electronically stored information, the information contained therein, or any information derived therefrom, during any other proceeding.

### OBJECTIONS AND RESPONSES

1. All documents you or any defendant may rely upon, present, or seek to introduce as evidence in connection with any motion or hearing to determine or challenge the existence of the Court's subject matter jurisdiction in this case.

   ***Response***: <u>Objection</u>. This Request for Production is overly broad in that it seeks to require the Defendants to provide an entire defense in response to one Request, and as such constitutes an improper fishing expedition. Furthermore, this Request seeks information which is covered by the attorney client and work product privileges to the extent it seeks information on which "defendant may rely" as stated above, and further exceeds the scope of this Court's order for this discovery. Subject to these objections, Defendants respond as follows:

   See prior filings and attachments, as well as documents produced in response to Plaintiffs' jurisdictional discovery (documents 0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581; and 004135 -- 004409), as well as the Declaration of Munjed Ahmad, previously produced, and documents referenced therein.

2. All certificates of incorporation or other formation documents, registrations, revocations,

by- laws, qualifications to operate in any state, or other documents filed with the secretary of state of any state by or on behalf of either Entity Defendant or any chapter, regional office or affiliate.

> **Response**: <u>Objection</u>. Individual Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions, and further as to overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "any chapter, regional office or affiliate" of the same. Subject to the foregoing objections, Individual Defendants respond as follows:
>
> Please see documents produced in response to this Request (documents 0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581; 002594 – 002660; and 004135 -- 004409). The Defendants further refer Plaintiffs to pages reflecting members of the Board of Directors of AMP as evidenced by relevant historic pages from AMP's website, produced herewith, as well as publicly available documents. Furthermore, Defendants will produce additional documents bates labeled 002594 – 002660 and 004410 – 004422 upon the execution of an agreed Confidentiality Order.

3.  All documents relating to any "voluntary organization," unincorporated organization, or other precursor organization that pre-existed the formation of either Entity Defendant. Include in your response any documents relating to AMP's contention that it was founded in 2005 as a "strictly volunteer" organization.

> **Response**: <u>Objection</u>. Defendants object to this Request as to the term "precursor organizations" and further as to overly broad and not reasonably calculated to lead to

the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. This Request is also vague to the extent this Request seeks documents related to "any "voluntary organization," unincorporated organization, or other precursor organization that pre-existed the formation of either Entity Defendant" as stated above, and Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows:

There were no "precursor organizations" of AMP or AJP. As stated in the Declaration of Munjed Ahmed, previously produced, and supported by the documents referenced therein, AMP was originally contemplated in late 2005 and formed in 2006. No action occurred prior to its formation. Furthermore, as AMP's website only briefly listed an erroneous year for the creation of AMP (as 2005 instead of 2006) and AJP (as 2008 instead of 2009) and this error was corrected at least by January 2017, well before the filing of Plaintiffs' Complaint in this matter, Defendants object to Plaintiffs' known mischaracterization of these facts.

4. All documents relating to the decision(s) to create or form any Entity Defendant or precursor organization.

   ***Response***: Objection. Defendants object to this Request as to the terms "precursor organizations" and "Entity Defendant", and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and as exceeding the scope of this Court's order for this discovery. Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows:

   There were no "precursor organizations" of AMP or AJP. As to any documents

relating to the decision to form AJP and/or AMP which were retained in this normal course of business, please see documents produced with these Responses (documents 0000001 – 0000002; 0000005 – 0000068; 002573 – 002590). As stated in the Declaration of Munjed Ahmed, previously produced, and supported by the documents referenced therein, AMP was originally contemplated in late 2005 and formed in 2006. No action occurred prior to its formation. Furthermore, as AMP's website only briefly listed an erroneous year for the creation of AMP (as 2005 instead of 2006) and AJP (as 2008 instead of 2009) and this error was corrected at least by January 2017, well before the filing of Plaintiffs' Complaint in this matter, Defendants object to Plaintiffs' known mischaracterization of these facts.

5. All documents relating to the hierarchy and structure of either Entity Defendant. Include in your response organization charts, reporting structures, list of officers, directors and employees, and documents relating to the relationship of the Entity Defendant to chapters, regional officers and affiliates.

*Response*: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and Defendants refer to their General Objections to these terms. Subject to the foregoing objections, Defendants respond as follows:

To the extent these documents were retained in the normal course of business and are in the possession of Defendants, please see documents produced in response to this Request (documents 0000001 – 0000002; 0000005 – 0000068; 002573 – 002590; and 004135 -- 004409). Defendants further refer Plaintiffs to the full archive of the relevant Twitter and Facebook accounts, as well as relevant historic website pages

produced in this matter, and publicly available documents.

6. All documents reflecting or relating to the meetings, decisions and actions of either Entity Defendant's board of directors (or governing body), including without limitation meeting minutes, resolutions, consents, election or appointment of officers and directors, and actions taken without meetings.

   ***Response***: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and Defendants refer to their General Objections to these terms. Furthermore, Defendants object as this Request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence, is not reasonably limited in time or scope, and is not within the scope of this Court's order relating to jurisdictional discovery. And, this Request seeks information which is proprietary and confidential as to AJP and AMP. Subject to the foregoing objections, Defendants respond as follows:

   Defendants refer Plaintiffs to publicly available documents for responsive, non-objectionable materials, many of which are provided with these Responses. Defendants further respond that AMP and AJP, as small non-profit organizations, do not maintain records or structural hierarchies which some larger organizations might. To the extent these documents are in the possession of Defendants, Plaintiff will produce documents already bates labeled 002594 – 002660 and 004410 -- 004422 after the parties execute an agreed Confidentiality Order.

7. All documents constituting or relating to either Entity Defendant's filings with the Internal Revenue Service or other taxing authority, including without limitation the Entity Defendant's filings of Form 990 and any tax returns.

**Response**:

To the extent these documents are in the possession of Defendants, please see documents produced in response to this Request (documents 000277 – 000456; 002559 – 002579; and 002591 – 002593).

8. All documents in Respondent's possession, custody or control relating to the *Boim* Judgment, enforcement efforts in connection with the *Boim* Judgment, or any actual or potential criminal investigation or prosecution of any *Boim* Defendant.

**Response**: None, other than the transcripts of the depositions of Rafeeq Jaber, which are already in the possession of Plaintiffs; limited correspondence retained by Mr. Jaber has already been produced.

9. All documents relating to the cessation of the operations, wind-up, or dissolution of any *Boim* Defendant or affiliate, including documents relating to the decision to stop operating.

**Response**: None.

10. All documents relating to any Assets that at one time were owned or possessed by any *Boim* Defendant and that, at any time, were received (directly or indirectly) or came to be possessed or owned by Respondent.

**Response**: None. As to payments received by any Individual Defendant for agreed paid services as referenced in the previously produced Declarations of the Individual Defendants, please see those Declarations as well as responses provided by Individual Defendants to Interrogatories in this matter.

11. All documents relating to the mission, objectives, purposes, and goals of either Entity Defendant.

**Response**: Objection. Defendants object to this Request as to the characterization of

"Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General

Objections as to this term. Furthermore, Defendants object as this Request seeks

information which is not reasonably calculated to lead to the discovery of admissible

evidence or within the scope of this Court's order relating to jurisdictional discovery.

And, this Request seeks information which is proprietary and confidential as to the

organizational defendants. Subject to the foregoing objections, Defendants respond as

follows:

As to any documents in the possession of Defendants, please see documents

produced in response to this Request (documents 000008 – 000030; 000034; 000065;

002573 – 002579; 002658-002660; and 004135 -- 004409).   Please also see

Declaration of Munjed Ahmad, previously produced in this matter, and documents

referenced therein.

12. All documents relating to any statement, endorsement or position by either Entity

Defendant (or any representative), or espoused in any conference, meeting, event, social

media post, website, blog, advertisement, solicitation, publication, fundraiser, chat

session or communication sponsored, placed, posted or promulgated by an Entity

Defendant (or its representatives), regarding Hamas, the Palestinian Authority,

perpetrators of terror attacks (and their families) in Israel, the use of suicide bombings,

rocket attacks or other violence to achieve political objectives, or the legitimacy of the

state of Israel.

**Response**: Objection. Defendants object to this Request as to the characterization of

"Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General

Objections regarding the same, and further object as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "any statement, endorsement or position by either Entity Defendant (or any representative), or espoused in any conference, meeting, event, social media post, website, blog, advertisement, solicitation, publication, fundraiser, chat session or communication sponsored, placed, posted or promulgated by an Entity Defendant (or its representatives)" of the same. Subject to the foregoing objections, Defendants respond as follows:

To the extent any responsive documents are in the possession of Defendants, please see attached documents produced with these Responses, including the mission statement which addresses education and peace efforts both domestically and internationally (documents 000008 – 000030; 000034; 000065; 002573 – 002579; and 004135 -- 004409). Please also note videos, photographs and links contained within full archives of Twitter and Facebook accounts produced in this matter, as well as relevant historic website pages.

13. All publications, blogs, web page content, social media posts, communications with potential donors or sponsors, fundraising documents, advertisements, newsletters, conference materials, children's publications, re-prints, translations, or other documents written, prepared, published, promulgated, posted, linked to, or distributed by or at the direction of either Entity Defendant (or any representative).

**Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to their General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of

admissible evidence and exceeding the scope of this Court's order for this
discovery, to the extent this Request seeks documents related to "[a]ll publications,
blogs, web page content, social media posts, communications with potential donors
or sponsors, fundraising documents, advertisements, newsletters, conference
materials, children's publications, re-prints, translations, or other documents
written, prepared, published, promulgated, posted, linked to, or distributed by or at
the direction of either Entity Defendant (or any representative)" of the same.

Subject to the foregoing objections, Defendants respond as follows:

14. Please see documents produced in response to this Request (documents 000069 – 000276;
000457 – 002558; 002661 – 004134; and 004135 – 004409, as well as zip files provided
separately). Please also see full Twitter and Facebook archives produced in this matter, for
the lives of those accounts, as well as relevant historic website pages, produced.All
recordings, video recordings, transcripts, notes or other documents recording or reflecting
the content of any meeting, speech, conference, presentation, fundraiser or event that
either Entity Defendant (or any representative) sponsored, hosted, delivered or supported.

**Response**: Objection. Defendants object to this Request as to the characterization of
"Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General
Objections, and further as overly broad and not reasonably calculated to lead to the
discovery of admissible evidence and exceeding the scope of this Court's order for
this discovery, to the extent this Request seeks documents related to "[a]ll recordings,
video recordings, transcripts, notes or other documents recording or reflecting the
content of any meeting, speech, conference, presentation, fundraiser or event that
either Entity Defendant (or any representative) sponsored, hosted, delivered or

supported" of the same. To the extent available within Defendant AMP and AJP's social media accounts, please see archives of the relevant Twitter and Facebook accounts, produced in full, as well as relevant historic website pages at 002661 – 004134; and 004135 – 004409, as well as zip files provided separately.

15. All communications with, and documents relating to payments to or from, any speakers, sponsors, partners, and attendees of conferences, meetings, fundraisers or other events conducted, sponsored or promoted by either Entity Defendant.

**Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery.

Defendants further object to the extent this Request seeks documents related to "[a]ll communications with, and documents relating to payments to or from, any speakers, sponsors, partners, and attendees of conferences, meetings, fundraisers or other events conducted, sponsored or promoted by" the same. To the extent any such information was provided via social media by AMP and/or AJP, please see previously produced social media documents, as well as the full archives of the relevant Twitter and Facebook accounts produced in this matter, and relevant historic website pages also produced (002661 – 004134; and 004135 – 004409, as well as zip files provided separately). Social media accounts are also public and therefore equally available to Plaintiffs in this matter.

16. All document relating to fundraising activities conducted, sponsored, promoted,

advertised, authorized or participated in by either Entity Defendant, including fundraising for the benefit of other organizations.

**Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections, and further object as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "fundraising activities conducted, sponsored, promoted, advertised, authorized or participated in by" the same. To the extent available through Defendant AMP and AJP's social media accounts, see archives of relevant Twitter and Facebook accounts, produced in full, as well as relevant historic website pages produced in this matter (002661 – 004134; and 004135 – 004409, as well as zip files provided separately).

17. All documents relating to income generated by either Entity Defendant other than through the fundraising activities referenced in the preceding request.

**Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to Defendants' General Objections regarding the same, and further object as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery, to the extent this Request seeks documents related to "income generated by either Entity Defendant other than through the fundraising activities".

Subject to the foregoing objections, Individual Defendants respond as follows: None in the possession of the Individual Defendants. The Individual Defendants

further refer Plaintiffs to publicly available documents. As to AJP and AMP, funds
come from donations as well as grants, which are all from domestic (American)
sources. Please see Declaration of Munjed Ahmad, previously produced, and
documents referenced therein, as well as the entire history of relevant website pages,
produced in this matter (002661 – 004134; and 004135 – 004409, as well as zip files
provided separately).

As to the identities of specific donors, Defendants object that this Request seeks
information which invades the privacy rights of those not a party to this lawsuit, and
seeks information which is confidential and proprietary in nature.

18. All documents relating to any legal defense or campaign or effort to obtain pardons,
amnesty or release from imprisonment of any officer, director or representative of HLF or
any affiliate (including the so-called "HLF-5"). Include in your response documents
relating to any direct or indirect support for such campaigns or efforts (e.g. through
solicitations, speaking opportunities, publications or advertisements).

**Response**: Objection. Defendants object to this Request as overly broad, vague and not
reasonably calculated to lead to the discovery of admissible evidence, and exceeding the
scope of this Court's order for this jurisdictional discovery. Subject to the foregoing
objections, Defendants respond as follows:

None in the possession of any Defendants in this matter. To the extent responsive,
see the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs'
possession. To the extent relevant to prove this negative, please see full archives of
relevant Twitter and Facebook pages, produced in this matter, as well as relevant
historic website pages, produced in this matter (002661 – 004134; and 004135 –

004409, as well as zip files provided separately).

19. Documents relating to the registration and maintenance of any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of Respondent.

**Response**: <u>Objection</u>. Defendants object to this Request as vague as to "Respondent", as well as being overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Defendants further object to this Request as seeking information which is confidential and proprietary. To the extent not otherwise protected, please see the archives of Defendant AMP and AJP's relevant Twitter and Facebook accounts, produced in full (002661 – 004134; and 004135 – 004409, as well as zip files provided separately).

20. All documents relating to relationships, dealings, contracts, communications, sponsorship, support, affiliation, sharing of leadership or personnel, or transfers of funds (directly or through intermediate organizations) between Respondent and any Network Entity or Network Person.

**Response**: <u>Objection</u>. Defendants object to this Request as to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, refer to Defendants' General Objections on the same, and will not accept or respond as to the term and definition given. Further, Defendants object to this Request as vague in that it does not reasonably define "Respondent", as well as being overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the

discovery of admissible evidence, and exceeding the scope of this Court's order for

this jurisdictional discovery, to the extent this Request seeks documents related to

"[a]ll documents relating to relationships, dealings, contracts, communications,

sponsorship, support, affiliation, sharing of leadership or personnel, or transfers of

funds (directly or through intermediate organizations)" of the same.

Subject to the foregoing objection, Defendants respond as follows:

As shown in the Declaration of Munjed Ahmad, previously produced, and documents

referenced therein, as well as the relevant archived pages of the website of AMP

(relevant historic pages produced at 004135 – 004409), AMP and AJP are strictly

American organizations, funded by voluntary donations made entirely within the

United States.

21. All documents relating to the use, recipient(s) and disposition of funds raised by either

    Entity Defendant (or any affiliate), including funds raised on behalf of other

    organizations. Include in your response any transfer of funds (directly or indirectly) to

    any person, organization or entity outside of the United States, including entities,

    organizations or authorities in Gaza or the West Bank.

    **Response**: <u>Objection</u>. Defendants object to this Request as to the characterization of

    "Entity Defendant" in Plaintiffs' definitions, and further as to overly broad,

    not reasonably limited in time and scope, and not reasonably calculated to

    lead to the discovery of admissible evidence and exceeding the scope of this

    Court's order for this discovery, to the extent this Request seeks documents

    related to "relating to the use, recipient(s) and disposition of funds raised by

    either Entity Defendant (or any affiliate), including funds raised on behalf of

other organizations" and "any transfer of funds (directly or indirectly) to any

person, organization or entity outside of the United States, including entities,

organizations or authorities in Gaza or the West Bank". Defendants further

object to this Request as invading the privacy rights of those not a party to

this lawsuit, as well as seeking information which is confidential and

proprietary.

Subject to the foregoing objection, Defendants point Plaintiffs to the

statement contained both in the Declaration of Munjed Ahmad, previously

produced in this matter, as well as all relevant historic website pages,

produced in this matter, stating that "AMP and AJP are strictly American

organizations, funded by voluntary donations made entirely within the United

States."

22. All documents relating to any transfers of funds between AJP and AMP.

**Response**: Objection. Defendants object to this Request as overly broad, not reasonably

limited in time and scope, and not reasonably calculated to lead to the discovery

of admissible evidence, and exceeding the scope of this Court's order for this

discovery.

23. Copies in your possession, custody, and control of *Al-Zaytounah* and *Al-Meezan* and all

documents relating to the creation and promulgation of these publications, including the

decision to cease publishing *Al-Zaytounah* and the decision to begin publishing *Al-Meezan*.

**Response**: Objection. Defendants object to this Request as overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible

evidence, and exceeding the scope of this Court's order for this jurisdictional discovery.

24. All documents relating to annual conferences held by IAP (or any affiliate) or either Entity Defendant, including without limitation documents relating to speakers, agendas, publicity, participants, sponsors, organizations with booths, partners, attendees, the cessation of IAP conferences, and the commencement of AMP conferences.

> **Response**: Objection. Defendants object to this Request as to the characterization of "Entity Defendant" in Plaintiffs' definitions and refer to their General Objections regarding the same, and further object as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Individual Defendants respond as follows:
> As to conferences held by IAP or the cessation of IAP conferences, no related documents are in the possession of any Defendants. As to AMP conferences, please see content contained within full archives of the relevant Twitter and Facebook accounts, produced herein, and the relevant historic website pages produced in this matter (bates labeled 002661 – 004409 and separately produced zip files).

25. All documents relating to the event in Detroit, Michigan in 2015 sponsored by AMP (and/or affiliates), which raised approximately $200,000 for charitable purposes in Gaza. (*See* https://www.eremnews.com/news/arab-world/249203)

> **Response**: Objection. Defendants object to this Request as to the characterization of "and/or affiliates" and "sponsored by AMP", and further object to this Request as

overly broad and not reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited in time and scope, and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Defendants respond as follows: None in the possession of the Individual Defendants. On behalf of AMP, AMP served in an educational role in the referenced event. Donations were collected for United Muslim Relief, a charitable organization which is, to the best of the knowledge of Defendants, in good legal standing. Defendants object to any translation of the article cited above into English which may erroneously imply otherwise. Furthermore, no Defendant drafted the referenced article, and the Defendants therefore do not vouch for its accuracy. As to any relevant posting regarding the referenced event, please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter (bates labeled 002661 – 004409 and separately produced zip files).

26. All documents relating to any representative of Respondent appearing as a speaker, presenter or panelist at any fundraiser, meeting, conference or event sponsored by persons or entities other than Respondent.

**Response**: Objection. Defendants object to this Request as vague as to "Respondent", overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery.

Subject to the foregoing objections, Defendants respond as follows:

To the extent relevant, please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter (bates

labeled 002661 – 004409 and separately produced zip files).

27. All documents that Respondent obtained directly or indirectly from any *Boim* Defendant. This request includes any copies of paper documents, electronic transmissions or electronically stored information now in Respondent's possession, custody or control that were at any time in the possession, custody or control of a *Boim* Defendant.

    **Response**: 

    None.

28. All documents relating to the preventing or avoiding liability for the *Boim* Judgment or civil or criminal liability under the federal Anti-Terrorism Act of any other anti-terrorism statute.

    **Response**: None exist.

29. For defendants Abdelbasset Hamayel and Osama Abuirshaid, documents related to your move to the United States and any travel to the United States prior to December 31, 1996.

    **Response**: Objection. Individual Defendants Hamayel and Abuirshaid object to this Request as overly broad, not reasonably limited in time and scope, an invasion of personal privacy as written, and not reasonably calculated to lead to the discovery of admissible evidence, as well as exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Individual Defendants Hamayel and Abuirshaid respond as follows:

    None retained; see Declarations of Individual Defendants Hamayel and Abuirshaid, provided previously in this matter, for relevant factual summaries, as well as Declaration of Munjed Ahmad, previously provided, to the extent

relevant.

30. For the Individual Defendants, all documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position you held with any *Boim* Defendant (or affiliate, chapter or regional office) at any time.

**Response**: <u>Objection</u>. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Defendants further object to this Request as vague in that it does not reasonably define "affiliate, chapter or regional office" as it is used here, and invades the privacy rights of the Individual Defendants as to "all documents."

Subject to the foregoing objections, Individual Defendants respond as follows: None in the possession of Individual Defendants; see Declarations of Individual Defendants provided previously in this matter for relevant factual summaries, as well as the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession. Please also see all previously produced articles of incorporation, by-laws, mission statements and related documents relating to AMP and AJP, which have already been provided in this matter, as well as the Declaration of Munjed Ahmad, and please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter at bates labels 002661 – 004409 and separately produced zip files (which have at no time been in the custody and control of the Individual Defendants).

31. For the Individual Defendants, all documents reflecting any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position you held or hold with AMP, AJP, the Mosque foundation (or Bridgeview Mosque), KindHearts, or any affiliate, chapter, division or regional office of AMP or AJP. Include in your response documents relating to any compensation you received and any work you performed.

**Response**: Objection. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery, particularly as to the reference to entities not currently a party to this lawsuit and not parties to the original 2000 *Boim* lawsuit. Individual Defendants further object to the extent this Request implies without factual basis any connection or affiliation between AMP and/or AJP, and the listed other entities, for the same reasons as referenced in Defendants' General Objections to the terms "Network Entity" and "Network Person" which are incorporated herein. Defendants further object to the extent this Request invades the privacy rights of the Individual Defendants.

Subject to the foregoing objections, Individual Defendants respond as follows: None in the possession of Individual Defendants; see Declarations of Individual Defendants provided previously in this matter for relevant factual summaries, as well as the transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession. As to AMP and AJP, please see previously provided documents identifying officers, board members and employees, as well as mission statements

and descriptions of job functions for AMP and AJP, as well as the Declaration of Munjed Ahmad, previously provided, and documents referenced therein; please also see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, produced in this matter at bates labels 002661 – 004409 and separately produced zip files (which have at no time been in the custody and control of the Individual Defendants).

32. For the Individual Defendants, all documents supporting or relating to any assertion set forth in your declaration filed on or about June 12, 2017 in support of defendants' motion to dismiss this matter.

**Response**: To the extent any such documents are in the possession of Individual Defendants and do not unreasonably invade the privacy rights of the Individual Defendants, please see documents previously produced with these Responses. Please also see transcripts of the depositions of Rafeeq Jaber, already in Plaintiffs' possession. Further, Defendant Jaber responds that he has maintained his personal business, Jaber Financial Services, which operated at 8150 W. 111th Street, Palos Hills, IL, from approximately 2003 through 2011. As of approximately January 2012, Jaber Financial Services has operated and been located at 10661 S. Roberts Road, Suite 200, Palos Hills, IL. There was no overlap between the operation of Jaber Financial Services at its current address, and the cessation of AMS many years beforehand, at a different suite number in the same office building. Furthermore, Jaber Financial Services did not receive any assets or inventory, or assume any contracts from any *Boim* 2000 judgment defendant, and neither did any of the Defendants in this matter.

33. For the Individual Defendants, documents relating to any travel to the Middle East during which you attended or participated in any meeting, conference or event or met with any representative of any Islamic or Palestinian organization or entity.

> **Response**: <u>Objection</u>. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery.

34. For Defendant Abuirshaid, all documents relating to your attendance at any Conference for Palestinians Abroad ("PalesAbroad"), including the PalesAbroad event in Istanbul in February 2017, and a PalesAbroad event in Amman, Jordan. Include in your response any transcript, nots [sic] or other document reflecting any remarks or speech you gave.

> **Response**: <u>Objection</u>. Individual Defendants object to this Request as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this jurisdictional discovery. Further, this Request is an unreasonable invasion of the privacy rights of Defendant Abuirshaid.

35. All documents identified, referred to or relied upon in preparing your responses to plaintiff's [sic] jurisdiction interrogatories.

> **Response**: For any documents not protected by attorney-client and work product privileges, please see previous Objections and Responses in this document, as well as Defendants' Objections and Responses to Plaintiffs' Interrogatories; please also see documents produced with these Responses for all non-objectionable relevant

materials in the possession of Defendants (documents 000001 – 004422, of which

002594 – 002660 and 004410 – 004422 will be provided upon execution of an agreed

Confidentiality Order).

Dated this 10th day of April, 2018.

*/s/ Christina Jump*
Chares D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX  75081
Phone: (972) 914-2507
Fax: (972) 692-7454


Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On April 10, 2018, I sent a copy of these Amended Objections and Responses to all

attorneys of record via email.

*/s/ Christina Jump*
Christina A. Jump

# EXHIBIT 17

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>      Plaintiffs,<br><br>    v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID,<br><br>      Defendants. | Civil No. 17-cv-03591<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Sidney I. Schenkier |

## DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' JURISDICTION INTERROGATORIES TO DEFENDANTS AMERICAN MUSLIMS FOR PALESTINE AND AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION

Defendants American Muslims for Palestine ("AMP") and Americans for Justice in Palestine Educational Foundation ("AJP") file these Amended Objections and Responses to Plaintiffs' Jurisdiction Interrogatories, as set forth below.

### GENERAL OBJECTIONS

Defendants assert the following General Objections and qualifications to Plaintiffs' Jurisdiction Interrogatories, each of which are hereby incorporated into the responses to each individual interrogatory below. A specific response may repeat a general objection for emphasis or some other reason, but the failure to include general objections in any specific response does not waive any general objections to that request.

1. Defendants object to the Interrogatories (including the "Instructions" and "Definitions") to the extent that they impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure.

2. Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," in that they purport to impose requirements or discovery obligations greater than or different from those under the applicable Rules and Orders of this Court, which only permitted discovery limited in scope to assess subject matter jurisdiction and subject matter jurisdiction alone.

3. Defendants object to the Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," to the extent that, as written, Plaintiffs seek information that invades the privacy of individuals and/or entities who are not parties to this lawsuit or the original "*Boim* Action." Defendants further object to Plaintiffs' use of "Network Entity" and "Network Person" throughout these Interrogatories as implying relationships and/or organizational overlap which does not exist between the Defendants in this matter and any other entity listed in Plaintiffs' creation entitled "Network Entity" and "Network Person," and which do not pertain to the instant matter or any jurisdictional issue in this matter. Furthermore, majority of the entities listed in Plaintiffs' definition of "Network Entity" (including "American Middle East League for Palestine; Anera; Baitulmaal, Inc.; Benevolence International Foundation; Global Relief Foundation; Helping Hands for Relief and Development; Hamas; ICNA Relief; IHH Humanitarian Relief Foundation; Islamic Relief Foundation; Interpal; KindHearts; Life for Relief and Development; Middle East Financial Services; The Mosque Foundation (or Bridgeview Mosque); Muslim American Society; the Muslim Brotherhood;

Palestinian Children's Relief Fund; any branch of the Palestine Committee; Union of Good; United Muslim Relief; Unlimited Friends Association for Social Development; Viva Palestina; Zakat Foundation of America" and "any charitable, humanitarian, political or educational organization in Gaza or the West Bank; and any branch of the acting governmental authorities in Gaza or the West Bank") are not defendants in this matter and were not judgment defendants in the original Boim action filed in 2000. The same is true of those identified in Plaintiffs' definition of "Network Person" (including "Khaled Abughazaleh; Omar Ahmad; Nihad Awad; Shukri Abu Baker; Muhammad Alkik; Hatem Bazian; Khalil Demir (also known Halil Demir); Sana'a Abed Daoud; Salah Daoud; Ghassan Elashi; George Galloway; Sheikh Mohammad Al Hanooti; Oussama Jamal; Sheikh Bassam Jarrar; Ayman Jarwan; Hussein al-Khatib; Khalil al-Khaya; Mousa Abu Marzook; Mohammad El-Mezain; Kifah Mustapha; Sufian Nabhan; Ashraf Nubani; Magdi Odeh; Yusuf Qaradawi; Mohamed Qatanani; Nabil Sadoun; Sheikh Jamal Said, Ra' ed Sal ah; Sabri Samirah; Salah Sarsour; Yousef Shahin; Khaled Smaili" and "any representative or affiliate of a Network Entity"). Therefore, Defendants object that Plaintiffs wrongfully attempt to "brand[] any organization and its members that support humanitarian interests for the people of Palestine as having an unlawful motive" and therefore as somehow being indebted to Plaintiffs and under the control of the Defendants in this matter. *See* Doc. 41, Memorandum Opinion and Order granting Motion to Dismiss, at 10.

4. Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "Respondent" or "affiliate," to the extent that that they are vague, ambiguous, and overly broad, as used throughout these Requests not intelligible in the context of the applicable Request.

5. Defendants object to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the require proportionality analysis.

6. Defendants object to these Interrogatories to the extent they seek documents or electronically stored information that are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

7. Defendants object to these Interrogatories to the extent that they seek to require Defendants to obtain information from third parties.

8. It should not be inferred from the form or substance of any objection or response that documents or electronically stored information responsive to any particular Interrogatory exist.

9. Defendants do not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendants' Objections and Responses are conditioned specifically on the understanding that the provision of documents or electronically stored information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent disclosure shall not constitute – and is in no way intended as – a waiver of any privilege or any other ground for objecting to such discovery with respect to such document, electronically stored information, the subject matter thereof, or the information contained therein. Any inadvertent disclosure by Defendants shall not constitute a waiver of the Defendants' right to object to the use of any such document, electronically stored information, the information contained therein, or any information derived therefrom, during any other proceeding.

### SPECIFIC RESPONSES AND OBJECTIONS

1. Identify all persons who have knowledge of the issues and factual assertions raised in defendants' motion to dismiss for alleged lack of subject matter jurisdiction [Dkt 31] filed in this case.

   **Response**: See individuals identified in previous court filings, declarations provided with the same and documents produced in response to Plaintiffs' requests for production (documents 0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581; 004135 -- 004409). See also Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as this Court's Order finding no subject matter jurisdiction.

2. Identify all persons who may provide testimony or declarations in connection with any motion or hearing to determine or challenge the existence of the Court's subject matter jurisdiction in this case. For each, identify the person's anticipated testimony and all facts or information pertinent to the Court's subject matter jurisdiction upon which the person would be competent to testify.

   **Response**: Objection. This Interrogatory is overly broad in that it seeks to require the Defendants to provide an entire defense in response to one Interrogatory, and as such constitutes an improper fishing expedition. Furthermore, this Interrogatory seeks information which is covered by the attorney client and work product privileges to the extent it seeks designation of all persons "who may provide testimony or declarations" as stated above, and further exceeds the scope of this Court's order for this discovery. Subject to these objections, Defendants respond as follows:

   See prior filings and attachments, as well as documents produced in response to

Plaintiffs' requests for production (documents 0000006 – 0000030; 0000034;
0000051; 0000056; 002573 – 002579; 002581; 004135 -- 004409). The Individual
Defendants, reachable through designated counsel, have already provided
Declarations in this matter, and Defendants refer Plaintiffs to those Declarations
which have already been filed and produced in this matter. Please also see Declaration
of Munjed Ahmad, previously produced in this matter, and documents referenced
therein. Defendants do not foresee a need for further briefing or Declarations on the
issue.

3. For each year from Respondent's inception forward, identify: all members of
Respondent's board of directors or other governing body; Respondent's officers
and other employees; and all chapters, offices, locations, affiliates, regional
operations and divisions of Respondent that exist or have existed at any time.

**Response**: Objection. Defendants object to this Request as vague as to "Respondent",
overly broad, not reasonably limited in time and scope, and therefore not reasonably
calculated to lead to the discovery of admissible evidence, as well as exceeding the
scope of this Court's order for this discovery. Subject to the foregoing objections,
Defendants respond as follows:

See documents produced with the responses to Plaintiffs' requests for production
(0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581;
004135 -- 004409) as well as full archives of relevant Twitter and Facebook accounts
and relevant historic website pages, produced herein. Defendants will supplement if
additional information or documents are discovered.

Per the produced by-laws and other referenced documents produced, the Officers and

Board members of AJP at inception were:

- Hatem Al-Bazien, President
- Munjed Ahmed, Treasurer and Vice President
- Sandy Stephan, Secretary
- Board members:
  - Hatem Al-Bazian
  - Munjed Ahmed
  - Hussein Khatib
  - Osama Abuirshaid
  - Salah Sarsour
  - Shakeel Syed

AMP has not had employees historically. The below are past and present employees

of AJP:

- Awad Odeh
- Julia Salameh
- Amira Daoud
- Kristin Szremski
- Taher Herzallah (current employee)
- Arwa Abdallah
- Karima Al-Helow
- Mohammad Suleiman
- Izabela Banka
- Rami Blebel
- Kareem El-Hosseiny (current employee)
- Diana Galbraith
- Iyas Abuhasna
- Rima Najjar
- Alaa Abubaker
- Rammie Ashkar
- Leena Kaheil (current contractor)
- Mariam Aldisi (current employee)

In addition, AMP's 2009 filings with the Secretary of State list its officers as the following:

- Hatem Al-Bazian
- Awad Hamdan
- Dean Salem

Furthermore, AMP's 2013 filings list the following positions at that time:

- Hatem Al-Bazian as CEO and Chief Financial Officer

- Munjed Ahmed as Secretary

In addition, as noted in the produced documents, AMP officially became a d/b/a of AJP in late 2016/early 2017, and had been functioning as such for several years prior.

Please also refer to the relevant historic website pages produced in this matter (004135 – 004409), reflecting the Board for each noted year written exactly as follows:

2009 National Board Members:

Dr. Hatem Bazyan - Chairman
Diaa Salem – Treasurer
Julia Salameh – Marketing/Outreach Chairwoman
Kristin Szremski – Media Chairwoman
Salah Sarsour – Chapter Coordinator
Sulyan Nabhan
Dr. Daad Katato
Mamon Hussein
Yousuf Shahin
Ebdelelah Nofal

2010 National Board Members:

Dr. Hatem Bazyan - Chairman
Diaa Salem – Treasurer
Salah Sarsour – Chapter Coordinator
Sulyan Nabhan
Dr. Daad Katato
Mamon Hussein
Yousuf Shahin
Ebdelelah Nofal

2011 National Board Members:

Dr. Hatem Bazyan – Chairman
Munjed Ahmad – Vice Chairman
Salah Sarsour
Sulyan Nabhan
Mamon Hussein
Yousuf Shahin
Sana Daoud
Hussein Al-Khatib

Abdel-llah Nofal
Osama Abu Irshaid
Shakeel Sayed

2012 National Board Members:

Dr. Hatem Bazyan – Chairman
Munjed Ahmad – Vice Chairman
Salah Sarsour
Sulyan Nabhan
Mamon Hussein
Yousuf Shahin
Sana Daoud
Hussein Al-Khatib
Abdel-llah Nofal
Osamah Abuirshaid
Shakeel Sayed

(not listed for 2013 but no changes documented)

2014 National Board Members:

Dr. Hatem Bazyan – Chairman
Munjed Ahmad – Vice Chairman
Salah Sarsour
Sulyan Nabhan
Mamon Hussein
Yousuf Shahin
Sana Daoud
Hussein Al-Khatib
Abdel-llah Nofal
Osamah Abuirshaid
Shakeel Sayed

2015 National Board Members:

Dr. Hatem Bazyan – Chairman
Munjed Ahmad – Vice Chairman
Salah Sarsour
Sulyan Nabhan
Mamon Hussein
Yousuf Shahin
Sana Daoud
Hussein Al-Khatib
Abdel-llah Nofal
Osamah Abuirshaid

Shakeel Sayed

<u>2016 National Board Members</u>:

Dr. Hatem Bazyan – Chairman
Munjed Ahmad – Vice Chairman
Salah Sarsour
Sulyan Nabhan
Mamon Hussein
Yousuf Shahin
Sana Daoud
Hussein Al-Khatib
Abdel-llah Nofal
Osamah Abuirshaid
Shakeel Sayed

<u>2017 National Board Members</u>:

Dr. Hatem Bazian – Chairman
Munjed Ahmad – Vice Chairman
Salah Sarsour
Sufyan Nabhan
Mamon Hussein
Yousuf Shahin
Sana Daoud
Hussein Al-Khatib
Abdel-llah Nofal
Dr. Osama Abuirshaid – National Policy Director
Shakeel Sayed

<u>2018 National Board Members</u>:

Dr. Hatem Bazian – Chairman
Munjed Ahmad – Vice Chairman
Salah Sarsour
Sufyan Nabhan
Mamon Hussein
Yousuf Shahin
Sana Daoud
Hussein Al-Khatib
Abdel-llah Nofal
Dr. Osama Abuirshaid – National Policy Director
Shakeel Sayed

4. Describe the structure and hierarchy of Respondent, including the leadership and reporting structure, and the responsibilities of each officer, manager and employee. If the structure or hierarchy has changed over time since Respondent's inception, describe and provide the dates and nature of the changes.

**Response**: Objection. Defendants object to this Request as vague as to "Respondent." Subject to this objection, Defendants respond as follows:

As noted in the document production, AJP was incorporated on November 16, 2009. AMP was incorporated on August 2, 2006 in California. AMP and AJP are small non-profit entities, which do not have the detailed organizational structure as some larger entities might. To the extent documents have been retained in the normal course of business, please see documents produced in response to Plaintiffs' requests for production (0000001 – 0000002; 0000005 – 0000068; 002573 – 002590; 004135 -- 004409), which set forth the answers to this Interrogatory and describe in detail the hierarchy and processes within AJP. AMP does not have direct employees, and currently operates and is registered as a d/b/a of AJP. Specific supporting documents regarding this are referenced in this answer, above. In addition, please see Declaration of Munjed Ahmad, previously provided, and documents referenced therein, as well as Response to Interrogatory No. 3, above.

5. Describe the creation and formation of Respondent. In your description, identify the date and place of Respondent's incorporation; any voluntary or unincorporated organizations that pre-existed the formation of Respondent; all persons involved in the incorporation or creation of Respondent and any precursor organization; and all documents related to the formation of Respondent and any precursor organization.

**Response**: Objection. Defendants object to this Request as vague as to "Respondent." Defendants further object to the term "precursor organization." Subject to this objection, Defendants respond as follows:

As noted in the document production, AJP was incorporated on November 16, 2009. AMP was incorporated on August 2, 2006 in California. AMP and AJP are small non-profit entities, which do not have the detailed organizational structure or records as some larger entities might. Information from formation, including emails, were not retained in the normal course of business prior to the start of this litigation. Since then, there have been no emails addressing the start of organizations other than privileged communications with counsel related to this litigation. For responsive information and to the extent documents have been retained in the normal course of business, please see documents produced in response to Plaintiffs' requests for production (0000001 – 0000002; 0000005 – 0000068; 002573 – 002590), which set forth the answers to this Interrogatory. Furthermore, there are no "precursor entities" to AJP or AMP. In addition, please see Declaration of Munjed Ahmad, previously provided, and documents referenced therein, as well as Response to Interrogatory No. 3, above. Furthermore, there are additional documents, bates labeled 002594 – 002660 and 004410 – 004422, which will be produced upon execution of an agreed Confidentiality Order.

6. List all physical addresses (with office suite numbers) where Respondent has at any time maintained offices or conducted operations, including locations used by any chapter, regional office, division, affiliate organization or representative of Respondent.

**Response**: <u>Objection</u>. Defendants object to this Request as vague as to "Respondent."

Defendants further object to the terms "chapter, regional office, division, affiliate

organization or representative of Respondent" as overly broad and vague. Subject to

these objections, Defendants respond as follows:

> AJP c/o
> Hatem Al-Bazian
> 2801 Telegraph Ave
> Berkeley, CA 94705
>
>
> AMP-Chicago
> 6424 West Belmont Ave
> Chicago, IL 60634
>
> AMP/AJP
> 10101 S. Roberts Rd.
> Palos Hills, IL 60465
>
> AMP/AJP
> 10063 S. 76th Ave.
> Bridgeview, IL 60455
>
> AMP-DC Office 717 D. St NW
> Washington, D.C. 200024
>
> AJP/AMP
> 6404 Seven Corners Place St.
> N Falls Church, VA 22044
>
> AMP-NJ office
> 9028 Palisade Plaza
> North Bergen, NJ 07047
>
> Please also see the full archives of the relevant Twitter (002661 – 003934 and
> separately produced zip files) and Facebook accounts (003935 – 004134 and
> separately produced zip files), produced in this matter, as well as relevant
> historic website pages produced in this matter.

7.  Identify all Assets that were at any time owned or possessed by any *Boim* Defendant

and were later received (directly or indirectly) or came to be possessed or owned by

Respondent.

**Response**:

None as to AMP and AJP. As to any payments made to the Individual Defendants, see Objections and Responses to Interrogatories to Individual Defendants as well as their individual Declarations previously provided. See also Declaration of Munjed Ahmad, previously provided, and documents referenced therein.

8. Identify all relationships, affiliations, sharing of leadership or personnel, contracts, dealings, communications, sponsorship, support, or transfers of funds (directly or through intermediate organizations) between Respondent and any Network Entity or Network Person.

   **Response**: Objection. Defendants object to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, as set forth in Defendants' General Objections and referenced herein, and will not accept or respond as to the term and definition given. Further, Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. As such, Defendants cannot provide a meaningful response to this Interrogatory, other than to refer back to Defendants' Response to Interrogatory No. 7, above, and state further that neither AMP nor AJP have at any time shared or assumed any contracts with or received any transfer of funds from any judgment defendant from the original *Boim* action filed in 2000.

9. Identify all persons, entities or organizations to which Respondent has provided funding for or support for fundraising (including without limitation by direct funding,

promotion at conferences and events, booths at conferences, advertisements, website links or solicitations).

**Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Furthermore, this Interrogatory seeks to invade the privacy rights of individuals not a party to this lawsuit, and seeks information which is confidential and proprietary as to the operating of AMP and AJP. Subject to and without waiving the foregoing, Defendants respond as follows:

Defendants provide an educational role and raise awareness about Palestine, as stated in AMP and AJP's respective mission statements and as reflected in the documents produced in response to Plaintiffs' requests for production (documents 000008 – 000030; 000034; 000065; and 002573 – 002579), as well as in the Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as the full archives of the relevant Twitter and Facebook accounts and relevant historic website pages produced in this matter. Funds are raised and dispersed domestically, and cover expenses of AJP and AMP operations as well as the educational efforts of AJP and AMP.

10. Identify all donors, sponsors or funders of Respondent (including any chapter, regional office or affiliate of Respondent). For each, indicate the amount and date(s) of the funding and whether, to Respondent's knowledge, the donor, sponsor or funder ever provided funds to any *Boim* Defendant.

**Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Furthermore, this Interrogatory invades the privacy rights of individuals who are not parties to this litigation, and seeks information which is proprietary and confidential as to AJP and AMP. In addition, AJP and AMP do not have access to records of the original *Boim* judgment debtors and do not know who those donors were. As indicated in previous responses, AJP and AMP did not assume, share or benefit from any contracts of any judgment defendants from the *Boim* action filed in 2000, and all donations made through AJP are done voluntarily by donors.

11. Identify all speakers, presenters and moderators who have appeared at any conference, meeting or other event conducted or sponsored by Respondent.

**Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objection, Defendants respond as follows:

Please see social media documents produced, which reference upcoming events. These social media documents, to the extent they have been retained in the normal course of business and since the inception of this lawsuit, have been previously produced and are largely publically available on the internet as well. Please note this

Response also incorporates the Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as the full archives of the relevant Twitter and Facebook accounts and relevant historic website pages produced in this matter.

12. Identify any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of Respondent at any time. For each, identify all persons who administer, manage, edit, supervise, or provide content; identify any associated domain name, username, or URL; and identify all persons who have authority to post, delete, alert or supplement the content.

**Response**: Objection. Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of this Court's order for this discovery. Furthermore, Defendants object to the extent this Interrogatory seeks information which is confidential and proprietary in nature, and may invade the privacy rights of individuals not a party to this lawsuit. Subject to the foregoing objections, Defendants respond as follows:

The domains ampalestine.org, ampalestine.com and ampalestine.net have been registered to AMP. AMP has a Twitter page (https://twitter.com/ampalestine or @AMPalestine), a Facebook page (https://www.facebook.com/ampalestine), and a YouTube channel (https://www.youtube.com/channel/UCBnEIF7dfTEflZ7 rmHWkfcA). Defendants note that the AMP website was hacked on at least one occasion, in or around March 2014. This has affected data retention for the website. Defendants have produced documents in response to Plaintiffs' requests for

production (documents 000069 – 000276 and 000457 – 002558), which set forth the answers to this Interrogatory to the extent they have been retained in the normal course of business and since the inception of this lawsuit. Defendants also note that the website and social media accounts are publicly available and may be just as easily accessed by Plaintiffs. Please note this Response also incorporates the Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as the full archives of the relevant Twitter and Facebook accounts and relevant historic website pages produced in this matter.

Dated this 10th day of April, 2018.

*/s/ Christina Jump*
Chares D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On April 10, 2018, I served these Objections and Responses on all attorneys of record via email.

*/s/ Christina Jump*

Christina A. Jump

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of Illinois that I am authorized to sign on behalf of the Defendant in this matter, AJP Educational Foundation, Inc., that I have read the foregoing Amended Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

04/05/2018
DATE

Name:   Munjed Ahmad
For AJP Educational Foundation, Inc.

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of Illinois that I am authorized to sign on behalf of the Defendant in this matter, American Muslims for Palestine, Inc., that I have read the foregoing Amended Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

04/05/2018
DATE

Name: Munjed Ahmad
For American Muslims for Palestine, Inc.

# EXHIBIT 18

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID, <br><br> Defendants. | Civil No. 17-cv-03591 <br><br><br> Hon. Sharon Johnson Coleman <br><br><br> Hon. Sidney I. Schenkier |

**DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS'
JURISDICTION INTERROGATORIES TO DEEFNDANTS RAFEEQ JABER,
ABDELBASET HAMAYEL AND OSAMA ABUIRSHAID**

Defendants Rafeeq Jaber ("Jaber"), Abdelbaset Hamayel ("Hamayel"), and Osama Abuirshaid ("Abuirshaid") ("Individual Defendants") file these Objections and Responses to Plaintiffs' Jurisdiction Interrogatories, as set forth below.

**GENERAL OBJECTIONS**

Defendants assert the following General Objections and qualifications to Plaintiffs' Jurisdiction Interrogatories, each of which are hereby incorporated into the responses to each individual interrogatory below. A specific response may repeat a general objection for emphasis or some other reason, but the failure to include general objections in any specific response does not waive any general objections to that request.

1.      Defendants object to the Interrogatories (including the "Instructions" and "Definitions") to the extent that they impose obligations on Defendants beyond those required by the Federal

Rules of Civil Procedure.

2.      Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," in that they purport to impose requirements or discovery obligations greater than or different from those under the applicable Rules and Orders of this Court, which only permitted discovery limited in scope to assess subject matter jurisdiction and subject matter jurisdiction alone.

3.      Defendants object to the Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to the definitions applicable to "Network Entity" and "Network Person," to the extent that, as written, Plaintiffs seek information that invades the privacy of individuals and/or entities who are not parties to this lawsuit or the original "*Boim* Action." Defendants further object to Plaintiffs' use of "Network Entity" and "Network Person" throughout these Interrogatories as implying relationships and/or organizational overlap which does not exist between the Defendants in this matter and any other entity listed in Plaintiffs' creation entitled "Network Entity" and "Network Person," and which do not pertain to the instant matter or any jurisdictional issue in this matter. Furthermore, majority of the entities listed in Plaintiffs' definition of "Network Entity" (including "American Middle East League for Palestine; Anera; Baitulmaal, Inc.; Benevolence International Foundation; Global Relief Foundation; Helping Hands for Relief and Development; Hamas; ICNA Relief; IHH Humanitarian Relief Foundation; Islamic Relief Foundation; Interpal; KindHearts; Life for Relief and Development; Middle East Financial Services; The Mosque Foundation (or Bridgeview Mosque); Muslim American Society; the Muslim Brotherhood; Palestinian Children's Relief Fund; any branch of the Palestine Committee; Union of Good; United Muslim Relief; Unlimited Friends Association for Social Development; Viva Palestina; Zakat Foundation

of America" and "any charitable, humanitarian, political or educational organization in Gaza or the West Bank; and any branch of the acting governmental authorities in Gaza or the West Bank") are not defendants in this matter and were not judgment defendants in the original Boim action filed in 2000. The same is true of those identified in Plaintiffs' definition of "Network Person" (including "Khaled Abughazaleh; Omar Ahmad; Nihad Awad; Shukri Abu Baker; Muhammad Alkik; Hatem Bazian; Khalil Demir (also known Halil Demir); Sana'a Abed Daoud; Salah Daoud; Ghassan Elashi; George Galloway; Sheikh Mohammad Al Hanooti; Oussama Jamal; Sheikh Bassam Jarrar; Ayman Jarwan; Hussein al-Khatib; Khalil al-Khaya; Mousa Abu Marzook; Mohammad El-Mezain; Kifah Mustapha; Sufian Nabhan; AshrafNubani; Magdi Odeh; Yusuf Qaradawi; Mohamed Qatanani; Nabil Sadoun; Sheikh Jamal Said; Ra' ed Sal ah; Sabri Samirah; Salah Sarsour; Yousef Shahin; Khaled Smaili" and "any representative or affiliate of a Network Entity"). Therefore, Defendants object that Plaintiffs wrongfully attempt to "brand[] any organization and its members that support humanitarian interests for the people of Palestine as having an unlawful motive" and therefore as somehow being indebted to Plaintiffs and under the control of the Defendants in this matter. *See* Doc. 41, Memorandum Opinion and Order granting Motion to Dismiss, at 10.

4.      Defendants object to these Interrogatories, as well as the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "Respondent" or "affiliate," to the extent that that they are vague, ambiguous, and overly broad, as used throughout these Requests not intelligible in the context of the applicable Request.

5.      Defendants object to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the require proportionality analysis.

6.      Defendants object to these Interrogatories to the extent they seek documents or electronically stored information that are protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

7.      Defendants object to these Interrogatories to the extent that they seek to require Defendants to obtain information from third parties.

8.      It should not be inferred from the form or substance of any objection or response that documents or electronically stored information responsive to any particular Interrogatory exist.

9.      Defendants do not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendants' Objections and Responses are conditioned specifically on the understanding that the provision of documents or electronically stored information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent disclosure shall not constitute - and is in no way intended as - a waiver of any privilege or any other ground for objecting to such discovery with respect to such document, electronically stored information, the subject matter thereof, or the information contained therein. Any inadvertent disclosure by Defendants shall not constitute a waiver of the Defendants' right to object to the use of any such document, electronically stored information, the information contained therein, or any information derived therefrom, during any other proceeding.

## SPECIFIC RESPONSES AND OBJECTIONS

1. Identify all persons who have knowledge of the issues and factual assertions raised in defendants' motion to dismiss for alleged lack of subject matter jurisdiction [Dkt 31] filed in this case.

   **Response**: See individuals identified in Defendants' previous court filings, as well as the declarations provided by Individual Defendants with the same, and documents produced in response to Plaintiffs' requests for production labeled 0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581; and 004135 -- 004409. See also Declaration of Munjed Ahmad (previously produced) and documents referenced therein, as well as this Court's Order finding no subject matter jurisdiction.

2. Identify all persons who may provide testimony or declarations in connection with any motion or hearing to determine or challenge the existence of the Court's subject matter jurisdiction in this case. For each, identify the person's anticipated testimony and all facts or information pertinent to the Court's subject matter jurisdiction upon which the person would be competent to testify.

   **Response**: Objection. This Interrogatory is overly broad in that it seeks to require the Individual Defendants to provide an entire defense in response to one Interrogatory, and as such constitutes an improper fishing expedition. Furthermore, this Interrogatory seeks information which is covered by the attorney client and work product privileges to the extent it seeks designation of all persons "who may provide testimony or declarations" as stated above, and further exceeds the scope of this Court's order for this discovery. Subject to these objections, Individual Defendants respond as follows:

As Plaintiffs know, Declarations by each Individual Defendant have been provided in this matter to the Court and to Plaintiffs with the previous filings. Individual Defendants do not currently foresee a need for further briefing or Declarations on these issues, though reserve the right to supplement as may be needed for rebuttal purposes. Please also see Declaration of Munjed Ahmad, previously produced, and documents referenced therein, as well as documents produced in this matter and bates labeled 004135 -- 004409.

3. Identify all Assets that were at any time owned or possessed by any *Boim* Defendant and were later received (directly or indirectly) or came to be possessed or owned by Respondent

   **Response**:

   No assets owned or possessed by any *Boim* 2000 judgment defendant have ever been received, possessed or owned by the Individual Defendants in this matter, other than as payment for work performed for paid services during the existence of IAP and/or AMS (prior to 2004) as referenced in the Declarations of the Individual Defendants. Regarding Defendant Jaber, please also see transcripts of depositions of Rafeeq Jaber for detailed inquiry and answers already obtained by Plaintiffs regarding the distribution of the assets of IAP and AMS, if any, and the dissolution of IAP and AMS. Those deposition transcripts are already in Plaintiffs' possession.

4. Identify any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of Respondent at any time that has contained content relating to any *Boim* Defendant or any Entity

Defendant. For each, identify any associated domain name, username, or URL.

**Response**: Objection. Individual Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent" or "Entity Defendant", is overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of this Court's order for this discovery. Individual Defendants further object to this Interrogatory to the extent it seeks any private social media accounts of the Individual Defendants, as an invasion of their privacy rights, and which are further not reasonably calculated to lead to the discovery of admissible evidence regarding the limited jurisdictional scope of the discovery authorized by this Court or any legitimate jurisdictional issue. Subject to the foregoing objections, please see documents 0000069 – 0000276 and documents 000457-002558 which have been produced in response to Plaintiffs' Requests for Production, and which contain the readily available social media documents related to AMP and/or AJP. The domains ampalestine.org, ampalestine.com and ampalestine.net have been registered to AMP. AMP has a Twitter page (https://twitter.com/ampalestine or @AMPalestine), a Facebook page (https://www.facebook.com/ampalestine), and a YouTube channel (located at https://www.youtube.com/channel/UCBnEIF7dfTEflZ7rmHWkfcA). Defendants note that the AMP website was hacked on at least one occasion in or around March 2014. Defendants lastly note that these website and social media accounts are publicly available and may be easily accessed by Plaintiffs. Nonetheless, please also note the full archives of the relevant Twitter and Facebook accounts, as well as relevant historic website pages produced in this matter in response to Plaintiffs' Requests for Production

of Documents in this matter and bates labeled 002661 – 004409 as well as separately
produced zip files (which have at no time been in the possession of the Individual
Defendants).

5. To the extent not covered in your declaration supporting defendants' motion to
dismiss, state the date and place of your birth, list all places (cities and countries) in
which you have resided at any time, state when you first moved to the United
States, and provide dates of all of your travel to the United States prior to
December 31, 1996.

**Response**: Objection. Individual Defendants object to this Interrogatory as overly
broad, not reasonably limited in time and scope, an invasion of personal privacy as
written, and not reasonably calculated to lead to the discovery of admissible
evidence, and exceeding the scope of this Court's order for this limited discovery.
Subject to the foregoing objections, Individual Defendants respond as follows:
For responsive relevant information, see Declarations of Individual Defendants
provided previously in this matter and on file with the Court in this matter for relevant
factual summaries, as well as transcripts of the depositions of Rafeeq Jaber previously
taken by Plaintiffs, which are already in Plaintiffs' possession. Please also see
Declaration of Munjed Ahmad, previously produced and to the extent relevant
regarding the lack of involvement of the Individual Defendants in the formation of
AMP and AJP.

6. To the extent not covered in your declaration supporting defendants' motion to
dismiss, identify and describe any relationship, employment, volunteer role, officer
or director position, affiliation, communication, speaking engagement, or other

dealings you had with any Network Entity at any time. Include in your description the dates during which you held any position, your title, your responsibilities, the person(s) to whom you reported, any compensation you received and the person or entity who paid the compensation.

**Response**: Objection. Individual Defendants object to this Interrogatory as to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions, refer to Defendants' General Objections regarding the same, and will not accept or respond as to the term and definition given. Further, Individual Defendants object to this Interrogatory as vague in that it is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery. Subject to the foregoing objections, Individual Defendants respond as follows:

All relevant employment and volunteer history with AJP, AMP, and any 2000 *Boim* defendant is set forth in the Declarations of Individual Defendants previously provided in this matter. As to any responsive, non-objectionable supporting documentation produced in this matter, please see documents 0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581 and 004135 -- 004409, which have already been produced in response to Plaintiffs' requests for production. Please also see Declaration of Munjed Ahmad, previously produced in this matter, and documents referenced therein, as well as the supplemental production in this matter of relevant Twitter and Facebook full archives, and relevant historic website data produced in this matter (which have at no time been in the custody and control of any Individual Defendant).

7. Identify all relationships, dealings and communications between Respondent and any Network Entity or Network Person.

   **Response**: <u>Objection</u>. Individual Defendants object to this Interrogatory as to the characterization of "Network Entity" and "Network Person" in Plaintiffs' definitions and will not accept or respond as to the term and definition given. Further, Individual Defendants object to this Interrogatory as vague in that it does not reasonably define "Respondent", is overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of this Court's order for this discovery. As such, Individual Defendants are not able to provide a response to this Interrogatory. Nonetheless, as to any relevant positions the Individual Defendants have or had with AJP and AMP, as well as any 2000 *Boim* judgment defendants, please see previously provided Declarations of the Individual Defendants, as well as relevant incorporation documents as to AJP and AMP produced previously in this matter. Please also see Declaration of Munjed Ahmad and full historic archives of the relevant Twitter and Facebook pages, as well as relevant historic pages from the relevant website (which have at no time been in the custody and control of any Individual Defendant).

8. For defendant Osama Abu Irshaid [sic] only, with respect to your attendance and participation at any Conference for Palestinians Abroad ("PalesAbroad"), including the PalesAbroad event in Istanbul in February 2017, and the PalesAbroad event in Amman, Jordan, identify: the person(s) or organization(s) who invited you to attend or participate; the person(s) or organization(s) who paid for the trip (or any portion thereof); and any speech or remarks you gave during the trip.

**Response**: <u>Objection</u>. Individual Defendants object to this Interrogatory as overly broad, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of this Court's order for this discovery.

Dated this 10th day of April, 2018.

/s/ *Christina Jump*
Charles D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On April 10, 2018, I electronically provided a copy of these Amended Objections and Responses to all attorneys of record via email.

/s/ *Christina Jump*
Christina A. Jump

## VERIFICATION

I declare under penalty of perjury under the laws of the State of Illinois that I am a Defendant in this matter, Abdelbaset Hamayel, that I have read the foregoing Amended Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

4/6/18
DATE

Abdelbaset Hamayel

## VERIFICATION

I declare under penalty of perjury under the laws of the State of Illinois that I am a Defendant in this matter, Rafeeq Jaber, that I have read the foregoing Amended Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

4-5-18
DATE

Rafeeq Jaber

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of Illinois that I am a Defendant in this matter, Osama Abuirshaid, that I have read the foregoing Amended Objections and Responses to Plaintiffs' Interrogatories, that I know the contents thereof, and that I believe them to be true and correct.

4/5/18
DATE

Osama Abuirshaid

# EXHIBIT 19

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>                    Plaintiffs,<br><br>          v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID,<br><br>                    Defendants. | Civil No. 17-cv-03591<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Sidney I. Schenkier |

## DECLARATION OF MUNJED AHMAD

1.     My name is Munjed Ahmad.  I am over the age of eighteen and of sound mind. I make this declaration based on my own personal knowledge.

2.     I am currently the Vice President and Treasurer for AJP Educational Foundation ("AJP"), which operates under the name American Muslims for Palestine ("AMP").

3.     I was involved in the creation of AMP in 2006, as well as the later creation of AJP in 2009.   AMP was envisioned and first discussed in the later part of 2005, beginning in approximately August 2005, and was officially created in August 2006.

4.     While I did not retain my emails on the subject from that time frame, as there was no reason to do so, I was able to locate my handwritten notes from the initial discussions about forming AMP, which are produced as bates labeled 002658 to 002660.  These notes are in my handwriting and were created by me at the time reflected therein.  As reflected in these notes, both the names "American Muslims for Palestine" and "Muslim Americans for

Palestine", or "MAP," were contemplated as names for the organization which had not yet been formed. The name AMP was the one selected, as reflected in my notes dated "4/14", which I believe to be April 14, 2006. No activities of or events by AMP took place prior to the official incorporation in August 2006.

5. Rafeeq Jaber was not involved in the creation of AMP or AJP.

6. Abdelbaset Hamayel was not involved in the creation of AMP or AJP.

7. Osama Abuirshaid was not involved in the creation of AMP, and though he was involved with AMP by 2009, he was not involved in the creation of AJP.

8. I was never involved with IAP, and did not even know of its existence in 2006.

9. I was never involved with AMS, and did not even know of its existence in 2006.

10. I was never involved with the Holy Land Foundation.

11. I had no involvement in the original *Boim* lawsuit which was filed in 2000, in which I have since learned IAP, AMS and Holy Land Foundation were defendants. I was not even aware of the original *Boim* lawsuit until well after the formation of both AMP and AJP.

12. AMP was created to educate our own youth and communities on issues and culture relating to Palestine. Eventually, this purpose grew to include educating others as well.

13. AMP has not, at the time of its formation or any time afterwards, ever received any funds or assets which came from IAP, AMS, Holy Land Foundation or any other defendant in the original *Boim* lawsuit which was filed in 2000.

14. AJP has not, at the time of its formation or any time afterwards, ever received any funds or assets which came from IAP, AMS, Holy Land Foundation or any other defendant in the original *Boim* lawsuit which was filed in 2000.

15. For financial clarity and to avoid confusion, AMP ceased being its own separate entity

and became a "d/b/a" of AJP in or around late 2016/early 2017. Subsequently, appropriate documents were filed in all necessary states reflecting the change in status.

16. AMP and AJP are strictly American organizations, funded by voluntary donations made entirely within the United States. We keep the personal information of our donors confidential, and only provide it as required such as on our 990s.

17. AMP and AJP never assumed or in any way overtook any contracts or other arrangements made with IAP, AMS or Holy Land Foundation, or any other defendant in the original *Boim* lawsuit filed in 2000.

18. I hereby certify that the foregoing is true and correct to the best of my personal knowledge.

**Munjed Ahmad**

4/9/18
**Date Executed**