**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br>              Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID,<br>              Defendants. | Civil No. 17-cv-03591<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Sidney I. Schenkier |

**BRIEF WITH RELEVANT FACTS
IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO QUASH
AND EMERGENCY MOTION FOR PROTECTIVE ORDER**

**BACKGROUND**

1. On May 12, 2017, Plaintiffs filed the instant action, seeking to hold these Defendants liable for a prior judgment obtained by Plaintiffs against different defendants, in a suit filed in 2000. Dckt. 1. The entities originally found liable in the 2000 action no longer exist.

2. Defendants moved to dismiss this action due to lack of subject matter jurisdiction, which this Court granted on August 18, 2017. Dckt. 31 and 41. Plaintiffs subsequently filed a Motion for Reconsideration. Dckt. 43.

3. Clarifying that "While this Court disagrees that it misapplied the law, upon further reflection, this Court placed too much weight to defendants' declarations without providing plaintiffs with the opportunity to conduct limited jurisdictional discovery on the

existence of an alter ego relationship." Dckt. 50. Accordingly this Court ordered that it would "permit plaintiffs to conduct discovery solely to address jurisdiction." Dckt. 50.

4. Plaintiffs sent extensive written discovery requests to Defendants, seeking highly objectionable categories of information not related to jurisdiction and which falsely presume facts not in evidence, as well as attempt to place serious burdens on Defendants. *See* Dckt. 56. In good faith, counsel for Defendants repeatedly attempted to find middle ground, even providing summaries of the information provided in timeline and other easy-to-see formats, as well as providing electronic copies with the full archives of the relevant Facebook, Twitter and website domains since the inception of those documents. In total, Defendants have produced over 4,500 pages of documents, in addition to flash drives containing the full archives of the referenced Facebook, Twitter and website files.

5. Plaintiffs still aren't happy, and still don't think they know enough about the formation of the parties to have completed discovery on jurisdiction. On the afternoon of Monday, May 14, just after 3:00 p.m., Plaintiffs filed a Motion to Compel with brief in support (Dckt. 54 and Dckt. 56) and attached 245 pages of exhibits, many of which are not items produced in discovery in this litigation or, for that matter, relevant in any way to these parties. And, at 3:51 p.m. on Friday, May 11, 2018, Plaintiffs sent Defendants Notices of Depositions of the three individual Defendants as well as Munjed Ahmad, an officer with Defendant AJP d/b/a Defendant AMP, despite having already deposed Rafeeq Jaber twice in the original 2000 litigation against the judgment Defendants for the purpose of seeking any assets of those judgment Defendants. **Attachment B hereto**.

6. At this point, Plaintiffs' actions far exceed the scope articulated in this Court's order permitting limited discovery for the sole purposes of jurisdiction and for a response as to

the Motion to Dismiss (Dckt. 50), and are merely harassing and unjustly burdensome. Defendants therefore seek an emergency Motion to Quash and Emergency Protective Order. Defendants attempted to amicably reach a resolution at least as to presentment of the Motion to Compel, as counsel for Defendants is out of state, but counsel for Plaintiffs refuses to directly answer either way. Defendants seek this emergency relief from this Court so that the intent of this Court's Order may be preserved, and so that Defendants do not need to suffer additional burdens or expenses as a result of Plaintiffs' attempts at excessive discovery which exceeds this Court's order.

District courts may limit any discovery that is "unreasonably cumulative or duplicative;" "obtainable from some other source that is more convenient, less burdensome, or less expensive;" the "party seeking discovery has had ample opportunity to obtain the information;" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C); *Ameritox, Ltd. v. Millennium Labs., In*c., 2012 U.S. Dist. LEXIS 177809, *3-4, 2012 WL 6568226 at * 4. Even within the limited context of this jurisdiction-only discovery permitted, Plaintiffs are seeking unreasonably duplicative and cumulative discovery.

For the foregoing reasons, Defendants file this Emergency Motion to Quash and Emergency Motion for Protective Order, seeking to Quash the four depositions noticed by Plaintiffs in this matter and to stop all attempts at additional discovery by Plaintiffs in this matter until such time as this Court may clarify its Order permitting limited jurisdictional discovery, as well as consider the pending Motion to Compel discovery filed by Plaintiffs. Furthermore, Defendants seek a reset of the pending presentment of the Motion to Compel filed by Defendants and, if needed or not taken by submission by this Court, the Agreed

Proposed Confidentiality Order, which are currently set for presentment tomorrow morning, May 17, 2018, at 8:45 a.m. in this matter. Defendants have attempted to confer with counsel for Plaintiffs in good faith and were unfortunately unable to reach a resolution.

Respectfully submitted,

*/s/ Christina A. Jump*
Chares D. Swift,
Texas Bar No. 24091964
Christina A. Jump
Texas Bar No. 00795828
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that on this 16th day of May 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*
Christina A. Jump
*Attorney for Defendants*