**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <br>     Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID, <br><br>     Defendants. | Civil No. 17-cv-03591 <br><br> Hon. Sharon Johnson Coleman <br><br> Hon. Sidney I. Schenkier <br><br><br> **Set for Presentment on June 5, 2018 at 9:00 a.m.** |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO QUASH AND MOTION FOR PROTECTIVE ORDER**

**BACKGROUND**

1. On May 12, 2017, Plaintiffs filed the instant action, seeking to hold these Defendants liable for a prior judgment obtained by Plaintiffs against different defendants, in a suit filed in 2000. Dckt. 1. The entities found liable in the 2000 action no longer exist.

2. In lieu of answering, Defendants moved to dismiss this action due to lack of subject matter jurisdiction, which this Court granted on August 18, 2017. Dckt. 31 and 41. Plaintiffs subsequently filed a Motion for Reconsideration. Dckt. 43.

3. Clarifying that "[w]hile this Court disagrees that it misapplied the law, upon further reflection, this Court placed too much weight to defendants' declarations without providing plaintiffs with the opportunity to conduct limited jurisdictional discovery on the existence of an alter ego relationship." Dckt. 50. Accordingly, this Court ordered that it would "permit plaintiffs to conduct discovery solely to address jurisdiction." Dckt. 50.

4. Plaintiffs sent extensive written discovery requests to Defendants, seeking

highly objectionable categories of information not related to jurisdiction and which falsely presume facts not in evidence, as well as attempt to place serious burdens on Defendants. *See* Dckt. 56. In good faith, counsel for Defendants repeatedly attempted to find middle ground, even providing summaries of the information provided in timeline and other easy-to-see formats,[1] as well as providing electronic copies with the full archives of the relevant Facebook, Twitter and website domains since the inception of those documents. *See* **Exhibit A**, Emails to Counsel. In total, Defendants have produced over 4,500 pages of documents in this "limited" jurisdictional discovery phase, and flash drives with full archives of relevant Facebook, Twitter and website files. Defendant have already provided the following categories of documents:

- Articles of Incorporation of AMP and AJP, and By-Laws of AJP (none exist as to AMP, as already plainly stated to Plaintiffs)
- The entire Twitter feed used to AJP d/b/a AMP
- All forms 990 filed on behalf of AJP, which are from 2010-2016 (redacted only as to names and addresses of voluntary donors)
- Blog postings and news articles from the relevant website, ampalestine.org
- The full website archive files, in electronic form for ampalestine.org
- The full Facebook and Twitter archive files, in electronic form
- Archived website pages in PDF form, specifically showing dates of each AMP annual conference, speakers, and agendas for each, to the extent retained in the ordinary course of business
- Executive Committee meeting minutes to the extent retained in the normal course of business
- Listings and addresses, where applicable, of all local contacts for the subordinate "chapters"
- Emails as retained in the normal course of business reflecting the creation of job descriptions
- Emails as retained in the normal course of business reflecting the decision to merge AMP and AJP into one functioning entity (with AJP surviving and

---

[1] Defense counsel provided the names of all individuals identified in the documents already produced including Board members broken down by year, the locations for places of business, the names of employees (both current and as available historically), the dates of each AMP Annual Conference, its location, title and excerpted pages showing the speakers and topics from items already produced, and the lists of "chapters," or local contact points, both currently and historically. Exhibit A. Again, this information was all available through the documents already produced before these summaries were created as a courtesy by defense counsel. Defense counsel simply took the time, over multiple calls and in multiple emails, to point Plaintiffs' counsel to it.

> AMP as a d/b/a)
> - Palestine Advocacy Day 2016 full materials
> - Statements of purpose of AMP and AJP, as filed with the relevant Secretaries of State and as sent to donors, as well as from the relevant website pages
> - Printouts of the topics of Youtube videos posted by AMP, which remain publically available
> - A list of training topics to be pushed down to local chapter contacts, as created by AMP headquarters
> - The addresses at which AMP has had its place of business

*See* **Exhibit A**. These are, of course, in addition to the interrogatory responses and amended interrogatory responses, on behalf of the individual defendants and corporate entity defendants. **Exhibit C** with relevant sworn verifications for each. And, to assuage Plaintiffs that the early origin documents they wish existed and/or were retained in the normal course of business simply weren't, Defendants produced a Declaration from Munjed Ahmad, one of the creators of AMP originally, attesting to his search for records relating to the decision to begin AMP and attaching the only ones he located after a diligent search. **Exhibit D.** All of this exceeds every rational definition of "limited" discovery. This is particularly true in light of the fact that Defendants have still not been required to file Answers, and Plaintiffs have not yet been required to provide Initial Disclosures or any other form of discovery response.[2]

    5.    Plaintiffs still aren't happy, and still don't think they know enough about the formation of the parties to have completed their "limited" discovery on jurisdiction. On the afternoon of Monday, May 14, just after 3:00 p.m., Plaintiffs filed a Motion to Compel with brief in support (Dckt. 54 and Dckt. 56) and attached 245 pages of exhibits, many of which are not items produced in discovery in this litigation or, for that matter, relevant in any way to

---

[2] This is not to say that full discovery should open now to make things "equal"; to the contrary, Defendants fully intend to reassert their Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) after this Court's clarification on the degree of limited discovery it intended, and, if necessary, a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) after that for failure to state a claim. That is the sequence by which this Federal court litigation should proceed, without motions to compel and full attempts at discovery prior to answers even being filed or required.

these parties. And, at 3:51 p.m. on Friday, May 11, 2018, Plaintiffs sent Defendants Notices of Depositions of the three individual Defendants as well as Munjed Ahmad, an officer with Defendant AJP d/b/a Defendant AMP, despite having already deposed Rafeeq Jaber twice in the original 2000 litigation against the judgment Defendants for the purpose of seeking any assets of those judgment Defendants. **Exhibit B**.

6. At this point, Plaintiffs' actions far exceed the scope articulated in this Court's order permitting limited discovery for the sole purposes of jurisdiction and for a response as to the Motion to Dismiss (Dckt. 50), and are merely harassing and unjustly burdensome. Defendants therefore seek an Order quashing the depositions and issuing a protective order as to further discovery, until this Court has a chance to clarify its Order granting limited discovery as to jurisdiction only. Defendants seek this relief from this Court so that the intent of this Court's Order may be preserved, and so that Defendants do not need to suffer additional burdens or expenses as a result of Plaintiffs' attempts at excessive discovery which exceeds this Court's Order.

7. District courts may limit any discovery that is "unreasonably cumulative or duplicative;" "obtainable from some other source that is more convenient, less burdensome, or less expensive;" the "party seeking discovery has had ample opportunity to obtain the information;" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C); *Ameritox, Ltd. v. Millennium Labs., Inc*., 2012 U.S. Dist. LEXIS 177809, *3-4, 2012 WL 6568226 at * 4. Even within the limited context of this jurisdiction-only discovery permitted in the instant case, Plaintiffs are seeking unreasonably duplicative and cumulative discovery.

8. For the foregoing reasons, Defendants file this Motion to Quash and Motion for Protective Order, seeking to quash the four depositions noticed by Plaintiffs in this matter, and to stop all attempts at additional discovery by Plaintiffs in this matter until such time as this

Court may clarify its Order permitting limited jurisdictional discovery. Should this Court deem it appropriate, Defendants further request an opportunity at full briefing on the status of discovery and all Motions currently pending before this Court.

Respectfully submitted,

*/s/ Christina A. Jump*
Charles D. Swift,
Texas Bar No. 24091964
Christina A. Jump
Texas Bar No. 00795828
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
*Attorneys for Defendants*

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that on this 21st day of May 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*
Christina A. Jump
*Attorney for Defendants*