# EXHIBIT 2

**Steadfast Ins. Co., Inc. v. Auto Marketing Network, Inc., Not Reported in F.Supp.2d (1999)**

1999 WL 300231

KeyCite Yellow Flag - Negative Treatment
Distinguished by Bless v. Cook County Sheriff's Office, N.D.Ill., April 12, 2017

1999 WL 300231
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

STEADFAST INSURANCE COMPANY, INC., Plaintiff,
v.
AUTO MARKETING NETWORK, INC., and ICI CREDIT INDUSTRIES, INC. Defendants.

No. 97 C 5696.
|
May 3, 1999.

MEMORANDUM OPINION AND ORDER

SCHENKIER, Magistrate J.

**\*1** Plaintiff Steadfast Insurance Company ("Steadfast") has moved for a protective order (doc. # 75) under Fed.R.Civ.P. 26(c) seeking to bar the deposition of John Amore, the president of Zurich American Specialties (an affiliate of Steadfast). In the alternative, Steadfast seeks to limit the scope of Mr. Amore's deposition to questions concerning his background and one informal performance review Mr. Amore provided in 1996 to Michael Kerner, which was critical of Mr. Kerner's recommendation that Steadfast issue insurance coverage to defendant Auto Marketing Network, Inc. ("AMN"). Steadfast claims that Mr. Amore has only limited and tangential knowledge about the matters at issue, which AMN has been able to fully explore through other witnesses, and that a protective order is thus needed to avoid inflicting Mr. Amore with undue burden and harassment. AMN opposes both prongs of Steadfast's motion, but proposes instead to address Steadfast's concerns about undue burden and harassment by limited to deposition to no more than four hours.

By an order dated April 27, 1999, this motion was referred to this Court for ruling. The motion has been fully briefed, and the Court has considered the arguments and authorities offered by each party. For the reasons set forth below, the motion is denied; however, the Court will adopt AMN's proposal that the deposition of Mr. Amore be limited to no more than four hours.

Rule 26(c) authorizes a court, "for good cause shown," to issue a protective order barring or limiting discovery when "justice requires to protect a party or person from annoyance, embarrassment, oppressing, or undue burden or expense..." The Court considers a request for a protective order limiting discovery against the backdrop of Rule 26(b)(1), which generally permits broad ranging discovery of any non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." A party seeking a protective order that would limit the wide berth generally given to discovery bears the burden of showing good cause by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Caponigro v. Navistar Int'l Trans. Corp.,* 1994 WL 233772, \*1 (N.D.Ill.) (citations omitted). Rule 26 vests the Court with "wide discretion in determining the scope and effect of discovery, *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1505 (11th Cir.1985), *cert. denied,* 475 U.S. 1107 (1986), and in deciding "what restrictions may be necessary in a particular case." 8 Wright & Miller, Federal Practice and Procedure § 2036, at 488 (1994 ed.).

The Court finds that Steadfast has not established good cause either to preclude Mr. Amore's deposition, or to limit in advance the areas of questioning. We begin with the proposition that it is rare to preclude a deposition altogether, or to dictate in advance what specific topics may be explored. E.g. *Kaiser v. Mutual Life Ins. Co. of New York,* 161 F.R.D. 378, 380 (S.D.Ind.1994)("A showing of 'exceptional circumstances' has been required for a court to prohibit completely the taking of a deposition"); 8 Wright & Miller § 2037, at 494–95 (pre-deposition specification of the subject matter to be explored is not generally required, as "the moving party can be adequately protected by making a motion under Rule 30(d) if any need for protection appears during the course of the examination"). The Court is mindful that an exception has sometimes been made where the deponent is a very senior corporate officer, *id.* at 500–02 (collecting cases), but finds that such an exception here is inappropriate for several reasons.

**\*2** *First,* Mr. Amore plainly has information that is discoverable under Rule 26(b)(1). Not only did he deliver informal criticisms in connection with the issuance of a policy that is at the core of this lawsuit, but he also received and made notes on various memoranda concerning Steadfast's dealings with AMN. AMN is

entitled to explore those written documents, as well as non-privileged information Mr. Amore may possess that is not reflected in any documents he wrote or received.

*Second,* the Court is not convinced that the requested discovery of Mr. Amore is so duplicative of other discovery, or of such little potential benefit when compared with the cost or burden imposed, that it should be limited. *See* Rule 26(b)(2)(which, according to the Advisory Committee Notes to the 1983 Amendment to Rule 26, "reflect[s] the existing practice of many courts in issuing protective orders under Rule 26(c)"). The fact that other witnesses may have testified about Mr. Amore's knowledge (or lack thereof) does not preclude AMN from hearing about those matters from Mr. Amore himself. Generally speaking, "[a] witness cannot escape examination by claiming that he has no knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test his lack of knowledge." 8 Wright & Miller § 2037 at 500. The Court finds no reason to deviate from that general rule here.

*Third,* Steadfast has not provided a "specific and particular" demonstration of any undue burden that would be imposed by the deposition. Steadfast has offered no affidavit from Mr. Amore attesting to a lack of knowledge and burden that would be imposed by the deposition (contrary to the situation in most of the cases in which depositions of senior executives have been precluded). Moreover, the Court is not persuaded by Steadfast's assertion that it would be unfair to force Mr. Amore to spend "considerable time learning the details of an extremely complex case" (Steadfast Mem. 9). The mere fact that an objecting party "will be required to expend a considerable amount of time, effort, or expense" in providing discovery "is not a sufficient reason to preclude discovery." *Schaap v. Executive Indus. Inc.,* 130 F.R.D. 384, 387 (N.D.Ill.1990). In any event, if Mr. Amore's knowledge is as limited as Steadfast says, then extensive preparation should be unnecessary. Mr. Amore is being sought for deposition in his personal capacity and not as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6); thus, there is no need to have Mr. Amore learn information for the deposition that he does not already possess.

*Fourth,* the Court finds that a combination of other factors further militate against barring or limiting the subject matter of Mr. Amore's deposition. The stakes of this lawsuit are substantial, as plaintiff seeks a recovery of some $27 million. *See* Rule 26(b)(2)(iii)(in considering a claim that the burden of discovery outweighs its potential benefit, the court is to take into account, among other things, the amount in controversy and the importance of the issues at stake in the litigation). There is nothing in Steadfast's papers to suggest that there have been prior abuses of discovery by AMN in previous depositions, so as to warrant heightened concern here. The fact that AMN itself has proposed to limit the time for Mr. Amore's deposition to no more than four hours both suggests that AMN has no intention of roving into wasteful areas of inquiry, and provides a safeguard to Steadfast against that occurring.

CONCLUSION

**\*3** Having filed this lawsuit seeking a substantial recovery, Steadfast has voluntarily undertaken the obligation—and sometimes the burden—of responding to legitimate discovery requests. The Court finds that the discovery sought by AMN here is reasonable, and finds no basis to exercise its discretion to relieve Steadfast of its obligation to provide that discovery. For the foregoing reasons, Plaintiff's Motion for a Protective Order (doc. # 75) is denied. The deposition of John Amore shall take place on or before May 28, 1999, at a date, time and location convenient to Mr. Amore. The deposition shall not exceed four hours. In addition, the Court emphasizes that the four-hour period is a ceiling and not a floor. The Court therefore expects that the knowledge of Mr. Amore concerning "the matters at issue will be explored expeditiously and will cease when all relevant testimony has been supplied," *Caponigro,* 1994 WL 233772, at \*3—even if that occurs within less than four hours.

**All Citations**

Not Reported in F.Supp.2d, 1999 WL 300231