# EXHIBIT A

 Positive

As of: June 5, 2018 7:56 PM Z

# *Central States, Southeast & Southwest Areas Pension Fund v. Carstensen Freight Lines*

United States District Court for the Northern District of Illinois, Eastern Division

July 16, 1998, Decided ; July 17, 1998, Docketed

96 C 6252

## Reporter

1998 U.S. Dist. LEXIS  11265 *; 1998 WL 413490

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee, Plaintiffs, vs. CARSTENSEN FREIGHT LINES, INC., an Illinois corporation, Defendant.

**Disposition:  [*1]**  Third-party plaintiff's motion to file a second amended complaint granted, the motion to compel Wintz to appear for deposition and respond to the questions posed by Carstensen denied, and the motion to compel the third-party defendants to verify their answers to interrogatories granted.

## Core Terms

third-party, companies, verify, interrogatories, answer to interrogatory, withdrawal, motion to compel, self-incrimination, corporations, deposition, records, second amended complaint, corporate entity, shareholder, discovery

## Case Summary

### Procedural Posture

Plaintiffs, a pension fund and its trustee, filed an action against defendant employer pursuant to the Employee Retirement Income Security Act (ERISA), *29 U.S.C.S. § 1381*, for withdrawal liability. The employer sought contribution from third-party defendant group of companies for money it paid to the pension fund, including interest and penalties. The employer filed motions to file a second amended third-party complaint and to compel discovery.

### Overview

The third-party complaint alleged that the employer entered into an asset purchase agreement with the group of companies that constituted a single employer under 29 U.S.C.S. § 4001(b)(1). The employer claimed that the group breached the agreement, causing the pension fund to file suit against the employer for the withdrawal liability. Because the court entered judgment in favor of the pension fund against the employer, it requested that judgment be entered against the group. The court granted the employer's motion for leave to file a second amended complaint which added the group's sole employee and shareholder as a third-party defendant because piercing the corporate veil was justified due to the employee's wrongful diversion of assets from the group to himself, his family and his girlfriend. The facts alleged in the motion showed that the employee showed a lack of respect to the separate corporate entity of his companies. The court also held that the employee was obligated to produce the group's corporate records but that he did not waive his personal *Fifth Amendment* privilege against self-incrimination.

### Outcome

The court granted the employer's motion to file a second amended complaint, denied the motion to compel the group's sole employee and shareholder to appear for deposition and respond to the questions posed by the employer, and granted the motion to compel the group to verify their answers to interrogatories by designating an agent other than the sole employee and shareholder.

## LexisNexis® Headnotes

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

### *HN1*[ ] Pleadings, Amendment of Pleadings

Under *Fed. R. Civ. P. 15(a)*, leave to amend is to be freely given when justice so requires. However, leave to

amend is inappropriate where there is undue delay, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. The decision to allow an amendment to the pleadings rests within the sound discretion of the district court.

Business & Corporate Law > ... > Shareholder Duties & Liabilities > Piercing the Corporate Veil > General Overview

Pensions & Benefits Law > ERISA > Civil Litigation > General Overview

Pensions & Benefits Law > ERISA > General Overview

Pensions & Benefits Law > ERISA > Civil Litigation

**HN2[↓] Shareholder Duties & Liabilities, Piercing the Corporate Veil**

There is no "hard and fast rule" as to the conditions under which the corporate entity may be disregarded and the corporate veil pierced because the circumstances vary from case to case. In general, courts consider the following elements in deciding whether to pierce the corporate veil: (1) the amount of respect given to the corporate entity by its shareholders; (2) the degree of injustice visited on the litigants by recognition of the corporate entity; and (3) the fraudulent intent of the individual defendant. Of these elements, the sine qua non to the remedy's availability is a finding of some fraudulent intent. Deference to the corporate entity may be particularly inappropriate in the ERISA context because Congress enacted ERISA in part to protect employees who were being deprived of benefits due to a corporate sham.

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > Self-Incrimination Privilege

**HN3[↓] Discovery, Privileged Communications**

The *Fifth Amendment* provides that no person shall be compelled in any criminal case to be a witness against himself. The privilege extends to protect an individual from being compelled to answer official questions put to him in any proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. The right to assert the privilege in a civil suit does not depend on the likelihood of prosecution, but on the probability of prosecution. If the information could furnish a link in the chain of evidence needed to prosecute the individual asserting the privilege, the information cannot be discovered in a civil action.

Business & Corporate Law > ... > Corporate Existence, Powers & Purpose > Powers > Acts Through Agents

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

Business & Corporate Law > Corporations > Corporate Governance > General Overview

Business & Corporate Law > ... > Corporate Governance > Record Inspection & Maintenance > General Overview

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > Self-Incrimination Privilege

**HN4[↓] Powers, Acts Through Agents**

Corporations are not protected by the *Fifth Amendment*. Thus, a corporation has no right to refuse to submit its books and records in a civil proceeding. Because corporations act only through their agents, the official records and documents of the corporation that are held by such agents in a representative, rather than in a personal capacity cannot be the subject of a personal privilege against self-incrimination. The custodian's act of production is not deemed a personal act, but rather an act of the corporation, and does not involve testimonial self-incrimination.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > Self-

Incrimination Privilege

Evidence > Privileges > Self-Incrimination Privilege > General Overview

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

**HN5**[⬇]  **Depositions, Oral Depositions**

That a corporation cannot assert a *Fifth Amendment* privilege through its designated deponent under *Fed. R. Civ. P. 30(b)(6)* does not, however, bar its officers from doing so where the information sought is within their knowledge and is testimonial in nature.

Civil Procedure > ... > Methods of Discovery > Interrogatories > General Overview

Evidence > Privileges > Self-Incrimination Privilege > General Overview

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

**HN6**[⬇]  **Methods of Discovery, Interrogatories**

*Fed. R. Civ. P. 33(a)* provides that where interrogatories are served on a corporation, the corporation must designate an agent who can furnish such information as is available to the party on behalf of the corporation. As with document requests, corporations have no *Fifth Amendment* privilege to refuse to answer interrogatories propounded upon them in a civil proceeding. However, the act of verifying interrogatories on behalf of the companies is testimonial in nature and raises *Fifth Amendment* concerns. Therefore, *Rule 33(a)* obliges a corporation to select an agent, who without fear of self-incrimination, can provide the information requested.

Civil Procedure > ... > Default & Default Judgments > Default Judgments > Entry of Default Judgments

Civil Procedure > ... > Methods of Discovery > Interrogatories > General Overview

Civil Procedure > Judgments > Pretrial Judgments > General Overview

Civil Procedure > ... > Pretrial Judgments > Default

& Default Judgments > General Overview

**HN7**[⬇]  **Default Judgments, Entry of Default Judgments**

The failure to have an agent appointed to respond to interrogatories propounded on a corporation is grounds for entry of a default judgment.

Business & Corporate Law > ... > Duties & Liabilities > Knowledge & Notice > General Overview

Civil Procedure > Pleading & Practice > Pleadings > Answers

Evidence > Privileges > Self-Incrimination Privilege > General Overview

Civil Procedure > ... > Methods of Discovery > Interrogatories > General Overview

**HN8**[⬇]  **Duties & Liabilities, Knowledge & Notice**

The Federal Rules do not contemplate that the corporate officer or employee responding to the interrogatories have first-hand personal knowledge of the facts reflected in the answers. The Federal Rules simply require that the corporation select an agent who can gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the interrogatories.

**Counsel:** For CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, HOWARD MCDOUGALL, trustee, plaintiffs: Patrick J. Connor, John Joseph Franczyk, Jr., James Patrick Condon, Central States Law Department, DesPlaines, IL.

For CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, HOWARD MCDOUGALL, trustee, plaintiffs: Robert Anthony Coco, Central States Law Department, Rosemont, IL.

For CARSTENSEN FREIGHT LINES, INC., defendant: Suzanne McCarthy, Attorney at Law, Chicago, IL.

For CARSTENSEN FREIGHT LINES, INC., third-party plaintiff: Albert L. Grasso, Chuhak & Tecson, Suzanne McCarthy, Attorney at Law, Chicago, IL.

For WINTZ COMPANIES, WINTZ PARCEL DRIVERS, INC., WINTZ PROPERTIES, INC., O.K. FREIGHTWAYS, INC., METRO TIRE AND

1998 U.S. Dist. LEXIS 11265, *1

RETREADING, INC., third-party defendants: Terrence John Gaffney, Law Offices of Terrence J. Gaffney, Hinsdale, IL.

For WINTZ PARCEL DRIVERS, INC., counter-claimant: **[*2]** Terrence John Gaffney, Law Offices of Terrence J. Gaffney, Hinsdale, IL.

For CARSTENSEN FREIGHT LINES, INC., counter-defendant: Albert L. Grasso, Chuhak & Tecson, Suzanne McCarthy, Attorney at Law, Chicago, IL.

**Judges:** Charles P. Kocoras, United States District Judge.

**Opinion by:** Charles P. Kocoras

# Opinion

***MEMORANDUM OPINION***

CHARLES P. KOCORAS, District Judge:

This case is before the court on third-party plaintiff's motion to file a second amended third-party complaint and motion to compel third-party defendants to comply with discovery requests. For the reasons set forth below, the motion to file a second amended third-party complaint is granted and the motion to compel is granted in part and denied in part.

## BACKGROUND

The named plaintiffs in this case, Central States Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee of the Pension Fund, originally filed suit against Carstensen Freight Lines, Inc. ("Carstensen"), pursuant to the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1381*, for withdrawal liability incurred by Carstensen to the Pension Fund in the amount of $ 568,703.21. Carstensen then filed a third-party complaint against **[*3]** five defendants: Wintz Companies, Wintz Parcel Drivers, Inc., Wintz Properties, Inc., O.K. Freightways, Inc., and Metropolitan Tire and Retreadings, Inc., (collectively the "third-party defendants" or the "Wintz Controlled Group"). Carstensen seeks contribution from the third-party defendants for the withdrawal liability it paid to the Pension Fund, including interest and penalties.

Carstensen's third-party complaint alleges that it entered into an Asset Purchase Agreement ("the Agreement") with Wintz Parcel Drivers on May 26, 1994. Carstensen claims that following the sale of assets, Wintz Parcel Drivers failed to provide a surety bond, as required under the Agreement, in an amount sufficient to provide for payment to the Pension Fund in the event of withdrawal or a failure to make contributions. Carstensen alleges that Wintz Parcel Drivers also failed to secure a variance from the bonding requirements under § 4204 of ERISA. Carstensen claims, therefore, that Wintz Parcel Drivers breached the Agreement, causing the plaintiffs to file suit against Carstensen for the withdrawal liability. Because the court entered judgment in favor of the Pension Fund in the amount of $ 752,276.92, **[*4]** Carstensen requests that judgment be entered against the third-party defendants. The other third-party defendants were named because it is alleged that they are under common control and thus constitute a single employer under § 4001(b)(1) of ERISA.

Presently before the court are Carstensen's motions to file a second amended complaint, to compel George L. Wintz, the sole shareholder of all third-party defendant companies, to appear for a second deposition and respond to questions posed by Carstensen, and to compel Wintz to verify the third-party defendants' answers to interrogatories.

## DISCUSSION

A. Motion to File a Second Amended Complaint

***HN1***[↑] Under *Rule 15(a) of the Federal Rules of Civil Procedure*, leave to amend is to be freely given when justice so requires. However, leave to amend is inappropriate where there is undue delay, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Perrin v. O'Grady, 958 F.2d 192, 193 (7th Cir. 1992)* (citing *Villa v. Chicago, 924 F.2d 629, 632 (7th Cir. 1991))*. The decision to allow an amendment to the pleadings rests within the sound discretion of the district court. *Jones v.* **[*5]** *Hamelman, 869 F.2d 1023, 1026 (7th Cir. 1989)*.

Carstensen seeks leave to file a second amended complaint which would include George Wintz as a third-party defendant. Carstensen contends that Wintz, as the sole employee and sole shareholder of all members of the Wintz Controlled Group, should be held personally liable for the withdrawal liability to the Pension Fund. Carstensen argues that piercing the corporate veil is justified in this case because Wintz wrongfully diverted assets from the members of the Wintz Controlled Group

to himself, his family and his girlfriend, knowing that Carstensen would then be held secondarily liable for his companies' withdrawal liability to the Pension Fund. The third-party defendants oppose the motion because they claim that adding Wintz as an individual defendant would add new theories of recovery to the case and would unduly delay the litigation as discovery has already closed. Although the third-party defendants may suffer some inconvenience from the addition of George Wintz as a party, the court will allow the amendment.

HN2[↑] There is no "hard and fast rule" as to the conditions under which the corporate entity may be disregarded and the corporate [*6] veil pierced because the circumstances vary from case to case. *See Crane v. Green & Freedman Baking Co., Inc., 134 F.3d 17, 21 (1st Cir. 1998)* (quoting William M. Fletcher, 1 Fletcher Cyclopedia of the Law of Private Corps, § 41.30, at 662 (1990 rev. ed.)). In general, courts consider the following elements in deciding whether to pierce the corporate veil: (1) the amount of respect given to the corporate entity by its shareholders; (2) the degree of injustice visited on the litigants by recognition of the corporate entity; and (3) the fraudulent intent of the individual defendant. *See Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc., 872 F.2d 702, 704 (6th Cir. 1988)*; *Crane, 134 F.3d at 22*. Of these elements, the sine qua non to the remedy's availability is a finding of some fraudulent intent. *Id.* (quoting *United Elec., Radio and Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1093 (1st Cir. 1992)*. Deference to the corporate entity may be particularly inappropriate in the ERISA context because Congress enacted ERISA in part to protect employees who were being deprived of benefits due to a corporate sham. *See Laborers' Pension [*7] Trust Fund, 872 F.2d at 705*; *Alman v. Danin, 801 F.2d 1, 3-4 (1st Cir. 1986)*. In this case, the third-party plaintiff has provided sufficient facts to support all three elements discussed above.

The facts, at least as alleged by Carstensen in its motion, show that Wintz fraudulently intended to siphon assets out of his companies for his personal gain and, in so doing, showed a lack of respect to the separate corporate entity of his companies. Due to Wintz's alleged actions, his companies failed to meet their obligations to creditors, including the Pension Fund, leaving Carstensen liable for Wintz Parcel Drivers' withdrawal liability. If this court denies Carstensen's motion, Carstensen may suffer injustice because the members of the Wintz Controlled Group are involved in involuntary bankruptcy proceedings and may be unable to reimburse Carstensen for the withdrawal liability it paid to the Pension Fund on the Group's behalf. At this stage, Carstensen need only set forth facts that may entitle it to judgment under a theory of piercing the corporate veil. *See Early v. Bankers Life and Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992)*. It has done so. Any inconvenience to the third-party [*8] defendants will be minimal because Carstensen does not intend to conduct further discovery beyond possibly taking Wintz's second deposition. Accordingly, the motion for to file a second amended complaint is granted.

B. Motion to Compel

Carstensen has also filed a motion to compel Wintz to: (1) appear for a second deposition and respond to questions posed by Carstensen; and (2) verify answers to interrogatories filed by the third-party defendants. Wintz refused to verify the answers to interrogatories, asserting his *Fifth Amendment* privilege against self-incrimination. At his deposition, Wintz again invoked his *Fifth Amendment* privilege in response to every question posed by opposing counsel other than answering his name. Carstensen contends that Wintz waived his *Fifth Amendment* privilege by participating in the discovery process on behalf of his companies and producing corporate documents in response to document requests served on the companies.

HN3[↑] The *Fifth Amendment* provides that "no person … shall be compelled in any criminal case to be a witness against himself." The privilege extends to protect an individual from being compelled "to answer official questions put to him in any [*9] … proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 389 (7th Cir. 1995)* (citations omitted). The right to assert the privilege in a civil suit does not depend on the likelihood of prosecution, but on the probability of prosecution. *In re Folding Carton Antitrust Litigation, 609 F.2d 867, 872 (7th Cir. 1979)*. If the information could furnish "a link in the chain" of evidence needed to prosecute the individual asserting the privilege, the information cannot be discovered in a civil action. *Illinois v. Urbano, 1986 U.S. Dist. LEXIS 17595*, at *1, No. 85 C 6854, 1986 WL 13779 (N.D. Ill. 1986).

HN4[↑] It is well established that corporations are not protected by the *Fifth Amendment*. *Braswell v. United States, 487 U.S. 99, 102, 108 S. Ct. 2284, 2287, 101 L. Ed. 2d 98 (1988)*. Thus, a corporation has no right to refuse to submit its books and records in a civil

proceeding. *See* [Hale v. Henkel, 201 U.S. 43, 26 S. Ct. 370, 50 L. Ed. 652 (1906)](). Because corporations act only through their agents, the official records and documents of the corporation that are held by such agents in a representative, **[\*10]** rather than in a personal capacity cannot be the subject of a personal privilege against self-incrimination. [Braswell, 487 U.S. at 107, 108 S. Ct. at 2289]() (quoting [United States v. White, 322 U.S. 694, 699, 64 S. Ct. 1248, 1251, 88 L. Ed. 1542 (1944)]()). The custodian's "act of production is not deemed a personal act, but rather an act of the corporation," [Id. at 110, 108 S. Ct. at 2291](), and does not involve testimonial self-incrimination. [Fisher v. United States, 425 U.S. 391, 411, 96 S. Ct. 1569, 1581, 48 L. Ed. 2d 39 (1976)]().

In this case, Wintz, the sole shareholder, sole employee and sole officer of the companies of the Wintz Controlled Group, was obligated to produce the companies' corporate records upon proper demand by Carstensen. In producing those records, Wintz acted on behalf of the corporations in a purely representative capacity. Because the act of producing such corporate records did not implicate the *Fifth Amendment*, Wintz did not waive his personal *Fifth Amendment* privilege against self-incrimination as argued by Carstensen. Moreover, his invocation of the *Fifth Amendment* in response to questions posed by Carstensen at his deposition was entirely appropriate **[\*11]** because the information sought by Carstensen was testimonial in nature. *See* [City of Chicago v. Reliable Truck Parts Co., Inc., 768 F. Supp. 642, 646 (N.D. Ill. 1991)]() **HN5**[⬆️] ("That [the corporation] cannot assert a *Fifth Amendment* privilege through its [Rule 30(b)(6)]() deponent does not, however, bar its officers … from doing so where the information sought is within their knowledge and is testimonial … in nature.").

Carstensen's motion also asks the court to compel Wintz to verify the Wintz Controlled Group's answers to interrogatories. **HN6**[⬆️] [Rule 33(a) of the Federal Rules of Civil Procedure]() provides that where interrogatories are served on a corporation, the corporation must designate an agent who can "furnish such information as is available to the party" on behalf of the corporation. As with document requests, corporations have no *Fifth Amendment* privilege to refuse to answer interrogatories propounded upon them in a civil proceeding. [United States v. Kordel, 397 U.S. 1, 7, 90 S. Ct. 763, 767, 25 L. Ed. 2d 1 (1970)](). However, the act of verifying interrogatories on behalf of the companies is testimonial in nature and raises *Fifth Amendment* concerns. Therefore, the Seventh Circuit **[\*12]** has explained that

[Rule 33(a)]() obliges a corporation to "select an agent, who without fear of self-incrimination, [can] provide the information requested." [United States v. 3963 Bottles, More or Less, Enerjol Double Strength, 265 F.2d 332, 336 (7th Cir. 1959)](), *cert. denied*, 360 U.S. 931, 79 S. Ct. 1448, 3 L. Ed. 2d 1544 (1959).

In *3963 Bottles*, the Seventh Circuit found no merit in the claimant's suggestion that the answers to interrogatories had to be verified by a particular officer or managing agent of the corporation. The court said: "It would indeed be incongruous to permit the corporation to select an individual to verify the corporation's answers, who because he fears self-incrimination may thus secure for the corporation the benefits of a privilege it does not have." [265 F.2d at 336](). The court did not address the situation where a corporation only has one agent, who acts as the sole employee, shareholder and officer of the corporation. The Supreme Court in *Kordel* noted "this troublesome question" and said that "in such a case the appropriate remedy would be a protective order …, postponing civil discovery until termination of the criminal action." [397 U.S. **[\*13]** at 9, 90 S. Ct. at 768, 25 L. Ed. 2d 1](). In any event, **HN7**[⬆️] the failure to have an agent appointed to respond to interrogatories propounded on a corporation is grounds for entry of a default judgment, *3963 Bottles*, 265 F.2d at 337, or an order striking affirmative defenses or other pleadings. [General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1211 (8th Cir. 1973)](), *cert. denied*, 414 U.S. 1162, 94 S. Ct. 926, 39 L. Ed. 2d 116 (1974).

As argued by the claimants in *3963 Bottles*, the third-party defendants in this case contend that Wintz is the only individual who can verify their answers to interrogatories, and he has asserted his *Fifth Amendment* privilege. Their argument is unpersuasive. **HN8**[⬆️] The Federal Rules do not contemplate that the corporate officer or employee responding to the interrogatories have first-hand personal knowledge of the facts reflected in the answers. [In re Folding Carton Antitrust Litigation, 76 F.R.D. 417, 419 (N.D. Ill. 1977)](). The Federal Rules simply require the corporation select an agent who can "gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the interrogatories …." In this case, **[\*14]** there are individuals other than Wintz that can be named as agents. Mark Ayotte, in-house counsel for the third-party defendant companies, may serve as an agent. In addition, stock of some of the companies was pledged to Leo Wolk and Stan Kagin. They too can serve as agents. If these individuals are foreclosed from verifying the responses to

interrogatories, the corporation's attorney may also serve as an agent. See *City of Chicago v. Reliable Truck Parts Co., Inc., 1989 U.S. Dist. LEXIS 3533*, No. 88 C 1458, *1989 WL 32923 (N.D. Ill. 1989)* (counsel for defendant corporation can serve as agent to answer interrogatories).

The court orders the third-party defendants to appoint one of the above named individuals, or any other individual they choose, to verify the answers to interrogatories. To the extent a particular interrogatory requires the third-party defendants to consult the knowledge of insulated witnesses, the third-party defendants may object on that ground, explaining why such an answer implicates the *Fifth Amendment*. In the event that none of these individuals can verify the interrogatories without incriminating himself, a protective order under Rule 26(c) may be issued upon motion by the third-party **[*15]** defendants. The consequences of failing to comply with this court's order has been noted in the opinion.

## CONCLUSION

For the reasons set forth above, the third-party plaintiff's motion to file a second amended complaint is granted, the motion to compel Wintz to appear for deposition and respond to the questions posed by Carstensen is denied, and the motion to compel the third-party defendants to verify their answers to interrogatories is granted.

Charles P. Kocoras

United States District Judge

Dated: *July 16, 1998*