IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABUIRSHAID, <br><br> Defendants. | Civil No. 17-cv-03591 <br><br> Hon. Sharon Johnson Coleman <br><br> **Hon. Sidney I. Schenkier** |

**PLAINTIFFS' MOTION TO REMOVE
IMPROPER CONFIDENTIALITY DESIGNATIONS**

Pursuant to Section 9 of this Court's Agreed Confidentiality Order (Dkt. 71, the "Order"), plaintiffs hereby challenge the defendants' designation of certain documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and request that the Court strike the designation and require defendants to produce these documents without the designation. In support of this motion, plaintiffs state as follows:

1. The Order permits producing parties to designate documents and information falling within seven specific enumerated categories as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." (Dkt. 71 ¶ 2.) Such documents and information constitute "Confidential Information" under the Order and are subject to certain use and disclosure restrictions—including filing any motion that attaches or relies on them under seal. Because of defendants' (improper) designation of one particular document covered by this motion, plaintiffs

AM 69485005.2

have been forced to comply with these procedures in order to file their concurrently-filed surreply provisionally under seal.

    2.    The seven categories of protectable information and documents are:

        (a)    information prohibited from disclosure by statute;

        (b)    information that reveals trade secrets;

        (c)    research, technical, commercial or financial information that the party has maintained as confidential;

        (d)    medical information concerning any individual;

        (e)    personal identity information;

        (f)    income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and

        (g)    personnel or employment records of a person who is not a party to the case.

(*Id.*) In addition, documents and information that are available to the public may not be designated, even if they otherwise fall within one of the enumerated categories. (*Id.*) Designation of a document as Confidential Information is a certification by the designating attorney that the document contains Confidential Information. (*Id.* ¶ 3.b.)

    3.    Defendants have produced two sets of documents that plaintiffs understand come from the email accounts and files of: (i) Munjed Ahmad (Defendants Production 002594-2660); and (ii) Kristin Szremski (Defendants Production 004423-4468). Both the Ahmad document set and the Szremski document set were bulk-designated in their entirety as Confidential Information.

    4.    These documents do not contain information within the seven categories that may be designated as Confidential Information. In some cases, the documents also appear to be the type of document that would have been available to the public. In particular, the following groups of documents (attached to the version of this motion filed under seal under the Exhibit Number indicated) do not contain or constitute Confidential Information for the following reasons:

| Exhibit Number | Bates Numbers | Document(s) | Reasons Not Confidential |
|---|---|---|---|
| 1 | 002594-2640 | | • Not within 7 categories of "Confidential Information"<br>• No tax returns, W-2s or 1099s<br>• No personal identity information (e-mail addresses have been redacted) |
| 2 | 002641-2646; 004410-4422 | | • General business and operation issues; not within 7 categories of "Confidential Information"<br>• Most are several years old and do not reflect current activities |
| 3 | 002658-2660 | | • Not within 7 categories of "Confidential Information"<br>• Appear to be more than a decade old; no information re current activities |
| 4 | 004423 | | • Appears to be a press release and not a confidential document<br>• Not within 7 categories of "Confidential Information" |
| 5 | 004436-4445 | | • Not within 7 categories of "Confidential Information"<br>• Appears to be non-confidential disseminated materials |
| 6 | 004446 | | • Not within 7 categories of "Confidential Information"<br>• Appears to be form of document to be sent to attendees of fundraising dinner |
| 7 | 004447 | | • Not within 7 categories of "Confidential Information"<br>• Appears to be document that would be disseminated to candidates for job |
| 8 | 004450-4458 | | • Deal with general business issues; not within 7 categories of "Confidential Information"<br>• No personal identity information (e-mail addresses have been redacted)<br>• Nearly a decade old; no information re current activities |
| 9 | 004459-4468 | | • Deals with AMP goals and business issues; not within 7 categories of "Confidential Information"<br>• Does not appear to be a document that would be maintained as confidential<br>• More than 8 years old; no information re current activities |

5. Section 9 of the Order provides that confidentiality designations are subject to challenge and sets forth the procedure for such a challenge. Under Section 9.a., a challenging party

begins the process by conferring with counsel for the designating party and explaining the basis for its belief that the confidentiality designation is not proper. The challenging party must give the designating party the opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge *within 5 business days.*

6. Plaintiffs have complied with the procedures in Section 9.a. As set forth in the attached Declaration of W. Allen Woolley, ("Woolley Decl.," Exhibit 10), counsel for plaintiffs conferred by telephone with counsel for defendants on April 20, 2018 and again on June 19, 2018. Counsel have also exchanged several emails regarding the confidentiality designations, and counsel for plaintiffs explained (both orally and in writing) the basis for plaintiffs' belief that the designations are not proper. Defendants have had an opportunity to review the designated material and have had significantly more than five business days to respond. Defendants withdrew the confidentiality designations from the documents bates numbered Defendants' Production 2647-2651, 2652-2657, 4424-4435, and 4448-4449. Defendants indicated that they were considering withdrawal of the designation of several other documents, but they have neither done so nor provided further explanation for the designations as of the time of filing of this motion. (Woolley Decl. ¶¶ 3-8.)

7. Section 9.b. of the Order authorizes a challenging party to file a motion challenging confidentiality designations and provides that the burden of persuasion in any such challenge is on the designating party. As set forth in the chart above, defendants have not provided adequate grounds to maintain the confidentiality designations on the documents at issue in this motion. The Court should determine that the designated material is not properly designated as Confidential Information and require defendants to produce the material without the designation.

THEREFORE, for the foregoing reasons, plaintiffs request that the Court (i) grant this motion, (ii) declare that the materials designated as Confidential Information should not be treated

as Confidential Information under the Order, (iii) strike the confidentiality designations and order that defendants produce this material without the designations, and (iv) grant such further relief as the Court deems just and proper.

Dated: July 5, 2018                              Respectfully submitted,

                                                                    /s/ W. Allen Woolley
                                                   Stephen J. Landes
                                                   W. Allen Woolley
                                                   Michael B. Kind
                                                   Joshua Fliegel
                                                   LOCKE LORD LLP
                                                   111 South Wacker Drive
                                                   Chicago, IL 60606
                                                   (312) 201-2772
                                                   *Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000

Daniel I. Schlessinger
Seth H. Corthell
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois 60606
(312) 442-0509

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on July 5, 2018 he caused the foregoing PLAINTIFFS' MOTION TO REMOVE IMPROPER CONFIDENTIALITY DESIGNATIONS to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of record.

                                                                  */s/ W. Allen Woolley*