**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABURISHAID,<br><br>　　　　　Defendants. | Civil No. 17-cv-03591<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Sidney I. Schenkier |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMOVE IMPROPER CONFIDENTIALITY DESIGNATIONS**

Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation ("AJP"), Rafeeq Jaber ("Jaber"), Abdelbaset Hamayel ("Hamayel"), and Osama Abuirshaid ("Abuirshaid") ("Defendants") file this Response in Opposition to Plaintiffs' Motion to Remove Improper Confidentiality Designations, as set forth below.

### I.　　BACKGROUND

Plaintiffs filed a Motion to Remove Confidentiality Designations (Doc. 85) on July 5, 2018. Plaintiffs' counsel filed this Motion on July 5, 2018 despite previously representing that counsel for Plaintiffs would not be available on that exact date (*see* Exhibit A) and despite previously being informed that counsel for Defendants was unavailable the entire week of July 2-6, 2018. *See* Exhibit B, Correspondence dated July 2, 2018 from the Litigation Paralegal to counsel for Defendants (responding to Mr. Woolley's email of 1:15 a.m. on Saturday, June 30, 2018, and informing counsel for Plaintiffs that defense counsel was out of the office on vacation that entire

week, and would respond regarding conferring as to remaining issues on confidentiality designations upon her return to the office the week of July 9, 2018).

Plaintiffs' Motion seeking to remove confidentiality designations which were properly made under the Confidentiality Order entered by this Court on May 28, 2018 (Doc. 71) both violates the ethical responsibilities of counsel for Plaintiffs under the Local Rules of this Court, and is without substantive foundation. For the reasons set forth below, Defendants respectfully request that this Motion be denied, and that Defendants recover costs and fees incurred in the defense of this Motion.

## II. ARGUMENTS AND AUTHORITIES

### A. Standard for Motions Challenging Confidentiality Designations

Prior to the filing of a motion to challenge confidentiality designations, counsel for all parties must meet and confer to discuss the challenged designation. *Instant Tech., LLC v. Defazio,* 2013 U.S. Dist. LEXIS 160251, *3 (N.D. Ill. Nov. 8, 2013).[1] A party challenging the designation of classified material must do so in good faith. *Jacobs v. City of Chi.*, 2015 U.S. Dist. LEXIS 5385, *14 (N.D. Ill. January 16, 2015). When conferring, the challenging party "must explain ***the basis*** for its belief that the confidentiality designation was not proper." *Id.* (emphasis added). However, "a party asserting confidentiality should be in the best position to show why the document is entitled to special treatment. *Cummins-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653, *38-39 (N.D. Ill. Jan. 2, 2004) (citing *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999)). After counsel is provided an opportunity to review those challenges, if there are still disagreements, a party may seek the Court's intervention to challenge the designation. *Jacobs*, 2015 U.S. Dist. LEXIS at 14.

---

[1] Copies of all cases cited herein which are not published are attached for this Court's convenience at Exhibit C.

2

B.  **Relevant Designations**

   a.  **The Designations in Question Were Made by Agreement of the Parties as to the Entry of a Confidentiality Order**

In an effort to avoid the need for intervention by this Court, the parties reached an agreement to enter into an Agreed Confidentiality Order. The parties reached this Agreement in April 2018, with the stated understanding that the Order, once approved by the Court, would become retroactive as to any properly designated documents produced after the April agreement of the parties and prior to this Court approving the Order. Ex. A, email of April 10, 2018.

   b.  **Plaintiffs Failed to Meet Their Burden by Providing Only Blanket Objections**

During the phone calls which took place in this matter, Plaintiffs' counsel repeatedly stated his belief that none of the documents fell into the seven enumerated categories of the Confidentiality Order, without going into any detail as to why, or why *none* of the documents would be protected under the Agreed Confidentiality Order. Defendants' counsel expressed that it was difficult to respond to a blanket, unspecified objection, without specific reasons in relation to the documents, rather than a general objection to them. Contrary to the requirements set out in *Jacobs* that a challenging party identify the basis for a good faith belief that the designation is improper, Plaintiffs' counsel in this matter refused to do so:

> [By defense counsel:] As to the Confidentiality Order, please note I identified 126 pages out of the 4,468 pages (plus additional archived electronic files of the Twitter, Facebook and website pages, produced on flash drives and not bates labeled) as subject to this Confidentiality Order. You stated that some or all of the 126 pages (representing less than 2.8% of the documents produced) may not be confidential in your opinion. As I stated on our call, if you will identify which of the designated 126 pages you are challenging as to that designation and why, I am glad to respond. It is, however, difficult for me to respond to blanket general statements pertaining to some or most of a page range. [Response by plaintiffs' counsel:] AS I INDICATED ON THE CALL, I DO NOT THINK ANY OF THE MATERIAL IN THE MOST RECENT PRODUCTION FALLS WITHIN THE SCOPE OF CONFIDENTIAL INFORMATION COVERED BY THE PROTECTIVE ORDER. I WOULD BE WILLING TO CONSIDER ARGUMENTS THAT A LIMITED NUMBER OF THE DOCUMENTS PRODUCED IS COVERED; HOWEVER, THIS APPEARS TO BE A WHOLESALE CONFIDENTIALITY DESIGNATION OF EVERY E-MAIL PRODUCED IN THE CASE (THE BULK OF WHICH HAVE NOTHING TO DO WITH THE 7 CATEGORIES LISTED IN PARAGRAPH 2 OF THE ORDER) AS WELL AS

> WHAT APPEAR TO BE PUBLIC LETTERS, POWER POINT PRESENTATIONS AND MATERIALS FOR DISTRIBUTION THAT ARE NOT ONLY FALL OUTSIDE THE 7 CATEGORIES BUT DO NOT APPEAR TO BE CONFIDENTIAL. UNDER THE ORDER, THE CONFIDENTIALITY DESIGNATION IS A CERTIFICATION THAT THE DESIGNATED DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AS DEFINED IN THE ORDER. IT IS NOT OUR BURDEN TO REVIEW AND OBJECT TO BULK DESIGNATIONS OF DOCUMENTS.

April 20, 2018 emails, produced by Plaintiffs in their Motion as internal Exhibit C to Doc. 85, Ex. 10. Only after follow-up months later, in late June, did counsel for Plaintiffs provide the conclusory assertion that for each document challenged, it "does not appear to be the type of document that would be maintained confidential." Doc. 85 at Ex. 10, internal Ex. B; but see *Jacobs*, 2015 U.S. Dist. LEXIS at 14.

### c. Defense Counsel Agrees to De-Designate Some Documents, After Conferring

Upon conferring, and being given what was still only basic conclusory reasons for Plaintiffs' challenge to the designations at issue (such as the conclusory assertions that documents "do not appear to be confidential"; *see* Ex. A at 3-5), the parties were able, on June 20, 2018, to agree that Defendants would de-designate documents 002652-002657 and 004424-004435.[2] This comprises fourteen (14) of the 126 pages out of over 4,000 which were designated.

### d. Defense Counsel Disagrees on Some Designations, After Conferring and Additional Investigation

As will be further supported by the updated affidavits and discovery responses forthcoming in this matter, the document[3] bates labeled 002652-002657 was not a published presentation, does

---

[2] Defendants also previously agreed to de-designate pages 002652-002657, but as stated below and in accordance with Paragraph 6 of the Confidentiality Order (Doc. 71), Defendants have recently learned that these pages should be re-designated, as they only go to the planning stages of the start of AMP as an entity, and reflect a contemplated board and contemplated events which never occurred; furthermore, these documents were maintained as confidential at all times. Therefore, Defendants re-designate this page range.

[3] In describing the general nature of the documents marked confidential, without specific quotations or attachments as to each other than as delivered separately regarding Exhibit D herein, Defendants maintain and do not waive the confidentiality designations as identified on the relevant documents and herein; these mere categorical references of a general nature do not and by way of

not reflect events which did in fact occur, and was prepared as an aspirational draft to show what AMP might look like in the future and the events it *could* hold.[4] This draft was produced to show the efforts in the requested time frame which were taken by Munjed Ahmad and others prior to the start of AMP; AMP was not even incorporated until August 2006. This draft, which was prepared in the initial discussions of the creation of AMP, qualifies as research, technical, commercial or financial information that the party has maintained as confidential or information that reveals trade secrets. Defendants have therefore re-designated those pages as Confidential in accordance with Paragraph 6 of the Confidentiality Order (Doc. 71). The document labeled 4423, which was an unsent draft of a letter to donors and potential donors created by the marketing personnel, and was not in final form. This document was also produced in response to requests by Plaintiffs for "any and all" information available from roughly a decade ago regarding donors and donor communications. Defense counsel informed Plaintiffs' counsel of her belief that the document at 4423 was a draft, but her desire to verify that, in the last substantive communications which occurred before Plaintiffs nonetheless filed the July 5, 2018 Motion to De-Designate. *See* Doc. 85.1 at Ex. 10, internal Ex. C.

      e.      **Many Documents Previously At Issue Are Now Moot, Because They Fall Outside the Timeframe as Ordered by this Court**

Since the filing of Plaintiffs' Motion at issue here, the parties appeared before this Court on July 12, 2018, regarding the applicable scope of discovery for this limited jurisdictional discovery phase of this matter. This Court ordered that the applicable timeframe is 2005 through

---

clarification are not intended to waive the effect of the Confidentiality Order on these properly designated documents.

[4] In accordance with Defendants' compliance with this Court's order regarding additional production and discovery responses in this matter, Defendants will update and re-produce the previously submitted Declarations in this matter. In an effort to avoid unnecessary duplication and as documents and information are still being prepared for production in this matter, the relevant updated affidavit is not yet available. Defendants will supplement with the relevant Declarations no later than August 27, 2018.

2010. Many of the documents which are the subject of Plaintiffs' Motion at issue currently exceed the applicable scope ordered by this Court, and as such the Motion as to those documents is moot. Those document page ranges include the following: 002594-002646 (emails and meeting minutes from October 2013 through July 2017); and 004412-004422 (Executive Committee meeting minutes from May 2012 through March 2017); and 004424-4445 (promotional materials and an internal PowerPoint presentation from 2016). While Defendants stand by the Confidentiality designation of these documents as covered by Part C of Paragraph 2 of the Confidentiality Agreement (except as to 004424-004435, which Defendants' counsel has already de-designated), they need not be addressed at any length in this Response as they fall outside the timeframe this Court has ordered as relevant.

That leaves the following twenty-five (25) pages at issue for this Court to address:

- 002652-002657 (a PowerPoint created as a draft to outline the intended purpose of AMP and which has been maintained as confidential, created in 2005 and prior to the formation of AMP, which reflects a contemplated Board and contemplated events which never occurred, and are therefore covered by Part C of Paragraph 2 of the Confidentiality Order) (while not briefed by Plaintiffs in their Motion likely due to the previous de-designation of these pages, these pages are addressed here and provided as Exhibit D to this filing, which is produced by courtesy copy and email delivery, due to the new information obtained that these pages reflect information which was purely in draft form and aspirational, and not reflective of actual events which took place, and their resulting re-designation);
- 002658-002660 (notes of attorney Munjed Ahmad, a founder of AMP, which reflect the early efforts of its formation, and are therefore covered by Part C of Paragraph 2 of the Confidentiality Order);
- 004410-004411 (2008 Executive Committee notes which have never been made public, and reveal employment related discussions as well as research and/or commercial information never made public, and are therefore covered by Part C of Paragraph 2 of the Confidentiality Order);
- 004423 (a draft of a 2009 letter anticipated to be sent to donors, which is not in final form and has been kept confidential, and is therefore covered by Part C of Paragraph 2 of the Confidentiality Order);
- 004446 (another draft of a letter to donors and potential donors, which again is not in final form and has been kept confidential, and is therefore covered by Part C of Paragraph 2 of the Confidentiality Order); and
- 004457-004468 (communications and drafts from 2009 and 2010, sent internally and created for internal use, which are in draft form and have been kept confidential, and are therefore covered by Part C of Paragraph 2 of the Confidentiality Order).

### C. De-Designation of the Remaining Confidential Documents Will Cause Unnecessary Harm, and These Designations Do Not Create Any Undue Burden on Plaintiffs

De-designating the remaining documents at issue will result in substantial harm to AMP and AJP, because public availability of these documents "would tend to cause substantial harm to the designating party's legitimate business, competitive position or privacy interests." *Instant Tech,* 2013 U.S. Dist LEXIS at *3. This harm is not outweighed by any prejudice to Plaintiffs in having the documents designated as Confidential; in fact, there is no harm at all to Plaintiffs in having the designated documents remain Confidential. Counsel for Defendants has asked several times what the purpose of de-designating these documents would be, particularly at this early, pre-answer stage of this litigation, and never received a substantive answer. *See* Doc. 85 at Ex. 10, internal ex. C. And while the lack of an articulation of harm on its own does not justify designation of documents as confidential, these documents are properly marked Confidential for the reasons set forth above as to each; Plaintiffs have not shown nor can they show any harm which would befall them by allowing these designations to stand.

### D. The Manner and Basis of Plaintiffs' Conduct in Filing this Motion Warrant the Award of Defendants' Costs and Fees Related to Defending it

As previously noted in Defendants' Objections (Doc. 88) to the Motion at issue here, the conduct of Plaintiffs' counsel regarding representations to this Court and the filing of this Motion has not met the standards set forth by the applicable Local Rules. Plaintiffs' Motion to Remove Confidentiality Designations is in violation of Local Rule 37.2. Counsel for Plaintiffs knew that defense counsel was out of town from the office and on vacation (albeit in Chicago, but nonetheless on vacation with family) on the day, and in fact entire week, of filing their Motion, and had been notified that defense counsel would respond to Plaintiffs' counsel's email (of 1:15 am Saturday morning) upon return to work the week of July 9, 2018. Ex. B.[5] To the extent that Plaintiffs'

---

[5] This particular email, along with any reference to its time or date stamp, is curiously omitted

counsel asserts within the Motion to remove designations that Plaintiffs have complied with the provisions contained within the Confidentiality Order (Doc. 71), implying without stating that this is in lieu of the existing need to comply with Local Rule 37.2, this too fails: the provisions of the Confidentiality Order require that the designating party respond to any challenge within five (5) days, and Plaintiffs' own Motion identifies ongoing discussions back and forth evidencing just such responses. Plaintiffs' counsel sent an email at 1:15 a.m. on Saturday, June 30, asking for a response by close of business Monday, July 2, 2018 and was during business hours on July 2 that defense counsel was unavailable until July 9; Plaintiffs' counsel filed the Motion on July 5 anyway. This, again, is despite Plaintiffs' counsel previously stating that they would be unavailable for the originally scheduled hearing with this Court on July 5, the same date the Motion to Remove Confidentiality Designations was filed, and seeking agreement to move the hearing date (to which defense counsel did not object). Ex. B. This behavior is consistent with neither the spirit nor the letter of the above-board communications sought from attorneys by the Local Rules governing this proceeding. Defendants therefore seek appropriate costs and fees related to the need to defend against this Motion.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny the Plaintiffs' request to the extent they seek to de-designate documents bates labeled 002652-002657, 002658-002660, 004410-004411, 004423, 004446, and 004457-004468, and that this Court find Plaintiffs' Motion moot as to 002594-002646, 004412-004422, and 004424-4445 as they are outside the timeframe deemed applicable by this Court. Defendants further seek costs and fees related to defense of this Motion, as well as any other relief this Court deems just and proper.

---

from the multiple other emails provided by Plaintiffs' counsel as exhibits to their Motion, as well as the affidavit of Plaintiffs' counsel provided with that Motion. *See* Doc. 85 at Ex. 10, page 4, paragraph 8.

Respectfully submitted,

*/s/ Christina A. Jump*
Charles D. Swift,
Texas Bar No. 24091964
Christina A. Jump
Texas Bar No. 00795828
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
*Attorneys for Defendants*

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that on this 13th day of August 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*
Christina A. Jump
*Attorney for Defendants*