**EXHIBIT D**

Plair v. E.J. Brach & Sons, Inc., Not Reported in F.Supp. (1996)
1996 WL 67975

1996 WL 67975
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

John PLAIR, Plaintiff,
v.
E. J. BRACH & SONS, INC. and E. J. Brach Corporation, Defendants.

No. 94 C 244.
|
Feb. 15 1996.

MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

*1 John Plair sues E.J. Brach & Sons, Inc. and E.J. Brach Corporation (collectively "Brach") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plair contends Brach fired him because he is African American. During discovery, this court granted the parties' agreed motion for entry of a protective order. *See* Order, No. 94 C 244 (N.D. Ill. Aug. 2, 1994); *see* Pl. Ex. A. Subsequently, this court granted summary judgment in Brach's favor. *See* Memorandum Opinion and Order, No. 94 C 244 (N.D. Ill. Apr. 20, 1995) ("April 20 opinion"). Plair has appealed the April 20 opinion. Plair moves the court to modify the protective order as to allegedly confidential evidence filed under seal with respect to the summary judgment motion.

BACKGROUND

Plair was fired by Brach after 19 years of employment for leaving his work station early without permission and without punching his time card. During discovery, Brach filed an agreed motion for a protective order. The court granted the motion and entered the agreed protective order. *See* Order, No. 94 C 244 (N.D. Ill. Aug. 2, 1994); *see* Pl. Ex. A. The protective order covered disclosure of Brach's personnel files, performance evaluations, documents concerning personnel actions, grievance files, documents concerning claims or charges of race discrimination, any documents concerning Brach's employees not generally available to the public, and documents concerning allegedly confidential, proprietary information. Pl. Ex. A at ¶ 1(a)-(g). All copies of designated confidential documents produced by Brach to Plair and his attorneys were not to be disclosed to any other person except "as necessary in the course of this litigation, for the purposes of this litigation, except as required or allowed by any further order of a Court ...." *Id.* at ¶ 4. The limitations of the order do not apply to documents, facts or information Plair obtained from sources other than Brach's production of documents to Plair in this litigation, even if the information is also contained in a confidential document Brach produced. *Id.* at ¶ 7. Plair contends Brach abused the protective order by designating virtually every document produced during discovery as confidential and protected by the order.

Brach publicly filed a summary judgment motion with supporting exhibits and depositions. In opposing Brach's summary judgment motion, Plair attempted to show that African American Brach employees were generally treated less favorably. *See* April 20 opinion at 8. Plair proffered the disciplinary records of more than 130 past and present Brach employees who allegedly engaged in conduct comparable to his without being terminated. *Id.* Plair also produced a statistical analysis purporting to show that Brach terminated African American employees for disciplinary reasons more frequently than non-African American employees. *Id.* Finally, Plair produced a chart of the decision-maker's disciplinary decisions that purportedly demonstrated that African Americans he disciplined had a better chance of being discharged than non-African Americans. *Id.* at 9. Plair's pleadings and supporting exhibits were filed under seal. The court held that Plair failed to create a genuine issue of material fact and granted summary judgment in Brach's favor.

*2 Plair appealed the April 20 opinion to the Seventh Circuit Court of Appeals. The Equal Employment Opportunity Commission ("EEOC") is purportedly considering filing an *amicus curie* brief on Plair's behalf or joining Plair's appeal. Plair filed a motion with the Seventh Circuit to unseal certain documents or to allow his counsel to inspect sealed documents. The Seventh Circuit noted the agreed protective order remained in effect. *See* Pl. Ex. B. The Seventh Circuit denied Plair's requests, ruling that: (i) nothing prohibited counsel from reviewing sealed documents in connection with Plair's

Plair v. E.J. Brach & Sons, Inc., Not Reported in F.Supp. (1996)
1996 WL 67975

representation; (ii) potential *amici* could not view the sealed portions of the record on appeal; and (iii) the sealed portion of the record on appeal could not be withdrawn. *Id.* The court further directed Plair to review *Pepsico, Inc. v. Redmond,* 46 F.3d 29 (7th Cir. 1995), and *In re Krynicki,* 983 F.2d 74 (7th Cir. 1992), to the extent he sought to unseal the record so that currently sealed material could be discussed in the appellate briefs. *Id.*

Plair proceeded to file his appellate brief and short appendix in the Seventh Circuit under seal, moving *instanter* for the Seventh Circuit to unseal them. The Seventh Circuit denied Plair's motion. *See* Pl. Ex. C. The Seventh Circuit reasoned that Plair must initially move this court to unseal documents filed in this court. The Seventh Circuit further ordered Plair to file a status report regarding the procedures before this court by December 12, 1995. *Id.* Subsequently, Plair filed this motion to modify the protective order.

DISCUSSION

Plair contends Brach abused the agreed protective order by classifying virtually every document it disclosed as confidential. Plair further asserts the Seventh Circuit denied his motion to file an appellate brief and short appendix under seal. Plair seeks to modify the protective order as follows: (a) all materials filed by the parties in connection with Brach's summary judgment motion be unsealed and excluded from the protective order; (b) the April 20 opinion be deemed excluded from the protective order; (c) Plair's appellate brief and short appendix be expressly excluded from the protective order; and (d) any requirements contained in the protective order concerning the need to seal any future pleadings that refer or relate to the information contained in (a), (b) and (c) be deleted from the protective order.

Without citation to any authority, Brach responds that all documents should remain sealed. Brach asserts this court ruled on summary judgment that the employees cited by Plair as comparable employees did not raise an issue of material fact. April 20 opinion at 18-21. Brach contends the agreed protective order should be upheld to prevent irrelevant but confidential or proprietary information subject to discovery from becoming public merely by including the information in summary judgment pleadings. Brach recognizes the April 20 opinion itself is not subject to the protective order.

*3 Local Rule 10(c) and Rule 26(c) of the Federal Rules of Civil Procedure authorize a district court to issue protective orders upon a showing of good cause. Protective orders are used appropriately to prevent the abuse that can attend coerced production of information. *Isaacson v. Keck, Mahin & Kate,* 1992 WL 297391, at *5 (N.D. Ill. Oct. 8, 1992). "There is an opportunity ... for litigants to obtain -- incidentally or purposefully -- information that not only is irrelevant but if publicly released could be damaging to reputation and privacy. The government clearly has a substantial interest in preventing this sort of abuse of its processes." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 (1984).

However, there are means other than blanket protective orders to protect the identity of non-litigants, such as coding documents and pleadings for identification purposes before filing them in the public record. *See, e.g., Isaacson,* 1992 WL 297391, at *5. In *In re Krynicki,* 983 F.2d 74 (7th Cir. 1992), the Seventh Circuit stressed that confidentiality orders must be narrowly tailored. "Confidentiality while information is being gathered not only protects trade secrets but also promotes disclosure .... Information that is used at trial or otherwise becomes the basis of decision enters the public record." *Id.* at 75. The court reasoned:

> What happens in the halls of government is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification.

*Id.* at 75.

Hence, blanket protective orders permitting all documents to be designated confidential are generally not appropriate. *Id.* at 76-78. The *Krynicki* confidentiality order provided that any party could designate any document or information as confidential. *Id.* at 77. The confidential status continued even if the materials were used in court proceedings. *Id.* The plaintiff designated everything as confidential; all briefs in the district court were filed under seal. The plaintiff attempted to file her appellate brief under seal pursuant to the district court's

confidentiality order. *Id.* The defendant requested the appellate brief and accompanying appendix be filed under seal because the material had been marked confidential at the district court level.

The Seventh Circuit denied the motion for leave to file a sealed appellate brief. The court ruled, "[n]o magistrate judge can authorize litigants to file clandestine briefs in this court, and the order of December 5, 1991, did not purport to do so." *Id.* The court required the appellate brief be filed publicly, even though a public filing might expose private family and financial affairs to the press and the public. However, having been designated as confidential, the underlying information could not be revealed on appeal without violating the district court's order. "The confidentiality order is effective until modified: the collateral bar doctrine requires litigants to obey invalid orders while they are outstanding." *Id.* at 78. Thus, the plaintiff was directed to either remove transgressing references from the brief or to obtain a modification of the protective order from the district court. *Id.* "A request to the district court will permit that tribunal to make a refined assessment of which information should remain confidential. The district court should not have entered an order allowing anyone to put any information under wraps." *Id.*

\*4 More recently, in *Pepsico, Inc. v. Redmond*, 46 F.3d 29 (7th Cir. 1995), the Seventh Circuit denied an appellant's attempt to file the trial court's opinion under seal. The court ruled that,

> Holding trade secrets in confidence is one thing, holding entire judicial proceedings in confidence quite another. Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them.... This circuit has insisted, moreover, that the judicial proceedings held, *and evidence taken,* on the way to a final decision also are presumptively in the public domain.

*Id.* at 31 (citations omitted) (emphasis added). Therefore, the Seventh Circuit denied the parties' motions to file a sealed appendix containing the trial court's opinion. The Seventh Circuit further denied the parties' motion to hold the entire appellate proceedings off the public record and held the parties could file a sealed supplement to their briefs containing any materials that "properly may be kept confidential." *Id.* at 30.

Plair argues that evidence filed in connection with the summary judgment motion should be in the public domain without regard to whether it was previously subject to a protective order. Plair contends Brach's summary judgment motion and supporting memorandum, statement of undisputed material facts and a volume of deposition transcripts and exhibits were not filed under seal. Plair further notes her appellate brief and short appendix do not mention truly confidential information, such as proprietary or trade secret information. When discussing discipline imposed on other Brach employees, Plair refers to a code number, the type of infraction and the race of individuals without mentioning employees by name. Brach insists that immaterial but sensitive information should not be publicly accessible simply because a party introduced the information into evidence.

In *In re Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir. 1984), the Seventh Circuit held that Rule 26(c) protective orders control *discovery* of materials, not *introduction* of material into evidence. *Id.* at 1310. However, the party who introduced the confidential discovery material into evidence was not the recipient of the information, but the party who originally disclosed the information during discovery. *Id.* at 1311. Thus, the case involved publicizing information offered into evidence by a party whose possession of the information did not depend on use of the court process. *Id.* at 1312.

Brach's argument that *all* material identified as confidential should remain confidential is unconvincing. It is clear the parties abused their agreed protective order. First, Brach apparently classified almost every document as confidential. Second, though Brach filed materials in the public record, both parties filed some pleadings and evidence in connection with the summary judgment motion under seal. Protective orders should be narrowly tailored. In addition, most of the sealed materials were not properly subject to the protective order.

\*5 Brach does not attempt to winnow out properly confidential information. Many of the documents submitted to the court concerning the summary judgment motion were not subject to the protective order and should not have been filed under seal, including deposition excerpts, affidavits, Plair's personnel and disciplinary file, Plair's union grievance form, Brach's union labor agreement, Brach's plant and employment regulations, court opinions, affirmative action reports and excerpts from Brach's interrogatory responses. The only potentially confidential information proffered as evidence consists of materials relating to other employees'

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.

Plair v. E.J. Brach & Sons, Inc., Not Reported in F.Supp. (1996)
1996 WL 67975

disciplinary records. However, in rendering its opinion, this court discussed a number of other employees' disciplinary records. *See* April 20 opinion at 17-21. Plair convincingly argues the information relating to other employees' discipline should be publicly available because it is the basis for this court's April 20 opinion and the heart of Plair's argument on appeal. Pl. Ex. D. Plair further establishes that the identity of other employees subject to discipline can be protected by referencing other employees (other than Plair and Arco Jefferson, who filed a separate complaint against Brach) by code number rather than by name.

Accordingly, the agreed protective order shall be modified. All pleadings and evidence filed by Plair and Brach in connection with the summary judgment motion shall be unsealed and excluded from the restrictions of the protective order, except for the following: (i) Pl. Ex. O filed in opposition to the summary judgment motion, which contains other employees' disciplinary records and (ii) paragraphs 59-197 of Plair's statement of material facts in opposition to the summary judgment motion, containing summaries identifying 130 other employees and discussing their alleged infractions. However, the substance of (i) and (ii) are not subject to the protective order, so long as employees are not identified by name -- other employees may be referenced by a code number or code letter, race, the type of infraction and discipline imposed. A coded list of other employees by name is subject to the protective order.[1] Leave of court is required to the extent further modifications of the protective order are warranted or needed.

*CONCLUSION*

Plaintiff John Plair's motion to modify the agreed protective order is granted in part. Documents filed in connection with the April 20, 1995 summary judgment opinion are unsealed as specified in this memorandum opinion.

[1] Plair's proposed supplemental appendix on appeal may violate the protective order because the names can be read through the black marker. *See* Pl. Ex. F.

**All Citations**

Not Reported in F.Supp., 1996 WL 67975

End of Document

© 2018 Thomson Reuters. No claim to original U.S. Government Works.