**EXHIBIT E**

1

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   STANLEY BOIM, Individually and  )
     on behalf of the Estate of      )
 4   David Boim, et al.,             )
                                     )
 5            Plaintiffs,            )
                                     )
 6            v.                     )   No. 17 CV 03591
                                     )
 7   AMERICAN MUSLIMS FOR PALESTINE, )
     et al.,                         )
 8                                   )   Chicago, Illinois
                                     )   July 12, 2018
 9            Defendants.            )   1:34 p.m.

10                  TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE SIDNEY I. SCHENKIER
11
     APPEARANCES:
12   For the Plaintiffs:        LOCKE LORD, LLP
                                BY:  MR. W. ALLEN WOOLLEY
13                                   MR. STEPHEN J. LANDES
                                111 South Wacker Drive, Suite 4400
14                              Chicago, Illinois 60606
                                (312) 201-2676
15
                                JASZCZUK, P.C.
16                              BY:  MR. DANIEL I. SCHLESSINGER
                                311 South Wacker Drive, Suite 1775
17                              Chicago, Illinois 60606
                                (312) 442-0366
18
     For the Defendants:        MS. CHRISTINA A. JUMP
19                              Constitutional Law Center for
                                Muslims in America
20                              833 East Arapaho Road, Suite 102
                                Richardson, Texas 75081
21                              (972) 914-2507

22   ALSO PRESENT:             MR. ARI HOFFMAN

23   Court Reporter:           Judith A. Walsh, CSR, RDR, CRR
                               Official Court Reporter
24                             219 S. Dearborn Street, Room 1944
                               Chicago, Illinois 60604
25                             (312) 702-8865
                               judith_walsh@ilnd.uscourts.gov
```

1    And I understand there can be an overlap between

2  issues of successorship and alter ego, but certainly, I don't

3  believe that the order contemplated that there would be any

4  discovery permitted insofar as it would pertain solely to a

5  successor theory of liability.

6    Third, the plaintiffs attached as Exhibits 1 and 2 to

7  their memorandum in support of their motion Congressional

8  testimony by Jonathan Schanzer of the Foundation for Defense

9  of Democracies dated April 19th and then May 12th, both of

10  2016.  The testimony discusses various defendants in this case

11  and in the original suit.

12    Plaintiffs cite to this testimony, not merely as

13  evidence but really as establishing the fact that the entity

14  defendants are a continuance of the same organizations that

15  were sued in the original action.  And I cite Page 2 of the

16  memorandum where I think that categorical assertion is made.

17    Now, if the testimony really did all that work, you

18  wouldn't be here.  You wouldn't need discovery.  But I don't

19  find that that testimony establishes anything of the sort.

20  The testimony that you cite to provides no detail about

21  Mr. Schanzer or the organization that he represents.  It

22  provides no detail about how he developed the information.

23  May be completely correct, may be completely incorrect, but I

24  think somebody who gives written testimony to a Congressional

25  committee is providing to that committee information.  That

1    does not make it evidence in the way we look at evidence in a

2    legal proceeding, so I place no weight on that testimony.

3           For what it's worth, I do point out that in the May

4    2016 testimony, Exhibit 2 at Page 7, Mr. Schanzer does state

5    that his organization, I quote, "has not seen any evidence

6    that AMP is engaged in any illicit activity."

7           Fourth, I am concerned about the time scope for the

8    requests which all run from 2004 to the present.  Plaintiffs

9    in their memorandum stake out the position that the original

10   defendants "did not really shut down at all."  And I'm quoting

11   here.  "They regrouped as two new entities," AMP and AJP --

12   I'm quoting now -- "which started up just as the old entities

13   purported to close."  That's in the opening memorandum at 2.

14          While the parties debate whether the current entity

15   defendants were created in 2005 and 2008 or 2006 and 2009, in

16   either event, the discovery sought extends far beyond that

17   time period and all the way through 2017.  And I have serious

18   question about the relevance of much of the discovery the

19   farther away we get from the formative period, which I would

20   say is no later than through 2010.

21          But even assuming that there would be some relevance

22   to a period thereafter, I must consider the question of

23   proportionality.  And if getting information for the time

24   period after 2010, you know, imposes no great difficulty, like

25   lists of directors and officers, which has been provided,

1   that's one thing, but where going beyond 2010 increases the

2   burden, I'm not persuaded it's a burden worth making the

3   defendants shoulder.

4        If defendants cannot develop evidence sufficient to

5   state an alter ego claim from the discovery obtained for the

6   period through the end of 2010, the likelihood to me is small

7   that they will obtain information obtained from a period more

8   remote from the time than the original defendants ceased --

9   I'm sorry, that the original defendants ceased operations and

10  the current entity defendants were formed.

11        So with those overarching considerations in mind, I'm

12  going to turn to plaintiffs' motion to compel.  The motion

13  addresses a number of document requests and interrogatories to

14  the entity defendants and the individual defendants, but the

15  motion and memoranda really group them in six categories.  So

16  I'm going to address them really in that categorical way

17  rather than on a request-by-request basis.

18        So the first category is discovery relating to the

19  creation of AMP, the structure and hierarchy of the entity

20  defendants, and the identity of directors, officers,

21  employees, and chapters.  Having reviewed the various

22  arguments, I grant the motion insofar as it seeks

23  supplementation of the discovery responses so as to require

24  identification of officers and directors for AMP for the

25  period 2006 to 2008.  To me, any overlap in the persons who

1 served in those positions for AMP and those who may have been

2 affiliated with the original defendants is relevant to the

3 alter ego question.

4      And I'm going to be talking generally throughout here

5 about what is relevant to that question. And in making those

6 determinations, I am not in any way foreshadowing what I think

7 the outcome is with respect to any amended pleading or any

8 attack on the amended pleading. The issue before me is what

9 discovery is germane to the issue, not whether any particular

10 discovery will carry the day.

11      Now, it may be that because we're going back so long,

12 there are no documents remaining from that period that would

13 answer the question, but that does not absolve defendants from

14 further investigation to find out from people who may have

15 knowledge because it's often the case that -- I have to tell

16 you, even now with all of our ESI world and everybody emails

17 everything and everybody Tweets everything, I rarely have a

18 case when there isn't some question and there's no piece of

19 paper, ephemeral or hard copy, that exists on it and people

20 have to rely on memory or people who may have knowledge about

21 something. So the fact that there may not be a document

22 doesn't relieve somebody of the obligation of still trying to

23 ascertain the information.

24      I also grant the motion insofar as it seeks

25 information concerning the decision to form AMP and AJP and