IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, Deceased, and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE, AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION, RAFEEQ JABER, ABDELBASSET HAMAYEL, and OSAMA ABUIRSHAID,<br><br>Defendants. | Case No. 17 C 3591<br><br>District Judge Sharon Johnson Coleman<br><br>Magistrate Judge Sidney I. Schenkier |

## ORDER

Pursuant to an agreed confidentiality order entered in this case (doc. # 71), a party may designate as "confidential," and thus subject to restrictions on disclosure, information that falls within certain enumerated categories and that is not already publicly known or available. As of the end of June 2018, defendants had designated (by their count) 126 pages of their production as confidential. Plaintiffs have filed a motion challenging all the confidentiality designations (doc. ## 84-85). The motion has been fully briefed (doc. ## 95 and 99). For the reasons that follow, we grant the motion in part.

At the threshold, defendants argue that the motion should be denied because (1) plaintiffs agreed to the confidentiality of the documents in question at the time of the entry of the confidentiality order (Defs.' Resp. at 3), and (2) plaintiffs failed to meet and confer about their objections to the confidentiality designations and inadequately described the basis for their objections (*Id.* at 3-4). Those arguments are makeweight.

As for the first argument, defendants rely upon an email that *they* sent to plaintiffs' counsel stating that defendants would produce certain of the documents in question once the parties agreed to entry of a confidentiality order. Defendants have not cited any responding email in which plaintiffs agreed that the documents would qualify as confidential. Defendants' unilateral statement that they would produce documents subject to the entry of a confidentiality order does not show that plaintiffs agreed that the documents so designated would qualify for protection.

1

Defendants' complaints about the meet and confer process and the specificity of plaintiffs' objections are no more persuasive. The meet and confer process extended over a lengthy period, and during the latter stages of the discussions, plaintiffs explained why the groups of documents they challenge (and, in some cases, individual documents) did not qualify for protection under the confidentiality order (*see* Pls.' Mot., Ex. B (06/08/18 email)). We note that in defending the propriety of the confidentiality designations, which it is the defendants' burden to do (Confidentiality Order ¶ 9(b)), defendants did not themselves engage in the type of page-by-page analysis they criticize the plaintiffs for failing to employ. And, in any event, plaintiffs' identification during the meet and confer process of the basis for their challenges was specific enough for the parties to reach agreement on some (although not all) of the challenged designations (Pls.' Mot. Ex. B (06/20/18 email) and for the defendants to articulate in the briefing the basis for their assertions of confidentiality.

Turning to the merits, there are ten documents (or groups of documents) at issue in the motion: nine attached to plaintiffs' motion (Pls.' Mot., Exs. 1-9) and one document that defendants originally agreed to de-designate but for which they now seek to preserve the confidentiality designation (Defs.' Resp. at 5 and Ex. D). We address each of the challenged documents below.

**PX 1.** This group of documents consists of a series of internal emails during the period 2013 to 2017. Defendants argue that because the Court's 07/12/18 order expressed "serious question" about the relevance of discovery of documents generated after 2010, any quarrel that plaintiffs may have with the confidentiality designation for documents after that date is "moot" (Defs.' Resp. at 5-6). Although they do not develop the argument, we expect that defendants' reasoning is that previously-produced documents generated after 2010 would not have been produced if the parties had the benefit of the Court's 07/12/18 order, and that since plaintiffs should not have the documents at all, they have no basis to challenge their treatment as confidential. However, the Court's 07/12/18 order addressed discovery disputes before us at the time and did not seek to go back in time to determine whether previously produced documents from the period after 2010 should have been produced. Moreover, once documents are produced, whether they are properly designated as confidential is governed by the confidentiality order and not by a post-hoc analysis of whether the documents should have been produced in the first place. Thus, we reject defendants' "mootness" argument.

However, upon our review of the emails, we conclude that the documents are properly designated as confidential. The emails address, for example, tax matters (Bates No. 2596), organizational strategies (Bates Nos. 2605-07), and internal financial decisions (Bates Nos. 2613, 2632). These matters fall within the protection of the confidentiality order. We deny the motion as to PX 1.

**PX 2.** This group of documents consists of meeting minutes covering a variety of time periods, some before 2010 and some after that date. For those minutes that post-date 2010, defendants assert (and we reject) the mootness argument for the reasons set forth above.

However, as with PX 1, we find that these materials fall within the protection of the confidentiality order, as they address (for example) organizational strategies (Bates Nos. 4410-11), as well as financial/tax matters and personnel matters (Bates Nos. 4412-22). We deny the motion as to PX 2.

**PX 3.** This document is a series of notes prepared in 2005 by a founder of one of the defendants. Defendants point out that the author is an attorney (Defs.' Resp. at 6), but do not assert attorney-client privilege over the document (as is consistent with their decision to produce it to the plaintiffs). The defendants assert that the notes address early efforts at forming the entity, and thus are protected by the provision of the confidentiality order that allows a party to designate as confidential "research, technical, commercial or financial information that the party has maintained as confidential" (Confidentiality Order ¶ 2(c)). We agree, and we are not persuaded by plaintiffs' argument that only trade secret or "commercially sensitive" information is protected. We do not believe that being named as a defendant in a lawsuit automatically exposes an entity to a public airing of its organizational strategies through the discovery process merely because of its not for profit status. And, we are unpersuaded that organizational strategies considered in the origin (whether adopted or not) necessarily become stale with the passage of time. We therefore deny the motion as to PX 3.

**PX 4.** This document is a draft donor letter. Defendants do not explain what is in the draft letter that was not ultimately contained in the final version. We grant the motion as to PX 4.

**PX 5.** This document is an internal power point presentation from 2015. The document contains a discussion of organizational strategy. Thus, while we reject defendants' mootness argument, we agree that it is properly designated as confidential. We deny the motion as to PX 5.

**PX 6.** This document is a draft thank you letter. As with PX 4, defendants do not explain what is contained in this draft letter that was not ultimately contained in the final version. We grant the motion as to PX 6.

**PX 7.** This document appears to be a job description for a position within one of the defendants. Defendants do not address this document in their response. We see no reason to expect that this job description (which well might have been posted on websites or shown to applicants) was maintained as confidential. We grant the motion as to PX 7.

**PX 8.** This exhibit contains emails from 2009 that address financial matters and organizational strategies. Except for Bates No. 4457 (which is the same draft letter as in PX 6), we find that the materials are properly designated as confidential. We therefore grant the motion as to Bates No. 4457 and deny the motion as to the remainder of PX 8.

**PX 9.** This document is a plan for one of the defendants for 2009-10, which sets forth strategic goals and action items designed to accomplish them. We find that this document is properly designated as confidential, and we therefore deny the motion as to PX 9.

**DX D.** This is an internal draft power point from 2005 discussing strategies concerning the creation of one of the defendant entities. This document was one that defendants originally agreed to de-designate during the meet and confer process, but on further examination, they have chosen to defend the confidentiality designation. For the reasons stated with respect to PX 3, we agree that the confidentiality designation is proper and thus deny the plaintiffs' motion as to DX D.

In closing, we address two additional arguments raised by the parties. Plaintiffs assert that sustaining the confidentiality designations will burden the plaintiffs (who will have to go through the process of filing under seal) and the public (which has an interest in access to discovery materials) (Pls.' Reply at 8). We disagree. The process of filing under seal is not a difficult one. And, while the public has a right to know the information upon which a court bases its decision, there is no corresponding right of the public to have access to every document that may be produced in discovery and that may have no significance to the outcome of the case. In *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014), the appeals court explained that "[d]iscovery material can be shielded from the public eye," and that the presumption of public access is limited "to materials that affect judicial decisions." Even when documents labeled as confidential are filed in connection with a motion, that is not "invariably enough" to warrant public access to them; rather, the right of the public to access "depends on whether a document 'influence[d] or underpin[ned] the judicial decision.'" *Id.* at 698, quoting *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002). To the extent that any of the documents defendants mark as confidential turn out to be important to the merits of a judicial decision, there will be occasion then to address the removal of the confidentiality designation from those documents.

Finally, defendants assert that they should be awarded attorneys' fees and costs because plaintiffs failed to complete the meet and confer process, and they filed the motion on a date when they knew defense counsel was on vacation (Defs.' Resp. at 7-8). As we have already stated, the Court concludes that there was no violation of the meet and confer requirement, which took place over an extended period – indeed, nothing in the parties' briefing suggests that spending more time on the meet and confer process would have narrowed or eliminated their dispute. As for filing the motion when defense counsel was on vacation, plaintiffs' counsel protest that they themselves were out of the country when they filed the motion, and that they filed the motion on 07/05/18 solely so that it could be heard along with another motion before the Court set for hearing on 07/12/18 (Pls.' Reply at 6). We are not sure what urgency there was that warranted scheduling the motion for 07/12/18, but that said, defendants do not identify any prejudice from the filing of the motion on 07/05/18. Had plaintiffs noticed the motion to be heard on a date when they knew defense counsel would be unavailable, that would be a different matter – but, that is not what occurred here.

For the foregoing reasons, we grant in part and deny in part plaintiffs' motion. We grant the motion as to PX 4, 6-7 and Bates No. 4457 from PX 8 – defendants shall produce those documents without the confidentiality designations by 09/15/18. We deny the plaintiffs' motion as to the other challenged documents. We also deny defendants' request for an award of attorneys' fees and costs, as well as the plaintiffs' tit-for-tat request for fees and costs (raised for the first time in their reply).

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: September 5, 2018**