# EXHIBIT G

| | |
|---|---|
| **From:** | Christina Jump <cjump@clcma.org> |
| **Sent:** | Tuesday, December 04, 2018 5:04 PM |
| **To:** | Woolley, Allen |
| **Cc:** | Charles Swift; Leila Mustafa; Landes, Stephen; Daniel Schlessinger |
| **Subject:** | RE: Discovery Issues |

Thank you for the call.

As mentioned, we have not changed our position on any of the cited pages where objections were asserted at the time of the depositions, but should you have any specific additional information or authority to point to, I am open to hearing it. Otherwise, within the framework of this Court's order as to this limited jurisdictional discovery and timeframe, we stand by the depositions asserted.

As to Hatem Bazian, we do not agree to produce him for a deposition. His involvement, and at its early stages, has been known since the inception of (and in fact prior to) this lawsuit, as his name is on both AMP and AJP's incorporation documents. Nothing stated by Munjed Ahmad or any other witness contradicts that, nor do any of our interrogatory responses.

As to Salah Sarsour, you point only to Mr. Abuirshaid's testimony that "Hatem was there and Salah was there" when Mr. Abuirshaid recalls stating that he wanted nothing to do with any new organization focused on education about Palestine. Being in one room is not the same as being integral to the involvement of AMP's development as it relates to jurisdiction. Furthermore, Mr. Abuirshaid repeatedly stated that he doesn't even know if that conversation "discussing the need for an organization that works for Palestine" ended up leading to the formation of AMP or not; either way, he "refused to be a part of it" so no further conversations with Mr. Abuirshaid continued. As he testified, "it wasn't like a formal discussion" and "I don't know what was decided." Salah Sarsour does not appear on your provided list of IAP/AMS board members, and I fail to see his relevance, or anything that has as of yet convinced me of it.

As to email lists, multiple witnesses testified that while there are currently email lists, there were not any kept, to the extent they may have even been maintained at the relevant 2005-2010 timeframe. We will not agree to produce current email lists which, at most, are inextricably intertwined with any prior known emails and therefore not separable, and at least have no relevant to what was or was not sent in the relevant window of time. The witnesses clearly testified that there is no accurate snapshot which exists as to any email lists from the 2005-2010 timeframe. They also clearly testified that to the extent anything was sent out, it is contained currently on the website, which has been produced to you in its full archival nature.

As to item 4, we have fully complied with the court's orders as to any and all responsive documents and information regarding AMP donors and sponsors for 2005-2007 and AJP donors and sponsors for 2008-2010. There are no such responsive documents which have been retained, as all witnesses have testified and every interrogatory answer demonstrates. You inquired as to a 30(b)(6) deposition for this purpose; we are opposed, as there is no need. Full investigation as to this information has occurred, in complete compliance with the Federal Rules of Civil Procedure as applicable to these requests and in complete compliance with the governing orders of this Court. And, the correlation to any such deposition as to the lack of retention of records is minimal at best to the instant limited question of jurisdiction. Nonetheless, as I have stated repeatedly before to both you and the Court, the records you seek simply were not retained; there is nothing to compel.

I trust this satisfies any questions you may have still had; again, should you wish to provide me with further, specific supporting arguments or authorities, I am willing to listen and re-examine. But, barring anything besides the bullet

points below and your statement in our conversation that we already addressed the points in deposition, I see no need to change my stance from the objections made at that time.

Again, I was not aware that you were contemplating seeking additional depositions until you mentioned it in the hearing the week of Thanksgiving; I disagree on the scope of the questions to which we made objections; and I cannot produce what was not retained. You also mentioned wanting to seek leave to amend; should you desire additional discovery now as preparation for an anticipated proposed amended complaint, as referenced by Mr. Landes in deposition, we object to that as well. This is not the purpose of this limited jurisdictional discovery regarding 12(b)(1) motion to dismiss. Should that be your intent, we oppose that basis for seeking additional discovery as well.

*Christina A. Jump*

Civil Litigation Department Head
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX  75081
(972) 914-2507 (main)
(972) 914-2508 (direct)

---

**From:** Woolley, Allen [mailto:Allen.Woolley@lockelord.com]
**Sent:** Tuesday, December 04, 2018 10:55 AM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Charles Swift <cswift@clcma.org>; Leila Mustafa <lmustafa@clcma.org>; Landes, Stephen <Stephen.Landes@lockelord.com>; Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Discovery Issues

We will call you at your direct number below at 4.

Best,

**W. Allen Woolley**
Partner
**Locke Lord LLP**
111 South Wacker Drive
Chicago, Illinois  60606
T: 312-201-2676
C: 773-255-1542
F: 312-416-4856
allen.woolley@lockelord.com
www.lockelord.com

---

**From:** Christina Jump [mailto:cjump@clcma.org]
**Sent:** Tuesday, December 04, 2018 10:31 AM
**To:** Woolley, Allen
**Cc:** Charles Swift; Leila Mustafa; Landes, Stephen; Daniel Schlessinger
**Subject:** RE: Discovery Issues

4:00 works


*Christina A. Jump*

Civil Litigation Department Head

2

Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX  75081
(972) 914-2507 (main)
(972) 914-2508 (direct)

---

**From:** Woolley, Allen [mailto:Allen.Woolley@lockelord.com]
**Sent:** Tuesday, December 04, 2018 8:06 AM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Charles Swift <cswift@clcma.org>; Leila Mustafa <lmustafa@clcma.org>; Landes, Stephen <Stephen.Landes@lockelord.com>; Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** Re: Discovery Issues

Could we do 4 pm instead?

Sent from my iPhone

On Dec 3, 2018, at 7:45 PM, Christina Jump <cjump@clcma.org> wrote:

> I am available to discuss tomorrow (Tuesday) afternoon or Wednesday of this week.  Thank you.
>
>
> *Christina A. Jump*
>
> Civil Litigation Department Head
> Constitutional Law Center for Muslims in America
> 833 E. Arapaho Rd., Suite 102
> Richardson, TX  75081
> (972) 914-2507 (main)
> (972) 914-2508 (direct)
>
> ---
>
> **From:** Woolley, Allen [mailto:Allen.Woolley@lockelord.com]
> **Sent:** Thursday, November 29, 2018 4:27 PM
> **To:** Christina Jump <cjump@clcma.org>
> **Cc:** Charles Swift <cswift@clcma.org>; Leila Mustafa <lmustafa@clcma.org>; Landes, Stephen <Stephen.Landes@lockelord.com>; Daniel Schlessinger <dschlessinger@jaszczuk.com>
> **Subject:** Discovery Issues
>
> Christina:
>
> As we indicated during the last status conference, the plaintiffs need some limited additional discovery.  We would like to schedule a conference with you to see if the parties can reach agreement on the following:
>
> 1. We would like to take limited depositions of Hatem Bazian and Salah Sarsour solely on jurisdictional issues.  It became apparent during the depositions that these two witnesses are likely to have knowledge on a number of topics that the entities and individual witnesses have not been able to provide.  For example, although AMP/AJP's interrogatory response (#5) put Munjed Ahmad forward as the central figure in the start-up of AMP, Mr. Ahmad's memory of these events was extremely limited and made clear that his early involvement consisted of 2 or

3

   3 meetings with high school and college students who never went on to be leaders of AMP.  As Mr. Abuirshaid's testimony indicates, Dr. Bazian and Mr. Sarsour were at the same time involved in an independent effort to start an organization that became AMP.  Mr. Ahmad testified that he had no involvement and has no knowledge of that effort.

2. We believe the plaintiffs are entitled to answers to a number of the deposition questions that witnesses were instructed not to answer during the depositions (and reasonable follow-up questions).  In particular we believe the instructions in the following portions of the transcript were improper and require further responses:
    a. Abuirshaid pp. 160:19-164:08
    b. Abuirshaid pp. 264:03-266:06; 269:13-21; 270:18-271:19
    c. Abuirshaid pp. 286:14-290:15
    d. Hamayel pp. 149:7-21
    e. Jaber pp. 208:08-211:18; 213:06-214:18
    f. Jaber pp. 143:09-146:24

3. We request production of lists of e-mail addresses used for newsletters or mass e-mailings and copies of the newsletters or e-mails sent.  (*See* Hamayel pp. 140:16-146:11.)

4. We request production of any financial or bank records maintained by the entities, individual defendants, or any board member reflecting donations, contributions or sponsorship given to AMP/AJP for 2010 or prior.

Please let us know when you are available.  I could do a call on Friday afternoon or on Monday or Tuesday of next week.

Best regards,

**W. Allen Woolley**
Partner
**Locke Lord LLP**
111 South Wacker Drive
Chicago, Illinois  60606
T: 312-201-2676
C: 773-255-1542
F: 312-416-4856
allen.woolley@lockelord.com
www.lockelord.com

<~WRD000.jpg>

_____

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami | New Orleans | New York | Princeton | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.