# EXHIBIT J



A Neutral
As of: December 6, 2018 8:19 PM Z

# BP Amoco v. Flint Hills Res.

United States District Court for the Northern District of Illinois

February 11, 2009, Decided; February 11, 2009, Filed

05 C 5661

**Reporter**

2009 U.S. Dist. LEXIS 131274 *

BP Amoco vs. Flint Hills Resources

**Subsequent History:** Partial summary judgment denied by BP Amoco Chem. Co. v. Flint Hills Res., LLC, 600 F. Supp. 2d 976, 2009 U.S. Dist. LEXIS 13524 (N.D. Ill., 2009)

**Prior History:** BP Amoco Chem. Co. v. Flint Hills Res., LLC, 2008 U.S. Dist. LEXIS 85966 (N.D. Ill., June 11, 2008)

## Core Terms

questions, deposition, discovery, instruct, consulting, parties, bias, motion to compel, deponent, prepare, entity, district court, relevancy, expenses, deposed, plant

**Counsel:** [*1] For BP Amoco Chemical Company, Plaintiff: Richard Cartier Godfrey, LEAD ATTORNEY, Bernard Taylor, Elizabeth J. Kappakas, Erica Blaschke Zolner, Hariklia Carrie Karis, Marla Tun, Raymond Christopher Heck, Scott William Fowkes, Travis John Quick, Kirkland & Ellis LLP (Chicago), Chicago, IL; Douglas G. Haynam, Joseph S. Simpson, Louis E. Tosi, William L. Patberg, Shumaker, Loop & Kendrick LLP, Toledo, OH; Drew George Peel, Rachlis Durham Duff Adler & Peel, LLC, Chicago, IL.

For Flint Hills Resources, LLC, Defendant: James R. Figliulo, LEAD ATTORNEY, Marc S. Porter, Michael Thomas Graham, Ryan P. Stiles, Sara Anne Paguia, Thomas Daniel Warman, Figliulo & Silverman, PC, Chicago, IL; Dean Kuckelman, Wichita, KS; Susan M. Franzetti, Nijman Franzetti LLP, Chicago, IL.

For Flint Hills Resources, LLC, ThirdParty Plaintiff: James R. Figliulo, LEAD ATTORNEY, Marc S. Porter, Ryan P. Stiles, Thomas Daniel Warman, Figliulo & Silverman, PC, Chicago, IL.

For BP COrporation North America Inc., Third Party Defendant: Bernard Taylor, Elizabeth J. Kappakas, Raymond Christopher Heck, Travis John Quick, Kirkland & Ellis LLP (Chicago), Chicago, IL.

For Flint Hills Resources, LLC, Counter Claimant: Dean Kuckelman, [*2] Wichita, KS; Marc S. Porter, Michael Thomas Graham, Ryan P. Stiles, Thomas Daniel Warman, Figliulo & Silverman, PC, Chicago, IL; Susan M. Franzetti, Nijman Franzetti LLP, Chicago, IL.

For BP Amoco Chemical Company, Counter Defendant: Bernard Taylor, Douglas G. Haynam, Elizabeth J. Kappakas, Joseph S. Simpson, Raymond Christopher Heck, William L. Patberg, Shumaker, Loop & Kendrick LLP, Toledo, OH; Drew George Peel, Rachlis Durham Duff Adler & Peel, LLC, Chicago, IL; Hariklia Carrie Karis, Travis John Quick, Kirkland & Ellis LLP (Chicago), Chicago, IL.

**Judges:** Amy J. St. Eve.

**Opinion by:** Amy J. St. Eve

## Opinion

### STATEMENT

Flint Hills Resources, LLC ("Flint Hills") has moved to compel additional deposition testimony from Dr. Vincent Van Brunt, BP Amoco Chemical Company's and BP Corporation North America Inc.'s (collectively, "BP") expert on production capacity. For the reasons discussed below, Flint Hills' motion is granted in part.

### BACKGROUND

This action centers around BP Amoco's sale of a chemical plant located near Joliet, Illinois (the "Joliet Plant") and related assets to Flint Hills in May 2004, pursuant to an Asset Purchase and Sale Agreement ("PSA"). The parties dispute many issues surrounding the production capacity [*3] of the plant. BP retained Dr. Van Brunt as an expert in the area to testify at trial. Dr. Van Brunt issued a report regarding the capacity of the Joliet Plant and a rebuttal report to Flint Hills' expert. Counsel for Flint Hills deposed Dr. Van Brunt on December 18, 2008. During the course of the deposition, Dr. Van Brunt referred to work he had done in connection with a "toxicity incident" in Texas City. When counsel for Flint Hills asked questions regarding Dr. Van Brunt's work on this subject, BP's counsel instructed Dr. Van Brunt not to answer the questions. Although BP's counsel instructed him not to answer some of the questions on the basis of the attorney-client privilege because he had been retained in a consulting capacity for the Texas City incident, she also instructed him not to answer some of the questions on the basis of relevancy. BP also failed to turn over a publication that Dr. Van Brunt apparently at least helped author, *see* R. 291-2, Ex. B at p.12, that Flint Hills subsequently obtained.

### LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible [*4] at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Fed. R. Civ. P. (26)(b)(1)*. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under *Rule 26(c)*, the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc., 95 F.3d 492, 496 (7th Cir. 1996)* (citing *Fed. R. Civ. P. 37(a)(4)(B)*, *(C)*). "Thus, a district court is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Id.* As with all discovery matters, district courts have broad discretion in determining motions to compel. *See id.*; *see also Reynolds v. Jamison, 488 F.3d 756, 761 (7th Cir. 2007)*.

*Federal Rule of Civil Procedure 30(c)(2)* addresses objections during the course of a deposition. *Rule 30(c)(2)* provides:

> An objection at the time of the examination?whether to evidence, to a party's conduct, to the officer's qualifications, [*5] to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under *Rule 30(d)(3)*.

## ANALYSIS

Flint Hills now seeks to compel additional testimony from Dr. Van Brunt on the ground that BP intentionally concealed his work for BP, including a publication he authored pursuant to *Federal Rule of Civil Procedure 26(a)(2)(B)(iv)*, and that BP's counsel inappropriately instructed Dr. Van Brunt not to answer questions relating to his previous engagement with BP regarding the Texas City explosion. In response, BP maintains that Dr. Van Brunt is a non-testifying consulting expert whose opinions regarding the Texas City explosion are not discoverable under *Rule 26(b)(4)(B)*. Second, BP asserts that a prior Court order bars the discovery of facts regarding Texas City. Third, BP attempts to justify its conduct by arguing that Flint [*6] Hills' questions covering Dr. Van Brunt's involvement in the Texas City investigation are irrelevant. The Court will address each argument in turn.

### I. *Federal Rule of Civil Procedure 26(b)(4)*

BP argues that *Rule 26(b)(4)(B)* prohibits Flint Hills from deposing Dr. Van Brunt about his prior unrelated consulting work with the Texas City investigation. Under *Rule 26(b)(4)(A)*, "a party may depose any person who has been identified as an expert whose opinions may be presented at trial." *Fed. R. Civ. P. 26(b)(4)(A)*. Alternatively, under *Rule 26(b)(4)(B)*, an "expert retained by another party in anticipation of litigation or to prepare for trial" may not be deposed. *Fed. R. Civ. P. 26(b)(4)(B)*. When read together, the expert witness provisions of *Rule 26(b)(4)(A)* and *(B)* address the status of an expert witness deponent in relation to the matter presently being litigated. *See, e.g., Braun v. Lorillard Inc., 84 F.3d 230, 236 (7th Cir. 1996)* (non-testifying expert not required to be deposed under *26(b)(4)(B)* for work preparing for *the same* asbestos trial); *Valero Mktg. and Supply Co. v. Southcap Mktg. & Supply Co., No. 306 CV 623, 2009 U.S. Dist. LEXIS 2776, 2009 WL 102347, at *2 (S.D. Ill. Jan. 15, 2009)* (*Rule 26(b)(4)(B)* [*7] barred the discoverability of documents drafted by non-testifying experts retained to prepare for *the same* oil supply dispute at bar). In other words, *Rule 26(b)(4)* amounts to an either-or proposition for expert witnesses—either submit to deposition questioning by being listed to testify at trial, or avoid all questioning by preparing a party for, but not testifying, at trial. *Fed. R. Civ. P. 26(b)(4)(A)*, *(B)*.

*Rule 26(b)(4)(B)* does not, as BP urges, permit a party to selectively limit deposition answers provided by a *Rule 26(b)(4)(A)* testifying expert if opposing counsel raises questions about prior unrelated consulting arrangements. *Id.* In support of its position, BP relies on *Ludwig v. Pilkington N. Am. Inc., No. 03 C 1086, 2003 U.S. Dist. LEXIS 17789, 2003 WL 22242224, at *2 (N.D. Ill. Sept. 30, 2003)*. The defendant in *Ludwig*, however, hired the consulting experts to prepare for a flood of anticipated lawsuits stemming from a toxic arsenic spill. *Id.* The defendant in *Ludwig* did not list those consulting experts to testify when the actual arsenic lawsuits materialized, thus *Rule 26(b)(4)(B)* protected the consulting experts. *2003 U.S. Dist. LEXIS 17789, [WL] at *3*. Indeed, *Ludwig* says nothing about testifying expert testimony over matters [*8] unrelated to these experts' opinions outside of the arsenic litigation.

Unlike the non-testifying experts in *Ludwig,* BP disclosed Dr. Van Brunt as an expert to testify at trial in this case. *Rule 26(b)(4)(A)* thus requires him to answer Flint Hills' questions at a deposition. *Rule 26(b)(4)(B)*'s protections do not apply to his prior consulting work in unrelated cases. As such, Dr. Van Brunt's failure to respond to questions regarding the Texas City incident based on *Rule 26(b)(4)(A)* was improper.

### II. Judge Moran's August 25, 2006 Order

Next, BP argues that Flint Hills' questioning violates Judge Moran's August 25, 2006 ruling in

which he struck Flint Hills' allegations regarding the Texas City incident as immaterial and irrelevant. (R. 78-1, Memo. Opinion.) Nothing in that opinion, however, precluded discovery into the issue. Furthermore, BP never moved for a protective order to prohibit discovery into the area.

### III. Relevancy

Finally, BP argues that it properly ended questioning over Dr. Van Brunt's Texas City work because Flint Hill's questions were irrelevant to the present dispute over the Joliet petrochemical plant sale. As noted above, *Rule 30(c)(2)* provides that after a party objects [*9] during a deposition "the examination still proceeds; the testimony is taken subject to any objection." *Fed. R. Civ. P. 30(c)(2)*. A party may object "to evidence, to a party's conduct...or to any other aspect of the deposition." *Fed. R. Civ. P. 30(c)(2)*; *see also Redwood v. Dobson, 476 F.3d 462, 467-68 (7th Cir. 2007)*. None of the three exceptions to *Rule 30(c)(2)*—a limitation order, a privilege, or a motion under *30(d)(3)* - permitted BP to halt questioning into a topic that it deemed to be irrelevant. *Fed. R. Civ. P. 30(c)(2)*. The proper course would have been to register its objection and permit Flint Hills to pursue its questions. *Id.* BP thus violated *Rule 30(c)(2)* when it instructed Dr. Van Brunt not to answer questions about his Texas City consulting assignment based on relevancy.

### IV. Instructing Dr. Van Brunt Not To Answer

As noted above, *Rule 30(c)(2)* provides limited circumstances under which a lawyer can instruct a witness not to answer a question during a deposition:

> A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under *Rule 30(d)(3)*.

*Fed. R. Civ. P. 30(c)(2)*. Here, [*10] BP's counsel instructed Dr. Van Brunt not to answer certain questions on the basis of privilege and not to answer others on the basis of relevance. BP appears to have abandoned its privilege objections in its response to Flint Hills' motion to compel because it now claims that discovery into Dr. Van Brunt's opinions is not relevant given Judge Moran's 2006 opinion in this case. As noted above, however, Judge Moran never limited discovery into the Texas City matter and no court order so holds. The phrase "limitation ordered by the court" in *Rule 30(c)(2)* refers to the court-ordered boundaries placed on discovery itself, not the general limits on the scope of litigation narrowed by motion practice at the pleading stage as BP suggests. *Fed. R. Civ. P. 30(c)(2)*; *see, e.g., Cimaglia v. Union Pacific R. Co., No. 06 CV 3085, 2008 U.S. Dist. LEXIS 102682, 2008 WL 5388330, at *2 (C.D. Ill. Dec. 18, 2008)* (clarifying limitation orders which were fashioned specifically to limit the scope of a deponent's testimony); *GSI Group v. Sukup Mfg. Co., No. 05-3011, 2007 U.S. Dist. LEXIS 93741, 2007 WL 4556703, at *2 (C.D. Ill. Dec. 21, 2007)* [*11] (enforcing a prior limitation order which directly addressed the scope of discovery). No such order exists in this case.

BP's counsel's instructions not to answer the questions regarding the Texas City incident based on relevancy were not sanctioned by the Federal Rules and were clearly improper. *See Redwood, 476 F.3d at 467-68* (During a deposition, "[c]ounsel for the witness may halt the deposition and apply for a protective order, see *Rule 30(d)(4)*, but must not instruct the witness to remain silent."); *Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130, 657 F.2d 890, 903 (7th Cir. 1981)* (holding that deponents must continue to answer after counsel registers an objection). Although Flint Hills has not persuaded the Court that all of the details of the Texas City incident are relevant to this case, the potential bias of Dr. Van Brunt as a witness certainly is relevant. Dr. Van Brunt's prior work for BP or a related entity is directly relevant to the question of bias. BP asserts in its response to this motion that a different BP entity retained Dr.

Van Brunt in the Texas City incident. (R. 287-1, Resp. at 7 n.4 ("First, BP, the plaintiff in this case, was not involved in the [*12] Texas City matter so work performed by Dr. Van Brunt in that matter does not show bias. That refinery is owned by BP Products North American Inc., who is not a party to this litigation.")). The determination of bias, however, is not for BP to make - it is a question for the jury. Indeed, "Bias is never collateral, and the range of circumstances from which the law allows the jury to infer bias is as broad as human nature is diverse." *Richman v. Sheahan, 415 F. Supp. 2d 929, 943 (N.D. Ill. 2006)*, citing *United States v. Abel, 469 U.S. 45, 105 S. Ct. 465, 83 L. Ed. 2d 450 (1984)*; *United States v. Frankenthal, 582 F.2d 1102, 1106 (7th Cir. 1978)*. Flint Hills' counsel is entitled to explore any potential bias on the part of Dr. Van Brunt - including, what entity retained Dr. Van Brunt, what that entity's relationship is to the parties in this case, what work Dr. Van Brunt did, and what compensation he received. Accordingly, BP's counsel inappropriately instructed Dr. Van Brunt not to answer general questions about his retention for consulting work regarding the Texas City incident.

The Court thus orders Dr. Van Brunt to appear in Chicago at Figliulo & Silverman's offices at a mutually agreeable [*13] date and time to complete his deposition. This deposition must take place on or before March 27, 2009. Flint Hills is free to explore Dr. Van Brunt's prior consulting work and/or expert work for any entity affiliated with BP and any matters relevant to the retention of Dr. Van Brunt in these instances. Furthermore, Flint Hills can ask Dr. Van Brunt general questions regarding his opinions in the Texas City matter (i.e., whether they were favorable to any BP entity), but it is not permitted to delve into the details of his opinions because such details are irrelevant to this litigation and will not lead to admissible evidence.

**V. Costs**

Finally, Flint Hills asks the Court to order BP to pay the reasonable expenses associated with filing its Motion to Compel. *Rule 37(a)(5)(A)* states:

> "If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

*Fed. R. Civ. P. 37(a)(5)(A)*. Further, *Rule 37(a)(5)(A)(ii)* provides that the court must *not* order payment [*14] if the opposing party's "objection was substantially justified." *Fed. R. Civ. P. 37(a)(5)(A)(ii)*. Expenses associated with bringing a motion to compel are awarded where the attorney improperly instructs a client to refuse to answer questions at a deposition. *Orgler Homes, Inc. v. Chi. Reg'l Council of Carpenters, No. 06 C 50097, 2008 U.S. Dist. LEXIS 16023, 2008 WL 597291, at *2-3 (N.D. Ill. Mar. 3, 2008)*; *James v. Miller, No. 86 C 10081, 1988 U.S. Dist. LEXIS 6793, 1998 WL 72290, at *1-2 (N.D. Ill. July 1, 1988)* (awarding expenses where attorney instructed client not to answer because question was objected to as irrelevant).

As discussed above, BP improperly instructed Dr. Van Brunt to refuse to answer questions during his deposition testimony in this case. As such, the Court awards Flint Hills its reasonable attorneys' fees incurred in connection with the filing of this motion to compel. Flint Hills should file its fee petition with the Court on or before February 18, 2009. The fees associated with preparing the fee petition will not be awarded and Flint Hills should not include such fees in the petition.

**CONCLUSION**

For these reasons, the Court grants in part Defendant's Motion to Compel Additional Testimony of Dr. Van Brunt and Expenses, [*15] consistent with this opinion. The Court thus orders BP to make Dr. Van Brunt available to

2009 U.S. Dist. LEXIS 131274, *15

complete his deposition in Chicago at Figliulo & Silverman's offices at a mutually agreeable date and time. This deposition must take place on or before March 27, 2009. Flint Hills must submit its fee petition on or before February 18, 2009.

**End of Document**