IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATIONL RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABUIRSHAID.,<br><br>Defendants. | Civil No. 17-cv-03591<br><br>Hon. Sharon Johnson Coleman<br><br>**Hon. Sidney I. Schenkier** |

**PLAINTIFFS' SECOND MOTION TO REMOVE
IMPROPER CONFIDENTIALITY DESIGNATIONS**

Pursuant to Section 9 of this Court's Agreed Confidentiality Order (Dkt. 71, the "Order"), plaintiffs hereby challenge the defendants' designation of certain documents and deposition testimony as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and request that the Court strike the designations. In support of this motion plaintiffs state as follows:

**INTRODUCTION**

1. Defendants have aggressively sought to use the Order, not to protect confidential business and other information they produced in discovery, but to suppress documents and information that were not produced in discovery at all, that are publicly available or widely disseminated, or that have nothing to do with confidential business or personal information about the defendants in this case. This is an abuse of the Order, which is intended to permit production in discovery of legitimate trade secrets and business and personal information without opening

that information up to public disclosure. The Order should not, and does not, provide defendants with a mechanism to squelch key evidence in this widely-watched public interest case just because defendants do not like that evidence.

2. Yet, that is exactly what defendants have been trying to do. After bulk-designating much of their initial production (other than website material), necessitating plaintiffs' first motion to remove confidentiality designations last year (*see* Dkt. 84), defendants have continued to assert confidentiality designations that are beyond the scope of the Order. As described in detail below, the Court should strike defendants' purported designations of the following documents and testimony (attached to the version of this motion filed under seal under the identified exhibit number) because they fall outside the scope of the Order and/or are not the type of information or documents that can properly be designated confidential:

| Exhibit Number | Document/Testimony | Reasons Not Confidential |
|---|---|---|
| 1 | Bazian's deposition testimony addressing Exhibit 83, a publicly available, undesignated Yahoo bulletin board from 2005-06 titled "AMP_Transition" (Bazian Dep. Tr. at 73:4-78:14, 81:9-87:7, 87:21-90:5, 91:22-92:16, 93:14-98:22, 100:4-108:11, 108:18-109:08.) | • Bazian is commenting on a document that is publicly available and for which defendants withdrew their designation. Testimony itself contains no protectable confidential information.<br>• Not within 7 categories of "Confidential Information." |
| 2 | Exhibit 81 to Hatem Bazian's deposition: ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | • Not produced by defendants in discovery.<br>• ▮▮▮▮▮▮▮▮<br>• Non-confidential trial exhibit. |
| 3 | Bazian's deposition testimony addressing ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ (Bazian Dep. Tr. at 45:24-46:24.) | • Testimony concerns a document that was not produced by defendants.<br>• Testimony itself contains no confidential information.<br>• Not within 7 categories of "Confidential Information". |

| 4 | Salah Sarsour's deposition testimony addressing ███████████ ███████████ (Sarsour Dep. Tr. at 49:19-57:14. 58:6-61:20, 63:6-19, 82:4-94:17.) | • Testimony concerns information that is publicly available.<br>• Not within 7 categories of "Confidential Information". |
|---|---|---|

**STANDARDS FOR CONFIDENTIALITY DESIGNATIONS**

3. The Order permits a party producing confidential documents or information in discovery to designate such documents or information as "Confidential Information," which is then subject to certain use and disclosure restrictions, including filing any pleading or motion that attaches or relies on them under seal.

4. By its own terms the Order applies only to "materials produced or adduced in the course of discovery" and permits only the producing party to designate documents and information (including deposition testimony) as "Confidential Information." (Dkt. 71 ¶¶ 1, 2.)

5. In addition, the Order only permits designation of documents or information that fall within 7 specific enumerated categories recognized by the Order as properly protectable. The 7 categories of protectable information and documents are:

    a) Information prohibited from disclosure by statute;

    b) Information that reveals trade secrets;

    c) Research, technical, commercial, or financial information that the party has maintained as confidential;

    d) Medical information concerning any individual;

    e) Personal identity information;

    f) Income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and

      g) Personnel or employment records of a person who is not a party to the case.

(*Id.*) In addition, the Court has permitted defendants to protect information regarding the identities of AMP's donors. (*See* Dkt. 94, 7/12/18 Hg. Tr. at 23:14-24:2.)

    6. Designation of a document as Confidential Information is a certification by the designating attorney that the document contains Confidential Information. (Dkt. 71 ¶ 3.b.) *Documents that defendants did not produce and/or that are or were available to the public are not covered by the Order, nor is deposition testimony relating to subjects other than the 7 categories of confidential information listed by the Order.*

## ARGUMENT

    7. Notwithstanding these clear limitations, defendants purported to designate documents and deposition testimony following the depositions of Hatem Bazian and Salah Sarsour that are outside the scope of the Order. These designations are not proper and should be stricken.

    8. **<u>Testimony Related to Exhibit 83</u>**. Following the Bazian and Sarsour depositions, defendants purported to designate as confidential two exhibits marked at those depositions: Deposition Exhibit 83 was marked at the Bazian deposition, and Sarsour Exhibit 2 was marked at the Sarsour deposition. Both of these exhibits are printouts from the same online Yahoo bulletin board, which is entitled "AMP_Transition" and consists of on-line posts from 2005 and 2006.[1] The posts on this bulletin board are still accessible today[2] and appear to have been accessible by the public throughout the thirteen-year period since the bulletin board was

---

[1] The exhibits differ in format and slightly in content, with Exhibit 2 being more complete. However, they both ultimately come from the same on-line bulletin board. For the Court's reference, a copy of Sarsour Exhibit 2 is attached as Exhibit 5.

[2] https://groups.yahoo.com/neo/groups/AMP_Transition/conversations/messages

created. Plaintiffs located this bulletin board on the internet through their own investigations and prepared the printouts. *Defendants' counsel never produced either of these exhibits in discovery and appear not even to have known about the bulletin board prior to the depositions.*

9. Because defendants did not produce Exhibit 83 and Sarsour Exhibit 2 (and because these documents contain information that has been publicly available for more than a decade), the Order facially does not apply to these documents. There was no colorable basis whatsoever for defendants to attempt to designate them. Despite this, defendants purported to designate both documents—and then attempted to maintain those designations even after plaintiffs pointed out that the Order could not apply. (*See* 2/13/19 Email from Jump to Woolley, attached as Exhibit 6.)

10. After several rounds of correspondence with plaintiffs' counsel, defendants eventually agreed on March 20, 2019 to withdraw their assertion that Exhibit 83 could be designated. On April 1, 2019, they confirmed that they were no longer seeking to assert protection for the similar Sarsour Exhibit 2, which was printed from the same Yahoo bulletin board. However, defendants still persist in designating deposition testimony regarding those two publicly available documents as confidential. The testimony defendants designated does not warrant protection pursuant to the Order.

11. Defendants have designated Bazian's testimony that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████

12. ████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

13. ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

---

[3] https://www.ampalestine.org/about-amp

6

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████

     14. ████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████

     15. ████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████

16.  ███████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████

17.  ███████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

18.  **Exhibit 81 and Related Testimony**.  ████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████

19.  Because it was not produced or adduced in discovery (and defendants were not the producing party), this document falls outside the scope of the Order and cannot under any

circumstances be designated confidential thereunder. ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

20. In short, there is no colorable basis whatsoever for defendants to assert confidentiality protection under the Order for Exhibit 81—or even that this document falls within the scope of the Order. Yet, despite numerous requests that they withdraw their purported designation, defendants have refused to do so.

21. Defendants have also sought to suppress Bazian's testimony regarding Exhibit 81. (Bazian Dep. Tr. at 45:24-46:24.) ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

22. **Testimony regarding Sarsour's Prior Arrest**. Finally, defendants have sought to designate testimony from Sarsour, an AMP board member, concerning ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

9

██████████████████████████████████████████████████

████████████████████████████████

23.  This information does not fall within any of the 7 categories of protectable information identified in the Order.  It is not personnel or employment records or personal identification information, nor is it confidential business information.  In fact, it is not confidential at all.  Salah Sarsour's ███████████████████████████████████

████████████████████████████████████████████████████████████████[4]

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████[5]

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

24.  ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

---

[4] *See, e.g., Investigation Exposes AMP Leaders' Ties to Former U.S.-Based Hamas-Support Network*, ITP News (June 24, 2015), https://www.investigativeproject.org/4891/investigation-exposes-amp-leaders-ties-to-former; *Profile:  American Muslims for Palestine*, Anti-Defamation League (Mar. 29, 2013), https://www.adl.org/sites/default/files/documents/assets/pdf/israel-international/american-muslims-for-palestine-2013-03-29-v1.pdf.

[5] *See Israel Imperiled:  Threats to the Jewish State*, 114th Cong., p. 4 and 8 (2016) (testimony of Jonathan Schanzer, Ph. D.), https://docs.house.gov/meetings/FA/FA18/20160419/104817/HHRG-114-FA18-Wstate-SchanzerJ-20160419.pdf.  *See also* FBI Memorandum dated Nov. 5, 2001, at 48.  A true and accurate copy is attached hereto as Exhibit 7.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

## COMPLIANCE WITH MEET AND CONFER PROCEDURES

25. Section 9 of the Order provides that confidentiality designations are subject to challenge and sets forth the procedure for such a challenge. Under Section 9.a, a challenging party begins the process by conferring with counsel for the designating party and explaining the basis for its belief that the confidentiality designation is not proper. The challenging party must give the designating party the opportunity to review the designated material to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within 5 business days.

26. Plaintiffs have complied with the procedures in Section 9.a. As set forth in the attached Declaration of Seth H. Corthell, ("Corthell Decl.," Exhibit 8), counsel for plaintiffs conferred by telephone with counsel for defendants on March 20, 2019. Counsel have also exchanged several emails regarding the confidentiality designations, and counsel for plaintiffs explained (both orally and in writing) the basis for plaintiffs' belief that the designations are not proper. Defendants have had an opportunity to review the designated material and have had significantly more than five business days to respond. Defendants withdrew the confidentiality designations from the document marked as Exhibit 83 during Dr. Bazian's deposition and Exhibit 2 during Mr. Sarsour's deposition.

27. Section 9.b of the Order authorizes a challenging party to file a motion challenging confidentiality designations and provides that the burden of persuasion in any such challenge is on the designating party. Defendants have not provided adequate grounds to maintain the confidentiality designations on the documents at issue in this motion. Accordingly,

the Court should find the material addressed in the chart above is not properly designated as Confidential Information and strike the designations.

## CONCLUSION

THEREFORE, for the foregoing reasons plaintiffs respectfully request that the Court (i) grant this motion, (ii) declare that the materials designated as Confidential Information should not be treated as Confidential Information under the Order, (iii) strike the confidentiality designations, and (iv) grant such further relief as the Court deems just and proper.

April 17, 2019                                    Respectfully submitted,

                                                                              */s/ W. Allen Woolley*
Stephen J. Landes
W. Allen Woolley
Michael B. Kind
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 442-0509

*Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim.*

Of Counsel
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, D.C. 20006
(202 828-1000

Daniel I. Schlessinger
Seth H. Corthell
JASZCZUK P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
(312) 442-0509

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 17th day of April 2019.

*/s/ W Allen Woolley*