IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATIONL RAFEEQ JABER; ABDELBASSET HAMAYEL; AND OSAMA ABUIRSHAID., <br><br> Defendants. | Civil No. 17-cv-03591 <br><br> **Hon. Sharon Johnson Coleman** <br><br> Hon. Sidney I. Schenkier |

**PLAINTIFFS' MOTION TO (1) CONVERT DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT TO A MOTION TO DISMISS AND (2) EXTEND THE DEADLINE OR SET A DATE FOR PLAINTIFFS TO FILE A REPLY AND/OR RESPONSE**

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, and for the reasons stated herein, plaintiffs hereby move the Court to (1) convert defendants' Response in Opposition to Plaintiffs' Motion for Leave to File their First Amended Complaint (Dkt. 100) to a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6); and (2) extend plaintiffs' deadline to file a reply in support of their Motion for Leave to File an Amended Complaint by 14 days to May 17, 2019 and/or set a response date of May 17, 2019 for the deemed or converted motion to dismiss. In the alternative, plaintiffs' request that the Court strike defendants' improper response. In support of this motion, plaintiffs state as follows:

1.      Plaintiffs' Motion to Amend seeks nothing more than to amend the existing and operative Complaint in this case pursuant to Rule 15(a).[1]  In its August 2017 opinion, the Court previously invited plaintiffs to file an amended complaint, holding that the "the case here is a close one" and stating that plaintiffs "may refile a complaint in the event that they further develop the allegations establishing an alter ego theory of liability." (Dkt. 41 at 8 11.)  In January 2018, the Court authorized jurisdictional discovery (Dkt. 50), presumably to permit plaintiffs to obtain the evidence needed to establish jurisdiction in an amended pleading.  On March 29, 2019, plaintiffs timely filed a 7-page Motion to Amend, demonstrating that (a) plaintiffs had done their jurisdictional discovery and prepared a proposed First Amended Complaint ("FAC") addressing the jurisdictional issues the Court identified in its August 2018 ruling; and (b) plaintiffs had satisfied the permissive standards for amending a pleading under Rule 15(a)(2), which provides that a "court should freely give leave [to amend a pleading] when justice so requires."

2.      Even though the Court specifically contemplated an amended pleading, defendants demanded an opportunity to file an opposition to plaintiffs' Motion to Amend.  The Court granted this request.  However, in doing so, the Court made clear that ***defendants' response was not supposed to be a motion to dismiss***:  "Again, this [is] not … going to be the full-on … motion to dismiss the amended complaint."  (02/06/19 Hearing Tr., at 6:23-7:03 (Exhibit A).)  Consistent with its expectation that defendants would not be filing a motion to dismiss, the Court granted a short briefing schedule, which initially gave plaintiffs just a week to reply.

---

[1] The Court initially dismissed the Complaint in August 2017 (Dkt. 40, 41); however, the Court later vacated the dismissal in January 2018. (Dkt. 50.)  The current Complaint therefore remains in effect.

3. Because a number of lawyers for both sides were going to be out for religious holidays in April, the parties agreed to push the dates back to April 24 for defendants' response and May 3 for plaintiffs' reply. (Dkt. 153, 155.) This schedule extended plaintiffs' reply time to 9 days; however 2 of plaintiffs' lawyers (Steve Landes and Allen Woolley) are scheduled to be out of town for three of the nine days, effectively reducing the reply time to about a week.

4. Despite the Court's explicit instruction that defendants' response should not be a full-on motion to dismiss, that is exactly what defendants filed on April 25. (Dkt. 160.) Their response brief is 15 pages long (in response to a straight-forward 7-page motion) and expressly asks the Court to **dismiss** plaintiffs' claims "in full, and **with prejudice** at this point." (Dkt. 160 at 1, 15 (emphasis added).) This is far cry from merely opposing the filing of an amended pleading: Denial of plaintiffs' Motion to Amend would merely mean that plaintiffs could not file the FAC and the case would proceed on the existing operative Complaint. Plaintiffs want the Court not just to deny permission to file the FAC but to dismiss all of plaintiffs' claims and end the case permanently.

5. They also want the Court to do so *with prejudice*—such that plaintiffs could potentially be barred from bringing the claims in state court or proceeding with their separate enforcement action in federal court. This is far more broad-reaching relief than is properly requested in an opposition to a motion to amend. Indeed, it is far more than their original motion to dismiss under Rule 12(b)(1), which purported only to address subject matter jurisdiction, not whether the Complaint stated a claim for relief.

6. Defendants' response brief is for all intents and purposes a motion to dismiss under both Rule 12(b)(1) and 12(b)(6). The response is nominally based on "futility," but this futility argument is nothing more than a Trojan horse to assert the exact same arguments

3

defendants have previously asserted in their first Rule 12(b)(1) motion and purport to reserve the right to re-assert in subsequent motions to dismiss if they are unsuccessful with this response. (Dkt. 160, p. 4 fn. 3 ("[s]hould this Court choose to grant Plaintiffs' Motion for Leave to File Amended Complaint, Defendants reserve the right to fully reassert a Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) as to the amended pleading").) Defendants expressly argue that that the Court should deny the Motion to Amend and dismiss plaintiffs' claims with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction and for failure to state a claim under Rule 12(b)(6). This is a transparent effort—complete with an express reservation of rights to file the motions to dismiss—to take 3 bites at the apple based on the same arguments.

7. Unless the Court grants leave to file the FAC or strikes defendants' improper response before the reply is due (either of which would be appropriate responses to defendants' improper brief), plaintiffs will have no choice but to reply to defendants' Rule 12(b)(1) and Rule 12(b)(6) arguments. If plaintiffs respond to these arguments now (and prevail), they should not have to brief these same issues again after filing the FAC. Plaintiffs request that the Court treat defendants' response brief as what it is, a motion to dismiss, and convert the response to plaintiffs' Rule 12(b)(1) and Rule 12(b)(6) motion. *See Fresh N' Pure Distribs. v. Foremost Farms USA*, No. 11-C-470, 2011 U.S. Dist. LEXIS 136307, *3 (E.D. Wis. Nov. 28, 2011) (court converted responses in opposition to motion to amend to motions to dismiss) (Exhibit B).

8. In addition, the Court set a short briefing schedule on the Motion to Amend after having directed that defendants' response should not be a full-on motion to dismiss. Contrary to the Court's and plaintiffs' expectation, plaintiffs now must reply to what are effectively Rule 12(b)(1) and Rule 12(b)(6) motions. Under the current schedule, defendants have only 9 days to

4

prepare what will now be a much more substantial reply than originally contemplated, and two of plaintiffs' lawyers will be out of town and unavailable during at least 3 of those 9 days. It will be extremely difficult to prepare the unexpectedly extensive reply now required during the short time currently allotted. Plaintiffs therefore request an extension of two weeks, to May 17, to prepare their reply and response.

9. Pursuant to Rule 6(b)(1)(A), the Court may grant an extension upon a party's motion coupled with a showing of good cause. *See also* 1 Moore's Federal Practice - Civil § 6.06(2) ("The court generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions.") (2019). Here, good cause exists because, despite the Court's admonition that defendants *not* file a motion to dismiss disguised as a response, plaintiffs are faced with having to respond to a far more expansive brief than they or the Court contemplated when setting the briefing schedule. Defendants had nearly a month to prepare their 15-page response. A 2-week extension to plaintiffs' time to file a reply will not cause undue delay or prejudice and will give plaintiffs an opportunity to respond fully and properly to defendants' arguments.

10. On April 24, 2019, within hours of receiving defendants' response brief, counsel for plaintiffs emailed defendants' counsel asking if defendants would agree to a two-week extension to their deadline to file a reply. Defendants curtly declined plaintiffs' request. A true and correct copy of the email exchange between counsel is attached hereto as <u>Exhibit C</u>.

11. As an alternative to treating defendants' response as a motion to dismiss and granting additional time, the Court could strike the response and grant plaintiffs leave to file the FAC. If defendants want to assert their Rule 12(b)(1) and/or Rule 12(b)(6) arguments, they would need to do so in proper motions to dismiss pursuant to those rules.

THEREFORE, for the reasons stated herein, plaintiffs respectfully request that the Court grant this motion and (1) convert defendants' Response in Opposition to Plaintiffs' Motion for Leave to File their First Amended Complaint (Dkt. 100) to a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6); (2) extend plaintiffs' deadline to file a reply in support of their Motion for Leave to File an Amended Complaint by 14 days to May 17, 2019 and/or set a response date of May 17, 2019 for the deemed or converted motion to dismiss; (3) in the alternative, strike defendants' Response in Opposition to Plaintiffs' Motion for Leave to File their First Amended Complaint; and (4) grant such additional relief as the Court deems just and proper.

| | |
|---|---|
| April 25, 2019 | Respectfully submitted, |

                                                  */s/ W. Allen Woolley*
                                                  Stephen J. Landes
                                                  W. Allen Woolley
                                                  Michael B. Kind
                                                  LOCKE LORD LLP
                                                  111 South Wacker Drive
                                                  Chicago, IL 60606
                                                  (312) 442-0509

                                                  *Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim.*

Of Counsel
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, D.C. 20006
(202 828-1000

Daniel I. Schlessinger
Seth H. Corthell
JASZCZUK P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
(312) 442-0509

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 25h day of April 2019.

*/s/ W Allen Woolley*