# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER; ABDELBASET HAMAYEL; AND OSAMA ABURISHAID, <br><br> Defendants. | Civil No. 17-cv-03591 <br><br> Hon. Sharon Johnson Coleman <br><br> Hon. Sidney I. Schenkier |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO REMOVE IMPROPER CONFIDENTIALITY DESIGNATIONS

Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation ("AJP"), Rafeeq Jaber ("Jaber"), Abdelbaset Hamayel ("Hamayel"), and Osama Abuirshaid ("Abuirshaid") (Defendants") file this Response in Opposition to Plaintiff's Second Motion to Remove Improper Confidentiality Designations. (Doc. 157) In support of this Response, Defendants state the following:

### I. BACKGROUND

Plaintiffs recently filed their Second Motion to Remove Confidentiality Designations in this matter, relating to the Agreed Confidentiality Order entered in this matter in April of 2018. (Doc. 71). In compliance with that Confidentiality Order and Counsel's obligation to protect their clients' sensitive information, counsel for Defendants designated certain exhibits and deposition testimony as confidential. In response to these designations, and the subsequent discussions between counsel

for both parties, Plaintiffs filed their Second Motion to Remove Improper Confidentiality Designations on April 17, 2019. (Doc. 157). Plaintiffs' Motion seeks to remove confidentiality designations that were properly made under the existing Confidentiality Order. For the reasons set forth below, Defendants respectfully request that this Motion be denied, and that Defendants recover costs and fees incurred in the defense of this Motion.

## II. ARGUMENTS AND AUTHORITIES

### A. Legal Standard

In light of the "extensive intrusion into the affairs of both litigants and third parties" that is commonplace in modern discovery, a court may, for good cause, limit the scope of discovery "to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c )(1); *Jackson v. City of Chi.*, No. 14 C 6746, 2017 U.S. Dist. LEXIS 188443, at *3-4 (N.D. Ill. Nov. 14, 2017). Courts expect, and in fact require, that attorneys will abide by the terms of a Confidentiality Order by demonstrating "the highest duties and ethical standards required of them as members of the bar." *In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 CV 0864, 2018 U.S. Dist. LEXIS 206588, at *22 (N.D. Ill. Dec. 6, 2018). Accordingly, prior to filing a motion to remove any purportedly improper confidentiality designations, counsel opposing the designations must confer and explain the basis for its belief that a confidentiality designation is improper. *Jacobs v. City of Chi.,* 2015 U.S. Dist. LEXIS 5385, *14 (N.D. Ill. January 16, 2015). Subsequent to conferring, if disagreements over the appropriate scope of confidentiality designations remain, the parties may seek court intervention to challenge any designations which remain in dispute. *Jacobs,* 2015 U.S. Dist. LEXIS at 14. Any party challenging the designation of confidential material must do so in good faith. *Id.*

B.  **Disputed Confidentiality Designations**

For the sake of consistency and the benefit of all parties, Defendants will address each of the disputed designations in the order in which they appear in Plaintiff's motion.

a.  **Testimony Related to Exhibit 83**

Exhibit 83 to the depositions of Dr. Hatem Bazian and Salah Sarsour comprises printouts from an online Yahoo bulletin board, purporting to have the title "AMP_Transition." This bulletin board contains several online messages from 2005 and 2006, and appears to pertain to the early stages of contemplating the formation of the organization which eventually became AMP. Although Defendants initially designated this exhibit itself as confidential, Defendants agreed to withdraw their confidentiality designation to the exhibit itself on March 20, 2019, with the caveat that Defendants do not vouch for nor have seen any evidence verifying that this document is in fact what Plaintiffs purport it to be. However, Defendants maintain that the testimony adduced in depositions, which came as a result of questioning about Exhibit 83, is in fact properly designated as confidential and warrants protection under the Agreed Confidentiality Order.

The Agreed Confidentiality Order lists seven categories of information that can be properly designated as confidential; (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. (Confidentiality Order at 2). Plaintiffs contend that Dr. Bazian's testimony pertaining to Exhibit 83 does not fall into any of the "seven categories" enumerated in the Confidentiality Order. Defendants disagree. ████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████ ██████████████████████

██████████████████████████████████████████

████████████████████████████████ *See* Order of September 5, 2018 (Dckt. 101) at 2-3 (holding that documents "are properly designated as confidential" which address "organizational strategies" "and financial decisions" of the entities at issue).

To the extent that Plaintiffs contend that the information is not subject to the Confidentiality Order because it is publicly available, Defendants once again disagree. Although the bulletin is able to be located on the internet, through highly specific searches (and was, in fact, unknown to Defendants until provided by Plaintiffs during depositions in this matter), it is not widely known, not a public record, and it has not been publicly distributed. Further, to the extent that Exhibit 83 itself is publicly available, ████████████████████████████████████ ████████████████████████████████ This Court previously agreed that "notes address[ing] early efforts at forming the entity" are "thus … protected by the provision of the confidentiality order that allows a party to designate as confidential 'research, technical, commercial or financial information that the party has maintained as confidential'", and that "we are unpersuaded that organizational strategies considered in the origin (whether adopted or not) necessarily become stale with the passage of time." Dckt. 101 at 3. Accordingly, Defendants disagree that it qualifies as the kind of publicly available information that would render a confidentiality designation improper.

### b. Exhibit 81 to Hatem Bazian's Deposition

Exhibit 81 to Dr. Bazian's deposition is a document containing information about ████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████ Plaintiffs object to Defendants' designation on the grounds that this document was not produced by Defendants in discovery, and that it is a non-confidential trial exhibit. This information clearly falls into the category in the Confidentiality Order for "research, technical, commercial, or *financial* information that the party has maintained as confidential." (Confidentiality Order, 2(c)) (*emphasis added.*) That said, Defendants concede that they are not the producing party for this document. Nonetheless, Dr. Bazian has done nothing to waive his own rights to privacy regarding ████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

### c. Hatem Bazian's Deposition Testimony Addressing Exhibit 81

To the extent that the Court determines that Exhibit 81 itself is not subject to the Confidentiality Order, Defendants respectfully request that this Court find that the deposition testimony arising out of questioning regarding Exhibit 81 certainly is. The deposition testimony itself falls within the category of information "produced <u>*or adduced*</u> in the course of discovery, including…deposition testimony and exhibits," ████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ Dr. Bazian is not a defendant in this matter.

Although Plaintiffs have indicated via e-mail that they believe that the information relating to this exhibit is publicly available, and therefore cannot be categorized as confidential information, they failed to confirm the basis for this belief or the source of its availability when asked to do so by Defendants. *See* Plaintiffs' Ex. 8 to Doc. 156, at 11 ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

**d. Testimony Regarding** ████████████████

Finally, Plaintiffs dispute the confidentiality designations assigned by Defendants to the testimony regarding ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ *See Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 3d 1079, 1088–89 (N.D. Ill. 2015) (noting that a "relaxed good cause standard" was necessary in regard to designations involving a non-party, because non-parties "risk a greater potential for injurious disclosure than parties."). ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████[1] ██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████ As this Court previously noted, "[t]he process of filing under seal is not a difficult one. And while the public has a right to know the information upon which a court bases its decision, there is no corresponding

---

[1] ██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

right of the public to have access to every document that may be produced in discovery and that may have no significance to the outcome of the case." Dckt. 101 at 4.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny the Plaintiff's Motion to Remove Confidentiality Designations, related to Dr. Hatem Bazian's deposition testimony addressing Exhibit 83, Exhibit 81 to Dr. Hatem Bazian's Deposition, Dr. Hatem Bazian's deposition testimony addressing Exhibit 81, and ███████████████████████████ ███████████████████████████.

Dated this 29th day of April, 2019.

/s/ *Christina Jump*
Charles D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX  75081
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Christina Jump
Christina A. Jump
*Attorney for Defendants*