IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, Deceased, and JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE, AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION, RAFEEQ JABER, ABDELBASSET HAMAYEL, and OSAMA ABUIRSHAID, <br><br> Defendants. | Case No. 17 C 3591 <br><br> Judge: Sharon Johnson Coleman <br><br> Magistrate Judge: Sidney I. Schenkier |

## ORDER

Presently before the Court is plaintiffs' second motion to remove confidentiality designations made by defendants (doc. ## 156-157), this time in connection with documents filed in response to a motion to amend the complaint. The challenged designations are set forth in Exhibits 1-4 to the motion. We have considered the motion and defendants' response to it (doc. #164). Our rulings on the challenges are set forth below.

*Ex. 1*. Plaintiffs challenge certain confidentiality designations concerning Hatem Bazian's testimony regarding Exhibit 83 to his deposition. We agree that the designated testimony is not protected by the confidentiality order.

*First*, there is no dispute that Exhibit 83 was independently obtained by plaintiffs' counsel and was not produced by defendants. This shows that the document itself cannot be confidential. Defendants argue that the exhibit nonetheless was not "publicly available" because, although it can be located on the Internet, it could only be obtained with difficulty. We find that argument unpersuasive: a document is not confidential if it can be legitimately obtained by other parties through public sources, with or without difficulty.

*Second*, Mr. Bastian's testimony about the document did not venture into areas that are protected by the confidentiality order. Most of the questioning involve attempts by plaintiffs' counsel to establish the origin of the document, and Mr. Bastian's testimony to his lack of

recollection about that subject. We find nothing in the testimony that warrants a confidentiality designation.

**Exs. 2 and 3**. Plaintiffs challenge defendants' confidentiality designations of Exhibit 81 to Mr. Bazian's deposition and certain of his testimony about that exhibit. We agree with those challenges.

*First*, the document itself is not confidential. Defendants did not produce the document in discovery. Rather, it appears that the document was obtained from another legal proceeding, and there is no evidence that it was designated as confidential in that proceeding. The defendants say that plaintiffs have not sufficiently proven the public availability of the exhibit. However, where there is a challenge to a confidentiality designation, it is the burden of the party asserting confidentiality to prove the propriety of the designation (doc. # 71: Agreed Confidentiality Order ¶ 9(b)). Defendants have not carried that burden.

*Second*, Mr. Bastian's testimony about the document is not confidential. Defendants say that his testimony about the document falls within the protection afforded by the confidentiality order to financial information "that the *party* has maintained as confidential" (Agreed Confidentiality Order ¶ 2(c) (emphasis added)). However, Mr. Bastian is not a party, and even if he was, his testimony about the document did not reveal that information about him.

**Ex. 4.** Plaintiffs challenge the confidentiality designations of Salem Sarsour's testimony about matters they say are publicly available. Defendants again say that plaintiffs have failed to show the public availability of the information, but Defendants offer nothing to show the information is not public. Rather, defendants challenge the reliability of the information about which Mr. Sarsour was examined. However, that argument conflates the questions of whether the information is public with whether it is correct. The accuracy of the information is not the measuring stick of whether it is confidential.

Accordingly, we grant plaintiffs' motion. We strike the confidentiality designations for the exhibits and testimony that are the subject of the motion.

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**DATE: May 8, 2019**