# **EXHIBIT D**



Cited
As of: May 15, 2019 7:16 PM Z

# Finnerman v. Daimler Chrysler Corp.

United States District Court for the Northern District of Illinois, Eastern Division

October 23, 2017, Decided; October 23, 2017, Filed

Case No. 16-cv-451

**Reporter**
2017 U.S. Dist. LEXIS 175286 *; 2017 WL 4772736

SCOTT FINNERMAN, Plaintiff, v. DAIMLER CHRYSLER CORPORATION; CHRYSLER CORPORATION; CHRYSLER LLC; CHRYSLER GROUP, LLC; and DAIMLER CHRYSLER, Defendants.

## Core Terms

discovery, allegations, seatbelt, amend, documents, request for admission, airbag, amended complaint, argues, strict product liability, Admissions, first amended complaint, motion for leave, protective order, motion to amend, closing date, futility, requests, unduly

**Counsel:** [*1] For Scott A. Finnerman, Plaintiff: Marc S. Mayer, Michael Vincent Marsh, Mayer and Marsh, Chicago, IL.

For Chrysler Group, LLC, Defendant: Jacob Bruno Harris, LEAD ATTORNEY, Swanson, Martin & Bell, Llp, Chicago, IL; Michael Alexander McCaskey, LEAD ATTORNEY, Swanson, Martin & Bell, Chicago, IL.

**Judges:** Robert M. Dow, Jr., United States District Judge.

**Opinion by:** Robert M. Dow, Jr.

## Opinion

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for leave to file a first amended complaint [29] and Defendant's motion for a protective order or to strike Plaintiff's First Request for Admissions [37]. For the reasons stated below, Plaintiff's motion [29] is granted in part and denied in part, and Defendant's motion [37] is granted. Plaintiff may file an amended complaint that includes a claim for strict liability, includes allegations regarding the Jeep's clock-spring mechanism, and names FCA US LLC, formerly known as Chrysler Group, LLC, as the Defendant. Defendant does not need to provide a response to Plaintiff's First Request for Admissions. Furthermore, as a housekeeping matter, Defendant's motion to strike Plaintiff's motion for leave to file a first amended complaint [35] is denied as moot [*2] because it appears duplicative of Defendant's response [36] to Plaintiff's motion [29].

### I. Factual Background

On May 15, 2010, Plaintiff Scott Finnerman ("Plaintiff") was involved in a motor vehicle accident while driving a 1999 Jeep Grand Cherokee. [1, Ex. A ¶ 7.] Plaintiff alleges that the driver's side airbag in the car failed to deploy at the time of the collision, causing significant injuries. [*Id.* ¶ 9.]

Plaintiff filed a complaint in the Circuit Court of Cook County, Illinois on May 11, 2012, bringing claims for negligence against the Jeep's manufacturer. [See 36, Ex. A.] Plaintiff voluntarily dismissed the complaint on September 29, 2014. [*Id.* at 4.] Plaintiff then re-filed the complaint in the Circuit Court of Cook County on September 23, 2015, which Defendant FCA US LLC ("Defendant")[1] removed to this Court on January 13, 2016. [See 1.] This complaint similarly brings a claim for negligence against Defendant in relation to the failure of the Jeep's driver's side airbag to deploy. [*Id.*, Ex. A.]

Fact discovery, including depositions and inspection of the Jeep, has ensued both during the state court action and in the instant case. [36 at 4; 40 at 5.] Fact discovery closed on June 2, 2017. **[*3]** [See 28.] Plaintiff filed a further motion [32] to extend time to complete fact discovery beyond the June 2, 2017 cut-off, which the Court denied. [See 34.]

Before the Court are (1) Plaintiff's motion [29] for leave to file a first amended complaint, and (2) Defendant's motion [37] for a protective order or to strike Plaintiff's First Request for Admissions.

## II. Plaintiff's Motion for Leave to File a First Amended Complaint

Plaintiff seeks to amend his complaint in three ways. First, Plaintiff seeks to add a claim for strict product liability in addition to the claim for negligence against Defendant. [29 at 2.] Second, Plaintiff's proposed amended complaint adds additional allegations concerning the Jeep's lap-and-shoulder seatbelt system, alleging that this seatbelt system failed to stop Plaintiff's torso from moving forward at the time of the collision and therefore also caused Plaintiff significant injuries. [*Id.*, Ex. A ¶¶ 11-12, 14.] Third, Plaintiff seeks to amend the complaint to identify the correct defendant as FCA US LLC, formerly known as Chrysler Group, LLC. [*Id.* at 1.]

### A. Legal Standard

A motion for leave to file an amended complaint should "freely" be granted "when justice so requires." **[*4]** *Fed. R. Civ. P. 15(a)(2)*. "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000)* (citation omitted). Leave to amend should be freely given "'[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)* (quoting *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962))*. Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello, 520 F.3d 737, 743 (7th Cir. 2008)* (quoting *Brunt v. Serv. Emps. Int'l Union, 284 F.3d 715, 720 (7th Cir. 2002))*.

### B. Analysis

#### 1. Strict Liability Claim Amendment

Defendant argues that Plaintiff's proposed amendment to add a claim for strict product

---

[1] The manufacturer defendants named in the state court complaints are Daimler Chrysler Corporation, Chrysler Corporation, Chrysler, LLC, Chrysler Group, LLC, and Daimler Chrysler. [See 1.] The parties agreed to dismiss Daimler Chrysler, Daimler Chrysler Corporation, Chrysler Corporation, and Chrysler, LLC from this case. [23.] Defendant's notice of removal states that Chrysler Group, LLC changed its name to FCA US LLC on December 15, 2014. [1 at 1.] Therefore, FCA US LLC is the only remaining Defendant.

liability is futile because this claim is barred by the Illinois product liability statute of repose. See *735 Ill. Comp. Stat. 5/13-213*. This statute provides that strict product liability claims must be commenced "within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or **[*5]** other non-seller, whichever period expires earlier." *735 Ill. Comp. Stat. 5/13-213(b)*.[2] A statute of repose is meant to be "a legislatively designated time limit." *Daubach v. Honda Motor Co., Ltd., 303 Ill. App. 3d 309, 707 N.E.2d 746, 748, 236 Ill. Dec. 619 (Ill. App. Ct. 1999)*. It serves to "terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his or her cause of action." *DeLuna v. Burciaga, 223 Ill. 2d 49, 857 N.E.2d 229, 237, 306 Ill. Dec. 136 (Ill. 2006)*.

To support this argument, Defendant attaches to its response an "Owner Information Report" and a "Carfax Vehicle History Report" indicating that January 9, 1999 is the date of the Jeep's first sale. [See 36, Ex. B.] Plaintiff has not disputed the accuracy of this date. However, an argument that a *Federal Rule of Civil Procedure ("Rule") 15* motion to amend should be denied as futile is essentially a *Rule 12(b)(6)* motion to dismiss. A *Rule 12(b)(6)* motion must be decided "based on the complaint, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Santangelo v. Comcast Corp., 162 F. Supp. 3d 691, 702 (N.D. Ill. 2016)* (citation omitted). It is therefore inappropriate to consider documents that are not referenced in or critical to the complaint in considering Defendant's futility objection. See *McDaniel v. Loyola Univ. Med. Ctr., 317 F.R.D. 72, 79 (N.D. Ill. 2016)* (citing *Santangelo, 162 F. Supp. 3d at 701-02*). Neither the original nor the amended complaint discuss or rely on the date on which the relevant **[*6]** Jeep was first sold such that these documents could be considered "critical" to Plaintiff's claim. Defendant also has not made any argument that the Court can take judicial notice of either report. Therefore, the Court cannot consider these documents in relation to Defendant's futility argument and will allow Plaintiff to amend his complaint to add a claim for strict liability. The Court notes, however, that the documents on which Defendant relies can properly be considered on a *Rule 56* motion for summary judgment. See *Fed. R. Civ. P. 56(b)*. This order is therefore without prejudice to any motion for summary judgment that Defendant may choose to file.[3]

Therefore, Plaintiff's motion to amend the complaint to add a strict product liability claim is granted.

## 2. Amendment Regarding Additional Seatbelt System Allegations

Plaintiff also seeks to amend his negligence claim against Defendant to include allegations that the Jeep's seatbelt system failed to prevent the seatbelt from "spooling out" and stopping Plaintiff's torso from moving forward, thus causing significant injuries. [29, Ex. A ¶¶ 11-12, 14.] Defendant argues that adding this new theory will require the parties to reopen discovery, as the case thus far has **[*7]** focused entirely on the Jeep's airbag system; therefore, this proposed amendment is unduly prejudicial. [36 at 9-11.] Plaintiff argues in turn that

---

[2] The Illinois Supreme Court held that the 1995 amendments to this statute were unconstitutional and non-severable from other unconstitutional provisions. *Best v. Taylor Mach. Works, 179 Ill. 2d 367, 689 N.E.2d 1057, 1104-06, 228 Ill. Dec. 636 (Ill. 1997)*. Illinois courts have thereafter applied the prior enactment of the statute, which is limited to strict product liability actions. See, e.g., *Kurz v. Stanley Works, 2014 IL App (2d) 121429-U, 2014 WL 459052, at *6 (Ill. App. Ct. 2014)*. Therefore, while the text of the statute of repose indicates that it applies to all product liability actions, as currently construed the statute only applies to strict product liability claims. *Id.*

[3] If Defendant moves for summary judgment on this claim, Defendant may respond to Plaintiff's argument, raised in his reply, regarding potential tolling of the Illinois product liability statute of repose due to Defendant's alleged fraudulent concealment. [See 40 at 8.] The Court will not address these arguments at this time.

he did not know of potential issues with the seatbelt until he consulted with an automobile safety expert in April 2017. Plaintiff further argues that the additional discovery required will not be unduly burdensome, and in any event the seatbelt allegations do not constitute a new legal theory. [40 at 5-7.]

Plaintiff seeks to add these new allegations five years after the first lawsuit related to this accident was filed, and more than a year after the case was re-filed and removed to federal court. Delay alone is usually insufficient to deny a motion to amend. *Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004)*. But "the longer the delay, the greater the presumption against granting leave to amend." *King v. Cooke, 26 F.3d 720, 723 (7th Cir. 1994)* (citation omitted). Moreover, this motion to amend was filed near the close of the fact discovery period in this case; this timing is disfavored in the Seventh Circuit. See, *e.g.*, *Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009)* (affirming denial of leave to amend brought three days before the close of discovery); *Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991)* (affirming denial of leave to amend brought at the close of discovery); *Bohen v. City of E. Chi., Ind., 799 F.2d 1180, 1184-85 (7th Cir. 1986)* (affirming denial of leave to amend brought two weeks **[*8]** before the close of discovery because plaintiff was "less than diligent" and amendment prejudiced defendant).

The Court concludes that the proposed amendment regarding the Jeep's seatbelt system would be unduly prejudicial to Defendant. Although some factors regarding the procedural posture of this case do reduce the potential prejudice to Defendant from the proposed amendment—no summary judgment motions have been filed, and a trial date has not yet been set—the new allegations introduce an entirely new theory of Plaintiff's injuries into the case. This comes after the parties have spent five years focused solely on the Jeep's airbag system. Discovery thus far, including inspections of the Jeep, has focused only on the airbag system's alleged defects. Allowing Plaintiff to pursue these allegations would delay an already long-in-the-tooth case by requiring discovery to be reopened so that the seatbelt system's alleged defects could also be investigated.

Plaintiff concedes that these new allegations will require additional discovery, although he argues that such discovery will not be unduly burdensome. [40 at 7.] But fact discovery in this re-filed case has already been extended four times. **[*9]** [See 21, 26, 27, 28.] The Court previously denied Plaintiff's motion to extend time to complete fact discovery for a fifth time on May 25, 2017, when Plaintiff sought to complete additional discovery relevant to the Jeep's seatbelt system. [See 32 at 3; 34.] Plaintiff's proffered reason for the delay in bringing allegations based on the seatbelt theory is that he was unaware of the potential issue until April 2017, when Plaintiff's counsel consulted an automobile safety expert and was advised of the issue for the first time. [40 at 4-5.] But it is not clear why Plaintiff waited until April 2017 to consult an automobile safety expert in this case, even acknowledging Plaintiff's statements regarding changes in his counsel, when discovery has been ongoing since 2012.[4]

Plaintiff points to an allegation in the original complaint that Defendant "negligently failed to 'provide adequate protective equipment on the Jeep or take precautions to safeguard Plaintiff from damage from product defect and failures'" as evidence that Defendant cannot be surprised by these seatbelt system allegations. [40 at 7.] But thus far the case has been litigated only on the basis of the airbag system's alleged defects. "There **[*10]** must be a point at which a plaintiff makes a

---

[4] Furthermore, the documents that Plaintiff relies on to support the existence of potential seatbelt system issues appear to be public documents dated long before April 2017. [See 40, Ex. B (October 2004 recall notice)]; [*id.*, Ex. C (March 1999 impact test results)]. Assuming without deciding that the Court can consider these documents, these dates strongly indicate that information about the seatbelt system was available to Plaintiff from the beginning of this case.

commitment to the theory of its case," *Johnson v. Methodist Med. Ctr. of Ill., 10 F.3d 1300, 1304 (7th Cir. 1993)*, and changing the allegations at this point to also include the seatbelt system would prejudice Defendant. The focus of the case since 2012 has been on the airbag system, and there was no reason, based on the original complaint's allegations, for Defendant to believe that the operation of the seatbelt system would be an issue that required further discovery and attention. Therefore, Plaintiff's motion to amend the complaint to add allegations regarding the Jeep's seatbelt system is denied.

Plaintiff's amended complaint also adds specific allegations that the Jeep's "clock spring" mechanism contributed to the airbag's failure to deploy. [See 29, Ex. A ¶ 14.] Defendant does not address these proposed amendments in its response to Plaintiff's motion. Because these allegations relate to the Jeep's airbag system that has been the focus of the case since its inception, and therefore should not require any further discovery that would unduly prejudice Defendant, Plaintiff's motion to amend the complaint is granted in this respect.

### 3. Amendment to Identify FCA US LLC as Defendant

Plaintiff also seeks to identify **[*11]** the "correct" party defendant in his amended complaint. [29 at 1.] Because Defendant has been a party to this case since its inception, this change is not substantive and therefore is not prejudicial. Plaintiff's motion to identify FCA US LLC, formerly known as Chrysler Group, LLC in the amended complaint is thus granted.

### III. Defendant's Motion for a Protective Order or to Strike

Defendant has moved for a protective order or to strike Plaintiff's First Request for Admissions (the "RFAs"). [See 37.] Defendant argues that these RFAs are untimely discovery requests because they were not scheduled for completion before the June 2, 2017 fact discovery closing date. [*Id.*] Plaintiff argues that *Rule 36*, which governs requests for admissions, is not a discovery device governed by the fact discovery schedule in this case; therefore, these requests are timely. [See 43 at 2.]

Pursuant to the Northern District of Illinois's standing order establishing pretrial procedure, "[d]iscovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply" with discovery closing date procedures. N.D. Ill. L.R. 16.1(4). Therefore, discovery requests in this case that were not **[*12]** scheduled for completion before June 2, 2017 are untimely. Plaintiff's RFAs were served on May 25, 2017, one week before the fact discovery in this case closed.[5] [See 28; 37, Ex. A.] *Rule 36* requires that a party be given 30 days after service to respond to requests for admissions. *Fed. R. Civ. P. 36(a)(3)*.

Contrary to Plaintiff's argument, requests for admissions are treated as discovery devices in connection with discovery deadlines. Requests for admissions serve different purposes than other modes of discovery, as they are meant to "obtain[] admissions for the record of facts already known by the party propounding the request" rather than to elicit information. *S.E.C. v. Nutmeg Grp., LLC, 285 F.R.D. 403, 405 (N.D. Ill. 2012)*. Despite serving this different purpose, requests for admissions are still subject to Northern District of Illinois *Local Rule 16.1* and the discovery scheduling order in this case. See *Dinkins v. Bunge Milling, Inc., 313 F. App'x 882, 884 (7th Cir. 2009)* ("[T]he requests for admissions were mailed only nine days before the close of discovery, and a party is not required to give any response to such untimely requests."); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc., 298 F.3d 600, 605 n.2 (7th Cir. 2002)* ("We note for future consideration that *Rule 29*

---

[5] Plaintiff originally included an instruction in this set of RFAs that Defendant produce documents relevant to each admitted request. Plaintiff subsequently withdrew that instruction. [See 43 at 4.]

seems to contemplate that requests for admission are a discovery device."); *Coram Health Care Corp. of Ill. v. MCI Worldcom Commc'ns, Inc., 2001 U.S. Dist. LEXIS 18909, 2001 WL 1467681, at *3 (N.D. Ill. Nov. 15, 2001)* (holding that requests for admissions sent on the discovery cut-off date violated Northern District of Illinois **[*13]** *Local Rule 16.1*, and so defendants were not obligated to respond); *Agristor Credit Corp. v. Lunding, 1987 U.S. Dist. LEXIS 6745, 1987 WL 14683, at *8 (N.D. Ill. July 21, 1987)* (finding that requests for admissions are "sufficiently similar to the more traditional discovery devices to fall within this court's discovery cut-off order"); *Bieganek v. Wilson, 110 F.R.D. 77, 77-78 (N.D. Ill. 1986)* (concluding that "requests to admit should be treated as discovery for purposes of the closing date" because "[o]therwise, they are afloat in the pretrial process, a situation which seems to be at odds with the purpose of the Standing Order"). Therefore, Plaintiff's RFAs are untimely. Defendant's motion for a protective order is granted, and Defendant does not need to respond to Plaintiff's RFAs.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion [29] is granted in part and denied in part, and Defendant's motion [37] is granted. Plaintiff may file an amended complaint that includes a claim for strict liability, includes allegations regarding the Jeep's clock-spring mechanism, and names FCA US LLC, formerly known as Chrysler Group, LLC, as the Defendant. Defendant does not need to provide a response to Plaintiff's First Request for Admissions. Furthermore, as a housekeeping matter, Defendant's motion to strike Plaintiff's motion for leave to file a first amended complaint **[*14]** [35] is denied as moot because it appears duplicative of Defendant's response [36] to Plaintiff's motion [29].

Dated: October 23, 2017

/s/ Robert M. Dow, Jr.

Robert M. Dow, Jr.

United States District Judge

**End of Document**