UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, individually and as administrator of the estate of DAVID BOIM, deceased, and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE, et. al,<br><br>Defendants. | Case No. 17-cv-3591<br><br>Judge Sharon Johnson Coleman |

## ORDER

The Court, in its discretion, grants plaintiffs' motion for leave to file a first amended complaint brought pursuant to Federal Rule of Civil Procedure 15(a)(2). [148, 149].

## STATEMENT

In 1996, two agents of Hamas killed Stanley and Joyce Boim's teenage son, David Boim, at a bus stop near Jerusalem, Israel. Four years later, the Boims, who are United States nationals living in Israel, filed a lawsuit in the Northern District of Illinois against individuals and organizations that were financing the designated terrorist organization Hamas under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(d)(2). In 2004, a jury awarded the Boims $156 million in damages. Since the Seventh Circuit affirmed the judgment, *see Boim v. Holy Land Found. for Relief and Dev.,* 549 F.3d 685 (7th Cir. 2008) (en banc), the Boims have attempted to collect from the defendants to the original lawsuit, including the Holy Land Foundation for Relief and Development ("HLF"), the American Muslim Society ("AMS"), and AMS's alleged alter ego the Islamic Association for Palestine ("IAP").

In 2017, the Boims filed the present declaratory action seeking to enforce the judgment against the alleged alter egos of HLF, AMS, and IAP, including defendants American Muslims for Palestine ("AMP") and Americans for Justice in Palestine Educational Foundation ("AJP"), along

with individual defendants. On August 18, 2017, the Court granted defendants' Rule 12(b)(1) motion to dismiss without prejudice for lack of subject matter jurisdiction. In that ruling, the Court recognized that this case was a "close one." On reconsideration, the Court vacated its August 2017 ruling allowing for limited jurisdictional discovery, after which the Boims filed the present motion for leave to file a first amended complaint.

## LEGAL STANDARD

Under Rule 15(a)(2), a party may amend its pleadings with the court's leave, which courts freely give "when justice so requires." *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019). District courts, however, also have discretion to deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *MAO-MSO Recovery II, LLC v. State Farm Mutual Auto. Ins. Co.*, 935 F.3d 573, 582 (7th Cir. 2019) (citation omitted). An amended complaint may be futile if the allegations do not cure the original complaint's jurisdictional deficiencies. *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993); *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1072 (7th Cir. 1989).

## DISCUSSION

Every federal lawsuit, despite its relationship to an earlier lawsuit, requires its own independent basis for federal subject matter jurisdiction. *Peacock v. Thomas*, 516 U.S. 349, 355-56, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). The Boims seek to establish subject matter jurisdiction under § 2333(d)(2) of the Anti-Terrorism Act alleging that the defendants to this lawsuit are alter egos of the original defendants. To establish alter-ego liability, the Boims must ultimately show that that the original defendants and their alleged alter egos have "substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." *McCleskey v. CWG Plastering, LLC*, 897 F.3d 899, 903 (7th Cir. 2018) (citation omitted).

The proposed first amended complaint names three defendants, AMP, AJP, and individual defendant Rafeeq Jaber, and adds a fraudulent concealment claim against Jaber. The Boims have also added allegations concerning AMP's and AJP's connections to the now defunct AMS and IAP, listing the organizations' purpose as promoting Hamas' ideology and political positions. The new complaint includes allegations about Jaber telling the Boims that IAP and AMS were defunct at the same time he was involved in forming AMP. The Boims include numerous other allegations in support of their alter-ego theory, such as the disregard of corporate formalities.

In response, defendants attempt to show that plaintiffs' amendment is futile because it fails to cure the subject matter jurisdiction deficiencies of the original complaint—despite the Court's warning at the February 6, 2019 status hearing that defendants' response should not be a "full on" motion to dismiss. Under the circumstances, including that the parties conducted a year of jurisdictional discovery, the best course of action is to grant plaintiffs leave to file the first amended complaint, after which defendants may file a Rule 12(b)(1) motion. At that time, the Court will be able to "look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

IT IS SO ORDERED.

DATE: 12/13/2019

_____
SHARON JOHNSON COLEMAN
United States District Judge