**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br>Defendants. | Civil No. 17-cv-03591<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Sidney I. Schenkier |

## **DEFENDANT RAFEEQ JABER'S MOTION TO DISMISS**

Dated this 14th day of January, 2020.

/s/ *Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Charles D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

I. INTRODUCTION ..................................................................................................... 1

II. SUMMARY OF THE ARGUMENTS ..................................................................... 1

III. RELEVANT BACKGROUND ................................................................................. 1

IV. PLAINTIFFS' CLAIMS AGAINST DEFENDANT JABER FAIL FOR LACK OF SUBJECT MATTER JURISDICTION ................................................................. 3

    A. Legal Standard ................................................................................................... 3

    B. Alter Ego and "Veil Piercing" Claims Against Defendant Jaber Fail .................... 4

    C. Plaintiffs' Fraudulent Concealment Claims Against Defendant Jaber Fail ............ 6

V. PLAINTIFFS' COMPLAINT FAILS TO SUFFICIENTLY STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND (9)(b) ...................................................... 6

    A. Legal Standard ................................................................................................... 6

    B. Plaintiffs Fail to Properly Plead Claims of Alter Ego and Veil Piercing Against Jaber ....... 7

    C. Plaintiffs Fail to Properly Plead Their Fraudulent Concealment Claim Against Jaber ...... 10

        1. Plaintiffs Fail to Meet the Heightened Pleading Standard of Fed. R. Civ. P. 9(b) ........... 10

        2. Plaintiffs' Allegations Fail as a Matter of Law Even Under Fed. R. Civ. P. 8 ................. 12

        3. Plaintiffs' Claims of Fraudulent Concealment Are Outside the Statute of Limitations.... 13

IV. CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*188 LLC v. Trinity Indus.,* 300 F.3d 730, 736 (7th Cir. 2002) ........................................................... 3

*A.L. Dougherty Real Estate Management Co., LLC v. Su Chin Tsai*, 98 N.E. 3d 504 (Ill. App. Ct. 2017) ................................................................................................................................... 9

*Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) ............................................................ 7

*Addison Automatics v. RTC Group*, 2013 U.S. Dist. LEXIS 99448 (N.D. Ill. July 16, 2013) .......... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................................. 7

*Auto-Owners Ins. Co. v. Konow*, 57 N.E.3d 1244 (Ill. App. Ct. 2016) ............................................ 12

*Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745 (7th Cir. 2006) ....................... 12

*Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007) ....................................... 11

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir. 1990) .................................................... 14

*Carol Diane Gray & Strategic Research Consulting, Inc. v. United States*, 2012 U.S. Dist. LEXIS 125076 (N.D. Ill. Sept. 4, 2012) ................................................................................................ 3

*Central States, Southwest & Southwest Areas Pension Fund v. Central Transp.*, 85 F.3d 1282 (7th Cir. 1996) ........................................................................................................................... 7

*Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 221 Ill. Dec. 389, 675 N.E.2d 584 (1996) ............... 11

*Doe v. Dilling*, 888 N.E.2d 24 (Ill. 2008) ....................................................................................... 10

*Fontana v. TLD Builders, Inc.*, 840 N.E. 2d 767 (Ill. App. Ct. 2005) .............................................. 8

*Friedman v. Leading Edge Recovery Solutions, LLC*, 2014 U.S. Dist. LEXIS 58694 (N.D. Ill. April 28, 2014) ........................................................................................................................... 6

*Gervasio v. United States*, 627 F. Supp. 428 (N.D. Ill. 1986) .......................................................... 3

*Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009) ........................................... 4

*Great Lakes Dredge & Dock Co.*, 1993 U.S. Dist. LEXIS 16256 (N.D. Ill. Feb. 18, 1993) ............. 3

*Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811 (7th Cir. 2009)............ 6

*In re Estate of Wallen*, 633 N.E. 2d 1350 (Ill. App. Ct. 1994) ......................................................... 8

*Int'l Union of Operating Eng'rs, Local 150 AFL-CIO v. Centor Contractors, Inc.*, 831 F.2d 1309
   (7th Cir. 1987) ............................................................................................................................. 8

*Kurti v. Fox Valley Radiologists, Ltd.*, 124 Ill. App. 3d 933, 464 N.E.2d 1219 (1984) .................. 11

*Kyle v. Morton High Sch.*, 144 F.3d 448 (7th Cir. 1998).................................................................. 7

*Laborers' Pension Fund v. Lake City Janitorial, Inc.*, 758 F. Supp. 2d 607 (N.D. Ill. 2010) ......... 10

*Lidecker v. Kendall College*, 194 Ill. App. 3d 309, 550 N.E.2d 1121 (1990) ................................ 11

*Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999) ............................................................................ 3

*McCarter v. State Farm Mutual Auto. Ins.,* 130 Ill. App. 3d 97, 473 N.E.2d 1015 (1985)....... 13, 14

*McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873 (7th Cir. 2012).......................................... 7

*Miller v. William Chevrolet/Geo,* 260 Ill. Dec. 735 (Ill. App. Ct. 2001)......................................... 13

*Mitchell v. Norman James Construction Co.,* 684 N.E.2d 872 (Ill. App. Ct. 1997)........................ 13

*Morgan v. Bank of Waukegan*, 804 F.2d 970 (7th Cir. 1986).......................................................... 7

*Oakland Police & Fire Retirement System v. Mayer Brown*, *LLP*, 861 F.3d 644 (7th Cir. 2017) .. 12

*Peacock v. Thomas*, 516 U.S. 349, 116 S. Ct. 862 L.Ed.2d 817 (1996).................................. 4, 5, 6

*Peetoom v. Swanson*, 778 N.E. 2d 291 (Ill. App. Ct. 2002) ............................................................. 8

*Puntillo v. Dave Knecht Homes,* 2019 U.S. Dist. LEXIS 87223 (N.D. Ill.  May 24, 2019).......... 8, 9

*Sanchez v*. *Global Parking Management*, 2015 U.S. Dist. LEXIS 93782 (N.D. Ill. Jul. 20, 2015).. 9

*Simpson v. Saggezza, Inc.*, 2018 U.S. Dist. LEXIS 133740 (N.D. Ill. Aug. 8, 2018) ....................... 7

*Siragusa v. Collazo (In re Collaz*o)*,* 817 F.3d 1047 (7th Cir. 2016) .............................................. 13

*Smith v. Campagna*, 1996 U.S. Dist. LEXIS 9055 (N.D. Ill. June 26, 1996) ..…………….......…..3

*Squires-Cannon v. Forest Preserve Dist. Of Cook County*, 897 F.3d 797 (7th Cir. 2018) ....... 11, 12

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)............................................................. 3

*Sweeney v. Madigan*, 359 F. Supp. 3d 585 (N.D. Ill. 2019) .................................................................. 3

*U.S. ex rel. Grenadyor v. Ukranian Vill. Pharmacy, Inc.*, 772 F.3d 1102 (7th Cir. 2014).............. 10

*United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 332 F.3d 942 (7th Cir. 2003) ................................... 3

*Vandenberg v. Brunswick Corp.*, 90 N.E.3d 1048 (Ill. App. 2017)................................................. 12

*Villa v. Pearson Educ., Inc.*, 2003 U.S. Dist. LEXIS 24686 (N.D. Ill. Dec. 8, 2003)....................... 7

*West v. Act II Jewelry*, *LLC*, 2016 U.S. Dist. LEXIS 34963 (N.D. Ill. Mar. 18, 2016)................... 10

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012) .............................................. 11, 13

**Rules**

Fed. R. Civ. P. 8(a) ....................................................................................................... 1, 12, 13

Fed. R. Civ. P. 9(b). ...................................................................................................... 10, 11, 13

Fed. R. Civ. P. 12(b)(1)....................................................................................................... 1, 2, 3

Fed. R. Civ. P. 12(b)(6)....................................................................................................... 6, 7, 12

## I. INTRODUCTION

Defendant Rafeeq Jaber ("Jaber"), by and through undersigned counsel, files this Motion to Dismiss the claims brought against him in Plaintiffs' Amended Complaint (Doc. 179), and for the reasons set forth below, respectfully requests that this Court dismiss these claims for lack of subject matter jurisdiction, as well as for failure to sufficiently state a plausible cause of action.

## II. SUMMARY OF THE ARGUMENTS

This Court lacks subject matter jurisdiction over the claims alleged against Defendant Rafeeq Jaber. Under both Supreme Court and Seventh Circuit authority, there is neither independent nor ancillary jurisdiction over the claims asserted. Plaintiffs claim that Defendant Jaber is liable for a prior judgment to which he was not a party. *See generally* Doc. 179. However, the facts on the claims alleged do not support jurisdiction and are not so closely related to the original claims from the separate action to warrant ancillary, or supplemental, jurisdiction. Therefore, this Court is without jurisdiction under Fed. R. Civ. P. 12(b)(1) and must dismiss the case in its entirety. Furthermore, even if this Court finds it has jurisdiction, the claims alleged against Defendant Jaber fail to meet the standards required of pleadings under Fed. R. Civ. P. 8(a) as well as Rule 9(b). These claims, therefore, fail as a matter of law, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## III. RELEVANT BACKGROUND

This remains an alter ego and successor liability case, with an added dash of fraudulent concealment included. In their Original Complaint, Plaintiffs alleged alter ego and successor

liability as the purported bases for holding the current defendants liable for a previous judgment Plaintiffs obtained against other entities.[1] *See generally* Doc. 1.

This Court granted Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction in August 2017, finding that Plaintiffs' assertion that a shared mission "to educate people about Palestine" sufficed to establish alter ego "would create a false inference that no legitimate humanitarian organization could ever be created with that mission" and that "[i]n their effort to find a collectible defendant and to prevent their previous victory from being a pyrrhic one, plaintiffs are painting with overly broad strokes here." Doc. 41 at 8, 10. Upon Motion for Reconsideration by the Plaintiffs, this Court ruled that "[w]hile this Court disagrees that it misapplied the law, upon further reflection, this Court placed too much weight to defendants' S without providing plaintiffs with the opportunity to conduct limited jurisdictional discovery on the existence of an alter ego relationship. Accordingly, this Court will vacate its previous order dismissing the case with prejudice and permit plaintiffs to conduct discovery solely to address jurisdiction." Doc. 50. The limited discovery which followed over the next year was authorized solely to allow Plaintiffs discovery related to subject matter jurisdiction, in the context of the previously granted Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(1). This discovery, though limited by this Court, included six depositions[2] taken by Plaintiffs and numerous discovery requests propounded by Plaintiffs.

---

[1] Though judgment was originally entered against an individual defendant in the prior action, that judgment was reversed. Plaintiffs eventually left the previous civil action with a judgment of $156 million against Holy Land Foundation ("HLF"), the Islamic Association for Palestine "formed in California in 1986" ("IAP"), American Muslim Society ("AMS") "formed … in Illinois in 1993", American Middle East League for Palestine "formed in Texas in 1990 by Yasser K. Saleh Bushnaq ("AMELP")" and "IAP Texas formed by Basman Elashi in 1993." Plaintiffs' Original Complaint (Doc. 1) at ¶ 15; Plaintiffs' Amended Complaint (Doc. 179) at ¶ 2. However, in this matter Plaintiffs have focused on the judgments against HLF, IAP and AMS. Doc. 179 at ¶ 2.

[2] Plaintiffs deposed Abdelbaset Hamayel, Osama Abuirshaid, Rafeeq Jaber, Munjed Ahmad, Hatem Bazian and Saleh Sarsour.

2

In their Amended Complaint (Doc. 179), Plaintiffs seek to revive these previous claims against AMP/AJP and Rafeeq Jaber, as well as explicitly adding veil-piercing allegations and a fraudulent concealment claims against Defendant Jaber. Plaintiffs do not assert any claims against prior defendants Osama Abuirshaid or Abdelbaset Hamayel, who by operation of law are now no longer part of this lawsuit. *See 188 LLC v. Trinity Indus.,* 300 F.3d 730, 736 (7th Cir. 2002); *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999) (holding that the original complaint is in effect withdrawn as to all matters not restated in the amended complaint); *Smith v. Campagna*, No. 94-cv-7628, 1996 U.S. Dist. LEXIS 9055, *2 (N.D. Ill. June 26, 1996) ("if a defendant in the original complaint is not named as a defendant on the cover of the amended complaint, the court will treat that defendant as dropped from the suit"). These claims fail as a matter of law, for the reasons previously addressed by this Court in its earlier order (Doc. 41), as well as the reasons set forth below.

## IV. PLAINTIFFS' CLAIMS AGAINST DEFENDANT JABER FAIL FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure "requires dismissal of claims over which the federal court lacks subject matter jurisdiction." *Carol Diane Gray & Strategic Research Consulting, Inc. v. United States*, No. 11-cv-3269, 2012 U.S. Dist. LEXIS 125076, *4 (N.D. Ill. Sept. 4, 2012) (Coleman, J.) (citing Fed. R. Civ. P. 12(b)(1)). Without jurisdiction, a "court cannot proceed at all." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In a 12(b)(1) challenge, the burden of proof "is on the party asserting jurisdiction." *United Phosphorus, Ltd.* v. *Angus Chem. Co*., 332 F.3d 942, 946 (7th Cir. 2003) (internal citations omitted). Where parties raise factual questions concerning the court's subject matter jurisdiction, "the district court is not bound to accept as true the allegations of the complaint as to jurisdiction." *In re Complaint of*

3

*Great Lakes Dredge & Dock Co.*, No. 92-cv-6754, 1993 U.S. Dist. LEXIS 16256, *7 (N.D. Ill. Feb. 18, 1993) (citing *Gervasio v. United States*, 627 F. Supp. 428, 430 (N.D. Ill. 1986)). In order to assess whether jurisdiction actually exists, courts may look beyond the allegations in the complaint and "consider whether evidence has been submitted on the issue." *Sweeney v. Madigan*, 359 F. Supp. 3d 585, 589 (N.D. Ill. 2019) (Coleman, J.) (internal citations omitted). The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants*, *Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

### B. Alter Ego and "Veil Piercing" Claims Against Defendant Jaber Fail.

Plaintiffs' newly asserted claims against Rafeeq Jaber squarely fail for lack of subject matter jurisdiction even more clearly than did those in the Original Complaint. Plaintiffs' current allegations against Defendant Jaber do not present even a close call under the law.

As this Court previously noted regarding Plaintiffs' Original Complaint, "[i]n this case plaintiffs are not asserting a 'veil-piercing' theory of vicarious liability in order to avoid the issue in *Peacock* that resulted in no jurisdiction." Doc. 41 at 5, referencing *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S. Ct. 862, 868, 133 L.Ed.2d 817 (1996). And yet, Plaintiffs' Amended Complaint does exactly that: Plaintiffs bring the claim that "Defendant Rafeeq Jaber is also an alter ego of IAP/AMS and/or subject to liability under the doctrine of veil piercing." Doc. 179 at p. 58, ¶ 163; *see also id*. at p. 61, ¶ 172; p. 62, ¶¶ 173, 174, 175 and 175, part B; and p. 63, ¶ 178 (all seeking to find Rafeeq Jaber liable "under the doctrine of veil piercing."). This is precisely what the United States Supreme Court prohibits, as recognized by this Court: "[t]he Supreme Court has 'never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.' Thus, the Supreme Court has 'cautioned against the exercise of jurisdiction over proceedings that are entirely

new and original, or where the relief sought is of a different kind or on a different principle than that of the prior decree.'" Doc. 41 at 4-5, quoting *Peacock*, 516 U.S. at 357-58 (internal citations omitted). Furthermore, as veil piercing is not itself a free-standing claim, there is no independent jurisdiction for this cause of action. *Peacock*, 516 U.S. at 354 ("[p]iercing the corporate veil is not itself an independent […] cause of action, 'but rather is a means of imposing liability on an underlying cause of action.'") (internal citations omitted).

As set forth in the attached Declaration of Rafeeq Jaber, previously produced in this matter, IAP ceased operating in about 2004. And while Defendant Jaber moved the office of his personal business in 2012 to different space in the same building where IAP had operated approximately eight years previously Defendant Jaber did not take over the same space, or assume any contracts of, IAP/AMS. Ex. A, Declaration of Rafeeq Jaber.

There is no dispute, nor can there be, that Defendant Jaber was not a named defendant in the prior case in which Plaintiffs obtained the judgment they seek to collect. There is also no dispute that his purported actions forming the basis of the claim against him of "veil piercing" which Plaintiffs bring now "did not exist and could not have existed, at the time the court entered judgment in the" earlier action by Plaintiffs. Doc. 41 at 5, quoting *Peacock*, 516 U.S. at 359;[3] *see also* Doc. 179 at. ¶¶ 173, 174, 180-185. Yet Plaintiffs now assert the exact claim which they had specifically omitted on the first round, "in order to avoid the issue in *Peacock* that resulted in no jurisdiction." Doc. 41 at 5. There was no jurisdiction of this Court under *Peacock* over the alter ego claims against Defendant Jaber in 2017, and there is no jurisdiction of this Court under *Peacock* over those claims today.

---

[3] The prior claim which Plaintiffs brought against the previous defendants in the 2000 case was under the Anti-Terrorism Act, a claim which is not asserted here against any current defendant, nor could it be, successfully. The claims Plaintiffs assert in this lawsuit are limited to the business torts of alter ego, successor liability, veil piercing and fraudulent concealment. There is no ATA claim here.

5

### C. Plaintiffs' Fraudulent Concealment Claims Against Defendant Jaber Fail.

Plaintiffs now also bring a claim of fraudulent concealment against Defendant Jaber. Doc. 179 at p. 64, ¶ ¶ 180-185. Plaintiffs allege as support for this claim that Mr. Jaber "oversaw the windup of IAP/AMS's affairs and the application of IAP/AMS's assets to pay its creditors, including Plaintiffs. IAP/AMS's assets were insufficient to pay its debt to Plaintiffs who were its principal (if not only) creditor." *Id*. at p. 64, ¶ 180. By definition, post-judgment actions by Defendant Jaber related to paying Plaintiffs as creditors of IAP and/or AMS amount to, at most, "alleged wrongdoing" which could not have "occurred [until] after judgment was entered in the original []case," thereby rendering the fraudulent concealment claim a "theor[y] of relief that did not exist and could not have existed at the time the court entered judgment in the" original case brought by Plaintiffs. Doc. 41 at 5, quoting *Peacock*, 516 U.S. at 359. The same is true for the other acts attributed to Mr. Jaber which Plaintiffs allege support their new claim of fraudulent concealment: turning over assets to Plaintiffs (Doc. 179 at 64, ¶ 183); statements in his deposition in 2005, taken by these Plaintiffs, regarding IAP/AMS's inability to pay Plaintiffs' judgment (*id*.); and speaking at subsequent AMP events (*id*.). Under both the prior ruling of this Court and the clear holding of the United States Supreme Court, these subsequent acts and resulting new legal theories cannot give rise to subject matter jurisdiction in this matter. *See* Doc. 41; *Peacock*, 516 U.S. at 357-359.

### V. PLAINTIFFS' COMPLAINT FAILS TO SUFFICIENTLY STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND (9)(b)

#### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of [a] complaint." *Friedman v. Leading Edge Recovery Solutions, LLC*, No. 13-cv-9034, 2014 U.S. Dist. LEXIS 58694, *4 (N.D. Ill. April 28, 2014) (Coleman, J.) (citing *Hallinan v. Fraternal Order of Police*

6

*Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009)). In order for a plaintiff "[t]o survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face and raising the right to relief above speculation." *Simpson v. Saggezza, Inc.*, No. 17-cv-04165, 2018 U.S. Dist. LEXIS 133740, *7 (N.D. Ill. Aug. 8, 2018) (Coleman, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a complaint "must allege the 'operative facts' upon which each claim is based." *Villa v. Pearson Educ., Inc.*, No. 03-cv-3717, 2003 U.S. Dist. LEXIS 24686, *3-4 (N.D. Ill. Dec. 8, 2003) (quoting *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998)). While factual allegations are accepted as true at the pleading stage, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012)) (citing *Iqbal*, 556 U.S. at 678). Therefore, a complaint shall "be dismissed for failure to state a claim" when it "is clear that no relief could be granted under any set of facts that could be proved to be consistent with plaintiffs' allegations." *Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir. 1986). In analyzing whether a complaint meets these standards, the "reviewing court [must] draw on its judicial experience and common sense." *Addison Automatics, Inc. v. RTC Group*, 2013 U.S. Dist. LEXIS 99448, *5 (N.D. Ill. July 16, 2013) (quoting *Iqbal*, 556 U.S. at 679).

    **B. Plaintiffs Fail to Properly Plead Claims of Alter Ego and Veil Piercing Against Defendant Jaber.**

Courts consider the following factors to determine alter ego status: "1) the amount of respect given to the separate identity of the corporation by its shareholders; 2) the fraudulent intent of the incorporators; and 3) the degree of injustice visited on the litigants by respecting the corporate entity." *Central States, Southwest & Southwest Areas Pension Fund v. Central Transp.*,

7

85 F.3d 1282, 1287. (7th Cir. 1996). Courts in this circuit further consider "the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement, such as through a sham transfer of assets." *Int'l Union of Operating Eng'rs, Local 150 AFL-CIO v. Centor Contractors, Inc.*, 831 F.2d 1309, 1312 (7th Cir. 1987). The presence of an unlawful motive or intent is "[c]ritical to the alter-ego analysis." Doc. 41 at 6, citing *Centor Contractors*, 831 F.2d at 1312.

Under Illinois law, "a court may disregard a corporate entity and pierce the veil of limited liability where the corporation is merely the alter ego or business conduit of another person or entity." *Fontana v. TLD Builders, Inc.*, 840 N.E. 2d 767, 775 (Ill. App. Ct. 2005) (internal citations omitted). This doctrine imposes liability on the individual or entity that "uses a corporation merely as an instrumentality to conduct that person's or entity's business." *Id*. at 775-76 (citation omitted). Liability arises from "fraud or injustice perpetrated not on the corporation but on third persons dealing with the corporation." *Peetoom v. Swanson*, 778 N.E. 2d 291, 295 (Ill. App. Ct. 2002).

In Illinois, courts use a two-prong test to determine whether to pierce the corporate veil: "(1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances must exist such that adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences." *Fontana*, 840 N.E. 2d at 776. The party seeking to pierce the corporate veil has the burden of making a "substantial showing that one corporation is clearly dummy or sham for another." *In re Estate of Wallen*, 633 N.E. 2d 1350, 1357 (Ill. App. Ct. 1994); *see also Puntillo v. Dave Knecht Homes, LLC*, No. 15-cv-11839, 2019 U.S. Dist. LEXIS 87223 (N.D. Ill. May 24, 2019).

Plaintiffs here make no sufficient allegations. The allegations brought against Defendant Jaber for alter ego and veil piercing are based solely on conclusory claims that he "participated directly in the conduct giving rise to the *Boim* Judgment"; "was directly involved in deflecting Plaintiffs' enforcement efforts by the concealed and fraudulent continuation of IAP/AMS through new entities with different names"; "continues to control the successors – AMP and AJP" as a front to continue to same types of personal goals he previously sought to achieve through IAP/AMS"; "Defendants failed to comply with requirements for maintaining their corporate existence, and the fiction of their corporate separateness should not be observed. The Court should pierce the corporate veil and hold Jaber liable for the *Boim* Judgment."[4] Doc. 179 at ¶¶ 173-174. Yet Plaintiffs fail to allege that Defendant Jaber took any of the actions which actually have been found to support alter ego and veil piercing in this Circuit, like transferring assets without consideration, taking direct personal distributions, paying significant personal expenses from corporate funds such as landscaping for a personal residence, refinancing a house, and personal borrowing based on a corporate credit line. *Id.*; cf. *Puntillo*, at \*29; *A.L. Dougherty Real Estate Management Co., LLC v. Su Chin Tsai*, 98 N.E. 3d 504 (Ill. App. Ct. 2017), appeal denied, 95 N.E. 3d 497 (Ill. 2018); *see also Sanchez v. Global Parking Management, Inc.*, No. 14-cv-4611, 2015 U.S. Dist. LEXIS 93782 (N.D. Ill. Jul. 20, 2015). Instead, there is no dispute that IAP/AMS closed no later than early 2005 (Doc. 179 at p. 24 ¶¶ 66, 119, 121), Defendant Jaber was deposed multiple times by these Plaintiffs after the *Boim* Judgment, as they searched for assets, and did not locate

---

[4] This is presumably a reference to Plaintiffs' misapplied theory that because AMP and AJP were purportedly bad record-keepers, they lose the right to retain any corporate formalities and are therefore fair game for alter ego, veil piercing and successor liability connecting them to unrelated entities. However, as set forth more fully in the Motions to Dismiss filed by the entity Defendants in this matter and incorporated herein by reference, that is not the law of this Circuit, nor any other, and cannot support the alter ego and veil piercing claims against Defendant Jaber or the entity Defendants.

any remaining assets (*id.*), AMP was not incorporated until August 2006 (*id.* at ¶ 72; *see also* Doc. 31-1 at 11), AJP was not incorporated until November 2009 (Doc. 31-1 at 13), and Defendant Jaber did not become a designated representative of AMP until 2015, and then only in the context regarding tax issues, as is his personal business (Doc. 179 at p. 43). Furthermore, well before the formation of AMP by Munjed Ahmad and Dr. Hatem Bazian in August 2006,[5] Plaintiffs had already confirmed through their own efforts that IAP had no remaining assets. Doc. 179 at ¶ 119. Plaintiffs therefore allege facts which are insufficient to properly support claims of alter ego and veil piercing as to Defendant Jaber, and Plaintiffs' Amended Complaint therefore fails as a matter of law on these claims.

### C. Plaintiffs Fail to Properly Plead Their Fraudulent Concealment Claim Against Defendant Jaber.

1. <u>Plaintiffs Fail to Meet the Heightened Pleading Standard of Fed. R. Civ. P. 9(b).</u>

To plead a common law fraud claim in Illinois, a plaintiff must allege: "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." *Laborers' Pension Fund v. Lake City Janitorial, Inc.*, 758 F. Supp. 2d 607, 618 (N.D. Ill. 2010) (quoting *Doe v. Dilling*, 888 N.E.2d 24, 35-36 (Ill. 2008)). A fraud claim must also be pled with the requisite particularity. Fed. R. Civ. P. 9(b). Rule 9(b) specifically requires alleging with particularity: "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Blankenship v. Pushpin Holdings*,

---

[5] The detailed facts regarding this formation are set forth more fully in the Motions to Dismiss simultaneously filed by the entity Defendants and incorporated herein by reference, and are not duplicated in this Motion in the interests of brevity as they do not pertain as directly to the allegations against Defendant Jaber.

10

No. 14-cv-6636, 2015 U.S. Dist. LEXIS 135944, *16 (quoting *U.S. ex rel. Grenadyor v. Ukranian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014)); *see also West v. Act II Jewelry*, LLC, 2016 U.S. Dist. LEXIS 34963, *19 (N.D. Ill. Mar. 18, 2016) (granting motion to dismiss fraud claim where plaintiffs did not allege a statement made personally by the defendants relating to the issue in the case); *cf. Lake City Janitorial*, 758 F. Supp. 2d at 618 (denying motion to dismiss fraud claim where plaintiffs alleged specific misrepresentations, the dates of these misrepresentations, and how the defendant carried out the alleged fraud).

Illinois recognizes the common-law tort of fraudulent concealment, which requires a plaintiff to "allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Squires-Cannon v. Forest Preserve Dist. Of Cook County*, 897 F.3d 797, 805 (7th Cir. 2018); *see also Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 485, 221 Ill. Dec. 389, 675 N.E.2d 584, 591-3 (1996), citing *Lidecker v. Kendall College*, 194 Ill. App. 3d 309, 141 Ill. Dec. 75, 550 N.E.2d 1121, 1124 (1990). The duty to disclose arises only in certain situations, including where the "plaintiff and defendant are in a fiduciary or confidential relationship" and "where plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff." *Id.*, citing *Kurti v. Fox Valley Radiologists, Ltd.*, 124 Ill. App. 3d 933, 80 Ill. Dec. 236, 464 N.E.2d 1219, 1223 (1984). Rule 9(b)'s heightened pleading standard requires plaintiffs to allege fraud with "particularity." Fed. R. Civ. P. 9(b); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012), quoting *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Rule 9(b)'s particular requirement also applies to fraudulent concealment claims. *Wigod*, 673 F.3d at 571.

As to fraudulent concealment, Plaintiffs assert only that Defendant Jaber "oversaw the windup of IAP/AMS's affairs and the application of IAP/AMS's assets to pay its creditors,

11

including Plaintiffs" (Doc. 179 at ¶ 180); "Jaber owed fiduciary duties to Plaintiffs as judgment creditors" (*id.* at ¶ 181); and that Defendant Jaber "failed to disclose" Plaintiffs' conclusory allegations that IAP/AMS was reincarnated years later as AMP/AJP (*id.* at ¶ 182-3). These allegations, even if they were true, are insufficient as a matter of law: these allegations do not meet the particularity requirements under Fed. R. Civ. P. 9(b) which are required of a fraudulent concealment claim, and contain little to none of the identity, time, place, content or method of any purportedly fraudulent statements by Defendant Jaber.  Further, Plaintiffs have not alleged any situation "where plaintiff[s] place[ ] trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff[s]." *Squires-Cannon*, 879 F.3d at 805.  Nor can they feasibly show that they trusted and had confidence in the same individual who had been an officer of the entity they sued, and whom they adversely deposed multiple times in their search for any remaining assets of IAP/AMS. Doc. 179 at ¶¶ 53, 54, 120, 183.

2. Plaintiffs' Allegations Fail as a Matter of Law Even Under Fed. R. Civ. P. 8.

As described above, to prevail on a claim of fraudulent concealment, a plaintiff must allege the existence of a special relationship giving rise to a duty to speak on the plaintiff's part. *See Vandenberg v. Brunswick Corp.*, 90 N.E.3d 1048, 1056 (Ill. App. Ct. 2017).  However, in this case, Defendant Rafeeq Jaber and the Boim Plaintiffs have at all relevant times been in adversarial positions, not a trusted or "special relationship" which would give rise to a claim of fraudulent concealment.  There is no conceivable manner in which the Plaintiffs here could have thought that Rafeeq Jaber owed them a special duty, or that they trusted him to protect their interests. *See Auto-Owners Ins. Co. v. Konow*, 57 N.E.3d 1244, 1250 (Ill. App. Ct. 2016) (victim's attorney owed no fiduciary duty of disclosure to tortfeasor or his attorney regarding potential liens affecting settlement); *Oakland Police & Fire Retirement System v. Mayer Brown*, *LLP*, 861 F.3d 644, 651-

52 (7th Cir. 2017) (borrower's law firm owed no fiduciary duty of disclosure to lenders and their attorneys); *Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 749 (7th Cir. 2006). Therefore, even under the more forgiving standard of Fed. R. Civ. P. 8, Plaintiffs fail to properly allege a claim against Defendant Jaber which survives scrutiny under Fed. R. Civ. P. 12(b)(6). Merely wanting him to produce funds to satisfy an adverse judgment is not sufficient to support the creation of any "special relationship" under Illinois law. "The special relationship threshold is a high one: "the defendant must be 'clearly dominant, either because of superior knowledge of the matter derived from ... overmastering influence on the one side, or from weakness, dependence, or trust justifiably reposed on the other side.'" *Wigod*, 673 F.3d at 572, quoting *Mitchell v. Norman James Construction Co.,* 684 N.E.2d 872, 879 (Ill. App. Ct. 1997). The *Mitchell* court explained: "Factors to be considered in determining the existence of a confidential relationship include the degree of kinship of the parties; any disparity in age, health, and mental condition; differences in education and business experience between the parties; and the extent to which the allegedly servient party entrusted the handling of her business affairs to the dominant party, and whether the dominant party accepted such entrustment." 684 N.E.2d at 879 (internal citations omitted). Defendant Jaber here simply did not exercise the "overwhelming influence" over the Plaintiffs which the law requires, nor do Plaintiffs allege that he did. *Miller v. William Chevrolet/Geo,* 260 Ill. Dec. 735, 762 (Ill. App. Ct. 2001).

3. <u>Plaintiffs' Claims of Fraudulent Concealment Are Outside the Statute of Limitations.</u>

Even if Plaintiffs had properly met the heightened pleading standard of Fed. R. Civ. P. 9(b), or the lighter standard of Fed. R. Civ. P. 8, Plaintiffs' fraudulent concealment claim against Defendant Jaber fails because it is untimely.

The statute of limitations in Illinois for fraud claims is five years. *Siragusa v. Collazo (In re Collazo)*, 817 F.3d 1047, 1050 (7th Cir. 2016) (citing *McCarter v. State Farm Mutual Auto. Ins. Co.,* 130 Ill. App. 3d 97, 85 Ill. Dec. 416, 473 N.E.2d 1015, 1018 (1985)). According to Plaintiffs' Amended Complaint, Plaintiffs knew (or reasonably should have known) of the creation of AMP no later than 2006, and the creation of AJP no later than 2009.[6] Doc. 179 at p. 24. And, Plaintiffs had deposed Defendant Jaber multiple times by 2005. *Id*. at ¶¶ 119-120. Even if there had been any fraudulent concealment, and even if Defendant Jaber somehow conceivably owed a heightened level of duty to Plaintiffs because of a "special relationship," any action for fraudulent concealment against Defendant Jaber expired no later than 2014. Plaintiffs cannot side-step this limitation by claiming ignorance the public activities of AMP and AJP which they delineate in their Complaint; the standard is not subjective knowledge, but objectively reasonable knowledge. *Cada v. Baxter Healthcare Corp*., 920 F.2d 446, 450-51 (7th Cir. 1990). Accordingly, Plaintiffs' claim of fraudulent concealment, brought for the first time in 2019, is untimely under Illinois law.

## VI.  CONCLUSION

Based on the foregoing, Defendant Jaber respectfully requests that this Court dismiss Plaintiffs' claims against him in their entirety, and for such other and further relief to which he may show himself justly entitled.

Dated this 14th day of January, 2020.

*/s/ Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*

---

[6] In fact, Plaintiffs assert without support that AMP and AJP were "created" even earlier; nonetheless, for purposes of this Motion Defendant Jaber will use the later date, which favors Plaintiffs.

Charles D. Swift<br>
Texas Bar No. 24091964<br>
*Pro Hac Attorney for Defendants*<br>
Constitutional Law Center for Muslims in America<br>
833 E. Arapaho Rd, Suite 102<br>
Richardson, TX 75081<br>
Phone: (972) 914-2507<br>
Fax: (972) 692-7454<br>
<br>
Thomas Anthony Durkin<br>
ID No. 0697966<br>
2446 N. Clark Street<br>
Chicago, IL 60614<br>
Tel: 312-981-0123<br>
Fax: 312-913-9235<br>
tdurkin@durkinroberts.com<br>
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<i>/s/ Christina Jump</i><br>
Christina A. Jump<br>
*Attorney for Defendants*