# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, | Civil No. 17-cv-03591 |
| Plaintiffs, | |
| v. | Hon. Sharon Johnson Coleman |
| AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER, | Hon. Sidney I. Schenkier |
| Defendants. | |

## DEFENDANT RAFEEQ JABER'S MOTION TO DISMISS

Dated this 30th day of January, 2020.

/s/ Christina Jump

Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Charles D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## TABLE OF CONTENTS

I.      **INTRODUCTION**................................................................................................1

II.     **SUMMARY OF THE ARGUMENTS** ..............................................................1

III.    **RELEVANT BACKGROUND** .........................................................................1

IV.    **PLAINTIFFS' CLAIMS AGAINST DEFENDANT JABER FAIL FOR LACK OF SUBJECT MATTER JURISDICTION**.............................................................3

    A.  Legal Standard ...............................................................................................3

    B.  Alter Ego and "Veil Piercing" Claims Against Defendant Jaber Fail.....................................4

    C.  Plaintiffs' Fraudulent Concealment Claims Against Defendant Jaber Fail...........................7

IV.    **CONCLUSION** ................................................................................................8

# I.     INTRODUCTION

Defendant Rafeeq Jaber ("Jaber"), by and through undersigned counsel, files this Motion to Dismiss the claims brought against him in Plaintiffs' Amended Complaint (Doc. 179), and for the reasons set forth below, respectfully requests that this Court dismiss these claims for lack of subject matter jurisdiction.

# II.     SUMMARY OF THE ARGUMENTS

This Court lacks subject matter jurisdiction over the claims alleged against Defendant Rafeeq Jaber.   Under both Supreme Court and Seventh Circuit authority, there is neither independent nor ancillary jurisdiction over the claims asserted.   Plaintiffs claim that Defendant Jaber is liable for a prior judgment to which he was not a party. *See generally* Doc. 179. However, the facts on the claims alleged do not support jurisdiction and are not so closely related to the original claims from the separate action to warrant ancillary, or supplemental, jurisdiction. Therefore, this Court is without jurisdiction under Fed. R. Civ. P. 12(b)(1) and must dismiss the case in its entirety.

# III.     RELEVANT BACKGROUND

This remains an alter ego and successor liability case, with an added dash of fraudulent concealment included. In their Original Complaint, Plaintiffs alleged alter ego and successor liability as the purported bases for holding the current defendants liable for a previous judgment Plaintiffs obtained against other entities.[1] *See generally* Doc. 1.

---

[1] Though judgment was originally entered against an individual defendant in the prior action, that judgment was reversed. Plaintiffs eventually left the previous civil action with a judgment of $156 million against Holy Land Foundation ("HLF"), the Islamic Association for Palestine "formed in California in 1986" ("IAP"), American Muslim Society ("AMS") "formed … in Illinois in 1993", American Middle East League for Palestine "formed in Texas in 1990 by Yasser K. Saleh Bushnaq ("AMELP")" and "IAP Texas

This Court granted Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction in August 2017, finding that Plaintiffs' assertion that a shared mission "to educate people about Palestine" sufficed to establish alter ego "would create a false inference that no legitimate humanitarian organization could ever be created with that mission" and that "[i]n their effort to find a collectible defendant and to prevent their previous victory from being a pyrrhic one, plaintiffs are painting with overly broad strokes here." Doc. 41 at 8, 10. Upon Motion for Reconsideration by the Plaintiffs, this Court ruled that "[w]hile this Court disagrees that it misapplied the law, upon further reflection, this Court placed too much weight to defendants' declarations without providing plaintiffs with the opportunity to conduct limited jurisdictional discovery on the existence of an alter ego relationship. Accordingly, this Court will vacate its previous order dismissing the case with prejudice and permit plaintiffs to conduct discovery solely to address jurisdiction." Doc. 50. The limited discovery which followed over the next year was authorized solely to allow Plaintiffs discovery related to subject matter jurisdiction, in the context of the previously granted Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(1). This discovery, though limited by this Court, included six depositions[2] taken by Plaintiffs and numerous discovery requests propounded by Plaintiffs.

In their Amended Complaint (Doc. 179), Plaintiffs seek to revive these previous claims against AMP/AJP and Rafeeq Jaber, as well as explicitly adding veil-piercing allegations and a fraudulent concealment claims against Defendant Jaber. Plaintiffs do not assert any claims against prior defendants Osama Abuirshaid or Abdelbaset Hamayel, who by operation of law are now no

---

formed by Basman Elashi in 1993." Plaintiffs' Original Complaint (Doc. 1) at ¶ 15; Plaintiffs' Amended Complaint (Doc. 179) at ¶ 2. However, in this matter Plaintiffs have focused on the judgments against HLF, IAP and AMS. Doc. 179 at ¶ 2.

[2] Plaintiffs deposed Abdelbaset Hamayel, Osama Abuirshaid, Rafeeq Jaber, Munjed Ahmad, Hatem Bazian and Saleh Sarsour.

longer part of this lawsuit. *See 188 LLC v. Trinity Indus.,* 300 F.3d 730, 736 (7th Cir. 2002); *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999) (holding that the original complaint is in effect withdrawn as to all matters not restated in the amended complaint); *Smith v. Campagna*, No. 94-cv-7628, 1996 U.S. Dist. LEXIS 9055, *2 (N.D. Ill. June 26, 1996) ("if a defendant in the original complaint is not named as a defendant on the cover of the amended complaint, the court will treat that defendant as dropped from the suit"). These claims fail as a matter of law, for the reasons previously addressed by this Court in its earlier order (Doc. 41), as well as the reasons set forth below.

## IV.     PLAINTIFFS' CLAIMS AGAINST DEFENDANT JABER FAIL FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure "requires dismissal of claims over which the federal court lacks subject matter jurisdiction." *Carol Diane Gray & Strategic Research Consulting, Inc. v. United States*, No. 11-cv-3269, 2012 U.S. Dist. LEXIS 125076, *4 (N.D. Ill. Sept. 4, 2012) (Coleman, J.) (citing Fed. R. Civ. P. 12(b)(1)). Without jurisdiction, a "court cannot proceed at all." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In a 12(b)(1) challenge, the burden of proof "is on the party asserting jurisdiction." *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 332 F.3d 942, 946 (7th Cir. 2003) (internal citations omitted). Where parties raise factual questions concerning the court's subject matter jurisdiction, "the district court is not bound to accept as true the allegations of the complaint as to jurisdiction." *In re Complaint of Great Lakes Dredge & Dock Co.*, No. 92-cv-6754, 1993 U.S. Dist. LEXIS 16256, *7 (N.D. Ill. Feb. 18, 1993) (citing *Gervasio v. United States*, 627 F. Supp. 428, 430 (N.D. Ill. 1986)). In order to assess whether jurisdiction actually exists, courts may look beyond the allegations in the complaint and "consider whether evidence has been submitted on the issue." *Sweeney v. Madigan*,

3

359 F. Supp. 3d 585, 589 (N.D. Ill. 2019) (Coleman, J.) (internal citations omitted). The party

asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound*

*Care Consultants*, *Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

**B. Alter Ego and "Veil Piercing" Claims Against Defendant Jaber Fail.**

Plaintiffs' newly asserted claims against Rafeeq Jaber squarely fail for lack of subject

matter jurisdiction even more clearly than did those in the Original Complaint. Plaintiffs' current

allegations against Defendant Jaber do not present even a close call under the law.

As this Court previously noted regarding Plaintiffs' Original Complaint, "[i]n this case

plaintiffs are not asserting a 'veil-piercing' theory of vicarious liability in order to avoid the issue

in *Peacock* that resulted in no jurisdiction." Doc. 41 at 5, referencing *Peacock v. Thomas*, 516 U.S.

349, 354, 116 S. Ct. 862, 868, 133 L.Ed.2d 817 (1996). And yet, Plaintiffs' Amended Complaint

does exactly that: Plaintiffs bring the claim that "Defendant Rafeeq Jaber is also an alter ego of

IAP/AMS and/or subject to liability under the doctrine of veil piercing." Doc. 179 at p. 58, ¶ 163;

*see also id.* at p. 61, ¶ 172; p. 62, ¶¶ 173, 174, 175 and 175, part B; and p. 63, ¶ 178 (all seeking to

find Rafeeq Jaber liable "under the doctrine of veil piercing."). This is precisely what the United

States Supreme Court prohibits, as recognized by this Court: "[t]he Supreme Court has 'never

authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to

pay an existing federal judgment on a person not already liable for that judgment.' Thus, the

Supreme Court has 'cautioned against the exercise of jurisdiction over proceedings that are entirely

new and original, or where the relief sought is of a different kind or on a different principle than

that of the prior decree.'" Doc. 41 at 4-5, quoting *Peacock*, 516 U.S. at 357-58 (internal citations

omitted). Furthermore, as veil piercing is not itself a free-standing claim, there is no independent

jurisdiction for this cause of action. *Peacock*, 516 U.S. at 354 ("[p]iercing the corporate veil is not

itself an independent […] cause of action, 'but rather is a means of imposing liability on an underlying cause of action.'") (internal citations omitted).

As set forth in the attached Declaration of Rafeeq Jaber, previously produced in this matter, IAP ceased operating in about 2004. And while Defendant Jaber moved the office of his personal business in 2012 to different space in the same building where IAP had operated approximately eight years previously Defendant Jaber did not take over the same space, or assume any contracts of, IAP/AMS. Ex. A, Declaration of Rafeeq Jaber.

There is no dispute, nor can there be, that Defendant Jaber was not a named defendant in the prior case in which Plaintiffs obtained the judgment they seek to collect. There is also no dispute that his purported actions forming the basis of the claim against him of "veil piercing" which Plaintiffs bring now "did not exist and could not have existed, at the time the court entered judgment in the" earlier action by Plaintiffs. Doc. 41 at 5, quoting *Peacock*, 516 U.S. at 359;[3] *see also* Doc. 179 at. ¶¶ 173, 174, 180-85. The allegations brought against Defendant Jaber for alter ego and veil piercing are based solely on conclusory claims that he "was directly involved in deflecting Plaintiffs' enforcement efforts by the concealed and fraudulent continuation of IAP/AMS through new entities with different names" (by definition, post-judgment actions); "continues to control the successors – AMP and AJP – as a front to continue to same types of personal goals he previously sought to achieve through IAP/AMS" (post-judgment actions); "Defendants failed to comply with requirements for maintaining their corporate existence, and the fiction of their corporate separateness should not be observed. The Court should pierce the

---

[3] The prior claim which Plaintiffs brought against the previous defendants in the 2000 case was under the Anti-Terrorism Act ("ATA"), a claim which is not asserted here against any current defendant, nor could it be, successfully. The claims Plaintiffs assert in this lawsuit are limited to the business torts of alter ego, successor liability, veil piercing and fraudulent concealment. There is no ATA claim here.

corporate veil and hold Jaber liable for the *Boim* Judgment" (post-judgment actions).[4] Doc. 179 at ¶¶ 173-174. Plaintiffs do not even allege that Defendant Jaber took any of the actions which actually have been found to support alter ego and veil piercing in this Circuit, like transferring assets without consideration, taking direct personal distributions, paying significant personal expenses from corporate funds such as landscaping for a personal residence, refinancing a house, and personal borrowing based on a corporate credit line. *Id.*; *cf. Puntillo v. Dave Knecht Homes, LLC*, 2019 U.S. Dist. LEXIS 87223, *29 (N.D. Ill. May 24, 2019); *A.L. Dougherty Real Estate Management Co., LLC v. Su Chin Tsai*, 98 N.E. 3d 504 (Ill. App. Ct. 2017), appeal denied, 95 N.E. 3d 497 (Ill. 2018); *see also Sanchez v. Global Parking Management, Inc.*, No. 14-cv-4611, 2015 U.S. Dist. LEXIS 93782 (N.D. Ill. Jul. 20, 2015). Instead, there is no dispute that IAP/ AMS closed no later than early 2005 (Doc. 179 at p. 24 ¶¶ 66, 119, 121); Defendant Jaber was deposed multiple times by these Plaintiffs after the *Boim* Judgment, as they searched for assets, and Plaintiffs did not locate any remaining assets (*id.*); AMP was not incorporated until August 2006 (*id.* at ¶ 72; *see also* Doc. 31-1 at 11); AJP was not incorporated until November 2009 (Doc. 31-1 at 13); and Defendant Jaber did not become a designated representative of AMP until 2015, and then only in the context regarding tax issues, as is his personal business (Doc. 179 at p. 43). Furthermore, well before the formation of AMP by Munjed Ahmad and Dr. Hatem Bazian in August 2006,[5] Plaintiffs had already confirmed through their own efforts that IAP had no remaining assets. Doc. 179 at ¶ 119. Yet Plaintiffs now assert the exact claim which they had

---

[4] This is presumably a reference to Plaintiffs' misapplied theory that because AMP and AJP were purportedly bad record-keepers, they lose the right to retain any corporate formalities and are therefore fair game for alter ego, veil piercing and successor liability connecting them to unrelated entities. However, as set forth more fully in the Motion to Dismiss filed by the entity Defendants in this matter and incorporated herein by reference, that is not the law of this Circuit, nor any other, and cannot support the alter ego and veil piercing claims against Defendant Jaber or the entity Defendants.

[5] The detailed facts regarding this formation are set forth more fully in the Motion to Dismiss filed by the entity Defendants and incorporated herein by reference, and are not duplicated in this Motion in the interests of brevity as they do not pertain as directly to the allegations against Defendant Jaber.

specifically omitted on the first round, "in order to avoid the issue in *Peacock* that resulted in no jurisdiction." Doc. 41 at 5. There was no jurisdiction of this Court under *Peacock* over the alter ego claims against Defendant Jaber in 2017, and there is no jurisdiction of this Court under *Peacock* over those claims today.

**C. Plaintiffs' Fraudulent Concealment Claims Against Defendant Jaber Fail.**

Plaintiffs now also bring a claim of fraudulent concealment against Defendant Jaber. Doc. 179 at p. 64, ¶ ¶ 180-185. Plaintiffs allege as support for this claim that Mr. Jaber "oversaw the windup of IAP/AMS's affairs and the application of IAP/AMS's assets to pay its creditors, including Plaintiffs. IAP/AMS's assets were insufficient to pay its debt to Plaintiffs who were its principal (if not only) creditor." *Id*. at p. 64, ¶ 180. By definition, post-judgment actions by Defendant Jaber related to paying Plaintiffs as creditors of IAP and/or AMS amount to, at most, "alleged wrongdoing" which could not have "occurred [until] after judgment was entered in the original []case," thereby rendering the fraudulent concealment claim a "theor[y] of relief that did not exist and could not have existed at the time the court entered judgment in the" original case brought by Plaintiffs. Doc. 41 at 5, quoting *Peacock*, 516 U.S. at 359. The same is true for the other acts attributed to Mr. Jaber which Plaintiffs allege support their new claim of fraudulent concealment: turning over assets to Plaintiffs (Doc. 179 at 64, ¶ 183); statements in his deposition in 2005, taken by these Plaintiffs, regarding IAP/AMS's inability to pay Plaintiffs' judgment (*id*.); and speaking at subsequent AMP events (*id*.). Plaintiffs, in fact, assert that their fraudulent concealment claim is based only on actions which by definition could not have occurred prior to the earlier judgment, when they refer to themselves as "creditors": Defendant Jaber "oversaw the windup of IAP/AMS's affairs and the application of IAP/AMS's assets to pay its creditors, including Plaintiffs" (Doc. 179 at ¶ 180); "Jaber owed fiduciary duties to Plaintiffs as judgment

creditors" (*id*. at ¶ 181); and that Defendant Jaber "failed to disclose" Plaintiffs' conclusory allegations that IAP/AMS was reincarnated years later as AMP/AJP (*id*. at ¶ 182-3). Under both the prior ruling of this Court and the clear holding of the United States Supreme Court, these subsequent acts and resulting new legal theories cannot give rise to subject matter jurisdiction in this matter. *See* Doc. 41; *Peacock*, 516 U.S. at 357-359.

## VI.    <u>CONCLUSION</u>

Based on the foregoing, Defendant Jaber respectfully requests that this Court dismiss Plaintiffs' claims against him in their entirety, and for such other and further relief to which he may show himself justly entitled.

Dated this 30th day of January, 2020.

<u>/s/ Christina Jump</u>
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Charles D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for*
*Defendants*
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX  75081
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christina Jump*

Christina A. Jump

*Attorney for Defendants*