Positive
As of: March 13, 2020 12:58 PM Z

# *Emanuel v. Rolling in the Dough, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division

November 2, 2010, Decided; November 2, 2010, Filed

No. 10 C 2270

**Reporter**
2010 U.S. Dist. LEXIS 117864 *; 2010 WL 4627661

KIM EMANUEL, Plaintiff, v. ROLLING IN THE DOUGH, INC., and KENNETH R. LINDEMAN, Defendants. ROLLING IN THE DOUGH, INC., and KENNETH R. LINDEMAN, Third-Party Plaintiffs, v. DAVID P. SHAFER, Third-Party Defendant.

**Judges:** The Honorable Sharon Johnson Coleman, United States District Judge.

**Opinion by:** Sharon Johnson Coleman

**Subsequent History:** Summary judgment granted by *Emanuel v. Rolling in the Dough, Inc., 2012 U.S. Dist. LEXIS 166206 (N.D. Ill., Nov. 21, 2012)*

## Opinion

## Core Terms

third-party, indemnity, declaratory judgment, allegations, motion to dismiss, preempted, indemnification, federal law, employees, supplemental jurisdiction, state law, expenses, definite statement, asserts, damages

**Counsel:** [*1] For Kim Emanuel, Plaintiff: John Craig Ireland, LEAD ATTORNEY, The Law Firm of John C. Ireland, Aurora, IL.

For Rolling in the Dough Inc, Kenneth R Lindeman, Individually and in his Official capacities as an "employer" as defined Under Illinois law and FLSA, Defendants, ThirdParty Plaintiffs: Eric J. Marler, LEAD ATTORNEY, Marler Law Offices, P.C., Elburn, IL.

For David P. Shafer, Third Party Defendant: John Craig Ireland, LEAD ATTORNEY, The Law Firm of John C. Ireland, Aurora, IL.

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Third-Party Defendant David P. Shafer's ("Shafer") Motion to Dismiss the Third-Party Complaint pursuant to *Rule 12(b)(1)*[1] and *Rule 12(b)(6)*. Alternatively, Shafer seeks a more definite statement under *Rule 12(e)*. Defendants/Third-Party Plaintiffs, Rolling in the Dough and Kenneth Lindeman ("Rolling in the Dough") filed a three count third-party complaint against Shafer seeking (1) a declaratory judgment finding that Shafer is an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Act, and the Illinois Wage Payment [*2] and Collection Act; (2) common law indemnity and/or contribution; and (3) breach of common law and/or statutory duties. Rolling in the Dough asserts as damages "the litigation costs, expenses, attorneys' fees and other potential losses and/or damages in defending the instant civil action and pursuing these third-party claims." Third-Party Complaint ¶¶ 9, 12, 15.

_____

[1] Shafer's motion states that it is brought pursuant to *Rule 12(b)(2)*, which refers to lack of personal jurisdiction. The argument he makes is one of lack of subject matter jurisdiction under *Rule 12 (b)(1)*.

## Background

Plaintiff, Kim Emanuel filed a complaint against Rolling in the Dough and Kenneth Lindeman, asserting that she had worked for Rolling in the Dough for approximately two years and had never received any compensation. Emanuel's complaint alleges violations of the Fair Labor Standards Act, the Illinois Minimum Wage Act, and the Illinois Wage Payment and Collection Act. She is seeking recovery of unpaid wages among other remedies.

Rolling in the Dough and, its principal, Lindeman, filed a third-party complaint against David Shafer, which is the subject of the instant motion to dismiss. Rolling in the Dough alleges that [*3] Shafer was employed as the store manager and either hired or allowed Emanuel to work against the express instruction by Rolling in the Dough not to employ her in any way. Shafer now moves to dismiss the third-party complaint against him.

### Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Shafer moves to dismiss on the basis that the claims in the third-party complaint are not the same case or controversy and thus the Court lacks subject matter jurisdiction. Shafer contends that an employment relationship alone is insufficient in an FLSA case to provide a common nucleus of operative fact establishing supplemental jurisdiction over the employer's state law claims against an employee.

Rolling in the Dough's third-party complaint does not contain a jurisdictional statement as required by Rule 8. "If subject matter jurisdiction is not evident from the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003). Dismissal is required if, taking the properly pleaded facts [*4] as true, a complaint fails to describe a claim that is plausible on its face. Ashcroft v. Iqbal, U.S., 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Presumably, Rolling in the Dough is asserting supplemental jurisdiction pursuant to 28 U.S.C. §1367 since its claims are based on state law with the possible exception (as discussed below) of Count I, seeking declaratory judgment. Section 1367(a) provides for supplemental jurisdiction in over all other claims that are so related to any civil action of which the district court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Seventh Circuit has generally found that "a loose factual connection" is sufficient to satisfy the same case or controversy requirement. See Houskins v. Sheahan, 549 F.3d 480, 495 (7th Cir. 2008); Baer v. First Options of Chicago, Inc., 72 F.3d 1294, 1299 (7th Cir. 1995); Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).

Here, Rolling in the Dough has alleged that Shafer was the manager of the store at which the plaintiff Kim Emanuel claims to have been employed and that Shafer was principally responsible for the daily [*5] operations of the store, including employee work schedules and general supervision. Third-Party Complaint ¶¶ 3-4. Rolling in the Dough also alleges that Shafer and Emanuel were romantic partners and Shafer permitted Emanuel to work or in the store against Rolling in the Dough's instructions not to hire or employ Emanuel without prior consent. Third-Party Complaint ¶¶ 3, 5. All three counts of the third-party complaint concern the employment relationships of Shafer and Emanuel relative to Rolling in the Dough. Thus, regardless of whether Rolling in the Dough's third-party claims against Shafer ultimately have merit, the Court has supplemental jurisdiction over those claims. See REP MCR Realty, LLC. v. Lynch, 200 Fed. Appx. 592, 593 (7th Cir. 2006) (finding that because it was the defendant who impleaded pursuant to Rule 14 the third-party defendants, the third-party claim (over which there was no independent diversity jurisdiction) fell within the court's supplemental jurisdiction).

### Rule 12(b)(6): Failure to State a Claim

Shafer also moves to dismiss pursuant to Rule 12(b)(6) on the basis that Rolling in the Dough failed to state a claim upon which relief can be granted as to any of the [*6] counts. Specifically, Shafer argues that Count II for implied indemnity or contribution under common law is preempted by federal law and no court has allowed an employer to seek indemnification from an employee under FLSA. As to Count III, Shafer contends that Rolling in the Dough has failed to adequately allege breach of loyalty based on Shafer's allege disobedience of instructions from Rolling in the Dough not to hire or permit Emanuel to work in the restaurant. Shafer also asserts that Count I for declaratory judgment is deficient because Rolling in the Dough did not allege that it

sought declaratory judgment pursuant to the federal Declaratory Judgment Act (*28 U.S.C. §2201*).

> "A complaint will withstand a motion to dismiss if it provides a short and plain statement of the claim showing that the pleader is entitled to relief that is also sufficient to provide the defendant with fair notice of the claim and its basis. In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that it is plausible, rather than merely speculative, that he is entitled to relief."

*INEOS Polymers, Inc. v. BASF Catalysts, 553 F. 3d 491, 497 (7th Cir. 2009)* **[*7]** (citations and quotations omitted). When deciding to dismiss a complaint, the Court accepts all well-pleaded allegations as true (*Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*, and draws all reasonable inferences in favor of the pleader. *Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007)*.

1. Count II: Indemnity or Contribution

Shafer moves to dismiss Count II of Rolling in the Dough's third-party complaint against him on the basis that there is no right to indemnity or contribution under the Fair Labor Standards Act and federal law preempts the state common law claims. Shafer further asserts that even if such claims exist as common law remedies, Rolling in the Dough cannot graft common law remedies onto FLSA case.[2]

In Villareal v. El Chile, Inc., the court stated: "While the Seventh Circuit has not yet addressed the issue, other courts of appeals have rejected claims seeking indemnity or contribution for FLSA liability." *601 F. Supp.2d 1011, 1015 (N.D. Ill. 2009)*. The court **[*8]** in Villareal cited as an example LeCompte v. Chrysler Credit Corp., in which the Fifth Circuit Court of Appeals affirmed the dismissal of an employer's cross-claim against supervisory personnel for indemnity of plaintiffs' claims under FLSA, stating, "No cause of action for indemnity by an employer against its employees who violate the Act appears in the statute, nor in forty years of its existence has the Act been construed to incorporate such a theory." *780 F.2d 1260, 1264 (5th Cir. 1986)*. As the court in LeCompte explained, "a claim for indemnity would frustrate Congress' purpose in enacting the FLSA, since an employer who believed that any violation of the statute's overtime or minimum wage provisions could be recovered from its employees would have a diminished incentive to comply with the statute. Id. That court found that "[t]o engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the *Supremacy Clause of the Constitution*." Id. LeCompte also rejected the application of state-law indemnity principles in this context. Id.

The court in Villareal also cited to other courts of appeals that have considered the issue, including *Lyle v. Food Lion, 954 F.2d 984, 987 (4th Cir. 1992)*, **[*9]** affirming the dismissal of an employer's counterclaim and third-party complaint for indemnity against the plaintiff-supervisor for the plaintiff's FLSA claims, *Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1408 (10th Cir. 1992)*, in which the court held that an employer's third-party complaint seeking indemnity from employee for alleged FLSA violations was preempted, and *Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 144 (2d Cir. 1999)*, affirming the dismissal of a corporation chairman's claims for contribution and indemnification against his co-owner and the corporation's manager and vice president. *Villareal, 601 F. Supp.2d at 1015-16*.

Rolling in the Dough argues that this Court should find those cases inapposite since they refer to counterclaims and Martin, which does address a third-party complaint, is old and has not been followed. However, Rolling in the Dough does not cite any case that has recognized a right of an employer to seek indemnification from a supervisor for FLSA violations. An integral part of Rolling in the Dough's position, though not explicitly articulated in this way, is that Shafer was more akin to an employer than an employee. Every case to consider the **[*10]** issue of indemnification in the FLSA context has reinforced that to allow employers to seek indemnification from their employees for FLSA violations would frustrate the very purpose of the statute. Even *Luder v. Endicott, 253 F.3d 1020 (7th Cir. 2001)*, cited by Rolling in the Dough for another purpose, which holds that a supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA may be liable for the violation, does not suggest that the Seventh Circuit would or should permit an indemnification or contribution claim to be brought by the employer against the supervisor. Thus, Rolling in the Dough's claim for indemnity or contribution from Shafer is simply not a cognizable remedy under the statute.

---

[2] Somewhat ironically, Rolling in the Dough filed a Motion to Strike the Complaint on a similar basis, *i.e.*, that plaintiff Emanuel was seeking common law remedies that are unavailable under the statutory scheme.

Rolling in the Dough argues that the claim for indemnity or contribution should be permitted as alternative claims under state common law, and that under Illinois law it has sufficiently plead "equitable indemnification" and "equitable contribution." Rolling in the Dough's state claims are preempted by federal law.

The United States Supreme Court has established that state law is pre-empted under the *Supremacy Clause, U.S. Const. Art. VI, cl. 2*, [*11] in three situations. *English v. General Electric Co., 496 U.S. 72, 78, 110 S. Ct. 2270, 110 L. Ed. 2d 65 (1990)*. First, Congress can define explicitly the extent to which its enactments pre-empt state law. *English, 496 U.S. at 78* (citing *Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 95-98, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983))*. Second, absent explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively. *English, 496 U.S. at 79* (citing *Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S. Ct. 1146, 91 L. Ed. 1447 (1947))*. Third, "state law is pre-empted to the extent that it actually conflicts with federal law. Thus, the Court has found pre-emption where it is impossible for a private party to comply with both state and federal requirements, see, e.g., *Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-143, 83 S. Ct. 1210, 10 L. Ed. 2d 248 (1963)*, or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' *Hines v. Davidowitz, 312 U.S. 52, 67, 61 S. Ct. 399, 85 L. Ed. 581 (1941)*". *English, 496 U.S. at 79*.

This case involves the third situation or conflict preemption. Here, the FLSA is silent as to allowing recovery for indemnity or contribution, however, the federal [*12] courts that have considered the issue, as noted above, have all found that allowing an employer to seek indemnification or contribution would frustrate the purpose of FLSA and undermine the incentive for employers to comply with wage and overtime standards. "The conflict between the purposes of federal law and a state cause of action require the latter to yield." *Martin, 977 F.2d at 1408*. Therefore, even if indemnity or contribution were cognizable under Illinois common law principles of quasi-contract, such a claim would conflict with federal law. Notably, the Illinois wage statutes also lack any provisions for indemnity or contribution. Accordingly, Rolling in the Dough's common law indemnity and contribution claims are preempted by federal law.

*2. Count III: Breach of Fiduciary Duty*

Shafer moves to dismiss Count III of the complaint for breach of the duty of loyalty on the basis that Rolling in the Dough has alleged only conclusory statements.

In order to plead a claim for breach of fiduciary duty, a plaintiff must allege that (1) a fiduciary duty exists, (2) that duty was breached, and (3) the breach proximately caused the injury of which defendants are complaining. The burden of [*13] proof is on the plaintiff to sufficiently allege at the pleading stage, the existence of a fiduciary duty and a subsequent breach of that duty. *United Labs., Inc. v. Savaiano, No. 06 C 1442, 2007 U.S. Dist. LEXIS 94034, * 21 (N.D. Ill. 2007)*. Under Illinois law, employees as well as officers and directors owe a duty of loyalty to their employer. *Riad v. 520 S. Mich. Ave. Assocs., 78 F. Supp. 2d 748, 763 (N.D. Ill. 1999)*. "Courts applying Illinois law have construed the duty of loyalty to prohibit officers or employees from improperly competing with their employer, soliciting the employer's customers, enticing co-workers away from the employer, diverting business opportunities, engaging in self-dealing and/or otherwise misappropriating the employer's property or funds. *Beltran v. Brentwood North Healthcare Ctr., LLC, 426 F. Supp. 2d 827, 831 (N.D. Ill. 2006)*(citations omitted).

In this case, Rolling in the Dough has adequately plead breach of duty. The allegations in the third-party complaint assert that Shafer was employed by Rolling in the Dough. Third-Party Complaint ¶3. As the manager at the store, Shafer was responsible for daily operations of the store, scheduling, and supervision [*14] of employees. Third-Party Complaint ¶4. Rolling in the Dough further alleges that it instructed Shafer that he was not to employ or hire Emanuel at the Elmhurst Store without prior express consent from Rolling in the Dough, and that Emanuel now claims that she worked every day for two years in direct contravention of those expressed instructions. Third-Party Complaint ¶5. Rolling in the Dough alleges that if Emanuel's claims are true, they are a violation of Shafer's duty to Rolling in the Dough, and as a result of that violation, it is now exposed to liability and incurring costs and expenses for defending the action brought by Emanuel. Third-Party Complaint ¶14-15. Without expressing any opinion as to the relative merit of Rolling in the Dough's claim, the Court finds that the allegations are at least sufficient to put Shafer on notice of the claims brought against him and basis for those claims.

Shafer also contends that Rolling in the Dough failed to

sufficiently plead damages because attorneys' fees and costs incurred as the result of litigation are not recoverable. The damage alleged by Rolling in the Dough is essentially the potential liability that it claims Shafer exposed it [*15] to as well as the expenses and fees associated with defending against Emanuel's claims.

Under Illinois law, litigation expenses are not considered an appropriate form of damages, unless authorized by statute or provided for in a contractual agreement between the parties. *Grate v. Grzetich, 373 Ill. App. 3d 228, 867 N.E.2d 577, 579, 310 Ill. Dec. 886 (Ill. App. Ct. 3d Dist. 2007)*. "An exception to this rule applies 'where the natural and proximate consequences of a wrongful act have been to involve the plaintiff in litigation *with others*.'" *United Labs., Inc., No. 06 C 1442, 2007 U.S. Dist. LEXIS 94034, at * 23*(quoting *Ritter v. Ritter, 381 Ill. 549, 46 N.E.2d 41, 44 (Ill. 1943))*(emphasis added); see also *Nat'l Wrecking Co. v. Coleman, 139 Ill. App. 3d 979, 487 N.E.2d 1164, 1166, 94 Ill. Dec. 287 (Ill. App. Ct. 1st Dist. 1985)* (recognizing that the exception applies to "wrongful acts which require litigation with third parties"). Here, Rolling in Dough is claiming attorneys' fees, expenses and costs of litigation incurred by defending the cause of action brought by Emanuel. Thus, the instant situation falls into the exception carved out by Illinois courts to the general prohibition on litigation expenses as a form of damages.

*3. Count I: Declaratory Judgment*

Finally, Shafer moves [*16] to dismiss on the basis that Rolling in the Dough did not allege the legal basis for its declaratory judgment claim. This argument is without merit. As the Seventh Circuit articulated in NAACP v. Am. Fam. Mut. Ins. Co., "Identifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of "claim for relief" in the federal rules... A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief." *978 F.2d 287, 292 (7th Cir. 1992)*.

Here, Rolling in the Dough alleges a claim for "declaratory judgment" in Count I and alleges therein that, as the manager of the store, Shafer is an "employer" under FLSA and the Illinois wage laws, with allegations as to the statutory definition of "employer". Third-Party Complaint ¶¶ 6-9. Therefore, Rolling in the Dough has sufficiently plead a claim for declaratory judgment.

Shafer contends that the federal Declaratory Judgment Act does not allow Rolling in the Dough's claim jurisdiction is lacking. The Declaratory Judgment Act states [*17] in relevant part:

> "In a case of actual controversy within its jurisdiction... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *28 U.S.C. §2201(a)*.

Since the Court has supplemental jurisdiction over Rolling in the Dough's claims, the Declaratory Judgment Act applies as the basis for the claim.

### *Rule 12(e)*: Request for a More Definitive Statement

Shafer alternatively requests clarification or a more definitive statement pursuant to *Rule 12(e)*. *Rule 12(e)* permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Fed. R. Civ. P. 12(e)*. The Court will grant a motion for a more definite statement in a pleading to which a responsive pleading [*18] is permitted only when the movant can show that additional information is essential to enable preparation of a response. *Fed. R. Civ. P. 12(e)*; *Robinson v. Midlane Club, No. 94 C 1459, 1994 U.S. Dist. LEXIS 14790, *8 (N.D. Ill. Oct. 18, 1994)*. Dismissal followed by the filing of a new complaint may actually be a better response than ordering the plaintiff to file a more definite statement of his claim, which results in two documents, the complaint and the more definite statement, rather than one complaint document. *Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001)*.

Here, Shafer has not shown that the third-party complaint is so vague that he is unable to formulate a responsive pleading. Nor has Shafer shown that additional information is essential to prepare a response. Thus, a better result would be dismissing the

complaint in part.

**Conclusion**

Based on the foregoing, Shafer's Motion to Dismiss is granted in part, denied in part; Count II is dismissed with prejudice.

Date: November 2, 2010

/s/ Sharon Johnson Coleman

United States District Judge

**End of Document**