## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER, <br><br> Defendants. | Case No. 17-cv-03591 <br><br><br> Hon. Sharon Johnson Coleman |

## DEFENDANT RAFEEQ JABER'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

Dated this 28th day of May, 2020.

*/s/ Christina A. Jump*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Charles D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. iii

**I.     INTRODUCTION** ........................................................................................................ 1

**II.    PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS** .......... 1

**III.   LEGAL STANDARD** ................................................................................................. 2

**IV.    ARGUMENT** ............................................................................................................. 3

    *A.   Plaintiffs Fail to Demonstrate Subject Matter Jurisdiction as to Alter-Ego or Veil*

       *Piercing Claims Against Defendant Jaber* ......................................................................... **3**

    *B.   There is No Subject Matter Jurisdiction as to Plaintiffs' Fraudulent Concealment Claims* ...... **6**

**V.     CONCLUSION** .......................................................................................................... **8**

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Cement-Lock v. Gas Tech. Inst.*, 618 F. Supp. 2d 856 (N.D. Ill. 2009) .......................................... 7

*Cent. States, Se. & Sw. Areas Pension Fund v. Sloan,* 902 F.2d 593 (7th Cir. 1990) ................... 6

*Chi. Reg'l Council of Carpenters Pension Fund v. TMG Corp.,* 206 F. Supp. 3d 1351

    (N.D. Ill. 2016) ........................................................................................................................ 6

*Gervasio v. United States*, 627 F. Supp. 428 (N.D. Ill. 1986) ....................................................... 2

*Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009) ....................................... 2

*In re Complaint of Great Lakes Dredge & Dock Co.*, 1993 U.S. Dist. LEXIS 16256

    (N.D. Ill. Feb. 18, 1993) ......................................................................................................... 2

*Int'l Union of Operating Eng'rs, Local 150 v. Rabine,* 161 F.3d 427 (7th Cir. 1998) ................. 6

*McCleskey v. CWG Plastering, LLC,* 897 F.3d 899 (7th Cir. 2018) ............................................. 4

*Peacock v. Thomas*, 516 U.S. 349 (1996) .......................................................................... 5, 6, 7, 8

*Sweeney v. Madigan,* 359 F. Supp. 3d 585 (N.D. Ill. 2009) ......................................................... 2

*U.S. Meat v. All Meat and Poultry Products*, 470 F. Supp. 2d 823 (N.D. Ill. 2007) .................... 5

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 1

## I.     <u>INTRODUCTION</u>

Defendant Rafeeq Jaber, by and through undersigned counsel, files this Reply in Support of his Motion to Dismiss the claims alleged in Plaintiffs' First Amended Complaint (Doc. 179).[1] For the reasons set forth in his Motion to Dismiss (Doc. 197)[2] and as further supported herein, Defendant Jaber respectfully requests that this Court dismiss the claims against him for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[3]

## II.     <u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS</u>

After Defendants filed their respective Motions to Dismiss, Plaintiffs moved to file a consolidated Response in Opposition (Doc. 206),[4] supposedly in order to "allow for greater efficiency and eliminate repetition for the Court and the parties." Doc. 102 at 2. Unfortunately, Plaintiffs' Response to Defendants' Motions to Dismiss not only fails to allow for "greater efficiency," but is so riddled with repetition and contradictions that it is difficult to decipher what particular jurisdictional support Plaintiffs provide for their alter ego and veil-piercing claims specific to Defendant Jaber. *See* Doc. 206 at 1, 10-27 (alleging that "[t]he factual framework is more than sufficient to establish that the current defendants are alter egos of the original defendants" while primarily focusing solely on the alter ego claim as to Entity Defendant AMP/AJP). In fact, the alter ego/veil-piercing arguments relating to Defendant Jaber primarily

---

[1] Doc. 178 is the sealed version of Plaintiffs' First Amended Complaint.

[2] Defendant Jaber further incorporates the arguments in the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 189) filed on behalf of Entity Defendant AMP/AJP, as well as Defendant AMP/AJP's Reply, filed simultaneously with Defendant Jaber's Reply.

[3] Defendant AMP/AJP simultaneously files its Reply in Support of its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1). Though Defendants attempt to separate the issues and standards into these distinct replies for ease of consideration, to the extent necessary or beneficial for this Court, Defendants incorporate the additional Reply herein by reference.

[4] Doc. 205 is the sealed version of Plaintiffs' Response to Defendants' Motions to Dismiss.

serve to act as additional support for Plaintiffs' AMP/AJP alter ego claim, rather than providing coherent arguments based on any actions of Defendant Jaber himself. *See id.* at 17-18 (addressing Defendant Jaber amongst several other individuals and organizations not named, or no longer named, in this action); *see also* Memorandum Opinion and Order, Doc. 41 at 9 ("Plaintiffs spend a great deal of time discussing organizations […] and […] individuals that are not named as defendants in this or the previous suit. It is unclear from the complaint and additional materials how many people are involved in the leadership of AMP and AJP or how many were involved in the leadership of the previous judgment debtors"); Doc. 206 at 15 ("[s]ubject matter jurisdiction is based on our *alter-ego claim against AMP/AJP*") (emphasis in original). For the reasons set forth in Defendant Jaber's Motion to Dismiss and this Reply, the limited and unclear jurisdictional arguments contained in Plaintiffs' First Amended Complaint ("FAC") fail to adequately demonstrate that this Court possesses subject matter jurisdiction over the claims asserted against Defendant Jaber.

### III.  LEGAL STANDARD

Where parties raise factual questions concerning a reviewing court's subject matter jurisdiction, the reviewing court "is not bound to accept as true the allegations of the complaint as to jurisdiction." *In re Complaint of Great Lakes Dredge & Dock Co.*, No 92-cv-6754, 1993 U.S. Dist. LEXIS 16256, \*7 (N.D. Ill. Feb. 18, 1993) (citing *Gervasio v. United States*, 627 F. Supp. 428, 430 (N.D. Ill. 1986)). Parties assessing jurisdiction bear the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). Reviewing courts may look beyond the allegations in a complaint and "consider whether evidence has been submitted on the issue" as to subject matter jurisdiction. *Sweeney v. Madigan*, 359 F. Supp. 3d 585, 589 (N.D. Ill. 2009) (Coleman, J.) (internal citations omitted).

## IV.  ARGUMENT

Plaintiffs contend that, with respect to Defendant Jaber, "[t]he Court need not have *independent* jurisdiction over those claims against him [i.e. veil piercing, fraudulent concealment] once it is satisfied that the alter ego claim [against AMP/AJP] may proceed." Doc. 206 at 7. However, Plaintiffs' FAC and Response in Opposition to Defendants' Motions both fail to demonstrate that the claims against Defendant Jaber have sufficient jurisdictional bases.

### A.  Plaintiffs Fail to Demonstrate Subject Matter Jurisdiction as to Alter-Ego or Veil Piercing Claims Against Defendant Jaber

Plaintiffs cannot bring claims against Defendant through ancillary jurisdiction where Plaintiffs' FAC fails to satisfy jurisdictional requirements as to the Entity Defendant AMP/AJP. Any attempt by Plaintiff to establish independent jurisdiction as to alter ego claims against Defendant Jaber similarly fails. In their Response, Plaintiffs assert that they have demonstrated that the current Defendants and the *Boim I* defendants have "'substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.'" Doc. 206 at 2. For support, Plaintiffs assert that "[i]t is undisputed that Jaber held high positions with the Boim Defendants," and that he "personally participated in IAP/AMS's conduct that gave rise to the Boim judgment (FAC ¶ 114)." *Id.* at 29-30. Plaintiffs further contend that "IAP/AMS failed to comply with any of its requirements for maintaining corporate existence. (FAC ¶ 48)" and that "[u]pholding corporate separateness between Jaber and IAP/AMS in these circumstances would perpetrate a fraud on the Boims." *Id.* at 30. In their FAC, Plaintiffs allege that "Defendant Jaber participated directly in the conduct giving rise to the *Boim* Judgment and was also directly involved in deflecting Plaintiffs' enforcement efforts by the concealed and fraudulent continuation of IAP/AMS through new entities with different names" and that Defendant Jaber "continues to control the successors—AMP and AJP—as a front to continue the same types of

personal goals he previously sought to achieve through IAP/AMS." Doc. 179 at 62. Plaintiffs also mention that Defendant Jaber's current personal business, Jaber Financial Services,[5] is located in the former office building of AMS and IAP. *Id.* at 43.

These allegations do not demonstrate independent subject matter jurisdiction over Defendant Jaber under the alter ego doctrine. Plaintiffs fail to show the requisite "'substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership'" that is required for jurisdiction here. Order, Doc. 176 at 2 (quoting *McCleskey v. CWG Plastering, LLC,* 897 F.3d 899, 903 (7th Cir. 2018) (internal citations omitted)). For instance, it is undisputed that Defendant Jaber was not part of the initial phase of AMP, even when construing the facts in the light most favorable to the Plaintiffs. *See* Doc. 179 at 25 ("[a]mong the initial organizers of the "transition" group were Hatem Bazian and Magdi Odeh"). Plaintiffs also concede that "Jaber […] has held no official officer or board position at AMP." *Id.* at 30; *see also id.* at 29 (only referring to Rafeeq Jaber as an "AMP Supporter"). The argument that Defendant Jaber's office being located in the same office building (not suite) where IAP had been located years previously does not support a finding that Defendant Jaber is an alter ego of the *Boim I* defendants. In fact, several businesses owned by other Palestinians in the Chicago community are located in the same area.[6] And, to the extent Plaintiffs rely on their assertions that Defendants and the *Boim I* defendants both "failed to comply with the CNCL's [California Nonprofit Corporation Law] requirements for operating as not-for profit, public corporations" (Doc. 179 at 55), being less than ideal record-keepers does not satisfy the applicable standard for

---

[5] Jaber Financial Services is neither a defendant in this suit nor was it a defendant in the *Boim I* lawsuit.

[6] Max Herman, *They Call it Little Palestine*, The Chicago Reporter, Aug. 7, 2015, *available at* https://www.chicagoreporter.com/they-call-it-little-palestine/ (last accessed March 31, 2020).

disregarding corporate formalities here. *See U.S. Meat v. All Meat and Poultry Products*, 470 F. Supp. 2d 823, 827-28 (N.D. Ill. 2007) (internal citations omitted) ("a court may disregard the corporate form of entities operating as the alter egos of one another upon a showing that: (1) there is such a unity of interest and ownership that the separate personalities of the corporations and/or individuals no longer exist; and (2) circumstances are such that adhering to the fiction of a separate corporate existence would promote injustice or inequality"). Plaintiffs fail to demonstrate that Defendants, including Defendant Jaber, meet this standard.

Furthermore, these concessions show that Defendant Jaber could not plausibly continue to manage, supervise, or own the alleged successors of the *Boim I* defendants, and also show that independent subject matter jurisdiction does not exist as to the claims against Defendant Jaber (or the Entity Defendants, as further supported by Defendant AMP/AJP's own filings). As veil piercing is not itself a freestanding jurisdictional claim, there is no independent jurisdiction for this cause of action. *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) ("[p]iercing the corporate veil is not itself an independent … cause of action, 'but rather is a means of imposing liability on an underlying cause of action'") (internal citations omitted).

Even on ancillary theories of liability, the alter ego and veil-piercing claims against Defendant Jaber fail for want of jurisdiction. This Court previously recognized that "[t]he Supreme Court has 'never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.' Thus, the Supreme Court has 'cautioned against the exercise of jurisdiction over proceedings that are entirely new and original, or where the relief sought is of a different kind or on a different principle than that of the prior decree.'" Doc. 41 at 4-5, quoting *Peacock*, 516 U.S. at 357-58 (internal citations omitted). There is no dispute, nor can there be, that Rafeeq

Jaber was not a named defendant in the prior case in which Plaintiffs obtained the judgment they seek to collect. No dispute exists that the allegations against Defendant Jaber of "veil piercing," which Plaintiffs bring now, "did not exist and could not have existed, at the time the court entered judgment in the" earlier action by Plaintiffs. Doc. 41 at 5, quoting *Peacock*, 516 U.S. at 359**.** Plaintiffs have not alleged that Defendant Jaber transferred assets without consideration, took any direct personal distributions, paid for significant personal expenses, or engaged in personal borrowing, which are actions that courts have found to support alter ego and veil piercing in this Circuit. *See, e.g., Chi. Reg'l Council of Carpenters Pension Fund v. TMG Corp.,* 206 F. Supp. 3d 1351, 1361 (N.D. Ill. 2016) (internal citations omitted) ("to discern whether a new company is another's alter ego, courts engage in a fact intensive analysis, examining factors like whether the two companies have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership"); *see also id.* (the "most critical factor in the Seventh Circuit" is a finding of unlawful motive or intent); *Int'l Union of Operating Eng'rs, Local 150 v. Rabine,* 161 F.3d 427, 433 (7th Cir. 1998) ("management and ownership […] alone is insufficient to establish alter ego status"); *Cent. States, Se. & Sw. Areas Pension Fund v. Sloan,* 902 F.2d 593, 597 (7th Cir. 1990) (holding alter ego was established where, among other things, the second entity kept funds in the first entity's account and paid wages from this account). Accordingly, Plaintiffs' alter ego and veil piercing claims against Defendant Jaber fail for lack of subject matter jurisdiction.

## B. There is No Subject Matter Jurisdiction as to Plaintiffs' Fraudulent Concealment Claims

To prove a fraudulent concealment claim under Illinois law, plaintiffs must show the concealment of a material fact; (2) that the concealment was intended to induce a false belief, under circumstances creating a duty to speak; (3) that the innocent party could not have

discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) that the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury. *Cement-Lock v. Gas Tech. Inst.*, 618 F. Supp. 2d 856, 883 (N.D. Ill. 2009). According to Plaintiffs' FAC, "Defendant Jaber made affirmative representations and took actions that were misleading with respect to these material facts. These include (i) his statements at his deposition in 2005 and elsewhere to the effect that IAP/AMS had ceased operations and had exhausted their ability to pay; (ii) his subsequent conduct in turning over assets to the Boims without disclosing the concealed facts […]; (iii) speaking at AMP events and participating in AMP activities without disclosing that AMP was a continuation of IAP/AMS and was utilizing IAP/AMS's good will and intangible assets for fundraising and to continue its operations." Doc. 179 at 64.

The duty to pay Plaintiffs as creditors of IAP and/or AMS amounts to "alleged wrongdoing" which by definition could not have "occurred [until] after judgment was entered in the original []case," thereby rendering the fraudulent concealment claim a "theor[y] of relief that did not exist and could not have existed at the time the court entered judgment in the" original case brought by Plaintiffs. Doc. 41 at 5, quoting *Peacock*, 516 U.S. at 359. The same is true for the other acts Plaintiffs attribute to Mr. Jaber, which Plaintiffs allege support their claim of fraudulent concealment: turning over assets to Plaintiffs (FAC at 64, ¶ 183); statements in his deposition in 2005 regarding IAP/AMS's inability to pay Plaintiffs' judgment (*id*.); and speaking at subsequent AMP events (*id*.). Under both the ruling of this Court and the clear holding of the United States Supreme Court, these subsequent acts and resulting new legal theories cannot give

rise to jurisdiction for the claims asserted here. *See* Doc. 41; *Peacock*, 516 U.S. at 357-359. Therefore, this Court lacks subject matter jurisdiction over all claims against Defendant Jaber.

## V. <u>CONCLUSION</u>

Based on the foregoing, Defendant Jaber respectfully requests that this Court dismiss Plaintiffs' claims against him in their entirety, and for such other and further relief to which he may show himself justly entitled.

Dated this 28th day of May, 2020.

*/s/ Christina A. Jump*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Charles D. Swift
Texas Bar No. 24091964
*Pro Hac Attorney for Defendants*
Constitutional Law Center for
Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX 75081
Phone: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
cswift@clcma.org


Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Phone: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2020, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send a notice of electronic

filing to all counsel of record.


/s/ Christina A. Jump

Christina A. Jump
*Attorney for Defendants*