IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATIONL RAFEEQ JABER<br><br>    Defendants. | Civil No. 17-cv-03591<br><br>**Hon. Sharon Johnson Coleman** |

**JOINT STATUS REPORT**

1. **The Nature of the Case:**

    a. The attorneys for the Plaintiffs are Daniel I. Schlessinger and Seth H. Corthell of Jaszczuk, PC, and Nathan Lewin and Alyza D. Lewin of Lewin & Lewin, LLP. Daniel I. Schlessinger is the lead attorney.

    The attorneys for the Defendants are Christina A. Jump of the Constitutional Law Center for Muslims in America and Thomas A. Durkin of Durkin & Roberts for the Defendants. Christina A. Jump is the lead attorney.

    b. The First Amended Complaint asserts four counts: one for a declaratory judgment that the money judgment entered against Islamic Association for Palestine and American Muslim Society in *Boim v. Quranic Literacy Institute, Holy Land Foundation for Relief and Development, et al,* Case No 00-cv-2905 (Boim I) is enforceable against defendants AMP and AJP as *alter egos;* a second that the

money judgment is enforceable against defendant Rafeeq Jaber as *alter ego;* a third for a money judgment against AMP and AJP; and a fourth for a money judgment against Rafeeq Jaber.

 c. The major factual and legal issue in the case is whether the defendants are *alter egos* of the defendants in *Boim I* such that they are liable for the judgment entered in that case.

 d. Plaintiffs seek declaratory and monetary relief enforcing the judgment from *Boim I* against the Defendants in this case.

 e. This Court's grant of Defendants' motion to dismiss pursuant to Rule 12(b)(1) was reversed and remanded by order of the Seventh Circuit Court of Appeals dated August 16, 2021, and a motion for rehearing was denied by order dated September 14, 2021. The case was remanded to this Court for further proceedings in accordance with the Seventh Circuit opinion. This Court has set a status hearing for October 13, 2021 at 9:30 a.m.

2. **Pending Motions:**

 a. There are no pending motions. However, Defendants anticipate filing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), on or prior to the date the Court may set for Defendants to answer or otherwise respond to the First Amended Complaint in this matter. Plaintiffs contend that in light of the Court of Appeals' opinion, relief under Rule 12(b)(6) is foreclosed, and it would waste the time and energy of the Court and the parties to entertain a motion under Rule 12(b)(6).

3. **Proposed Discovery Schedule:**

 a. There is no Magistrate Judge currently assigned to the case since Magistrate Judge Schenkier retired. The parties anticipate that a Magistrate Judge will be assigned to the case and that this Court will refer any discovery disputes that may arise in this matter at the appropriate time.

 **Plaintiffs' Contention**:

 b. The only discovery taken to date in the case has been jurisdictional discovery. Plaintiffs believe that discovery on the merits should begin right away in this case that was filed in 2017 and

intend to serve written discovery on Defendants within the next 60 days as well as third party discovery. Following completion of that discovery, Plaintiffs intend to take depositions of fact witnesses with relevant knowledge. After completion of fact discovery, Plaintiffs expect there to be a period of expert discovery.

**Defendants' Contention**:

Discovery at this point in this proceeding is premature. Defendants have not yet had the opportunity to begin any discovery, as the only discovery to date was one-sided jurisdictional discovery solely initiated by Plaintiffs. And, Defendants have not yet answered or otherwise responded to the current Complaint other than to file the prior Motion to Dismiss for lack of subject matter jurisdiction. Defendants are entitled to time for additional motions, including a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) as appropriate, or to otherwise answer the pending Complaint. Discovery prior to those steps would be inappropriate, as set forth in Fed. R. Civ. P. 26(d). The parties have not yet submitted Initial Disclosures pursuant to Fed. R. Civ. P. 26, a prerequisite to initiation of any other discovery.

**Plaintiffs' Contentions**:

c. Plaintiffs expect that written discovery can be completed within six months, with depositions to be completed in the following three months. Expert discovery may take an additional three months after the completion of fact discovery.

**Defendants' Contentions**:

Once appropriate to begin discovery, after the completion of the remaining pre-discovery motions and subsequent to the exchange of the required Initial Disclosures in this matter, Defendants anticipate several depositions and request that discovery occur in accordance with the time frames set forth in Fed. R. Civ. P. 26, 30, 34 and any other applicable rules.

4. **Trial:**

    a. A jury trial has been requested.

    b. Plaintiffs estimate that a trial will last four weeks. Defendants do not foresee anywhere nearly as long as Plaintiffs request being necessary for trial, and instead anticipate trial, if necessary, of one to two weeks.

5. **Status of Settlement Discussions:**

    a. The only settlement discussions that have taken place were under the auspices of the Seventh Circuit mediation coordinator and they were unsuccessful.

    b. The Plaintiffs do not anticipate that a settlement conference will be helpful at this point. Defendants do, at the appropriate stage of the proceedings.

    c. Plaintiffs do not consent to arbitration and do not expect that mediation would be helpful at this point. Defendants are amenable to participation in standard alternative dispute resolution procedures, at the appropriate time and after all relevant motions under Fed. R. Civ. P. 12 and 56 have received ruling from this Court.

| | |
|---|---|
| October 8, 2021 | Respectfully submitted, |

| | |
|---|---|
| /s/ Daniel I. Schlessinger | /s/ Christina A. Jump |
| Daniel I. Schlessinger | Christina A. Jump |
| Seth H. Corthell | Constitutional Law Center for |
| JASZCZUK P.C. | Muslims in America |
| 30 South Wacker Drive, Suite 2200 | 100 N. Central Expy. Ste 1010 |
| Chicago, IL 60606 | Richardson, TX 75080 |
| (312) 442-0509 | (972) 914-2507 |
| | |
| Of Counsel | |
| Nathan Lewin (*pro hac vice*) | Thomas A. Durkin |
| Alyza D. Lewin (*pro hac vice*) | Durkin & Roberts |
| LEWIN & LEWIN LLP | 2446 North Clark Street |
| 888 17th Street NW, 4th Floor | Chicago, IL 60614 |
| Washington, D.C. 20006 | (312) 913-9300 |
| (202 828-1000 | |