**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br>　　　　　Defendants. | Civil No. 17-cv-03591<br><br>Hon. Sharon Johnson Coleman<br><br>**Telephone hearing set for December 6, 2021 at 9:15 a.m.** |

**DEFENDANT RAFEEQ JABER'S MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Dated this 27th day of October, 2021.

/s/ *Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
cjump@clcma.org
*Attorney for Defendants*
Alyssa F. Morrison
Texas Bar No. 24110135
amorrison@clcma.org
*Pro Hac Vice Attorney for Defendants*
Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507; Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Phone: 312-981-0123; Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................1

   A. Relevant Factual Background and Plaintiffs' Allegations..........................................2

   B. Procedural Background ..............................................................................................3

III. ARGUMENT .........................................................................................................................4

   A. Legal Standard ...........................................................................................................4

   B. Plaintiffs Fail to Properly Plead Their Claims of Alter Ego and Veil Piercing Against Defendant Jaber ..........................................................................................................5

   C. Plaintiffs Fail to Properly Plead Their Fraudulent Concealment Claim Against Defendant Jaber ..........................................................................................................8

     1. *Plaintiffs Fail to Meet Rule 9(b)'s Heightened Pleading Standard* ........................8

     2. *Plaintiffs' Allegations Fail as a Matter of Law Under Rule 8* .............................10

     3. *Plaintiffs' Claims of Fraudulent Concealment Are Untimely* .............................12

IV. CONCLUSION ....................................................................................................................13

**CERTIFICATE OF SERVICE** .................................................................................................14

'

# TABLE OF AUTHORITIES

**Supreme Court Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................................................................. 4, 5

**Circuit Court Cases**

*188 LLC v. Trinity Indus.*
  300 F.3d 730 (7th Cir. 2002) ........................................................................................................ 4

*Adams v. City of Indianapolis*
  742 F.3d 720 (7th Cir. 2014) ........................................................................................................ 4

*Autotech Tech. Ltd. P'ship v. Automationdirect.com*
  471 F.3d 745 (7th Cir. 2006) ...................................................................................................... 11

*Boim v. Holy Land Foundation for Relief & Development*
  549 F.3d 685 (7th Cir. 2008) ........................................................................................................ 3

*Borsellino v. Goldman Sachs Group, Inc.*
  477 F.3d 502 (7th Cir. 2007) ........................................................................................................ 9

*Cada v. Baxter Healthcare Corp.*
  920 F.2d 446 (7th Cir. 1990) ...................................................................................................... 13

*Central States, Southwest & Southwest Areas Pension Fund v. Central Transp.*
  85 F.3d 1282 (7th Cir. 1996) ........................................................................................................ 6

*Hallinan v. Fraternal Ord. of Police Chi. Lodge No. 7*
  570 F.3d 811 (7th Cir. 2009) ........................................................................................................ 4

*Int'l Union of Operating Engineers, Local 150 v. Centor Contractors, Inc.*
  831 F.2d 1309 (7th Cir. 1987) ...................................................................................................... 6

*Kemper v. Deutsche Bank AG*
  911 F.3d 383 (7th Cir. 2018) ........................................................................................................ 1

*Kyle v. Morton High Sch.*
  144 F.3d 448 (7th Cir. 1998) ........................................................................................................ 4

*Massey v. Helman*
  196 F.3d 727 (7th Cir. 1999) ........................................................................................................ 4

*McReynolds v. Merrill Lynch & Co.*
  694 F.3d 873 (7th Cir. 2012) ..................................................................................................5

*Morgan v. Bank of Waukegan*
  804 F.2d 970 (7th Cir. 1986) ..................................................................................................5

*Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*
  861 F.3d 644 (7th Cir. 2017) ................................................................................................11

*Siragusa v. Collazo*
  817 F.3d 1047 (7th Cir. 2016) ..............................................................................................12

*Squires-Cannon v. Forest Pres. Dist. of Cook Cnty.*
  897 F.3d 797 (7th Cir. 2018) ..................................................................................................9

*U.S. ex rel. Grenadyor v. Ukranian Vill. Pharmacy, Inc.*
  772 F.3d 1102 (7th Cir. 2014) ................................................................................................9

*Wachovia Secs., LLC v. Banco Panamericano, Inc.*
  674 F.3d 743 (7th Cir. 2012) ..................................................................................................5

*Wigod v. Wells Fargo Bank, N.A.*
  673 F.3d 547 (7th Cir. 2012) ...........................................................................................9, 10

**District Court Cases**

*Addison Automatics, Inc. v. RTC Group*
  2013 U.S. Dist. LEXIS 99448 (N.D. Ill. July 16, 2013) .........................................................5

*Blankenship v. Pushpin Holdings*
  2015 U.S. Dist. LEXIS 135944 (N.D. Ill. Oct. 6, 2015) .........................................................8

*Dimmitt & Owens Fin., Inc. v. Superior Sports Prods.*
  196 F. Supp. 2d 731 (N.D. Ill. 2002) .....................................................................................5

*Free Green Can, LLC v. Green Recycling Enters.*
  2011 U.S. Dist. LEXIS 125399 (N.D. Ill. Oct. 27, 2011) .......................................................5

*Friedman v. Leading Edge Recovery Sols., LLC*
  2014 U.S. Dist. LEXIS 58694 (N.D. Ill. Apr. 28, 2014).........................................................4

*Laborers' Pension Fund v. Lake City Janitorial, Inc.*
  758 F. Supp. 2d 607 (N.D. Ill. 2010)……………………………………………………….8

*MAC Funding Corp. v. MNdustries, Inc.*
  2018 U.S. Dist. LEXIS 74149 (N.D. Ill. May 2, 2018) ..........................................................5

*Puntillo v. Dave Knecht Homes, LLC*
  2019 U.S. Dist. LEXIS 87223 (N.D. Ill. May 24, 2019) ......................................................6, 7

*In re Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig.*
  155 F. Supp. 3d 772 (N.D. Ill. 2016) ...................................................................................9

*Sanchez v. Global Parking Mgmt., Inc.*
  2015 U.S. Dist. LEXIS 93782 (N.D. Ill. July 20, 2015) ....................................................... 7

*Simpson v. Saggezza, Inc.*
  2018 U.S. Dist. LEXIS 133740 (N.D. Ill. Aug. 8, 2018) ......................................................4

*Villa v. Pearson Educ., Inc.*
  2003 U.S. Dist. LEXIS 24686 (N.D. Ill. Dec. 8, 2003) ........................................................4

*West v. Act II Jewelry, LLC*
  2016 U.S. Dist. LEXIS 34963 (N.D. Ill. Mar. 18, 2016) ......................................................9

**State Court Cases**

*A.L. Dougherty Real Est. Mgmt. Co., LLC v. Su Chin Tsai*
  2017 IL App (1st) 16149, 98 N.E.3d 504 (Ill. App. Ct. 2017) ..............................................7

*Auto-Owners Ins. Co. v. Konow*
  2016 IL App (2d) 150823, 57 N.E.3d 1244 (Ill. App. Ct. 2016) .........................................11

*Connick v. Suzuki Motor Co.*
  174 Ill.2d 482, 675 N.E.2d 584 (1996) .................................................................................9

*Doe v. Dilling*
  228 Ill. 2d 324, 888 N.E.2d 24 (2008) ..................................................................................8

*Fontana v. TLD Builders, Inc.*
  362 Ill. App. 3d 491, 840 N.E.2d 767 (Ill. App. Ct. 2005) ...................................................6

*Kurti v. Fox Valley Radiologists, Ltd*
  124 Ill. App. 3d 933, 464 N.E.2d 1219 (1984) .....................................................................9

*In re Estate of Wallen*
  262 Ill. App. 3d 61, 633 N.E.2d 1350 (Ill App. Ct. 1994) ....................................................6

*Lidecker v. Kendall Coll.*
  194 Ill App 3d 309, 550 N.E.2d 1121 (1990) .......................................................................9

*McCarter v. State Farm Mut. Auto. Ins. Co.*
  130 Ill. App. 3d 97, 473 N.E.2d 1015 (1985) .....................................................................12

*Miller v. William Chevrolet/Geo*
  326 Ill. App. 3d 642, 762 N.E.2d 1 (Ill. App. Ct. 2001) ............................................................... 12

*Mitchell v. Norman James Constr. Co.*
  291 Ill. App. 3d 927, 684 N.E.2d 872 (Ill. App. Ct. 1997) ............................................................. 11

*Peetoom v. Swanson*
  334 Ill. App. 3d 523, 778 N.E.2d 291 (Ill. App. Ct. 2002) .............................................................. 6

*Vandenberg v. Brunswick Corp.*
  2017 IL App (1st) 170181, 90 N.E.3d 1048 (Ill. App. Ct. 2017) ................................................... 10

**Statutes**

18 U.S.C. § 2335 ................................................................................................................................ 1

18 U.S.C.S. § 2331(1)(A) .................................................................................................................. 1

18 U.S.C.S. § 2331(1)(B) .................................................................................................................. 1

18 U.S.C.S. § 2331(1)(C) .................................................................................................................. 1

18 U.S.C.S. § 2333(a) ........................................................................................................................ 1

**Rules**

FED. R. CIV. P. 8 ..................................................................................................................... 10, 11, 12

FED. R. CIV. P. 9(b) ................................................................................................................ 8, 9, 10, 12

FED. R. CIV. P. 12(b)(6) ............................................................................................................... 2, 4, 11

## I. INTRODUCTION

Defendant Rafeeq Jaber ("Defendant Jaber"), by and through undersigned counsel, files this Motion to Dismiss the claims brought against him in Plaintiffs' First Amended Complaint (Dkt. 179, Plaintiffs' "1AC") for failure to state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II. BACKGROUND

Plaintiffs bring claims against Rafeeq Jaber alleging that he is liable under the civil provisions of the Anti-Terrorism Act ("ATA"), as the alter ego/successor of the Islamic Association for Palestine ("IAP") and the American Muslim Society ("AMS") (HLF, IAP and AMS collectively, the "original *Boim* defendants").[1] Plaintiffs also allege that Defendant Jaber is liable for fraudulent concealment. Dkt. 179 at ¶¶ 61-64.[2] These claims fail as a matter of law.

---

[1] Under the ATA, international terrorism is defined through three requirements: "first, the act must 'involve violent acts or acts dangerous to human life' that violate U.S. or state criminal laws." 18 U.S.C.S. § 2331(1)(A). Second, the act must appear to be intended to intimidate or coerce a civilian population; to influence the policy of a government by intimidation or coercion; or to affect the conduct of a government by mass destruction, assassination, or kidnapping. 18 U.S.C.S. § 2331(1)(B). And third, the act must occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries. 18 U.S.C.S. § 2331(1)(C). In addition to these statutory criteria, plaintiffs must satisfy the ordinary tort requirements of fault, state of mind, causation, and foreseeability in an ATA action. Finally, because the ATA provides for treble damages and cost shifting, 18 U.S.C.S. § 2333(a), a plaintiff must prove intentional misconduct by the defendant[.]" *Kemper v. Deutsche Bank AG*, 911 F.3d 383, 386 (7th Cir. 2018). The purpose of the present lawsuit is not to bring a separate and new ATA claim against Defendants, nor is it to relitigate the liability found in the Boims' original lawsuit. Rather, the sole question before this Court is whether these Defendants are the alter egos/successors of the original *Boim* defendants and, as to Defendant Jaber, whether he is liable for fraudulent concealment. Any attempt to show liability separate from the events giving rise to the initial *Boim* litigation is not material to the present inquiry. This particularly pertains to Defendant Jaber. Unlike the Entity Defendants, who did not exist at the time of the original litigation and therefore could not have been held liable, Rafeeq Jaber was previously IAP's president. Several individuals were named in the original lawsuit; Defendant Jaber was not among them. Had he been responsible in any way for the acts leading to the tragic death of David Boim, Plaintiffs could have and should have pled so at the time. Any attempt to bring a new ATA claim against Defendant Jaber based on the same events, in this subsequent lawsuit, is now time-barred under the ATA. *See* 18 U.S.C. § 2335.

[2] Entity Defendants AMP and AJP file their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) simultaneously with this Motion.

A. <u>Relevant Factual Background and Plaintiffs' Allegations</u>

In the interest of efficiency, Defendant Jaber incorporates the factual background contained in Entity Defendants' Motion to Dismiss Pursuant to 12(b)(6) by reference. With respect to Defendant Jaber specifically, Plaintiffs allege that he is liable as an alter ego of the original *Boim* defendants on the grounds that he "participated directly in the conduct giving rise to the *Boim* Judgment and was also directly involved in deflecting Plaintiffs' enforcement efforts by the concealed and fraudulent continuation of IAP/AMS through new entities with different names, continues to control the successors—AMP and AJP—as a front to continue the same types of personal goals he previously sought to achieve through IAP/AMS." Dkt. 179 at ¶ 173. Plaintiffs additionally assert that Defendant Jaber is liable for fraudulent concealment because, in his role as an officer and director of IAP/AMS, Jaber "oversaw the windup of IAP/AMS's affairs and the application of IAP/AMS's assets to pay its creditors, including Plaintiffs." *Id.* at ¶ 180. In this capacity, Plaintiffs allege "Jaber owed fiduciary duties to Plaintiffs, including an affirmative duty to disclose material facts bearing on Plaintiffs' ability to recover on the *Boim* Judgment[,]" and that he breached these purported duties by failing to disclose that "(i) IAP/AMS was resuming operations and fundraising under the new name AMP; (ii) IAP/AMS's intangible assets and goodwill were being utilized and exploited to permit AMP to stage successful and lucrative events and engage in fundraising; and (iii) IAP/AMS retained a valuable newspaper, *Al-Zaytouna,* which it had not monetized, despite Abuirshaid's offer to purchase it." *Id.* at ¶ 181-182. Plaintiffs further allege that "Jaber made affirmative representations and took actions that were misleading with respect to these material facts" including (i) statements made at a 2005 deposition "to the effect that IAP/AMS had ceased operations and had exhausted their ability to pay;" (ii) his subsequent conduct in "turning over assets to the Boims without disclosing the concealed facts" alleged in the

1AC; and (iii) "speaking at AMP events … without disclosing that AMP was a continuation of IAP/AMS and was utilizing IAP/AMS's good will and intangible assets for fundraising and to continue its operations." *Id.* at ¶ 183. Defendant Jaber notes that, at the time of the original *Boim* litigation, he was a well-known figure within IAP and AMS. In that litigation, several individuals were originally sued personally; Defendant Jaber was not one of them.[3] If Defendant Jaber were liable in any way for the events that gave rise to the original suit, Plaintiffs could have and should have pled so at that time. Plaintiffs' alter ego and fraudulent concealment allegations brought against Defendant Jaber in this suit fail to state plausible claims upon which this Court can grant relief, and should therefore be dismissed in their entirety.

B. <u>Procedural Background</u>

Plaintiffs filed their Original Complaint on May 12, 2017. *See generally* Dkt. 1. This Court granted Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction in August 2017, finding that Plaintiffs' assertion that a shared mission "to educate people about Palestine" sufficed to establish alter ego and render the present Defendants liable under federal law "would create a false inference that no legitimate humanitarian organization could ever be created with that mission[,]" and that "[i]n their effort to find a collectible defendant and to prevent their previous victory from being a pyrrhic one, plaintiffs are painting with overly broad strokes here." Dkt. 41 at 8, 10. Subsequently, this Court granted Plaintiffs' Motion for Reconsideration and allowed limited jurisdictional discovery on the question of alter ego. Dkt. 50. Plaintiffs then filed their 1AC, reviving their alter ego/successor claims against AMP/AJP and Rafeeq Jaber, and adding veil-piercing allegations and a fraudulent concealment claim against Defendant Jaber. This Court

---

[3] The Seventh Circuit ultimately held that no individual defendants were personally liable under the ATA. *Boim v. Holy Land Foundation for Relief & Development,* 549 F.3d 685 (7th Cir. 2008) (*en banc*).

3

again dismissed the case on jurisdictional grounds. Dkts. 179, 215. Plaintiffs appealed to the Seventh Circuit Court of Appeals, which remanded the matter after finding federal jurisdiction exists. Defendant Jaber now files his Motion to Dismiss Plaintiffs' 1AC pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Jaber is the only remaining individual defendant; Plaintiffs dropped their claims against prior defendants Osama Abuirshaid and Abdelbaset Hamayel. *See 188 LLC v. Trinity Indus.,* 300 F.3d 730, 736 (7th Cir. 2002); *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999) (holding that the original complaint is in effect withdrawn as to all matters not restated in the amended complaint).

### III. ARGUMENT

A. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of [a] complaint." *Friedman v. Leading Edge Recovery Solutions, LLC,* No. 13-cv-9034, 2014 U.S. Dist. LEXIS 58694, at *4 (N.D. Ill. April 28, 2014) (Coleman, J.) (citing *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009)). In order for a plaintiff "[t]o survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face and raises the right to relief above speculation." *Simpson v. Saggezza, Inc.,* No. 17-cv-04165, 2018 U.S. Dist. LEXIS 133740, at *7 (N.D. Ill. Aug. 8, 2018) (Coleman, J.) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). A complaint "must allege the 'operative facts' upon which each claim is based." *Villa v. Pearson Educ., Inc.,* No. 03-cv-3717, 2003 U.S. Dist. LEXIS 24686, at *3-4 (N.D. Ill. Dec. 8, 2003) (quoting *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir. 1998)). While accepting factual allegations as true, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir.

4

2014) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012)) (citing *Iqbal*, 556 U.S. at 678). Therefore, a complaint shall "be dismissed for failure to state a claim" when it "is clear that no relief could be granted under any set of facts that could be proved to be consistent with plaintiffs' allegations." *Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir. 1986). In analyzing whether a complaint meets these standards, the "reviewing court [must] draw on its judicial experience and common sense." *Addison Automatics, Inc. v. RTC Group*, 2013 U.S. Dist. LEXIS 99448, at *5 (N.D. Ill. July 16, 2013) (quoting *Iqbal*, 556 U.S. at 679).

B.   <u>Plaintiffs Fail to Properly Plead Their Claims of Alter Ego and Veil Piercing Against Defendant Jaber</u>

The question at the heart of an alter ego or veil piercing inquiry turns on whether an individual is, in effect, one and the same with the relevant entity, and is using the corporate shield to unjustly protect himself from personal liability. Although no one factor is dispositive, as a general rule "[c]ourts are reluctant to pierce the corporate veil and will only do so where: (1) there is such a unity of interest and ownership that separate personalities of the corporation and the individual no longer exist; and (2) where adherence to the fiction of separate corporate existence would promote injustice or inequity." *Free Green Can, LLC v. Green Recycling Enters.,* LLC, No. 10-cv-5764, 2011 U.S. Dist. LEXIS 125399, at *21-22 (N.D. Ill. Oct. 27, 2011) (Coleman, J.); *see also Wachovia Secs., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751-52 (7th Cir. 2012); *MAC Funding Corp. v. MNdustries, Inc.*, No. 17-cv-6470, 2018 U.S. Dist. LEXIS 74149, at *6 (N.D. Ill. May 2, 2018) (Coleman, J.). Courts assessing alter ego claims evaluate factors such as the following: "whether businesses share management, business purpose, operations, equipment, supervision and ownership[,]" as well as "1) the amount of respect given to the separate identity of the corporation by its shareholders; 2) the fraudulent intent of the incorporators; and 3) the degree of injustice visited on the litigants by respecting the corporate entity." *Dimmitt & Owens*

5

*Fin., Inc. v. Superior Sports Prods.,* 196 F. Supp. 2d 731, 741 (N.D. Ill. 2002); *see also Central States, Southwest & Southwest Areas Pension Fund v. Central Transp.*, 85 F.3d 1282, 1287 (7th Cir. 1996)*.* The presence of an unlawful motive or intent remains "[c]ritical to the alter-ego analysis." *Int'l Union of Operating Engineers, Local 150 v. Centor Contractors, Inc*., 831 F.2d 1309, 1312 (7th Cir. 1987).

When a corporation is merely the alter ego or business conduit of another person or entity, under Illinois law "a court may disregard a corporate entity and pierce the veil of [the entity]." *Fontana v. TLD Builders, Inc.*, 362 Ill. App. 3d 491, 500, 840 N.E.2d 767, 775 (Ill. App. Ct. 2005) (internal citations omitted). This doctrine imposes liability on the individual or entity that "uses a corporation merely as an instrumentality to conduct that person's or entity's business." *Id*. at 775-76 (internal citations omitted). Alter ego functions as an equitable doctrine concerned with fundamental fairness, where liability arises from "fraud or injustice perpetrated not on the corporation but on third persons dealing with the corporation." *Peetoom v. Swanson*, 334 Ill. App. 3d 523, 527, 778 N.E.2d 291, 295 (Ill. App. Ct. 2002). The party seeking to pierce the corporate veil must make a "substantial showing that one corporation is really a dummy or sham for another." *In re Estate of Wallen*, 262 Ill. App. 3d 61, 68, 633 N.E.2d 1350, 1357 (Ill App. Ct. 1994); *see also Puntillo v. Dave Knecht Homes, LLC*, No. 15-cv-11839, 2019 U.S. Dist. LEXIS 87223, at *30 (N.D. Ill. May 24, 2019) (requiring a showing that "one corporation is clearly [a] dummy or sham for another").

Plaintiffs' allegations here fail to make the required showing. The allegations brought against Defendant Jaber for alter ego and veil piercing rest solely on conclusory claims that he "participated directly in the conduct giving rise to the *Boim* Judgment"; "was directly involved in deflecting Plaintiffs' enforcement efforts by the concealed and fraudulent continuation of

6

IAP/AMS through new entities with different names"; "continues to control the successors – AMP and AJP" as a front to continue the same types of personal goals he previously sought to achieve through IAP/AMS"; and "failed to comply with requirements for maintaining [Defendants'] corporate existence." Dkt. 179 at ¶¶ 173-174.[4] Yet Plaintiffs' 1AC contains no allegations that Defendant Jaber took any actions which courts in this Circuit find support alter ego and veil piercing claims, like transferring assets to himself without consideration, taking direct personal distributions, paying significant personal expenses from corporate funds such as landscaping for a personal residence, refinancing a house, personal borrowing based on a corporate credit line, or exercising uniform control over both entities. *Id*.; *cf. Puntillo*, at \*29; *A.L. Dougherty Real Estate Management Co., LLC v. Su Chin Tsai*, 2017 IL App (1st) 16149, 98 N.E.3d 504 (Ill. App. Ct. 2017), appeal denied, 95 N.E.3d 497 (Ill. 2018); *see also Sanchez v. Global Parking Management, Inc.*, No. 14-cv-4611, 2015 U.S. Dist. LEXIS 93782 at \*9-10 (N.D. Ill. Jul. 20, 2015). The 1AC contains no non-conclusory allegations that Defendant Jaber exercised sufficient control over the original *Boim* defendants to the point that they did not have a separate identity.

IAP/AMS indisputably closed no later than early 2005. Dkt. 179 at ¶¶ 66, 119, 121. Plaintiffs deposed Defendant Jaber multiple times after the *Boim* Judgment in their search for assets, and did not locate any remaining assets. *Id*. AMP incorporated well over a year later, in August 2006, and AJP incorporated three years after that, in November 2009. *Id*. at ¶ 72. Defendant Jaber did not become a designated representative of AMP until 2015, and then only in the limited context to address tax issues, consistent with the subject matter of his personal business. *Id.* at ¶¶

---

[4] This allegation presumably refers to Plaintiffs' misapplied theory that because AMP and AJP were purportedly bad record-keepers, they lose the right to retain any corporate formalities and are therefore fair game to be labeled alter egos or successors of unrelated entities. However, as set forth more fully in the Motion to Dismiss filed by Entity Defendants and incorporated herein by reference, neither the law of this Circuit nor any other supports Plaintiffs' attenuated alter ego and veil piercing claims against Defendant Jaber, or the Entity Defendants.

7

116-119. Well before Munjed Ahmad and Dr. Hatem Bazian formed AMP in August 2006,[5] Plaintiffs had already confirmed through their own diligent efforts that IAP had no remaining assets. *Id.* at ¶ 119. Plaintiffs ask this Court to put the cart before the horse and find Defendant Jaber liable as an alter ego, by alleging that he failed to disclose to Plaintiffs that he was an alter ego of the original *Boim* defendants. The law does not work that way. Plaintiffs' allegations regarding Jaber's involvement with IAP/AMS do not comport with the factors required to show alter ego, and fall well short of alleging the kind of unity of interest, control or intent to perpetrate a fraud necessary to survive a motion to dismiss.

C.  Plaintiffs Fail to Properly Plead Their Fraudulent Concealment Claim Against Defendant Jaber

1.  *Plaintiffs Fail to Meet Rule 9(b)'s Heightened Pleading Standard*

To plead a common law fraud claim in Illinois, a plaintiff must allege "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." *Laborers' Pension Fund v. Lake City Janitorial, Inc.*, 758 F. Supp. 2d 607, 618 (N.D. Ill. 2010) (quoting *Doe v. Dilling*, 228 Ill. 2d 324, 343, 888 N.E.2d 24, 35-36 (2008)). A fraud claim, including one for fraudulent concealment, must also meet the requisite particularity requirement. Fed. R. Civ. P. 9(b). Rule 9(b) specifically requires that a plaintiff allege with particularity "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Blankenship v. Pushpin Holdings*, No.

---

[5] Entity Defendants delineate undisputed detailed facts regarding this formation in their Motion to Dismiss, filed simultaneously and incorporated herein by reference; Defendant Jaber does not restate them in the interest of brevity, as they do not directly pertain to the allegations against him.

14-cv-6636, 2015 U.S. Dist. LEXIS 135944, at *16 (N.D. Ill. Oct. 6, 2015) (quoting *U.S. ex rel. Grenadyor v. Ukranian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014)); *see also West v. Act II Jewelry, LLC*, 2016 U.S. Dist. LEXIS 34963, at *19 (N.D. Ill. Mar. 18, 2016) (granting motion to dismiss fraud claim where plaintiffs failed to allege a statement made personally by the defendants); *In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.,* 155 F. Supp. 3d 772, 783 (N.D. Ill. 2016) (explaining that a party pleading fraud must state the identity of the person making the misrepresentation, and "the time, place and content of the misrepresentation, and the method by which" it was communicated to plaintiff); *cf. Lake City Janitorial, Inc.*, 758 F. Supp. 2d at 618 (denying a motion to dismiss fraud claims where the plaintiffs alleged specific misrepresentations, the dates of these misrepresentations, and how the defendant carried out the alleged fraud).

Illinois recognizes the common law tort of fraudulent concealment, requiring plaintiffs to "allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Squires-Cannon v. Forest Preserve Dist. Of Cook County*, 897 F.3d 797, 805 (7th Cir. 2018); *see also Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 485, 675 N.E.2d 584, 591-3 (1996) (citing *Lidecker v. Kendall College*, 194 Ill. App. 3d 309, 550 N.E.2d 1121, 1124 (1990)). The duty to disclose arises only in limited situations, including where the "plaintiff and defendant are in a fiduciary or confidential relationship" and "where plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff." *Id*. (citing *Kurti v. Fox Valley Radiologists, Ltd.*, 124 Ill. App. 3d 933, 464 N.E.2d 1219, 1223 (1984)). Rule 9(b)'s heightened pleading standard requires plaintiffs to allege fraud with "particularity." Fed. R. Civ. P. 9(b); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012)

(quoting *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)). Rule 9(b)'s particularity requirement applies to fraudulent concealment claims. *Wigod*, 673 F.3d at 571.

Plaintiffs' fraudulent concealment claim alleges only that Defendant Jaber "oversaw the windup of IAP/AMS's affairs and the application of IAP/AMS's assets to pay its creditors, including Plaintiffs." Doc. 179 at ¶ 180. Plaintiffs assert that "Jaber owed fiduciary duties to Plaintiffs as judgment creditors" and that he "failed to disclose" to them their own conclusory allegations that IAP/AMS reincarnated years later as AMP/AJP. *Id*. at ¶ 181-3. These allegations, even if true, do not meet the particularity requirements under Fed. R. Civ. P. 9(b) as set forth above. The only general date alleged by Plaintiffs is the 2005 deposition they took of Defendant Jaber; without any degree of specificity, however, they merely state that he testified that the original *Boim* defendants were defunct. Dkt. 179 at ¶ 54. This does not meet the strict particularity standard for pleading fraud, nor do Plaintiffs' allegations indicate that this statement, or any other unidentified statements by Defendant Jaber, were in fact false. Plaintiffs' allegations acknowledge the intense investigation experienced by the original *Boim* defendants, as well as Plaintiffs' own thorough efforts to collect assets from the liable entities. Further, Plaintiffs allege no situation "where plaintiff[s] place[d] trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff[s]." *Squires-Cannon*, 879 F.3d at 805. Nor can they feasibly show that they trusted and had confidence in an individual who was an officer for the entity they sued, and whom they adversely deposed multiple times in their search for recoverable assets of IAP/AMS. Dkt. 179 at ¶¶ 53, 54, 120, 183.

2. *Plaintiffs' Allegations Fail as a Matter of Law Under Rule 8*

To prevail on a claim of fraudulent concealment as described above, a plaintiff must allege the existence of a special relationship giving rise to a duty to speak on the plaintiff's behalf, such as a trusted or fiduciary relationship. *See Vandenberg v. Brunswick Corp*., 2017 IL App (1st)

10

170181, ¶ 32, 90 N.E.3d 1048, 1056 (Ill. App. Ct. 2017). In this case, Defendant Jaber and the Boims have at all times been in adversarial positions, not a trusted or "special relationship" which could give rise to a claim of fraudulent concealment. No conceivable manner exists in which Plaintiffs here trusted Defendant Jaber to protect their interests, or believed they had a "special relationship" with him. *See Auto-Owners Ins. Co. v. Konow*, 2016 IL App (2d) 150823, 57 N.E.3d 1244, 1250 (Ill. App. Ct. 2016) (finding that victim's attorney owed no fiduciary duty of disclosure to tortfeasor or his attorney regarding potential liens affecting settlement); *Oakland Police & Fire Retirement System v. Mayer Brown*, *LLP*, 861 F.3d 644, 651-52 (7th Cir. 2017) (holding that borrower's law firm owed no fiduciary duty of disclosure to lenders and their attorneys); *Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 749 (7th Cir. 2006) (explaining that special circumstances can create fiduciary duties and that to "determine if special circumstances exist, courts consider the degree of kinship between the parties; the disparity in age, health, mental condition, education and business experience between the parties; and the extent to which the servient party entrusted his business affairs to the dominant party").

Even under the more forgiving pleading standard of Fed. R. Civ. P. 8, Plaintiffs fail to properly allege a claim against Defendant Jaber which survives Fed. R. Civ. P. 12(b)(6) scrutiny. The special relationship threshold remains a high one: "the defendant must be 'clearly dominant, either because of superior knowledge of the matter derived from ... overmastering influence on the one side, or from weakness, dependence, or trust justifiably reposed on the other side.'" *Wigod*, 673 F.3d at 572 (quoting *Mitchell v. Norman James Construction Co.,* 291 Ill. App. 3d 927, 934, 684 N.E.2d 872, 879 (Ill. App. Ct. 1997)). The *Mitchell* court explained that "[f]actors to be considered in determining the existence of a confidential relationship include the degree of kinship of the parties; any disparity in age, health, and mental condition; differences in education and

11

business experience between the parties; and the extent to which the allegedly servient party entrusted the handling of her business affairs to the dominant party, and whether the dominant party accepted such entrustment." 684 N.E.2d at 879 (internal citations omitted). Defendant Jaber exercised no "overwhelming influence" over the Plaintiffs as the law requires, nor do Plaintiffs allege that he did. Merely wanting him to produce funds to satisfy an adverse judgment does not support the creation of any "special relationship" under Illinois law. *Miller v. William Chevrolet/Geo,* 326 Ill. App. 3d 642, 657, 762 N.E.2d 1, 13 (Ill. App. Ct. 2001); *see also Kosowski v. Alberts*, 2017 Ill. App. 170622 (Ill. App. Ct. 2017) (explaining that "as a general rule … a fiduciary relationship does not exist between a debtor and a creditor").

### 3. Plaintiffs' Claims of Fraudulent Concealment Are Untimely

Even if Plaintiffs satisfied the heightened pleading standard of Fed. R. Civ. P. 9(b) or the lighter standard of Fed. R. Civ. P. 8, Plaintiffs' fraudulent concealment claim against Defendant Jaber fails as untimely.

The statute of limitations in Illinois for fraud claims is five years. *Siragusa v. Collazo (In re Collazo*)*,* 817 F.3d 1047, 1050 (7th Cir. 2016) (citing *McCarter v. State Farm Mutual Auto. Ins. Co.,* 130 Ill. App. 3d 97, 473 N.E.2d 1015, 1018 (1985)). According to Plaintiffs' 1AC, Plaintiffs knew or reasonably should have known of the creation of AMP no later than 2006, and the creation of AJP no later than 2009.[6] Dkt. 179 at p. 24 (*see* chart). And, Plaintiffs deposed Defendant Jaber multiple times by 2005. *Id*. at ¶¶ 119-120. Even if fraudulent concealment had occurred, and even if Defendant Jaber somehow conceivably owed a heightened level of duty to Plaintiffs because of some unidentified "special relationship," any action for fraudulent concealment against Defendant

---

[6] In fact, Plaintiffs assert without support that AMP and AJP were "created" even earlier; nonetheless, for purposes of this Motion Defendant Jaber uses the more accurate later date, which favors Plaintiffs in this analysis.

12

Jaber expired no later than 2014. Plaintiffs cannot side-step this limitation by claiming ignorance of the public activities of AMP and AJP which they delineate in their Complaint; the applicable standard examines not subjective knowledge, but objectively reasonable knowledge. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). Accordingly, Plaintiffs' claim of fraudulent concealment, brought for the first time in 2019 and thirteen years after the allegedly wrongful acts, fails under Illinois law as untimely.

## IV. CONCLUSION

Based on the foregoing, Defendant Jaber respectfully requests that this Court dismiss Plaintiffs' claims against him in their entirety, and for such other and further relief to which he may show himself justly entitled.

Dated this 27th day of October, 2021.

*/s/ Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
cjump@clcma.org
*Attorney for Defendants*
Alyssa F. Morrison
Texas Bar No. 24110135
amorrison@clcma.org
*Pro Hac Vice Attorney for Defendants*
Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, Texas 75080
Phone: (972) 914-2507
Fax: (972) 692-7454


Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of October 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Christina Jump*
Christina A. Jump
*Attorney for Defendants*
