## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER, <br><br> Defendants. | Civil No. 17-cv-03591 <br><br><br> Hon. Sharon Johnson Coleman <br><br><br> **Telephone hearing set for December 10, 2021 at 9:15 a.m.** |

## DEFENDANT RAFEEQ JABER'S REPLY
## IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS'
## FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Dated this 29th day of November, 2021.

/s/ *Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Alyssa F. Morrison
Texas Bar No. 24110135
*Pro Hac Vice Attorney for Defendants*
Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX  75080
Phone: (972) 914-2507; Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street, Chicago, IL 60614
Tel: 312-981-0123; Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................ 1

II.     PLAINTIFFS' FACTUAL ALLEGATIONS ARE INSUFFICIENT TO SUPPORT

ALTER EGO/SUCCESSOR CLAIMS ........................................................................... 1

III.    PLAINTIFFS' FRAUDULENT CONCEALMENT ALLEGATIONS FAIL TO STATE A

CLAIM AND FALL OUTSIDE OF THE STATUTE OF LIMITATIONS .................................. 4

IV.     CONCLUSION..................................................................................................................... 8

CERTIFICATE OF SERVICE ................................................................................................. 11

## I. INTRODUCTION

Defendant Rafeeq Jaber ("Mr. Jaber"), by and through the undersigned counsel, files this Reply in Support of his Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 179, Plaintiffs' "1AC") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Dkt. 237-1. On November 17, 2021, Plaintiffs filed their Response in Opposition to Mr. Jaber's Motion to Dismiss. Dkt. 238 ("Plaintiffs' Response"). The arguments contained in Plaintiffs' Response fail to overcome the insufficiency of their 1AC, warranting dismissal. Acknowledging this Court's familiarity with the underlying facts of this case, Mr. Jaber incorporates by reference the full background briefed in his Motion to Dismiss, and proceeds directly to his arguments in Reply.

## II. PLAINTIFFS' FACTUAL ALLEGATIONS ARE INSUFFICIENT TO SUPPORT ALTER EGO/SUCCESSOR CLAIMS

Plaintiffs devote the first half of their Response to factual exposition, very little of which relates to the legal issues before this Court: alter ego and veil piercing liability, and fraudulent concealment. Dkt. 238 at 1-7. This case does not require relitigation of the liability of the original *Boim* defendants, and Mr. Jaber's affiliation with one of those entities does not automatically render him their alter ego or justify piercing the corporate veil of long-defunct organizations. The low legal standard urged by Plaintiffs contradicts established law in this Circuit, and would place leaders of nearly any corporate organization in jeopardy of being held liable as alter egos years after the fact.

Plaintiffs correctly note that this Court must construe their Complaint in the light most favorable to the plaintiffs, accepting all well-pled facts as true. *See Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014). Liberal though this standard may be, it does not provide a blank check to assert allegations untethered to the causes of action alleged, nor does it obligate the Court

to accept them. The complaint "still must contain either direct or inferential allegations respecting all of the material elements necessary" to their claims. *Sutliff, Inc., v. Donovan Cos.,* 727 F.2d 648, 654 (7th Cir. 1984). A plaintiff cannot "evade this requirement by attaching a bare legal conclusion to the facts" alleged; if the plaintiff asserts a violation of a specific law, but "the facts he narrates do not at least outline or adumbrate such a violation, he will get nowhere merely by dressing them up in the language of [that law]." *Id.* (citing *University Life Ins. Co. of America v. Unimarc Ltd.,* 699 F.2d 846, 852 (7th Cir. 1983)). Although Plaintiffs cite a multitude of allegations, few if any support claims of alter ego/veil piercing.

The Seventh Circuit did not determine the sufficiency of Plaintiffs' claim on the merits, although Plaintiffs heavily imply otherwise. *See Peter Rosenbaum Photography Corp. v. Otto Doosan Mail Order Ltd.*, No. 04 C 0767, 2004 U.S. Dist. LEXIS 24292, at *11-12 (N.D. Ill. Nov. 29, 2004) (explaining that there is a "not so fine line" between "zealous advocacy and intentional misrepresentation of the facts and the case law"). Plaintiffs contend that "Jaber's brief completely ignores the Seventh Circuit's instructions" regarding proper alter ego factors. Dkt. 238 at 12.[1] To be clear, the Court of Appeals briefly opined on flexibly applying the alter ego analysis and noted that traditional alter ego factors, like shareholders or customers, may not apply in the present context; the Seventh Circuit recognized immediately thereafter that "[t]he district court … is best equipped to discern the apt analysis for alter ego status in this context." *Boim v. Am. Muslims for Palestine* 9 F.4th 545, 559 (7th Cir. 2021). The factors the Court of Appeals identified as potentially "tak[ing] on added weight" include "overlap in leadership, same organizational

---

[1] Plaintiffs, by omission, effectively concede that their claims do not fit within the traditional alter ego/veil piercing context. They do not argue any of the typical factors that courts assess. Instead, they rely on a test with an alternative focus. This argument is tenuous at best—as courts deviating from the traditional standard are few, out of jurisdiction, and materially distinguishable. The reality that the facts Plaintiffs allege do not support any version of the causes of action they pled renders their claims ineffective, not the legal standard itself.

purpose, similarity of operations, and unlawful motive or intent to escape liability." *Id.* Mr. Jaber's Motion to Dismiss evaluates "unity of interest, control or intent to perpetrate a fraud[,]" and sharing management, business purpose, operations, and the degree of injustice visited on the litigants by respecting the corporate entity as factors relevant to the alter ego context. Dkt. 237-1 at 11, 14. Mr. Jaber in no way "ignored" the factors identified by the Seventh Circuit; Plaintiff's allegations simply do not satisfy them.

Mr. Jaber at one time served as the president of IAP. Holding a leadership role in an entity does not automatically equate to being that entity's alter ego. To sufficiently plead an alter ego claim, plaintiffs must allege that (1) the individual "dominated the corporation to the point that it had no separate existence[;]" and (2) that failing to ignore corporate identity and hold the individual liable would sanction a fraud or promote injustice. *Gierum v. Glick (In re Glick)*, 568 B.R. 634, 664 (Bankr. N.D. Ill. 2017). Although Plaintiffs list control as a relevant factor, Plaintiffs' Complaint remains devoid of any facts actually alleging the required level of control or domination by Mr. Jaber over the original *Boim* defendants. *See, e.g., Macrito v. Events Exposition Servs. Inc.*, No. 09 C 7371, 2011 U.S. Dist. LEXIS 123576, 2011 WL 5101712, at *4 (N.D. Ill. Oct. 21, 2011) (refusing to pierce the corporate veil where the two companies shared a president and payroll coordinator, operated and received phone calls from the same address, worked special events together, and held themselves out as "sister" companies on the internet).

That Mr. Jaber held a leadership role with IAP and fundraised on behalf of the original *Boim* defendants does not assert a level of control sufficient to qualify him as one and the same with the entities, nor does the fact that he engaged in wind-up activities as he was legally obligated to do. And once again, Plaintiffs misunderstand the law on failure to comply with maintaining corporate separateness. Dkt. 238 at 13. Plaintiffs assert that "under Jaber's leadership, IAP failed

to comply with any of the requirements for maintaining corporate separateness." *Id.* In order for this alleged failure to support alter ego or veil piercing claims, Plaintiffs would have to plead that Mr. Jaber failed to respect corporate separateness as between *himself* and IAP, not between IAP and its various affiliated entities. *See, e.g., People v. V&M Indus.,* 298 Ill. App. 3d 733, 741, 700 N.E.2d 746, 751-52 (1998) (finding that a corporate entity was a mere façade for the operation of the dominant shareholder, where that person "exercised ownership, direction and control[,]" there was testimony that "[he] ran the show and that no minutes were ever recorded[,]" and "[w]hile officers were elected, they clearly had no authority[,]" the meetings were informal and unstructured, and although "articles of incorporation and annual reports were filed with the Secretary of State, the record confirms that corporate formalities were regularly overlooked").

Plaintiffs find it "stunning" that Defendants "ignore" the fact that Magistrate Keys ruled in the original *Boim* litigation that "under Jaber's leadership IAP fundraised for HLF," purportedly to "help Hamas activities." *Id.* at 14. Magistrate Keys' finding bears no weight on the veil piercing/alter ego claims here; Plaintiffs' reliance on it is misleading in the context of this litigation. Magistrate Keys did *not* find that Mr. Jaber himself fundraised for Hamas, nor did he pierce the corporate veil to hold Mr. Jaber liable as the original *Boim* defendants' alter ego. Had Mr. Jaber been personally liable for the acts underlying the original *Boim* litigation, the court would have held so at that time. The court did not, and Plaintiffs' attempt to bring Mr. Jaber before this Court well over a decade later with the implication that Magistrate Keys already decided these claims is disingenuous at best.

## III.     PLAINTIFFS' FRAUDULENT CONCEALMENT ALLEGATIONS FAIL TO STATE A CLAIM AND FALL OUTSIDE OF THE STATUTE OF LIMITATIONS

Plaintiffs' fraudulent concealment claim fails. Plaintiffs do not properly state a fraudulent concealment claim within the meaning of the law, do not plead with sufficient particularity, and

fail to timely assert their fraudulent concealment claim under the applicable statute of limitations. In order to successfully plead fraudulent concealment under Illinois law, a plaintiff must allege facts supporting (1) a false statement of material fact; (2) that is known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the false statement; and (5) damage to the plaintiff resulting from such reliance. *Laborers Pension Fund v. Lake City Janitorial, Inc.,* 758 F. Supp. 2d 607, 618 (N.D. Ill. 2010). The relevant duty arises only in limited situations, including where the "plaintiff and defendant are in a fiduciary or confidential relationship" and "where plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff." *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 485, 675 N.E.2d 584, 591-3 (1996) (citing *Kurti v. Fox Valley Radiologists, Ltd.*, 124 Ill. App. 3d 933, 464 N.E.2d 1219, 1223 (1984)). Plaintiffs' fraudulent concealment claim centers on Mr. Jaber's purported duty to disclose "material facts concerning IAP's ability to satisfy the *Boim* Judgment or that it was continuing to operate and raise funds disguised as AMP," which they claim he failed to do. In order to successfully plead fraudulent concealment of AMP's alleged alter ego status, Plaintiffs would first have to plead sufficient facts to allege that AMP actually *is* the alter ego of IAP. As discussed in the accompanying Reply in Support of AMP's Motion to Dismiss, Plaintiffs fail to do so.

Plaintiffs recognize multiple times throughout both the 1AC and their Response that IAP was insolvent, and its assets could not satisfy its debt to the Boims. Dkt. 179 at ¶ 180; Dkt. 238 at 15 (asserting that "[a]fter the *Boim* judgment, IAP was insolvent because its assets were insufficient to pay its debt to the Boims"). At the risk of belaboring an obvious point, recognizing IAP's insolvency contradicts the assertion that any assets remained for Mr. Jaber to conceal. To the extent Plaintiffs contend that IAP ceased insolvency when it purportedly "transitioned" to

AMP, Defendant reiterates that, as a prerequisite to even considering this argument, Plaintiffs would need to plead facts demonstrating that AMP is the modern analogue and has at all times been the alter ego of IAP; they do not. The entire basis of the fraudulent concealment argument therefore fails.

Plaintiffs also fail to meet the particularity requirements for pleading fraudulent concealment. As set forth in Mr. Jaber's Motion to Dismiss, claims of fraudulent concealment must satisfy Fed. R. Civ. P. 9(b). *See Wolin v. Smith Blarney Inc.,* 83 F.3d 847, 854 (7th Cir. 1996) (explaining that "fraudulent concealment is a species of fraud[,] and so … must be pleaded with particularity"). Plaintiffs argue they can meet this standard through their general allegations, the most specific of which asserts only that Mr. Jaber represented "at his deposition in 2005 and elsewhere … that IAP/AMS had ceased operations and had exhausted their ability to pay." Dkt. 173 at ¶ 183. The remainder of the allegations constitute no more than generalized statements lacking in time, place or specificity, to the effect that Mr. Jaber "was aware of and failed to disclose material facts … including (i) that IAP/AMS was resuming operations" as AMP, and "speaking at AMP events … without disclosing that AMP was a continuation of IAP/AMS." These allegations fail to satisfy Rule 9(b)'s particularity requirements. *See In re Rust-Oleum Restore Mktg*., *Sales Practices and Prods. Liab. Litig.,* 155 F. Supp. 3d 772, 783 (N.D. Ill. 2016) (explaining that a party pleading fraud must state the identity of the person making the misrepresentation, and "the time, place and content of the misrepresentation, and the method by which" it was communicated to plaintiff).

Plaintiffs next argue that "whether the Boims meet [this] standard … is of no import because … the Seventh Circuit has recognized the need to relax the Rule 9(b) standard when '(1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides the

grounds for his suspicions.'" Dkt. 238 at 16 (quoting *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 841 (7th Cir. 2018)). The Seventh Circuit does relax the Rule 9(b) standard for fraudulent concealment claims in rare instances, though it just as often refuses to do so, as is appropriate here. For example, in *Gavin v. AT&T Corp.,* the Northern District of Illinois explained that "[a]lthough Plaintiff is correct that Rule 9(b)'s pleading requirements may be relaxed where the relevant information is in the exclusive knowledge of the defendant … the Court is not persuaded that Plaintiff should be given the benefit of this rule here." 543 F. Supp. 2d 885, 897 (N.D. Ill. 2008). The *Gavin* court further explained that "Plaintiff did not include any allegations in her FAC that … the relevant information is in the Defendants' exclusive possession." *Id.* Nor do Plaintiffs here. Nowhere in Plaintiffs' fraudulent concealment count in the 1AC do they allege that any information that was allegedly concealed was undiscoverable by them. To the contrary, the facts that Plaintiffs argue support their fraudulent concealment claim (AMP events, purported overlap of leadership of entity Defendants, fundraising efforts, etc.) were publicly available to both Plaintiffs and the community at large. *See Goren v. New Vision Intern, Inc.,* 156 F.3d 721, 726 (7th Cir. 1998) (declining to relax Rule 9(b)'s requirements in part because the complaint was devoid of allegations that the relevant information was in the defendants' exclusive possession); *see also United States ex rel. Berkowitz,* 896 F.3d at 841-42 (declining to relax the Rule 9(b) pleading standard because, although plaintiff argued that as one of the defendants' competitors he did not have access to the detailed information necessary, he still failed to "describe the predicate acts with some specificity to inject precision" and substantiation into his allegations).[2] Plaintiffs' claim is not entitled to a relaxed Rule 9(b) standard and fails as inadequately pled.

---

[2] Following the Seventh Circuit's remand, Plaintiffs in this matter did not seek leave to amend their Complaint. At this point, any additional leaves to amend would be both unjust in light of the fact that

Finally, Plaintiffs' fraudulent concealment count fails as time-barred. The statute of limitations in Illinois for fraud claims is five years. *Siragusa v. Collazo (In re Collazo),* 817 F.3d 1047, 1050 (7th Cir. 2016). This applies to claims of fraudulent concealment. *Id.* Plaintiffs argue that the statute of limitations is properly raised as an affirmative defense and does not constitute a ground for 12(b)(6) dismissal. Dkt. 238 at 17-18. However, a defendant may properly "raise a statute of limitations in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *O'Pere v. CitiMortgage Bank, N.A.*, No. 14-cv-10230, 2015 U.S. Dist. LEXIS 151423, at *4-5 (N.D. Ill. Nov. 9, 2015) (quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005)). Plaintiffs' own allegations plead their Complaint out of the statute of limitations, without any help from Defendant Jaber. In their Response, Plaintiffs assert that "by 2006 at the latest, Jaber was a prominent AMP surrogate, yet continued to conceal that IAP had 'transitioned' to AMP." Dkt. 238 at 16. As noted above, Plaintiffs do not and credibly cannot assert that they did not know, or could not have reasonably discovered, the public events, publicly available incorporation information, leadership, and fundraising that Plaintiffs allege comprise the purported fraud. At the absolute latest, Plaintiffs could have raised a fraudulent concealment claim against Mr. Jaber in 2014; all of the events alleged in the 1AC took place years prior to that date. Accordingly, for all of the reasons stated above, Plaintiffs' fraudulent concealment claim against Mr. Jaber fails as a matter of law and should be dismissed, without leave to amend any further.

## IV.    CONCLUSION

More than fifteen years after Plaintiffs last deposed Rafeeq Jaber in the original *Boim* action and well after the conclusion of that acrimonious litigation, Plaintiffs now ask this Court to

---

Defendants have now already briefed the deficiencies of the second Complaint, and futile in light of the generous leave already afforded to Plaintiffs by this Court as well as the statute of limitations.

allow them to proceed against Mr. Jaber with claims that he was, in their hindsight, in fact one and the same as the originally liable entities. Plaintiffs also now claim they trusted Mr. Jaber, placed their confidence in him, and reasonably believed themselves to have a "special relationship" with him which placed him "in a position of influence and superiority" over them way back then.[3] That belies belief, and the facts alleged here do not support those claims. Plaintiffs do not need more time to create new allegations or try to force the square pegs that are the now well-known facts of this matter into the round holes of other ill-fitting and tenuous claims against Mr. Jaber. In addition to Plaintiffs directly deposing Mr. Jaber at least four times to date, this Court already allowed Plaintiffs over a year of one-sided discovery which, while permitted in light of jurisdictional arguments, would have and should have revealed any underlying facts supporting more claims against Rafeeq Jaber, if they existed. Plaintiffs' addition of the fraudulent concealment claim constitutes their final legal Hail Mary against Mr. Jaber; this attempt fails to rise to the level required by the Federal Rules of Civil Procedure, as do Plaintiffs' alter ego claims against him. Plaintiffs have had their days in court against the proper defendants, and have had multiple chances to ask Mr. Jaber questions directly. After more than fifteen years of litigation and twenty-five years after the events originally giving rise to their underlying claim, Plaintiffs have been heard. And the courts ruled in their favor. Just not against Rafeeq Jaber. Plaintiffs plead no valid reason for this Court to allow them to continue trying.

For the reasons set forth herein, Defendant Rafeeq Jaber respectfully requests that this Court grant his Motion to Dismiss Plaintiffs' First Amended Complaint, and dismiss the claims against him in full.

---

[3] *Connick,* 174 Ill.2d at 485.

Dated this 29th day of November, 2021.

*/s/ Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
cjump@clcma.org
*Attorney for Defendants*
Alyssa F. Morrison
Texas Bar. No. 24110135
amorrison@clcma.org
*Admitted Pro Hac Vic Attorney for Defendants*
Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454


Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christina Jump*
Christina A. Jump
*Attorney for Defendants*
