IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER <br><br> Defendants. | Civil No. 17-cv-03591 <br><br> **Hon. Gary Feinerman** |

## JOINT STATUS REPORT

**A. Nature of the Case:**

1. The attorneys for the Plaintiffs are Daniel I. Schlessinger and Seth H. Corthell of Jaszczuk, PC, and Nathan Lewin and Alyza D. Lewin of Lewin & Lewin, LLP. Daniel I. Schlessinger is the lead attorney.

The attorneys for the Defendants are Christina A. Jump and Alyssa Morrison of the Constitutional Law Center for Muslims in America, and Thomas A. Durkin of Durkin & Roberts. Christina A. Jump is the lead attorney.

2. Plaintiffs allege federal jurisdiction based on the Anti-Terrorism Act, 18 U.S.C. §§ 2333(a) and 2338, and 28 U.S.C. § 1331. Plaintiffs seek to impose liability on Defendants as *alter egos* of the defendants in the case of *Boim v. Quranic Literacy Institute, et al.,* Civil No. 00-cv-2905, (*Boim I*) in which Plaintiffs obtained a judgment in the amount of $156 million. In addition, the Court has

supplemental jurisdiction pursuant to 28 U.S.C. §1367 because the claims are so related to the claims in this action that they form part of the same case or controversy.

3. The First Amended Complaint asserts four counts: one for a declaratory judgment that the money judgment entered against Islamic Association for Palestine and American Muslim Society in *Boim I* is enforceable against defendants AMP and AJP as *alter egos;* a second that the money judgment is enforceable against defendant Rafeeq Jaber as *alter ego;* a third for a money judgment against AMP and AJP; and a fourth for fraudulent concealment against Rafeeq Jaber.

In addition, Plaintiffs filed motions to revive the judgment entered in *Boim I,* to enforce that judgment against the current Defendants and to transfer that action and consolidate it with this one. Those motions have not been ruled on and are still pending.

4. The principal factual and legal issue in the case is whether the defendants are *alter egos* of the defendants in *Boim I* such that they are liable for the judgment entered in that case. A second issue is whether Defendant Jaber fraudulently concealed material facts that the Defendants in *Boim I* were transferring assets and goodwill to Defendants AMP and AJP.

5. There are no unserved defendants.

**B. Proceedings to Date and Discovery**

1. The following substantive rulings have been issued thus far:

(Doc. 41) 08/08/2017—Defendants' Motions to Dismiss pursuant to Rule 12(b)(1) granted;

(Doc. 50) 01/04/2018—Plaintiffs' Motion for Reconsideration granted and case reinstated for discovery solely on jurisdictional issues;

(Doc. 176) 12/13/2019—Plaintiffs' Motion for leave to file First Amended Complaint granted;

(Doc. 215) 10/20 2020—Defendants' Motions to Dismiss pursuant to Rule 12(b)(1) granted;

(Seventh Circuit 64) 08/16/2021—Dismissal reversed and case remanded to District Court for further proceedings;

(Doc. 250) 05/17/2022—Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) denied.

2. Plaintiffs' Motion (Doc. 15) to enforce the *Boim I* judgment against the current Defendants and to transfer that proceeding for consolidation with this one, filed on May 26, 2017, is pending and is fully briefed. Also pending is the Petition to Revive the Judgment, filed in the *Boim I* proceeding on the same date.

3. Copies of previously filed status reports and scheduling orders are attached.

4. Jurisdictional discovery was taken in the form of document requests, interrogatories and five depositions of individuals, including Defendant Jaber and former individual defendants who have been voluntarily dismissed. No substantive discovery has been taken or scheduled. Defendants have not yet had the opportunity to initiate any discovery.

Plaintiffs contemplate taking written discovery from the Defendants, substantive depositions of the Defendants, written discovery and depositions from third parties. Plaintiffs contemplate that there will be expert discovery following fact discovery.

Defendants contemplate deposing the Plaintiffs, as well as serving written discovery to Plaintiffs and potentially to third parties as well. Defendants may have rebuttal experts.

5. No discovery cut-off date has been set. The parties suggest the following deadlines:[1]

A. Deadline for Initial Disclosures:     Wednesday, July 6, 2022

B. Deadline for Issuing Written Discovery Requests:     Friday, December 30, 2022

C. Deadline for Completing Factual Discovery:     Tuesday, February 28, 2023

D. The parties do not believe discovery should proceed in phases.

---

[1] The Parties recognize that this submission is a hybrid between this Court's form for new cases and this Court's form for transferred cases. However, as this case was transferred prior to initial disclosures and general discovery occurring, the parties believe this best addresses the pertinent issues.

E.  Deadline for Plaintiffs' Expert Designations:	Friday, March 31, 2023

   Deadline for Defendants' Expert Designations:	Friday, April 28, 2023

F.  Deadline for Amending Pleadings:	Thursday, July 21, 2022

G.  Deadline for Dispositive Motions:	Friday, June 30, 2023

### C. Trial

1. There has been a jury demand.

2. No trial date has been set. The parties anticipate they can be ready to commence a trial by August 2023.

3. No pretrial order has been filed or deadline set.

4. Plaintiffs estimate a trial will take a month. Defendants estimate one to two weeks.

### D. Settlement

1. There have been no substantive settlement discussions. A brief settlement discussion with the Seventh Circuit mediation coordinator took place, which was not fruitful.

2. The parties have not requested a settlement conference and do not believe that a conference would be productive.

### E. Magistrate Judge

1. The parties do not consent to proceeding before a magistrate judge for all purposes.

2. The predecessor District Judge referred most discovery disputes to now-retired Magistrate Judge Schenkier for resolution.

| | |
|---|---|
| June 21, 2022 | Respectfully submitted, |

| | |
|---|---|
| __/s/*Daniel I. Schlessinger*___ | __/s/ *Christina A. Jump*_____ |
| Daniel I. Schlessinger | Christina A. Jump |
| | Alyssa F. Morrison |
| Seth H. Corthell | Constitutional Law Center for |
| JASZCZUK P.C. | Muslims in America |
| 30 South Wacker Drive, Suite 2200 | 100 N. Central Expy. Ste 1010 |
| Chicago, IL 60606 | Richardson, TX 75080 |
| (312) 442-0509 | (972) 914-2507 |
| | |
| Of Counsel | Local Counsel |
| Nathan Lewin (*pro hac vice*) | Thomas A. Durkin |
| Alyza D. Lewin (*pro hac vice*) | Durkin & Roberts |
| LEWIN & LEWIN LLP | 2446 North Clark Street |
| 888 17th Street NW, 4th Floor | Chicago, IL 60614 |
| Washington, D.C. 20006 | (312) 913-9300 |
| (202 828-1000 | |