# - EXHIBIT B-



311 South Wacker Drive
Suite 2150
Chicago, IL 60606
Telephone: 312-442-0509
Fax: 312-442-0519
www.jaszczuk.com

Seth H. Corthell
Direct Telephone: 312-442-0401
scorthell@jaszczuk.com

**JASZCZUK P.C.**
ATTORNEYS

October 11, 2022

**E-MAIL**

Christina A. Jump
Alyssa Morrison
Constitutional Law Center for Muslims in America
100 North Central Expressway
Suite 1010
Richardson, TX 75080
cjump@clcma.org
amorrison@clcma.org

Re:     Defendants' Written Discovery Responses

I write to address deficiencies in the responses and objections of Defendants American Muslims for Palestine, Americans for Justice in Palestine (together the "**Entity Defendants**"), and Rafeeq Jaber ("**Mr. Jaber**," together with the Entity Defendants, the "**Defendants**") to Plaintiffs' first set of requests for production ("**Requests**"). Upon receiving this letter, please provide your availability for a meet and confer call to discuss the deficiencies.

**All objections to Plaintiffs' Requests are boilerplate**

Your responses to Plaintiffs' Requests assert numerous objections, including, that the requests are vague, overly burdensome, disproportionate to the needs of the case, and seek irrelevant information. These are in every instance improper boilerplate objections because they do not explain with any specificity why the Requests are vague, overly burdensome, seek irrelevant information, vague, or disproportionate to the needs of the case. *See, e.g., Ezell v. City of Chicago*, No. 18 C 1049, 2021 U.S. Dist. LEXIS 99624 at *17-18 (N.D. Ill. May 26, 2021) (". . . rote, unamplified, conclusory recitals such as unduly burdensome, overbroad, vague and ambiguous are ineffectual as every court in the country has held. They are tantamount to no objections at all.'"). Please revise your responses and produce any documents being withheld pursuant to your objections.

**Failure to Comply with Fed R. Civ. P. 34(b)(2)(C)**

Fed. R. Civ. P. 34(b)(2)(C) requires all objections to be accompanied by a statement as to whether any documents are being withheld based on the stated objection. You object to almost all of Plaintiffs' requests but fail to indicate whether you are withholding any documents based

Christina A. Jump
October 6, 2022
Page 2

on the stated objections. Please revise your responses to indicate whether any documents are being withheld based on each objection.

**General Objection No. 10**

Defendants object to producing any documents outside of the 2005-2010 timeframe on the basis that Plaintiffs' proposed timeframe "is overbroad and not appropriately tailored to the time frame necessary and relevant for an alter ego and/or successor analysis" and that a search for such materials "creates undue burden" because the documents are no longer reasonably accessible. Here too, your objections are boilerplate because they fail to specify why the proposed timeframe is overbroad or the actual burden on Defendants to search for such information and are therefore waived.

Moreover, documents and information outside of the narrow five-year window set forth in your general objections are relevant to the claims and defenses at issue in this case. As alleged in the Amended Complaint, IAP/AMS Mr. Jaber was directing and controlling AMP/AJP's alleged alter ego IAP/AMS at least as far back as 1996. The actions of Mr. Jaber and IAP/AMS prior to 2005 are relevant to both the alter ego and fraudulent concealment claims. For example, the fraudulent concealment claim against Mr. Jaber alleges that he withheld information from the Plaintiffs' while he was winding up IAP/AMS's affairs. At least part of the windup process took place prior to 2005. In addition, documents concerning his actions as leader of IAP/AMS are directly relevant to several alter ego factors, including but not limited to, the similarity of operations of IAP/AMS to AMP/AJP.

Accordingly, please withdraw your objection to producing documents outside of the 2005-2010 timeframe and produce all documents you are withholding based on that objection.

**Sufficiency of the Search**

Several of the Defendants' responses indicate that there are no responsive documents (*e.g.*, RFP 3, 6, 22) or that no additional responsive information exists "to the best of their knowledge" (*e.g.*, RFP 23, 26). Please produce a list of the custodians or data sources (computers, external hard drives, thumb drives, email accounts, or filing cabinets) that Plaintiff searched in responding to Plaintiff's Requests, and a list of the keywords utilized to perform any searches for electronically stored information.

**Requests for Production**

***Request Nos. 1, 2, 9, 10, 12-14, 16, 19, 21, 24, 27, 28, 30, 31, 32, 34-38, 40-43 to Defendants***:
As stated above, your objections that these Requests are overbroad and/or seek irrelevant information are boilerplate and are therefore waived. Your objections that these Requests are not limited in time and scope are incorrect as Plaintiffs set a specific time limitation of 1996 to the present. If you are withholding any documents pursuant to these objections, please produce them within seven (7) days of receiving this communication. Furthermore, your response fails to indicate whether you intend to produce—or even search for—any documents beyond the

Christina A. Jump
October 6, 2022
Page 3

information produced during limited jurisdictional discovery. Please revise your response to state whether Defendants will produce or search for any additional documents.

***Request No. 3 to Defendants:*** Your response indicates that responsive information exists, but you fail to produce or identify the documents containing the information. Please produce any social media posts containing references to Hamas or the Muslim Brotherhood that were not produced during jurisdictional discovery and revise your responses to indicate by bates number any previously produced documents containing references to Hamas or the Muslim Brotherhood.

***Request No. 4 to Defendants:*** Your response seems to indicate that Defendants will not produce any documents beyond what was produced during limited jurisdictional discovery. However, even during jurisdictional discovery, Defendants failed to produce tax filings from the 2005-2010 period. Please produce AMP/AJP's filings from this period as well as any other filings that have not yet been produced in this litigation. To the extent Defendants maintain that they have not retained this information, please identify the approximate date, time, place, and circumstances under which the records were destroyed and produce all document retention policies in force at that time. Please also identify any computers, hard drives, offices, or email accounts in which the records were housed at the time they were destroyed.

***Request No. 5 to Mr. Jaber:*** To the extent Mr. Jaber maintains that he is no longer has possession, custody, or control of documents concerning the windup or dissolution of IAP/AMS, please identify the approximate date, time, place, and circumstances under which the records were destroyed. Please also identify any computers, external hard drives, thumb drives, offices, or email accounts in which the records were housed at the time they were destroyed.

***Request No. 6 to Mr. Jaber:*** To the extent Mr. Jaber maintains that he is no longer has possession, custody, or control of documents concerning the assets of IAP/AMS, please identify the approximate date, time, place, and circumstances under which the records were destroyed. Please also identify any computers, external hard drives, thumb drives, offices, or email accounts in which the records were housed at the time they were destroyed.

***Request No. 8 to Entity Defendants:*** Your response to this Request states that AMP/AJP have no responsive information in their possession, custody, or control, but then nevertheless admits that AMP/AJP's social media posts may reference Hamas, the Palestinian Authority, terrorists in Israel, suicide bombings, rocket attacks, and other politically motivated violence in Israel. While we are willing to discuss potential strategies to narrow the focus of this request to the most relevant materials, it is not sufficient to refer to your prior production and direct us to locate the responsive material. Please revise your response to identify and/or produce any social media posts, newsletters, speech transcripts, articles, communications, or lectures placed, promulgated, posted, promoted, or sponsored by AMP/AJP (or its representatives) related to any of the aforementioned topics.

Christina A. Jump
October 6, 2022
Page 4

***Request No. 17 to Defendants:*** AMP and AJP were separate entities at one point in time. To the extent there were any transfers of money between the two entities prior to AJP becoming AMP's operating entity, please produce records of such transfers.

***Request No. 20 to Defendants:*** Your relevance objection is boilerplate and fails to specifically articulate why information concerning the 2015 event held in Detroit, Michigan is not relevant to the alter ego analysis. Moreover, information concerning AMP/AJP fundraisers, including the promotion of such fundraisers, the organizations with which AMP/AJP partnered, the attendees, and the use of the funds raised are directly relevant to several alter ego factors, including the similarity of AMP/AJP's operations to its alleged alter ego IAP/AMS. Please revise your response and produce any documents you are withholding based on your boilerplate objections. To the extent Defendants maintain that they have not retained this information, please identify the approximate date, time, place, and circumstances under which the records were destroyed and produce all document retention policies in force at that time. Please also identify any computers, hard drives, offices, or email accounts in which the records were housed at the time they were destroyed.

I request that you amend all of your responses within seven (7) business days and produce documents. If you have any questions concerning the positions I have outlined above, please do not hesitate to contact me via my direct line (312) 442-0401.

Sincerely,

*Seth H. Corthell*

Seth H. Corthell