# -EXHIBIT C-

# Seth Corthell

| | |
|---|---|
| **From:** | Christina Jump <cjump@clcma.org> |
| **Sent:** | Tuesday, October 25, 2022 7:50 PM |
| **To:** | Seth Corthell; Alyssa Morrison |
| **Cc:** | Daniel Schlessinger |
| **Subject:** | RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591 |

Gentlemen:
Apologies for the delay in my response. I greatly underestimated the scope of time our recent corporate restructuring of the Law Center would take out of each of my days over the past week.
And, as mentioned on our last call, Ms. Morrison took some well-deserved PTO time so was not available to help keep me on track.

I will go through your summaries in chronological order, with flash-forwards where appropriate to incorporate any subsequent updates.
- Withholding based on objections as stated in the responses:
    - Please note that for the most part we agree with your summation of our discussions, though I do clarify that we did not state we have not searched any 2010-forward documents. I stated that we have definitely preserved the full scope of responsive documents available, and that while we did not go through the documents which exceed what we believe to be the appropriate temporal scope in minute detail, we do not currently know of any specific, responsive documents within that later time frame and therefore are not withholding any specific otherwise responsive documents from that time period.
    - You give as an example "terrorism financing nonprofit organizations" and the leadership. Yet you make no allegations, and in fact specifically disclaimed on our call making any claims, that AMP/AJP financed terrorism. And, please note that the claims in this lawsuit are alter ego and successor liability (and fraudulent concealment as to Mr. Jaber). No defendant here is charged with nor has ever been charged with terrorism in any way, nor have you identified any connection. Alter ego and successor liability are by no means interchangeable with terms like "terror financing" and we will not treat them as if they were. Also note that where you ask for any and all documents, data etc. regarding AMP's support of Hamas, or AMP/AJP's possession of any IAP/AMS documents, we answered without **any** objection and with a clear "none." *See* Jaber's Responses to Request Nos. 3, 22; Entity Defendants' Responses to Request Nos. 5, 6, 7, 15, 22, 29, 33. If you believe that is somehow insufficient, please produce any information whatsoever evidencing any connection warranting more. Failing that, we are neither aware of any documents responsive to those requests nor withholding any documents responsive to those requests. Our complete absence of any objections to those ought to have made that clear; to the extent it was not, we trust it is now.
    - Our objection to an open-ended time period remains. As cited in the case you reference, of *Cary v. Ne. Ill. Reg'l Commuter R.R. Corp.*, this kind of "blanket request" "during even a five year time period, let alone a longer period, is on its face overbroad[.]" We agree. That is particularly true where the requested information "very likely will include emails and documents that are not relevant to the claims and defenses in this case," so the courts apply "as a matter of common sense" a narrower scope.
- Sufficiency of search terms:
    - Please note that I communicated in our calls that my overriding concern here is the encroachment into work product and attorney client privileged areas; unfortunately I do not see where your response addresses that concern. If I missed it, please feel free to clarify or supplement. Nonetheless, neither the Sedona Conference materials nor the holding in Cary support acquiescence to any and all requested search terms. In fact, like the Court in *Cary*, we are "not convinced that Plaintiff's proposed search terms are calibrated to yield only the kind of information [they] say[] is relevant for the [expanded] time frame[.]" "Further, it is not clear to the Court why most of Plaintiff's searches need to be run through

1

- the present as opposed to possibly an earlier date in some instances, and why that discovery is proportional to the needs of the case." We have never refused to engage in any discussions, unlike the Cary defendants; as we just received your proposed search terms on Friday we are in the process of conferring with our clients and will respond with objections to those, or responses, or potentially other limited scope, with our supplemental responses on October 31. We can tell you that our room for agreement will not exceed prior rulings by this Court or "common sense" under the federal rules.
- Re-produced documents made available to us:
  - We are incredibly grateful for that and the ease it will allow for us to proceed. We have been able to access the shared drive you created, though have hit some delays in downloading for searching and reviewing. It seems, and I cannot go indepth on this answer much, that long file names which effectively mirror the URLs for web-based documents previously wreaked havoc on our network and we hesitate to cause a repeat issue. So we are proceeding with the "save as" function, document by document, so that we may then conduct our next step of review. This may take us a bit longer than October 31, though once that step is complete we do not foresee much of a delay after that.
  - Again, thank you. Very, very helpful.
- Tax documents:
  - Please see above. More complete answer forthcoming, at least in part by October 31.
- Rafeeq Jaber's production:
  - We never stated that he lost or hid or did anything else nefarious with the documents named. By October 31, we will point to the specific testimony he already gave, multiple times, that between the original *Boim* litigation and the United States government he was not permitted to retain anything regarding IAP/AMS. Hence his current response that he possesses no responsive documents – not that he destroyed them. He didn't. He turned them over as instructed.
- Plaintiffs' Requests Nos. 17 and 20:
  - Again, as explained previously, as articulated by Magistrate Judge Schenkier, and as reflected in the Cary ruling, these "blanket requests" must reflect "common sense" and be connected to the claims in the case and be "proportional to the needs of the case." Unfettered fishing does not qualify.
- We look forward to receiving your clients' verifications by October 31.
- Plaintiffs' depositions:
  - We agree to the accuracy of the dates set forth in your summary.
  - Please note that the referenced times, of four hours per day and seven hours total, reflect on-the-record time and not any time in breaks. Therefore, if we start at 6:00 a.m and take any breaks at all, we will not conclude that four hour time frame until after 10:00 a.m.
  - Please also note that we agreed to breaks of up to ten minutes each hour; while we expect to remain amenable to any legitimate needs, we did not actually agree to unrestricted "breaks as the Boims need them. " Our approach here as well will center on common sense; proceeding that way, we should not encounter any issues.
  - Please provide the name of a location in Israel where you and the Boims will be for the depositions so that we may procure a court reporter. We will send Notices of Depositions no later than October 31 as well.
- Plaintiffs' duty to search for responsive documents:
  - The Federal Rules require the responding party to delineate which specific documents respond to which requests. You'll note we do that throughout our requests, and will likely do so even more by October 31 now that we can view the remaining documents (or shortly thereafter should technical limitations require). Plaintiffs must do the same. This holds particularly true for the party initiating litigation.
  - Plaintiffs also must bear the cost of their own production. As explained in *Cary*, "in federal litigation, each party bears its own cost of producing documents or ESI to the other unless there is some reason to vary from that presumption, such as when a party requests information that is inaccessible or the discovery being sought is not proportional to the needs of the case" (internal cites omitted). You have presented no justification to shift any costs for your production "given the presumption that each party bears its own costs in that regard." Please advise if you will abide by those presumptions, to both

2

identify and bear the cost of production of responsive documents. If not, we most certainly will seek intervention from the Court to uphold the standard requirements of production.
- Privileged documents:
    - We agree there is no need to delineate each conversation between the attorneys of record and the named Plaintiffs.  Please advise should you have further objections or intent not to acknowledge broader communications which exceed that scope.
- As to third party funding, please note the following authorities, as an initial starting point.  We are glad to brief further should the issue proceed to the Court, though we remain open to discussion and compromise rendering that unnecessary.

> A party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial to be discoverable. *Id.* Plaintiff contends that the requested documents and information are not relevant to any claim or defense in this case. Defendants disagree, arguing that the documents and information are relevant to refute any David vs. Goliath narrative at trial, to evaluate the value of the patents at issue and any damages claimed by Plaintiff, to address bias and prejudice of witnesses who may appear a trial, and to identify any jurors who may have a relationship with a litigation funder. Doc. 344 at 4-6. Relevancy in civil litigation is a relatively low bar. Under Rule 401 of the Federal Rules of Evidence, information having "any tendency" to make a fact in dispute "more or less probable" is relevant. Fed. R. Evid. 401. And courts "generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 566 (D. Ariz. 2016). With the exception of Defendants' third request, the Court has little difficulty concluding that the requested documents and information are relevant. They concern Plaintiff's financial resources and could be used to refute any David vs. Goliath narrative at trial. Plaintiff claims that any such narrative is speculative, but Defendants are entitled to conduct discovery that may refute potential trial themes, and Defendants note that at least some evidence suggests that such a narrative will be asserted in this case. Doc. 363 at 8 (sealed document).
> Plaintiff argues that the information and documents are not relevant to the value of the patents because Defendants can conduct factual discovery concerning the patents and Plaintiff will produce expert evidence on damages. Doc. 349 at 6. But the fact that some information bears on the value of the patents does not render irrelevant other information that could shed additional light on their value. Litigation funding agreements in a case such as this likely contain financial information related to the value of the litigation, and therefore to the value of the allegedly infringed patents, that will not be included in, or may contradict, the expert's report.
> And to the extent persons affiliated with Plaintiff may receive substantial compensation through the litigation, that fact bears on their credibility. The identity of litigation funders who have a stake in the litigation will also help identify jurors, if any, who have a relationship with such funders.
>
> *Cont'l Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018-19 (D. Ariz. 2020).

Case: 1:17-cv-03591 Document #: 272-3 Filed: 12/06/22 Page 5 of 14 PageID #:5187

- We look forward to seeing your supplements regarding your objections of "premature." As we discussed, we note that you may and in fact are required to answer as of the responsive date, or the admissions become deemed admitted; that requirement still allows for supplementing and amending responses at any time throughout discovery should new information come to light necessitating a different answer. Not answering, however, is not within the scope permitted by the Federal Rules.

Thanks, and as indicated we will let you know if we anticipate any further technical-related delays regarding migration of our prior production.

*Christina A. Jump*
Civil Litigation Department Head
Constitutional Law Center for Muslims in America
100 N. Central Expressway, Suite 1010
Richardson, TX 75080
(972) 914-2507 (main)

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at expect that you read, respond or follow up on my emails outside your hours of work.*

*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization



IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmi communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal o intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recip all copies.

**From:** Seth Corthell <scorthell@jaszczuk.com>
**Sent:** Tuesday, October 25, 2022 2:08 PM
**To:** Christina Jump <cjump@clcma.org>; Alyssa Morrison <amorrison@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Christina,

Just following up on this thread. Please correct me if I am mistaken, but I did not see anything from you last night.

Best,

4

Seth

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Friday, October 21, 2022 4:45 PM
**To:** Seth Corthell <scorthell@jaszczuk.com>; Alyssa Morrison <amorrison@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Thanks, you as well

*Christina A. Jump*
Civil Litigation Department Head
Constitutional Law Center for Muslims in America
100 N. Central Expressway, Suite 1010
Richardson, TX 75080
(972) 914-2507 (main)

I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at [times convenient to me], [I do not] expect that you read, respond or follow up on my emails outside your hours of work.

*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization

   

IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmi[ttal of this] communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal o[r disclosure by non-]intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipi[ent, please destroy] all copies.

---

**From:** Seth Corthell <scorthell@jaszczuk.com>
**Sent:** Friday, October 21, 2022 3:27 PM
**To:** Christina Jump <cjump@clcma.org>; Alyssa Morrison <amorrison@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Christina,

End of the day Monday is fine.

Have a Nice Weekend,

Seth

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Friday, October 21, 2022 3:12 PM
**To:** Seth Corthell <scorthell@jaszczuk.com>; Alyssa Morrison <amorrison@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Thanks, received, and my apologies that I just got out of a meeting and am seeing this for the first time. I did also see that you sent the link to the shared folder with our previous production – thank you for that.

In light of both just seeing this and knowing we now have those, but not having a chance to go through them other than to establish my user ID and login to access them, I'd like to review these before sending my email as it is possible a significant portion of what I was going to write to you may be affected. At a minimum, I can respond more completely by end of day Monday.

Let me know if you are ok with that. If not, I will send you basically an outline of our points with a few key supporting cases, with the caveat that I do still need to review what you just sent and what we previously produced. If you'd prefer to just get one more full response from me I am glad to do that by end of day Monday.

Thanks again, and I will look this over after my next meeting either way. We had a medical issue with a member of our staff at the office today which, while resolved positively, did take away time that I had anticipated having to devote to this.

*Christina A. Jump*
Civil Litigation Department Head
Constitutional Law Center for Muslims in America
100 N. Central Expressway, Suite 1010
Richardson, TX 75080
(972) 914-2507 (main)

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at expect that you read, respond or follow up on my emails outside your hours of work.*

*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization



IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmi communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal o intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipi all copies.

**From:** Seth Corthell <scorthell@jaszczuk.com>
**Sent:** Friday, October 21, 2022 1:49 PM
**To:** Alyssa Morrison <amorrison@clcma.org>; Christina Jump <cjump@clcma.org>

**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Christina and Alyssa,

Below is a rundown of items discussed during our meet and confers that we indicated we would provide you by today:

**Search Terms**
Attached is a list of search terms I prepared.

**Authority Regarding the Obligation to Identify ESI Sources**
Attached is a recent Northern District of Illinois case in which the Court ordered the Defendant to disclose data sources that may contain relevant ESI to assist the parties in creating a workable ESI protocol. *Cary v. Northeast Ill. Reg. I Commuter R.R. Corp.*, 2021 U.S. Dist. 31806, at *12-14 (Feb. 22, 2021). I am also attaching the Third Edition of the Sedona Principles on ESI Discovery. Comment 3.a recognizes that among the issues the parties should discuss early on is ". . . identification of data sources that will be subject to preservation and discovery . . ." *See* pp. 71-72.

**Reproduction of Jurisdictional Discovery Documents**
This morning, I added you to a ShareFile folder containing all of the documents that you produced to us during jurisdictional discovery. If you did not receive an email linking you to the folder, it can be accessed here: https://jaszczuk.sharefile.com/f/fo223c3f-8ca2-43cd-aabf-75692e903b26

**Revised RFP No. 3**
All documents relating to any statement of opinion, analyses, endorsement or position by AMP or AJP (or any representative), or espoused in any conference, meeting, event, social media post, website, blog, advertisement, solicitation, publication, fundraiser, chat session or communication sponsored, placed, posted or promulgated by AMP or AJP (or its representatives), regarding Hamas or the Muslim Brotherhood.

**Revised RFP No. 8**
All documents relating to any statement of opinion, analyses, endorsement or position by AMP or AJP (or any representative), or espoused in any conference, meeting, event, social media post, website, blog, advertisement, solicitation, publication, fundraiser, chat session or communication sponsored, placed, posted or promulgated by AMP or AJP (or its representatives), regarding the Palestinian Authority, perpetrators of terror attacks in Israel, the use of suicide bombings, rocket attacks or other violence to achieve political objectives, or the legitimacy of the State of Israel.

**Revisions to RFPs 17 and 20**
Plaintiffs will not revise these Requests at this time.

Best,

Seth

---

**From:** Seth Corthell
**Sent:** Wednesday, October 19, 2022 10:46 AM
**To:** Alyssa Morrison <amorrison@clcma.org>; Christina Jump <cjump@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Christina and Alyssa—

This will set forth our understanding of what we agreed to during our meet and confers on October 14 and 18, 2022 regarding the issues each party raised with the discovery responses.

**October 14 Meet and Confer Regarding Defendants' Discovery Responses**

- ***Withholding of Documents Based on Objections*:** Currently, Defendants maintain that they have collected and/or preserved all responsive documents, but Defendants are withholding documents based on their objection to producing post-2010 documents. That said, Defendants have not searched the post-2010 documents so they cannot specifically identify any documents that are being withheld. We do not agree to your proposed limitation of discovery to documents and information predating 2010. You have not articulated any burden to producing post-2010 documents and such documents are relevant to the claims at issue in this case. As the Seventh Circuit noted in its August 16, 2021 opinion, "in the context of terrorism financing non-profit organizations" factors like "overlap in leadership, same organizational purpose, similarity of operations, and unlawful motive or intent to escape liability" are more probative as to the issue of alter ego liability. *Boim v. Am. Muslims for Palestine*, 9 F.4th 545 (7th Cir. 2021). It is certainly reasonable to anticipate that information post-dating 2010 could shed light on these factors. Just as a quick example, if one or more of the leaders of IAP did not show up as a leader by 2010, but then did appear in subsequent years, we should be allowed to discover that information and seek additional discovery regarding whether and the degree to which those individuals were working behind the scenes in the 2005-2010 period.
- Finally, at this time, Defendants are not aware of any documents being withheld on the basis of any other stated objections.
- **Next Step:** We are at an impasse on Defendants' objection to producing post-2010 objections. Defendants will follow up by October 21 as to whether documents are being withheld on the basis of any other stated objections.

- ***Sufficiency of Search/Use of Search* Terms:** We discussed Defendants efforts to search for responsive information. You invited us to send you a list of search terms to be applied to any ESI searches you have run for this case. In addition, I inquired about the various steps Defendants took to search for responsive information. You were reticent to discuss the search process based on privilege/work product concerns and asked for authority to support my position as to information about the ESI search that should be disclosed to Plaintiffs.
- **Next Step:** Seth will send you a list of search terms and authority supporting his position as to ESI by October 21.

- ***Production of Documents*:** You indicated that Defendants do plan to produce a small number of documents that were not produced during jurisdictional discovery. However, you are currently unaware of what was produced during jurisdictional discovery because you no longer have access to those documents due to a cyber security issue at your firm. You requested that we reproduce those documents to you. We are internally discussing options for reproducing those documents.
- **Next Step:** We will follow up regarding the reproduction of jurisdictional discovery documents by October 21.

- ***Requests for Production 3 and* 8:** We will revise these requests to narrow the scope of potentially responsive information.
- **Next Step:** We will produce revised requests by October 21.

- ***Request for Production* 4:** You are currently unaware of what tax documents were previously produced because you no longer have access to the records. Once you receive a record of what was produced, you can explain any gaps in the records if such gaps exist.
- **Next Step:** We will follow up next week.

- ***Requests for Production 5 and* 6:** You will revise your response to explain why Jaber no longer has the requested records.
- **Next Step:** You will provide a revised response by October 31.

- ***Requests for Production 17 and 20***

8

- You maintained your objections to producing records of transfers of funds from AMP to AJP and documents concerning the 2015 fundraiser in Detroit.
- **Next Step:** Both parties will consider potential revisions to the request or the response and will follow up by October 21. That said, we will likely have to bring these issues to the Court.

**October 18 Meet and Confer Regarding Plaintiffs' Discovery Responses**

- *Verification of Interrogatory Responses:* We have agreed to provide verifications from our clients of our interrogatory responses no later than October 31, 2022.

- *Plaintiffs' Depositions***:**  We have agreed that you will take the depositions by video, with the Boims being located in Jerusalem (where I plan to be with them) and you being in the U.S.  You are not able to agree to taking less than seven hours for each of them, but have agreed to try to limit the time to the extent you can.  You have also agreed to go for no longer than four hours in a day and to take breaks as the Boims need them.  We will start with Stanley Boim on November 7 at 6:00 a.m. Central time and go for up to four hours.  To the extent you don't finish, you will complete the deposition beginning on November 8 at 6:00 a.m. Central time and going for as long as you need, with a maximum of seven hours of total deposition time.  We will then go through the same process with Joyce Boim, starting at 6:00 a.m. Central on November 9 and finishing, if necessary, on November 10.  You told me today that you do not care where the Boims are located (as long as it is a suitably private and confidential space) and I agreed to find an acceptable location.  You are still working on finding court reporter(s) and videographer(s) and will get back to me on that.

- *Requests for Production:*  We told you that we have about 60 boxes of documents (much of which are archived from the first Boim case), most or all of which could be viewed as responsive to your requests.  We offered to either copy them at your expense or have you come look at them. You said that you believe we are required to go through these boxes and separate which documents are responsive to each of your requests.  We have disagreed about this and you indicated that you expect to bring the issue to Judge Feinerman.

- *Privileged Documents***:** We discussed logging privileged documents and agreed that neither side needs to log communications that we have had with our clients.  Both of us are checking whether we have other documents that could be regarded as privileged.  Once we are further prepared on that topic, we will discuss further what, if anything, needs to be logged.

- *Cross References to Requests for Production and Interrogatory Responses***:** We agreed to supplement our responses to provide more substantive detail by October 31, 2022.

- *Interrogatory No. 8***:** We will amend our response to correct the typographical error.

- *References to the First Amended Complaint as Providing Factual Basis***:** We will supplement our answers by October 31, 2022.

- *Objections to the term "defunct"***:** We will withdraw this objection and supplement our answers to your discovery using that term.

- *Objections to Irrelevant Information***:** Where we have objected to discovery on the grounds of relevance, we will provide more specific reasoning for our response.  You have noted that an area of concern for you is as to third-party funding of fees or expenses.  You agreed to provide us with authority supporting your right to obtain that information.

- *Objections to discovery as "premature"***:** We will review our responses, withdraw this objection where appropriate and supplement the responses.  We continue to believe that this objection is appropriate in regard to requests to admit that seek admissions about the lack of evidence on certain points.  We continue to contend

that it is premature for us to admit to a lack of evidence on facts that are subject to discovery and that we should not have to admit or deny until we have had the opportunity to complete our discovery. You indicated that you disagree with that and will likely be raising the issue with Judge Feinerman.

Please let us know if you disagree with any of the summary set forth above or if there are other matters that I omitted or that you still want to discuss. Thank you for your time on the phone.

Best,

Seth

---

**From:** Alyssa Morrison <amorrison@clcma.org>
**Sent:** Monday, October 17, 2022 9:21 PM
**To:** Seth Corthell <scorthell@jaszczuk.com>; Christina Jump <cjump@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** Re: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Good evening gentlemen--

If you guys are still available for a call tomorrow at 9 am, we will be ready to jump back into discovery discussions. As with the prior call, please use the below conference line:

Phone Number: 605-313-5072
Code Number: 192551#

Thanks and talk soon--

*Alyssa F. Morrison* (she/her/hers)
Staff Attorney, Civil Litigation
Constitutional Law Center for Muslims in America

100 N. Central Expressway, Suite 1010

Richardson, TX 75080

(972) 914-2507 (main)


IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Seth Corthell <scorthell@jaszczuk.com>
**Sent:** Friday, October 14, 2022 11:15 AM
**To:** Christina Jump <cjump@clcma.org>; Alyssa Morrison <amorrison@clcma.org>

**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Christina,

Noon is fine with us.

Best,

Seth

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Friday, October 14, 2022 11:14 AM
**To:** Alyssa Morrison <amorrison@clcma.org>
**Cc:** Seth Corthell <scorthell@jaszczuk.com>; Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** Re: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Gentlemen: I am delayed picking up a prescription for my daughter.
Is it possible to delay till either noon or 2:00pm today so that I can be back at my desk for our call and better able to respond?

> On Oct 14, 2022, at 9:47 AM, Alyssa Morrison <amorrison@clcma.org> wrote:
>
> Seth and Dan--
>
> For today's call, can we please use the below conference line, as Christy and I are in different locations:
>
> > Phone Number: 605-313-5072
> > Code Number: 192551#
>
> Looking forward to speaking with you at 11:30 today--
>
> *Alyssa F. Morrison* (she/her/hers)
> Staff Attorney, Civil Litigation
> Constitutional Law Center for Muslims in America
>
> 100 N. Central Expressway, Suite 1010
>
> Richardson, TX  75080
>
> (972) 914-2507 (main)
>
> IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not

intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Wednesday, October 12, 2022 12:50 PM
**To:** Seth Corthell <scorthell@jaszczuk.com>; Alyssa Morrison <amorrison@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** RE: Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Thanks Seth.
We are good Friday at 11:30 am if that still works for you.

Also, prior to that (possibly late today but definitely before end of day tomorrow) we will send you a letter outlining the deficiencies we perceive in Plaintiffs' responses as well.

Thanks.

*Christina A. Jump*
Civil Litigation Department Head
Constitutional Law Center for Muslims in America
100 N. Central Expressway, Suite 1010
Richardson, TX 75080
(972) 914-2507 (main)

I work across multiple time zones and may send emails outside of standard business hours. Although I send e... expect that you read, respond or follow up on my emails outside your hours of work.

*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization



**IMPORTANT:** Emails to clients of this office presumptively and normally contain confidential and privileged m... Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re... communication is prohibited without our express approval in writing or by email. Any use, distribution, trans... intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intende... all copies.

**From:** Seth Corthell <scorthell@jaszczuk.com>
**Sent:** Tuesday, October 11, 2022 1:45 PM
**To:** Christina Jump <cjump@clcma.org>; Alyssa Morrison <amorrison@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Subject:** Stanley Boim et al., v. American Muslims for Palestine, et al., 1:17-cv-03591

Counsel,

Attached is a letter outlining deficiencies from Defendants' responses to our first set of requests to produce. Please let me know your availability for a meet and confer regarding the same. I am currently available all day tomorrow. Thursday I am available from 2pm CT on and Friday I am available from 11am CT on.

Regards,

Seth Corthell

**Jaszczuk P.C.**
311 S. Wacker Drive, Suite 2150
Chicago, IL  60606
312-442-0401
scorthell@jaszczuk.com
www.jaszczuk.com