**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 17-cv-03591 |
| v. | ) ) | **Hon. Andrea R. Wood** |
| AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION, RAFEEQ JABER | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Christina A. Jump
Samira S. Elhosary
Constitutional Law Center for
Muslims in America
100 N. Central Expy. Ste 1010
Richardson, TX 75080
(972) 914-2507

Local Counsel
Thomas A. Durkin
Durkin & Roberts
2446 North Clark Street
Chicago, IL 60614
(312) 913-9300

# TABLE OF CONTENTS

I.  **Defendants Reasonably Request Proper Verifications, But Still Do Not Have Them** ..... 1

   A.  Plaintiffs' Verifications Provided To Date Still Do Not Suffice ........................................... 1

   B.  Plaintiffs Cannot and Do Not Sufficiently Justify the Lack of Proper Verifications .......... 2

   C.  Plaintiffs Cite to Cases Which Do Not Absolve Their Obligation to Verify ...................... 4

II.  **Plaintiffs Have Yet to Produce A Single Document Through Any Discovery Response.** 7

   A.  Plaintiffs Have Had Plenty of Time to Contemplate Documents Supporting Their Claims .. ............................................................................................................................................. 7

   B.  Plaintiffs Must Identify Documents Responsive to Each Request, Like Defendants Did ... 8

   C.  Plaintiffs' References to "Tens of Thousands of Documents" in "60 Boxes" Do Not Suffice ................................................................................................................................ 10

   D.  Plaintiffs' Cited Authority Contradicts Their Position ...................................................... 11

   E.  Plaintiffs' References to Unidentified "Publicly Available" Documents Fail As Well ..... 13

III.  **Plaintiffs Cannot Continue to Avoid Answering Admissions By Calling Them "Premature"** ................................................................................................................................. 14

   A.  The Obligations of Responding Parties Under Rule 36 Are Clear, and Promote Efficiency. ........................................................................................................................................... 14

   B.  Plaintiffs Cannot Avoid Responding Until Discovery Ends ............................................. 15

   C.  Plaintiffs Misrepresent the Holdings of Their Cited Cases ............................................... 17

IV.  **Plaintiffs Cannot Preclude Inquiries Into Third Party Funding By Simply Concluding That They Don't Find it Relevant** ....................................................................... 17

**CONCLUSION** ............................................................................................................................. 21

**CERTIFICATE OF SERVICE** ................................................................................................... 21

# TABLE OF AUTHORITIES

**Circuit Court Cases**

*DeBruyne v. Eq. Life Assurance Soc.*
   920 F.2d 457 (7th Cir. 1990) ........................................................................... 5-6

*Martino v. Kiewit N.M. Corp.*
   600 F. App'x 908 (5th Cir. 2015) ...................................................................... 13

*Pfeil v. Rogers*
   757 F.2d 850 (7th Cir. 1985) ............................................................................. 6

**District Court Cases**

*Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*
   194 F.R.D. 76 (W.D.N.Y. 2000) ....................................................................... 15

*Buchanan v. Chi. Transit Auth.*
   2016 U.S. Dist. LEXIS 168983 (N.D. Ill. Dec. 7, 2016) ................................... 14

*Cannon v. Burge*
   2010 WL 3714991 (N.D. Ill. Sept. 14, 2010) ..................................................... 8

*Cary v. Ne. Ill. Reg'l Commuter R.R. Corp.*
   2021 U.S. Dist. LEXIS 31806 (N.D. Ill. Feb. 22, 2021) .................................... 11

*Ceszyk v. Cuneo*
   1990 U.S. Dist. LEXIS 6571 (N.D. Ill. May 31, 1990) ....................................... 2

*Charvat v. Valente*
   82 F. Supp. 3d 713 (N.D. Ill. 2015) .................................................................... 8

*Chi. Dist Council of Carpenters Pension Fund v. P.M.Q.T., Inc.*
   169 F.R.D. 336 (N.D. Ill. 1996) ........................................................................ 14

*Craig v. PopMatters Media, Inc.*
   448 F. Supp. 3d 844 (N.D. Ill. 2020) ............................................................ 16-17

*Data Mgmt. Ass'n Int'l, L.L.C. v. Enter. Warehousing Sols., Inc.*
   2022 U.S. Dist. LEXIS 118715 (N.D. Ill. Mar. 10, 2022) ................................ 1, 3

*EEOC v. Supervalu, Inc.*
   2010 U.S. Dist. LEXIS 129744 (N.D. Ill. Dec. 7, 2010) ...................................... 3

*Eli Lilly & Co. v. Arch Ins. Co.*
   2017 U.S. Dist. LEXIS 105833 (S.D. Ind. July 10, 2017) .................................... 6

*In re Folding Carton Antitrust Litig.*
83 F.R.D. 256 (N.D. Ill. 1979) ........................................................ 15

*Geer v. Cox*
2003 U.S. Dist. LEXIS 2737 (D. Kan. Feb. 19, 2003) ........................................ 15

*Ghazi v. Fiserv, Inc.*
904 F. Supp. 823 (N.D. Ill. 1995) ........................................................ 5

*Guadalupe v. City of N.Y.*
2016 U.S. Dist. LEXIS 83872 (S.D.N.Y. June 24, 2016) ........................................ 14

*In re H & R Block Mortg. Corp.*
2007 U.S. Dist. LEXIS 7104 (N.D. Ind. Jan. 30, 2007) ........................................ 15

*Hatchett v. UPS*
2014 U.S. Dist. LEXIS 199152 (D.N.M. Oct. 1, 2014) ........................................ 15

*Haywood v. Wexford Health Sources, Inc.*
2021 U.S. Dist. LEXIS 104363 (N.D. Ill. June 3, 2021) ........................................ 11

*Huthnance v. District of Columbia*
255 F.R.D. 297 (D.D.C. 2008) ........................................................ 14

*Knights v. Williams*
2005 U.S. Dist. LEXIS 15526 (N.D. Ill. July 28, 2005) ........................................ 6

*Kodish v. Oakbrook Terrace Fire Prot. Dist.*
235 F.R.D. 447 (N.D. Ill. 2006) ........................................................ 8, 9

*LaFlamboy v. Landek*
587 F. Supp. 2d 914 (N.D. Ill. 2008) ........................................................ 6

*Lundborg v. Weiss*
2015 U.S. Dist. LEXIS 132183 (N.D. Ill. Sept. 29, 2015) ........................................ 17

*Mervyn v. Atlas Van Lines, Inc.*
2015 U.S. Dist. LEXIS 144376 (N.D. Ill. Oct. 23, 2015) ........................................ 10

*Miller UK Ltd. v. Caterpillar, Inc.*
17 F. Supp. 3d 711 (N.D. Ill. 2014) ........................................................ 17, 18

*Morgan v. Safeway Inc.*
2012 U.S. Dist. LEXIS 81045 (D. Md. June 11, 2012) ........................................ 13

*In re Muscatell*
106 B.R. 307 (Bankr. M.D. Fla. 1989) ........................................................ 5

*Ochoa v. Empresas ICA, S.A.B. de C.V.*
2012 U.S. Dist. LEXIS 111177 (S.D. Fla. Aug. 8, 2012) ........................................ 13

*Payless Shoesource Worldwide, Inc. v. Target Corp.*
  2006 U.S. Dist. LEXIS 53634 (D. Kan. Aug. 2, 2006) ........................................................ 15

*Perez v. Arcobaleno Pasta Machs., Inc.*
  261 F. Supp. 2d 997 (N.D. Ill. 2003) .................................................................................. 17

*Phillips v. Hanover Ins. Co.*
  2015 U.S. Dist. LEXIS 51301 (W.D. Okla. Apr. 20, 2015), n.1 ........................................... 13

*Pittsfield Dev., L.L.C. v. City of Chi.*
  2021 U.S. Dist. LEXIS 258261 (N.D. Ill. Nov. 15, 2021) ..................................................... 16

*RAH Color Techs. L.L.C. v. Quad Graphics*
  2018 U.S. Dist. LEXIS 113365 (E.D. Wis. July 9, 2018) ......................................................... 1

*Ropak Corp. v. Plastican, Inc.*
  2006 U.S. Dist. LEXIS 63224 (N.D. Ill. Aug. 15, 2006) ................................................. 11, 12

*Sabra v. Pompeo*
  453 F. Supp. 3d 291 (D.D.C. 2020) ................................................................................... 4, 6

*Schaap v. Exec. Indus., Inc.*
  130 F.R.D. 384 (N.D. Ill. 1990) ........................................................................................... 3

*Shatsky v. Syrian Arab Republic*
  312 F.R.D. 219 (D.D.C. 2015) ........................................................................................ 12, 18

*In re Sulfuric Acid Antitrust Litig.*
  231 F.R.D. 351 (N.D. Ill. 2005) ......................................................................................... 11

*Trapaga v. Cent. States Joint Bd. Local 10*
  2007 U.S. Dist. LEXIS 23438 (N.D. Ill. Mar. 30, 2007) ......................................................... 5

*U.S. EEOC v. Dolgencorp, L.L.C.*
  2014 U.S. Dist. LEXIS 102933 (N.D. Ill. July 29, 2014) ......................................... 10, 11, 17

*U.S. SEC v. Stifel, Nicolaus & Co.*
  2016 U.S. Dist. LEXIS 113012 (E.D. Wis. Aug. 24, 2016) ................................................... 14

*United States v. Cohen*
  2012 U.S. Dist. LEXIS 11627 (C.D. Ill. Jan. 31, 2012) .......................................................... 6

*Villareal v. El Chile, Inc.*
  266 F.R.D. 207 (N.D. Ill. 2010) ........................................................................................... 3

**United States Code**

28 U.S.C. § 1746 ............................................................................................. 2, 4, 5, 6

**Rules**

Fed. R. Civ. P. 10 ..................................................................................................... 9

Fed. R. Civ. P. 11 ................................................................................................. 2-3

Fed. R. Civ. P. 12 ..................................................................................................... 7

Fed. R. Civ. P. 26 ............................................................................................ *passim*

Fed. R. Civ. P. 33 ............................................................................................ *passim*

Fed. R. Civ. P. 34 ............................................................................................ *passim*

Fed. R. Civ. P. 36 ............................................................................................ 13, 14

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

In reply to Plaintiffs' Response to Defendants' Motion to Compel Discovery Responses (Dkts. 276-1 and 280), Defendants Rafeeq Jaber and AMP/AJP ("Entity Defendants) now articulate how Plaintiffs miss the mark in their Response, and still need to produce and respond as indicated below.

**I.      Defendants Reasonably Request Proper Verifications, But Still Do Not Have Them**

"Federal Rule of Civil Procedure 33(b)(5) states that a person answering interrogatories must sign them. Fed. R. Civ. P. 33(b)(5)." *RAH Color Techs. LLC v. Quad Graphics*, No. 18-CV-87-JPS-JPS, 2018 U.S. Dist. LEXIS 113365, at *2 (E.D. Wis. July 9, 2018).  Defendants merely ask that Plaintiffs comply with the Federal Rules and do just that.  "According to the Federal Rule of Civil Procedure, '[e]ach interrogatory must... be answered separately and fully in writing under oath' and 'the person who makes the answers must sign them, and the attorney who objects must sign any objections.' (Fed. R. Civ. P. 33(b)(3), 33(b)(5))." *Data Mgmt. Ass'n Int'l, LLC v. Enter. Warehousing Sols., Inc.*, No. 20-C-4711, 2022 U.S. Dist. LEXIS 118715, at *7 (N.D. Ill. Mar. 10, 2022).

A.    Plaintiffs' Verifications Provided To Date Still Do Not Suffice

Plaintiffs do not identify a single individual with knowledge to verify their interrogatory responses, and the two versions of verifications they have provided fall far below the required mark. The relevant timeline here is simple:

- **May 12, 2017**: Plaintiffs filed their Original Complaint against Defendant Jaber and the Entity Defendants, along with other individual defendants they later dismissed (Dkt. 1);
- **December 17, 2019**: Plaintiffs filed their First Amended Complaint (Dkt. 179);
- **August 17, 2022**: Both Defendant Jaber and the Entity Defendants served discovery requests, including Interrogatories, on Plaintiff Stanley Boim;
- **September 16, 2022**: Plaintiffs responded to the requests, including Interrogatories, but with no verifications provided (Dkt. 276-2 at Ex. A);
- **October 31, 2022**:  Plaintiffs filed Supplemental Responses, including to the two sets of Interrogatories from Defendants (Dkt. 276-2 at Ex. A, pp. 39 – 48);

- **October 31, 2022**:  Plaintiffs provided verifications for the first time, signed by Joyce Boim (who resides in Israel), and dated October 18, 2022, but with no language attesting that the verifications were signed under penalty of perjury under the laws of the United States (Dkt. 276-2 at Ex. B, pp. 50 - 51);
- **November 7, 2022**:  Defendants began the remote deposition of Plaintiff Joyce Boim, who testified that "that's true" that she does "not have knowledge personally as to any allegations that take place in time ... [f]rom the end of the fi[r]st [sic] lawsuit going forward" and both she and Plaintiffs' counsel stipulated that "you don't personally know of any facts that connect[] AMP/AJP or Rafeeq Jaber to the first lawsuit" (Dkt. 276-2 at Ex. D, pp. 58 – 66);
- **December 28, 2022 (10:06 p.m.)**: Plaintiffs emailed an attachment purporting to be a revised verification by Joyce Boim; defense counsel could not open the attachment and responded at 10:27 p.m. that day, as well as the following day, that the document was not readable on multiple devices, and requesting a PDF (Ex. A, attached, emails between counsel).
- **December 28, 2022**: Plaintiffs filed their Response to Defendants' Motion to Compel, claiming to have provided a sufficient verification by that point (Dkt. 280 at 4); and
- **December 30, 2022**:  Plaintiffs first provided a PDF of the second verification signed by Joyce Boim dated only "December 19" with no year, which also failed to contain any language attesting that it was signed under penalty of perjury *under the laws of the United States*.  Defense counsel notified Plaintiffs' counsel of these issues via email. (Ex. B, attached, Second Verification and corresponding email chain between counsel).

B. <u>Plaintiffs Cannot and Do Not Sufficiently Justify the Lack of Proper Verifications</u>

Despite Plaintiffs' multiple opportunities to provide proper verifications and their continued failure to do so, the undisputed obligation under Rule 33 remains on the responding party. Fed. R. Civ. P. 33(a); *see also* 28 U.S.C. § 1746 ("Section 1746").  Instead, Plaintiffs argue both that (1) neither Plaintiff should need to verify anything because they don't have factual knowledge—yet they fail to identify else anyone who does—and (2) that the language of Section 1746 is not as stringent as Defendants represent.  Dkt. 280 at 3 - 5.  Both of these arguments fail.

First, defendants against whom plaintiffs bring a lawsuit have the right to ask for information regarding the basis of the accusations made against them.  "A plaintiff may not file a claim without making a reasonable inquiry to determine that the claim is well grounded in fact." *Ceszyk v. Cuneo*, No. 88 C 7863, 1990 U.S. Dist. LEXIS 6571, at *6-7 (N.D. Ill. May 31, 1990)

2

(citing Fed. R. Civ. P. 11). "Therefore, [a plaintiff] must *answer* the interrogatories posed to the best of her ability. Incantation of the phrase 'the facts are public record' does not shield [a plaintiff] of this responsibility." *Id*. (emphasis in original).

Further, Plaintiffs cannot obviate the need to provide verifications for Interrogatory responses simply because they readily admit to their lack of personal knowledge. Plaintiffs may either verify as to what they do know, or identify someone with knowledge of the relevant response who can provide a proper verification. *See EEOC v. Supervalu, Inc.*, No. 09-cv-5637, 2010 U.S. Dist. LEXIS 129744, *15-*19 (N.D. Ill. Dec. 7, 2010) (recognizing the importance of properly verified Rule 33 responses to interrogatories and ordering the plaintiff EEOC to provide verifications from the individual plaintiffs themselves, or have an attorney verify the steps taken to locate the proper factual answer and why no plaintiff's verification existed, if it did not). "The mere fact that [party] will be required to expend a considerable amount of time, effort or expense in answering the interrogatories is not a sufficient reason to preclude discovery." *Id*. at *7 (quoting *Schaap v. Exec. Indus. Inc*., 130 F.R.D. 384, 387 (N.D. Ill. 1990)).

And the failure to provide a sworn verification in support of interrogatory answers proves just as fundamental. Plaintiffs' Response in effect "asks whether the party propounding interrogatories has a right to insist on full answers sworn under oath and signed by the responding party, for purposes of obtaining both information and evidence. Under the plain language of Rule 33(b), the answer to that question is yes." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010). Nor does claiming the need to wait until all discovery is complete suffice, as Plaintiffs intimate. Dkt. 280 at 7. That timing "is unacceptable." *Data Mgmt. Ass'n Int'l, LLC v. Enter. Warehousing Sols., Inc*., 2022 U.S. Dist. LEXIS 118715, at *7 (N.D. Ill. March 10, 2022). As

cited above, Fed. R. Civ. P. 33(b)(3) makes clear that "[e]ach interrogatory must ... be answered separately and fully in writing under oath."

Even this Court, in this matter, previously noted that in order to properly constitute sworn testimony under oath, statements must meet the specific criteria of Section 1746. *See* Dkt. 94 at 5-6 (Schenkier, J.) ("... if you're going to use declarations, for them to have the effect of an affidavit or other testimony on oath, it has to comply with the specific formal requirements of Section 1746"); *see also Buchanan v. Chi. Transit Auth.*, 2016 Dist. LEXIS 168983, at *5-7 (N.D. Ill. Dec. 7, 2016) (ordering the responding party to provide an amended response to interrogatories "and a verification of the same", recognizing that "Rule 33(b) sets forth the general proposition that each interrogatory 'must' be answered 'fully in writing under oath,' and the 'person who makes the [interrogatory] answers must sign them'" with the only exception being the production and specific identification of business records in lieu of an answer, if the specified records clearly provide the responsive information themselves); *Sabra v. Pompeo*, 453 F. Supp. 3d 291, 322 n.11 (D.D.C. 2020) (delineating the specific requirements of Section 1746(1) as to declarants outside the United States as "provid[ing] specific language for declarations: 'If executed without the United States: 'I declare (or certify, verify, or state) under penalty of perjury *under the laws of the United States of America* that the foregoing is true and correct. Executed on (date). (Signature)'.' 28 U.S.C. § 1746(1)") (emphasis in cited opinion). The requirements of the Federal Rules of Civil Procedure are clear. Defendants ask only that Plaintiffs be held to the same standard as all others and made to abide by them.

C. <u>Plaintiffs Cite to Cases Which Do Not Absolve Their Obligation to Verify</u>

Plaintiffs' Response vacillates between believing that a declared admitted lack of knowledge of the allegations made in their First Amended Complaint excuses Plaintiffs from the

4

obligations of Rule 33(a), and partially quoting cases to give the misleading impression that Section 1746 does not actually contain mandatory language in its requirements. Dkt. 280 at 3-4. But neither argument absolves Plaintiffs from the obligations of the Federal Rules of Civil Procedure.

Plaintiffs cite to *Trapaga v. Cent. States Jt. Bd. Local 10*, No. 05-cv-5742, 2007 LEXIS 23438 (N.D. Ill. Mar. 30, 2007) as potentially allowing them a way out of the requirements of Section 1746. *Trapaga* does no such thing. Plaintiffs quote the language in *Trapaga* at *11 (Dkt. 280 at 4), yet omit the immediately following "however" language used by the court in *Trapaga* in its very next sentence: "As noted by the court in *In re Muscatell*, 106 B.R. 307, 309 (Bankr. M.D. Fla. 1989), however, the 'under penalty of perjury' language appears elsewhere in the statute. Preceding the example, § 1746 specifically states that an unsworn declaration must be 'in writing of such person which is subscribed by him, as true under penalty of perjury ... The *Muscatell* court thus concluded that an unsworn declaration will not satisfy § 1746 unless it both states that the writing is true and 'includes the phrase 'penalty of perjury.'''" *Trapaga*, 2007 U.S. Dist. LEXIS 23438 at *12 (Pallmeyer, J.) (quoting *Muscatell*, 106 B.R. at 309 and 28 U.S.C. § 1746). The *Trapaga* court then held that "this court, like the court in *Muscatell,* finds persuasive the fact that preceding the sample verification statement that a declarant need only 'substantially' follow, § 1746 explicitly requires an unsworn declaration to be 'in writing of such person which is subscribed by him, as true *under penalty of perjury*'[.]" *Trapaga*, 2007 U.S. Dist. LEXIS 23438 at *15 (emphasis in original). The *Trapaga* court also cited with approval *Ghazi v. Fiserv, Inc.*, 904 F. Supp. 823, 827 (N.D. Ill. 1995) (rejecting two purported affidavits as not properly stating the contents were true under penalty of perjury) and *DeBruyne v. Eq. Life Assurance. Soc.,* 920 F.2d 457, 471 (7th Cir. 1990) (holding that unsworn declarations must subject the declarant to

penalties of perjury). *See also LaFlamboy v. Landek*, 587 F. Supp. 2d 914, 923 n.8 (N.D. Ill. 2008) (declarations are insufficient if not compliant with Section 1746); *Knights v. Williams*, No. 02-C-5017, 2005 U.S. Dist. LEXIS 15526, at *9 (N.D. Ill. July 28, 2005) (citing *Pfeil v. Rogers,* 757 F.2d 850, 859 (7th Cir. 1985)) (recognizing that "compliance with 28 U.S.C. § 1746 is mandatory and fundamental, not a 'non-substantive' requirement").

And not one of Plaintiffs' arguments in their Response nor cases cited therein address the requirements of 28 U.S.C. § 1746(1), which specifically apply to affiants who are not within the United States, like Ms. Boim. *See* Dkt. 280 at 3 -5; *Sabra,* 453 F. Supp. 3d at 322 n.11. Courts within the Seventh Circuit consistently hold that where a witness is outside the United States when a statement is executed, it must contain the "under the laws of the United States" language to suffice. *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-cv-01770-LJM-TAB, 2017 U.S. Dist. LEXIS 105833, at *17 (S.D. Ind. July 10, 2017). In *Eli Lilly*, the court noted that "while the Affidavits need not contain the exact language found within 28 U.S.C. § 1746(1), they must substantially follow the form set forth in that section. 28 U.S.C. § 1746. In 28 U.S.C. § 1746, the form used for declarations or affidavits executed outside the United States is only distinguishable from those executed within the United States by requiring language specifying that the affiant or declarant is subject to the penalties of perjury 'under the laws of the United States of America.' *See id.* Therefore, a declaration or affidavit executed outside of the United States must include substantially similar language in order to comply with 28 U.S.C. § 1746." *Id.*; *see also United States v. Cohen*, No. 08-3282, 2012 U.S. Dist. LEXIS 11627, at *14-18 (C.D. Ill. Jan. 31, 2012) (limiting testimony which, while sworn in another jurisdiction, was not made under penalty of perjury under the laws of the United States).

No dispute exists that Ms. Boim, and in fact both Plaintiffs, reside in Israel. No dispute exists that Ms. Boim executed the two verifications provided to date while in Israel. And no dispute exists that Plaintiffs have yet to include the required language recognizing that at least one of the Plaintiffs provides a verification "under penalty of perjury under the laws of the United States." Without that, the verifications provided to date have no value.

## II.  Plaintiffs Have Yet to Produce A Single Document Through Any Discovery Response

### A.  Plaintiffs Have Had Plenty of Time to Contemplate Documents Supporting Their Claims

As set forth in Defendants' Response to Plaintiffs' Motion to Compel (Dkt. 281 at 1-3),[1] this case is more than five years old. While the concept of having to be the ones responding to discovery requests in this matter may be new to Plaintiffs as of 2022, the known need to at some point back up their claims against these Defendants with more than just allegations that would suffice "if proven" or "if true" should not come as a surprise.[2]  *See* Dkt. 280 at 3, 7, 8. Plaintiffs drafted their governing Amended Complaint years ago, in 2019. Defendants' requests for Plaintiffs to identify the documents which Plaintiffs believe support their claims in this matter should not catch them off guard. In fact, the Federal Rules of Civil Procedure required their production already. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring that parties "must, without awaiting a discovery request, provide to the other parties ... a copy --- or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and *may* use to support its claims or defenses") (emphasis added); Fed. R. Civ. P. 26(a)(2)(E) (listing "Unacceptable

---

[1] To the extent the discovery arguments overlap or compliment each other and the Court may find it useful, Defendants incorporate by reference the facts and arguments from its Response (Dkt. 281) and this Reply to be used interchangeably.

[2] Despite Plaintiffs' implications to the contrary, jumping over Rule 12 hurdles to get to the point of discovery where the parties are now does not guarantee that Plaintiffs win any prizes at this stage. Because they got past the Rule 12 stage, it is in the past; they now must meet the merits stage standards. Plaintiffs now must prove and produce, instead of merely alleging and insinuating as they have done up to this point.

Excuses" as including that "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures").

Consistent with Rule 26, Fed. R. Civ. P. 34 governs requests for production of documents and electronic data, and allows for parties to "serve on any other party a request within the scope of Rule 26(b)[.]" After receiving a request, the responding party "must organize and label [the responsive documents] to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

Yet Plaintiffs now complain, more than three years after filing their current Complaint, that "Plaintiffs have not yet determined which documents they will introduce as evidence at trial in this matter" and repeatedly respond that "investigation continues," therefore believing themselves justified in not producing or identifying even one specific document in their discovery responses.  Dkt. 280 at 10.  Plaintiffs miss the point of federal discovery.  "The Federal Rules of Civil Procedure allow parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'"  *Charvat v. Valente*, 82 F. Supp. 3d 713, 716 (N.D. Ill. 2015) (quoting Fed. R. Civ. P. 26(b)(1)).  "The federal discovery rules are liberal in order to assist in trial preparation and settlement." *Cannon v. Burge*, No. 05 C 2192, 2010 WL 3714991, at *1 (N.D. Ill. Sept. 14, 2010).  "The burden rests upon the objecting party to show why a particular discovery request is improper."  *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

B.  Plaintiffs Must Identify Documents Responsive to Each Request, Like Defendants Did

Defendants ask that Plaintiffs identify the documents Plaintiffs believe support each of the identified contentions contained in their Amended Complaint.  Dkt. 276-2 at 12-15 and 30-34.  In each of their Responses, Plaintiffs do not make a single objection to either Defendant Jaber's Requests for Production or to Entity Defendants' Requests for Production.  *Id*.  Despite wholly failing to object to

any Request, Plaintiffs reference only "publicly available documents filed in the original *Boim* action against the Judgment Defendants," state that they "continue to assemble documents supporting" their allegations, and state simply and repeatedly that "investigation continues." *Id*. Plaintiffs produce nothing and have still produced no responsive documents to date, and Plaintiffs further fail to even identify any specific responsive documents or electronic data. *Id*. These responses to not comply with the requirements of Rule 34, as counsel for Defendants repeatedly identified in discussions prior to filing the pending Motion to Compel. Dkt. 276-2 at Ex. E, Email confirming October 18, 2022 teleconference between counsel.

For the first time in their Response, Plaintiffs assert that Defendants' Requests for Production "are about as broad as they could be" and allege they are only willing "to copy the entire set of potentially responsive materials (at Defendants' expense)" – correctly noting that Defendants declined this "offer." Dkt. 280 at 10, 11. Plaintiffs themselves describe the trove of "potentially responsive" materials as constituting "tens of thousands of documents that they obtained from the original *Boim* litigation." *Id*. at 10. Plaintiffs can neither assert an objection for the first time in a response to a motion to compel when they did not timely object to any requests, nor can they obfuscate their duty to identify responsive documents—not just "potentially" responsive documents—with particularity as to each request made. Fed. R. Civ. P. 34(b)(2)(E)(i).

Defendants ask no more than what Defendants have already done themselves. For each of Defendants' responses to requests for production received from Plaintiffs in this matter, Defendants complied with the language of Fed. R. Civ. P. 34(b)(2)(C) and Notes of Advisory Committee on 1970 Amendment ("describing each with reasonable particularity") and 2015 Amendment ("An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. Examples would be a statement

9

that the responding party will limit the search to documents or electronically stored information created within a given time period prior to the events in suit"). *See* Dkt. 272-1 and 272-5, Defendants' Responses and Supplemental Responses. Instead of just refusing to respond, Defendants identified what they believe to be the non-objectionable timeframe (after making timely objections), and answered according to that non-objectionable timeframe. *Id*. And Defendants identified, by specific Bates label ranges for each Request, all documents and electronic data previously produced or produced as a supplement which respond to each specific Request.[3] Plaintiffs make no comparable effort at compliance, despite initiating this lawsuit in the first place, and hope instead that this Court believes their claim that "it is Defendants who should bear the burden of vast amount[s] of discovery they have initiated." Dkt. 280 at 11. Both Rules 26 and 34 require that Plaintiffs do far more than their minimal, objection-free responses to date.

C. Plaintiffs' References to "Tens of Thousands of Documents" in "60 Boxes" Do Not Suffice

As identified above, Plaintiffs reference the lot of "potentially responsive" documents which may or may not be relevant in this matter as comprising "tens of thousands of documents that they obtained from the original *Boim* litigation[.]" Dkt. 280 at 10. But the burden rests on Plaintiffs as the responding party to identify actually responsive documents, for each request. "[T]he responding parties must bear the expense of complying with discovery requests" unless they demonstrate some compelling

---

[3] By way of one example only, so as not to repetitiously burden this Court, Defendants respond to Plaintiffs' 2022 Request No. 19 with an objection identifying the applicable non-objectionable scope, then a responsive portion identifying categories of documents not in Defendants' possession (documents relating to the Judgment Debtors' conferences), followed by delineation to "please see content contained within the full archives of the relevant Twitter and Facebook accounts, previously produced, and the relevant historic website pages produced in this matter (documents bates labeled 002661 – 004409 and separately produced zip files). As a supplement to previous production as to events held by Entity Defendants, with no relation to IAP, please see previously produced documents bates labeled 005443 – 005517. Furthermore, please see the deposition exhibits previously presented by counsel for Plaintiffs in this matter, many of which purport to be early programs from AMP conventions." Dkt. 272-5 at 19.

reason to alter that presumption. *United States EEOC v. Dolgencorp, LLC,* No. 13-cv-04307, 2014 U.S. Dist. LEXIS 102933, at *11-13 (N.D. Ill. July 29, 2014) (Wood, J.). Plaintiffs fail to articulate any reasons like that here. *See, e.g., Mervyn v. Atlas Van Lines, Inc.,* No. 13-C-3587, 2015 U.S. Dist. LEXIS 144376, at *15-17 (N.D. Ill. Oct. 23, 2015) (explaining that a party "failed to show why production" or review of "several thousand documents" created an undue burden). Contrary to showing any inaccessibility of the potentially responsive documents, Plaintiffs instead make clear that Plaintiffs' counsel has "maintained [the prior litigation documents] in the same boxes and the same order since they [were] first received". Dkt. 280 at 10; *see also Haywood v. Wexford Health Sources*, Inc., No. 16-cv-3566, 2021 U.S. Dist. LEXIS 104363, at *2, *14 (N.D. Ill. June 3, 2021) (recognizing the "voluminous production of non-responsive, irrelevant documents" which were "not indexed or labeled ... and not designated as to which request each document is supposed to be responsive to, as required by Rule 34," and awarding fees where the requesting party had to spend hours reviewing documents to attempt to determine their responsiveness, which the responding party should have identified originally). And "stored documents" are not the same as "storing documents in the regular course of business" under Rule 34. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 361, 363 (N.D. Ill. 2005) (citing the 1980 changes to Rule 34 to demonstrate the risk of unduly burdensome inspection of document production, when documents were not stored in the normal course of business). "Accordingly, [Plaintiffs] shall bear [their]own cost of producing the discovery addressed in this Motion." *Dolgencorp, LLC*, 2014 U.S. Dist. LEXIS 102933, at *13.

D. <u>Plaintiffs' Cited Authority Contradicts Their Position</u>

Plaintiffs cite to *Cary v. Ne. Ill. Reg'l Commuter R.R. Corp*, No. 19 C 3014, 2021 U.S. Dist. LEXIS 31806 (N.D. Ill. Feb. 22, 2021) in support of their positions on the discovery issues pending before this Court, but *Cary* supports Defendants' position in this Motion. The *Cary* court held that

"[t]here simply is no basis in the record for the Court to order Plaintiff to pay half of Defendant's costs for producing its own [Rule 34 responses] in this case at this time. Accordingly, the Court will not require Plaintiff to do so. If there is a credible, supportable reason for the Court to do so in the future based on solid information and numbers, the Court can, if necessary, revisit the issue." *Cary*, 2021 U.S. Dist. LEXIS 31806, at *16.

Plaintiffs further rely on *Ropak Corp. v. Plastican, Inc.*, No. 04 C 5422, 2006 U.S. Dist. LEXIS 63224 (N.D. Ill. Aug. 15, 2006). Dkt. 280 at 11. Plaintiffs cite this case as support for their position that they need not produce a single document and meet their burden simply by "making available" the "tens of thousands" of "potentially responsive" documents in their possession. But that is not at all what the *Plastican* court ordered. In *Plastican*, the court ordered the defendant to produce "all that it can produce." *Id*. at *20. Only when the defendant recognized that it still had not produced purchase orders and bills of lading, specifically deemed relevant by the court, did the court order that *Plastican* could either copy and produce the remaining documents or make them available, as long as indexed and tabbed as maintained in the regular course of business. *Id*. at *21 n.10. That is not the situation here, where Plaintiffs still refuse to even identify which documents are relevant, let alone to which request they relate. Rule 34 and the Committee notes to it specifically condemn the practice where "parties deliberately [] mix critical documents with others in the hope of obscuring significance." Fed. R. Civ. P. 34, Notes of Advisory Committee on Rules – 1980 Amendment. In fact, the *Plastican* court ordered the defendant to "reimburse [the opposing party] for the costs associated with researching and drafting the motion to compel and supporting memorandum" among other costs—hardly a ringing endorsement of its conduct in discovery. *Plastican*, 2006 U.S. Dist. LEXIS 63224, at *25. Noteworthy, the *Plastican* court also observed that the responding party "has avoided substantive responses on interrogatories and requests to admit, [and] has asserted no justifiable basis for this position." *Id*. at

12

*7. The court then ordered the responding party to provide verified interrogatory responses and properly admit or deny each of the requests for admissions it had received, instead of improperly objecting to them. *Id*.

E. Plaintiffs' References to Unidentified "Publicly Available" Documents Fail As Well

On a final note regarding Plaintiffs' deficient responses to requests for production, other courts regularly recognize that vague references to publicly available documents, as Plaintiffs do in their responses, do not suffice. Dkt. 276-2; *see also Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015) ("The threshold issue is whether plaintiffs were required to produce the documents at issue. They most assuredly were."). Litigants are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Parties may therefore request production of any discoverable material within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). This by definition includes publicly available documents. "[E]ven if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses." *Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015); *see, e.g., Phillips v. Hanover Ins. Co.*, 14-cv-871R, 2015 U.S. Dist. LEXIS 51301, at *2 n.1 (W.D. Okla., Apr. 20, 2015) ("Courts consistently hold that parties have an obligation to produce even publicly available information."); *Morgan v. Safeway Inc.*, 11-cv-1667(WMN), 2012 U.S. Dist. LEXIS 81045, at *2 (D. Md. June 11, 2012) ("[E]ven publically available information might properly be the subject of a valid request for production of documents."); *Ochoa v. Empresas ICA, S.A.B. de C.V.*, 11-cv-23898, 2012 U.S. Dist. LEXIS 111177, at *5 (S.D. Fla. Aug. 8, 2012) ("Whether the documents are available to Plaintiffs through due diligence does not control whether [a litigant] should be compelled to produce them.").

Defendants therefore respectfully request this Court order Plaintiffs to properly respond to each of Defendants' Requests for Production in full, identifying with specificity each document within their custody and control which is responsive to each request, identified in accordance with the relevant request, and including the publicly available documents Plaintiffs reference in their responses to the requests.

### III.    Plaintiffs Cannot Continue to Avoid Answering Admissions By Calling Them "Premature"

Plaintiffs refuse to abide by the requirements of Rule 36 in much the same way they disregard the requirements of Rule 33(b) and Rule 34, as set forth above.  And as with their arguments for why Rules 33(b) and 34 should not apply to them, Plaintiffs make only vague statements and recycle long-rejected arguments in their attempt to side-step the requirements of Rule 36.  Defendants respectfully request this Court order Plaintiffs to instead comply fully with the requirements of Rule 36 as well.

A.   The Obligations of Responding Parties Under Rule 36 Are Clear, and Promote Efficiency

Federal Rule of Civil Procedure 36 requires that a party in receipt of requests for admission must either (1) object to the request as improper, specifying the reason and answering to the extent not objectionable; (2) admit the matter requested; (3) deny the matter requested; or (4) state in detail why it cannot truthfully admit or deny the answer.  *Buchanan v. Chi. Transt Auth.,* No 16-cv-4577, 2016 U.S. Dist. LEXIS 168983, at *9 (N.D. Ill. Dec. 7, 2016); Fed. R. Civ. P. 36.  The purpose of Rule 36 is to allow parties to narrow issues to be resolved at trial by effectively identifying and eliminating those matters on which parties agree. *Chi. Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.*, 169 F.R.D. 336, 341 (N.D. Ill. 1996).  "A party must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).  Furthermore, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states

that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

## B. Plaintiffs Cannot Avoid Responding Until Discovery Ends

Plaintiffs claim primarily that Defendants prematurely request answers on the bases for their allegations, and that they cannot possibly respond until the close of discovery. This is inconsistent with their obligations under the federal rules. "First, there is nothing in the text of Rule 36 of the Federal Rules of Civil Procedure that precludes the use of requests for admission prior to the completion of discovery." *Guadalupe v. City of N.Y.,* No. 15-cv-0220, 2016 U.S. Dist. LEXIS 83872, at \*5 (S.D.N.Y. June 24, 2016). A plaintiff's claim that factual support is still being developed did not absolve plaintiff of her responsibility to answer them promptly; she could not in essence *sua sponte* grant herself extension of time. *Huthnance v. District of Columbia*, 255 F.R.D. 297, 299 (D.D.C. 2008). Responses claiming lack of context and lack of knowledge were inadequate, given that no context was required as to whether a statement had been made, knowledge was readily obtainable, and claiming inability to admit or deny concerning accuracy of recordings without first having reviewed them was unreasonable; moreover, ordering amended answers was appropriate to delete incorporation of interrogatory answers and unnecessarily argumentative language. *United States SEC v. Stifel, Nicolaus & Co*., No. 11-c-0755, 2016 U.S. Dist. LEXIS 113012, at \*11-12 (E.D. Wis. Aug. 24, 2016). "Rule 36 imposes a duty on the answering party to make a reasonable inquiry to determine his ability to admit or deny. If a party is unable to admit or deny a request, the party must provide a detailed explanation describing their inability to admit or deny the request" which "must fairly meet the substance of the requested admissions." *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 5-4023-JAR, 2006 U.S. Dist. LEXIS 53634, at \*6-7 (D. Kan. Aug. 2, 2006).

15

Further, Plaintiffs claim that Defendants can simply seek the information through other means of discovery. But discovery requests "are not improper simply because same information can be obtained by use of different discovery procedure." *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979). And the fact that an admission provided in response to request may prove decisive to the case is no ground for refusal to respond to request. *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000).

And Plaintiffs erroneously claim they would be effectively forever trapped with any answer they would give now. But Plaintiffs ignore Rule 26. Rule 26 both requires that Plaintiffs have already provided much of the requested information contained in the requests for admission, and allows that Plaintiffs have an obligation and a right to supplement all discovery requests through the close of discovery in this matter. *Geer v. Cox*, No. 01-2583-JAR, 2003 U.S. Dist. LEXIS 2737, at *10-12 (D. Kan. Feb. 19, 2003) (ordering the plaintiff to respond to interrogatories and requests for admission instead of stating the requests were premature because discovery remained ongoing); *see also Hatchett v. UPS*, No. 13-cv-1183, 2014 U.S. Dist. LEXIS 199152, at *8 (D.N.M. Oct. 1, 2014) (ordering party who objected to requests for admission as "premature" as discovery was not complete to provide complete and specific answers to those requests, noting that "Defendants miss the point" since "[r]equests for admission are designed to narrow the issues and thus reduce the need for discovery on matters that are not really in dispute"); *In re H & R Block Mortg. Corp.*, No. 2:06-MD-230, 2007 U.S. Dist. LEXIS 7104, at *20 (N.D. Ind. Jan. 30, 2007) (ordering party to answer requests for admission despite objection that requests were "premature" and "investigation continues"); *Payless*, 2006 U.S. Dist. LEXIS 53634, at *9-10 ("Plaintiff must provide complete responses to the requests for admission based upon information that is readily available ... In the event that plaintiff later obtains information that would change its responses to the defendants' requests, it has both the right and the obligation to

16

supplement its responses pursuant to Fed. R. Civ. P. 26(e)(2)").  A disclosing party "has an obligation to supplement or correct its disclosure in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  *Pittsfield Dev., LLC v. City of Chi.*, 2021 U.S. Dist. LEXIS 258261, at *16 (N.D. Ill. Nov. 15, 2021). Plaintiffs could, if needed, readily supplement their responses to requests for admission.  But they do need to answer, and Defendants respectfully request this Court order them to do so in full substance.

C.  Plaintiffs Misrepresent the Holdings of Their Cited Cases

Unlike in the cases cited by Plaintiffs, Defendants served only eight and twelve requests for admission on Plaintiffs.  Dkt. 276-2 at 15-16 and 34-36.  Yet Plaintiffs cite to "comparable" situations where courts found service of 460 and 233 requests for admission to be too burdensome. Defendants would too.  But those numbers do not apply here, as Defendants served a combined total of less than 10% of the excessive numbers in the cases cited by Plaintiffs.  Dkt. 280 at 5-6. Therefore, Plaintiffs cannot credibly claim the same burdens as those imposed upon the responding parties in the cases Plaintiffs cite in their Response.

IV.  **Plaintiffs Cannot Preclude Inquiries Into Third Party Funding By Simply Concluding That They Don't Find it Relevant**

The Court stands as arbiter of the proper scope of discovery, not the responding parties. Yet Plaintiffs would have this Court just take their word at face value that they have no motivation in bringing this lawsuit which validates or warrants discovery into potential third party funding of this litigation.  That is not Plaintiffs' sole determination to make.

Courts in this district and others examine the motive for bringing a lawsuit in many different circumstances.  *Craig v. PopMatters Media, Inc.*, 448 F. Supp. 3d 844, 847 (N.D. Ill.

2020) (recognizing the motivation in bringing a lawsuit of seeking a settlement instead of seeking to protect a copyright as outwardly stated); *Perez v. Arcobaleno Pasta Machs., Inc*., 261 F. Supp. 2d 997, 1001-02 (N.D. Ill. 2003) (examining possible dilatory motivations for motion to add new parties after a deadline). And, Rule 26 specifically allows discovery into "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As discovery is allowed into any non-privileged area, related to any claim or defense, courts err on the side of permitting discovery. *Lundborg v. Weiss*, No. 13 CV 955, 2015 U.S. Dist. LEXIS 132183, at *7 (N.D. Ill. Sept. 29, 2015) (denying plaintiff's motion in limine as to her motivations in bringing suit). "[T]he discovery rules explicitly allow parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim *or defense.*'" *Dolgencorp, LLC*, 2014 U.S. Dist. LEXIS 102933, at *10-11 (emphasis in original).

Next, Plaintiffs' own citations identify a potential reason to permit the discovery: the Illinois Champerty statute. While Defendants make no assertion at this stage, in light of testimony by Joyce Boim recently and other comments by Plaintiffs' counsel, Defendants believe the issue of third party funding in this matter, and potential hiding of the real motivations for continuing to pursue this lawsuit against these specific Defendants, warrants at least further discovery. *See Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711 (N.D. Ill. 2014) (finding no evidence in that case justifying discovery at a late stage in the proceedings into third party funding, but recognizing other factual situations which did involve discovery on the issue).

Plaintiffs place their own motivations at issue in this lawsuit, despite their protestations to the contrary: Joyce Boim testified in her deposition that she has zero knowledge of any facts to support the claims brought against these specific Defendants, nor does she believe her husband does either (Dkt. 276-2 at Ex. D, Deposition of Joyce Boim); Plaintiffs continue to seek

information from these Defendants on "terrorism financing nonprofit organizations" despite also providing repeated reassurances that they recognize the only claims in this lawsuit relate to alter ego, successor liability and fraudulent concealment claims (Dkt. 272-3 at 2; Dkt. 280 at 8); Ms. Boim testified that she and her husband brought this lawsuit "to stop them from supporting Hamas, collecting monies from Hamas, and keeping them alive in what they're doing" – not because she believes herself that these Defendants wrongfully possess any of the funds owed to the Boims (Dkt. 276-2 at 68); Ms. Boim also testified that "AMP was responsible for my son's death, and AJP is continuing their work. And I trust my lawyers" when asked for any reasons she sued AMP and AJP (*id*. at 66); Plaintiffs to date continue to seek discovery going well beyond the pale of where any money that could have paid off their prior judgment potentially went, inquiring into unrelated activities decades later (Dkt. 272 at 8-9; *cf*. Dkt. 94 at 51-52); Plaintiffs make repeated unfounded inflammatory comments which in no way relate to their alter ego claims, including that Dr. Hatem Bazian, a professor at Berkeley, "fully subscribed to the Hamas line of total hostility to the mere existence of the State of Israel" (Dkt. 206 at 9); and Plaintiffs' counsel twice asked one deponent, who has never been a defendant in this or the prior lawsuit, "Is one of the purposes of AMP to end the existence of the State of Israel?" (Ex. C, attached, Depo. at 104) (the deponent answered by emphasizing AMP's educational purposes within the United States and not taking the bait, so to speak, despite this question having zero bearing on the potential presence of any fraudulent transfers or alter ego relationship). While Plaintiffs remain free to dispute any inference others may make, that alone does not prevent discovery on the subject. This information may be relevant, or not – but that is not a decision for Plaintiffs to make, and is one courts have in the past considered at least worthy of note. *See, e.g., Shatsky,* 312 F.R.D. at 222 n.3 ("I pause briefly to note that plaintiffs' productions are significant not only for their tardiness, but also for their origin.

19

By plaintiffs' own admission, most of "the material provided as a Rule 26 disclosure" was "originally obtained by Shurat HaDin [otherwise known as the Israeli Law Center] and subsequently provided to counsel of record." *See* Pls.' Opp'n Ex. 4 at 27 n.4. Defendants are troubled by this reality, given that Shurat HaDin's explicit credo is to bankrupt through litigation groups that it perceives to be terrorist threats."). Accordingly, Defendants respectfully request this Court permit their discovery requests to proceed, and instruct Plaintiffs to answer in full regarding any third party funding in this matter.

Defendants respectfully request an order from this Court granting Defendants' Motion to Compel, overruling Plaintiffs' conclusory and misplaced objections, and ordering Plaintiffs to provide a proper verification to the Interrogatories propoiunded by both Entity Defendants and Defendant Jaber, produce responsive documents after determining themselves which documents they believe to be responsive, admit or deny the Requests for Admission, and reasonably respond to Interrogatories, Requests for Production and Requests for Admission seeking information regarding potential third party funding.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request this Court grant Defendants' Motion as described above.

Dated: January 5, 2023                                  Respectfully submitted

                                                        /s/ *Christina A. Jump*
                                                        Christina A. Jump
                                                        Samira S. Elhosary
                                                        Constitutional Law Center
                                                        for Muslims in America
                                                        100 N. Central Expy.,
                                                        Ste. 1010
                                                        Richardson, TX 75080
                                                        (972) 914-2507

                                                        Local Counsel
                                                        Thomas A. Durkin
                                                        Durkin & Roberts
                                                        2446 North Clark Street
                                                        Chicago, IL 60614
                                                        (312) 913-9300

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 5, 2023, she caused the foregoing to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, thereby serving by e-mail notification upon counsel for all parties of record.

                                                        /s/ *Christina A. Jump*

21