IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; and RAFEEQ JABER <br><br> Defendants. | Civil No. 17-cv-03591 <br> and related cases <br> Civil No. 00-cv-02905 <br> Civil No. 02-cv-06085 <br><br> **Hon. Andrea Wood** |

**JOINT STATUS REPORT**

1. **Nature of the Case:**

    A. The attorneys for the Plaintiffs are Daniel I. Schlessinger and Seth H. Corthell of Jaszczuk, PC, and Nathan Lewin and Alyza D. Lewin of Lewin & Lewin, LLP. Daniel I. Schlessinger is the lead attorney.

    The attorneys for the Defendants are Christina A. Jump and Samira Elhosary of the Constitutional Law Center for Muslims in America and Thomas A. Durkin of Durkin & Roberts. Christina A. Jump is the lead attorney.

    B. All parties have been served.

    C. The basis for federal jurisdiction is 28 U.S.C. § 2333 and 2338.

    D. The First Amended Complaint asserts four counts: one for a declaratory judgment that the money judgment entered against Islamic Association for Palestine and American Muslim

Society in *Boim v. Quranic Literacy Institute, Holy Land Foundation for Relief and Development, et al,* Case No 00-cv-2905 (Boim I) is enforceable against defendants AMP and AJP as *alter egos;* a second that the money judgment is enforceable against defendant Rafeeq Jaber as *alter ego;* a third for a money judgment against AMP and AJP for the unpaid Boim I judgment; and a fourth for a money judgment against Rafeeq Jaber. Plaintiffs seek declaratory and monetary relief enforcing the judgment from Boim I against the Defendants in this case.

2. **Discovery and Other Proceedings to Date:**

A. Plaintiffs completed jurisdictional discovery in 2019. Following reversal of the jurisdictional dismissal and remand of the case, the parties have exchanged and responded to written discovery, and served additional written discovery on January 27, 2023. Plaintiffs intend to take depositions of multiple fact witnesses with relevant knowledge. Defendants have begun the deposition of Plaintiff Joyce Boim and have reserved the right to continue that deposition. Defendants may take the deposition of Plaintiff Stanley Boim and a limited number of third party witnesses as discovery reveals necessary.

Plaintiffs do not believe that fact discovery can be completed within the current deadline of March 28, 2023 due to delays resulting from the pending motions and the reassignments of the case and believe that an extension of 60-90 days will be necessary. Defendants believe an extension of thirty days following this Court's ruling on the pending motions to compel will suffice to complete discovery.

B. Each side has brought motions to compel additional discovery responses from the other. Those motions have been fully briefed as of January 5, 2023 and have been assigned to Magistrate Judge McShain for ruling. In addition, there is a miscellaneous action filed by third party The Mosque Foundation in order to move to quash a subpoena served on The Mosque

Foundation. That motion has been fully briefed as of January 9, 2023 and has been referred to Magistrate Judge Cummings for ruling.

C. Judge Coleman dismissed the case for lack of subject matter jurisdiction. (Doc. 215) The Seventh Circuit reversed that dismissal and remanded the case for further proceedings. (7th Cir. Doc. 64) Judge Feinerman denied the Defendants' Rule 12(b)(6) motion to dismiss. (Doc. 250)

3. **Trial:**

   A. A jury trial has been requested.

   B. No trial date has been set. Plaintiffs believe the case will be ready for trial by December 2023. Defendants believe that, depending on the timeframe for the conclusion of discovery, that date should be workable as well.

   C. No pretrial order has been filed, nor has a deadline been set for one.

   D. Plaintiffs estimate that a trial will take four weeks and Defendants estimate two weeks.

4. **Referrals and Settlement**

   A. The parties' motions to compel have been referred to Magistrate Judge McShain, and the motion to quash a subpoena brought by the Mosque Foundation has been referred to Magistrate Judge Cummings.

   B. The only settlement discussions that have taken place were under the auspices of the Seventh Circuit mediation coordinator and they were unsuccessful.

   C. Plaintiffs are open to a settlement conference, but do not think a conference would be productive at this time. Defendants remain open and amenable to reasonable settlement discussions.

| | |
|---|---|
| February 17, 2023 | Respectfully submitted, |

| | |
|---|---|
| */s/ Daniel I. Schlessinger* | */s/ Christina A. Jump* |
| Daniel I. Schlessinger | Christina A. Jump |
| Seth H. Corthell | Samira Elhosary |
| JASZCZUK P.C. | Constitutional Law Center |
| 311 South Wacker Drive, Suite 2150 | for |
| Chicago, IL 60606 | Muslims in America |
| (312) 442-0509 | 100 N. Central Expy. |
| | Ste 1010 |
| | Richardson, TX 75080 |
| | (972) 914-2507 |
| | |
| Of Counsel | |
| Nathan Lewin (*pro hac vice*) | Thomas A. Durkin |
| Alyza D. Lewin (*pro hac vice*) | Durkin & Roberts |
| LEWIN & LEWIN LLP | 2446 North Clark Street |
| 888 17th Street NW, 4th Floor | Chicago, IL 60614 |
| Washington, D.C. 20006 | (312) 913-9300 |
| (202) 828-1000 | |