# -EXHIBIT A-



**CONSTITUTIONAL LAW CENTER**
*for* MUSLIMS *in* AMERICA

August 9, 2023

Daniel I. Schlessinger
Seth H. Corthell
Jaszczuk P.C.
311 South Wacker Dr., Suite 2150
Chicago, IL 60606
(312) 442-0401
dschlessinger@jaszczuk.com
scorthell@jaszczuk.com

Re: Defendants AMP/AJP's Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition

This letter contains Defendants American Muslims for Palestine / Americans for Justice in Palestine Educational Foundation's ("Defendants") objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition, served on July 21, 2023.

Topics 1 (Defendants' Answer) and 2 (Defendants' Responses to Interrogatories) request testimony regarding the preparation of AMP's Answer to the First Amended Complaint and answers to Interrogatories. As written, Topics 1 and 2 request privileged attorney-client communications and protected attorney work product. The Northern District of Illinois holds that this "proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege," and "will not permit discovery implicating privilege concerns absent a showing that the information sought is not discoverable by other means." *Smithkline Beecham Corp. v. Apotex Corp.*, 98 C 3952, 2000 U.S. Dist. LEXIS 667, at *28 (N.D. Ill. Jan. 21, 2000) (declining to compel witness to testify regarding "SmithKline's responses to Defendants' Interrogatories and requests for production, along with the subjects identified therein"). We have no objection to limited questions on this topic as permitted by the Federal Rules of Appellate Procedure, but will not permit any excessive questioning beyond the scope the Rules allow.

Topics 4 (donors to AMP), 5 (sponsors of AMP events), and 8 (donors who purchased products) request Defendants to testify regarding the identity and solicitation of donors and sponsors to AMP. These Topics are overly broad, not described with reasonable particularity, and not relevant to the allegations in the First Amended Complaint. *See Clauss Constr. v. UChicago Argonne LLC*, No. 13-cv-05479, 2015 U.S. Dist. LEXIS 4131, at *8 (N.D. Ill. Jan. 13, 2015) ("As drafted, it potentially encompasses matters that are beyond the confines of Clauss's claims. . . . As drafted, however, Topic 7 is too broad and non-specific to permit Argonne to prepare a witness properly.") Not only do these Topics request private third-party information, but they also are proper subjects for interrogatories and document requests, not depositions. *See Smithkline*, 2000 U.S. Dist. LEXIS 667 at *31-32 (declining to compel testimony regarding Smithkline's investigation and testing activities because "a Rule 30(b)(6) deposition is an inefficient means of ascertaining the information sought"); *United States Equal Emp't Opportunity Commission v. Source One Staffing, Inc.*, No. 11 C 6754, 2013 U.S. Dist. LEXIS 361, at *14-15 (N.D. Ill. Jan. 2,





2013) (rejecting Topic requesting the identification of all correspondence sent to Defendant's employees because such topic is "better answered through serving interrogatories or document requests"). In fact, you already asked those in both interrogatories and requests for production, and we've already responded and litigated the issue via motions to compel and a protective order. Our corporate representative will be prepared to testify as to the verification of the information already provided, but Topics 4, 5 and 8 do not provide an end run around the existing rulings of this Court.

Topics 6 (donations received by AMP) and 9 (donations made by AMP) request testimony regarding donations received and made by AMP, and Topic 9 further requests the identity of organizations to which AMP made donations. As with Topics 4, 5, and 8, these Topics are overly broad and not relevant to Plaintiffs' allegations in this case, and are more properly suited for interrogatories or document requests. *See Smithkline*, 2000 U.S. Dist. LEXIS 667 at *31-32; *Source One Staffing, Inc.*, 2013 U.S. Dist. LEXIS 361, at *14-15. Again, you've already asked these questions and we've already responded. As with Topics 4, 5 and 8, we will not allow this deposition to subvert the existing rulings of this Court on the relevant topics.

Topics 10 (all internet domains and service providers), 11 (identities of all AMP workers), 12 (identity of social media managers), and 13 (location of offices and identities of all workers in offices) each seek overly broad information. These topics are also properly suited to interrogatories. *See Smithkline*, 2000 U.S. Dist. LEXIS 667, at *27-28 ("[T]he [Federal] Rules also preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden. Consequently, the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim."). And, we've already provided you the complete archives of the social media pages of AMP, as well as identified office locations and the roles of AMP employees involved in social media. Questions regarding the verification of the information and answers already provided are acceptable, but no more.

Topics 18 (board meeting records), 19 (board meeting minutes), 20 (corporate report filings), 34 (preparation of corporate report filings), and 42 (record-keeping protocols) involve meeting records, corporate filings, and record-keeping protocols, and are therefore more properly suited for interrogatories or document requests than depositions. *See Source One Staffing, Inc.*, 2013 U.S. Dist. LEXIS 361, at *14-15. And, you have them. Please see previously produced discovery responses.

Topics 21 (contacts between AMP and KindHearts), 22 (donations from AMP to Kind Hearts), 23 (contacts between AMP and Middle East Financial Services), 24 (donations from AMP to Middle East Financial Services), 25 (contacts between AMP and Holy Land Foundation), 26 (donations from AMP to Holy Land Foundation), 27 (contacts between AMP and Viva Palestina), 28 (donations from AMP to Viva Palestina), 29 (contacts between AMP and Muslim American Society), 35 (contacts between AMP and Mosque Foundation), 36 (contacts between AMP and

2



100 N. CENTRAL EXPY., STE 1010 RICHARDSON, TX 75080 | 972-914-2507 | INFO@CLCMA.ORG | CLCMA.ORG
CLCMA provides legal services and is a division of the Muslim Legal Fund of America, Inc. (MLFA) | MLFA.ORG
JUSTICE | COURAGE | EXCELLENCE | ACCOUNTABILITY | COMMUNITY



Bridgeview Mosque), 37 (donations from AMP to Mosque Foundation), and 38 (donations from AMP to Bridgeview Mosque) request testimony regarding contacts between and donations from AMP to specified organizations. All these Topics are overly broad, as they request information about contacts and donations from "current or former officers, board members, or employees." Defendants can only speak for the organization(s); the representative cannot speak for both current and former officers, board members, and employees. Further, any requests for information about donations are better suited for interrogatories and document requests. *See Source One Staffing, Inc.*, 2013 U.S. Dist. LEXIS 361, at *14-15. And again, you've already done that. As to KindHearts and Holy Land Foundation in particular, you are well aware that those entities ceased to operate and had their funds seized by the U.S. Department of Treasury prior to the formation of AMP, and therefore well before the formation of AJP. In addition, information regarding other entities who are not judgment defendants from Plaintiffs' original suit bears no relevance to the allegations of alter ego or successor liability in this lawsuit. And, you've already asked these questions in interrogatories and requests for production, and much of this has already been addressed in previous motions to compel. We stand by this Court's prior rulings and our previous responses. Questions regarding verification of those responses are legitimate; relitigation of decided matters is not.

Topics 39 (process for communicating with and vetting organizations at AMP events) and 41 (identity of organizations at AMP events) are overly broad and vague on their face, as they seek information regarding entities that "ha[ve] had a presence at an AMP event," although "presence" is undefined and not properly limited in scope. *See Clauss Constr.*, 2015 U.S. Dist. LEXIS 4131, at *13 (declining to compel defendant to testify regarding "undefined 'follow-on submissions'" due to vagueness). These Topics are too broad and not reasonably specific enough for a Rule 30(b)(6) deposition, and counsel cannot realistically prepare a witness to testify regarding these Topics. Nor is any witness required, under Illinois law, Northern District of Illinois precedent, or Seventh Circuit precedent, to attempt to serve this purpose.

Please let us know a time in the next two weeks you are available to discuss the issues addressed in this letter.

Sincerely,

Christina A. Jump
Civil Litigation Department Head
Samira Elhosary
Constitutional Law Center for Muslims in America
*Attorneys for Defendants*

3



100 N. CENTRAL EXPY., STE 1010 RICHARDSON, TX 75080 | 972-914-2507 | INFO@CLCMA.ORG | CLCMA.ORG
CLCMA provides legal services and is a division of the Muslim Legal Fund of America, Inc. (MLFA) | MLFA.ORG
JUSTICE | COURAGE | EXCELLENCE | ACCOUNTABILITY | COMMUNITY