# -EXHIBIT E-

# Seth Corthell

| | |
|---|---|
| **From:** | Christina Jump <cjump@clcma.org> |
| **Sent:** | Thursday, August 10, 2023 3:27 PM |
| **To:** | Daniel Schlessinger; Seth Corthell |
| **Cc:** | Samira Elhosary |
| **Subject:** | Proposed stipulation in place of Plaintiffs' depositions |

Counsel:

As you know, you asked that we consider a stipulation in lieu of deposing the Plaintiffs in this matter.
You proposed as follows:

> In our last call, I asked if you would withdraw your requests to continue taking Joyce Boim's deposition and to take Stanley Boim's deposition, since doing so would subject them to extreme emotional distress with no purpose, given that the Boims are not able to testify regarding facts at issue in the litigation. You were not inclined to do so, but agreed to consider whether a stipulation would suffice for your purposes. The content of the stipulation I have in mind would be to agree that the Boims have personal knowledge of the facts alleged in paragraphs 1, 2, 15, and 19 of the First Amended Complaint (none of which are in dispute), that they are aware from their review of the interrogatory answers that they were prepared by counsel, and that from their review, they believe the responses look reasonable and accurate but that they do not know the source of the information provided and do not know the details of any of the allegations beyond what is stated in the responses. Please tell me whether there are additional items that you would want included in a stipulation that would be sufficient for you to drop your request for these depositions.

Unfortunately, after researching and extensively trying to find a comparable precedent to no avail, we cannot agree to your proposal.
We did previously postpone Ms. Boim's deposition in light of your earlier language and both her and your statements on the record that she has no factual knowledge as to the allegations against our clients (paraphrased here, but reflected in full in the deposition transcript of Joyce Boim).
Since then, both of your clients signed verifications swearing under oath that they _do_ have factual knowledge of the responses to the Interrogatories to Plaintiffs and that they attest under oath those responses are true and correct. Not "to the best of their knowledge," but that they _are_ true and correct.

The stipulation you now propose directly contradicts those verifications.
And we cannot in good faith agree to accept that direct contradiction on its face, in lieu of questioning the individuals who have been suing our clients for the past six years.

In addition, we need to be able to question _someone_ who can speak to the factual bases for the allegations in the lawsuit and the responses to the Interrogatories to Plaintiffs.
Agreeing to do any less would be malpractice on our parts, or at a bare minimum a disservice to our clients.
And that we cannot do.

If you identify other witnesses who will sit for depositions and who can speak to the facts supporting the allegations in the governing Complaint as well as the responses to the Interrogatories to Plaintiffs, we remain willing to revisit the issue.

But as the case stands currently, your clients (or at least Mrs. Boim) swore under oath she knows nothing related to the allegations against our clients brought on her behalf in this lawsuit, then (both Plaintiffs) swore under oath with no

qualifying language that they <u>do</u> know the responses to the Interrogatories, which track the Amended Complaint directly, to be true and correct, and now you and they want us to again accept that they know nothing.

All the while, you have never identified anyone who <u>can</u> speak to the factual allegations against our clients contained in the Amended Complaint, as well as the responses provided to the Interrogatories to Plaintiffs and the responses to the Requests for Admission.

Our clients have a right to confront their accusers, even in civil litigation, and *someone* has to answer for the factual basis for the allegations brought on behalf of Plaintiffs against our clients in this matter. And we have an obligation to do our jobs and question any identified witnesses, under oath, about those allegations. Failing the identification of witnesses you will produce for depositions on these issues who do have this knowledge, we must do our jobs and depose the Plaintiffs. They may answer in whatever manner is truthful, but the state of the law is that they <u>must</u> answer—pleasant or not.

Again, we remain willing to discuss any further proposals which address these concerns. But we cannot agree to ask no one about the underlying factual basis for the allegations made against our clients in this lawsuit.

And I suspect, were the tables turned, neither would you.



*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*

\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization



**IMPORTANT:** Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

[CAUTION: This email was sent from outside of this organization]