# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, | )<br>)<br>)<br>)<br>) | Civil No. 17-cv-03591<br>Hon. Andrea Wood<br>Hon. Heather K. McShain |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; and RAFEEQ JABER | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO QUASH CLAW-BACK

Christina A. Jump
Texas Bar No. 00795828
Samira Elhosary
Maryland Bar No. 2112140261
cjump@clcma.org
selhosary@clcma.org
*Attorneys for Defendants*

Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

September 11, 2023

**TABLE OF CONTENTS**

I. THE LEWIN & LEWIN REPRESENTATION LETTER DOES NOT RETAIN PRIVILEGE AFTER BEING PUBLICLY AVAILABLE FOR YEARS ................... 1

    A. Factual Background ................................................................................... 1

    B. Relevant Standard Under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) ................................................................... 2

    C. Relevant Standard Under Illinois Rule 201(p) ........................................... 3

II. ENGAGEMENT LETTERS ENJOY NO IMMEDIATE RIGHT TO PRIVILEGE, NO MATTER HOW COUNSEL LABELS THEM ...................................... 3

III. PLAINTIFFS WAIVED ANY PRIOR PRIVILEGE BECAUSE OF ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, AND ITS MULTI-YEAR PUBLIC POSTING .......... 5

IV. INADVERTENT DISCLOSURE PROTECTIONS DO NOT APPLY HERE .......... 6

V. THE LETTER'S CONTENT RELATES TO ISSUES IN THIS LITIGATION ...... 10

VI. CONCLUSION ............................................................................................. 12

CERTIFICATE OF CONFERENCE ................................................................. 13

CERTIFICATE OF SERVICE .......................................................................... 14

Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation d/b/a American Muslims for Palestine ("AJP") (collectively, "Entity Defendants"), and Rafeeq Jaber, (collectively, "Defendants") respectfully request this Court find the publicly posted Lewin & Lewin representation letter dated May 4, 2017 is not privileged, despite Plaintiffs' assertion of a claw-back after defense counsel made them aware of it.

I. **THE LEWIN & LEWIN REPRESENTATION LETTER DOES NOT RETAIN PRIVILEGE AFTER BEING PUBLICLY AVAILABLE FOR YEARS**

A. **Factual Background**

In accordance with Illinois Supreme Court Rule 201(p) and ABA Model Rule 4.4(b), Defendants' counsel informed Plaintiffs' counsel on July 24, 2023 that Defendants located a retainer letter dated May 4, 2017 on the internet.[1] The letter, from the office of Lewin & Lewin, LLP, to Plaintiffs Stanley and Joyce Boim ███████████████████ purports to be a retainer agreement for this lawsuit. In this letter, attorney Nathan Lewin explains ███████████████████████████████████████████████████████. Defense counsel discovered this letter as a result of a Google search for Plaintiff Stanley Boim's name. Defense counsel first

---

[1] Exhibit A, Lewin & Lewin Agreement Letter; Exhibit B, Communication with Plaintiffs' counsel.

[2] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

discovered and accessed the letter on July 13, 2023. The letter appeared to have been available and on the internet in a wholly unsecured form since at least its 2018 upload date. The link to the letter appeared as the forty-seventh search result on Google for the search term "Stanley Boim."[3]

Though the letter acknowledges that Lewin & Lewin, LLP agrees to 

Both Mr. and Mrs. Boim's signatures appear at the bottom of the letter, as well as attorney Nathan Lewin's signature.[6]

### B. Relevant Standard Under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b)

The producing party bears the burden of showing compliance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Fed. R. Evid. 502(b) governs the authority of inadvertent disclosure of privileged material in federal courts. The rule allows that disclosure of privileged material does not operate as a waiver if: "'(1) the disclosure is inadvertent; (2) the

---

[3] *See* Exhibit C, Declaration of Samira Elhosary.
[4] *See* Exhibit A.
[5] *Id.*
[6] *Id.* at 3; *see* Exhibit D, where counsel for Plaintiffs communicated on July 25, 2023 that ▮▮▮▮ Subsequently, on August 4, 2023, Plaintiffs' counsel sent an official "claw-back" demand. *See* Exhibit E, claw-back letter by Plaintiffs' counsel Seth H. Corthell. The Parties conferred on this issue both via email, and telephone call on August 17, 2023, but were unable to reach an agreement. Exhibit F, Email Communications between both parties' counsel. The parties addressed the topic again via email on September 1, 2023, and as part of a conference call (intended to be a Teams meeting, but technological difficulties required otherwise) on September 5, 2023. The last two communications occurred within the context of preparing the parties' Joint Status Report, which contained a reference to the impasse on this issue and the upcoming filing of this motion.

holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).' FRE 502(b)." *Wier v. United Airlines, Inc.*, No. 19 CV 7000, 2021 WL 1517975, 2021 U.S. Dist. LEXIS 73397, at *33 (N.D. Ill. Apr. 16, 2021); *see also Novak v. State Parkway Condo. Ass'n*, No. 13-cv-8861, 2017 WL 1086767, 2017 U.S. Dist. LEXIS 40132, at *8 (N.D. Ill. Mar. 20, 2017) (citing Fed. R. Evid. 502(b)).

### C. Relevant Standard Under Illinois Rule 201(p)

Illinois Supreme Court Rule 201(p) lays out the framework for assessing inadvertent disclosure and claims of alleged privilege under state law. Rule 201(p) provides that where information is "inadvertently produced in discovery and is subject to a claim of privilege or work product protection, the party claiming privilege may notify any party that of the claim and basis for it." Ill. Sup. Ct. R. 201(p). Rule 201(p) instructs the receiver of their duties in the event of inadvertent disclosure during the discovery process. *Id*. Rule 201(p) further provides that after being notified, each party who received the privileged document "must promptly return, sequester, or destroy the information and any copies," and "must not disclose the content." *Id*. Rule 201(p) further provides guidance when the parties disagree as to the alleged privilege. "The receiving party may also promptly present the information to the trial court under seal for a determination of the claim, and the producing party must also preserve the information until the claim is resolved." *Custer v. Cerro Flow Prods*., 136 N.E.3d 1108, 1117 (Ill. App. Ct. 5th 2019). Defendants do so now.

## II. ENGAGEMENT LETTERS ENJOY NO IMMEDIATE RIGHT TO PRIVILEGE, NO MATTER HOW COUNSEL LABELS THEM

Plaintiffs presume, and admittedly defense counsel had concerns as well at first, that engagement letters like the Lewin letter begin their existence blessed with a presumption that they

3

are privileged. But that is not the law. As courts in this district note, "[s]uch letters generally are not." *United States ex rel. Gill v. CVS Health Corp.*, No. 18 C 6494, 2023 WL 2771166, 2023 U.S. Dist. LEXIS 58738, at *12 (N.D. Ill. Ap. 4, 2023), citing *United States v. Leonard-Allen*, 739 F.3d 948, 953 (7th Cir. 2013) ("Because the referral statement listing reasons for seeking representation is incidental to the representation and reveals nothing confidential about [defendant's] motives, it falls outside the scope of the attorney-client privilege . . . ."); *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 405 (7th Cir. 2018) ("Communications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence."); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008) (same); *Schlicksup v. Caterpillar, Inc.*, No. 09-CV-1208, 2011 WL 11737159, at *5, 2011 U.S. Dist. LEXIS 92827, at *17 (C.D. Ill. Aug. 19, 2011) (". . . the engagement letters do not fall under the attorney-client privilege. These letters describe the work that [the accounting firm] will perform, the terms and conditions of that performance, and the fee paid, among other non-privileged issues.").

In the Lewin letter at issue here, Plaintiffs' counsel render no legal opinion and provide no legal advice. No confidential issues receive discussion. The existence of a lawsuit filed against the Defendants in this matter did not stay secret long, as Plaintiffs initiated this matter in May 2017, so it cannot warrant privilege. And Plaintiffs identify no reasons in the claw-back letter that justify extending privilege to this letter, despite its internal label as privileged. "[S]imply labeling a document 'confidential' or 'privileged' will not result in the document being protected from disclosure by the attorney-client privilege. Throughout the law, it is beyond debate that labels do not control; substance does." *Towne Place Condo Ass'n v. Phila. Indem. Ins. Co.*, 284 F. Supp. 3d 889, 897 (N.D. Ill. 2018).

### III. PLAINTIFFS WAIVED ANY PRIOR PRIVILEGE BECAUSE OF ███████ ████████████████, AND ITS MULTI-YEAR PUBLIC POSTING

The public website where the letter resided unprotected for nearly five years belongs to ███ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████ anyone with access to the internet had the ability to view the letter at any point over the last five years, which covers most of the life of this litigation.

Relevant law on inadvertent disclosures establishes that "[u]nder Federal Rule of Evidence 502(b), the disclosure of privileged materials 'does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege . . . took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." *Novak,* 2017 U.S. Dist. LEXIS 40132, at *8, citing Fed. R. Evid. 502(b). A frequently "disputed element of the waiver analysis focuses on whether Defendants took reasonable steps to rectify their inadvertent production." *Id.* at *10. In analyzing this element, courts examine "whether

---

[7] Exhibit D.
[8] ███████████████████████████████████████████████████████████████████

Defendants acted unreasonably in not discovering the inadvertent production earlier." *Id*. at *11. In *Novak*, Judge Gilbert held that the defendants' assertion of a claw-back claim "roughly one week" after inadvertent disclosure was not unreasonable, and their response time of a week did not justify waiver. *Id*. at *12. However, claw-back requests made substantially <u>after</u> a disclosure do not receive the same protections. In *Wisconsin Resources Protection Council*, the court found that public disclosure of privileged material for five months <u>did</u> contribute to a party's waiver of any claim of privilege. *Wis. Res. Prot. Council v. Flambeau Mining Co.*, No. 11-cv-45-bbc, 2012 WL 12996210, 2012 U.S. Dist. LEXIS 205613, at *4-5 (W.D. Wis. May 18, 2012).

Defendants do not contest that Plaintiffs and their counsel promptly took steps to remove the letter from the internet when notified last month. But that does not solve everything. This Court in *Wier v. United Airlines, Inc.* explained that while courts do not view the "time period in a vacuum," that does represent one part of the analysis. Distinguishing other authority cited by the parties, this Court noted that "[t]he court stated that although the party had moved quickly to rectify the error upon discovery of the inadvertent production, the document had been 'produced to plaintiff without restriction, duplicated, disseminated, and incorporated into [plaintiff's] motion for summary judgment.'" *Wier*, 2021 U.S. Dist. LEXIS 73397, at *41. This Court recognized that in some situations, the court cannot un-ring the bell of plaintiffs' disclosures. *Id*.

## IV. <u>INADVERTENT DISCLOSURE PROTECTIONS DO NOT APPLY HERE</u>

Plaintiffs Joyce and Stanley Boim first waived any existing privilege of the ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs further waived any remaining privilege when ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs' counsel erroneously now claim that privilege remains, and that this letter qualifies as inadvertently produced. As supported by *Novak*, it does not. *See Novak,* 2017 U.S. Dist. LEXIS 40132 at *12. The letter here

6

was not accidentally produced in the course of discovery; a member of defense counsel's team found the letter online with a simple search query.[9]



[10] Plaintiffs' counsel's argument misses the point. A publicly available document could be viewed by any unlimited number of people, and Plaintiffs neither present nor presumably know any relevant data from Google detailing how many people actually accessed the letter over the course of at least 2018 through 2023. Plaintiffs Joyce and Stanley Boim first waived privilege of this document when

.[11] Plaintiffs took no action to protect the letter until defense counsel informed them in writing on July 24, 2023 of defense counsel's recent discovery of it.

Plaintiffs' and Plaintiffs' counsel's claimed ignorance of technology provides no safe harbor here. "Courts are showing less patience with counsel who plead ignorance regarding ESI or technology in general. Competence in discovery includes having a general understanding of discovery rules." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 942 (N.D. Ill. 2021). That required competence extends to knowledge of how purportedly privileged documents are stored and treated, by both clients and counsel.

---

[9] *See* Exhibit C.
[10] *See* Exhibit D.
[11] In fact, the public upload of the letter predates Plaintiffs' first obligation to respond to discovery by at least four years. *See, e.g.*, Exhibit A; *cf.* Doc. 259 (setting the first mutual discovery deadlines in this matter).

Clients own the privilege when it comes to attorney-client communications. "Among the exceptions to the attorney-client privilege is the concept of 'waiver.' The attorney-client privilege belongs to the client, rather than the attorney." *Ctr. Partners, Ltd. v. Growth Head GP, LLC*, 981 N.E.2d 345, 356 (Ill. 2012). The double waiver present here by Plaintiffs precludes the use of the protections provided by Rule 201(p) or Rule 26(b)(5)(B) and the claw-back provisions. Intent does not matter when evaluating waiver of privilege.[12] "Any disclosure by the client is inherently inconsistent with the policy behind the privilege of facilitating a confidential attorney-client relationship and, therefore, must result in a waiver of the privilege." *Profit Mgmt. Dev. v. Jacobson, Brandvik & Anderson, Ltd.*, 721 N.E.2d 826, 835 (Ill. App. Ct. 2d. 1999); *see also Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) (recognizing that a known disclosure "surrenders the privilege with respect to the world at large; selective disclosure is not an option").

And Plaintiffs admit they do not know that others did *not* access this document. Plaintiffs' counsel rightly recognized on July 28, 2023 that Plaintiffs, their counsel and ▮▮▮▮▮ ▮▮▮▮▮ "have no ability to determine whether anyone else has accessed the document."[13] Plaintiffs did not send a claw-back letter until August 4, 2023, having previously informed defense counsel that they needed to ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮"[14]

Even that later claw-back letter of August 4, 2023 makes clear that inadvertent disclosure does not apply here. Plaintiffs' counsel volunteered that ▮▮▮▮▮

---

[12] Exhibit A.
[13] Exhibit D.
[14] *Id*.

███████████████████████████ ████████████████████████████████

█████████████████████████████████████ ██████████████████████████████

███████████████████████████.[17] Plaintiffs Joyce and Stanley Boim own the privilege, not their attorneys. *Ctr. Partners*, 981 N.E.2d at 356; *see also Powers v. Chicago Transit Authority*, 890 F.2d 1355, 1359 (7th Cir. 1989) (recognizing "any voluntary disclosure by the holder of the attorney-client privilege is inconsistent with the attorney-client confidential relationship and thus waives the privilege"). Plaintiffs waived that privilege with their actions. Even if knowledge by Plaintiffs' counsel as to the publication of the letter were necessary for determination of waiver, the Lewins knew of Plaintiffs' ████████████████████████████████

████████████████████████████████████████████████████████████████ ████[18]

Despite Plaintiffs' counsel's attestation that "we are not aware of any other individuals who have accessed the Engagement Letter via the link you sent us," the letter remained an open, available document for nearly five years after the Boims disclosed it ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████ Because of these multi-step failures and the resulting multi-year public status of the letter, Plaintiffs cannot meet the requirements for protection under the inadvertent disclosure doctrine, and claw-back protections do not apply here.

---

[15] Exhibit E.
[16] *Id*.
[17] *Id*.
[18] Exhibit E ████████████████████████████████
████████████████████████████████ (emphasis added).

9

## V.    **THE LETTER'S CONTENT RELATES TO ISSUES IN THIS LITIGATION**

The representation letter bears directly on several issues relevant to this litigation. Even in civil litigation, defendants have a right to confrontation as required by due process. The Seventh Circuit's case law makes those foundational principles clear:

> "There is no absolute right of confrontation in civil cases." *Van Harken*, 103 F.3d at 1352 (citing *Richardson v. Perales*, 402 U.S. 389, 402, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971)). As the Seventh Circuit recognized in *Van Harken*, however, "in particular cases, live testimony and cross-examination might be so important as to be required by due process[.]" *Id*. In addressing the *Van Harken* plaintiffs' argument that the officer's absence violates a respondent's right of confrontation, the Seventh Circuit emphasized the fact that "the ordinance empowers the hearing officer to subpoena witnesses." *Id*. The court concluded that the opportunity to cross examine "provides an adequate safety valve for those cases . . . in which fair consideration of the respondent's defense would require, as a constitutional imperative, the recognition of a right of confrontation." *Id*.

*Prudent Props. v. City of Chicago*, No. 99 C 6840, 2000 WL 311173, 2000 U.S. Dist. LEXIS 5788, at *13-14 (N.D. Ill. Mar. 21, 2000) (quoting *Van Harken v. City of Chicago* 103 F.3d 1346, 1352 (7th Cir. 1997)).

Defendants have a right to know all potentially necessary parties, and the letter makes clear that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Defendants therefore have a compelling interest in discovery related to the information learned in the letter. This compelling interest directly relates to the reason for and motivation behind

bringing this litigation against these Defendants, ███████████████████████████

███████████████████████████████████████████.[19]

███████████████████████████████████████████████████████████

███████████████████. This Court ruled on May 3, 2023, during the prior Motion to Compel hearing in this matter, that "whether litigation funding exists in this case is speculative on this record as plaintiffs have not stated one way or the other whether there has been a finding of this -- whether there has been funding of this litigation by third parties, and defendants offer no proof that third parties are indeed funding the litigation." Mot. to Compel Transcript, 19-20, *Stanley Boim, et al. v. American Muslims for Palestine*, No.-17-CV 03591 (N.D. Ill. May 3, 2023). The publicly posted representation letter, which defense counsel located through a simple Google search,[20]

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████ potential of political motivations as disguised ulterior motives for litigation warrant additional discovery. *See Craig v. PopMatters Media, Inc.*, 448 F. Supp. 3d 844, 847 (N.D. Ill. 2020) (recognizing the motivation in bringing a lawsuit of seeking a settlement instead of seeking to protect a copyright as outwardly stated); *Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F. Supp. 2d 997, 1001-02 (N.D. Ill. 2003) (examining possible dilatory motivations for a motion to add new parties after a deadline).

---

[19] Exhibit A.
[20] Lead defense counsel Christina A. Jump gives a well-earned nod to the diligence and perseverance of her colleague Ms. Elhosary, for clicking through at least 47 responses to her Google search to discover the letter.

## VI. <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request this Court quash Plaintiffs' claw-back claim, recognize the waiver of any prior privilege as to the Lewin & Lewin Representation Letter, and allow additional discovery on this subject in light of Plaintiffs' belated and incomplete efforts to protect any prior privilege that may have attached to this long-public document.

September 11, 2023          Respectfully submitted,

*/s/ Christina A. Jump*
Christina A. Jump
Texas Bar No. 00795828
Samira Elhosary
Maryland Bar No. 2112140261
cjump@clcma.org
selhosary@clcma.org
*Attorneys for Defendants*

Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

13

**CERTIFICATE OF CONFERENCE**

I certify that, consistent with Local Rule 37.2 and this Court's procedures, Defendants' counsel (myself and Ms. Samira Elhosary) conferred in good faith via telephone call with Mr. Daniel Schlessinger and Mr. Seth Corthell on August 17, 2023 at 4:30 pm Central Time, regarding the disclosure at issue in this Motion. I also conferred with both Mr. Schlessinger and Mr. Corthell on the same subject via email prior to that phone call, including via the letters and emails attached as exhibits to this Motion. In addition, counsel conferred on September 1, 2023 via email and on September 5, 2023 via telephone (after attempting a Teams meeting that failed for technical issues) on this issue, as a necessary part of the parties' Joint Status Report filed on September 5, 2023. Samira Elhosary, Dan Schlessinger and Seth Corthell appeared via telephone on September 5, and I responded in real time via iMessage with Ms. Elhosary (due to unexpectedly very poor reception and connections while traveling in Arkansas for a college visit), the meanings of which Ms. Elhosary relayed to Mr. Schlessinger and Mr. Corthell. The parties conferred in good faith by these means over the past several weeks since July 28, 2023 in efforts to avoid the need for this Court's intervention, but were not able to come to a resolution. In-person communications were not feasible due to the differing states in which counsel work and reside, though the parties did attempt a Microsoft Teams meeting.

/s/*Christina A. Jump*
Christina A. Jump

## **CERTIFICATE OF SERVICE**

On September 11, 2023, I electronically filed the foregoing with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ *Christina A. Jump*
Christina A. Jump
