UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE, ET AL., <br><br> Defendants | Case No. 17 CV 3591 <br><br> District Judge Wood <br><br> Magistrate Judge McShain |

**ORDER**

Pending before the Court is plaintiffs' motion for a protective order barring defendants from taking their depositions. [313].[1] The motion is fully briefed. [316]. For the following reasons, the motion is denied.

**Legal Standard**

"Federal Rule of Civil Procedure 26 governs the scope of civil discovery and allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's claim or defense; and (3) proportional to the needs of the case." *Barnes-Staples v. Murphy*, Case No. 20-cv-3627, 2021 WL 1426875, at *2 (N.D. Ill. Apr. 15, 2021).

Rule 26 also provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking protection from discovery bears the burden of presenting a particular and specific demonstration of fact as to the need for that protection." *City of Rockford v. Mallinckrodt ARD, Inc.*, Case Nos. 17 CV 50107 & 20 CV 50056, 2020 WL 1675593, at *2 (N.D. Ill. Apr. 6, 2020) (internal quotation marks omitted). In deciding whether to issue a protective order, the court "must balance the parties' interests, taking into account the importance of the disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. 2011).

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

"A prohibition against taking an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order." *Stanek v. St. Charles Cmty. Unit Sch. Dist. 303*, No. 13 C 3106, 2020 WL 1304828, at *3 (N.D. Ill. Mar. 19, 2020). "A strong showing is required before a party will be denied entirely the right to take a deposition." *Washtenaw Cnty. Emps. Ret. Sys. v. Walgeen Co.*, No. 15 C 3187, 2020 WL 13613270, at *1 (N.D. Ill. Sept. 25, 2020). "While it is thus clear that any movant faces a difficult burden in seeking to prevent a deposition, that burden is even higher when, as in this case, a party to the lawsuit seeks to do so. The standard for prohibiting a witness's deposition is high, but to prohibit the deposition of a party, the showing must be even more extraordinary." *Harris v. Clay Cnty., Mississippi*, 514 F. Supp. 3d 880, 882 (N.D. Miss. 2021); *see also Newson v. Oakton Cmty. Coll.*, No. 19 CV 2462, 2021 WL 9793333, at *2 (N.D. Ill. Nov. 5, 2021) ("plaintiff's vague, unsubstantiated claims that it is not safe for him to be deposed, and that defense counsel broke the law, are insufficient to make the extraordinary showing that would be necessary to preclude defendant from taking plaintiff's deposition") (internal citation and quotation marks omitted).

## Discussion

Plaintiffs argue that the Court should grant a protective order barring their depositions because they (1) are elderly and in poor health, (2) have agreed to stipulate to their lack of personal knowledge regarding the disputed facts at issue in this case, and (3) would experience an undue burden in sitting for a deposition compared to the amount of relevant information (if any) they can be expected to testify to. *See* [313] 3-4, 9-10, 12-13. The Court rejects these arguments and holds that plaintiffs have not carried their "heavy burden" of demonstrating that the Court should bar their depositions. *Stanek*, 2020 WL 1304828, at *3.

First, plaintiffs do not acknowledge the rule in this District that a party seeking to prevent his own deposition "bears a heavy burden," *Stanek*, 2020 WL 1304828, at *3, and must make "[a] strong showing," *Washtenaw Cnty.*, 2020 WL 13613270, at *1, of good cause for such a protective order. Indeed, plaintiffs have not cited any decision from the Northern District of Illinois–or elsewhere–where a court granted a protective order barring a named party's deposition. In the undersigned's view, this underscores the "very unusual," *Stanek*, 2020 WL 1304828, at *3, and "extraordinary," *Newson*, 2021 WL 9793333, at *2, nature of plaintiffs' request and, as well, their failure to demonstrate that a protective order is warranted here.

Second, while the Court accepts that plaintiffs are elderly and in poor health, plaintiffs have not demonstrated that sitting for a deposition would be dangerous for them. "Where, as here, a party seek[s] to bar an oral deposition based on health-related concerns, that party must mak[e] a *specific and documented factual showing that the deposition would be dangerous to the deponent's health.*" *Stanek*, 2020 WL

2

1304828, at *3 (emphasis in original). But plaintiffs have not offered any evidence–medical records, a letter from a doctor, or otherwise–that would permit the Court to find that sitting for a deposition would be dangerous to their health or unduly burdensome considering their age and physical condition. Likewise, the fact that plaintiffs are likely to find the process of being deposed stressful and emotionally taxing does not constitute an undue burden. "It is, of course, not unusual for a deposition to be stressful for the deponent. That, alone, would ordinarily not constitute the type of undue burden that would require the quashing of a subpoena" for a deposition. *Electrolux N. Am., Inc. v. Performance Metals, Inc.*, No. 1:21-mc-6-JMS-MJD, 2021 WL 601056, at *1 (S.D. Ind. Feb. 12, 2021).

Third, plaintiffs' offer to stipulate to their lack of personal knowledge of the disputed facts in the case, and their insistence that they have little or no relevant information about the allegations in their complaint, are insufficient to justify the protective order they seek.

"A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *Reed v. Illinois*, 318 F.R.D. 77, 81 (N.D. Ill. 2016). "The test under Rule 26 is not whether a putative deponent had personal involvement in an event, or even whether she has 'direct' knowledge–which is merely another way of saying that she was a participant in the event–but whether the witness may have information from whatever source that is relevant to the claim or defense." *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007). In this case, plaintiffs allege that defendants American Muslims for Palestine and Americans for Justice in Palestine Education Fund are the alter egos of the entities that, in the underlying *Boim* litigation, were found liable to plaintiffs for the murder of their son and against whom plaintiffs obtained a $156 million judgment. *See Boim v. American Muslims for Palestine*, 17 C 3591, 2022 WL 1556085, at *1-3 (N.D. Ill. May 17, 2022). While plaintiffs disclaim any personal knowledge as to whether the defendants in this case are, in fact, the alter egos of the entities found liable in the underlying *Boim* litigation, the defendants are not bound to accept that representation or enter plaintiffs' proposed stipulation. "Parties to litigation do not have to accept their opponent's statement that all relevant evidence has been produced via a given discovery vehicle–they are entitled to test this assertion in questioning witnesses during depositions." *Milwaukee Elec. Tool Corp. v. Chevron N. Am., Inc.*, No. 14-CV-1289-JPS, 2015 WL 4393896, at *5 (E.D. Wis. Jul. 16, 2015); *see also Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005) ("By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery.").

In seeking plaintiffs' depositions, moreover, defendants emphasize that an "inherent conflict" exists between plaintiffs' verification of their answers to defendants' interrogatories and the proposed stipulation. [316] 5. Earlier in the litigation, defendants moved to compel plaintiffs to verify their answers to the

3

interrogatories in accordance with 28 U.S.C. § 1746(1), which specifies a manner for verifying answers that are executed outside of the United States (the Boims reside in Israel). *See* [276]. Plaintiffs opposed the motion on the ground that they could not "state unequivocally" that their answers to the interrogatories were "true and correct" because both plaintiffs "lack personal knowledge of these facts." [280] 3. The Court overruled their objection and required plaintiffs to "amend the verification's language, pursuant to 28 U.S.C. § 1746(1), to certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct," and "to remove the qualifying language, to the best of my knowledge, from the verification." [304] 1 (internal quotation marks omitted). Thereafter, plaintiffs executed a new verification that states "I have read the Answers to the Interrogatories in Plaintiffs' Objections and Answers to Entity Defendants' First Set of Discovery Request and I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." [313] 12-13. Because the amended verification does not state that plaintiffs lack personal knowledge of the matters asserted in their answers, defendants maintain that they are entitled to depose plaintiffs to "determine[e] the factual basis of the Responses and . . . the allegations in the Amended Complaint." [316] 5. The Court accepts defendants' argument that plaintiffs' amended verification has raised a question about the factual basis of the interrogatory answers that defendants should be permitted to explore by deposing plaintiffs. Plaintiffs previously represented that they could not execute a verification under § 1746(1) due to their lack of personal knowledge, *see* [280] 3, but plaintiffs have since executed such a verification**.** For that reason, the Court rejects plaintiffs' argument that it is unreasonable and harassing for defendants to depose plaintiffs.

That said, it is not as clear to the Court as it is to the defendants that any "inherent conflict" between the verification and plaintiffs' proposed stipulation exists. Defendants seem to contend that plaintiffs, by executing the amended verification, have acknowledged that "they do have factual knowledge of the responses to the Interrogatories[.]" [313-5] 2 (emphasis in original). But as plaintiffs accurately observe, *see* [313] 16, the Federal Rules of Civil Procedure do not require that answers to interrogatories be based on personal knowledge. Rather, the Rules require that interrogatories be answered "by the party to whom they are directed." Fed. R. Civ. P. 33(b)(1). A party must therefore answer interrogatories even when it claims to lack personal knowledge of the matters at issue. "Lack of personal knowledge does not exempt a party from answering to the extent possible, because the duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others." *Gevas v. Dunlap*, Case No. 18 C 6556, 2020 WL 814875, at *1 (N.D. Ill. Feb. 19, 2020) (internal quotation marks and citation omitted). Thus the answering party must "give the information available to him, if any, through his attorney, investigators employed by him or on his behalf, or other agents or representatives, whether personally known to the answering party or not." *Connelly v. Cook Cnty. Assessor's Office*, No. 19 CV 7894, 2022 WL 17718411, at *2 (N.D. Ill.

4

Dec. 15, 2022). Accordingly, the fact that plaintiffs verified the answers in accordance with § 1746(1) does not preclude the possibility that they have no personal knowledge of the matters asserted in the answers, and it may very well be that their deposition testimony will mirror Mrs. Boim's testimony at her November 2022 deposition, when she testified repeatedly that she had no relevant information about the case and that she had relied on counsel to prepare plaintiffs' discovery responses. *See* [313-2] 54-57. Therefore, while the Court believes that defendants have overstated the supposed conflict between plaintiffs' verification and their proposed stipulation, the Court does not believe, for reasons already explained in this order, that defendants should be prohibited from deposing plaintiffs. *Cf. PsyBio Therapeutics, Inc. v. Corbin*, No. 20 C 3340, 2021 WL 4459527, at *3 (N.D. Ill. Sept. 29, 2021 ("Ms. Corbin's argument that a lack of knowledge should preclude her deposition is also misplaced. Ultimately, PsyBio believes that Ms. Corbin has discoverable information; Ms. Corbin responds that she does not. A limited deposition is the best vehicle to resolve that disagreement.")

In the end, plaintiffs have not carried–or even acknowledged–their "heavy burden" to demonstrate that a protective order barring their depositions is warranted. *Stanek*, 2020 WL 1304828, at *3. Plaintiffs did not offer any evidence that being deposed will be dangerous to their health, and the stress and anxiety associated with their depositions is no different than that experienced by many (or even most) deponents. Finally, defendants have a right to depose plaintiffs and to test their assertions that they have no relevant information about the facts of the case, and plaintiffs' depositions are the proper forum for the parties to explore whether and to what extent plaintiffs have relevant information about the case and the matters asserted in their answers to defendants' interrogatories. *See PsyBio*, 2021 WL 4459527, at *3. The Court expects that the parties will work cooperatively with each other in scheduling plaintiffs' depositions and that similar accommodations that were made in connection with Mrs. Boim's November 2022 deposition will be considered.

Finally, defendants' request for an award of fees and costs is denied. Rule 37(a)(5)(B) provides that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "The test for substantial justification for this purpose is whether there is a genuine dispute." *Forth v. Walgreen Co.*, No. 17 C 2246, 2019 WL 10255628, at *7 (N.D. Ill. July 10, 2019). Although the Court is denying plaintiffs' motion, the Court finds that plaintiffs presented a bona fide dispute over whether defendants should be precluded from taking their deposition. Defendants previously agreed to suspend Mrs. Boim's November 2022 deposition after she proposed to stipulate that she had no relevant information about the case or plaintiffs' discovery responses, *see* [313] 5, and plaintiffs' amended

verification to their interrogatory answers is not necessarily inconsistent with plaintiffs' claim that they do not, in fact, have relevant information about this case. For that reason, no award of fees and costs is warranted.

## Conclusion

Plaintiffs' motion for a protective order [313] is denied.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: October 5, 2023**

6