IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM,<br>        Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; and RAFEEQ JABER<br><br>        Defendants. | Civil No. 17-cv-03591<br>Hon. Andrea Wood<br>Hon. Heather K. McShain |

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order dated September 6, 2023 (Doc. 317), the parties jointly submit this status report to update the matters specified by the Court:

(1)    <u>The Progress of Discovery</u>

The parties continue working to comply with the discovery related to this Court's Orders, and continue to supplement all responses as necessary. Plaintiffs have modified their Rule 30(b)(6) deposition notice pursuant to discussions between counsel and agreed to provide most if not all exhibits for that deposition in advance, to allow better preparation of that witness to speak to the topics. Counsel continue to work to resolve additional discovery issues between them and are hopeful those can be resolved without any need to raise any issue with the Court. Plaintiffs have taken depositions of two witnesses represented by Defendants' counsel, and the parties scheduled the deposition of Dr. Hatem Bazian for November 20, 2023 in California and third-party witness Magdi Odeh on October 18, 2023. Defendants' counsel is working to provide dates for three additional depositions requested by Plaintiffs' counsel. The parties will work together

to schedule the depositions of Plaintiffs Stanley and Joyce Boim in accordance with this Court's recent ruling denying Plaintiffs' Motion for Protective Order (Doc. 330), subject to Plaintiffs request set forward in Paragraph 3 below. On October 6, 2023, the Mosque Foundation filed its Objection (Doc. 36 in Case No. 1:22-cv-06085) to this Court's Report and Recommendation denying the Foundation's Motion to Quash. (Docs. 33 and 34 in Case No. 1:22-cv-06085.) Depending on the timing of Judge Wood's ruling on the Objection, there may be some delay in completing Plaintiffs' discovery from the Mosque Foundation.

   (2) <u>The Status of Settlement Discussions, If Any</u>

The parties have not engaged in further settlement discussions. Until the completion of factual discovery, including all outstanding depositions, the parties do not believe that further settlement discussions will be fruitful.

   (3) <u>Any Other Issues the Parties Wish to Raise</u>

Plaintiffs would like to raise an issue with the Court regarding whether affidavit evidence was considered by the Court in the recent ruling denying their Motion for Protective Order to avoid the depositions of the Boims. In particular, the Court's opinion states that a party seeking to bar an oral deposition on the grounds of health concerns must make a specific and documented showing of danger to the deponent's health (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. 303*, No. 13 C 3106, 2020 WL 1304828, at *3 (N.D. Ill. Mar. 19, 2020). The Court then states that "Plaintiffs have not offered any evidence--medical records, a letter from a doctor, or otherwise–that would permit the Court to find that sitting for a deposition would be dangerous to their health or unduly burdensome considering their age and physical condition." Doc. 330 at p. 3 Plaintiffs' concern here is that due to a delay in filing an affidavit from the Boims' physician, that evidence may not have been taken into account in ruling on the motion. In particular, Plaintiffs filed their motion (Doc. 313) on August 21, 2003, but did not yet have an affidavit from the Boim's physician at that time.

Subsequently, on September 11, 2023, Plaintiffs filed their unopposed motion for leave to file their attached affidavit (Doc. 321), which the Court granted that same day (Doc. 322).

The affidavit details the several conditions from which Mr. Boim suffers that would impair his ability to testify competently and that threaten his health, including hypertension, periventricular leukomalacia, memory loss, difficulty focusing, congestive heart failure and mitral insufficiency which present serious threats to his health, particularly when subjected to stress. He has also had a traumatic brain injury that has significantly impaired his cognitive ability. Mrs. Boim suffers from chronic hypertension, supraventricular tachycardia and valvular heart disease. In the doctor's opinion, Mrs. Boim would also risk serious threats to her health if forced to sit for a deposition. Plaintiffs' purpose in raising this concern is not to re-brief the motion, but merely to make sure that Dr. Niewodowski's affidavit is taken into account in deciding the issue of whether the Boims need to endure depositions here.

Defendants did not object to the submission of the declaration from the medical care provider, but disagree on the summary presented above by Plaintiffs regarding its import and applicability to depositions in this matter, particularly as to the purported health risks identified therein as to Plaintiff Joyce Boim (hypertension, hip surgery potentially limiting ability to walk distances, and emotional distress from addressing the topics raised in the claims Plaintiffs chose to bring in this lawsuit). Defendants believe this status report is not the appropriate place to brief or provide any further debate on the subject. Should this Court choose to revisit its ruling as Plaintiffs request, Defendants request the right to respond to the potential impact of this declaration on the Plaintiffs' depositions, as Plaintiffs submitted that declaration after Defendants timely filed their response to Plaintiff's motion. However, Defendants recognize and respect the ruling of this Court, and presume this Court to have considered all relevant submitted materials in making its ruling reflected in its Order of October 5, 2023. Otherwise, in keeping with this Court's rulings to date, Defendants have requested and will move forward with deposing the Plaintiffs in this matter.

In addition, Defendants will move for additional discovery as appropriate subject to this Court's pending ruling on Defendants' Motion to Quash Clawback. *See* Docs. 318 (unredacted, sealed version) and 319 (redacted public version). And, Defendants await Plaintiffs' revised responses to Defendants' most recently submitted written discovery requests, including a narrowing of certain document ranges identified for each response.

Defendants, having just become aware today that documents produced in June 2023 as part of Plaintiffs' discovery responses included documents obtained from the Mosque Foundation, further anticipate moving to make a special limited appearance in the separate cause number regarding Plaintiffs' subpoena to the Mosque Foundation.

Respectfully submitted this 6th day of October , 2023

| | |
|---|---|
| */s/ Daniel I. Schlessinger* | */s/ Christina A. Jump* |
| Daniel I. Schlessinger | Christina A. Jump |
| Seth H. Corthell | Samira S. Elhosary |
| JASZCZUK P.C. | Constitutional Law Center for |
| 311 South Wacker Drive, Suite 2150 | Muslims in America |
| Chicago, IL 60606 | 100 N. Central Expy. Ste. 1010 |
| (312) 442-0509 | Richardson, TX 75080 |
| | (972) 914-2507 |
| Of Counsel | |
| Nathan Lewin (*pro hac vice*) | Thomas A. Durkin |
| Alyza D. Lewin (*pro hac vice*) | Durkin & Roberts |
| LEWIN & LEWIN LLP | 2446 North Clark Street |
| 888 17th Street NW, 4th Floor | Chicago, IL 60614 |
| Washington, D.C. 20006 | (312) 913-9300 |
| (202) 828-1000 | |