**Gmail**

**Rima Kapitan <rima@kapitangomaa.com>**

---

## RE: Magdi Odeh - potential deposition dates and new subpoena
1 message

---

**Seth Corthell** <scorthell@jaszczuk.com>                                      Fri, Oct 13, 2023 at 2:09 PM
To: Rima Kapitan <rima@kapitangomaa.com>
Cc: Christina Jump <cjump@clcma.org>, Daniel Schlessinger <dschlessinger@jaszczuk.com>, Samira Elhosary
<selhosary@clcma.org>

Rima,

My responses are underlined and in red below. I am in the office and available until 5pm today if you would like to discuss
anything further.

Best,

Seth

---

**From:** Rima Kapitan <rima@kapitangomaa.com>
**Sent:** Friday, October 13, 2023 11:58 AM
**To:** Seth Corthell <scorthell@jaszczuk.com>
**Cc:** Christina Jump <cjump@clcma.org>; Daniel Schlessinger <dschlessinger@jaszczuk.com>; Samira Elhosary
<selhosary@clcma.org>
**Subject:** Re: Magdi Odeh - potential deposition dates and new subpoena

Seth,

Thank you for taking the time to respond to our concerns. Please see below my responses in blue. If you continue to
disagree with our objections despite these clarifications, please let me know as soon as possible.

Rima

On Thu, Oct 12, 2023 at 5:31 PM Seth Corthell <scorthell@jaszczuk.com> wrote:

> Rima,
>
>
>
> It was nice speaking with you this afternoon. We have discussed the objections you outlined during our call. Our
> response is as follows:

**Objection to questions regarding Mr. Odeh's involvement with other Palestinian-focused charities/non-profits/interest organizations:**

We have considered your objections and will not agree to any limitations on questions relating to Mr. Odeh's work with other entities. The information is relevant as it may show Mr. Odeh's continuing involvement with the same network of individuals and entities that supported and/or contributed to IAP and AMP. You did not raise any specific burden to providing this information, and thus, that objection is not well-taken either. Finally, your objection based on freedom of association fails because we are not impeding on Mr. Odeh's right to associate with any organization with which he wishes to align himself. Further, Mr. Odeh may designate any testimony regarding his associations with other entities or individuals as confidential, provided the testimony truly warrants such protection.

You state that you are not inclined to "agree to any limitations on questions relating to Mr. Odeh's work with other entities" because it "may show Mr. Odeh's continuing involvement with the same network of individuals and entities that supported and/or contributed to IAP and AMP." This response misunderstands the scope of my objection. As I stated during the call, the objection is to questioning Mr. Odeh about individuals he encountered during 20 years of activism *that have nothing to do with this case*. If there are individuals against whom Plaintiffs have specific allegations, e.g. that they served as intermediaries between AMP and organizations which were long defunct before AMP was founded in order to funnel money to Hamas, we have no objection to your questioning Mr. Odeh about those. As I stated, we have no objection to your ascertaining the identify of organizations in which Mr. Odeh was involved from 1998-2018. But if those organizations or individuals are not accused of anything related to this case, and the only link between them and this case is they care about the human rights of Palestinians or attended a conference in 1999, Plaintiffs are not entitled to question Mr. Odeh about those individuals and entities. Such a disclosure may indeed implicate the right to association of Mr. Odeh and other individuals. *See City of Greenville v. Syngenta Crop Prot., Inc.*, No. 11-MC-10, 2011 WL 5118601, at *5–6 (C.D. Ill. Oct. 27, 2011) ("Sometimes disclosure of the identity of the members of the association will subject members to harassment and intimidation because the association advocates a controversial view.").

Your concerns are not warranted. Neither I, nor anyone else on our litigation team, will harass or intimidate any individual identified by Mr. Odeh during his deposition. If there is an individual identified that is relevant to this case, we may choose to seek discovery from that individual, but that is not harassment or intimidation. And Mr. Odeh's testimony can be designated, which will keep the identities of any individuals identified by Mr. Odeh out of the public record. Judge McShain has already noted that designation of testimony is an adequate measure to protect the identities of third parties from public disclosure. (Transcript of September 22, 2023 Hearing, at p. 10:1-4 ("Concerns about the subpoena production deterring community volunteers is speculative and also could be alleviated if the parties enter into a productive order governing the subpoena production."))

**Objection to questions regarding individuals in non-leadership roles with whom Mr. Odeh worked with at AMP:**

We will not agree to any limitations on questions relating to individuals with whom Mr. Odeh worked with at AMP regardless of whether such individuals were in leadership positions. Crossover in leadership is but one element of the Boims' alter ego claim. Similarity of operations, organizational purpose, and intent to avoid liability are also elements of the claim. And substantial cross over in volunteers between IAP and AMP would be relevant to proving any one of those factors. As an example, if for an AMP event, Mr. Odeh worked with ten volunteers who had all previously been volunteers for IAP, that would certainly be relevant to our alter ego claim. For this reason alone, your relevance objection is not well taken.

Similarly of operations or intent to avoid liability would not be established by showing that an individual volunteered at an IAP convention in 1998 and then for an AMP convention in 2007. Activists who work on the same cause often volunteer for multiple organizations. If Plaintiffs are attempting to establish (and it is my understanding that there is no evidence of this so far) that the operations of AMP and IAP were the same such that one organization is simply a continuation of the other, they can do so by *asking* about the operations and methods of each organization. How were volunteers recruited? What internal documents were used? Where were donated funds directed? Did they function out of the same office? Asking about the identity of individual volunteers is a backwards and much more intrusive means of arriving at that information.

We are entitled to obtain relevant information through multiple methods and from multiple sources and are not limited to the methods you suggest in your email. Again, any concerns about keeping the identities of individuals who have volunteered for AMP out of the public record can be allayed through the designation protocol set forth in the Confidentiality Agreement. Judge McShain recently recognized that in her attached oral opinion denying the Mosque Foundation's Motion to Quash our subpoena. (Transcript of September 22, 2023 Hearing, at p. 10:1-4 ("Concerns about the subpoena production deterring community volunteers is speculative and also could be alleviated if the parties enter into a productive order governing the subpoena production."))

Your statement about our lack of evidence to support our claims is a bit concerning as most of the information produced in discovery in this case has been designated confidential. What is your basis for that statement?

**Objections to questions about Mr. Odeh's post-2009 involvement in AMP or other Palestinian-focused causes:**

As set forth above in point one, we will not agree to any limitations on questions relating to Mr. Odeh's involvement with AMP or any other organizations. Mr. Odeh was an IAP surrogate and was later involved in the establishment of AMP and its activities moving forward. His work with other entities is relevant as it may show that he is still involved with the same network of individuals and entities that support and/or contribute to IAP and AMP. His testimony may also show that he is not involved with such individuals and entities; but we are entitled to ask and intend on doing so. We are happy to consider any designations of confidential information to allay concerns about privacy of Mr. Odeh or other third parties.

Again, you misunderstand the scope of my objection. I said explicitly during our call that we do not object to questions about the extent of Mr. Odeh's involvement in the AMP during the timeframe identified as potentially relevant by the Court. I am saying, rather, that if you discover (as I strongly suspect you will) that Mr. Odeh had no leadership role in AMP since around 2009, his Palestine-related activism that has nothing to do with organizations or individuals you have reason to believe participated in some scheme to avoid liability of IAP is not an appropriate area of inquiry.

We are entitled to take discovery concerning his work with AMP and other entities. At this point, we do not know what other entities with which Mr. Odeh may have worked and we will not agree that questions about his affiliations with such organizations are off limits.

Please also confirm that you do not intend to ask Mr. Odeh about his religious beliefs and political opinions that are unrelated to this case.

We confirm that we will not ask Mr. Odeh about his religious beliefs and will only ask about his political opinions to the extent they are relevant to the claims at issue in this case.

You also suggested that my concerns may be alleviated by an agreement to consider this discovery governed by the confidentiality order. That does not alleviate our concerns. The Boims themselves, not the public at large, are the ones who seek to attack any organization interested in humanitarian aid to a people living under occupation. We do not agree to subject additional individuals to this fishing expedition.

Best,

Seth

---

**From:** Rima Kapitan <rima@kapitangomaa.com>
**Sent:** Tuesday, October 10, 2023 5:14 PM
**To:** Seth Corthell <scorthell@jaszczuk.com>
**Cc:** Christina Jump <cjump@clcma.org>; Daniel Schlessinger <dschlessinger@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Subject:** Re: Magdi Odeh - potential deposition dates and new subpoena

Hi Seth,

Yes, let's talk Thursday at 1:30.

Thanks,

Rima

On Tue, Oct 10, 2023 at 4:40 PM Seth Corthell <scorthell@jaszczuk.com> wrote:

Hi Rima,

Are you available Thursday? I am relatively open in the afternoon that day.

Best,

Seth

---

**From:** Rima Kapitan <rima@kapitangomaa.com>
**Sent:** Tuesday, October 10, 2023 3:20 PM
**To:** Seth Corthell <scorthell@jaszczuk.com>
**Cc:** Christina Jump <cjump@clcma.org>; Daniel Schlessinger <dschlessinger@jaszczuk.com>; Samira Elhosary

<selhosary@clcma.org>
**Subject:** Re: Magdi Odeh - potential deposition dates and new subpoena

Seth,

If the scope of the deposition will mirror the document subpoena, I request a phone conference to address a few issues that will likely come up, and about which I may seek a protective order. What is your availability later this week?

Rima

On Thu, Oct 5, 2023 at 10:29 AM Seth Corthell <scorthell@jaszczuk.com> wrote:

> Ok. We are also available on October 18. We will circulate a revised notice for the deposition at our offices on October 18 to begin at 10:00am central time.
>
> ---
>
> **From:** Christina Jump <cjump@clcma.org>
> **Sent:** Sunday, October 1, 2023 12:53 PM
> **To:** Rima Kapitan <rima@kapitangomaa.com>; Seth Corthell <scorthell@jaszczuk.com>
> **Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
> **Subject:** Re: Magdi Odeh - potential deposition dates and new subpoena
>
> October 18 works for me.
>
> Thanks
>
> ---
>
> **From:** Rima Kapitan <rima@kapitangomaa.com>
> **Sent:** Tuesday, September 26, 2023 9:10:28 AM
> **To:** Seth Corthell <scorthell@jaszczuk.com>
> **Cc:** Christina Jump <cjump@clcma.org>; Daniel Schlessinger <dschlessinger@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
> **Subject:** Re: Magdi Odeh - potential deposition dates and new subpoena
>
> Good morning all,
>
> We can do the following dates in the range you proposed:
>
> October 10-13, 17, 18, 20
>
> Rima

On Thu, Sep 21, 2023 at 3:01 PM Seth Corthell <scorthell@jaszczuk.com> wrote:

Ms. Kapitan,

Thank you for reaching out. We do intend to set different dates for the deposition. The September 29 date was only meant as a placeholder. For our part, we have pretty good availability the second and third weeks of October.

If you and Christina can provide some dates that work during October 9-13 or 16-20, I think we can get a new date set up in short order.

Best,

Seth

---

**From:** Rima Kapitan <rima@kapitangomaa.com>
**Sent:** Thursday, September 21, 2023 2:28 PM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Subject:** Re: Magdi Odeh - potential deposition dates and new subpoena

Good afternoon,

Following up on this, do you plan to reschedule the deposition? I would appreciate your coordinating dates with us as well.

Thank you,

Rima

***

Rima Kapitan| Partner

Kapitan Gomaa Law

(312) 566-9590 ext. 0| Direct

www.kapitangomaa.com

On Wed, Sep 20, 2023 at 9:21 AM Christina Jump <cjump@clcma.org> wrote:

Counsel:

Please note that Rima Kapitan represents Magdi Odeh, and that Dan Schlessinger and Seth Corthell represent Joyce and Stanley Boim.

As you all already know, I am not available September 28 or 29 for any depositions in this matter, but am glad to participate in discussions of any available dates.

Thank you.

**Let's connect!**

**Christina A. Jump**

Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**

*The Constitutional Law Center for Muslims in America (CLCMA)*

*is the legal division of MLFA*

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)

Email: christina.jump@mlfa.org | cjump@clcma.org

**Learn more on how to support and participate in our mission**
Website: https://mlfa.org/

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*

*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization

***IMPORTANT:*** *Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*