**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; and RAFEEQ JABER <br><br> Defendants. | Civil No. 17-cv-03591 <br> Hon. Andrea Wood <br> Hon. Heather K. McShain |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Christina A. Jump
Texas Bar No. 00795828
Samira Elhosary
Maryland Bar No. 2112140261
cjump@clcma.org
selhosary@clcma.org
*Attorneys for Defendants*
Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX  75080
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

October 17, 2023

Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation d/b/a American Muslims for Palestine ("AJP") (collectively, "Entity Defendants"), and Rafeeq Jaber, (collectively, "Defendants") respectfully oppose Plaintiffs' Motion for Protective Order as the medical documentation is insufficient as to Plaintiff Joyce Boim and inconsistent as to Plaintiff Stanley Boim.

## I. THE MEDICAL INFORMATION PROVIDED DOES NOT EXCUSE JOYCE BOIM FROM SITTING FOR HER COMPLETE DEPOSITION

As this Court properly noted, "plaintiffs do not acknowledge the rule in this District that a party seeking to prevent his own deposition 'bears a heavy burden" ... and must make 'a strong showing.'" Doc. 330 at 2 (cleaned up), citing *Stanek v. St. Charles Cmty. Unit Sch. Dist.*, No. 13 C 3106, 2020 WL 1304828, at *3 (N.D. Ill. Mar. 19, 2020) (recognizing that "to prohibit the deposition of a party, the showing must be even more extraordinary"). And Plaintiffs still do not cite to a single authority within this District permitting a party to sidestep being deposed.

And, finding the concept of a deposition to be "stressful and emotionally taxing" does not suffice. Doc. 330 at 3, citing *Electrolux N. Am., Inc. v. Performance Metals, Inc.*, No. 1:21-mc-6-JMS-MJD, 2021 WL 601056, at *1 (S.D. Ind. Feb. 12, 2021).

This Court now has before it the late-arriving declaration of family medicine practitioner Dr. Allan Niewodowski, purporting to diagnose Plaintiff Joyce Boim as unable to sit for her deposition in the final six sentences of the document. Doc. 321 at 3-4. And, unlike his diagnostic assessment of Plaintiff Stanley Boim, Dr. Niewodowski does <u>not</u> declare that Mrs. Boim's "medical conditions render [her] unable to concentrate for more than a few minutes and impair [her] ability to focus," nor does he conclude that "in my opinion, [s]he could not competently respond to detailed questioning regarding factual matters." *Id*. at 3. Instead, he opines that "her mobility is very limited" and she "walks with the aid of a 4 point stick." *Id*. at 4. He also mentions

that, in his "opinion, the stress of sitting for a deposition would risk serious health threats to Mrs. Boim's health in view of her blood pressure issues and the depression she has suffered since the loss of her son, David Boim." *Id*.

But Dr. Niewodowski does not claim that Mrs. Boim "cannot concentrate for more than a few minutes," nor does he address at all whether Mrs. Boim "could not competently respond to detailed questioning regarding factual matters." He merely asserts she can't walk far --- which she would not have to do while literally sitting for a deposition, and has high blood pressure—which is not new, and is instead "chronic" and therefore was presumably present when she sat for her deposition in November 2022 with no health difficulties in doing so. Even it any did suddenly emerge that were not present before, or became somehow significantly agitated since her last deposition—though her treating physician makes no such representations—Defendants offered before and offered again this round to take breaks up to ten minutes every hour, begin the deposition at a convenient time for Ms. Boim (6:00 am for defense counsel), and limit the number of hours per day as well as permit the remote deposition, thereby giving her more control over her environment to best address any health needs. Doc. 330 at 5.

Last, the Boims' family medicine physician asserts that "the depression she has suffered since the loss of her son" may lead to risks to her health if deposed in ways he does not explain. Doc. 321 at 4. But as he does explain that Mrs. Boim "has suffered [depression] since the loss of her son"—a time period in excess of twenty years now—we also know she had that condition November 2022 when she sat for her deposition as well. *Id*. And as cited above, simply finding the situation stressful does not excuse a party, let alone the party who brought the lawsuit, from sitting for a deposition. Finally, "[c]onclusory or speculative statements about the harm that will be suffered - even if made by a treating physician - are insufficient to support entry of a protective

2

order barring an oral deposition." *Stanek*, 2020 WL 1304828, at *8, citing *Sincavage v. Schott N. Am.*, No. 3:18-C-01231, 2019 WL 6280314, at *1-2 (M.D. Pa. May 30, 2019). Dr. Niewodowski fails to provide sufficient reasons for the "very unusual" step of precluding her deposition; Plaintiff Joyce Boim "brought this suit against [the defendants]. [Sh]e will eventually need to face [them] to successfully prosecute [this] case." *Stanek*, 2020 WL 1304828, at *20.

## II.   PLAINTIFF STANLEY BOIM EXECUTED A SWORN VERIFICATION JUST A FEW MONTHS AGO, WHICH CONTRADICTS THE ASSERTION THAT HE LACKS THE MENTAL CAPACITY TO PROVIDE SWORN TESTIMONY

This Court previously recognized the inconsistency in Plaintiffs seeking refuge from being deposed and their prior execution of sworn verifications attesting to personal knowledge. And while this Court distinguished Defendants' argument and saw some potential for consistency (Doc. 330 at 4), that potential no longer exists. Because the issue now centers not on the factual knowledge Mr. Boim may have personally as opposed to that which he learned via others in this litigation, but on whether Mr. Boim possesses the ability *at all* to "competently respond to detailed questioning regarding factual matters." Dr. Niewodowski says Mr. Boim does not. And while inclined to take the doctor at his word due to the detail he provides on Mr. Boim, Defendants hit a new dilemma preventing a simple "never mind" on the issue: if Mr. Boim is as mentally debilitated as Dr. Niewodowski describes, and was "diagnosed in December 2022" with a condition that "causes memory loss and difficulty focusing," how was he competent to execute a verification in May 2023, just five months ago? *Cf*. Doc. 321 at 3 with Doc. 313 at 12-13.

Either Stanley Boim was competent when he executed his verification in May 2023, well after his diagnosed condition referenced above, in which case he may in fact remain competent now and Defendants request further explanation, or he is not competent now nor was he when he signed his verification earlier this year. But he could not have been both competent then and

3

incompetent now, based on the surface explanation provided to date, and Defendants deserve explanations for this inconsistency at the least, and production of a fact witness who is competent in the alternative. These facts present nothing comparable to the clear situation present in *Electrolux N. Am., Inc.*, 2021 WL 601056, at *4, where a medical provider clearly saw risk to an unborn child and the plaintiff had other individuals to depose, identified by the party seeking to avoid a deposition, meaning no harm to either party. Here, clarity on both points remains elusive.

### III. THIS COURT ACCURATELY ANALYZED THE REMAINING FACTORS RELEVANT TO PLAINTIFFS' THREADBARE MOTION

In its Order dated October 5, 2023, this Court held that "plaintiffs have not carried—or even acknowledged—their heavy burden to demonstrate that a protective order barring their depositions is warranted." Doc. 330 at 5. This Court got it right then, and that analysis remains correct now. Plaintiffs present nothing new other than Dr. Niewodowski's declaration, and therefore offer nothing new to rebut this Court's analysis of the remaining non-medical reasons Plaintiffs assert they should not have to sit for their depositions. Defendants have the right to question Plaintiffs, or their designee, on the factual assertions made against them in Plaintiffs' Amended Complaint.

> "There is no absolute right of confrontation in civil cases." *Van Harken*, 103 F.3d at 1352 (citing *Richardson v. Perales*, 402 U.S. 389, 402, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971)). As the Seventh Circuit recognized in *Van Harken*, however, "in particular cases, live testimony and cross-examination might be so important as to be required by due process[.]" *Id*. In addressing the *Van Harken* plaintiffs' argument that the officer's absence violates a respondent's right of confrontation, the Seventh Circuit emphasized the fact that "the ordinance empowers the hearing officer to subpoena witnesses." *Id*. The court concluded that the opportunity to cross examine "provides an adequate safety valve for those cases . . . in which fair consideration of the respondent's defense would require, as a constitutional imperative, the recognition of a right of confrontation." *Id*.

4

*Prudent Props. v. City of Chicago*, No. 99 C 6840, 2000 WL 311173, 2000 U.S. Dist. LEXIS 5788, at *13-14 (N.D. Ill. Mar. 21, 2000) (quoting *Van Harken v. City of Chicago* 103 F.3d 1346, 1352 (7th Cir. 1997)).

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request this Court allow its current denial of Plaintiffs' "highly unusual" request to avoid their depositions. In the alternative, Defendants respectfully request that this Court deny the Motion as to Plaintiff Joyce Boim, who already appeared for a deposition once, albeit incomplete, in this matter. Defendants further request that this Court either deny Plaintiffs' Motion as to Stanley Boim because he previously, recently, and inconsistently represented himself able to swear to the accuracy of Plaintiffs' discovery responses by executing a Verification, or grant the Motion as to Plaintiff Stanley Boim only but also order Plaintiffs to designate who did provide information relevant to the facts in the Interrogatory responses, and thereby allow Defendants to depose whomever that may be.

October 17, 2023                                                     Respectfully submitted,

<u>/s/ Christina A. Jump</u>
Christina A. Jump
Texas Bar No. 00795828
Samira Elhosary
Maryland Bar No. 2112140261
cjump@clcma.org
selhosary@clcma.org
*Attorneys for Defendants*

Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX  75080
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966

2446 N. Clark Street Chicago, IL 60614

Tel: 312-981-0123

Fax: 312-913-9235

tdurkin@durkinroberts.com

*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

On October 17, 2023, I electronically filed the foregoing with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ *Christina A. Jump*

Christina A. Jump

6