# -EXHIBIT B-

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <div align=center>Plaintiffs,</div><br><br><div align=center>v.</div><br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br><div align=center>Defendants.</div> | Civil No. 17-cv-03591<br><br>Hon. Gary Feinerman |

## ENTITY DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' REVISED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants American Muslims for Palestine ("AMP") and Americans for Justice in Palestine Educational Foundation ("AJP", together with AMP, "Entity Defendants") hereby submit the following Amended Responses to Plaintiffs' Revised First General Request for Production of Documents. Where applicable, Entity Defendants incorporate by reference the definitions set forth in their discovery requests to the Plaintiffs, originally propounded on August 17, 2022 and revised in part November 18, 2022.[1]

## GENERAL OBJECTIONS

Defendants assert the following General Objections and qualifications to the Plaintiffs' Requests for Production of Documents, hereby incorporated into the responses to each individual request below. A specific response may repeat a general objection for emphasis or some other

---

[1] In the interest of clarity, Defendants separately but simultaneously file Defendant Rafeeq Jaber's Responses to Plaintiffs' First General Request for Production of Documents.

reason, but the failure to include general objections in any specific response does not waive any general objections to that request.

1.      Defendants object to the Requests (including the "Instructions" and "Definitions") to the extent they impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to these Requests, as well as the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "identify" or "identity" to the extent they are overbroad and request information already within Plaintiffs' possession and/or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants object to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the required proportionality analysis.

4.      Defendants object to the Requests, as well as the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "Respondent" or "affiliate," to the extent they are vague, ambiguous, and overbroad, as used throughout these Requests not intelligible in the context of the applicable Request.

5.      Defendants object to these Requests to the extent they seek documents or electronically stored information protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

5.      Defendants object to these Requests to the extent they seek to require Defendants to obtain information from third parties.

6.      Defendants object to these Requests to the extent they seek to require Defendants to state

or produce information and/or documents that are already within the possession of the Plaintiffs.

7.      Defendants object to the Requests to the extent they seek documents or electronically stored information that are not reasonably available to Defendants, that are obtainable from some other source that is more convenient, less burdensome, or less expensive, or equally available to Plaintiffs in this matter, and/or that are already in Plaintiffs' possession, custody, or control.

8.      Plaintiffs should not infer from the form or substance of any objection or response that documents or electronically stored information responsive to any particular Request exists.

9.      Defendants do not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendants' Objections and Responses are conditioned specifically on the understanding that the provision of documents or electronically stored information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent disclosure shall not constitute – and is in no way intended as – a waiver of any privilege or any other ground for objecting to such discovery with respect to such document, electronically stored information, the subject matter thereof, or the information contained therein. Any inadvertent disclosure by Defendants shall not constitute a waiver of his right to object to the use of any such document, electronically stored information, the information contained therein, or any information derived therefrom, during any other proceeding.

10.     Defendants object to Plaintiffs' proposed timeframe of "1996 to the present." This 26-year timespan is overbroad and not appropriately tailored to the timeframe necessary and relevant for an alter ego and/or successor analysis. It additionally creates undue burden, as many of the requested documents are not reasonably accessible by the Defendants at this point in time, or were obtained by the Plaintiffs during the original Judgment litigation. Defendants provide answers for responsive documentation for the time period of 2005-2010.

11.     Defendants note that where a Request seeks information and documentation that has already produced to Plaintiffs during jurisdictional discovery, Defendants point the Plaintiffs to that discovery, but do not reproduce it in the interest of efficiency and not creating unnecessarily duplicative production. Where additional supplemental documentation is required, Defendants produce that now, as indicated throughout the Responses below.

12.     Defendants note that where Requests are overly broad and seek production of substantial quantities of documentation and information, Defendants continue to work towards procuring that documentation and producing it at a mutually agreeable time.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.  All certificates of incorporation or other formation documents, registrations, revocations, bylaws, lists of officers, lists of directors and qualifications to operate in any state, by or on behalf of AMP or AJP or any chapter, regional office or affiliate of either.

    a.  RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Entity Defendants further object to the extent that they have already produced this documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Defendants refer the following documentation.

    b.  Please see documents previously produced (documents 0000006 – 0000030; 0000034; 0000051; 0000056; 002573 – 002579; 002581; 002594 – 002660; and 004135 -- 004409). The Defendants further refer Plaintiffs to pages reflecting members of the Board of Directors of AMP as evidenced by relevant historic pages from AMP's website, previously produced, as well as publicly available documents. Furthermore, please reference documents bates labeled 002594 –

002660 and 004410 – 004422, previously produced in accordance with the execution of the Agreed Confidentiality Order. Furthermore, please see Defendants' Third Amended Objections and Interrogatory Responses to American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation, provided on November 29, 2018.

2. All documents relating to the hierarchy and structure of AMP or AJP. Include in your response organization charts, reporting structures, list of officers, directors and employees, and documents relating to the relationship of AMP or AJP to chapters, regional officers and affiliates.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Entity Defendants further object to the extent they have already produced this documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Defendants refer to the following documentation.

    b. To the extent these documents were retained in the normal course of business and are in the possession of Defendants, please see documents previously produced in response to this Request (documents 0000001 – 0000002; 0000005 – 0000068; 002573 – 002590; and 004135 -- 004409). Defendants further refer Plaintiffs to the full archive of the relevant Twitter and Facebook accounts, as well as relevant historic website pages produced in this matter, and publicly available documents. Please see documents bates labeled 005443 - 005517. Please also see the Defendants' Second Amended Objections and Responses to Plaintiffs' Jurisdiction Interrogatories to Defendants American Muslims for Palestine and

5

Americans for Justice in Palestine Educational Foundation, and Defendants'

Third Amended Objections and Interrogatory Responses to American Muslims

for Palestine and Americans for Justice in Palestine Educational Foundation.

3. All documents relating to any statement of opinion, analyses, endorsement or position by

AMP or AJP (or any representative), or espoused in any conference, meeting, event,

social media post, website, blog, advertisement, solicitation, publication, fundraiser, chat

session or communication sponsored, placed, posted or promulgated by AMP or AJP (or

its representatives), regarding Hamas or the Muslim Brotherhood..

    a. RESPONSE: Entity Defendants respond that they have no responsive

documentation within their possession, custody or control.  While there may be

incidental or factual references to Hamas or the Muslim Brotherhood within

social media posts, Defendants are not aware of any specific responsive data or

documentation.  Defendants have already produced the full archive of their social

media sites, so this information is equally available to Plaintiffs as well as

available on the internet directly.  To be clear, Defendants have never "endorsed"

or "espoused" any terrorist organization.

4. All documents constituting or relating to AMP's or AJP's filings with the Internal Revenue

Service or other taxing authority, including without limitation the filings of Form 990 and any

tax returns.

    a. RESPONSE: Entity Defendants object to this Request to the extent that it seeks

information that is a matter of public record and is therefore equally accessible

by Plaintiffs; Entity Defendants further object to the extent that they have already

produced this documentation to Plaintiffs during jurisdictional discovery. Entity

Defendants further object to this Request as not limited to a timeframe reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Entity Defendants refer to the following documentation.

b. To the extent these documents are in the possession of Defendants, please see documents previously produced (documents bates labeled 000277 – 000456; 002559 – 002579; and 002591 – 002593). Please also note Defendants' previous response of November 29, 2018, in Defendants' Third Amended Objections and Interrogatory Responses to American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation at Response to Interrogatory No. 5, where Defendants articulated that "AMP ... fell below the threshold for filing tax returns." As AMP had receipts, revenue etc. totaling less than $50,000 annually in its early years of formation, AMP had no requirement to file a form 990 and therefore did not do so. Defendants already produced 990 forms filed regarding AJP beginning for 2010, the year after its November 2009 formation.

5. All documents relating to the cessation of the operations, wind-up, or dissolution of Islamic Association for Palestine ("IAP") or American Muslims for Palestine ("AMS"), including documents relating to the decision to stop operating.

a. RESPONSE: Entity Defendants respond that they do not have any responsive documentation within their possession, custody or control, nor have they ever.

6. All documents relating to any assets that at one time were owned or possessed by IAP or AMS.

a. RESPONSE: None.

7. All documents relating to the mission, objectives, purposes, and goals of IAP, AMS, AMP or AJP.

a. RESPONSE: Entity Defendants state that, as to IAP and AMS, they have no responsive documentation within their possession, custody or control. As to AMP and/or AJP, Entity Defendants object to the extent that they have already produced this documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objection, Entity Defendants respond that their mission is publicly available through their website. In addition, Entity Defendants refer Plaintiffs to the following documentation.

b. As to any documents in the possession of Defendants, please see documents previously produced in response to this Request (documents 000008 – 000030; 000034; 000065; 002573 – 002579; 002658-002660; and 004135 – 004409, 005443 – 005517). Please also see Declaration of Munjed Ahmad, previously produced in this matter, and documents referenced therein. In addition, due to information and documents which became available during the limited jurisdictional interrogatories in this matter, please reference this statement contained in the 2007 conference program, already in the Plaintiffs' possession, by Munjed Ahmad, the Convention Chair for the 2007 AMP annual conference, stating in relevant part: "let us not lose sight of the main purpose of this gathering which is to inform, educate and truly understand the plight of our Palestinian brothers and sisters." Please also reference the same 2007 conference program for statements regarding the purposes of AMP, which are to "(1) provide unique American perspective on all issues pertaining to Palestine; (2) re-connect the American Muslim community with Palestine's rich heritage; (3) provide regular

educational programs; and (4) develop a number of publications to advance the mission of the organization."

8. All documents relating to any statement of opinion, analyses, endorsement or position by AMP or AJP (or any representative), or espoused in any conference, meeting, event, social media post, website, blog, advertisement, solicitation, publication, fundraiser, chat session or communication sponsored, placed, posted or promulgated by AMP or AJP (or its representatives), regarding the Palestinian Authority, perpetrators of terror attacks in Israel, the use of suicide bombings, rocket attacks or other violence to achieve political objectives, or the legitimacy of the State of Israel.

   a. RESPONSE: While the Request is not reasonably calculated to lead to the discovery of admissible evidence and does not pertain to the causes of action asserted in this matter, Entity Defendants respond that they have no responsive documentation within their possession, custody or control. While there may be incidental or factual references to the topics listed in this Request within social media posts, Defendants are not aware of any specific responsive data or documentation. Defendants have already produced the full archive of their social media sites, so this information is equally available to Plaintiffs as well as available on the internet directly. To be clear, Defendants have never "endorsed" or "espoused" any terrorist organization.

9. All publications, blogs, web page content, social media posts, communications with potential donors or sponsors, fundraising documents, advertisements, newsletters, conference materials, children's publications, re-prints, translations, or other documents written, prepared, published, promulgated, posted, linked to, or distributed by or at the direction of either AMP or AJP (or

any representative).

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time, scope or content. Entity Defendants further object to the extent that they have already produced this documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants respond that all publications, social media posts and web page content are publicly and equally available to Plaintiffs through Entity Defendants website and social media (in addition to being previously and directly produced). Public availability notwithstanding, Entity Defendants refer Plaintiffs to the following documentation.

    b. Please see documents previously produced in response Plaintiffs' Requests (documents 000069 – 000276; 000457 – 002558; 002661 – 004134; and 004135 – 004409, as well as zip files provided separately). Please also see documents labeled 005443 - 005517. Please also see the Defendants' Second Amended Objections and Responses to Plaintiffs' Jurisdiction Interrogatories to Defendants Rafeeq Jaber, Abdelbaset Hamayel, and Osama Abuirshaid, as well as the Defendants' Second Amended Objections and Responses to Plaintiffs' Jurisdiction Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation, and Defendants' Third Amended Objections and Responses to Plaintiffs' Jurisdictional Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation. Please also see full Twitter and Facebook archives produced in this matter, for the lives of those accounts, as well

10

as relevant historic website pages already produced in this matter and therefore in the possession of Plaintiffs.

10. All recordings, video recordings, transcripts, notes or other documents recording or reflecting the content of any meeting, speech, conference, presentation, fundraiser or event that AMP or AJP (or any representative) sponsored, hosted, delivered or supported.

  a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time, scope or content. All material related to any meeting, speech, conferences, presentation, fundraiser or event with which AMP/AJP has been affiliated, or by any of its representatives anywhere at any time, is an unduly burdensome request, and as written, this Request is not tailored to documents that are reasonably calculated to lead to the discovery of admissible evidence. Entity Defendants further object to the extent that they have already produced responsive documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants respond that the majority of the information requested is publicly available through Entity Defendants website and social media. Public availability notwithstanding, Entity Defendants refer Plaintiffs to the following documentation.

  b. To the extent any responsive documents are in the possession of Defendants, please see documents previously produced in response to these Requests, including the mission statement which addresses education and peace efforts both domestically and internationally (documents 000008 – 000030; 000034; 000065; 002573 – 002579; and 004135 – 004409;  005443 - 005517). Please also see Defendants' Second Amended Objections and Responses to Plaintiffs'

11

Jurisdiction Interrogatories to Defendants Rafeeq Jaber, Abdelbaset Hamayel, and Osama Abuirshaid, as well as the Defendants' Second Amended Objections and Responses to Plaintiffs' Jurisdiction Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation and Defendants' Third Amended Objections and Responses to Plaintiffs' Jurisdictional Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation. Please also note videos, photographs and links contained within full archives of Twitter and Facebook accounts produced in this matter, as well as relevant historic website pages have already been produced to Plaintiffs in this matter and are therefore already in their possession.

11. All communications with, and documents relating to payments to or from, any speakers, sponsors, partners, and attendees of conferences, meetings, fundraisers or other events conducted, sponsored or promoted by AMP or AJP.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. As written, this Request is not tailored to documents that are reasonably calculated to lead to the discovery of admissible evidence on the question of alter ego and/or successor liability. Defendants further object to this Request to the extent that it seeks the private information of non-parties. Subject to the foregoing objections, Entity Defendants produce the following documentation.

    b. To the extent any such information was provided via social media by AMP and/or AJP, please see previously produced social media documents, as well as the full

archives of the relevant Twitter and Facebook accounts previously produced in this matter, and relevant historic website pages also produced (documents bates labeled 002661 – 004134; and 004135 – 004409; 005443 - 005517, as well as zip files provided separately). Social media accounts are also public and therefore equally available to Plaintiffs in this matter. Please also see the Defendants' Second Amended Objections and Responses to Plaintiffs' Jurisdiction Interrogatories to Defendants Rafeeq Jaber, Abdelbaset Hamayel, and Osama Abuirshaid, as well as the Defendants' Second Amended Objections and Responses to Plaintiffs' Jurisdiction Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation and Defendants' Third Amended Objections and Responses to Plaintiffs' Jurisdictional Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation. As to the time frame up to and including 2010, AMP did not pay it speakers. Defendants did reimburse speakers for reasonable travel to and from conferences, and did provide hotel accommodations for those speakers as well.

12. All document [sic] relating to fundraising activities conducted, sponsored, promoted, advertised, authorized or participated in by AMP or AJP, including fundraising for the benefit of other organizations.

a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time, scope or content. Entity Defendants further object to the extent that they have already produced this documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants

produce the following documentation.

    a.   Neither AMP nor AJP does fundraising on behalf of any other entity. As to its own efforts, see archives of relevant Twitter and Facebook accounts, previously produced, as well as relevant historic website pages previously identified (documents bates labeled 002661 – 004134; and 004135 – 004409, as well as zip files provided separately). As a supplement to previous production, please see documents bates labeled 005443 – 005517. Please also see the Second Declaration of Munjed Ahmad, along with the corresponding Confidential exhibit attached to that declaration, for information as to donors and sponsors. Additionally, Defendants.

13. All documents relating to income generated by either AMP or AJP other than through the fundraising activities referenced in the preceding request.

    a.   RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time, scope or content. Entity Defendants further object to the extent that they have already produced this documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants produce the following documentation.

    b.   Subject to the foregoing objections, Entity Defendants respond as follows: Please see documents previously produced (documents bates labeled 000277 – 000456; 002559 – 002579; and 002591 – 002593). Please also see Exhibit 1 to the Second Declaration of Munjed Ahmad, and the declaration itself, which identifies sponsors and donors based on recollections of the Entity Defendants. Additionally, Defendants respond that they do occasionally sell materials, such

as books, at events; however, proceeds raised are nominal. At this time, Defendants are not aware of any further responsive documentation for the time frame identified in their general objections to these Requests (of up to and including 2010). Should Defendants identify any further responsive documents within this time frame, Defendants will supplement.

14. Documents relating to the registration and maintenance of any website, blog, social media account, or internet domain name owned, controlled, created or maintained by or on behalf of AMP or AJP.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time, scope or content. Entity Defendants further object to the extent that they have already produced this documentation to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants produce the following documentation.

    b. To the extent not otherwise protected, please see the archives of Defendant AMP and AJP's relevant Twitter and Facebook accounts, previously produced (documents bates labeled 002661 – 004134; and 004135 – 004409, as well as zip files provided separately). Defendants further respond that AMP and AJP are strictly American organizations, funded by voluntary donations made entirely within the United States. Defendants also respond that they have a publicly available Instagram account under the handle AMPalestine.

15. All documents relating to relationships, dealings, contracts, communications, sponsorship, support, affiliation, sharing of leadership or personnel, or transfers of funds (directly or through intermediate organizations) between AMP and any organization that has been determined by

the government of the United States to be a terrorist organization.

    a. RESPONSE: None.

16. All documents relating to the use, recipient(s) and disposition of funds raised by AMP or AJP (or any affiliate), including funds raised on behalf of other organizations. Include in your response any transfer of funds (directly or indirectly) to any person, organization or entity outside of the United States, including entities, organizations or authorities in Gaza or the West Bank.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Entity Defendants further object to this Request to the extent that it seeks the private information of non-parties. Subject to the foregoing objections, Entity Defendants produced the following documentation.

    b. None, as to "entities, organizations or authorities in Gaza or the West Bank." As previously stated multiple times, AMP and AJP are purely domestic entities, and their funds are both raised and spent purely domestically in the United States. As to other responsive documents as to domestic funds, please see the Original Declaration of Munjed Ahmad and the Second Declaration of Munjed Ahmad, previously produced in this matter, the supporting documents referenced in those declarations, and all relevant historic website pages previously produced, stating that "AMP and AJP are strictly American organizations, funded by voluntary donations made entirely within the United States." Defendants further review Plaintiffs to Defendants' Third Amended Objections and Responses to Plaintiffs' Jurisdictional Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation.

16

17. All documents relating to any transfers of funds between AJP and AMP.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Furthermore, this Request is not reasonably calculated to lead to the discovery of admissible evidence relevant to the causes of action asserted in this matter. Additionally, Defendants respond that this Request is not applicable, as AMP does business as a d/b/a of AJP and has since approximately 2015; there are no separate accounts for each Entity Defendant since that time.

18. Copies of *Al-Zaytounah* and *Al-Meezan* and all documents relating to the creation and promulgation of these publications, including the decision to cease publishing *Al-Zaytounah* and the decision to begin publishing *Al-Meezan*.

    a. RESPONSE: Entity Defendants object to this Request to the extent that it seeks information already produced to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants respond that they have no responsive documentation within their possession; Entity Defendants do not have nor have ever had any affiliation with Al-Zaytounah; similarly, as Plaintiffs are aware at this stage in litigation, Defendants have never published, produced, or owned Al-Meezan. Plaintiffs are fully aware that Defendants made copies of Al-Meezan available for copying at the shared expense of Plaintiffs and Defendants in this matter, as evidenced by the invoice sent to Plaintiffs on September 19, 2018 and paid by the law firm of Locke Lord LLP shortly thereafter.

19. All documents relating to annual conferences held by IAP, AMP or AJP (or any affiliate of any of them), including without limitation documents relating to speakers, agendas, publicity, participants, sponsors, organizations with booths, partners, attendees, the cessation of IAP

conferences, and the commencement of AMP conferences.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Defendants further object to this Request to the extent that it requests documentation already produced to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants respond as follows: as to conferences held by IAP or the cessation of IAP conferences, Defendants have no responsive documentation within their possession; as to AMP conferences, Entity Defendants produce the following documentation and point Plaintiffs to the publicly available information on Entity Defendants website and social media pages.

    b. As to conferences held by IAP or the cessation of IAP conferences, no related documents are in the possession of any Defendants. As to AMP conferences, please see content contained within the full archives of the relevant Twitter and Facebook accounts, previously produced, and the relevant historic website pages produced in this matter (documents bates labeled 002661 – 004409 and separately produced zip files). As a supplement to previous production as to events held by the Entity Defendants, with no relation to IAP, please see previously produced documents bates labeled 005443 – 005517. Furthermore, please see the deposition exhibits previously presented by counsel for Plaintiffs in this matter, many of which purport to be early programs from AMP conventions.

20. All documents relating to the event in Detroit, Michigan in 2015 sponsored by AMP (and/or affiliates), which raised approximately $200,000 for charitable purposes in Gaza. (*See* https://www.eremnews.com/news/arab-world/249203)

a. RESPONSE: Entity Defendants object to this Request as not reasonably calculated to lead to the discovery of admissible evidence on the question of alter ego and/or successor liability, and outside the reasonable scope of time relevant to the formation and early operation of Entity Defendants. Entity Defendants further object to this Request to the extent that it seeks documentation or information that has already been produced to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants respond as follows: AMP served in an educational role at the referenced event; donations were collected for United Muslim Relief, a charitable organization which is, to the best of the knowledge of Defendants, in good legal standing. Defendants object to any translation of the article cited above into English which may erroneously imply otherwise. Furthermore, no Defendant drafted the referenced article, and Defendants therefore do not vouch for its accuracy. As to any relevant posting regarding the referenced event, please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, previously produced in this matter (documents bates labeled 002661 – 004409 and separately produced zip files). Defendants do not have any additional responsive documentation within their possession, custody or control.

21. All documents relating to any representative of AMP or AJP appearing as a speaker, presenter or panelist at any fundraiser, meeting, conference or event sponsored by persons or entities other than AMP or AJP.

a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Entity Defendants further object to this Request as not

limited to documentation that is reasonably calculated to lead to the discovery of admissible evidence; representatives of AMP and/or AJP appearing at events sponsored by other entities are not related in any way to the question of whether the present Defendants are alter egos and/or successor of the prior *Boim* Judgment Defendants. Entity Defendants further object to this Request to the extent that it seeks documentation that has already been produced to Plaintiffs during jurisdictional discovery. Subject to the foregoing objections, Entity Defendants produce the following documentation.

b. To the extent relevant, please see full archives of the relevant Twitter and Facebook pages, as well as relevant historic website pages, previously produced in this matter (documents bates labeled 002661 – 004409 and separately produced zip files). Defendants further refer Plaintiffs to the documentation presented by Plaintiffs in the depositions taken earlier in this matter, purporting to be early copies of AMP's conference agendas.

22. All documents relating to the preventing or avoiding liability for the judgment entered in the 2000 Boim lawsuit or civil or criminal liability under the federal Anti-Terrorism Act of any other anti-terrorism statute.

a. RESPONSE: None.

23. All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Rafeeq Jaber has held with IAP, AMP or AJP (or affiliate, chapter or regional office) at any time.

a. RESPONSE: Entity Defendants object to this Request to the extent that it seeks documentation already produced to Plaintiffs during jurisdictional discovery,

including during Defendant Jaber's deposition testimony. Subject to the foregoing objection, Entity Defendants respond that they have produced all responsive documentation in Defendant Jaber's Responses to Plaintiffs' Requests.

24. All lists or other compilations of donors or other contributors to the Defendants.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Entity Defendants further object to this Request to the extent that it seeks the private information of non-parties; Defendants also note that donor information was subject to a confidentiality order during jurisdictional discovery conducted by Magistrate Judge Schenkier. This list remains designated as attorneys-eyes only, meaning only those attorneys currently appearing in this matter have access to them and no others have a right to view that information, or any copies of it. Defendants object to producing an updated donor list; as subsequent donor information is not reasonably calculated to lead to the discovery of admissible evidence on the question of whether AMP/AJP are the alter egos/successor organizations of the prior *Boim* Judgment Defendants, and this unnecessarily exposes the private information of non-parties in violation of their own privacy rights. Defendants will withhold production of any updated donor information in the absence of an order by this Court to produce that information, and then will do so within the scope identified by this Court.

25. All documents relating to Faird Hafez, including without limitation, all police and investigative files pertaining to Austria.

    a. RESPONSE: Defendants object to this Request as not reasonably calculated to

lead to the discovery of admissible evidence, as well as vague and not reasonably

defined. Subject to the foregoing objection, Entity Defendants respond that they

have no responsive documentation within their possession, custody or control.

26. All documents regarding services performed by Rafeeq Jaber or Jaber Financial Services for

IAP, AMP, AJP, UMAA or AMJ.

    a. RESPONSE: Entity Defendants object to this Request to the extent that it seeks

documentation that has already been produced to Plaintiffs during jurisdictional

discovery, including during Defendant Jaber's deposition testimony. Entity

Defendants further respond that, as to IAP UMAA or AMJ, Entity Defendants

have no responsive documentation within their possession, custody or control. As

to AMP and AJP, Entity Defendants respond that they have produced all

responsive documentation in Defendant Jaber's Responses to Plaintiffs' Requests

and previously in this matter.

27. All bank account statements for AMP and AJP.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not

limited in time, scope or content; this request necessarily encompasses substantial

information that is not reasonably calculated to lead to the discovery of admissible

evidence on the question of alter ego and/or successor liability, and invades the

privacy rights of the organizations. Therefore, this request constitutes an

improper fishing expedition.

28. All Google, Yahoo or other internal messaging group messages discussing AMP or AJP.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not

limited in time and scope, as well as vague and undefined. Subject to the

foregoing, Entity Defendants respond that they do not have any additional responsive documentation within their possession and are not aware of any responsive documentation beyond what Plaintiffs already have in their custody.

29. All Google, Yahoo or other internal messaging group messages discussing Hamas.

    a. RESPONSE: None within the custody or control of Defendants in this matter.

30. All documents regarding fundraising events involving Viva Palestina that AMP or AJP supported, promoted, or in which AMP or AJP had any involvement.

    a. RESPONSE: Entity Defendants object to this Request as not reasonably limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further respond that Plaintiffs have already received discovery on this question during the course of jurisdictional discovery, as well as questioned Defendants' representatives on this matter. Defendants further identify that previously produced documentation explains that a U.S.-based Christian charitable organization called Interreligious Foundation for Community Organization ("IFCO") and not AMP or AJP, or any of its officers, accepted donations domestically for Viva Palestina. This information is evident in previously produced documentation, and previously addressed in further detail in Defendants' Third Amended Objections and Responses to Plaintiffs' Jurisdictional Interrogatories to Defendants American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation  Defendants do not possess any new or additional documentation.

31. All documents concerning any AMP or AJP events involving the Mosque Foundation.

    a. RESPONSE: Entity Defendants object to this Request as overbroad, vague and

not limited in time and scope. Defendants further object to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further understand that Plaintiffs sought information directly from the Mosque Foundation via a third party subpoena. Other than information which may appear in the conference materials regarding AMP's early conferences, which are already in the possession of Plaintiffs, Defendants are not aware of any other responsive and appropriately time-limited information.

32. All documents concerning any payments made by the Mosque Foundation to Abdelbaset Hamayel when he was AMP's voluntary executive director.

    a. RESPONSE: Entity Defendants object to this Request as not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time or scope. Entity Defendants further object to this Request to the extent that it seeks the private information of non-parties. Subject to the foregoing objection, Entity Defendants have no responsive documentation in their possession, custody or control. Defendants understand that Plaintiffs sought information directly from the Mosque Foundation via a third party subpoena.

33. All documents concerning any donations made to AMP or AJP by the Mosque Foundation.

    a. RESPONSE: None.

34. All documents concerning any AMP or AJP events at which Jamal Said was a speaker.

    a. RESPONSE: Entity Defendants object to this Request to the extent that it seeks information that is publicly available. Entity Defendants further object to this Request as not limited in time and scope. Subject to the foregoing objections, Entity Defendants refer Plaintiffs to previously produced information regarding

24

their speakers and events contained within full archives of the relevant Twitter and Facebook accounts, previously produced in this matter, and the relevant historic website pages produced in this matter (documents bates labeled 002661 – 004409 and separately produced zip files). As a supplement to previous production as to events held by the Entity Defendants, with no relation to IAP, please see previously produced documents bates labeled 005443 – 005517.

35. All documents concerning any payments made by AMP or AJP to Rafeeq Jaber or Jaber Financial Services.

   a. RESPONSE: Entity Defendants object to this Request as not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Entity Defendants object to this Request to the extent that it seeks documentation that has already been produced to Plaintiffs during jurisdictional discovery, including during Defendant Jaber's deposition testimony. Subject to the foregoing objection, Entity Defendants refer Plaintiffs to Defendant Jaber's Objections and Responses to Plaintiffs' Requests, and prior deposition testimony in this matter.

36. All documents reflecting any donations to AMP or AJP from Salah Sarsour or Prime Furniture

   a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Entity Defendants further object to this Request to the extent that it seeks the private information of non-parties. Subject to the foregoing objections, see prior Deposition testimony of Salah Sarsour and Munjed Ahmad, and Declarations of Munjed Ahmad. Any responsive documentation ordered by

25

this Court regarding donations has already been produced and is viewable and accessible by attorneys currently appearing in this matter only, and no others are permitted access to the information, documents or copies of those documents.

37. All documents concerning any AMP or AJP events at which Kifah Mustapha was a speaker.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Entity Defendants further object to this Request to the extent that it seeks information that publicly available. Subject to the foregoing objections, Entity Defendants refer Plaintiffs to previously produced information regarding their speakers and events contained within full archives of the relevant Twitter and Facebook accounts, previously produced, and the relevant historic website pages produced in this matter (documents bates labeled 002661 – 004409, 005443 – 005517 and separately produced zip files). Defendants further refer Plaintiffs to the documents presented by Plaintiffs during the prior depositions in this matter, which purport to be copies of AMP's early conference agendas.

38. All documents concerning any donations to AMP or AJP from Sufian Nabhan.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not limited in time and scope. Entity Defendants further object to this Request to the extent that it seeks the private information of non-parties. Subject to the foregoing objections, Entity Defendants refer Plaintiffs to previously produced information regarding their speakers and events, contained within full archives of the relevant Twitter and Facebook accounts, previously produced, and the relevant historic

website pages produced in this matter (documents bates labeled 002661 – 004409, 005443 – 005517 and separately produced zip files). Any responsive documentation ordered by this Court regarding donations has already been produced and is viewable and accessible by attorneys currently appearing in this matter only, and no others are permitted access to the information, documents or copies of those documents.

39. All documents reflecting AMP's decision to allow Sufian Nabhan to serve on the AMP [sic].

    a. RESPONSE: Entity Defendants object to this Request as vague and unclear as written. Presuming that Plaintiffs intend to request documentation reflecting AMP's decision to allow Sufian Nabhan to serve on the AMP board, Entity Defendants respond that they do not have any responsive documentation within their possession, custody or control. Defendants have already identified and produced relevant responses regarding the composition of the boards of Entity Defendants, as evident in Defendants' Third Objections and Responses to Plaintiffs' Interrogatories to American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation, dated November 29, 2018.

40. All documents reflecting events or meetings that AMP or AJP sponsored, promoted, or in which AMP or AJP had any involvement in that took place in Detroit, Michigan.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not reasonably limited in time and scope. Entity Defendants further object to this Request as not reasonably calculated to the lead to the discovery of admissible evidence; none of the prior *Boim* Judgment Defendants were based in Detroit, nor did the Judgment take place in Michigan. Further, none of the Entity Defendants

is headquartered in Michigan.

41. All documents reflecting AMP's decision to allow Yousef Shanin [sic] to serve on the AMP Board of Directors.

    a. RESPONSE: Defendants object to this Request as not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as unintelligible as written. Presuming that Plaintiffs are referring to Yousef Shahin, and subject to the foregoing objections, Entity Defendants respond that they have no responsive documentation within their possession, custody or control. Defendants have already identified and produced relevant responses regarding the composition of the boards of Entity Defendants, as evident in Defendants' Third Objections and Responses to Plaintiffs' Interrogatories to American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation, dated November 29, 2018.

42. All documents reflecting events or meetings that AMP or AJP sponsored, promoted, or in which AMP or AJP had any involvement in that took place in New Jersey.

    a. RESPONSE: Entity Defendants object to this Request as overbroad and not reasonably limited in time and scope. Entity Defendants further object to this Request as not reasonably calculated to the lead to the discovery of admissible evidence; none of the prior *Boim* Judgment Defendants were based in New Jersey, nor did the Judgment take place in New Jersey. Further, none of the Entity Defendants is headquartered in New Jersey.

43. All documents regarding AMP's or AJP's sponsorship, partnership, promotion, or involvement

with Baitulmaal, Zakat Foundation, Islamic Relief, or United Muslim Relief.

    a.   RESPONSE: Entity Defendants object to this request as not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence; none of the entities named in this Request were prior *Boim* Judgment Defendants, nor are they parties to the present lawsuit. Entity Defendants further object to this Request to the extent that it requests the private information of non-parties. Subject to the foregoing objections, Entity Defendants respond that any responsive documentation ordered by this Court regarding any donations has already been produced and is viewable and accessible by attorneys currently appearing in this matter only, and no others are permitted access to the information, documents or copies of those documents.

Dated this 1st day of December, 2022.

<div align="right">

*/s/ Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Alyssa F. Morrison
Texas Bar No. 24110135
*Pro Hac Attorney for Defendants*
Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

</div>