IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br>Defendants. | Civil No. 17-cv-03591<br><br>Hon. Andrea Wood<br><br>Hon. Heather McShain |

**PLAINTIFFS STANLEY AND JOYCE BOIM'S MOTION TO ENFORCE THE COURT'S ORDER ON THEIR MOTION TO COMPEL AND FOR COSTS**

Defendants American Muslims for Palestine and Americans for Justice in Palestine (together "AMP") have failed to produce documents that this Court unambiguously ordered them to produce by no later than February 2. AMP had multiple opportunities to seek a stay of that order ("the Order," which was entered on January 19, 2024), yet failed to do so ahead of the February 2 deadline. Although AMP has filed objections to the Order (Dkt. 372), the objections do not ask that the Order be stayed. The applicable rules and precedent establish that there is no automatic stay, and AMP is in clear violation of the Order.

On January 19, this Court granted Plaintiffs Stanley and Joyce Boim's (the "Boims") motion to compel Defendants American Muslims for Palestine and Americans for Justice in Palestine (together "AMP") to produce withheld donation records within fourteen days of the Order – *i.e.*, by February 2. That deadline has come and passed but AMP has failed to produce these records. AMP's objection to the Order pursuant to Fed. R. Civ. P. 72(a) does not

automatically stay its effect. *Johnson & Johnson v. Advanced Inventory Mgmt.*, No. 20 CV 3471, 2020 U.S. Dist. LEXIS 157711, at p. *3 (N.D. Ill. Aug. 28, 2020) ("The Movants 'acknowledge that courts have generally found that filing an objection to a Magistrate Judge's order does not usually warrant staying the Magistrate Judge's order.') (citing *Companhia Energetica Portiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 7469993 at *4 (S.D.Fla. Apr. 13, 2016) ("federal courts often deny motions to stay a magistrate judge's discovery [*4] order")).

When the Boims notified AMP of its failure to comply with this Court's Order, AMP indicated that it would move to stay the Order. (*See* Email correspondence between counsel on February 6, 2024, attached as Exhibit A) But AMP's intended motion would be insufficient for at least two reasons.

First, the motion would be untimely. The time to move for a stay was *before* the deadline to produce the donor records expired on February 2. AMP had ample opportunity to seek a stay, but did not. For example, in the parties' Joint Status Report dated January 22, 2024 (Dkt. 374), Defendants noted they would be objecting to the Order but did not say anything about a stay. Nor did Defendants move for a stay or request one in the Objections themselves.

Second, AMP cannot satisfy the four-factor test courts in this District have applied when considering whether to stay a Rule 72(a) order. *See Johnson & Johnson*, 2020 U.S. Dist. LEXIS 157711, at pp. *3-4 (noting that a Rule 72(a) objection generally does not stay the effect of a Magistrate's order "because the standard that must be met to obtain a stay is quite high.") Specifically, AMP must show (1) a likelihood of success on the merits of the objection; (2) it will suffer irreparable injury absent the stay; (3) there will be a lack of substantial prejudice to the Boims if a stay is granted; and (4) a stay will serve the public interest. *Id.*

Here, AMP cannot satisfy the first factor of the test—likelihood of success on the merits of the objection—given the "clearly erroneous or . . . contrary to law" standard of review for a Rule 72(a) objection. The Order correctly found that the donor information was "highly probative of [the Boims'] claim that AMP is the alter ego of IAP." (Dkt. 327, at p. 2) Indeed, as the Boims set forth in their Motion to Compel, evidence reflecting the donor base of AMP is relevant to the Boims allegations that AMP and IAP rely on a substantially similar network of donors. (Dkt. 346, at pp. 5-6) And evidence of a comparable donor base would tend to show a similarity of operations between the entities, which is one of the factors this Court and the Seventh Circuit identified as relevant to the alter ego analysis. *Id.* Moreover, the Court also agreed that AMP's prior production of donation records did not relieve it of its obligation to produce records reflecting donations that fell below the IRS reporting requirements. *Id.* Further, the Court also found that there is "no meaningful burden" to AMP given that the donation records are stored on a software program and can, thus, be collected with relative ease. *Id.* Finally, the Court found that the privacy interests of the donors can be addressed by designating the material "Attorneys' Eyes Only" as has been done with similar information in the case. *Id.*

AMP also cannot show irreparable harm given that the Order specifically instructs the parties to designate the material "Attorneys' Eyes Only." Indeed, a similar situation was addressed in this District in *Johnson & Johnson;* and there the Court found that the movant seeking a stay of a Rule 72(a) order could not claim irreparable harm as a result of certain bank records being produced, specifically because the records would be treated as "Attorneys' Eyes Only." *Id.*, at p. *10.

As for the third factor, AMP cannot show an absence of prejudice to the Boims. As the Court found in *Johnson & Johnson*, a stay would unquestionably delay the plaintiffs' access to

the subpoenaed records and use in the case moving forward. *Id.*, at *11. Here, the Boims have patiently waited for these records and, depending on their contents, may use them in developing their case and in depositions of AMP witnesses. The Boims have already conducted several AMP depositions without the benefit of these records due to AMP's now-overruled objections to producing them. A further delay risks denying the Boims the ability to question AMP witnesses on the records at all.

Finally, AMP cannot show that a stay will serve the public interest. As was the case in *Johnson & Johnson*, any privacy interests are addressed by designating the information Attorneys' Eyes Only. *Id.*, at *11. Therefore a stay is not necessary to protect such interests.

## **CONCLUSION**

For the reasons set forth above, the Boims respectfully request an Order enforcing the January 19, 2024 Order requiring AMP to produce its withheld donation records. The Boims also respectfully request that the Order require AMP to reimburse the Boims for the cost of bringing this motion.

Date: February 7, 2024                          Respectfully submitted,

                                                             *s/ Seth H. Corthell*
                                                             Daniel I. Schlessinger
                                                             Seth H. Corthell
                                                             Jaszczuk P.C.
                                                             30 South Wacker Dr., Suite 2200
                                                             Chicago, IL 60606
                                                             (312) 442-0401
                                                             dschlessinger@jaszczuk.com
                                                             scorthell@jaszczuk.com

                                                             *Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

Of Counsel
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, D.C. 20006
(202 828-1000

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 7th day of February 2024.

                                               *s/ Seth H. Corthell*