IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br>Defendants. | Civil No. 17-cv-03591<br><br>Hon. Andrea Wood<br><br>Hon. Heather McShain |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS WITHHELD FROM DISCOVERY BY DEFENDANTS**

Plaintiffs Joyce and Stanley Boim (the "Boims" or "Plaintiffs"), by and through their attorneys and pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), LR 37.2, this Court's Standing Orders, and its September 6, 2023 Minute Entry (Dkt. 317), respectfully moves for an Order compelling Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine ("AJP," referred to collectively as "AMP") to produce records it is currently withholding from discovery.

### I. INTRODUCTION

The Seventh Circuit and this Court found that the following factors are relevant in determining "alter ego liability in the context of this case: 'overlap in leadership, same organizational purpose, similarity of operations, and unlawful motive or intent to escape liability.'" (Dkt. 250, at p. 2 (quoting *Boim v. American Muslims for Palestine*, 9 F.4th 545, 559)) As alleged in the Boims' Amended Complaint and decided in the first Boim case, prior to being

found civilly liable for the murder of David Boim at the hands of Hamas terrorists, the Islamic Association for Palestine and the American Muslim Society (collectively referred to as "IAP") operated as a promoter, coordinator, and fundraiser for a network of front organizations supporting Hamas. (*E.g.*, FAC at ¶ 30) The Boims maintain that AMP is the alter ego of IAP, in part, because it inherited IAP's "goodwill, knowledge, reputation, *networks*, donors fundraising capabilities, and other valuable intangible assets to" continue the main purpose of IAP – spreading Hamas propaganda in the United States and facilitating fundraising for groups that send Hamas money. (*E.g.*, FAC at ¶¶ 5-6 (emphasis added))  Defendants have either denied or pleaded insufficient knowledge to admit or deny these allegations, putting them at issue and confirming their appropriateness for discovery. (Dkt. 256, at pp. 3-4, and 15-16)

To that end, the Boims sought records reflecting AMP's relationship with Students for Justice in Palestine ("SJP"), an organization founded by AMP leader Hatem Bazian ▮ ▮ In recent months, SJP has gained national attention for its praise of Hamas's October 7, 2024 attack on Israel. (*See* Ex. A, SJP National Instagram post (since removed) and story promoting October 12 National Day of Resistance)[1] ▮ ▮ As such, AMP's continuing support for SJP is relevant to the Boims' alter ego claims.

For months, the Boims have attempted to resolve a discovery dispute with AMP concerning documents and information reflecting joint events, fundraisers, rallies or lectures,

---

[1] *See also*, Center for Extremism, *Students for Justice in Palestine (SJP)*, ADL.org (Oct. 23, 2023), https://www.adl.org/resources/backgrounder/students-justice-palestine-sjp.

Jack Stripling and Laura Meckler, *At colleges, violence in Israel and Gaza ignites a war of words*, The Washington Post (Oct. 10, 2023), https://www.washingtonpost.com/education/2023/10/10/colleges-react-israel-hamas-war/

records of any funds transferred between the organizations, communications between the AMP and SJP representatives, shared staff, and AMP's involvement in SJP's promotion of pro-Hamas propaganda following the October 7, 2023 attacks in Israel. Unfortunately, the parties are at an impasse as AMP refuses to produce the requested relevant and responsive records. (*See* details of the parties' meet and confer sessions *infra* at p. 5)

  AMP's objections to producing this information in discovery fail. As noted above, SJP is an organization that valorized Hamas' recent attacks ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As such, the information is highly relevant to the Boims' alter ego claims and AMP's boilerplate relevance objection should be overruled. And AMP's other boilerplate objection that the requests are unduly burdensome is insufficient because—yet again—AMP has failed to identify any burdens to collecting this information. Finally, AMP's objections to producing post-2018 information concerning its relationship to SJP should also be overruled. Information showing AMP's ongoing support for an explicitly pro-Hamas organization ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ does not lose relevance because the information came into existence after the Boims filed suit. At best, the objection goes to the weight, not the admissibility of the evidence, and admissibility is not even the standard for assessing propriety of discovery if the information sought can lead to admissible evidence. Furthermore, on the question of weight, the responsive information might be even stronger evidence of AMP's commitment to supporting Hamas.

  Accordingly, AMP should be compelled to produce documents and information reflecting its relationship with SJP.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Boims filed this case alleging that AMP is the alter ego of IAP, which was found civilly liable for the murder of the Boims' son David. Prior to the initial Boim Judgment and its subsequent, alleged dissolution, IAP billed itself as the largest grassroots organization dedicated to the cause of Palestine. (FAC ¶ 40) It had built a network of financial donors, leadership, volunteers, loyal followers, regional groups, speakers, and contacts in Hamas. (*Id.*) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*)

SJP is a campus-based organization founded in Berkley, California in the early 90s[2] by a group of students, including current AMP leader Hatem Bazian. (*See, e.g.*, Bazian Medium Post, attached hereto as Exhibit C) Since its founding, SJP has expanded its reach and now maintains approximately 200 chapters across the country.[3] Over the years, SJP has become known for spreading antisemitism on campuses across the nation.[4] Indeed, a 2016 Report on antisemitism published by Brandeis University noted that "one of the strongest predictors of perceiving a hostile climate towards both Israel and Jews is the presence of an active Students for Justice in Palestine (SJP) group on campus . . . ."[5] In the wake of the October 7 attack in Israel, SJP's

---

[2] A report from the Foundation to Defend Democracies noted that SJP became "increasingly active around 2002," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Foundation for Defense of Democracies, *7 Things to Know About Campus Support for Hamas and Antisemitism*, FDD.ORG (Dec. 4, 2023), https://www.fdd.org/analysis/2023/12/04/7-things-to-know-about-campus-support-for-hamas-and-antisemitism/.

[3] *Id.*

[4] *E.g.*, Leonard Saxe, et al., *Hotspots of Antisemitism and Anti-Israel Sentiment on US Campuses*, BRANDEIS UNIVERSITY MAURICE AND MARILYN COHEN CENTER FOR MODERN JEWISH STUDIES (October 2016), https://scholarworks.brandeis.edu/esploro/outputs/9924088244301921/filesAndLinks?index=0.

[5] *Id.*, at p. 28.

rhetoric was explicitly pro-Hamas, including the publication of promotional materials valorizing Hamas paratroopers. (Ex. A)

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████ For example, in 2010 AMP "facilitate[ed] the first ever national convening of Students for Justice in Palestine chapters in the US," an event that featured AMP leader and SJP co-founder Hatem Bazian as a speaker. (US Palestinian Community Network Pamphlet, at p. 28, attached hereto as Ex. D) AMP's Director of Outreach's LinkedIn profile repeatedly references his work with SJP as AMP's National Campus Coordinator. (Exhibit E, LinkedIn page)

In light of these well-established connections, the Boims sought discovery concerning AMP's relationship to SJP – specifically, Requests for Production 7-13 and Interrogatories 6-12. (*See* Ex. F – AMP's responses and objections to the Boims combined discovery requests) In response to RFPs 7-13 and Interrogatories 6-9, AMP responded with the same objections: "Defendant objects to this Request as overbroad, not limited in time and scope to the 1996-2018 timeframe identified by the Court in this matter, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and vague." (*E.g., id.*, at pp. 6-7) For Interrogatories 10-12, AMP used the same objections but added that the requests "intrude[] upon the privacy of a non-party." (*Id.*, at pp. 15-16)

On December 22, 2023, the Boims noted the deficiencies in AMP's responses concerning AMP's relationship with SJP via email. (*See* Email correspondence between counsel, attached hereto as Ex. G) This exchange culminated with a video conference on January 5, 2024, during which, the Boims reiterated the relevance and discoverability of the information. AMP stood by its objections during that call, but invited the Boims to provide additional documentation

supporting their position, which the Boims provided later that day. (*Id.*) On February 6, 2024, AMP indicated that it was standing on its objections. (*Id.*)

### III. ARGUMENT

Rule 37 permits a party seeking discovery to move to compel production of documents or a disclosure required by FED. R. CIV. P. 26(a) where the responding party has provided evasive or incomplete responses. FED. R. CIV. P. 37(a)(3). The Boims have made good faith efforts to obtain the requested donation information, but AMP has failed to comply.

AMP objects to producing records concerning its relationship with SJP on four bases, all of which are insufficient.

First, AMP maintains that information concerning the relationship between SJP and AMP is not relevant to the case because SJP is not referenced in the Boims' Amended Complaint, is a separate entity from AMP, and SJP's existence predates the formation of AMP and AJP. As to AMP's first argument, whether or not SJP is referenced in the Amended Complaint is of little import when determining whether the information is sufficiently relevant to allow for discovery on AMP's relationship with SJP. *Sage Prods. v. Chemrite Copac*, No. 19 CV 5308, 2021 U.S. Dist. LEXIS 219454, at *6 (N.D. Ill. Nov. 12, 2021) ("In determining the scope of discovery under Rule 26, relevance is construed broadly and is 'not limited to issues raised by the pleadings[.]'") (quoting *Barnes-Staples v. Murphy*, No. 20-cv-3627, 2021 U.S. Dist. LEXIS 72908, 2021 WL 1426875, at *2 (N.D. Ill. Apr. 15, 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). Rather, the more significant consideration is whether discovery reflecting AMP's relationship to SJP may be relevant to the Boims' alter ego claim. ███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████ (Dkt. 250, at p. 2); *Boim*, 9 F.4th at 559.

Moreover, the fact that AMP maintains SJP is a separate organization and was established prior to AMP's formation as a legal entity does not negate the relevance of the information the Boims seek. ████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████ And AMP fails to even address the fact that one of its purported founders, Hatem Bazian, was also one of the founders of SJP.

Second, AMP objected based on a purported burden of producing information reflecting its relationship with SJP, but has failed to articulate any specific impediment to accessing or producing the information. *See Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 U.S. Dist. LEXIS 65847, at *10 (N.D. Ill. Apr. 17, 2019) (finding that a burden objection "must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome.") As this Court has repeatedly noted, AMP must articulate the specific burden it faces in collecting the requested information in order to sustain such an objection. AMP has failed to do so here, so this objection should be overruled.

Third, AMP's objection based on purported privacy interests of non-parties should also be overruled. This Court has now addressed and rejected similar objections multiple times, noting in its decisions that privacy concerns of non-parties can be alleviated by designating sensitive material. (*See, e.g.,* Dkt. 372, at p. 3) *See also See Boim, et al., v. American Muslims for Palestine, et al.*, No. 22-cv-6085, Sept. 22, 2023 Hearing Tr., at pp. 10:01- 04 ("Concerns about

7

the subpoena production deterring community volunteers is speculative and also could be alleviated if the parties enter into a productive [sic] order governing the subpoena production.").

Finally, AMP's objections concerning production of post-2018 information should be overruled. This objection is based on the Court's previous order finding that the relevant time period is 1996 to 2018 because 2018 is the last time AMP allegedly provided indirect support for Hamas. (Dkt. 301, at p. 7) While the Boims understand the Court's reasoning for the 2018 cutoff at the time the Order was issued in May 2023, they respectfully maintain that this limitation should not apply to information that concerns the same continuing course of conduct the Boims alleged in their First Amended Complaint and is relevant to their alter ego claim. *Charvat v. Valente*, 82 F. Supp. 3d 713, 717 (N.D. Ill. 2015) (finding post-complaint information to be relevant and discoverable).

Here, the Boims became aware of publicly available evidence showing that SJP—███ ███████████████████████████—disseminated promotional material valorizing Hamas to rally support for its "Day of Resistance" in the wake of the October 7 attacks in Israel. (Ex. C) If AMP has information reflecting any involvement in the promotion of SJP's Day of Resistance, that information does not lose relevance because it occurred after the Boims filed their Amended Complaint. Rather, such information would be entirely consistent with the facts the Boims alleged in their Amended Complaint and would tend to support its alter ego claim.

### IV. CONCLUSION

For the aforementioned reasons, the Boims respectfully request an Order compelling AMP to respond to the Boims' discovery requests concerning AMP's relationship with SJP (Requests for Production 7-13 and Interrogatories 6-12).

Date: March 7, 2024

Respectfully submitted,

*s/ Seth H. Corthell*
Daniel I. Schlessinger
Seth H. Corthell
Jaszczuk P.C.
311 South Wacker Dr., Suite 2150
Chicago, IL 60606
(312) 442-0401
dschlessinger@jaszczuk.com
scorthell@jaszczuk.com

*Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

<u>Of Counsel</u>
Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, D.C. 20006
(202 828-1000

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 7th day of March 2024.

<i>s/ Seth H. Corthell</i>