**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STANLEY BOIM, et al. <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE, et al., <br><br> Defendants. | Civil No. 17-cv-03591 <br><br><br> Hon. Andrea Wood <br><br> Hon. Heather McShain |

**DEFENDANTS' OBJECTIONS TO JUDGE MCSHAIN'S
<u>APRIL 15, 2024 ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTS AND PROCEDURAL HISTORY ................................................. 1

III. RELEVANT LEGAL STANDARD ................................................................................. 2

IV. ARGUMENT .................................................................................................................... 2

    A. Magistrate Judge McShain Erred in allowing Discovery Beyond 2018, Despite Her Own Prior Ruling to the Contrary ............................................................................... 2

    B. Magistrate Judge McShain Erred in Extending the Relevant Timeframe for the Disputed Requests to Continue to Present, Based on the Facts Presented in This Case .................... 6

    C. Magistrate Judge McShain Clearly Erred in Refusing to Consider Defendants' Privacy Objections, Which Remain Pending Before This Court ....................................................... 8

    D. Magistrate Judge McShain Misapplied Relevant Precedent in Ruling Defendants Wrongly Cited State Court Authority for the Standard for Alter Ego Claims .................. 11

V. CONCLUSION ............................................................................................................... 13

CERTIFICATE OF SERVICE ................................................................................................. 15

ii

## I.     INTRODUCTION

Defendant Americans for Justice in Palestine Educational Foundation, doing business as American Muslims for Palestine ("AMP") (together, "Defendants"),[1] pursuant to Fed. R. Civ. P. 72(a), hereby timely present these Objections to Magistrate Judge McShain's April 15, 2024 Order (Doc. 401) granting Plaintiffs' Motion to Compel discovery responses from Defendants, as to Defendants' organizational and financial relationship with student activists, specifically Students for Justice in Palestine ("SJP"). Docs. 345, 346. For the reasons stated below, Defendants respectfully request this Court set aside the current Order, and deny the requested discovery for the reasons set forth below.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

In October 2023, Plaintiffs sought discovery from Defendants in the form of interrogatories and requests for production of documents, about Defendants' interactions, from founding in 2006 to present, with student activist groups including student campus groups known as SJP. Doc. 388-5 at 6-7. Defendants timely objected to these requests based on several factors, and did not produce any responsive discovery materials. After conferring with counsel for Plaintiffs, defense counsel remained unconvinced about the appropriateness of discovery related to SJP, and reiterated Defendants' objections to producing material responsive to those requests. Plaintiffs subsequently filed a Motion to Compel based on several interrogatories and requests for production (Docs. 386, 388), and Defendants filed their response. Doc. 399. Magistrate Judge McShain held a telephone hearing on April 15, 2024, in which she granted Plaintiffs' Motion in part and ruled on the record.

---

[1] Rafeeq Jaber is an additional, individual defendant, but Mr. Jaber does not possess the information at issue in these Objections and the discovery requests at issue were not directed to him.

1

Defendants now present these Objections to Magistrate Judge McShain's ruling, and ask this Court to set aside or modify the Order based on the instances of clear error set forth below.[2]

### III. RELEVANT LEGAL STANDARD

When parties timely object to non-dispositive orders from a magistrate judge, the district judge may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). District court judges cannot overturn a magistrate's decision simply because they would have decided the issue differently. *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). But district court judges may do so when clear error exists, including when the magistrate judge's order is unquestionably incorrect or contains a misapplication of the relevant law. *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15-cv-09323, 2021 U.S. Dist. LEXIS 252080, at *10 (N.D. Ill. Jan. 31, 2021) (finding the standard for non-dispositive matters to be highly deferential to the magistrate judge); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (identifying how the district judge must be "left with the definite and firm conviction that a mistake has been made").

### IV. ARGUMENT

**A.  Magistrate Judge McShain Erred in allowing Discovery Beyond 2018, Despite Her Own Prior Ruling to the Contrary**

In ruling on Plaintiffs' most recent Motion to Compel, Magistrate Judge McShain erred in permitting discovery in this case beyond 2018, with no stated closing date and a presumed perpetual need to supplement all prior requests indefinitely. Docs. 401, 402. Magistrate Judge McShain previously correctly limited the relevant timeframe for merits discovery in this case to no later than 2018, based on the allegations contained in Plaintiffs' Amended Complaint. Doc. 301 at 5-7. Defendants therefore ask this Court to modify Magistrate Judge McShain's Order,

---

[2] Defendants will file a Motion to Stay Enforcement of the April 15, 2024 Order, should doing so become necessary by the date of compliance set for one week from the filing date of this Motion.

preventing Plaintiffs from obtaining discovery indefinitely into the future and unmoored from the allegations in this matter.

Magistrate Judge McShain initially imposed a timeframe on merits discovery with clear ties to the allegations Plaintiffs set forth in their operating Complaint. Doc. 301 at 5, Heading II.a. ("Relevant Period for Merits Discovery is 1996 to 2018"). Magistrate Judge McShain tied the start of the time range to the time that individual Defendant Rafeeq Jaber served in the leadership of Judgment Defendant IAP. *Id.* at 6. She then specified that she tracked the ending date of that timeframe in accordance with the last factual allegation articulated by Plaintiffs in their Complaint, after considering the "similarity of operations" prong suggested by the Seventh Circuit. *Id.* at 7. Magistrate Judge McShain chose 2018 as the ending point, even though she made that ruling in 2023, because she explicitly limited her Order to only grant Plaintiffs' motion to extend the relevant time period for discovery "in part." *Id.* at 7; *see also id*. at 5 ("Plaintiffs argue the relevant period for discovery is 1996 to the present"); *id*. at 6 ("The Court agrees with plaintiffs' requested timeframe in part"); *id*. at 7 ("The relevant timeframe should continue to 2018, the most recent date described in plaintiffs' amended complaint …"). Yet despite this clear ruling in the record, Magistrate Judge McShain asserted in her April 15 ruling that "the Court did not say that discovery beyond 2018 or 'through the present' was improper." Doc. 402, Transcript of Proceedings – Ruling (by Telephone) Before the Honorable Magistrate Heather K. McShain, at 23 ("April 15 Ruling"); *see also id*. at 27 ("I never said discovery beyond 2018 or to the present was improper. I have never – that was never my ruling."). Upon request for further clarification from defense counsel, Magistrate Judge McShain refused to put *any* end date on responsive discovery for the case moving forward. *Id.* at 27-28 ("The clarification that you're getting is as follows, that I have not limited discovery beyond 2018 as improper. And as I found with respect to the discovery requests at issue

3

on plaintiffs' instant motion, the time frame goes to present. And you should – both sides should be aware that there is that flexibility, and that I could make those findings going forward, depending on what the discovery requests at issue seek.").

While magistrate judges possess broad discretion to control discovery, that discretion does have limits. Rule 26 permits parties to seek discovery into any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. The Advisory Committee notes to this Rule highlight courts' "responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015. Properly assessing proportionality requires courts to weigh multiple factors and common sense experience, including the issues at stake in the litigation, the amount in controversy, the parties' relative access to the information and their resources, the importance of the requested discovery in resolving the issues, and whether the burden of the proposed discovery outweighs any likely benefit. *Doe v. Loyola Univ. Chi.*, No. 18-CV-7335, 2020 U.S. Dist. LEXIS 12289, at *6 (N.D. Ill. Jan. 24, 2020) (finding the disputed discovery requests to be "directly relevant to the allegations contained in [the plaintiff's] complaint"). While the Rules permit discovery broader than strictly what ultimately gets admitted in trial, courts remain obligated at all times to keep discovery tethered in a reasonable way to the allegations pled in the lawsuit. *Doe v. United States*, No. 22C 50128, 2024 U.S. Dist. LEXIS 33014, at *6 n.4 (N.D. Ill. Feb. 2, 2024) (denying the extensive additional requested discovery as "tangentially relevant at best"); *id*. at *2 (recognizing the offsetting obligation of courts to limit the scope of discovery or "control[] its sequence to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense'"), citing Fed. R. Civ. P. 26(c)(1).

Magistrate Judge McShain's refusal to impose an end date to confine relevant discovery to a predictable time known to the parties going forward constitutes clear error. Courts regularly impose temporal limits on discovery, broad enough to encompass relevant information without excessively burdening the responding party. *Barnes-Staples v. Murphy*, No. 20-cv-3627, 2021 U.S. Dist. LEXIS 72908, at *29 (N.D. Ill. Apr. 15, 2021) (defining the appropriate timeframe for disparate treatment cases as between three to five years); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (considering the totality of the circumstances in creating discovery limitations, and "weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court"). Magistrate Judge McShain's prior Order limiting discovery based on the allegations articulated in this lawsuit appropriately weighed the relevance of information in that date range against Plaintiffs' then-requested timeframe of discovery "to the present." Doc. 301 at 5; *see also Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.*, No. 19-C-743, 2022 U.S. Dist. LEXIS 123967, at *8 (N.D. Ill. May 24, 2022) (affirming the discretion of the magistrate judge to limit discovery to the relevant timeframe asserted in the pleadings, where the requesting party did not show relevance of later information). Plaintiffs may desire an unfettered expansion of this litigation to include Defendants' actions to the present day on a rolling basis for political or other reasons, but that open-ended scope contradicts the purpose of civil discovery as reflected in the Federal Rules of Civil Procedure. *Coleman v. Illinois*, No. 19C 3789, 2020 U.S. Dist. LEXIS 177020, at *8 (N.D. Ill. Sept. 25, 2020) (recognizing the impact of how the 2015 amendments to Fed. R. Civ. P. 26 "'subtly narrowed the concept of relevance for purposes of discovery' because the amendments jettisoned language tying the concept of relevance to 'the subject matter of the case' and eliminated from the rule the language making information

discoverable if it is 'reasonably calculated to lead to the discovery of admissible evidence'" and that "[r]elevance, for discovery purposes, is now gauged in relation to claims or defenses in the action"), citing Advisory Committee Notes to the 2015 Amendment to Rule 26. One long-recognized purpose of discovery is to "define and clarify the issues" presented in litigation; the Order of April 15 does the opposite. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Defendants therefore respectfully request that this Court deny Plaintiffs that ongoing fishing expedition for discovery in this matter.

**B.** **Magistrate Judge McShain Erred in Extending the Relevant Timeframe for the Disputed Requests to Continue to Present, Based on the Facts Presented in This Case**

As supported by the relevant Orders of the Court and policy reasons set forth above, Magistrate Judge McShain erred in holding that this case warrants extending the time period for merits discovery to the present. Magistrate Judge McShain failed to weigh the proportionality of discovery that continues indefinitely into the future—a test that involves not just consideration of logistical storage of responsive materials, but also "annoyance, embarrassment, [and] oppression" to name just some other valid considerations. *Doe v. United States*, 2024 U.S. Dist. LEXIS 33014, at *2. Even if Magistrate Judge McShain had correctly deemed the topic of the requested discovery relevant, that in and of itself does not justify an unlimited timeframe for merits discovery. *Kuttner v. Zaruba*, 819 F.3d 970, 975 (7th Cir. 2016) (recognizing the need for restrictions on the time period for discovery to identify the information relevant to the claims at issue, and preempt an improper fishing expedition). Defendants therefore request this Court modify Magistrate Judge McShain's Order, to restrict discovery to not more than the relevant time period set one year ago in this matter and under which the parties have since operated, of not longer than 1996 through 2018.

Plaintiffs seek temporally unlimited discovery as to Defendants' interactions with SJP, and specifically regarding events in October 2023. Docs. 345, 346. Plaintiffs attempt to justify these requests not by tying them to any allegations in their operative Complaint, but with inflammatory rhetoric unrelated to their stated claims. Doc. 388 at 3 ("Furthermore, on the question of weight, the responsive information might be even stronger evidence of AMP's commitment to supporting Hamas"). Magistrate Judge McShain erred by giving these allegations credence and failing to consider how the temporally unlimited requests proportionally relate to Plaintiffs' alter ego claims as pled. Doc. 401 at 5 (counsel for Plaintiffs arguing that "the organizations of AMP and SJP have had a close relationship; and that SJP has *recently* explicitly praised the October 7th attacks by Hamas") (emphasis added) and 23 ("Furthermore, assuming arguendo that SJP was actively promoting Hamas after the October 7th attacks, and assuming further that AMP was somehow assisting with that promotional activity, the Court concludes that arguably makes the information that plaintiffs seek here relevant"). Instead, Magistrate Judge McShain's ruling validates Plaintiffs' inflammatory rhetoric with her own. Doc. 402 at 23. No part of the holding in the Boims' original judgment against IAP discusses or points to a correlation between it and SJP supporting Hamas, and no allegation in Plaintiffs' Amended Complaint in this lawsuit alleges otherwise. Doc. 179, *generally*. Therefore, these discovery requests fail the proportionality analysis as they are "tangentially relevant at best." *Doe v. United States*, 2024 U.S. Dist. LEXIS 33014, at *6 n.4.

The disputed ruling does not tie the unlimited timeframe to any allegations contained in the Complaint; Plaintiffs make these wild allegations--and the existing Order blesses them--based solely on unpled allegations related to the present political landscape. That does not comport with the Federal Rules of Civil Procedure or the intended purpose of civil discovery to "define and clarify the issues" presented in litigation. *Oppenheimer Fund,* 437 U.S. at 351; *Jakes v. Boudreau*,

7

Case No. 19-C-2204, 2020 U.S. Dist. LEXIS 161994, at *10-11 (N.D. Ill. Sept. 4, 2020) (denying a requested discovery timeframe of ten years and instead enforcing a five year window as relevant, while also acknowledging discovery timeframes "should match the period of an alleged conspiracy"); *compare McClesky v. CWG Plastering, LLC*, 897 F.3d 899, 903-4 (7th Cir. 2018) (defining the "crucial period" for analyzing successor and alter ego claims, brought against a new entity in an attempt to instill liability for a prior judgment against a defunct entity, as spanning the three week period from the recommendation of the adverse verdict to the incorporation of the new entity the same day the court entered judgment against the prior entity). Plaintiffs do not even try to address, nor did Magistrate Judge McShain question, how discovery about SJP for any period of time serves to "clarify or define" the issues in this litigation. *Kuttner*, 819 F.3d at 975 (recognizing that the recency of acts alleged in a complaint as serving as an important component of relevance). Magistrate Judge McShain's clear error of failing to address the proportionality of Plaintiffs' requests relative to their articulated allegations of alter ego and successor liability claims justifies this Court's modification of the current Order.

C. **Magistrate Judge McShain Clearly Erred in Refusing to Consider Defendants' Privacy Objections, Which Remain Pending Before This Court**

Defendants ask this Court to set aside the portion of Magistrate Judge McShain's Order "caution[ing]" Defendants about raising their objections based on the privacy rights of non-parties again. Doc. 402 at 22. As Defendants set out in detail in their recently filed Response to Magistrate Judge McShain's Order that Defendants show cause why they should not be sanctioned for their opposition to Plaintiffs' motion compelling responses to these discovery requests, Defendants' arguments remain in good faith and no precedential ruling in this case precludes them. Doc. 403 at 12-14. In "caution[ing]" Defendants against asserting this argument in the future based on her own prior Order still pending before Judge Wood, Magistrate Judge McShain ignored Defendants'

8

right to raise Rule 72 Objections prior to any requirement to abide by the objected-to order. Doc. 402 at 22 ("defendants again raise privacy concerns of SJP and its members, but this Court has consistently rejected this argument … And I just want to be clear, defendants should be cautioned that, going forward, barring exceptional circumstances, this kind of privacy-based objection is not, standing alone, a basis to withhold documents given the record that's been established by both this Court and Judge Wood"), citing to Doc. 398 at 3 (Wood, J., affirming the decision of Magistrate Judge McShain as to objections made by a third party subpoena recipient, addressing in part privacy assertions made by a different party in a different context); *see also* Doc. 377 (appealing a prior ruling by Magistrate Judge McShain that ordered production of all donor information as to any amounts through December 2018); *see also* Docs. 381 and 382 (Minute Orders by Judge Wood and Magistrate Judge McShain affirming the propriety of a stay on enforcement of a challenged order in compliance with Rule 72(a)).

Magistrate Judge McShain herself previously noted the need to stay the order to protect those appellate rights. Doc. 382. In staying enforcement of the prior discovery Order, Magistrate Judge McShain properly noted that "a stay is necessary to preserve defendant's appellate rights under Rule 72(a)." *Id.* (citing *Alvarez v. Larose*, Case No. 3:20-cv-782-DMS-AHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020)). Defendants therefore reasonably asserted their ongoing objection to providing information that implicates the privacy rights of non-party individuals – in this instance, as to student activists – in good faith. Doc. 399 at 8 (citing *Ripberger v. Corizon, Inc.*, No. 1:11-cv-01394-TWP-MJD, 2012 U.S. Dist. LEXIS 134648, at *14-15 (S.D. Ind. Sept. 20, 2012); *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994); *Strode v. Venice*, No. 06-228-GPM, 2007 U.S. Dist. LEXIS 6578, at *14-15 (S.D. Ill. Jan. 30, 2007)). Defendants yet again seek this Court's review on this issue of constitutional importance, and "to preserve critical rights from

9

being lost irretrievably pending objections." *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992). Denying Defendants their ability to assert this objection pending this Court's ultimate final order on the issue contravenes the purpose of staying the prior Discovery Order in the first place, and the intent of Rule 72. *See* Doc. 382; Fed. R. Civ. P. 72; Doc. 399 at 8 (citing *Gehring*, 43 F.3d at 342 (holding that personnel files are not discoverable because of the privacy interests when balanced with the absence of correlation to the claims asserted)); *In re United States*, 583 U.S. 1029, 1036 (2017) (Breyer, J., dissenting) (describing discovery disputes as requiring "a deep understanding of the overall factual context and procedural history of an individual case"). Defendants reasonably sought review of this genuine and clearly ongoing dispute within the Federal Rules. Magistrate Judge McShain committed clear error when she characterized the issue as "established." Doc. 402 at 22.

Additionally, though Magistrate Judge McShain pointed to this Court's recent ruling on third party the Mosque Foundation's Motion to Quash, Defendants make a vastly distinct argument from that made by the Mosque Foundation and ruled on recently by this Court. *Cf.* Doc. 402 at 22; Doc. 399; Doc. 398 at 3. This Court characterized the Mosque Foundation's articulated concern, that turning over Foundation board meeting minutes could potentially discourage community members from serving on the Foundation's board, as "speculative." Doc. 398 at 3. In contrast, Defendants provided links to publicly available news sources to the best of their ability and via neutral sources of which the Court may take judicial notice, the widespread and growing attacks students face on campuses nationwide due to voicing their support for Palestine. Doc. 399 at 7 n.3, 9 n. 4. The students discussed in those cited reports are the same ones Plaintiffs hope to identify with the disputed discovery requests. Defendants believe their argument far exceeds quantification as "speculative," and instead presents a genuine dispute distinct from the one separately presented

10

by the Mosque Foundation regarding a potential chilling effect on future supporters. *Compare* Doc. 399 at 9 ("Given current events, these student organizations and their members already suffer heightened scrutiny…" citing to publicly available news sources) *with* Doc. 398 at 3 ("the Foundation's speculative concern that permitting Plaintiffs' requested discovery would dissuade community members from becoming involved in its board"). Defendants presented this argument based on a genuine dispute distinct from the one presented by third party the Mosque Foundation. Therefore, Defendants ask this Court to set aside the portion of Magistrate Judge McShain's Order that chastised Defendants for doing so and warned them against doing so again.

**D.      Magistrate Judge McShain Misapplied Relevant Precedent in Ruling Defendants Wrongly Cited State Court Authority for the Standard for Alter Ego Claims**

Magistrate Judge McShain clearly erred when she determined that Defendants improperly cited state case law for the applicable standard to evaluate the state law claims of alter ego and successor liability Plaintiffs bring in this case, believing instead that only federal common law applies to this case. Doc. 402 at 19 (admonishing Defendants for citing Illinois precedent because "the main holding of the most recent Seventh Circuit appeal was that this case arises under federal law"). This ruling misapplies both hornbook choice of law doctrine and the applicable Seventh Circuit opinion. 17A Moore's Federal Practice – Civil § 124.30 (2024) ("Choice of law issues … are also governed by the law of the forum state in which the federal court sits."); *see Boim v. Am. Muslims for Palestine*, 9 F.4th 545 (7th Cir. 2021), *citing McClesky*, 897 F.3d at 901. In *McClesky*, Judge Easterbrook noted that "[b]ecause the [Plaintiffs] seek to recover … directly under two federal statutes, the district court has subject matter jurisdiction. It does not follow that federal law applies to all of the [Plaintiff's] claims." *Id*. at 906 (Easterbrook, J., concurring). The plaintiff in *McClesky* brought claims of successor liability and alter ego liability against an entity (referenced here as "Company B" for simplicity) incorporated by the son of the owner of a

11

company against whom the plaintiff obtained a judgment (referenced here as "Company A" for simplicity), that became defunct within weeks of the magistrate judge proposing a finding in favor of the plaintiff. *Id*. at 901. In that case, Company B incorporated and immediately began operating on the same day the court entered judgment against Company A. *Id*. The Seventh Circuit recognized that both claims against Company B "arose under" federal law, just as the Seventh Circuit held in our instant case. *Id*. Yet in addressing an issue not reached by the Seventh Circuit in this case due to the scope of the appeal before it being limited to review of the Rule 12(b)(1) motion, the Seventh Circuit in *McCleskey* noted that while "everyone assumed in the district court that federal law governs both claims[,]" "the question remains whether we should, on our own initiative, reject the use of federal law in favor of one or more state laws." *Id*. at 901-902. The Seventh Circuit ultimately determined in *McCleskey* that the defendant waived the choice of law issue by not challenging the application of federal law at the district court level. *Id*. at 901. Beyond emphasizing the need for parties to preserve choice of law disputes by asserting and briefing them at the district court level, the Seventh Circuit did not ultimately rule on whether federal common law or state law, or a combination of the two, should apply. *Id*. at 902-903. Instead, it "[r]ecogniz[ed] that this issue remains open[.]" *Id*. at 902. And, in his concurrence, Judge Easterbrook delved more deeply into the choice of law issue and concluded that while federal law applied to the successor liability claim, state law likely applied to the alter ego claim. *Id*. at 906-907. Defendants therefore respectfully request this Court to set aside this portion of Magistrate Judge McShain's Order, and consider instead the relevant elements of alter ego and successor liability under Illinois state law.

Again, the Seventh Circuit did *not* determine Plaintiffs' state law claims should be considered under federal common law in this matter after conducting a choice of law analysis; it

12

only held that the state law claims "arise under" the federal Anti-Terrorism Act ("ATA") sufficiently to convey subject matter jurisdiction over them. *Boim*, 9 F.4th at 559 (ruling only on subject matter jurisdiction, holding that "the district court possessed federal jurisdiction under § 1331" because *if* Plaintiffs can prove their alter ego claim, Defendants would in effect be liable under the federal statute). Because Magistrate Judge McShain clearly erred in ordering state law does not apply in this matter, without first conducting a choice of law analysis, Defendants respectfully request this Court set aside or modify the Order due to clear error. At the very least, Defendants ask this Court to remand the issue for full briefing by the parties and proper consideration by Magistrate Judge McShain on the choice of law issue, in light of *McClesky* and other binding Seventh Circuit precedent. To date, the parties have not briefed and Magistrate Judge McShain has not issued an opinion analyzing choice of law principles as applied in this matter.

## V. CONCLUSION

Magistrate Judge McShain clearly erred in failing to properly limit the relevant time period for merits discovery in this matter, and in failing to recognize the lack of relation of these requests to Plaintiffs' asserted allegations. Magistrate Judge McShain further erred when she ruled it improper for Defendants to assert an objection that remains pending before this Court. Finally, Magistrate Judge McShain erred when she held that only federal common law governs consideration of the state law claims alleged in Plaintiffs' Complaint. These clear errors justify this Court modifying or setting aside Magistrate Judge McShain's April 15 Order on Plaintiffs' Motion to Compel. Defendants have honored and abided by all prior orders of this Court and will continue to do so as required here; Plaintiffs should not be permitted to expand the scope of discovery beyond what they plead, adding new "allegations" solely by means of discovery motions, seven years into this litigation. Allowing Plaintiffs to constantly morph their claims in this way imposes an improper burden on Defendants, requiring them to provide never-ending

13

supplements and to defend against an ever-moving factual target, and inappropriately extends discovery beyond the scope of the claims Plaintiffs assert in the operating Complaint. Defendants therefore respectfully request that this Court rectify these clear errors, and course-correct this case along the trajectory anticipated by the Federal Rules of Civil Procedure, applicable precedent and the law of this case as previously set forth by Magistrate Judge McShain's own long-standing prior orders.

Respectfully submitted this 29th day of April, 2024.

*/s/ Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
Samira Elhosary
Maryland Bar No. 2112140261
cjump@clcma.org
selhosary@clcma.org
*Attorneys for Defendants*

Constitutional Law Center
for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454
*\*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America.*


Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

14

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on April 29, 2024, she caused the foregoing to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by email notification upon counsel for all parties of record.

/s/ Christina A. Jump
Christina Jump
*Counsel for Defendants*
