IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br>Defendants. | Civil No. 17-cv-03591<br><br>Hon. Andrea Wood<br><br>Hon. Heather McShain |

## **CLARIFYING DECLARATION OF CHRISTINA A. JUMP**

I, Christina A. Jump, hereby declare under penalty of perjury under the laws of the United States and in accordance with 28 U.S.C § 1746 the following:

1. I am over eighteen and of sound mind.

2. I make this declaration based on my own personal knowledge.

3. I am the Civil Litigation Department Head at the Constitutional Law Center for Muslims in America, which since October 2022 has been the legal division of the 501(c)(3) organization the Muslim Legal Fund of America. Prior to October 2022, the Constitutional Law Center for Muslims in America was a free-standing 501(c)(3) tax-exempt organization.

4. In my role as Civil Litigation Department Head, I am lead defense counsel in the instant matter, *Boim, et al. v. American Muslims for Palestine, et al.*

5. In my role as lead defense counsel in this matter, I was present at and defended the deposition of Dr. Hatem Bazian, which took place on April 16, 2024 and April 17, 2024 in San Francisco, California.

6. During that deposition, Dr. Bazian testified that he is not the founder of Students for Justice in Palestine (also known as "SJP") or a co-founder. He identified the proper founder as being Osama Qasem. That testimony first occurred on the first day of the deposition and in response to questioning from Mr. Schlessinger. April 16 Transcript of Dr. Bazian's Dep., at 72-78. Pages 72-73 of that discussion appear in Exhibit A to Plaintiffs' Doc. 412. The full referenced page range of pp. 72-78 is attached hereto in the sealed filing as Internal Attachment 1.

7. The portion of the deposition not included in Plaintiffs' Exhibit A to Doc. 412 contains near-verbatim language to the one line that Plaintiffs allege was somehow redacted or deliberately omitted from a document which became marked as Ex. 16 to Dr. Bazian's deposition the following day, and which is marked as Exhibit B to Plaintiffs' Doc. 412. Plaintiffs complain that the printout of the Medium.com article, that Dr. Bazian authored and that became Exhibit 16 in Dr. Bazian's deposition, omitted the italicized phrase in the following sentence: "*Students for Justice in Palestine was founded in 1993 by a group of graduate* and undergraduate students at the UC Berkeley campus led at the time by Osama Qasem." Doc. 412 at 2, 3. Plaintiffs' counsel claims that the error in printing somehow deliberately "deprived Plaintiffs' counsel of the opportunity to cross-examine him regarding what he meant when he stated that SJP was founded by a group of students, rather than by Mr. Qasem solely." Doc. 412 at 3. Yet Dr. Bazian testified on April 16, and Mr. Schlessinger himself asked pages of follow-up questions regarding, that same

language when Dr. Bazian used it in his testimony: "I was the chairman of the graduate assembly at the time, leading the graduate students at Berkeley" and, in response to direct questioning by Mr. Schlessinger asking "[w]ho else was involved" Dr. Bazian answered "Maybe about 10-15 students at the time … mostly grad students and some undergrad." *Id*. at 74. Dr. Bazian also testified he was not involved in drafting the SJP founding documents, and did not have a position with SJP, at the time of its formation or any later time. *Id*. at 74, 75.

8. Plaintiffs' counsel's claim that the quality of the printout of Dr. Bazian's article on the second day of his deposition testimony somehow "deprived Plaintiffs' counsel of the opportunity to cross-examine him regarding what he meant when he stated that SJP was founded by a group of students, rather than by Mr. Qasem solely" directly contrasts with his admission on the preceding page that Plaintiffs already had that article themselves, already attached it to a filing in this Court, and therefore clearly already knew of its contents and were perfectly capable of questioning Dr. Bazian about any portion of it during his deposition – because Plaintiffs attached the entire article – "missing" line and all – to their own Motion to Compel filed on March 7, 2024, over a month before Dr. Bazian's deposition. Doc. 412 at 3; *cf*. Doc. 412 at 2, Doc. 388 at 4, and Doc. 388-2. After Dr. Bazian referenced that article in his first day of testimony, Plaintiffs' counsel could have looked it up and questioned Dr. Bazian about it on his second day of testimony—exactly as the undersigned did.

9. As discussed on the record in the transcript of Dr. Bazian's deposition on the second day, April 17, there were problems with the documents that I printed at the hotel the night before to use as Exhibits. I described these in detail on the record, as shown at Ex. C to Plaintiffs'

    Doc. 412, in the transcript from April 17 at pages 25-28. I printed those documents at the hotel the evening of April 16, based on Dr. Bazian's identification earlier that day in his testimony of the November 2023 Medium.com article he wrote and the December 2023 article by another author in Forward.com regarding the founding of Students for Justice in Palestine. Due to the hotel's limitations, I needed to employ the help of the front desk for copies after printing the first one of each exhibit. Unfortunately, as referenced on the record, I "got what I paid for" with free help, and not all copies contained all pages.

10. When counsel for Plaintiff brought that error to my attention during the deposition on April 17, I gave him my copy of Deposition Exhibit 16, meaning I did not retain a copy of that exhibit for myself after the deposition ended. April 17 Transcript at 27, attached to Plaintiffs' Doc. 412 as Exhibit C. I waited during the deposition for Mr. Schlessinger to confirm the copy I had been using and then handed to him did in fact match the copy marked as an exhibit to the deposition by the digital reporter. *Id*. After that point, I looked on with the witness at the copy he reviewed, as we were then short one copy of Deposition Exhibit 16.

11. Prior to giving my copy to Mr. Schlessinger during the deposition, I handwrote "Ex. 16" on it in blue flair pen. I recognize my handwriting and that notation on the document attached to Plaintiffs' Doc. 412 as Ex. B. Mr. Schlessinger retained that copy at the close of the deposition.

12. As of the time I executed my Declaration in this matter, filed as Doc. 403-1, neither party had yet received the transcript of Dr. Bazian's deposition. I noted that both in my Declaration and in the Response to this Court's Order to Show Cause. Both statements are accurate, and comport with the representation by Plaintiffs in Doc. 412, at 3.

13. My Declaration contains the statement that "Dr. Bazian's deposition transcript is not yet available." Doc. 403-1 at 4, para. 17. That is true. I also made the statement that "[b]ased on my personal knowledge from printing the documents on April 16, 2024 and being present at both days of his deposition, I know these attachments [Exs. 2, 3 and 4 to my Declaration, submitted as 403-1] to be true and correct copies of the documents Dr. Bazian referenced on the first day of his deposition" on April 16, 2024. That also remains true.

14. Because I identified that the deposition transcript was not available at the time of my Declaration, and as the parties agree that to be the case, I did not intend to convey and believe the facts make clear that I could not have conveyed, that the attachment to my Declaration was an exact copy of the official transcript exhibit from a transcript I did not yet have. That meaning was not my intent then, it is not my intent now, and I do not believe that paragraphs 16-18 of my Declaration convey that meaning. Mr. Schlessinger may have interpreted the same words differently, but that does not impute his interpretation onto me.

15. As made clear in Doc. 403-1 at para. 17, "Dr. Bazian's deposition transcript [was] not yet available." I also plainly stated that I printed the copies which were exhibits to my Declaration from the publicly available internet locations for those documents (Doc. 403-1 at paras. 13-15, and para. 16 ("The documents located at Exhibits 2, 3 and 4 to this Declaration are publicly available and were not in the custody or control of American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation, Dr. Hatem Bazian or myself.")). That is exactly what I did when I printed the document that became Exhibit 16 to Dr. Bazian's deposition – I went to the website Dr. Bazian specifically identified on the first day of his testimony, and printed from there. Doc. 403-1 at paras. 13, 17; *see also* Internal Attachment 1 to this Declaration at 74, 76.

16. I further affirm in my Declaration that the documents which I attached to my Declaration, after printing them from the internet, were (1) "true and correct copies of the documents Dr. Bazian referenced on the first day of his deposition" and (2) that the documents he referenced in his testimony "were made exhibits to his deposition on his second day of testimony, on April 17, 2024." Doc. 403-1 at 4-5, para. 17. Nowhere in that Declaration, this Clarifying Declaration or Defendants' Response to this Court's Order to Show Cause did I ever state that the attachments to my Declaration were the exact pieces of paper made into exhibits during Dr. Bazian's deposition. I do not make that statement, because as I delineated in my Declaration, I printed the copies that became the deposition exhibits from the publicly available internet version of the referenced articles on the evening of April 16 (Doc. 403-1 at paras. 13, 14, 16), and I later printed the separate copies which became exhibits to my Declaration from the internet as well. Doc. 403-1 at para. 13 ("That article is attached to this Declaration as Exhibit 2 and is a true and correct copy of the article referenced by Dr. Bazian"); para. 14 ("A true and correct copy of that article is attached to this Declaration as Exhibit 3. This Article was also discussed during Dr. Bazian's deposition and made an exhibit to his deposition.") and para. 15 ("Dr. Bazian also identified the document attached as Exhibit 4 to this Declaration" – <u>not</u> that Exhibit 4 to my Declaration is the exact exhibit from his deposition, which I had already stated I did not have at the time).

17. Mr. Schlessinger acknowledges that my use during the deposition of a less than perfect printout, but nonetheless the untouched printout straight from the internet as I printed it on April 16, "was caused by technical issues that she was unable to overcome in her efforts to print a complete copy" the evening of April 16. Doc. 412 at 3.

18. To the extent that had not been clear, when Mr. Schlessinger first asserted that I must have "redacted" a version of the articles Dr. Bazian referenced in his deposition, I responded that "[t]he attachments to the declaration <u>are</u> true and correct copies of the articles he referenced on day one.  And copies of those articles <u>were</u> made exhibits the following day.  I did not edit or redact the printouts at either time."  Doc. 412-2 at 2 (emphasis in original).

19. I also reminded Mr. Schlessinger on Wednesday, May 1, 2024 when he first raised what he viewed to be an inconsistency that "[a]gain, if you retained your copy of the exhibit, please scan and send it to me.  And I will absolutely identify any differences to the Court in a supplement."  Doc. 412-2 at 2.  There was no need to request that copy previously, as I saw no inconsistency, and as I printed both times from the same original public source.

20. Mr. Schlessinger chose not to send me what had been my copy of the exhibit at issue, that I gave to him during the deposition, and as I requested so that I could compare the two side-by-side pending receipt of the transcript.  Instead, he waited five more days then filed Plaintiffs' Doc. 412.

21. I first received a copy of the transcript of day two of Dr. Bazian's deposition on Thursday evening, May 2, well after business hours.  I reviewed Exhibit 16 in that transcript and, believing the issue to be resolved with my explanation to Mr. Schlessinger as he provides in Doc. 412-2 at 2, I saw no need for further action.

22. Then, late in the business day on May 6, Plaintiffs filed Doc. 412. I continued finalizing and then filing Defendants' Motion to Stay, also filed later in the day on May 6, before turning to review Doc. 412 the following day.

23. I can do no more than clarify my intent, which I promptly did via email on May 1, 2024.  Doc. 412-2 at 2.  To the extent this Court sees any inconsistency, that was never my intent

and I present further clarification here. And Plaintiffs' counsel did not attempt to communicate further on the topic after Wednesday, May 1, 2024 and prior to filing Plaintiffs' motion late on Monday, May 6, 2024 (which Plaintiffs filed shortly after I conferred regarding Plaintiffs' position on Defendants' Motion to Stay). Had Plaintiffs' counsel sent me what he knew to be originally my copy of the exhibit he challenged, which he retained by our agreement, I would have immediately clarified at that time. When I did not receive that on May 1, May 2, or any earlier on May 6 prior to the filing of Doc. 412 after 4pm, I considered the issue resolved by my previously communicated explanation.

24. Doc. 412 erroneously asserts my Declaration is the first time Dr. Bazian stated he did not found SJP. Doc. 412 at 3 ("In responding to the Order to Show Cause, AMP raised for the first time in this litigation the argument that Dr. Bazian was not a founder of SJP."). As clearly set forth by Deposition Exhibit 16 written by him in December 2023 and testified to in his deposition on both April 16 and April 17, in the presence of and subject to cross-examination by Mr. Schlessinger, Defendants' Response to the Order to Show Cause did not in any way constitute the first time Dr. Bazian made that statement, or the first time that it arose in the context of this litigation—*that* occurred at Dr. Bazian's deposition, when Mr. Schlessinger questioned Dr. Bazian on that topic alone for at least six pages worth of testimony. Internal Attachment 1.

25. Doc. 412 also contains the representation that "[a]pparently Dr. Bazian and AMP are content to use whatever version of facts suits them at the moment" in characterizing that a 2018 lawsuit, attached to Plaintiffs' Doc. 412, contained the statement that Dr. Bazian "is also a cofounder of Students for Justice in Palestine." Doc. 412 at 5 and Ex. F. Yet Mr. Schlessinger questioned Dr. Bazian on exactly that document during his deposition, and

Dr. Bazian responded that he did not write that legal document, nor verify it, and that had he done so he would have corrected that error. April 16 (Day 1) Transcript of Dr. Bazian's Deposition, at 153-156 and internal Ex. 5, attached hereto as part of Internal Attachment 1; *see also* April 17 (Day 2) Transcript of Dr. Bazian's Deposition, at 29-31 (confirming Dr. Bazian did not verify that document or attest to the truth of each statement contained in it). Dr. Bazian did provide a contemporaneously filed sworn Declaration in that same matter, incidentally, which does not contain any representation of him being either a founder or cofounder of SJP. Internal Attachment 2, Declaration of Hatem Bazian in Support of Plaintiffs' Motion for Preliminary Injunctive Relief, dated March 2, 2018.

26. If I do wrong, I recognize it, and I will correct it. I have done that repeatedly throughout the seven year course of this litigation when needed. *See, e.g.*, Doc. 118 at 1, 2 (requesting leave to file corrected exhibits due to errors made by the undersigned in a prior filing, because "Defendants' counsel is not a good paralegal" and "[w]ith sincere apologies for the errors and likely resulting confusion"). This does not happen to be one of those times.

27. Should this Court require clarification or explanation of any fact in this document, my earlier Declaration, or any other action by defense counsel, I remain willing and available to provide that. As to engaging in more tit-for-tat disputes with counsel on interpretations of undisputed contents of documents or testimony, however, I see no further value.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Christina A. Jump, Declarant

5-8-2024
_____
Date Executed

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on May 9, 2024, she caused the foregoing to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by email notification upon counsel for all parties of record.

/s/ *Christina A. Jump*
Christina Jump
*Counsel for Defendants*
