IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, et al.<br><br>    Plaintiffs,<br><br> v.<br><br>AMERICAN MUSLIMS FOR PALESTINE, et al.,<br><br>    Defendants. | Civil No. 17-cv-03591<br><br>Hon. Andrea Wood<br><br>Hon. Heather McShain |

## **DEFENDANTS' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE**

### I. Introduction

Defendant Americans for Justice in Palestine Educational Foundation d/b/a American Muslims for Palestine (together, "AMP" or "Defendant") respectfully responds to this Court's Order that Defendant show cause why it should not order them to pay costs and fees to Plaintiffs Stanley and Joyce Boim ("Plaintiffs") based on the Defendant's objections to the notice for the deposition of Taher Herzallah.[1] Defense counsel presents the facts and authority below to show (1) their good faith reasons for objecting to the deposition of Taher Herzallah, (2) the lack of opportunity for Defendants to brief the topic at issue or answer any questions the Court may have had at hearing, and (3) the ongoing existence of strong factual disputes on which no binding factual determinations by any trier of fact have occurred to date. Defense counsel further identifies the circumstances that demonstrate why an award of fees in this matter would further neither the interests of justice nor judicial economy.

---

[1] Where this document references "Defendants" as plural, that reference incorporates Defendant Rafeeq Jaber and his representation by the same defense counsel representing AMP.

## II. Factual and Procedural Background

The Court well knows the factual allegations in this case. Relevant here, defense counsel sets forth the facts that relate to the deposition at issue and counsel's good faith objections.

**A. Prior to this Court's Order, All Parties Acknowledged Mr. Herzallah is Not a Management Employee or Being Deposed to Speak For AMP**

On November 27, 2024, Plaintiffs' counsel acknowledged that "Taher Herzallah is not on the board of directors for AMP. He is not a corporate representative for AMP. He was not the 30(b)(6) deponent. He has not verified interrogatory responses for AMP." Doc. 506, Ex. D, at 9. Plaintiffs' counsel further acknowledged that "he's not a director" and "[h]e's a fact witness. He's someone who has knowledge" of facts Plaintiffs consider relevant, and "we want his testimony as a fact witness, not as, you know, speaking for AMP necessarily." *Id*. at 14-15. This Court acknowledged that communication. Doc. 511 at 3 (granting the deposition as likely to be relevant "[e]ven if Herzallah was a subordinate AMP employee who could not issue a grant or authorize an event to be held on AMP's behalf without approval from other AMP officers" and citing Doc. 506-4 at 2-3). Those discussions are not in dispute.

**B. Plaintiffs Had Already Noticed – and Fought to Take – Ten Other Depositions**

The Federal Rules of Civil Procedure permit ten depositions per side. Fed. R. Civ. P. 30(a)(2)(A)(i). As of the time Plaintiffs noticed the deposition at issue without prior communication, they had already noticed and/or taken ten other depositions. *See* Doc. 506-2 at 5; Doc. 506-3 at 1-4; and Doc. 511 at 1. Defendants objected on that basis, but not only on that basis. *Id*.; Doc. 506 at 1. Plaintiffs fought to take several of these depositions, including those of third parties Sufian Nabhan, Magdi Odeh, and the additional yet denied attempt to depose a representative of Redshift Pro, LLC. Doc. 506-3 at 2. These numbers are not in dispute either.

2

**C.      Plaintiffs Made Zero Effort to Confer on this Deposition Before Sending a Notice**

Plaintiffs "initiated the topic of a deposition of Taher Herzallah with no conversation or communication whatsoever preceding [the] Notice sent on November 11, 2024." Doc. 506-3 at 1. Plaintiffs do not deny this, and the Court acknowledged it as well. Doc. 511 at 1.

**D.      Plaintiffs Canceled Their Tenth Deposition Late on the Preceding Day, After Defense Counsel Could Not Change Related Hotel and Flight Reservations Without Penalty**

Having acknowledged they exceeded the number of permitted depositions, Plaitniffs then canceled one scheduled deposition—but not until after defense counsel had already flown to Chicago, and not until the afternoon of the preceding day at which point defense counsel could no longer cancel the additional day's cost for a hotel or make flight changes, without a penalty. See Doc. 506-4 at 6 ("You waited until we had already traveled and incurred the costs of additional hotel nights for the noticed deposition of Oussama Jamal, and even after first mentioning it after lunch during Sheikh Jamal Said's deposition, you equivocated until approximately 3pm before assuring the court reporter and videographer we would in fact not be returning the next day. We will separately send you the bills for those hard costs incurred out of pocket, which as you know we could not change at the last minute despite our efforts that preceding afternoon to mitigate the cost."). Nonetheless, that did bring the total below ten – but did not address all issues raised by Defendant in objecting.

**D.      Defendants Stood (and Stand) by the Same Reasons They Communicated to Plaintiffs Prior to the Late Hour Cancellation of the Previously Scheduled Deposition**

Defendants reiterated to Plaintiffs in detail that the cancellation of the one previously scheduled deposition did not alleviate the additional concerns expressed by Defendants. Doc. 506-4 at 2-3. That was the third time Defendants articulated their reasons to Plaintiffs for continuing to object. *Id*. at 2 (referencing the Nov. 20, 2024 letter as well as the Nov. 27, 2024 meet and

3

confer). While not persuasive to Plaintiffs or, ultimately, this Court, Defendants did communicate fully in those discussions in good faith.

**E.  One Business Day After This Court Granted this Deposition, Defendants Advised this Court and Plaintiffs of the Need to Coordinate with Mr. Herzallah's Attorneys**

On Monday December 23, the next business day after this Court ordered the deposition, Defendants notified Plaintiffs and this Court via a footnote that Mr. Herzallah is "a non-managerial employee" who "has separate counsel for another matter necessitating coordination." Doc. 512 at n.1.

**F.  Defendants Acted Reasonably in Successfully Contacting Mr. Herzallah *via* His Counsel, and Immediately Apprised Plaintiffs' Counsel That Occurred, Prior to Their Appearance in this Case**

Fully aware of Mr. Herzallah's status as a non-managerial individual represented by separate counsel, defense counsel appropriately made notification to his attorneys without first contacting the witness directly. The governing Rules of Professional Responsibility require exactly that. [cite] And as indicated above, defense counsel informed both Plaintiffs' counsel and this Court of the need for that course of action one business day after this Court ordered Mr. Herzallah's deposition to take place. [cite]

Furthermore, as previously delineated to this Court in support for Defendants' request to present Defendant Jaber outside the governing discovery time, defense counsel had little to no available time in the days immediately preceding and immediately following Christmas. Doc. 513 at 2 (delineating the existing commitments for each intervening day). Those days already delineated as committed for other purposes (including religious and family observances of Christmas itself) were the only days that transpired after this Court ordered the deposition to occur and before defense counsel communicated with Mr. Herzallah's attorneys. Docs. 518, and 513 at

4

2. His attorneys, then, communicated that information to him. Doc. 518. Defense counsel includes this description of events in light of this Court's intervening reference to "the parties' surprising failure to advise the Court that Herzallah, who is an AMP employee, was not a defense-controlled witness" prior to the Court's ruling; as set forth herein, Defendants did not have the opportunity to submit briefing in response to Plaintiffs' motion asking to compel Mr. Herzallah's deposition, and this Court granted Plaintiffs' motion. Doc. 520; *see also* Doc. 509 (Minute Order two days after Plaintiffs' motion confirming its receipt and that "the Court will review the motion and exhibits and decide whether it can rule on the papers or whether a motion hearing is required"); Docs. 510, 511 (issuing this Court's ruling granting Plaintiffs' motion the following day, and ordering this Response by defense counsel to show cause).

### III.     Legal Standard

Federal Rule 37(a)(5)(A) explains that when a court rules on a discovery motion after giving both parties an opportunity to be heard, the court must "require the party or deponent whose conduct" did not prevail "to pay the [victor's] reasonable expenses incurred in [] the motion, including attorney's fees." Courts must <u>not</u>, however, order this kind of payment where "[t]he opposing party's nondisclosure, response, or objection was substantially justified; or iii. Other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Where courts grants a motion in part and deny it in part, the rules allow more leeway and give courts the option, but not the mandate, to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). A motion—or opposition—qualifies as "substantially justified" under Rule 37 when "there is a genuine dispute." Doc. 330, Order of this Court dated October 5, 2023 denying Plaintiffs' Motion for Protective Order, at 5 (quoting *Forth v. Walgreen Co.*, No. 17-C-2246, 2019 WL 10255628, at *7 (N.D. Ill. July 10, 2019)). The Supreme Court ruled that to avoid Rule 37 sanctions, the argument made by the unsuccessful party need not be "justified to a high degree,

5

but rather [show] that there is a genuine dispute or that reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

### IV. Defendants Made Reasonable Arguments in Good Faith

**A. Taher Herzallah is Not a Management Witness, and Still is Not Listed in Discovery Responses or Initial Disclosures by Plaintiffs, Two Years into Fact Discovery and Seven Years into this Litigation**

In the two and a half years of fact discovery leading up to Plaintiffs' November 11, 2024 notice of Mr. Herzallah's deposition, Plaintiffs not once listed him as a witness likely to have knowledge of facts relevant to their sole claim against AMP of alter ego liability. *See* Doc. 511 (recognizing that "plaintiffs did not list Herzallah in their initial disclosures" – and still don't – "or identify him as a probable deponent until November 11"). Plaintiffs acknowledged this in both correspondence between counsel and in the meet and confer on this topic. Doc. 522-1 at 1 ("as November 27, 2024, we made clear that 'Taher Herzallah is not on the board of directors for AMP. He is not a corporate representative for AMP. He was not the 30(b)(6) deponent. He has not verified interrogatory responses for AMP.' Doc. 506, Ex. D, at 9. You responded fully acknowledging at that same time that 'he's not a director' and '[h]e's a fact witness. He's someone who has knowledge' of facts you consider relevant, and 'we want his testimony as a fact witness, not as, you know, speaking for AMP necessarily.' *Id*. at 14-15.").

**B. Plaintiffs Flouted This Court's Mandated Procedures Very Late in Discovery**

Plaintiffs noticed this deposition without even attempting to first confer. That violates this Court's stated rules, and the presumptions that parties to litigation will in fact directly communicate. *See, e.g.,* Doc. 520 (reiterating the requirement for "a detailed statement reflecting the movant's efforts to resolve the dispute without judicial intervention, but Herzallah's motion contains no such statement"); Doc. 523 (denying Plaintiffs' motion to extend discovery without prejudice because Plaintiffs failed to properly follow this Court's rules); Contrast *Am. Kitchen*

6

*Delights, Inc. v. City of Harvey*, Case No. 22-CV-3549, 2023 U.S. Dist. LEXIS 148061, at *14-15 (N.D. Ill. Aug. 23, 2023) (awarding fees where defendants refused to cooperate in the conferral process in any meaningful way). Defense counsel here explained the reasons for the objections consistently and thoroughly, and while Plaintiffs disagreed and this Court may as well, disagreement does not equate to bad faith.

**C.     The Interests of Justice and Judicial Economy Do Not Support an Award of Fees**

Defendants respectfully identify additional reasons for this Court to consider that weigh against imposing Rule 37 sanctions of an award of attorneys' fees, as doing so will not advance the interests of justice.  As previously noted, both defense counsel work in a 501(c)(3) nonprofit law center with limited resources, that operates wholly on donations to provide its approved legal representation within its stated mission.[2]  Doc. 401-1, Declaration of Christina A. Jump.  Plaintiffs, in contrast, have the representation of multiple private law firms with more resources, and as already identified also receive outside funding for this litigation. This Court previously considered many of these same factors in ordering that the parties split the cost of financially burdensome production requested by Plaintiffs.  *See* Doc. 94 at 58.  And Defendants' counsel cannot contest discovery simply to generate fees in bad faith, since defense counsel does not receive attorneys' fees. Doc. 403-1; *cf. Reid v. Wolf*, 644 B.R. 725, 759 (N.D. Ill. 2022) (chronicling defendants' inappropriate behavior to include unjustifiably refusing to participate in discovery, violating court orders, and leading the plaintiff on a wild goose chase).  As a nonprofit organization, Defendants' attorneys operate fully pro bono and do not collect fees from clients, including Defendants, unless specifically awarded by a court in a separate line item as fees. *See id.*

---

[2] As noted in the prior Declaration of Christina A. Jump, the mission of defense counsel's nonprofit law center remains to "to advance equality and justice for American Muslim organizations and individuals by promoting legal compliance and protecting the rights of all Americans in matters concerning constitutional and national security laws." Doc. 403-1.

Nor does defense counsel behave unethically, in this case or any others. Again, Plaintiffs and this Court may disagree with defense positions, but that alone cannot render them rule violations or unethical. Defendants regularly confer, and did here. Defendants ask this Court for its preferred procedures when unclear. Doc. 522-1 at 8-9. And Defendants simply see the facts differently than Plaintiffs do, particularly where Plaintiffs make assertions in discovery motions that do not exist in their pleadings. Defendants have the right to resist extensive and what they consider to be out of scope requests, including depositions even when within the ten-per-party limit. Defendants abide by all rulings of this Court once final. No evidence of bad faith exists. And presumptions, whether by Plaintiffs or this Court, of factual arguments and approaches Defendants "might" make which have not yet been established in this case amount to no more than mere speculation. *See* Doc. 511 at 2 (making the prediction that, based on conclusions made by Plaintiffs outside of pleadings that the Court labeled as "developed evidence", "it is likely that defendants will dispute that AMP maintains a strong or close connection with SJP" and deeming Mr. Herzallah's deposition "even more relevant" because of that presumed—yet still hypothetical—approach). That conjecture cannot form the proper basis for an award of sanctions.

In considering the balance of the parties' resources along with the good faith intent identified herein, the levy of an award of fees against Defendants or their counsel for legitimate advocacy in this matter does not further the interests of justice. *See, e.g., Black v. Friedrichsen*, Case No. 1:19-cv-00307-TLS-SLC, 2022 U.S. Dist. LEXIS 58161, at *16-17 (N.D. Ind. Mar. 29, 2022) (recognizing that "some courts have found that an award of fees may be unjust when the losing party establishes an inability to pay") (citing *Grady v. Affiliated Comput. Servs. ACS*, No. 1:13-CV-00342-TWP, 2014 U.S. Dist. LEXIS 160547, at *2 (S.D. Ind. Nov. 13, 2014)). Again, defense counsel and Defendants do not point to this authority within Circuit in an effort to hide

8

from their actions; to the contrary, they stand by their actions completely, and point to their pro bono status to demonstrate the absence of any motivation to "churn the file" or generate fees.

## V. Conclusion

Defendants and defense counsel acted in opposing the deposition of an undesignated witness at the tail end of discovery, when no new developments or disclosures prompted the late request. Plaintiffs—and this Court—may see the facts differently, but no factual determinations have occurred in this case to date. Defendants have the right to dispute Plaintiffs' speculative presentations and presumptions about the facts, especially when precluded from filing any explanatory briefing, answering any questions of this Court on the topic at issue pre-ruling via a hearing or directed limited briefing, and findings by any appropriate trier of fact in this matter. Defense counsel did just that here, and anything less would fall short of counsel's duty their clients. Defense counsel once again did no more than advocate in good faith on facts that remain in dispute. Defense counsel remains as always ready and willing to make any arguments and provide any explanations this Court may find necessary prior to ruling—when given the opportunity to do so.

As defense counsel noted in earlier filings, the discovery disputes to date in this case came equally from both sides. The track record of the parties remains basically at an even split. Defense counsel has made no unreasonable, unethical or dilatory attempts to frustrate the discovery process at any point. Defendants have not refused to provide any of their named party clients for deposition, instead only disagreeing as to <u>how</u> (not <u>if</u>) a defendant should appear for deposition. Defendants have not failed to confer on, or appropriately denote their conferral on, <u>any</u> motion they've filed in the past 7.5 years of this litigation. Nor have Defendants claimed surprise at and pursued sanctions based on the existence of a document they had already produced, even though it refutes their factual recitations made to this Court. And when Defendants located a document Plaintiffs previously marked privileged, defense counsel immediately notified Plaintiffs pre-emptively and

allowed the full briefing over the existence of any privilege to play out before attempting to utilize that documents, despite disagreement all along on its status as privileged. Defendants and defense counsel stand by their actions in providing valid legal representation for their clients throughout this case. Defense counsel also welcomed the recent close of fact discovery in this matter, but for three specific outstanding actions already ordered to occur.

Defendants respectfully request this Court enter no order of attorneys' fees or costs arising from the good faith factual and legal disputes surrounding the deposition at issue, particularly in light of Defendants' lack of opportunity to provide explanatory briefing or address the Court at a hearing prior to this Court issuing its ruling.

Respectfully submitted this 10th day of January, 2025.

*/s/ Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
*Admitted to the General Bar and Trial Bar*
*of the Northern District of Illinois*
Samira Elhosary
*Admitted to the General Bar*
*of the Northern District of Illinois*
Maryland Bar No. 2112140261
cjump@clcma.org
selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454
*Attorneys for Defendants*

*\*The Constitutional Law Center for Muslims in America*
*is the legal division of the Muslim Legal Fund of America*

Thomas Anthony Durkin<br>
ID No. 0697966<br>
2446 N. Clark Street Chicago, IL 60614<br>
Tel: 312-981-0123<br>
Fax: 312-913-9235<br>
tdurkin@durkinroberts.com<br>
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 10, 2025, she caused the foregoing to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by email notification upon counsel for all parties of record.

/s/ *Christina A. Jump*<br>
Christina Jump<br>
*Counsel for Defendants*
