UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE, ET AL., <br><br> Defendants. | No. 17 CV 3591 <br><br> District Judge Wood <br><br> Magistrate Judge McShain |

**ORDER**

Pending before the Court is plaintiffs' petition for attorneys' fees [504] and defendants' response [512].[1] The Court previously denied defendants' motion to compel the production of third-party litigation-funding evidence, *see* [472], and ruled that the motion was not substantially justified, *see* [485]. The parties then met and conferred in an effort to resolve the fee issue but were unable to reach an agreement. Plaintiffs now seek an award of $7,970.00 in attorney fees that were incurred litigating this dispute. For the following reasons, plaintiffs' petition is granted in part and denied in part, and plaintiffs are awarded $6,386.00 in fees.

When awarding fees under Rule 37(a)(5), the Court "must determine the reasonable hourly rate to be applied and the number of hours reasonably expended, and then multiply the two figures." *Haywood v. Wexford Health Sources, Inc.*, No. 16 CV 3566, 2021 WL 2254968, at *10 (N.D. Ill. June 3, 2021) (internal quotation marks omitted). "This calculation, known as the lodestar rate, yields a presumptively reasonable fee, but the court may nevertheless adjust the fee based on factors not included in the computation." *Id.* (internal quotation marks omitted).

**A.     Hourly Rate**

"A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). "The best evidence of the market rate is the amount the attorney actually bills for similar work[.]" *Id.* The fee applicant "has the burden of proving the market rate; however, once the attorney provides evidence of the market rate, the burden shifts to the opposing party

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

to show why a lower rate should be awarded." *Vega v. Chicago Park Dist.*, 12 F.4th 696, 705 (7th Cir. 2021).

Plaintiffs seek an hourly rate of $700 for attorney Daniel Schlessinger and $480 for attorney Seth Corthell. In support, attorney Schlessinger has submitted a declaration stating that he has been an attorney for 46 years, practicing primarily in the area of complex commercial litigation. [504-1] at ¶ 7. Schlessinger's ordinary billing rate is $975 per hour, but has been discounted in this case and is characterized as "significantly below the range of normal hourly rates charged by attorneys of comparable ability and experience in the Chicago area[.]" [*Id.*] at ¶ 9. Schlessinger also states that he has been paid at the $700 hourly rate during this litigation. [*Id.*]. Attorney Corthell has also submitted a declaration, which states that he has been licensed for ten years and also handles complex commercial litigation. [504-2] at ¶ 6. Corthell's standard billing rate is $595 per hour, which has been discounted to $480 per hour for this litigation. [*Id.*] at ¶ 7. Corthell also states that he has been paid the $480 hourly rate during this litigation. [*Id.*].

The Court finds that plaintiffs have demonstrated that the proposed hourly rates are reasonable. *See Shakman v. Cook Cnty. Clerk*, No. 1:69-cv-2145, 2021 WL 5140500, at *6 (N.D. Ill. Nov. 4, 2021) (attorneys' affidavits constituted "credible evidence of their firms' billable rates"); *Herrera v. Grand Sports Arena, LLC*, Case No. 17-cv-452, 2018 WL 6511155, at *3 (N.D. Ill. Dec. 11, 2018) ("Because an attorney's actual billing rate is presumptively appropriate for use as the market rate, the billing statements and attorneys' affidavits are sufficient to shift the burden to the Defendants to show that Plaintiff's requested rates are not reasonable and that lower rates are appropriate."). Not only are the attorney declarations facially adequate, but plaintiffs' attorney have actually been paid at these rates during this litigation. *See In re Direct Media Power, Inc.*, 18 C 7397, 2019 WL 4601736, at *6 (N.D. Ill. Sept. 23, 2019) ("Numerous courts have concluded that where the client has actually paid the attorney at the requested rate, the rate is presumptively reasonable."). This is compelling evidence, and defendants have not shown that these rates are unreasonable or that a lower rate is warranted. Defendants rely primarily on *Haywood*, which defendants describe as holding that, in the context of "a civil discovery dispute," the appropriate hourly rates for attorneys with 10 and 40 years' experience are $350 and $450, respectively. *See* [512] 3. But the Court does not find *Haywood* to be applicable here. *Haywood* was a § 1983 case in which plaintiff, a state prisoner bringing a deliberate-indifference claim, was represented by court-appointed counsel who worked for a non-profit organization. *See* 2021 WL 2254968, at *11-12. The Court therefore had the "difficult task" of setting plaintiff's counsel's reasonable hourly rate in a case where "none of their clients pay for their services." *Id.*, at *12 (internal quotation marks omitted). Here, in contrast, plaintiffs' counsel have demonstrated that they are being paid by at their billed rate, which is strong evidence that these rates are reasonable. Plaintiffs also point to another case where an attorney who had practiced for more than 35 years was awarded fees at a rate of $425

2

per hour. *See* [512] 3 (citing *Murphy v. Richert*, No. 15-cv-8185, 2022 WL 4079457, at *10-11 (N.D. Ill. Sept. 6, 2022)). But beyond pointing to the fact that these attorneys had both practiced for roughly 40 years, defendants do not explain why the Court's finding in *Murphy* that one attorney reasonably billed at $425 per hour means that it was unreasonable for Schlessinger to bill at a discounted rate of $700 per hour.

### B.   Reasonable Hours Expended

"What qualifies as a reasonable use of a lawyer's time is a highly contextual and fact-specific enterprise, and as such, the court has wide latitude in awarding attorney's fees." *Williams v. City of Chicago*, No. 17 C 5186, 2022 WL 971604, at *2 (N.D. Ill. Mar. 31, 2022) (internal quotation marks omitted). "The court considers whether hours are excessive, redundant, or otherwise unnecessary and may reduce the lodestar calculation, for example, for hours spent on unrelated and unsuccessful claims, hours attorneys would not bill to their clients, and hours for which the prevailing party has failed to provide adequate support." *Id.* But a court is not "obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness." *Herrera*, 2018 WL 6511155, at *3 (internal quotation marks omitted).

Plaintiffs contend that attorney Corthell reasonably expended 11.5 hours on this discovery dispute and that attorney Schlessinger reasonably expended 3.5 hours. In general, this time encompassed (1) counsel's review of a deficiency letter from defense counsel claiming that plaintiffs were obligated to produce the litigation-funding evidence; (2) outlining, preparing, and finalizing a response to the deficiency letter; (3) preparing for and participating in a meet-and-confer phone conference with defense counsel; (4) reviewing defendants' motion to compel; and (5) drafting, revising, and finalizing plaintiffs' response to the motion. *See* [504] 3-4. Plaintiffs note that their draft fee petition sought $8,914 in fees–nearly $1,000 more than the current petition–but that they agreed to reduce certain disputed entries after defendants objected during the meet-and-confer process. [*Id.*] 4-5. Defendants raise four objections to the hours at issue.

First, defendants object to Entries 1 and 2, the time counsel spent reviewing defendants' deficiency letter: 0.6 hours for Schlessinger and 0.4 hours for Corthell. [512]. Defendants contend that, because the deficiency letter addressed the litigation-funding issue and two distinct discovery disputes, plaintiffs' counsel are entitled to recover only one-third of the time billed on this task. Because plaintiffs' draft petition originally sought 1.1 hours of time expended by Schlessinger, defendants contend that this amount should be reduced to 0.3 hours. *See* [*id.*] 5. Defendants' brief does not specify the hours that attorney Corthell claimed in the draft fee petition, but defendants argue that his time should be reduced to 0.2 hours. The Court overrules these objections. As plaintiffs' counsel explain, reviewing the deficiency letter entailed more than the simple act of reading the letter. Rather, counsel "analyzed the

3

correspondence as well as the transcripts and discovery responses referenced therein." [504] 2; *see also* [*id.*] 5 (discussing materials plaintiffs' counsel reviewed in connection with preparing response to deficiency letter). The Court finds that this was reasonably expended time, given that defendants' deficiency letter was sent against a background where the parties had litigated this same dispute, the Court had already ruled that the evidence was not discoverable, and defendants were relying on new evidence to justify their position. It was therefore prudent for counsel to spend 1.1 hours reviewing these materials, tasks that were all made necessary by defendant' insistence that they were entitled to the litigation-funding evidence. *See Rehder v. KMM Corp.*, Case No. 1:22-cv-419-HAB-SLC, 2023 WL 6619425, at *3 (N.D. Ind. Oct. 10, 2023) (awarding fees based on nonmovant's failure to provide discovery and observing that "these sorts of tasks are made necessary" by nonmovant's refusal to turn over discoverable evidence).

Defendants raise a similar objection to Entries 3-6, claiming that plaintiffs' counsel impermissibly seek fees "for drafting the full response" to the deficiency letter, even though that response also addressed two other discovery disputes. [512] 6. In support, defendants note that plaintiffs' response letter was only two pages long, and only one-half of a page addressed the litigation-funding issue. [*Id.*]. Defendants point out that attorney Corthell agreed to reduce his time entry for preparing the response letter (Entry 4) from 1.5 hours to 0.7 based on this objection, but contend that Corthell should have reduced the entry further, to 0.5 hours, to reflect that only one-third of his time was spent on the litigation-funding dispute. The Court rejects these arguments. Again, preparing the response entailed more than simply typing a half-page of the letter. Plaintiffs' counsel reasonably reviewed related court rulings and correspondence to bolster their position–which the Court ultimately accepted– that the evidence was irrelevant, notwithstanding defendants' claim that new evidence meant that there had been a relevant change of circumstances. The Court also rejects defendants' argument that counsel should have reduced Entry 4 to 0.5 hours, as it rests on nothing but supposition that counsel spent or should have spent precisely 0.5 hours of time on each of three discovery disputes addressed in the response letter. Finally, defendants have not argued, let alone established, that any of these time entries represent work that was "not reasonably performed or was somehow excessive or redundant." *P.E.T.A., Inc. v. Wildlife in Need & Wildlife in Deed, Inc.*, No. 4:17-cv-186-RLY-DML, 2020 WL 6888311, at *1 (S.D. Ind. Oct. 1, 2020).

Defendants object to Entries 7-9, which relate to counsel's preparation for and participation in a meet-and-confer phone conference. Attorney Corthell spent 0.3 hours preparing for this conference, and Corthell and Schlessinger each recorded 0.5 hours participating in the call. Defendants appear to argue that the meet-and-confer call lasted thirty minutes and addressed three separate issues, but that plaintiffs' counsel has not reduced their billing time to reflect that counsel spent or should have spent only one-third of this time on the litigation-funding issue. *See* [512] 6. The Court

4

concludes that this objection is unsubstantiated. Defendants have not cited or provided any evidence that documents either the total length of the meet-and-confer call or how much time was spent addressing the litigation-funding issue.[2] The Court thus has no basis to conclude that the time plaintiffs' counsel billed for attending the meet-and-confer session included time spent discussing other discovery disputes. Likewise, there is nothing in the record to suggest that attorney's Corthell's 0.3 hours spent preparing for the meet-and-confer session included time spent preparing to address different discovery disputes.

Defendants also object to Entries 12-14 and 16, which reflect that attorney Corthell spent 9.3 hours outlining, drafting, revising, and finalizing plaintiffs' response to the motion to compel. [512] 6. Defendants contend that these entries are duplicative and excessive, and that plaintiffs' only justification for the entries was Corthell's assertion that these "steps" were "part of my process." [*Id.*]. Here, given plaintiffs' failure to address this objection in their fee petition, the Court agrees that plaintiffs have not established that it was reasonable to expend 9.3 hours to prepare and finalize a short, six-page response, *see* [467], to the motion to compel. The Court therefore exercises its discretion and reduces these entries to a total of six hours. *See Struve v. Gardner*, No. 1:19-cv-4581-RLY-MJD, 2021 WL 1948868, at *3 (S.D. Ind. May 14, 2021) (awarding fees in connection with successful motion to compel and observing that "billing approximately one hour per page [of motion] is not unreasonable on its face"). The Court finds that a further reduction is unwarranted, given that plaintiffs did not overbrief the issue and ultimately prevailed on their objection to defendants' motion.

Finally, defendants concede that Entries 10, 11, and 15 are unobjectionable. *See* [512] 6.

Accordingly, the Court grants plaintiffs the following attorneys' fees:

- Attorney Schlessinger: 3.5 hours claimed at $700 per hour: $2,450.00

- Attorney Corthell: 11.5 hours claimed (minus) 3.3 hours not justified in connection with motion to compel (equals) 8.2 hours at $480 per hour: $3,936.00

- Total = $6,386.00

---

[2] This motion was not subject to the Court's order of August 27, 2024, which imposed a multi-step protocol for the filing of discovery motions in this case and required that (1) the parties meet-and-confer in the presence of a court report and (2) the moving party file with its discovery motion a copy of the transcript from that meet-and-confer session. *See* [458]. Thus, there does not appear to be a transcript of the meet-and-confer session at issue that could substantiate or refute defendants' position.

5

**Conclusion**

Plaintiffs' petition for attorneys' fees [504] is granted in part and denied in part. Within 30 days of the date of this Order, defendants shall pay to plaintiffs' counsel $6,386.00.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: January 23, 2025**