# -EXHIBIT A-

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br>Defendants. | Civil No. 17-cv-03591<br><br>Hon. Andrea Wood<br><br>Hon. Magistrate Heather McShain |

**DEFENDANT AMP'S SECOND SUPPLMENTAL OBJECTIONS
AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

Defendant Americans for Justice in Palestine Educational Foundation d/b/a American Muslims for Palestine ("AMP" or "Defendant") submits the following Second Supplemental Objections and Responses to Plaintiffs' Request for Production of Documents ("RFPs"). Plaintiffs originally propounded these RFPs upon Defendant on October 28, 2023. Defendant provided a limited supplemental response on May 7, 2024. Where applicable, Defendant incorporates by reference the definitions set forth in its discovery requests to the Plaintiffs, propounded on February 27, 2024.

**GENERAL OBJECTIONS**

Defendant asserts the following general objections and qualifications to the Plaintiffs' RFPs, hereby incorporated into the responses to each individual request below. A specific response may repeat a general objection for emphasis or some other reason, but failure to include general objections in any specific response does not waive any general objections to that request.

1. Defendant objects to the RFPs (including the "Instructions" and "Definitions") to the extent they impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendant objects to these RFPs in addition to the "Instructions" and "Definitions," including but not limited to usages applicable to the terms "identify" or "identity" to the extent they are overbroad and request information already within Plaintiffs' possession and/or not reasonably calculated to lead to the discovery of admissible evidence

3. Defendant objects to the "Instructions" and "Definitions" to the extent that they purport to extend the meaning of terms beyond their intended meaning and scope, thus rendering the requests overbroad, unduly burdensome, or oppressive in light of the required proportionality analysis.

4. Defendant objects to these RFPs to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. If any such disclosure occurs, it is inadvertent and shall not constitute a waiver of privileges.

5. Defendant objects to these RFPs to the extent they seek to require Defendants to obtain information from third parties.

6. Defendant objects to the RFPs to the extent they seek information that is not reasonably available to Defendants, that is obtainable from some other source that is more convenient, less burdensome, or less expensive, or equally available to Plaintiffs in this matter, and/or that are already in Plaintiffs' possession, custody, or control.

7. Plaintiffs should not infer from the form or substance of any objection or response that Defendant possesses any information responsive to any particular Request.

2

8. Defendant does not intend by these Objections and Responses to waive any claim of privilege or immunity. Defendant's Objections and Responses are conditioned specifically on the understanding that the provision of information for which any claim of privilege is applicable shall be deemed inadvertent. An inadvertent disclosure shall not constitute- and is in no way intended as- a waiver of any privilege or any other ground for objecting to such discovery with respect to such information or the subject matter thereof. Any inadvertent disclosure by Defendants shall not constitute a waiver of Defendant's right to object to the use of such information during any other proceeding.

9. Defendant notes where a Request seeks information already produced to Plaintiffs during jurisdictional discovery or previous factual discovery, Defendant does not reproduce it in the interest of efficiency and not creating unnecessarily duplicative production.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

7. Documents sufficient to identify all AMP and/or AJP events, fundraisers, rallies, or lectures at which SJP had a presence (e.g. had a booth or table, collected donations, or distributed pamphlets or other written material), including any events related to SJP's National Day of Resistance referenced in Exhibit A or the event in Connecticut referenced here: https://www.wfsb.com/2023/10/11/rally-palestine-held-hartford/

**ORIGINAL RESPONSE**: Defendants object to this Request as overbroad, not limited in time and scope to the 1996-2018 timeframe identified by the Court in this matter, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and vague.

**SUPPLEMENTAL RESPONSE**: Subject to all of its prior objections, Defendants refer Plaintiffs to the following previously produced responsive records: Defendants' Production 000084, 000116, 00117, 000178, 000188, 000251, 000252, 000263, 000276, 003946, 003950, 003951, 003963,

3

003975, 003979, 003980, 003981, 003984, 003985, 003986, 003987, 003988, 003989003993, 003994, 003995, 003998, 004020, 004021, 004025, 004035, 004049, 004063, 004071, 004081, 004083 004097. Defendants also refer Plaintiffs to the full previously produced complete archives for Twitter, Facebook, Instagram, and Defendant's website, which were not Bates labeled as Defendants produced them in electronic form. Finally, Defendants produce the following: Defendants' Production 006071-006082. Finally, Defendants will provide within the week additional documents consistent with its pending objections to the Court's April 15 Order.

No responsive documents exist regarding the event in Exhibit A, and Defendants withhold no documents responsive to this request due to any pending objections.

As for the event in Connecticut linked above, Defendants have no documents that refer to the Connecticut event linked above, beyond that publicly available on social media.

**SECOND SUPPLEMENTAL RESPONSE**: Defendant produces the following: Defendants' Production 007207-007210.

8. Documents sufficient to identify all SJP events, fundraisers, rallies, or lectures that AMP and/or AJP co-hosted or sponsored, or at which SJP had a presence (e.g. had a booth or table, collected donations, or distributed pamphlets or other written material) including any events related to SJP's National Day of Resistance referenced in Exhibit A or the event in Connecticut referenced here: https://www.wfsb.com/2023/10/11/rally-palestine-held-hartford/

**ORIGINAL RESPONSE**: Defendant objects to this Request as overbroad, not limited in time and scope to the 1996-2018 timeframe identified by the Court in this matter, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and vague.

**SUPPLEMENTAL RESPONSE**: Subject to the above objections, Defendants refer Plaintiffs to the documents identified in response to Request 7 above.

**SECOND SUPPLEMENTAL RESPONSE**: Defendant refers Plaintiffs to the documents identified in response to Request 7 above.

9. Documents sufficient to identify all funds transferred between SJP and AMP and/or AJP.

**ORIGINAL RESPONSE**: Defendant objects to this Request as overbroad, not limited in time and scope to the 1996-2018 timeframe identified by the Court in this matter, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and vague.

**SUPPLEMENTAL RESPONSE**: Subject to the foregoing objections, Defendants refer Plaintiffs to Defendants' Production 006071-006082.

**SECOND SUPPLEMENTAL RESPONSE**: Defendant refers Plaintiffs to Defendants' Supplemental Production at Defendants' Production 007207-007210.

11. Documents Communications between representatives of AMP and/or AJP and representatives of SJP concerning fundraisers, events, rallies, or lectures, including but not limited to SJP's National Day of Resistance referenced in Exhibit A or the event in Connecticut referenced here: https://www.wfsb.com/2023/10/11/rally-palestine-held-hartford/

**ORIGINAL RESPONSE**: Defendant objects to this Request as overbroad, not limited in time and scope to the 1996-2018 timeframe identified by the Court in this matter, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and vague.

**SUPPLEMENTAL RESPONSE**: Subject to the foregoing objections, Defendants refer Plaintiffs to Defendants' Supplemental Response to RFP 7.

**SECOND SUPPLEMENTAL RESPONSE**: Defendant refers Plaintiffs to Defendant's Supplemental Production at Defendants' Production 007207-007210.

Dated this 14th day of August, 2024.

*/s/ Christina Jump*
Christina A. Jump
Texas Bar No. 00795828
*Attorney for Defendants*
Samira Elhosary
Maryland Bar No. 2112140261
*Attorney for Defendants*
Constitutional Law Center for Muslims in America
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454

Thomas Anthony Durkin
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on August 14, 2024, she caused the foregoing Objections to Discovery Requests to be served by e-mail message upon counsel for all parties of record.

*/s/ Christina A. Jump*