IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, et al., | ) |
|     Plaintiffs, | ) |
| | ) No. 17-cv-03591 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| AMERICAN MUSLIMS FOR PALESTINE, et al., | ) |
|     Defendants. | ) |

**ORDER**

    Defendants' objection to the Magistrate Judge's order awarding Plaintiffs the attorney's fees they incurred in connection with opposing Defendants' renewed motion to compel discovery of third-party litigation funding [493] is overruled. See the accompanying Statement for details.

**STATEMENT**

    In 1996, Plaintiffs Stanley and Joyce Boim's son was murdered in Israel by two agents of Hamas. Plaintiffs subsequently filed a lawsuit under the civil liability provisions of the federal Anti-Terrorism Act, 18 U.S.C. § 2333(d)(2), ("ATA Lawsuit") against Holy Land Foundation for Relief and Development, the American Muslim Society, and the Islamic Association for Palestine (collectively, "IAP"). That lawsuit culminated in a $156 million judgment. Yet Plaintiffs were unable to collect on that judgment because the defendants in the ATA Lawsuit claimed no longer to exist. Years later, Plaintiffs initiated the present action against Defendants American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation, and Rafeeq Jaber, seeking a declaration that Defendants are alter egos of IAP, such that the judgment entered in the ATA Lawsuit may be enforced against them. The parties are currently engaged in discovery under the supervision of the Magistrate Judge. Now before the Court is Defendants' objection to the Magistrate Judge's order awarding Plaintiffs the attorney's fees they incurred in opposing Defendants' renewed motion to compel discovery of third-party litigation funding. (Dkt. No. 493.)

    **I.    Background**

    The underlying renewed motion to compel discovery of third-party litigation funding at issue here essentially asked the Magistrate Judge to reconsider her denial of an earlier motion seeking the same information. In their original motion (Dkt. No. 276), Defendants requested that Plaintiffs be compelled to disclose any third-party litigation funding that Plaintiffs received in connection with this litigation. Although, at that time, Defendants were not aware of any information suggesting that Plaintiffs were receiving outside funding for their lawsuit, Defendants

asserted that Plaintiffs' concession that they did not have any knowledge of the facts supporting their claim that Defendants were alter egos of IAP strongly indicated that some third party was actually driving the litigation. Thus, Defendants contended that discovery pertaining to third-party litigation funding was relevant to their "concern that this case represents an attempt not to legitimately collect a judgment from those who owe it, but to intimidate and/or penalize Palestinian advocacy groups simply for advocating for education and knowledge about Palestine." (Defs.' Mem. in Supp. of First Mot. to Compel at 8, Dkt. No. 276-1.) Defendants elaborated in their reply brief that the discovery was relevant to explore Plaintiffs' motivations for bringing this action and potential violations of Illinois champerty law.[1]

In denying Defendants' first attempt at compelling discovery of third-party litigation funding, the Magistrate Judge held that Defendants' request was "speculative and irrelevant." (May 3, 2023 Hearing Tr. at 19:16, Dkt. No. 307.) First, she found the request speculative because Plaintiffs had "not stated one way or the other whether . . . there has been funding of this litigation by third parties," and Defendants "offer[ed] no proof that third parties are indeed funding the litigation." (*Id.* at 19:22–20:1.) Next, the Magistrate Judge found that Plaintiffs' "motivation in bringing suit is irrelevant [to] proving the claims and defenses in this case." (*Id.* at 20:4–6.) Similarly, whether Plaintiffs violated Illinois's champerty statute was irrelevant because any champerty defense "can only be interposed in an action between the parties to the contract and do[es] not furnish any reason for refusing relief in the proceeding to which the agreement relates." (*Id.* at 20:19–21:1.)

About three months after the Magistrate Judge denied their motion to compel, Defendants adduced evidence that Plaintiffs did receive third-party funding for this litigation. Specifically, Defendants obtained an engagement letter between Plaintiffs and the organization Scholars for Peace in the Middle East ("SPME"), under which SPME agreed to pay Plaintiffs' attorneys' fees in litigating this case. After discovering Plaintiffs' agreement with SPME, Defendants spent months attempting to obtain information regarding Plaintiffs' receipt of funding from SPME. However, Plaintiffs stood on their earlier objections and the parties reached an impasse. As a result, Defendants renewed their motion to compel discovery regarding third-party litigation funding. (Dkt. No. 462.)

Once again, the Magistrate Judge denied Defendants' renewed motion to compel, holding that "Defendants in this case still have not demonstrated why this issue is relevant." (Oct. 29, 2024 Hearing Tr. at 24:10–11, Dkt. No. 477.) Further, she observed that, in light of her earlier rulings addressing the issue of third-party litigation funding, she was "at a loss" for why Defendants believed that the existence of the engagement letter "would warrant a different result." (*Id.* at 25:1–2.) Given her concern that Defendants were not substantially justified in renewing their motion to compel, the Magistrate Judge ordered Defendants to show cause as to why they should not be required to pay the fees and costs Plaintiffs incurred in connection with the renewed motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). (Dkt. No. 472.)

---

[1] "[C]hamperty is maintaining a suit in return for a financial interest in the outcome." *CNTRST Debt Recovery v. Ybarra*, No. 21 C 2702, 2023 WL 5228026, at *4 (N.D. Ill. Aug. 14, 2023) (internal quotation marks omitted).

In their response to the Magistrate Judge's order to show cause (Dkt. No. 475), Defendants argued that their renewed motion to compel was substantially justified because the factual circumstances had changed since they originally sought discovery of third-party litigation funding. In particular, Defendants asserted that their discovery of the engagement letter between Plaintiffs and SPME established that the existence of third-party funding was no longer speculative. Moreover, Defendants denied that their renewed motion sought discovery concerning SPME's arrangement with Plaintiffs for the reasons that the Magistrate Judge previously rejected as irrelevant: to explore Plaintiffs' motivation for bringing this lawsuit and to support a champerty defense. Rather, Defendants argued that the information was relevant to identify a witness who could speak to the basis for the factual allegations against Defendants, which Defendants had been unable to do with the extensive discovery already taken.

The Magistrate Judge was not persuaded that Defendants' renewed motion to compel was substantially justified. She observed that Defendants' response to her show-cause order failed "to demonstrate why" the evidence of third-party funding "was relevant or why [Defendants] were justified in continuing to seek the evidence despite a clear ruling from the Court that third-party litigation funding had nothing to do with the claims and defenses at issue in this case." (Nov. 8, 2024 Order at 3, Dkt. No. 485.) Consequently, the Magistrate Judge held that Defendants' renewed motion was not substantially justified and that no circumstances made an award of expenses unjust. Defendants timely filed their objection to that order before this Court.

## II. Discussion

Federal Rule of Civil Procedure 72 governs this Court's review of rulings by magistrate judges. For non-dispositive matters, such as an order awarding attorney's fees under Rule 37(a)(5), a district court may modify or set aside a magistrate judge's order only if the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under Rule 72(a)'s clear error standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). That the district court would have decided the case differently provides an insufficient reason to overturn the decision. *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). Rather, under the clear error standard, reversal is appropriate only when the magistrate judge's decision strikes the district court "as wrong with the force of a 5 week old, unrefrigerated, dead fish." *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001).

Here, Defendants challenge the Magistrate Judge's determination that their renewed motion to compel discovery of third-party litigation funding was not substantially justified. Rule 37(a)(5)(B) provides that, where a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." For purposes of Rule 37, substantially justified does not "mean[] 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[T]he burden of persuasion is on the losing party to avoid assessment of expenses and fees rather than on the winning party to obtain

such an award." *ED&F Cap. Mkts. Ltd. v. JVMC Holdings Corp.*, 335 F.R.D. 174, 180 (N.D. Ill. 2020).

This Court finds that the Magistrate Judge committed no error in concluding that Defendants' renewed motion to compel was not substantially justified. In denying Defendants' first attempt to compel third-party litigation funding information, the Magistrate Judge set forth two independent grounds for her decision: Defendants' request was based on speculation and it sought irrelevant information. It is evident from her ruling that either basis, by itself, supported denying Defendants' motion. Thus, the Magistrate Judge acted reasonably in finding that Defendants' subsequent discovery of evidence of outside funding was not enough to justify asking the Magistrate Judge to revisit her earlier ruling. Defendants presented no basis to call into question the Magistrate Judge's prior determination that the requested funding information was irrelevant.[2]

True, Defendants did not simply repeat, verbatim, the motivation and champerty contentions that proved unavailing the first time around. However, the Court agrees with the Magistrate Judge that Defendants have presented no convincing argument as to why the issue of third-party funding is relevant to any claim or defense in this case. Even assuming that SPME supplied the information supporting Plaintiffs' allegations, that would not make it any more or less likely that Defendants are alter egos of IAP. Nor do Defendants point to any cognizable defense that evidence of SPME's funding of this case might support. This Court therefore concludes that the Magistrate Judge did not err in finding that Defendants' renewed motion to compel discovery of third-party litigation funding was not substantially justified.

### III. Conclusion

For the reasons discussed above, the Court overrules Defendants' objection to the Magistrate Judge's order awarding Plaintiffs the attorney's fees they incurred in opposing Defendants' motion to compel discovery of third-party litigation funding.

Dated: May 19, 2025

_____
Andrea R. Wood
United States District Judge

---

[2] Although not directly challenged in Defendants' objection, the Court notes there is strong legal support for the proposition that information about third-party litigation funding is generally irrelevant. *See, e.g.*, *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019) ("As a general matter, courts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case.").