**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER,<br><br>Defendants. | Civil No. 17-cv-03591<br><br>Hon. Andrea Wood<br><br>Hon. Heather McShain |

### PLAINTIFFS' MOTION TO COMPEL PAYMENT OF EXPERT FEES

Plaintiffs Stanley and Joyce Boim, by their counsel, hereby move for an order compelling Defendant American Muslims for Palestine ("AMP") to pay the fees of Plaintiffs' experts incurred in preparing for and attending their depositions taken by AMP. Counsel for Plaintiffs and Defendants have agreed that AMP is required by Rule 26(b) of the Federal Rules of Civil Procedure to pay these fees, but Defendants insist the experts wait until the end of the case, whereas Plaintiffs believe the experts should be paid now. Counsel have met and conferred on this issue, but have not been able to resolve their difference.

### I. BACKGROUND

Plaintiffs designated three experts to testify at trial in this matter and AMP chose to depose all three. The deposition of Lorenzo Vidino occurred on May 21, 2025 and that of Harel Chorev took place on May 28, 2025. The deposition of Arieh Spitzen began on May 29, 2025, but was quickly terminated because all parties agreed that the translator retained by AMP was

not competent to serve that function at the deposition.[1] Mr. Spitzen, who travelled from Israel for the deposition, had plans to remain in the United States for nearly three weeks, and agreed to reappear for the resumption of his deposition on June 17, when the deposition was completed. Dr. Vidino did not charge for either his deposition or preparation time, so no fees are sought in regard to his appearance. Dr. Chorev charged $270 per hour for both time in preparing and testifying. Mr. Spitzen charged a flat rate of $2000 for deposition days, $1,000 for days he met with Plaintiffs' counsel, and $275 an hour for his preparation time. Dr. Chorev's charges for time preparing and testifying came to $8,640, while Mr. Spitzen's totaled $17,275. The invoices for these charges are attached as Exhibit 1.

    Plaintiffs' counsel initiated discussion of payment of these fees on May 7. There was some initial email discussion of the requirements of Rule 26(b)(4)(c), and it quickly became apparent that the parties had differing views, particularly in regard to the timing of payment. Counsel thereafter engaged in a lengthy back-in forth correspondence regarding the issue (email string attached as Exhibit 2), but were not able to have a direct conversation until they connected on a Zoom call on July 21. At that time, the parties remained at odds over the timing of payment. Plaintiffs' position was that Rule 26(b) and case law thereunder require the party deposing the expert to pay the fees incurred in preparation and deposition time, and that the experts had waited long enough to be paid. Defendants' position was that the rule does not require prompt payment, that their may be offsets if Plaintiffs choose to depose experts that Defendants intend to call (the deadline for that designation has been extended to July 30), and that payment might not be necessary at all because Rule 54 would require that Plaintiffs prevail in order to recover costs.

---

[1] Plaintiffs note that they had requested, and defense counsel had agreed, to identify the translator in advance, so that Plaintiffs could verify that the translator was competent. Defense counsel failed to do so, and the translator retained by the Defendants canceled out, so the court reporting firm hired an out-of-town replacement who tried to translate by Zoom , and was highly ineffective in that effort.

II.  ARGUMENT

Rule 26(b)(4)(E) states: "(E) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D). The discovery under Rule 26(b)(4)(A) that the rule references is the deposition of a testifying expert.

Case law under Rule 26(b) makes clear that the rule means what it says and is mandatory. See, *Se-Kure Controls, Inc. v. Vanguard Prods. Group,* 873 F.Supp.2d 939, 952(N.D. Ill.2012). Cases in the Northern District in which the court has enforced the rule include *Mallory v. Rush Univ. Med. Ctr.,* 2020 U.S. Dist. LEXIS 192765 (N.D. Ill. Oct 19, 2020); *LK Nutrition, LLC v. Premier Research Labs, LP,* 2015 U.S. Dist. LEXIS 94885 (N.D. Ill. July 21, 2015). In *Beaton v. SpeedyPC Software*, No. 13-cv-08389, 2017 U.S. Dist. LEXIS 234718, at 12–14 (N.D. Ill. June 20, 2017), Judge Wood—under circumstances where the expert had already been paid—held that reimbursement could be deferred until after the case concluded and addressed through a Rule 54 bill of costs.

But after the *Beaton* case was decided, the Seventh Circuit gave further guidance on the issue in *Abernathy v. Eastern Ill. R.R. Co.,* 940 F.3d 982, 994 (7th Cir. 2019), where the court noted, "[t]he defendant in *Halasa* had not insisted that plaintiff pay its witness at the time of the deposition, as it could have under Rule 26(b)(4)(E)(i)." It does not make sense that the Defendants have to pay the expert witness fees, but can wait months or years until the case is resolved while the experts go unpaid. And, as the *Abernathy* court recognized, the standards for assessing costs under Rule 54 are different from those applicable to payment of fees under Rule 54.

3

### III. AMOUNT OF CLAIM

The amounts billed by the experts are reasonable on their face. Mr. Spitzen charged $2000 per day for deposition time, $1000 for days devoted to meeting with counsel, and $275 per hour for other preparation time. The amount charged for his preparation, $13,275, compared to his deposition time of $4,000, is close to the 3 to 1 ratio generally recognized as reasonable under the case law. *See Beaton v. SpeedyPC Software, supra* at p. 3. Similarly, Dr. Chorev's preparation charge of $6480 is precisely three times his deposition time of $2160. Considering the requirements of the Rule 26, the case law, and the reasonable charges at issue here, Plaintiffs request that AMP be required to promptly pay the experts the fees for their deposition preparation and testimony.

Date: July 25, 2025

Respectfully submitted,

*/s/ Daniel I. Schlessinger*
Daniel I. Schlessinger
Stephen J. Landes
Seth H. Corthell
Jaszczuk P.C.
311 South Wacker Dr., Suite 2150
Chicago, IL 60606
(312) 442-0401
dschlessinger@jaszczuk.com
slandes@jaszczuk.com
scorthell@jaszczuk.com

Nathan Lewin (*pro hac vice*)
Alyza D. Lewin (*pro hac vice*)
LEWIN & LEWIN LLP
888 17th Street NW, 4th Floor
Washington, D.C. 20006
(202) 828-1000

*Attorneys for Stanley Boim, Individually and as the Administrator of the Estate of David Boim, Deceased, and Joyce Boim*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 25th day of July 2025.

*/s/ Daniel I. Schlessinger*
