**Seth Corthell**

---

| | |
|---|---|
| **From:** | Christina Jump <cjump@clcma.org> |
| **Sent:** | Thursday, July 17, 2025 1:48 PM |
| **To:** | Daniel Schlessinger |
| **Cc:** | Samira Elhosary; Seth Corthell; Ali Boyd |
| **Subject:** | RE: Availability tomorrow to speak? |

Confirmed. Invitation below.

Christina Jump is inviting you to a scheduled Zoom meeting.

Topic: Conference re AMP/Boim experts
Time: Jul 21, 2025 02:00 PM Central Time (US and Canada)
Join Zoom Meeting
https://zoom.us/j/99130068618?pwd=btJPUcpnOdtXLuljCTl56nPgm924si.1

Meeting ID: 991 3006 8618
Passcode: 657764

---

One tap mobile
+13462487799,,99130068618#,,,,*657764# US (Houston)
+16694449171,,99130068618#,,,,*657764# US

---

Dial by your location
• +1 346 248 7799 US (Houston)
• +1 669 444 9171 US
• +1 669 900 6833 US (San Jose)
• +1 719 359 4580 US
• +1 253 205 0468 US
• +1 253 215 8782 US (Tacoma)
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 646 931 3860 US
• +1 689 278 1000 US
• +1 929 205 6099 US (New York)
• +1 301 715 8592 US (Washington DC)
• +1 305 224 1968 US

Meeting ID: 991 3006 8618
Passcode: 657764

Find your local number: https://zoom.us/u/a2mEdeaCU



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/



*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

  

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Thursday, July 17, 2025 1:43 PM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Availability tomorrow to speak?

Let's do Monday at 2:00.

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, July 17, 2025 1:41 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Availability tomorrow to speak?

Counsel:

I understand you are not available tomorrow, and did not expect times for tomorrow after you indicated that the first time.
Likewise, I already indicated I do not have availability today. Still don't, and in fact am just now able to respond to your most recent message below, and still need to prepare for an additional conference this afternoon.

As you are not available tomorrow/for the times I suggested and I am not available today/for the times you suggested, here is our availability for the upcoming days:

- Monday (July 21): we are available at 2pm, 3pm or 4pm
- Tuesday (July 22): we are available at 3pm or 4pm

Please let us know at your earliest convenience if any of those times work for you, so that we can be sure to block off the time. I will place holds through the end of the day today on those, but will likely need to release at least some of that five hours of time by tomorrow mid-day.

Thank you and I will check messages again at the conclusion of my upcoming conference this afternoon.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

  

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Thursday, July 17, 2025 8:45 AM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>
**Subject:** RE: Availability tomorrow to speak?

I cannot do a conference tomorrow. As I noted, I have two depositions that I have to handle tomorrow—one in the morning and one in the afternoon. Today I am available between now and 10:00, or between 11:00 and 2:00, or between 3:30 and 5:30. Please give me a time that works for you within one of those windows.

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, July 17, 2025 8:42 AM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>
**Subject:** Re: Availability tomorrow to speak?

Please see my earlier response re the content

I proposed the times below based on what works for us; if those do not work for you please propose alternative times that do.
Also, I proposed two times tomorrow because I have several court conferences already scheduled for today.
Again, please let me know alternative times that do work for you and we will see what matches between our schedules.
Thank you.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

    

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at time
convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.
*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for
use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution
transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approva
writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this
may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and a
copies.*

---

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Thursday, July 17, 2025 8:26:23 AM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>
**Subject:** RE: Availability tomorrow to speak?

I don't understand this email. What does "Cancel" refer to? Tomorrow is not a good day for me—I have two
depositions. Please give us some times to speak today.

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, July 17, 2025 8:23 AM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>

**Cc:** Samira Elhosary <selhosary@clcma.org>
**Subject:** Availability tomorrow to speak?

Cancel: please let us know if you are available to speak tomorrow at either 2pm or 4pm and if not, some alternative times.
Thank you



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

    

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at time convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

**IMPORTANT**: *Emails to clients of this office presumptively and normally contain confidential and privileged material for use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approva writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and d copies.*

[CAUTION: This email was sent from outside of this organization]

**Seth Corthell**

| | |
|---|---|
| **From:** | Daniel Schlessinger |
| **Sent:** | Thursday, July 17, 2025 8:21 AM |
| **To:** | Christina Jump; Seth Corthell; Stephen Landes |
| **Cc:** | Samira Elhosary; Ali Boyd |
| **Subject:** | RE: Boim - Expert Depositions |

Christina-

As reflected in the email string below, we have been trying for several weeks to resolve the issue of AMP paying our experts' fees in connection with their preparation for and testimony at their depositions. Our efforts to arrange an actual meet and confer session have been unsuccessful due to your busy schedule. As reflected in your response below, we anticipated dealing with this on this past Monday. Not included in the string below, when I didn't hear from you on Monday and emailed you on Tuesday, I got two emails from your office saying that you were out of town for an oral argument and expected to be back by today. We really need to resolve this or ask the Court to do so. Please give me some times today that you are available for a call.

Dan

---

**From:** Daniel Schlessinger
**Sent:** Tuesday, July 15, 2025 11:08 AM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Please let me know a time today that you will be available for a call to see if we can resolve our dispute about payment of our experts' fees for their time preparing for and giving their depositions.

---

**From:** Daniel Schlessinger
**Sent:** Friday, July 11, 2025 9:31 AM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Christina-

I understand and appreciate that you have been very busy, but we really need to see if we can resolve this dispute that has now been pending for quite some time. Please give me a time on Monday when we can discuss this and see whether we can reach agreement or will have to go to the Court. Thanks and I hope you have a good weekend.

Dan

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, July 10, 2025 10:35 AM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes

<slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Very sorry for the delay in responding – we have had several emergency situations arise this week. One is still in emergency status as of today and taking priority over all else without urgent court-ordered deadlines.

To borrow an appropriate Arabic phrase, inshallah we will respond more fully on Monday.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Monday, July 7, 2025 3:36 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>

**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Christina-

It appears that you and I simply interpret the case law and the provisions of the rule differently. There does not seem to be any question that our experts are entitled to have their fees paid by your clients. Your view appears to be that they have to wait until after the case is tried to be paid, whereas I think they are entitled to prompt payment. If I am correct, then the issue is whether you pay them promptly or we have to pay them and wait until the case is over to have that payment be reimbursed under Rule 54 (and then only if we are the prevailing party.)

I raised this issue two months ago and suggested we wait until after the depositions were completed so that we would know how much money we are talking about. That timing was delayed because of the incompetent translator your court reporter retained for Mr. Spitzen's deposition, but I raised the issue again on June 27 and you have been unavailable to discuss it since then. I am not certain whether Judge McShain's requirement of direct oral discussion still applies (I note that the Court granted your recent motion for extension without us having any such conversation), but I think the local rule does generally require that contact. Please let me know when you will be available for such a call.

Dan

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, July 3, 2025 2:35 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

As I mentioned below I believe that is premature both procedurally and as far as Judge McShain's conferral requirements. She did not withdraw or retract her previous order on conferring and as I understand her ruling, had simply allowed leave on the last issue before her for more full briefing at that time.
And, as I already pointed out and my out of office response showed, I was out of the office Monday through late yesterday for depositions in another case. Hence, my response today.


I state below the issues actually considered in the cases you cited, which do not stand for the propositions and did not address the concepts you represent they did. I suggest consideration of that response, in its substance and not just as checking off a box and calling it conferring, before requiring any court intervention.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

---

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Thursday, July 3, 2025 2:10 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Christina-

Thank you for your response. I had requested that you get back to me by this past Monday as to any willingness to reconsider your position. Our experts are waiting to receive the compensation for their time to which they are entitled. I take your response to be a refusal to pay them, so we will be filing our motion to compel.

Dan

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, July 3, 2025 2:03 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Counsel:

We disagree that Rule 26(b)(4)(E)(i) mandates that experts receive payment immediately after their testimony, and do not find your cited authority persuasive. Any action in this regard is premature both as to payment and as to attempts to compel what is not yet due.

Neither *Abernathy* nor *Halasa* confirm the existence of any obligation to pay expert fees immediately after a deposition. *Halasa* reinforces that the prevailing party is entitled to reimbursement after a final judgment, regardless of when the party first sought those fees. *Halasa v. ITT Educ. Servs., Inc.*, 2012 U.S. Dist. LEXIS 24664, 2012 WL 639520, at *5-6 (S.D. Ind. Feb. 27, 2012) ("The fact that ITT did not request that Halasa pay this fee until it filed its bill of costs does not bar its recovery"), citing *Chambers v. Ingram*, 858 F.2d 351, 360-61 (7th Cir. 1988) ("we do not believe that the timing of the plaintiff's request for this discovery cost is a bar to recovery"). The Seventh Circuit affirmed this ruling and also noted the only question raised on timing related to whether asking early, or asking late, made a difference in the right to recovery—neither *Halasa* opinion supports payment of expert fees early in a case. *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012) ("We agree with the district court that the fact that ITT did not seek these fees until it filed its bill of costs is of no moment; its request was timely"). *Abernathy* only holds that the party that took the deposition must pay the reasonable fees, and that a party who deposed its own experts cannot recover fees for that time. *Abernathy v. Eastern Ill. R.R. Co.,* 940 F.3d 982, 994-95 (7th Cir. 2019) (referencing with approval the *Halasa* holding that despite not voicing a request for payment of expert fees until its final bill of costs, the presenting party who had already incurred that cost could recover the amount paid and had not waived that right). The other cases you cite also fail to show any obligation to pay immediately post-deposition. *Se-Kure Controls, Inc. v. Vanguard Prods. Group,* 873 F.Supp.2d 939, 952 (N.D. Ill. 2012) (addressing the appropriateness of fees in a bill of costs); *Mallory v. Rush Univ. Med. Ctr.,* 2020 U.S. Dist. LEXIS 192765 (N.D. Ill. Oct 19, 2020) (discussing fees owed after an untimely cancellation of a deposition, and where the parties previously agreed that cancellation would not negate payment); *LK Nutrition, LLC v. Premier Research Labs, LP,* 2015 U.S. Dist. LEXIS 94885 (N.D. Ill. July 21, 2015) (determining the amount of reasonable expert fees).

As mentioned previously, we will also expect that you reimburse our experts' costs; the appropriate time for us to address which party owes what is, at the very least, at the conclusion of expert discovery.

We are glad to discuss this further should you see the need, after the holiday weekend.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Wednesday, July 2, 2025 6:19 AM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <ali.boyd@mlfa.org>
**Subject:** Re: Boim - Expert Depositions

Counsel:
As Ms. Elhosary advised and you likely saw from my out of office response, I remain in Atlanta for depositions through late this evening.
I will respond upon my return to the office tomorrow. Thank you.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

    

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at tim
convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.
*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for
use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution
transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approv
writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this
may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and d
copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Friday, June 27, 2025 3:29:00 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <ali.boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Christina-

I am returning to the topic of AMP's obligation to pay the fees incurred in connection with the preparation for and attendance at the depositions of our experts. We are not pursuing any reimbursement for Dr. Vidino's fees, but both Dr. Chorev and Mr. Spitzen are entitled to be paid and would appreciate receiving their fees soon. Your position, as I understand it, is that your client will not pay these fees now, but that payment must wait until after resolution of the

case and would be determined under Rule 54. For the reasons set forth in our email below of June 5, we think that is incorrect and that these witnesses are entitled to be paid now under Rule 26(b). Please let me know if you are willing to discuss this and reconsider your position, or if you are maintaining the position you have previously stated. If the former, I will send you the invoices from these witnesses for your review. If the latter, we will present an appropriate motion to the Court.

I would appreciate a response by Monday. Have a good weekend.

Dan

**From:** Daniel Schlessinger
**Sent:** Thursday, June 5, 2025 3:31 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <ali.boyd@mlfa.org>
**Subject:** RE: Boim - Expert Depositions

Christina-

Thank you for the new deposition notice for Mr. Spitzen. Attached is the revised report from Dr. Vidino, labeled "Corrected Expert Opinion of Lorenzo Vidino" with the corrections highlighted.

Please do provide us the name and background of the translator that will be used for the Spitzen deposition a few days in advance of the deposition. We would like to avoid a repeat of the fiasco of May 29.

Back on the topic of paying for expert preparation fees and expenses, we note the following:

Rule 26(b)(4)(E) states: "Unless manifest injustice would result, the court **must** require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)…" (emphasis added) It is clear that "[t]he language of the rule is mandatory. *Se-Kure Controls, Inc. v. Vanguard Prods. Group,* 873 F.Supp.2d 939, 952(N.D. Ill.2012). Cases in the Northern District in which the court has enforced the rule include *Mallory v. Rush Univ. Med. Ctr.,* 2020 U.S. Dist. LEXIS 192765 (N.D. Ill. Oct 19, 2020); *LK Nutrition, LLC v. Premier Research Labs, LP,* 2015 U.S. Dist. LEXIS 94885 (N.D. Ill. July 21, 2015).

You apparently do not contest the main point that expert fees are payable by the party requesting the discovery, nor do you contend that manifest injustice would result if you are required to pay our experts' fees. Instead, you assert that the issue should be dealt with as a matter of taxing costs under Rule 54 after judgment is entered. But this interpretation would effectively render Rule 26(b)(4)(E) meaningless. Discovery costs of various types (such as transcript fees and copying charges) are recoverable under Rule 54 without any explicit rule stating who pays them. Expert preparation costs are different, governed by their own particular rule that must be given effect. As the Seventh Circuit has noted in distinguishing Rule 26 payment from Rule 54 payment, "The defendant in *Halasa* had not insisted that plaintiff pay its witness at the time of the deposition, as it could have under Rule 26(b)(4)(E)(i)." *Abernathy v. Eastern Ill. R.R. Co.,* 940 F.3d 982, 994 (7th Cir. 2019) That decision also notes that different standards apply to assessing what are reasonable fees under the two rules.

You maintain that Judge Wood presented guidance on this issue in *Beaton v. SpeedyPC Software,* No. 13-cv-08389, 2017 U.S. Dist. LEXIS 234718, at *12-14 (N.D. Ill. June 20, 2017). But the situation in that case was different. The defendant in that class action who hired the expert had already paid the expert and apparently gave the Court no authority and no compelling reason for immediate compensation. Here, we are prepared to provide the Court the Seventh Circuit authority cited above (decided after Judge Wood's ruling in *Beaton)* for requiring immediate reimbursement. Also, since our experts' fees have not been paid, and the experts should not be forced to wait for their compensation, the question

that we are prepared to bring to the Court is whether payment should come from the plaintiffs or the defendants. We think Rule 26's mandatory provision answers that question effectively.

In prior correspondence, we offered to restrict your payment obligation to just the amount of time spent in deposition, rather than also including the preparation time, if you would agree to pay the fees promptly. You rejected that offer, so it is now off the table. As Judge Wood has recognized, a 3:1 ratio of preparation time to deposition time is viewed as inherently reasonable in sufficiently complex cases, and we will be requesting compensation for preparation time for Dr. Chorev and Mr. Spitzen within those guidelines. My suggestion is that we discuss the issue as a whole once Mr. Spitzen's deposition is complete and we know the actual amounts at issue. I would hope we can agree on a reasonable compromise at that time, and take the issue to the Court only if we are unable to reach an agreement. If you would like to discuss the matter further before then, we will be available for that.

Dan

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Tuesday, May 20, 2025 2:02 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>
**Subject:** RE: Boim - Expert Depositions

Sorry for the delay in response – as you know I was out of town and in depositions last week, though did touch base with Samira who was able to respond to you on many points.

- The places of the depositions as set forth in your notices are fine. We need the Chorev deposition to be on the 28th and the Spitzen deposition on the 29th rather than the other way around. Also, Dr. Vidino has to catch a 7:00 flight on Wednesday evening, so his deposition will have to end by about 4:30. If it would help to start earlier than 10:00, we are amenable to that. As I understand it the current schedule accommodates your request on days of testimony and start times. Please note we cannot guarantee an end time, though will agree to an abbreviated lunch for tomorrow to assist in that.
- Your notices purport to require the witness to bring any documents or data reviewed in preparing the report if they have not already been produced. This request is unreasonable and we will not be bringing those. Dr. Vidino's report, for example, contains 92 footnotes citing dozens of publicly available sources, and it is not practical or required for him to bring these to the deposition. We are good with publicly identified documents as long as the source is also pre-identified and equally available. Note we listed in the request that we ask for those documents not already produced. As to Dr. Vidino, we can access each referenced publicly available documents identified but FYI if there are more not specifically identified individually that fall under his description of "large volume of the documents filed over the years in relation to the Boim case" or "a substantial amount of the documents related to the Holy Land Foundation federal trial" or "academic literature and government reports" we do expect a supplement today, and/or the right to re-depose if not identified today. That falls squarely in the scope of Fed. R. Civ. P. 26(a)(2), and in particular subparts B and C.
- Please let us know the identity of the translator that you will use for the Spitzen deposition. I don't have a name but as I believe Samira already communicated to you, Esquire will provide the translator.
- We disagree with your reading of Rule 26(b)(4). The rule states that the party seeking the discovery shall pay the expert's reasonable fee for time spent responding to the discovery. The more recent case law pretty consistently requires the requesting party to pay for both time in the deposition and preparation time, without the proviso about the passage of time between prep and deposition. Having said that, we are prepared to agree not to require you to pay for prep time if you will agree to pay promptly for the actual deposition time. This is not a matter of taxing costs in favor of the prevailing party at the end of the case. Our witnesses are giving their depositions in May, and the rule requires that you, not we, pay their fees for that. It is not fair or appropriate to make them wait until the case is resolved to get paid. Please confirm that you will promptly pay their fees for

time in deposition.  We are not inclined to produce either Dr. Chorev or Mr. Spitzen without this assurance from you.  Please provide us with any authority or other precedential support you have for this position.  For example, you reference "more recent caselaw" that "pretty consistently" requires payment at or near the time of testimony, but do not cite to or name any of that purported case law.  Otherwise, we will abide by Judge Wood's articulated ruling cited below.  Restated here for your convenience: *Beaton v. SpeedyPC Software*, No. 13-cv-0389, 2017 U.S. Dist. LEXIS 234718, at *12-14 (N.D. Ill. June 20, 2017) (Wood, J.) (recognizing the right to compensation for applicable expert fees incurred, while also holding that "[n]evertheless, SpeedyPC has not cited any authority for the proposition that it must be reimbursed immediately. Nor has SpeedyPC demonstrated any prejudice it will face if not reimbursed immediately. As such, the Court will not require Beaton to reimburse SpeedyPC at this time. Beaton may compensate SpeedyPC at a later juncture depending on the outcome of the case"). See also "the plain language of the rule suggests that both prevailing and losing parties are entitled to recover their expert witness fees under *Rule 26(b)(4)(E)*, unless the Court concludes that manifest injustice would result." *Magnuson v. Glass*, 2024 U.S. Dist. LEXIS 242015, at *22 (N.D. Ill., Apr. 12, 2024), quoting *Se-Kure Controls, Inc. v. Vanguard Prods. Group*, 873 F. Supp. 2d 939, 952-52 (N.D. Ill. 2012).   In light of that authority, and the fact that we will be seeking our expert's fees as we previously referenced, both parties abide by the Federal Rules of Civil Procedure by making this determination after all expert testimony during this discovery phase reaches completion.  *See* Local Rule 54.1 (referencing expert fees as part of overall taxation of costs, with no provision for immediate payment prior to a Bill of Costs).  Should you provide us with any relevant authority, we are glad to review it and consider it.  Absent that, we will proceed in accordance with the authority cited herein.

I trust that addresses any and all outstanding questions you presented.  See you tomorrow for Dr. Vidino's deposition, on the fifth floor of 100 N. Central Expressway, beginning at 9am.  Thank you.

Note: there is a 100 S. Central Expressway that you do <u>not</u> want.  You should find yourself at the Chase Bank building just north of the intersection of Beltline and highway 75.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours.  Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Thursday, May 15, 2025 12:04 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>
**Subject:** RE: Boim - Expert Depositions

Christina-

Thank you for your response on the expert depositions. I have a few comments and questions.

- The places of the depositions as set forth in your notices are fine. We need the Chorev deposition to be on the 28th and the Spitzen deposition on the 29th rather than the other way around. Also, Dr. Vidino has to catch a 7:00 flight on Wednesday evening, so his deposition will have to end by about 4:30. If it would help to start earlier than 10:00, we are amenable to that.
- Your notices state that the deposition will be recorded by stenographic recording. I take that to mean there will be no video recording.
- Your notices purport to require the witness to bring any documents or data reviewed in preparing the report if they have not already been produced. This request is unreasonable and we will not be bringing those. Dr. Vidino's report, for example, contains 92 footnotes citing dozens of publicly available sources, and it is not practical or required for him to bring these to the deposition.
- Please let us know the identity of the translator that you will use for the Spitzen deposition.
- We disagree with your reading of Rule 26(b)(4). The rule states that the party seeking the discovery shall pay the expert's reasonable fee for time spent responding to the discovery. The more recent case law pretty consistently requires the requesting party to pay for both time in the deposition and preparation time, without the proviso about the passage of time between prep and deposition. Having said that, we are prepared to agree not to require you to pay for prep time if you will agree to pay promptly for the actual deposition time. This is not a matter of taxing costs in favor of the prevailing party at the end of the case. Our witnesses are giving their depositions in May, and the rule requires that you, not we, pay their fees for that. It is not fair or appropriate to make them wait until the case is resolved to get paid. Please confirm that you will promptly pay their fees for time in deposition. We are not inclined to produce either Dr. Chorev or Mr. Spitzen without this assurance from you.

Dan

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Wednesday, May 14, 2025 10:26 AM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes

<slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>
**Subject:** RE: Boim - Expert Depositions

Deposition notices attached.
Note the Chicago ones will take place at Esquire's office at the noted address.

As to fees, I think this recap will bring us up to date:

- We of course pay for court reporter and any room fees for the depositions we notice (I don't think either of us disputes that, but just clarifying)
- We each pay for our own transcripts (same as above)
- We will also pay for one translator as indicated
- We recognize the following are ultimately recoverable costs for expert testimony:
  - Time spent in the deposition
  - Reasonable time preparing for the deposition, **if** the deposition occurs at a date notably removed in time from the preparation of the report (not the situation here for any of the three witnesses). *See, e.g., Fox v. Will Cnty.*, Cause No. 04 C 7309, 2009 U.S. Dist. LEXIS 20355, at *3-4 (N.D. Ill. Mar. 11, 2009) (citing Red. R. Civ. P. 54(d), and delineating recoverable costs to include expert fees), also citing *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997). *See also Fox*, 2009 U.S. Dist. LEXIS 20355, at *11 ("expert fees for time spent preparing reports or consulting with Plaintiffs' attorneys ... are not recoverable"), citing *Nilssen v. Osram Sylvania, Inc*., Cause No. 01-C-0385, 2007 U.S. Dist. LEXIS 5792, at *4, 14 (N.D. Ill. Jan. 23, 2007) (analyzing and applying Fed. R. Civ. P. 26(b)(4)(C)(i) to expert fees for direct deposition testimony time).
- Those costs are recoverable by the ultimately successful party, and as Judge Wood held in the case cited below, there is no need for that payment until after the later determination of the outcome of the case. *Beaton v. SpeedyPC Software,* No. 13-cv-0389, 2017 U.S. Dist. LEXIS 234718, at *12-14 (N.D. Ill. June 20, 2017) (Wood, J.) (recognizing the right to compensation for applicable expert fees incurred, while also holding that "[n]evertheless, SpeedyPC has not cited any authority for the proposition that it must be reimbursed immediately. Nor has SpeedyPC demonstrated any prejudice it will face if not reimbursed immediately. As such, the Court will not require Beaton to reimburse SpeedyPC at this time. Beaton may compensate SpeedyPC at a later juncture depending on the outcome of the case").

So, we expect that you will track the costs relevant to the experts you designated. We will track the correlating costs for the experts we designate. Neither side will reimburse the other side's experts' costs, even recoverable costs, until "a later juncture depending on the outcome of the case." *Beaton*, No. 13-cv-0389, 2017 U.S. Dist. LEXIS 234718, at *14) (Wood, J.).

Hope that clears things up. See you in Dallas next week.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Friday, May 9, 2025 2:16 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>
**Subject:** RE: Boim - Expert Disclosures

Christina-

I think you are overreacting a little. I started this discussion by asking when you would be available to discuss payment of expert witness fees and expenses. You reacted by asking whether I was looking for anything other than each side paying for its own experts. I responded by referring to Rule 26(b)(4)(c) and stating that we planned to rely on the provisions of the rule. I did not ask for immediate payment, or even give any specifics of what I expected you to pay for. I just wanted to discuss the subject with you and get you to confirm that you intend to comply with the rule.

13

I think it is reasonably clear that your client, as the party seeking the depositions, will pay the experts' fees for preparation and attendance at the deposition. I am asking that you confirm that your client will do that. And I would not expect that payment until after each deposition, since we won't know the total number of hours until then. I do not currently intend to seek any other recovery discussed in your email, such as travel expenses and time spent drafting a report. Assuming we can agree on reimbursement for the deposition prep and testimony time, I don't think we will have a problem. Can you confirm this, or would it be useful to discuss it?

You have not sent any deposition notices, and I don't think those are necessary, but I would like to confirm dates, times and locations. My understanding is as follows:

May 21—Lorenzo Vidino deposition at your offices. Please tell me what time you would like to start.
May 28—Harel Chorev at our offices in Chicago. Start time needed.
May 29—Arieh Spitzen at our offices in Chicago. Again we need the start time.

I assume that you will arrange court reporters for all three and let me know if they are to be by video or just standard recording. Also, as we noted, Mr. Spitzen will need a Hebrew translator and we expect you will take care of that.

As stated, I am available to discuss any of this. Have a good weekend.

Dan

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, May 8, 2025 4:42 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>
**Subject:** RE: Boim - Expert Disclosures

Actually, that subsection of the Rule subsection applies to very limited circumstances, and generally to actual deposition time only.
And, those costs are not paid in advance, per applicable precedent in the Northern District of Illinois as well as the Seventh Circuit.
*See, e.g., Fox v. Will Cnty.*, Cause No. 04 C 7309, 2009 U.S. Dist. LEXIS 20355, at *3-4 (N.D. Ill. Mar. 11, 2009) (citing Red. R. Civ. P. 54(d), and delineating recoverable costs to include expert fees), also citing *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997).
*See also Fox*, 2009 U.S. Dist. LEXIS 20355, at *11 ("expert fees for time spent preparing reports or consulting with Plaintiffs' attorneys … are not recoverable"), citing *Nilssen v. Osram Sylvania, Inc.*, Cause No. 01-C-0385, 2007 U.S. Dist. LEXIS 5792, at *4, 14 (N.D. Ill. Jan. 23, 2007) (analyzing and applying Fed. R. Civ. P. 26(b)(4)(C)(i) to expert fees for direct deposition testimony time).

So, there is nothing to discuss just yet about charges for any time spent in depositions that have still not occurred.
*See also Beaton v. SpeedyPC Software*, No. 13-cv-0389, 2017 U.S. Dist. LEXIS 234718, at *12-14 (N.D. Ill. June 20, 2017) (Woods, J.) (recognizing the right to compensation for applicable expert fees incurred, while also holding that "[n]evertheless, SpeedyPC has not cited any authority for the proposition that it must be reimbursed immediately. Nor has SpeedyPC demonstrated any prejudice it will face if not reimbursed immediately. As such, the Court will not require Beaton to reimburse SpeedyPC at this time. Beaton may compensate SpeedyPC at a later juncture depending on the outcome of the case").

14

To summarize this District and Circuit's stance on the applicable breadth of any recoverable expert charges, including the above-cited opinion authored by Judge Wood, please note below:

Recoverable:
- Hourly rate for actual time spent being deposed; and
- Prep time for that deposition only if the deposition occurs much later than the date the report was prepared, which is not the case here.

Not Recoverable:
- Time spent preparing reports and reviewing documents;
- Time spent consulting with hiring counsel; and
- Time spent traveling to or from a deposition.

And, actual travel costs are not compensable in this matter, as you volunteered and requested that we host Mr. Vidino in Dallas—that was not at our request, and the two coming to Chicago are not at our expense because that is the location of the lawsuit, and we are traveling to Chicago for it. *See Fox*, 2009 U.S. Dist. LEXIS 20355, at *11; *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co*., 291 F.R.D. 234, 238 (N.D. Ill. 2013) (granting payment of fees for expert deposition testimony of $150 per hour of deposition time, and awarding the witness' travel fees solely "in reliance upon [the deposing party's] request to pay the expert's travel expenses"). Here, we made no such request.

Further, we note Mr. Vidino does not charge for his time in this matter, per the documents submitted already.
As to the actual deposition time for the other two, those amounts will depend on their time actually spent in their upcoming deposition—and a determination in this case as to the ultimate prevailing party, via an eventual Bill of Costs. That determination is, to say the least, premature at this point. See Beaton, 2017 U.S. Dist. LEXIS 234718, at *13-*14 (Woods, J.) (denying a request for immediate payment of expert fees post-deposition, based on reasoning that "the Court will not require Beaton to tender immediate payment, however, but instead will allow Beaton to elect to pay upon the final disposition of the case").
 I recognize the same will apply for presentation by our upcoming designated experts next month as well.

Thank you and glad to discuss further if you can point us to any binding precedent to the contrary.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

---

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Wednesday, May 7, 2025 1:04 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Cc:** Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Boim - Expert Disclosures

Yes. The presumption under Rule 26(b)(4)(c) is that the party seeking discovery from the expert shall pay the expert a reasonable fee for time spent responding to discovery. Courts in this district have generally enforced that rule. We see no reason to vary from that practice here, and are looking to get your confirmation that you intend to comply with that. Happy to discuss.

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Wednesday, May 7, 2025 12:58 PM

**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Cc:** Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Boim - Expert Disclosures

Do you believe anything other than each side pays their own?



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Wednesday, May 7, 2025 12:15 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Cc:** Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Boim - Expert Disclosures

Christina-

We should talk about arrangements for paying for expert fees and expenses.  When are you available to discuss this?

Dan

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Wednesday, May 7, 2025 11:55 AM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Cc:** Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Boim - Expert Disclosures

Received, thank you.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

    

*I work across multiple time zones and may send emails outside of standard business hours.  Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Wednesday, May 7, 2025 9:45 AM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Cc:** Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Boim - Expert Disclosures

Please see the attached CV of Dr. Vidino.

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Tuesday, May 6, 2025 1:35 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Cc:** Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Boim - Expert Disclosures
**Importance:** High

Counsel:

**It is now Tuesday and you are now more than a week past the designation deadline.**
**While not Rule 26 does not specifically list a CV, Fed. R. Civ. P. 26(a)(2)(B) does require a list of all publications within the past ten (10) years and a list of the witness' qualifications and previous cases in which the witness testified during the past four years either at trial or by deposition.**

Please provide this in whatever form is immediately available or we will have no choice but to go to the Court. This seems a ludicrous holdup as he should know his own information and have the ability to recreate it even if not readily available in a specific document.

19



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

   

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

---

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Friday, May 2, 2025 1:53 PM
**To:** Christina Jump <cjump@clcma.org>; Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>
**Cc:** Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Boim - Expert Disclosures

Dr. Vidino is having an issue with accessing the document on his computer, but expects to be able to retrieve it by Monday. We will produce it as soon as we can.

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, May 1, 2025 10:08 PM
**To:** Seth Corthell <scorthell@jaszczuk.com>; Samira Elhosary <selhosary@clcma.org>

**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Subject:** Re: Boim - Expert Disclosures

Counsel:

We still have not received the CV referenced below. Please confirm the status, especially as he is the first slated witness for deposition.
Thank you.



Christina A. Jump
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

    

*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at time convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

   

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approv writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and d copies.*

---

**From:** Seth Corthell <scorthell@jaszczuk.com>
**Sent:** Wednesday, April 30, 2025 4:52:40 PM
**To:** Christina Jump <cjump@clcma.org>; Samira Elhosary <selhosary@clcma.org>

**Cc:** Daniel Schlessinger <dschlessinger@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Subject:** Boim - Expert Disclosures

Counsel:

Attached are Plaintiffs' expert disclosures. We are experiencing some technical difficulties accessing Mr. Vidino's CV, but we anticipate providing it in short order.

Best,

Seth Corthell

**Jaszczuk P.C.**
311 S. Wacker Drive, Suite 2150
Chicago, IL  60606
312-442-0401
scorthell@jaszczuk.com
www.jaszczuk.com