**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER, <br><br> Defendants. | Civil No. 17-cv-03591 <br><br> Hon. Andrea Wood <br><br> Hon. Heather McShain |

## PLAINTIFFS' MOTION TO STRIKE
## DEFENDANTS' UNTIMELY "SUPPLEMENTAL EXPERT REPORT"

Plaintiffs Stanley and Joyce Boim ("Plaintiffs"), by and through their undersigned counsel, respectfully move for an Order striking any and all "supplemental expert reports" disclosed by Defendants American Muslims for Palestine and Rafeeq Jaber ("Defendants") after Defendants' July 30, 2025 deadline.[1]

### I.    INTRODUCTION

Deadlines in litigation are not suggestions—they are the backbone of orderly case management. They move cases forward, set fair boundaries for disclosure, and prevent gamesmanship or trial by ambush. Yet Defendants now attempt to evade their already extended

---

[1] Plaintiffs' understanding is that this motion is not subject to the Court's protocol requiring a court reported transcript of a meet and confer session between the parties since the extended deadline it seeks to enforce was granted by the Court in response to a motion by Defendants that did not require adhering to that protocol.

expert disclosure deadline by disguising a late-filed expert opinion as a "supplemental report." The reality is simpler: the report is three weeks late, untimely on its face, and should be stricken.

Defendants were originally required to disclose expert reports by June 30, but secured an extension, citing the need for their retained expert, Dr. Yousef Munayyer, to complete his report and to adjust strategy following one of Plaintiff's expert's deposition. Even with this extension, Defendants failed to deliver. On July 30, they produced nothing from Dr. Munayyer, but did provide a barebones submission from Paul Carroll—a "report" that is deficient on its face under Rule 26(a)(2)(B) because it does not appear to have been drafted by Mr. Carroll and is not signed by him. The "report" also lacks any substantive opinions. After Plaintiffs elected not to depose Mr. Carroll, Defendants announced their intent to serve a "supplemental report" on August 20— nearly three weeks past the Court's extended deadline and on the eve of Plaintiffs' own deadline to depose defense experts.

This maneuver is nothing more than an effort to rewrite the Court's scheduling order unilaterally. It invites delay, rewards gamesmanship, and undermines the fairness that deadlines are designed to protect. Defendants had ample time to disclose their expert opinions. Any report served after July 30 is improper and should be stricken.

## II.    FACTUAL BACKGROUND

On June 26, Defendants moved for a 30-day extension of their June 30 expert disclosure deadline. In their motion, Defendants represented that they had already retained Dr. Yousef Munayyer as "one of Defendants' experts" on June 20, but that Dr. Munayyer required additional time to review the deposition transcript of Arieh Spitzen (one of Plaintiffs' timely disclosed experts) for purposes of preparing a rebuttal report. (Dkt. 573 at 2.) Defendants also asserted that they needed to adjust their "responsive expert designation plans" due to "variations" between

2

Mr. Spitzen's testimony and his written report. (Id.) The Court granted Defendants' motion over Plaintiffs' objection. (Dkt. 574)

On July 30, at approximately 10:30 p.m., Defendants served a document titled "Paul M. Carroll Combined CV and Report." (Exhibit 1, attached) Just past midnight, Defendants sent an additional email stating that Dr. Munayyer would not be providing a report, but would instead serve only "as a consulting expert, and possible rebuttal expert if needed at trial." (Exhibit 2.)

The document purporting to be Paul Carroll's expert report consists of: (i) a three-page CV, (ii) a two-page document titled "Areas of Expert Testimony of Paul M. Carroll" that appears to have been drafted by someone other than Mr. Carroll, (iii) two pages listing Mr. Carroll's written work, and (iv) a single page listing his compensation. Notably, the document contains no specific opinions about any issue in the case and offers no substantive responses to the reports of Plaintiffs' experts. Instead, the "substantive" portion vaguely describes testimony the author contends Mr. Carroll will offer at trial. (See, e.g., Exhibit at 4–5 ("Mr. Carroll will provide testimony as to flaws he identifies in the evaluations and methodology contained in [Plaintiffs'] reports, including their reliance on unsubstantiated conclusions and allegations without proper sourcing for the statements on which they base their conclusion.")).

After reviewing Mr. Carroll's submission, Plaintiffs elected not to proceed with a deposition under Rule 26(b)(4)(A) and informed Defendants of that decision on August 15. (Exhibit 3) Four days later, in an email addressing an unrelated dispute, Defendants stated that they intended to serve a supplemental expert report on August 20. (Exhibit 4) That date came and went with no report, but just before midnight on August 22, Defendants sent a document entitled Supplemental Report of Paul Carroll. This was in direct contravention of the Court's

3

order of June 27, 2025, which states in relevant part, "Defense expert reports to be disclosed by 07/30/2025 and defense experts to be deposed by 08/29/2025."

### III.    LEGAL ARGUMENT

While Plaintiffs intend to challenge Defendants' designation of Mr. Carroll as an expert on several grounds, that motion is properly directed to Judge Wood, and is not the subject of the current motion, which challenges only the supplemental report filed three weeks after the deadline set by Judge McShain. Without having sought consent of Plaintiffs and without seeking modification of the order setting the July 30 deadline, Defendants had no legitimate basis to introduce this totally new report and it should be stricken.

To begin with, the positioning of this argument is upside down. If Defendants wanted to rely on a new report from their expert after the Court's extended deadline, it was their burden to file a motion explaining why that is appropriate. They have not done so, have not requested any meet and confer session with Plaintiffs' counsel, and have not given any reason why this new report should be allowed. We note parenthetically that the supplemental report is not merely a supplement. It expresses views that are nowhere reflected in the timely-filed report it purports to supplement. But, even if that were not the case, Defendants should not be allowed to simply disregard the July 30 deadline. Defendants recognized that a motion to extend was necessary when they obtained the extension from June 30 to July 30. They had no authority to unilaterally extend the deadline by another three weeks.

There is sound authority in this district for enforcing court ordered deadlines for expert reports, even when the party seeking the extension files an appropriate motion. *See*, e.g., *Hansen v. Country Mut. Ins,* No. 18-cv-244, 2022 U.S. Dist. LEXIS 6762 (N.D.Ill. Jan.13, 2022); *McDavid v. Nike USA,* No. 08-C-6584, 2013 U.S. Dist. LEXIS 57752 (N.D.Ill. Apr.23, 2013)

We are aware of no authority allowing a party to unilaterally establish a new deadline without court approval, or at the very least the consent of the opposing party.  The supplemental report of Paul Carroll should be stricken.


Date: August 26, 2025                                    Respectfully submitted,

                                                         *s/ Daniel I. Schlessinger*
                                                         Daniel I. Schlessinger
                                                         Stephen Landes
                                                         Seth H. Corthell
                                                         JASZCZUK P.C.
                                                         311 South Wacker Dr., Suite 2150
                                                         Chicago, IL 60606
                                                         (312) 442-0401
                                                         dschlessinger@jaszczuk.com
                                                         slandes@jaszczuk.com
                                                         scorthell@jaszczuk.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed

electronically using the Court's CM/ECF system and has been served to all parties via email

through CM/ECF on this 26th day of August 2025.

*/s/ Daniel I. Schlessinger*