# -EXHIBIT 4-

# Claudia Ceja

| | |
|---|---|
| **From:** | Christina Jump <cjump@clcma.org> |
| **Sent:** | Tuesday, August 19, 2025 8:50 PM |
| **To:** | Daniel Schlessinger |
| **Cc:** | Samira Elhosary; Ali Boyd; Seth Corthell; Stephen Landes |
| **Subject:** | RE: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel |
| **Attachments:** | 2025.08.19 - CJump Response to R. 37.2 Letter Expert Fees.pdf; Transcript_12920196 Spitzen.Dr. Arieh 052925.fullprint.pdf |

Counsel:

Please see attached response letter along with referenced transcript from May 29, 2025.

Also, as indicated herein, we expect to receive and forward to you a supplemental report from Mr. Carroll, sometime tomorrow.
Once we have that we will forward the same to you.

Thank you .



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/



*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

  

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Tuesday, August 12, 2025 11:30 AM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

Christina-

I am attaching a Local Rule 37.2 letter regarding payment of expert fees for deposition preparation and attendance by our witnesses, Harel Chorev and Arieh Spitzen. To clarify our position, we have never contended that we did not need to provide a Rule 37.2 letter. To the contrary, we believe our detailed and extensive email exchange on the subject, which includes citation of authority and full narrative statement of our respective analyses of the governing authority, constitutes compliance with Rule 37.2. We see nothing in the rule that would mandate correspondence on letterhead rather than email exchanges. Nonetheless, given your apparent disagreement with our interpretation, and to avoid further wrangling over that issue, our formal Rule 37.2 letter is attached. We appreciate your offer to respond with your own letter within two business days. As you note, once you respond we can agree on a date for a court-reported meet and confer session should that be necessary.

As to our statement that we are willing to compromise, we had previously suggested a compromise (see my email to you of 5/15/25), but you did not accept that. We continue to be willing to discuss a compromise, both because we think that would be in everyone's interests, would save time for the Court, and is part of what the meet and confer process is supposed to be about. One potential area of compromise might be to agree on a date for payment of the fees. Since your position has been that date should be after judgment is entered in the case, whereas we think it should be pretty immediate, there would appear to be room for a compromise between those two dates. And you may have other thoughts on compromise. As noted, we are willing to discuss that subject, as we think the rules intend. Please let us know if you see some path for resolution.

Dan

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Friday, August 8, 2025 7:15 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

Counsel:

As to your request for dates for a Rule 37.2 conference, we continue to believe that to be premature.
As you know, under the protocol set out by this Court in Doc. 458 and consistent with Magistrate Judge McShain's Case Procedures and updated Discovery Motion Requirements, Judge McShain requires the following steps, in sequence:
(1) "the requesting party will serve a Local Rule 37.2 letter."
(2) "within 7 days thereafter, the other side will serve its response to that letter."
(3) "within 7 days thereafter, the parties will hold a face-to-face meet-and-confer session (which may be conducted via Zoom or similar remote platform) in the presence of a court reporter, with the parties to equally share the costs of the court reporter.  During this session, the parties must address, item by item, each item in dispute in a genuine effort to resolve the disagreement."
(4) "within 7 days after the meet-and-confer session the party who is seeking to obtain the additional information will file a non-speaking motion to compel ..." and attach "the parties' L.R. 37.2 letters" as well as "the transcript of the parties' meet-and-confer session" among other things.

*See* Doc. 458.

While you made clear that you believe this situation does not require letters by the parties, we do not agree—especially in light of this Court's July 28, 2025 Minute Order that specifically refers back to Doc. 458.  *See* Doc. 576.  In addition, Judge McShain previously clarified that she exempted only specifically identified motions from the protocols she established in Doc. 458.  *See, e.g.*, December 9, 2024 Hearing Transcript, Doc. 517 at 19 ("And, again, no speaking motions going forward, please.") and 36-7 ("So the protocol is in place to try to be efficient to save, you know, the parties time, further time and expense and also try to be as efficient with judicial resources as possible."); March 11, 2025 Hearing Transcript, Doc. 544 at 12 ("I'm fully acknowledging that I am inviting further motion practice regarding the attorneys's eyes only issue regarding this universe of redactions. In doing so, the Court, *with respect to the specific issue*, is abandoning the motion protocol *with respect to this prospective motion on the attorney eyes's only issue*.") (emphasis added).

With that in mind, we reiterate the need to follow the above steps.  Please advise, for clarity, if you are refusing to provide a Rule 37.2 letter from plaintiffs that comports with the above.  We will provide our Rule 37.2 letter, based on our understanding to date, either within an abbreviated two business days of receiving your letter, or within two business days of receiving your confirming that you refuse to comply with sending a letter. Either way, we will be sure that we comply with the stated protocol of the Court.

After that exchange, we can discuss timing for a recorded meet and confer should that step be necessary.
I note that you refer to being willing to compromise despite your "strong belief" that you are correct in your stated positions; to assist with a good faith discussion prior to the need for court intervention, please provide us with what compromise plaintiffs foresee or would find amenable in this situation, and we will respond accordingly.

Thank you and again, in the interest of time and our discussions to date, we remain willing to respond within two business days instead of the stated seven, once we receive either your Rule 37.2 letter in compliance with Judge McShain's protocols, or confirmation from you that you refuse to provide a cohesive letter of your position.

Thank you. I will now respond separately regarding your request for dates for our expert's deposition.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA) is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/



*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*



*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Friday, August 1, 2025 12:41 PM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>; Seth Corthell <scorthell@jaszczuk.com>; Stephen Landes <slandes@jaszczuk.com>
**Subject:** RE: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

Christina-

While we do not agree that production of the engagement letters with our experts is required under the rules, it is not worth fighting over this issue given the attendant delay in resolving the matter that we actually are contesting; i.e., your client agreeing to pay promptly for our experts' time in preparing for and sitting for depositions. Therefore, we attach hereto the engagement letters for Mr. Spitzen and Dr. Chorev. (The Spitzen letter is unsigned—I am currently unable to

4

find the executed version, but I know he signed it in this form and I will send that to you if I find it.) As you know, we are not seeking any payment for the deposition of Dr. Vidino, so no engagement letter is attached for him.

We believe we have already complied with the requirements of Local Rule 37.2, given our extensive exchange of emails on this topic, our video conference on July 21, and your consistent refusal to agree to pay promptly the fees submitted by Mr. Spitzen and Dr. Chorev. We were surprised by Judge McShain's order of July 28, denying without prejudice our motion to compel for failure to comply with the protocol established in her Minute Order of August 27, 2024. Our understanding was that Judge McShain was relaxing that protocol because it was not having the desired impact, as evidenced by more recent motions, such as your motion to extend the discovery deadline, which the Court granted without any face-to-face discussion between us and without even giving us an opportunity to respond. Be that as it may, it is now apparent that we need to follow the protocol set out in the Court's August 27, 2024 minute order.

You now have the engagement letters, the invoices at issue, and our citation to the authority that we believe establishes our experts' right to receive the payments at issue. We have your citations of the authority that you believe supports your position. Is there anything else that you think we need to exchange before we have the court-reported meet and confer session in accordance with the protocol? We think the issue is now ripe for holding that session, and we ask that you provide us dates when you will be available for that. Despite our strong belief that we are correct, we remain open to a compromise on this issue and hope that you are.

Dan

---

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Thursday, July 31, 2025 7:13 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>; Seth Corthell <scorthell@jaszczuk.com>
**Subject:** RE: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

First, please advise if you have any authority supporting your sudden and apparent refusal to produce those.

Otherwise, I am surprised that you would raise this now, in light of your lack of argument on the concept the multiple previous times I raised it. *See, e.g.*, Chorev Depo. at 44 (acknowledging the existence of a written agreement between the witness and plaintiffs' counsel, followed by my request for a copy, and your response of "Okay. I understand." without objection); Spitzen Depo. at 106 (confirming the existence of a written engagement agreement that will reflect the date the witness was hired). And I asked for these letters in our most recent call with each other in this case, on Monday July 21, 2025. You did not object then either. (I also requested agreements at the first deposition, of Lorenzo Vidino, though that witness testified he does not believe he signed one. As you know, we request that if he was mistaken and did in fact have a written agreement regarding this case.)

Also, note our own Court's previous ruling that engagement letters even between attorneys and parties are not privileged. See Docs. 378 and 379 (granting the defense motion to quash plaintiffs' attempt to claw back the engagement letter between counsel and SPME to fund this litigation, because "[i]n almost every situation where one person pays the legal fees of another, the fact of that arrangement is fair game for disclosure and no privilege to withhold that fact exists" and allowing the use of the written engagement letter) (internal citations omitted here).

Also, ample authority in this jurisdiction supports producing written agreements with experts, especially as related to fees – even post-relevant amendments in 2015 to the Federal Rules of Civil Procedure. As a brief though not complete example, see the following:
- *Bigfoot 4x4, Inc. v. Individuals et al.*, 2024 U.S. Dist. LEXIS 208844, at *8 (N.D. Ill. Nov. 18, 2024): "[T]he Court finds Plaintiff has not shown the financial terms of the Agreement are an attorney client privileged communication" and citing *Stopka v. Am. Fam. Mut. Ins. Co.*, 816 F. Supp. 2d 516, 532-33 (N.D. Ill. 2011) (describing federal rules as requiring the production of retention agreements unless they disclose

5

confidential communications between the parties, because retainer agreements and fee arrangements are not generally considered privileged information).

- *Sioux Steel Co. v. Prairie Land Millwright Servs.*, 2016 U.S. Dist. LEXIS 203847, at *4-5 (N.D. Ill. May 19, 2021): "Defendants never provided Plaintiff with a specific retention date or other proof of the scope of Meyer's consulting expert representation. In response to an order from this Court, Defendants produced Meyer's retention agreement to Plaintiff and the Court on March 16, 2021. That agreement, which is dated June 16, 2016, indicates that Defendants' counsel, DeWitt Ross & Stevens, retained both Bruce and Stephen Meyer "to provide expert consulting services with regard to preparation for trial . . . and to assist DeWitt Ross & Stevens to render legal services to Prairie Land with regard to" this lawsuit. The Meyers signed the agreement on June 21, 2016."

I trust you will therefore provide the written agreements, particularly as they pertain directly to the costs which you claim you are immediately entitled to receive.  Once we have those agreements, and now that we have the invoices as providfed not to us but to the Court in the stricken motion, we can then move to the step of complying with Rule 37.2's requirements for a written letter to which we can respond.  Deciding to have a recorded conference, should those letters fail to lead to a resolution, is highly premature at this stage and not a sign of good faith efforts to actually resolve any disputes without requiring the intervention of the Court, as that may in fact become unnecessary.

Please provide the agreements between plaintiffs and/or plaintiffs' counsel, and witnesses Chorev and Spitzen and, should one exist with Lorenzo Vidino, that one as well.

Once we have a reasonable time to review, we will proceed to the next step in this Court's stated process.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/

*I work across multiple time zones and may send emails outside of standard business hours.  Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*

  

*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Tuesday, July 29, 2025 5:03 PM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>; Seth Corthell <scorthell@jaszczuk.com>
**Subject:** RE: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

Our research has not uncovered any authority requiring the production of retainer agreements with experts. Can you provide us with whatever precedent you are relying on to insist that we provide you with any such agreements?

**From:** Christina Jump <cjump@clcma.org>
**Sent:** Tuesday, July 29, 2025 5:00 PM
**To:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <Ali.Boyd@mlfa.org>; Seth Corthell <scorthell@jaszczuk.com>
**Subject:** RE: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

Counsel:

Please provide us with the requested retainer agreements with your experts, which we requested previously and during the depositions as well as in our communications last week via Zoom.
We do need those, which we can then combine with the information we did not previously have that you presented for the first time to the Court in your previous motion, that shows what you actually claim as to each.

When you provide that, we are good to discuss dates. Thanks.



**Christina A. Jump**
Civil Litigation Department Head

**Muslim Legal Fund of America (MLFA)**
The Constitutional Law Center for Muslims in America (CLCMA)
is the legal division of MLFA

100 N. Central Expy, Suite 1010, Richardson, TX 75080

Phone: (972) 914-2507 (main)
Email: christina.jump@mlfa.org | cjump@clcma.org
Website: https://mlfa.org/



*I work across multiple time zones and may send emails outside of standard business hours. Although I send emails at times that are convenient for me, I do not expect that you read, respond or follow up on my emails outside your hours of work.*
*\*Board Certified in Labor and Employment Law, Texas Board of Legal Specialization*



*IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

---

**From:** Daniel Schlessinger <dschlessinger@jaszczuk.com>
**Sent:** Monday, July 28, 2025 9:16 AM
**To:** Christina Jump <cjump@clcma.org>
**Cc:** Samira Elhosary <selhosary@clcma.org>; Ali Boyd <ali.boyd@mlfa.org>; Seth Corthell <scorthell@jaszczuk.com>
**Subject:** FW: Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

Christina-

Please give me some dates and time this week when you are available for a video conference with a court reporter and we will arrange that.

Dan

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov <usdc_ecf_ilnd@ilnd.uscourts.gov>
**Sent:** Monday, July 28, 2025 8:55 AM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:17-cv-03591 Boim et al v. American Muslims for Palestine et al order on motion to compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## United States District Court

### Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3)

## Notice of Electronic Filing

The following transaction was entered on 7/28/2025 at 8:54 AM CDT and filed on 7/28/2025

**Case Name:** Boim et al v. American Muslims for Palestine et al
**Case Number:** 1:17-cv-03591
**Filer:**
**Document Number:** 576

**Docket Text:**
**MINUTE entry before the Honorable Heather K. McShain: Plaintiffs' motion to compel payment of expert fees [575] is denied without prejudice based on plaintiffs' noncompliance with the Court's protocol governing the filing of discovery motions in this case [458] and the Court's standing order on discovery motions. Mailed notice. (pk, )**

**1:17-cv-03591 Notice has been electronically mailed to:**

Janine L. Hoft    janinehoft@peopleslawoffice.com

Alyza D Lewin    alyza@lewinlewin.com, lynda@lewinlewin.com

Seth Corthell    scorthell@jaszczuk.com

Nathan Lewin    nat@lewinlewin.com, lynda@lewinlewin.com

Reginald Lys    rlys@constangy.com

Christina Jump    cjump@clcma.org, rana.hakim@mlfa.org

9

Samira S Elhosary    6633351420@filings.docketbird.com, selhosary@clcma.org

Rima Kapitan    rima@kapitangomaa.com

Charles D. Swift    cswift@clcma.org, cjump@clcma.org, cmcdonald@clcma.org

Zaid Abdallah    zaid@abdallah-law.com

Ben H. Elson    ben@peopleslawoffice.com

Thomas Anthony Durkin    saigner@durkinroberts.com, tdurkin@durkinroberts.com, jdroberts@durkinroberts.com, jmoeller@durkinroberts.com, mfritsch@durkinroberts.com

Daniel I. Schlessinger    dschlessinger@jaszczuk.com

**1:17-cv-03591 Notice has been delivered by other means to:**
Redshift Pro LLC
.

[CAUTION: This email was sent from outside of this organization]