**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, deceased; and JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE/ AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; RAFEEQ JABER, <br><br> Defendants. | Civil No. 17-cv-03591 <br><br> Hon. Andrea Wood |

**DEFENDANT RAFEEQ JABER'S MEMORANDUM
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL AND PROCEDURAL HISTORY ...................................................... 1

III. LEGAL STANDARD ............................................................................................ 3

IV. ARGUMENT ......................................................................................................... 6

    A. No Genuine Issues of Material Fact Remain to Support Plaintiffs' Veil Piercing Claim ............................................................................................ 6

    B. No Genuine Issues of Material Fact Remain as to Plaintiffs' Fraudulent Concealment Claim Against Mr. Jaber .......................................................... 9

V. CONCLUSION .................................................................................................... 11

CERTIFICATE OF SERVICE ..................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Boim v. Am. Muslims for Palestine*
   9 F.4th 545 (7th Cir. 2021) ............................................................................................... 5, 7

*Bridge v. New Holland Logansport, Inc*.
   815 F.3d 356 (7th Cir. 2016) ................................................................................................... 7

*Castelino v. Rose-Hullman*
   999 F.3d 1031 (7th Cir. 2021) ................................................................................................. 4

*Chillmon v. Vill. of Evergreen Park Ill.*
   No. 20 CV 7379, 2023 U.S. Dist. LEXIS 163230 (N.D. Ill. Sept. 14, 2023) ............................ 4

*Command Video Corp. v. Roti*
   705 F.3d 267 (7th Cir. 2013) ................................................................................................... 9

*Doris v. Walker*
   No. 21-cv-03589, 2022 U.S. Dist. LEXIS 56108 (N.D. Ill. Mar. 29, 2022) ............................ 10

*Dyjak v. Harper*
   No. 22-1419, 2023 U.S. App. 24319 (7th Cir. Sept. 12, 2023) ................................................ 4

*Jarolin-Bogert v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*
   No. 21 CV 552, 2023 U.S. Dist LEXIS 162249 (N.D. Ill. Sept. 13, 2023) .............................. 4

*Laborer's Pension Fund v. Lay-Com, Inc.*
   580 F.3d 602 (7th Cir. 2009) ................................................................................................... 7

*Laborers' Pension Fund v. Property Recycling Servs. Corp.*
   No. 15-cv-09170, 2021 U.S. Dist. LEXIS 2000061 (N.D. Ill. Oct. 18, 2021) .......................... 7

*Lacy v. Vill. of Maywood*
   No. 1:21-cv-3081, 2022 U.S. Dist. LEXIS 159685 (N.D. Ill. Sept. 2, 2022) ........................... 9

*Lee v. Freedom Mortg*.
   No. 24 C 02107, 2025 U.S. Dist. LEXIS 2607 (N.D. Ill. Jan. 7, 2025) ................................... 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
   475 U.S. 574 (1986) ................................................................................................................ 3

*McCleskey v. CWG Plastering, LLC*
   897 F.3d 899 (7th Cir. 2018) ................................................................................................... 5

*McIntosh v. Bowens*
   No. 21-2450, 2023 U.S. App. LEXIS 24366 (7th Cir. Sept. 14, 2023) ................................... 4

*McKeown v. Sun Life Assurance Co*.
   No. 16 C 748, 2021 U.S. Dist. LEXIS 44367 (N.D. Ill. Mar. 10, 2021) ................................ 10

*Medina v. Bd. of Educ. of Chi.*
   No. 19-cv-07916, 2023 U.S. Dist. LEXIS 56439 (N.D. Ill. Mar. 31, 2023) ............................ 4

*Oppenheimer v. Event Ticket Sales, LLC*
   No. 22-cv-02864, 2025 U.S. Dist. LEXIS 60505 (N.D. Ill. March 31, 2025) .......................... 3

*Peacock v. Thomas*
   516 U.S. 349 (1996) ................................................................................................... 5

*Prince v. Appleton Auto, LLC*
   978 F.3d 530 (7th Cir. 2020) ...................................................................................... 7

*Riley v. City of Kokomo*
   909 F.3d 182 (7th Cir. 2018) ...................................................................................... 4

*Rosier v. Cascade Mountain Inc.*
   367 Ill. App. 3d 559 Ill. Dec. 352, 855 N.E.2d (2006) ............................................... 6

*Scale Effect Co. v. Baron Chocolatier, Inc.*
   No. 19-cv-1599, 2025 U.S. Dist. LEXIS 55041 (N.D. Ill. Mar. 25, 2025) ............. 6, 7

*Schrager v. N. Cmty. Bank*
   328 Ill. App. 3d 696 N.E.2d 376, 384 Ill. Dec. 916 (Ill. App. Ct. 2002) ................. 10

*Sea-Land Servs., Inc. v. Pepper Source*
   993 F.2d 1309 (7th Cir. 1993) .................................................................................... 6

*Singmuongthong v. Bowen*
   No. 21-3021, 2023 U.S. App. LEXIS 20540 (7th Cir. Aug. 8, 2023) ........................ 4

*Van Dorn Co. v. Future Chem. and Oil Corp.*
   753 F.2d 565 (7th Cir. 1985) ...................................................................................... 6

*Wachovia Sec., LLC v. Banco Panamericano*
   674 F.3d 743 (7th Cir. 2012) ...................................................................................... 6

*Wigod v. Wells Fargo Bank, N.A.*
   673 F.3d 547 (7th Cir. 2012) ...................................................................................... 9

*Zaya v. Sood*
   836 F.3d 800 (7th Cir. 2016) ...................................................................................... 3

**Rules**

Fed. R. Civ. P. 56(a) ............................................................................................................ 3

## I.    INTRODUCTION

Defendant Rafeeq Jaber ("Defendant" or "Mr. Jaber") dedicated his free time for decades to the service of Palestinian nonprofit organizations in the United States. He also began a long-running financial planning business, through which he has made his career and supported his family for decades. Plaintiffs allege because of that, without support, that Mr. Jaber bears direct liability for his involvement in the conduct that gave rise to the Boims' original action and the judgment they received against several entity defendants at the conclusion of their lawsuit filed in 2000 ("the *Boim* judgment"). Yet Mr. Jaber hid no secrets and was not hard to find: Plaintiffs themselves deposed him multiple times in the prior lawsuit, before ever filing this one, including once in 2005 to discover additional assets. No genuine issues of material fact remain that pertain to Plaintiffs' allegations against Mr. Jaber, and Plaintiffs can point to nothing more than conjecture and speculation in support of their claims. While inflammatory allegations and assertions "upon information and belief" may suffice at the early stages of litigation, they do not after the close of discovery. Here, more than eight years into this lawsuit, after more than two years of fact discovery that followed another prior year of jurisdictional discovery, after deposing Mr. Jaber twice in this lawsuit and at least twice in the Boims' prior lawsuit, inflammatory allegations and conclusory statements without more do not suffice. Mr. Jaber therefore hereby submits this Motion for Summary Judgment with his Memorandum in Support and asks this Court to enter judgment in his favor in full.

## II.    FACTUAL AND PROCEDURAL HISTORY

Mr. Jaber immigrated from Palestine to the United States in 1974. *See* Statement of Undisputed Material Facts ¶ 1. Mr. Jaber exemplifies the American dream in that he became a naturalized United States citizen, worked hard, and established his own financial services business

1

to support his family. Throughout his time in the United States, Mr. Jaber sought out affinity groups that connected him with others from his homeland, to share common experiences and their culture. *Id*. ¶ 2. Now seventy-five years old, Mr. Jaber does far less volunteering and still works, though less than he did, due to intervening health concerns. *Id*. ¶ 3.

While Mr. Jaber was involved with both the Islamic Association of Palestine ("IAP") and American Muslim Society ("AMS"), he had no role in the creation of American Muslims for Palestine ("AMP"). *Id*. ¶ 4. AMP began in 2006, created by Munjed Ahmad and Hatem Bazian. *Id*. ¶ 13. In 2009, Mr. Ahmad and Dr. Bazian formed the charitable organization AJP Educational Foundation, Inc. ("AJP"). *Id*. ¶ 14. Mr. Jaber played no role in its formation either. *Id*. ¶ 15. In late 2017, AMP and AJP merged into one entity, with AJP being the only surviving legal entity, using AMP as its designated doing business as name. *Id*. ¶ 16. Again, Mr. Jaber had no involvement in the creation of either AMP or AJP. *Id*. ¶ 15. Neither AMP nor AJP received any assets formerly belonging to the Judgment Defendants, nor have Plaintiffs identified any. *Id*. ¶ 17 ("When we closed down, we closed down. That's it.").

The Boims' original lawsuit arises out of acts that occurred in 1996, when Plaintiffs' son died from a gunshot in Jerusalem. Amended Complaint, ECF No. 179 ¶ 1 ("Complaint"). Plaintiffs brought a lawsuit in 2000 under the Anti-Terrorism Act ("ATA") against the Holy Land Foundation ("HLF"), Islamic Association of Palestine ("IAP"), and the American Muslim Society ("AMS") (together the "Judgment Defendants"), among others. *Id*. ¶ 2. The court in that matter entered judgment for Plaintiffs of $156 million in damages (the "*Boim* Judgment"). *Id*. ¶ 42. Despite Plaintiffs' repeated efforts to collect on that judgment, the Judgment Defendants became defunct as a result of years of litigation, forced closure, and, in the case of HLF, seizure of its assets by the government. *Id*. ¶ 53. Plaintiffs collected only a small portion of that judgment. *Id*.

Plaintiffs filed this alter ego and successor liability case in May 2017, claiming AMP and individual defendants Rafeeq Jaber, Osama Abuirshaid, and Abdelbaset Hamayel bear liability for Plaintiffs' $156 million judgment case against other entities. This Court granted Defendants' Motion to Dismiss based on lack of subject matter jurisdiction in August 2017. Doc. No. 41. After Plaintiffs filed a motion for reconsideration, this Court authorized limited jurisdictional discovery. That lasted just over a year, during which Plaintiffs deposed six witnesses for a total of eight depositions, sent thirty-five Requests for Production, and received thousands of pages of documents through production by Defendants. Plaintiffs filed their Amended Complaint against AMP/AJP and Rafeeq Jaber on December 17, 2019, dropping their claims as to Mr. Abuirshaid and Mr. Hamayel. Doc. No. 179. The Court granted dismissal a second time, which Plaintiffs then appealed. Doc. Nos. 215, 217. The parties engaged in full factual discovery after remand by the Seventh Circuit on the issue of subject matter jurisdiction. Doc. No. 259. Defendant Jaber now brings this Motion for Summary Judgment and ask this Court to enter judgment as a matter of law in full in his favor.

### III.    LEGAL STANDARD

A party seeking summary judgment must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Oppenheimer v. Event Ticket Sales, LLC*, No. 22-cv-02864, 2025 U.S. Dist. LEXIS 60505, at *5 (N.D. Ill. March 31, 2025) (quoting Fed. R. Civ. P. 56(a)). Disputes over material facts qualify as "genuine" only when a reasonable jury could find in favor of the non-moving party. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016). While courts must draw inferences in favor of the non-moving party, that deference cannot extend to mere "speculation or conjecture." *Id*. (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The party resisting summary judgment must

identify concrete facts that support doubt on material issues. Though the opposing party may cite evidence in its briefs, it must also explain in some reasonable way how that evidence supports the denying summary judgment. *Castelino v. Rose-Hullman*, 999 F.3d 1031, 1036 (7th Cir. 2021) (identifying how plaintiff's failure to coherently present his evidence hindered the Court's ability to analyze his claims). Courts need not—and should not—construct legal arguments to support the parties' arguments. *Id*. (quoting *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018); *McIntosh v. Bowens*, No. 21-2450, 2023 U.S. App. LEXIS 24366, at *5 (7th Cir. Sept. 14, 2023) (finding nothing in the record to support the plaintiff's claims); *Dyjak v. Harper*, No. 22-1419, 2023 U.S. App. 24319, at *1 (7th Cir. Sept. 12, 2023) (affirming the district court's finding that plaintiff produced insufficient evidence for a reasonable jury to find the defendant liable); *Singmuongthong v. Bowen*, No. 21-3021, 2023 U.S. App. LEXIS 20540, at *7-8 (7th Cir. Aug. 8, 2023) (holding the plaintiff did not offer evidence to rebut testimony that he received standard pay); *Chillmon v. Vill. of Evergreen Park Ill.*, No. 20 CV 7379, 2023 U.S. Dist. LEXIS 163230, at *11 (N.D. Ill. Sept. 14, 2023) (ruling the plaintiff did not produce sufficient evidence for a reasonable factfinder to find for her); *Jarolin-Bogert v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*, No 21 CV 552, 2023 U.S. Dist. LEXIS 162249, at *2 (N.D. Ill. Sept. 13, 2023) (entering judgment for defendants on all claims, because plaintiff did not have evidence of her claims); *Medina v. Bd. of Educ. of Chi.*, No. 19-cv-07916, 2023 U.S. Dist. LEXIS 56439, at *19 (N.D. Ill. Mar. 31, 2023) (granting judgment to the defendants because "there is no genuine dispute of fact as to" the essential elements of the claim).

In this matter specifically, the Seventh Circuit outlined the only way in which Plaintiffs' allegations could sufficiently establish subject matter jurisdiction. When this matter was before the Seventh Circuit, it set forth the narrow path to this Court's subject matter jurisdiction through

4

ancillary enforcement jurisdiction, grounded in federal common law. *See Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 551 (7th Cir. 2021). Litigants may file a separate legal proceeding to enforce a judgment from a prior proceeding; those proceedings fall within the federal courts' "inherent power to enforce its judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996). Where litigants take this route, however, they must argue that "the new defendant is vicariously responsible for the preexisting judgment." *Boim*, 9 F.4th at 552. That vicarious liability must rest on an underlying federal cause of action – the new action must allege the new defendant is liable for violation of federal law. *See Peacock*, 516 U.S. at 354 (finding no federal jurisdiction existed where the plaintiff did not allege the defendant himself violated federal law). The Seventh Circuit was clear: a subsequent lawsuit cannot impose an obligation from a prior lawsuit on a new defendant, unless the new defendant is already directly liable for the judgment, due to its actions at the time of the original relevant facts. *Boim*, 9 F.4th at 552 (citing *Peacock*, 516 U.S. at 357).

This applies to alter ego cases where a litigant who prevailed in a prior action "attempts to recover a money judgment by suing an entity purported to be *one and the same* as—the alter ego of—the original judgment debtor." *Id.* at 553 (emphasis in original). For example, as the Seventh Circuit explained, if two companies operate simultaneously as a single organization using two names, they subject themselves to the same obligations. *Id.* However, the underlying liability must still arise from substantive federal law that supports federal jurisdiction. *See McCleskey v. CWG Plastering, LLC*, 897 F.3d 899, 901 (7th Cir. 2018) (attempting to hold a company liable for obligations of another company as that defunct company's alter ego). Plaintiffs must, at base, show that in this lawsuit, AMP and Rafeeq Jaber bear federal liability to them because of the actions that caused the original judgment, in order to be held liable on any alter ego theory.

IV.     **ARGUMENT**

A.     **No Genuine Issues of Material Fact Remain to Support Plaintiffs' Veil Piercing Claim**

Illinois courts, including as applied in this district, apply the law of the state of the entity for the specific factors that encourage or discourage piercing a corporate veil. *Wachovia Sec., LLC v. Banco Panamericano*, 674 F.3d 743, 751 (7th Cir. 2012). Illinois law applies a presumption of corporate regularity, with veil-piercing rarely permitted. *Laborers' Pension Fund v. Property Recycling Servs. Corp.*, No. 15-cv-09170, 2021 U.S. Dist. LEXIS 2000061, at *9 (N.D. Ill. Oct. 18, 2021) (Wood, J.). A plaintiff attempting to pierce the corporate veil "has a substantial burden." *Scale Effect Co. v. Baron Chocolatier, Inc.,* No. 19-cv-1599, 2025 U.S. Dist. LEXIS 55041, at *28 (N.D. Ill. Mar. 25, 2025) This means that "the party seeking to disregard the corporate entity must make a substantial showing that the corporation is really a dummy or sham for a dominant personality." *Id*. (quoting *Rosier v. Cascade Mountain Inc*., 367 Ill. App. 3d 559, 567 305 Ill. Dec. 352, 855 N.E.2d 243 (2006)); *see also Property Recycling Servs. Corp.*, 2021 U.S. Dist. LEXIS 2000061, at *15 (quoting same). The relevant factors reflect those in the alter ego analysis. Based on a two-prong test, courts may pierce the corporate veil under Illinois law if (1) "there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist;" and that (2) "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Sea-Land Servs., Inc. v. Pepper Source*, 993 F.2d 1309, 1311 (7th Cir. 1993) (quoting *Van Dorn Co. v. Future Chem. and Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985)).

Courts consider eleven factors to analyze the first prong, on unity of interest and ownership:

1) Inadequate capitalization;
2) failure to issue stock
3) failure to observer corporate formalities;
4) nonpayment of dividends;

> 5) insolvency of the debtor corporation;
> 6) nonfunctioning of the other officers or directors;
> 7) absence of corporate records;
> 8) commingling of funds;
> 9) diversion of assets from the corporation by or to a stockholder or other entity to the determined creditors;
> 10) failure to maintain arm's-length relationships among related entities; and
> 11) whether the corporation is a mere facade for the operation of the dominant stockholders.

*Scale Effect Co.*, 2025 U.S. Dist. LEXIS 55041, at *28-29. Despite the numerous factors, "no single factor is determinative." *Id*. (citing *Rosier*, 855 N.E.2d at 251). Courts balance this "laundry list" of factors in light of the "unified" and "core inquiry: 'whether the corporation and individual have respected corporate formalities—respected their separateness from each other—or whether one was a sham acting at the whim of the other.'" *Property Recycling Servs. Corp.*, 2021 U.S. Dist. LEXIS 2000061, at *7 (quoting *Laborer's Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610-11 (7th Cir. 2009)).

The second prong of the test to pierce a corporate veil is "best understood as asking whether there has been an abuse of limited liability, as when the owner of a party to a contract strips the party of its assets so that if it breaks the contract, that other party will have no remedy." *On Command Video Corp. v. Roti,* 705 F.3d 267, 273 (7th Cir. 2013). Without that evidence, courts will not permit piercing the veil to reach officers or directors of organizations. *Id*.

The Seventh Circuit's standard relies not on whether the entities are integrated, but whether that integration acts to deceive those to which the corporation owes a duty. *Prince v. Appleton Auto, LLC*, 978 F.3d 530, 535 (7th Cir. 2020). Courts only examine whether integration answers the question of whether the entities "neglected forms intended to protect creditors from being confused about whom they can look to for the payment of their claims." *Id.* at 535 (quoting *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 364 (7th Cir. 2016)). Services such as marketing, financial, accounting, and employee records are legitimate to share between entities, and sharing

7

these services does not risk veil-piercing. *Id*. at 536. Merely failing to observe some corporate formalities, or sharing some limited services, does not suffice to justify piercing a corporate veil.

Plaintiffs fail to demonstrate unity of interest and ownership between Mr. Jaber and IAP or any other Judgment Defendant that suffices to establish the requisite alter ego relationship. Mr. Jaber served as president of IAP during its final years while it attempted to satisfy Plaintiffs' judgment against it. *See* Statement of Undisputed Material Facts ¶ 5. In that role, Mr. Jaber remained subject to that nonprofit organization's institutional structure, including its Board of Directors. *See* Statement of Undisputed Material Facts ¶ 18. Plaintiffs show no evidence that suggests improper unity of ownership between Defendant Jaber and IAP, and no evidence exists of shared bank accounts or use of Mr. Jaber's own funds to run the organization. Id. ¶ 6. Because no evidence exists, no fraud or injustice results from this Court recognizing a corporate separateness between Mr. Jaber and IAP. Plaintiffs secured a judgment against IAP, which IAP largely could not satisfy. That reality does not imply that Mr. Jaber defrauded Plaintiffs out of their money, nor do Plaintiffs identify any evidence to the contrary. In fact, they did just the opposite: they established quite clearly in January 2005 that no assets of IAP remained, and that Mr. Jaber himself had nothing other than the desk he had used at IAP which had been his personal desk all along. *Id*. ¶ 7. Furthermore, Plaintiffs established at that time that not only did IAP not have money or assets remaining, but it owed significant sums to its attorneys who represented it in the litigation. *Id*. ¶ 8. And, Joyce Boim made clear when she testified that she has no knowledge of any facts that support her claims against Mr. Jaber, in any context. *Id*. ¶ 9 ("Q: What about your claims against Rafeeq Jaber in this lawsuit? A: It all came from my attorneys.").

Plaintiffs fail to present evidence that Defendant Jaber and IAP, or any Judgment Defendant, integrated with the intent of manipulating creditors. As outlined above, Plaintiffs

8

identify no unity of interest between Mr. Jaber and IAP. No fraud or injustice will result from this Court properly maintaining the corporate veil. Veil-piercing, an extreme measure, requires extreme facts not present or asserted by Plaintiffs in this lawsuit. Disregarding corporate structure solely because an entity became insolvent violates public policy interests and endangers all corporations in Illinois, nonprofit and otherwise, were this Court to lower the standard to that degree. The facts do not support a finding against Rafeeq Jaber under the alter ego theory of veil-piercing, and this Court should not endorse any lower standard than that articulated by the Seventh Circuit.

**B.     No Genuine Issues of Material Fact Remain as to Plaintiffs' Fraudulent Concealment Claim Against Mr. Jaber**

Individuals bear liability for fraudulent concealment where that individual failed to disclose, or concealed, a material fact that the individual had a duty to disclose to another. *Lee v. Freedom Mortg.*, No. 24 C 02107, 2025 U.S. Dist. LEXIS 2607, at *10 (N.D. Ill. Jan. 7, 2025) (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012)). *Lacy v. Vill. of Maywood*, No. 1:21-cv-3081, 2022 U.S. Dist. LEXIS 159685, at *8 (N.D. Ill. Sept. 2, 2022) (finding no "special relationship" between a pretrial detainee and police sufficient to support a fraudulent concealment claim). Plaintiff alleging fraudulent concealment cannot rest on generalities, but must state the circumstances of the fraud "with particularity." *Lacy*, 2022 U.S. Dist. LEXIS 159685, at *8. Courts evaluate five factors for fraudulent concealment claims:

1) The concealment of a material fact;
2) the defendant concealed with the intent to induce a false belief, under circumstances creating a duty to speak;
3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied on the silence;
4) the injured party would have acted differently had he been aware of the concealed information; and
5) that reliance by the injured party led to his injury.

9

*McKeown v. Sun Life Assurance Co.*, No. 16 C 748, 2021 U.S. Dist. LEXIS 44367, at *11 (N.D. Ill. Mar. 10, 2021) (citing *Schrager v. N. Cmty. Bank*, 328 Ill. App. 3d 696, 767 N.E.2d 376, 384, 262 Ill. Dec. 916 (Ill. App. Ct. 2002). An individual's duty to speak arises when there exists a fiduciary or confidential relationship between the parties or the plaintiff puts such confidence in the defendant that the defendant gains a position of influence over the plaintiff. *Doris v. Walker*, No. 21-cv-03589, 2022 U.S. Dist. LEXIS 56108, at *11 (N.D. Ill. Mar. 29, 2022).

  Plaintiffs fail to show that Mr. Jaber fraudulently concealed any information he had a duty to share with them. *See* Statement of Undisputed Material Facts ¶ 10. For Mr. Jaber to owe a duty to Plaintiffs, he necessarily needed to be in a fiduciary or confidential relationship with Plaintiffs that led them to rely on him to their detriment. Plaintiffs fail to identify any fact, beyond conclusory allegations, that Mr. Jaber wrongly failed to share with Plaintiffs. As described above, Plaintiffs' counsel meticulously questioned Mr. Jaber about every hat, book, chair, desk, remaining bank balance, and any other possible assets that remained of IAP as of January 2005, after IAP had already ceased operations, closed its accounts and closed its office. *Id*. ¶ 11. And Plaintiff Joyce Boim, the only one able to sit for her deposition, testified in 2022 and again in 2024 that she has no knowledge of facts supporting her claims against Mr. Jaber. *Id*. ¶ 12. ("Q: What about your claims against Rafeeq Jaber in this lawsuit? A: It all came from my attorneys."). Beyond unsupported allegations, contradicted by sworn testimony by Mr. Jaber and Plaintiff Joyce Boim herself, Plaintiffs have no support for their claim of fraudulent concealment against Mr. Jaber. Mr. Jaber therefore respectfully requests this Court enter judgment in full for him and against Plaintiffs on this count as well.

V. **CONCLUSION**

Since immigrating to the United States in the 1970s, Mr. Jaber invested decades into realizing the American dream: he became a U.S. citizen. He began and continues to run a successful financial planning business that allows him to support his family. And in his spare time, when he has the physical strength as well, he volunteers to feel a part of his home culture and join with others with similar backgrounds. Many Americans do that, whether they be Italian, Irish, Hispanic, German, Polish, or of any other national origin. And doing so creates no legal liability.

Plaintiffs' retrospective claims against Mr. Jaber focus on his work for a nonprofit organization that owes them a judgment from their prior lawsuit. Yet not only could Plaintiffs have questioned Mr. Jaber about his actions at that time, but they also did question him at that time. They deposed him in 2003, and again in January 2005 after IAP ceased operating and shut down entirely the preceding year. Plaintiffs found no hidden assets then, or any viable or likely reason to suspect any. Plaintiffs questioned Mr. Jaber diligently. And that diligence—in the absence of the discovery of contradicting facts—shows Plaintiffs' claims against Mr. Jaber fail as a matter of law.

Plaintiffs had numerous opportunities to find evidence, if it existed, supporting any action against Mr. Jaber. Their attorneys deposed him in 2003, 2005, 2018, and 2025. Jurisdictional discovery continued for over a year, and fact discovery for over two years. Plaintiffs' prior "wins" at the Rule 12 stage decided only that their claims, if proven true, sufficed to warrant discovery. Plaintiffs now need to show some proof. They cannot. Over eight years after the start of this lawsuit and over twenty years since the start of their first lawsuit against the Judgment Defendants, Plaintiffs show no facts establishing liability against Mr. Jaber. He therefore requests this Court

11

grant him summary judgment, and award attorneys' fees for the eight-plus years he has had to defend against this lawsuit that ultimately shows no facts to support the Plaintiffs' claims.

Dated this 5th day of December 2025.

/s/ *Christina A. Jump*
Christina A. Jump
Texas Bar No. 00795828
*Admitted to the General Bar and Trial Bar of this District*
cjump@jump-start-legal.com
Jump Start Legal Justice Center PLLC
100 N. Central Expy., Suite 537
Richardson, TX 75080
Phone: 972-992-5060


Samira Elhosary
Maryland Bar No. 2112140261
*Admitted to the General Bar of this District*
selhosary@clcma.org
Constitutional Law Center for Muslims in America*
100 North Central Expressway, Suite 1010
Richardson, TX 75080
Phone: (972) 914-2507
Fax: (972) 692-7454

*The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on December 5, 2025, she caused the foregoing Motion to be served by electronically filing with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of record.

/s/ *Christina A. Jump*
Lead counsel for Defendant Rafeeq Jaber